| | |
|---|---|
| Name | David Samuel |
| Street Address | 1100 Howe Ave, Apt 126 |
| City and County | Sacramento, Sacramento |
| State and Zip Code | California, 95825 |
| Telephone Number | 512-522-8571 |



FILED
SEP 27 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Sydney Brooke Roberts
David Tyrone Samuel
AJMS, a minor

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

Sacramento Housing and Redevelopment Agency
La Shelle Dozier, as Executive Director
see attached

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for a Civil Case**

Case No. 2:22-CV 1699-TLN AC PS
*(to be filled in by the Clerk's Office)*

Jury Trial:   ☐ Yes   ☐ No
*(check one)*

Additional Defendants

MaryLiz Paulson, as Director Housing Choice Voucher Program
Tory Lynch, as Program Manager
Tyler Thao, as Reasonable Accommodations Compliance Committee member
and DOES 1-10.

**I.    The Parties to This Complaint**

    **A.    The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Sydney Brooke Roberts |
| Street Address | 1100 Howe Ave, Apt 126 |
| City and County | Sacramento, Sacramento |
| State and Zip Code | California, 95825 |
| Telephone Number | 512-522-8571 |

    **B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Sacramento Housing and Redevelopment Agency |
| Job or Title (if known) | |
| Street Address | 630 I Street |
| City and County | Sacramento, Sacramento |
| State and Zip Code | California, 95814 |
| Telephone Number | 916-440-1390 |

Defendant No. 2

| | |
|---|---|
| Name | La Shelle Dozier |
| Job or Title (if known) | Executive Director |
| Street Address | 630 I Street |
| City and County | Sacramento, Sacramento |
| State and Zip Code | California, 95814 |
| Telephone Number | 916-440-1390 |

2

Additional Plaintiffs

(2) David Tyrone Samuel

1100 Howe Ave, Apt 126

Sacramento, Sacramento

California, 95825

512-522-8571

(3) AIMS, A minor

1100 Howe Ave, Apt 126

Sacramento, Sacramento

California, 9825

512-522-8571

Additional Defendants

DOES 1-10

Defendant No. 3

| | |
|---|---|
| Name | MaryLiz Paulson |
| Job or Title (if known) | Director, Housing Choice Voucher Program |
| Street Address | 630 I Street |
| City and County | Sacramento, Sacramento |
| State and Zip Code | California, 95814 |
| Telephone Number | 916-440-1390 |

Defendant No. 4

| | |
|---|---|
| Name | Tory Lynch |
| Job or Title (if known) | Program Manager |
| Street Address | 630 I Street |
| City and County | Sacramento, Sacramento |
| State and Zip Code | California, 95814 |
| Telephone Number | 916-440-1390 |

## II. Basis for Jurisdiction

Federal Courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in Federal Court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same state as any plaintiff.

What is the basis for Federal Court jurisdiction? *(check all that apply)*

X Federal question                    ☐ Diversity of citizenship

3

Fill out the paragraphs in this section that apply to this case.

A.  **If the Basis for Jurisdiction Is a Federal Question**

    List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

    42 U.S.C. §§ 3601-19 (Fair Housing Act)   29 U.S.C. § 701 (Rehabilitation Act)

    42 U.S.C. § 12101 (Americans With Disabilities Act)

    5 U.S.C. §§ 551–559 (Administrative Procedures Act)

B.  **If the Basis for Jurisdiction Is Diversity of Citizenship**

    1.  The Plaintiff(s)

        a.  If the plaintiff is an individual

            The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

        b.  If the plaintiff is a corporation

            The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

    2.  The Defendant(s)

        a.  If the defendant is an individual

            The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. *Or* is a citizen of *(foreign nation)* _____.

      b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

$200,000 based on existing penalty structure for ADA violations, all

$1,000,000 in punitive damages as discrimination is willful and deliberate

and all fees and expenses incurred.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

(1) Defendants denied reasonable accommodation for change in room allocation on housing choice voucher despite acknowledging request was reasonable on grounds that they are legally required to apply standards and practices "consistently for all families of like size and composition". Defendants state alternative accommodation may be available as reason to deny all accommodation. Offered alternative accommodation was not offered to plaintiffs before denial

5

letter issued. The alternative arrangement offered in the denial letter "alternate sleeping arrangements" or that family members sleep in the living room does not meet needs.

(2) Defendants refused to make changes to communication policies, specifically to communicate via email or other text based services as reasonable accommodation. Defendants do not offer email addresses for communication with staff, and email address offered (ra@shra.org) has never responded. Defendants require all communication via fax, which plaintiff(s) do not have access to, or a document drop box which provides no direct communication with staff or receipt confirmation.

(3) Defendants failed to make services accessible by providing a reasonable accommodation telephone number which advised users to not leave a message and disconnected, in addition to an email address which does not respond. All attempts to contact SHRA staff through various listed phone numbers fail to are routed directly to voicemail, with no response. All calls to main pool number are referred to case worker voicemail boxes, which are full. Website case worker call back requests, which stated a 48 hour call back window were unreturned, and SHRA website has blocked all further attempts to request a call from a worker.

(4) Defendants failed to provide timely an informal hearing to regarding denial of reasonable accommodation requests.

(5) Defendants did after more than 60 days offer an informal hearing, attended by plaintiff and SHRA. Two days after the hearing, an SHRA program manager called plaintiffs to inform them that the hearing officer was not able to decide the case, and the hearing officer indicated she had no reason why. She stated SHRA would call at some later date to establish a new hearing.

(6) In the process of the informal hearing, no additional evidence was allowed to be presented regarding reasonable accommodation, including whether or not the proposed "alternative" offered by SHRA of having family members sleep in the living room was appropriate for needs. Hearing officer justified bar on presenting additional evidence to clarify question of whether alternative option would fit needs because SHRA was acknowledging that accommodation request met nexus and was reasonable. Hearing officer then proceeded to require plaintiff to provide explanation as to why sleeping in the living room would not satisfy needs or allow full use and enjoyment of housing.

(7) Defendants, as part of their documented policy, discriminate against individuals based on type of disability.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Defendants actions have resulted in severe emotional and physical distress, have resulted in lost employment and education opportunities, and have harmed the treatment of plaintiff's disabilities. Plaintiff asks the court to award $200,000 in compensatory damages and $1,000,000 in punitive damages and fees and expenses. Plaintiff further requests that SHRA be required to update their employee training and policies to become fully compliant with ADA, FHA, APA, and Rehab Act.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 09/27, 2022.

Signature of Plaintiff
Printed Name of Plaintiff   Sydney Roberts

6