UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.  2:22-cv-01699 TLN AC PS<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will therefore be granted.

I.  SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

1

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II.  THE COMPLAINT

Plaintiff sues on behalf of herself and two others, David Tyrone Samuel and A.I.M.S., a minor. ECF No. 1 at 4. Plaintiff asserts jurisdiction based on the presence of a federal question and cites four federal laws: the Fair Housing Act (42 U.S.C. §§ 1301-19) ("FHA"), the Rehabilitation Act (29 U.S.C. §701), the Americans with Disabilities Act (42 U.S.C. §§ 12101) ("ADA"), and the Administrative Procedures Act (5 U.S.C. §§ 551-559). Id. at 6. Plaintiff alleges that defendants "denied reasonable accommodation for change in room allocation on housing choice voucher despite acknowledging request was reasonable on grounds they were legally required to apply standards and practices 'consistently for all families of like size and composition.'" Id. at 7. Plaintiff alleges that defendants sent a denial letter that proposed "alternate sleeping arrangements," or that family members sleep in the living room, which does not meet the family's needs. Id. at 8.

Plaintiff alleges that defendants failed to make changes to their communications policies and failed to make services accessible by providing a phone number that did not allow for messages and an e-mail address that "did not respond." Id. Plaintiff further alleges that defendants failed to provide a timely hearing regarding denial of her reasonable accommodations requests but did, after more than 60 days, offer an informal hearing attended by plaintiff and defendant SHRA. Id. Plaintiff was informed that the officer was unable to decide the case and a new hearing date would be scheduled. Id. At the second hearing, evidence was not allowed regarding reasonable accommodations, and the hearing officer required plaintiff to provide an explanation as to why sleeping in the living room would not satisfy the family's needs. Id. Plaintiff alleges that defendants, as part of their documented policy, discriminate against

////

individuals based on type of disability.  Id.  Plaintiff asks for injunctive relief, $200,000 in compensatory damages, and $1,000,000 in punitive damages.  Id. at 9.

### III.  FAILURE TO STATE A CLAIM

Plaintiff's complaint contains several problems that must be fixed before it can be served. First, though plaintiff may represent herself as a pro se litigant, she may not represent other people.  "A pro se plaintiff can only 'prosecute his own action in propria persona,' and 'has no authority to prosecute an action in federal court on behalf of others.'"  United States ex rel. Welch v. My Left Foot Children's Therapy, LLC, 871 F.3d 791, 800 (9th Cir. 2017) (quoting Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1126 (9th Cir. 2007)).

Second, plaintiff fails to state a claim under any of the statutes named in the complaint. Plaintiff names the Fair Housing Act, which makes it unlawful for a housing provider "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person."  42 U.S.C. § 3604(f)(2)(A).  Plaintiff alleges that reasonable accommodations were not provided.  To properly plead a failure to accommodate claim, a plaintiff must allege facts demonstrating that: (1) she suffers from a handicap as defined in 42 U.S.C. § 3602(h); (2) the defendants knew or reasonably should have known of her handicap; (3) accommodation of the handicap "may be necessary" to afford the plaintiff an equal opportunity to use and enjoy the dwelling; and (4) the defendants refused to make such accommodation.  United States v. Cal. Mobile Home Park Mgmt., 107 F.3d 1374, 1380 (9th Cir. 1997).  The FHA defines a handicap as: "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment."  42 U.S.C. § 3602(h).  Here, plaintiff does not provide any facts about the alleged disability, nor does she provide information about the proposed accommodations, the necessity of the accommodations, or the defendants' refusal to make the accommodations.  From the complaint, the court cannot tell whether plaintiff can state a claim under the FHA.

////

Plaintiff's complaint also fails to state a claim under the ADA.  Title II of the ADA applies to public entities, and as the named defendants are a public entity and its employees, the court construes the ADA claim to be brought under Title II of the ADA.  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of her disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  To recover money damages under Title II of the ADA, a plaintiff must also prove intentional discrimination on the part of any defendants.  Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).  The standard for intentional discrimination is deliberate indifference, which requires the plaintiff to show that the defendant knew "harm to a federally protected right [wa]s substantially likely" and failed to act upon that likelihood.  Id. at 1139.  As with the FHA claim, plaintiff does not allege the necessary facts in her complaint to state an ADA claim.

Likewise, plaintiff fails to state a claim under the Rehabilitation Act.  Section 504 of the Rehabilitation Act prohibits "discrimination against all handicapped individuals....in employment, housing, transportation, education, health services, or any other Federally-aided programs." 29 U.S.C. § 794.  To state a disability discrimination claim under Section 504, a plaintiff must allege: "(1) he is an 'individual with a disability'; (2) he is 'otherwise qualified' to receive the benefit; (3) he was denied the benefit of the program solely by reason of his disability; and (4) the program receives federal financial assistance."  Weinreich v. Los Angeles County Metropolitan Transp. Authority, 114 F.3d 976, 978 (9th Cir. 1997).  Under the Rehabilitation Act, "disability" is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual, (B) a record of such an impairment, or (C) being regarded as having such an impairment."  Walton v. U.S. Marshals Serv., 492 F.3d 998, 1005 (9th Cir. 2007).  Again, plaintiff's complaint does not contain the necessary information to demonstrate that she can state a Rehabilitation Act claim.

Finally, plaintiff names the Administrative Procedures Act.  The Administrative Procedures Act governs the procedures of federal administrative agencies.  To the extent plaintiff

is challenging state and/or county services and benefits, this federal law does not apply. The complaint does not contain any facts which would suggest a violation of 5 U.S.C. § 701 et seq. has occurred. Based on the contents of the compliant, plaintiff does not state a claim under this statute, and the court believes that this statute likely does not apply to plaintiff's set of circumstances. Because plaintiff fails to state any claim upon which relief could be granted, the complaint will not be served. Plaintiff will be given an opportunity to submit an amended complaint. General instructions for submitting an amended complaint are below.

## IV. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of each of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not

require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V.  PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court. The court cannot tell from your complaint what legal harm was done to you or if you can state a claim under federal law. The complaint as written does not provide enough facts to state a claim under the Americans with Disabilities Act, the Fair Housing Act, or the Rehabilitation Act. Based on the information you have provided so far, the Administrative Procedures Act likely does not apply to your situation. You also cannot bring a lawsuit on behalf of anyone but yourself. Your lawsuit cannot proceed unless you fix the problems with your complaint.

You are being given 30 days to submit an amended complaint that fixes the problems described above. If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you. Without this information, the court cannot tell if you can state a claim against the defendants. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

## VI.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall have 30 days from the date of this order to file an amended complaint that names defendants who are amenable to suit, and which complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: October 5, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE