UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID SAMUEL, | No. 2:22-cv-01699 TLN AC PS |
| Plaintiffs, | |
| v. | ORDER |
| SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al., | |
| Defendants. | |

Plaintiffs Sydney Brooke Roberts and David Samuel are proceeding in this action pro se. The matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff Roberts previously filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). ECF No. 2. Her motion was granted. ECF No. 3. Plaintiff Roberts' initial complaint was rejected on screening, and she was granted leave to amend. ECF No. 3. Now before the court is an amended complaint signed by both Roberts and Samuel. ECF No. 5. Plaintiff Samuel has also filed an application to proceed IFP (ECF No. 4), along with the necessary affidavit. Samuel's motion for IFP status is GRANTED.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II. THE COMPLAINT

Plaintiffs' First Amended Complaint ("FAC") identifies two adult plaintiffs, David Samuel and Sydney Roberts, both of whom signed the complaint. ECF No. 5 at 3, 4, 21. Also listed as plaintiffs are two minor children: "AIMS" and "DAYS." Id. at 2. Plaintiffs assert jurisdiction based on the presence of a federal question and cite four federal laws: the Fair Housing Act (42 U.S.C. §§ 1301-19) ("FHA"), the Rehabilitation Act (29 U.S.C. §701), the Americans with Disabilities Act (42 U.S.C. §§ 12101) ("ADA"), and the Fourteenth Amendment Due Process Clause. Id. at 6. Plaintiffs sue the Sacramento Housing and Redevelopment Agency ("SHRA") and numerous individual defendants who are employees of SHRA. Id. at 1-6.

The FAC alleges that plaintiffs are a family participating in the Department of Housing and Urban Development's Housing Choice Voucher program. Id. at 9. The FAC states that multiple members of the family have disabilities that require housing accommodations from SHRA. Id. Specifically, the FAC alleges plaintiff David Samuel suffers from Attention Deficit Disorder, Autism Spectrum Disorder ("ASD"), Major Depressive Disorder, and Post Traumatic Stress Disorder, and that he receives Social Security Disability benefits. Id. at 5. The FAC also states AIMS is diagnosed with ASD.

Plaintiffs allege they made a reasonable accommodation request and received a letter on May 17, 2022, telling them that the accommodation request was denied. Id. at 11. On May 19,

2022, the family was advised by social worker Ashley Valentine to submit a formal reasonable accommodation request for an extra bedroom in their voucher request to SHRA. Id. They did so, with medical record documentation. Id. On July 15, 2022, the family received a denial from SHRA, stating alternative accommodations may exist and SHRA is legally required to treat all families of like composition the same. Id.

Notice that an informal hearing was scheduled on the issue arrived September 2, 2022. Id. at 19. An informal hearing took place on September 12, 2022, at which SHRA employee Tanya Cruz stipulated that SHRA does not contest that the accommodation is necessary, only that SHRA is required by policy to deny any request when it feels an alternative exists. Id. at 16. On September 15, Tanya Cruz contacted the family and asked them not to comply with the hearing officer's request to send via email a brief of the family's arguments used during the hearing, but the family had already complied. Id. at 20. The family stated that the hearing officer's last instructions were to send the brief and a decision would be received within 2 weeks, but Ms. Cruz stated that SHRA would call back with another hearing date. Id. On September 16, 2022 the family mailed a certified letter to SHRA stating they did not agree with SHRA vacating the prior hearing and still expected a decision within two weeks. Id. One month later, plaintiffs still did not have a decision. Id.

### III.  PROBLEMS WITH THE COMPLAINT

Plaintiffs' complaint is sufficient for service on some defendants, but not all of them. Although plaintiffs name many individuals as defendants, the factual allegations do not identify what most of them did to violate plaintiff's rights. Construing the complaint liberally, the court can identify only Tanya Cruz as an individual employee of SHRA who is alleged to have violated plaintiff's rights. To state a claim against individual defendants under the Federal Rules of Civil Procedure, plaintiffs must allege facts regarding each defendant that show what that person did to violate plaintiff's rights or otherwise entitle plaintiffs to relief. The SHRA itself and Tanya Cruz are the only defendants named in the FAC who are clearly alleged to have committed acts giving rise to plaintiff's putative causes of action.

////

Additionally, plaintiffs may not proceed on behalf of their minor children. "A pro se plaintiff can only 'prosecute his own action in propria persona,' and 'has no authority to prosecute an action in federal court on behalf of others.'" <u>United States ex rel. Welch v. My Left Foot Children's Therapy</u>, LLC, 871 F.3d 791, 800 (9th Cir. 2017) (quoting <u>Stoner v. Santa Clara County Office of Educ.</u>, 502 F.3d 1116, 1126 (9th Cir. 2007)). The Ninth Circuit has held that this is true even with respect to parents and their children: "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." <u>Johns v. County of San Diego</u>, 114 F.3d 874, 877 (9th Cir. 1997).

## IV. OPTION TO PROCEED OR AMEND

For the reasons set forth above, the court finds that the complaint states cognizable claims against defendants SHRA and Tanya Cruz only, for violating the rights of plaintiffs David Samuel and Sydney Roberts. Because plaintiffs may be able to allege facts to support claims against other defendants, they will be given the opportunity to amend the complaint if they desire.

Alternatively, plaintiffs may proceed, on behalf of themselves only, to serve defendants SHRA and Tanya Cruz. Plaintiffs must file a notice with the court advising the court how they wish to proceed.

If plaintiffs choose to amend the complaint, they will be given thirty days to file an amended complaint to allege facts regarding the other named defendants. If plaintiffs elect to proceed on their claims against defendants SHRA and Cruz only and on behalf of themselves only, without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the claims against the other named defendants.

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the elements of each claim and specifying the involvement of each named defendant. It must contain a short and plain statement of each of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single

set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid narrative and storytelling.  That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should contain only those facts needed to show how the defendants legally wronged the plaintiffs.  Plaintiffs may bring the amended complaint on behalf of themselves only, and not their minor children.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180.  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiffs' amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.


## V. PRO SE PLAINTIFF'S SUMMARY

You cannot represent your children in court without an attorney; you can only represent yourselves. Your First Amended Complaint is sufficient to be served now upon defendants SHRA and Tanya Cruz, but you do not allege any facts showing how any of the other named defendants violated your rights.

You are being given a choice: you may either (1) move forward with the First Amended Complaint against Tanya Cruz and SHRA only, on behalf of yourselves only, *or* (2) you may amend the complaint again. If you choose to go forward now against Tanya Cruz and SHRA only, you will be voluntarily dismissing claims against any other defendants. You must complete and return the attached form, notifying the court of your decision, within 14 days of this order.

If you choose to amend the complaint you will have 30 days to submit a second amended complaint that fixes the problems described above. If you submit a second amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you. Without this information, the court cannot tell if you can state a claim against each of the named defendants. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

## VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff David Samuel's request to proceed in forma pauperis (ECF No. 4) is GRANTED;
2. Plaintiffs are ORDERED within 14 days to complete and return the attached form notifying the court indicating whether they wish to proceed on the First Amended Complaint against defendants Sacramento Housing & Redevelopment Agency and Tanya Cruz only, dismissing claims against other defendants, or whether they wish to file a second amended complaint; and

////
////
////
////

7

3. If plaintiffs fail to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: October 25, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID SAMUEL,<br><br>  Plaintiff,<br><br>  v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>  Defendants. | No. 2:22-cv-01699-TLN-AC<br><br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiffs Sydney Brooke Roberts and David Tyrone Samuel want to proceed immediately on their claims against defendants Sacramento Housing and Redevelopment Agency and Tanya Cruz only without amending the complaint.  Plaintiffs understand that by going forward without amending the complaint they are voluntarily dismissing without prejudice their claims against all other listed defendants pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiffs want to amend the complaint.

DATED:_____

                                                        Sydney Brooke Roberts
Plaintiff pro se

                                                        David Tyrone Samuel
Plaintiff pro se

1