Name          David Tyrone Samuel

Street Address    1100 Howe Ave, Apt 126

City and County    Sacramento, Sacramento

State and Zip Code  California, 95825

Telephone Number  512-522-8571



**FILED**

OCT 31 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
          DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

David Tyrone Samuel

Sydney Brooke Roberts

see attached

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-against-**

Sacramento Housing and Redevelopment Agency

La Shelle Dozier

see attached

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

3rd Amended Complaint 10/31/2022
**Complaint for a Civil Case**

Case No. 2:22-cv-01699-TLN-AC

*(to be filled in by the Clerk's Office)*

Jury Trial:    ☐ Yes    ☐ No
              *(check one)*

I.     **The Parties to This Complaint**

A.     **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | David Tyrone Samuel |
| Street Address | 1100 Howe Ave, Apt 126 |
| City and County | Sacramento, Sacramento |
| State and Zip Code | California, 95825 |
| Telephone Number | 512-522-8571 |

**Additional Plaintiffs, See Attached**

B.     **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Sacramento Housing and Redevelopment Agency |
| Job or Title (if known) | |
| Street Address | 801 12th Street |
| City and County | Sacramento, Sacramento |
| State and Zip Code | California, 95814 |
| Telephone Number | (916) 440-1390 |

Defendant No. 2

| | |
|---|---|
| Name | La Shelle Dozier |
| Job or Title (if known) | Executive Director |
| Street Address | 801 12th Street |
| City and County | Sacramento, Sacramento |
| State and Zip Code | California, 95814 |
| Telephone Number | (916) 440-1319 |

2

Defendant No. 3

| | |
|---|---|
| Name | MaryLiz Paulson |
| Job or Title (if known) | Manager of Housing Choice Voucher Operations |
| Street Address | 801 12th Street |
| City and County | Sacramento, Sacramento |
| State and Zip Code | California, 95814 |
| Telephone Number | (916) 440-1390 |

Defendant No. 4

| | |
|---|---|
| Name | Tory Lynch |
| Job or Title (if known) | Program Manager |
| Street Address | 801 12th Street |
| City and County | Sacramento, Sacramento |
| State and Zip Code | California, 95814 |
| Telephone Number | (916) 440-1390 |

Additional Defendants:  See Attached

## II.  Basis for Jurisdiction

Federal Courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in Federal Court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same state as any plaintiff.

What is the basis for Federal Court jurisdiction?  *(check all that apply)*

☒  Federal question          ☐  Diversity of citizenship

3

Fill out the paragraphs in this section that apply to this case.

**A.      If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Title II of the Americans with Disabilities Act, Fair Housing Act, Sections 504 and 508

of the Rehabilitation Act, Fourteenth Amendment U.S. Constitution

**B.      If the Basis for Jurisdiction Is Diversity of Citizenship**

1.      The Plaintiff(s)

a.      If the plaintiff is an individual

The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

b.      If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.      The Defendant(s)

a.      If the defendant is an individual

The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. *Or* is a citizen of *(foreign nation)* _____.

4

b.   If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. *Or* is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.   The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

_____

_____

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See Attached _____

_____

_____

_____

_____

5

**IV.** **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See Attached

**V.** **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/31 , 2022

Signature of Plaintiff

Printed Name of Plaintiff David Tyrone Samuel

Signature of Plaintiff

Printed Name of Plaintiff Sydney Brooke Roberts

## I.) INTRODUCTION

1) This complaint is an attempt to correct a continuing pattern or practice of rights violations by Defendants Sacramento Housing and Redevelopment Agency, it's Employees, and it's Governors ("SHRA"), which have denied the plaintiffs full and equitable access to program services through the Department of Housing and Urban Development ("HUD") Housing Choice Voucher ("HCV") program.

2) The items in this complaint allege SHRA violated the Plaintiffs rights as described Titles VIII and IX of the Civil Rights Act of 1968 (as the Fair Housing Act, 42 U.S. Code §§3601 et seq., "FHA"), Title II of the Americans with Disabilities Act (42 U.S. Code §§1201 et seq., "ADA"), Sections 504 and 508 of the Rehabilitation Act of 1973 (29 U.S. Code §§701 et seq., "REHAB"), and due process under the Fourteenth Amendment.

3) Plaintiffs continue to experience irreparable harm due to emotional distress, mental anguish, loss of potential income opportunities, loss of housing opportunities, loss of enjoyment, potentially lifelong negative medical effects due to time sensitive treatment windows being inaccessible, and denial of integrated services. SHRAs has increased the likelihood of institutionalization for Plaintiffs through their refusal to comply with their own policy and the law.

4) This complaint seeks injunctive and declarative relief to stop and correct the immediate harm of these rights violations, as well as civil and punitive damages for past and ongoing harm, as well as preventing future harm.

5) The plaintiffs ask the courts discretion to appoint an attorney to represent them in this private action (28 CFR § 36.501(a)). Due to communication difficulties imparted by the Plaintiffs disabilities and the likely need for reasonable accommodation, a court appointed attorney would greatly improve the flow of proceedings and ensure that the rights of all parties are well represented.

## II.) JURISDICTION AND VENUE

6) This action arises under 42 U.S. Code § 1983, ADA, REHAB, FHA, and the due process clause of the US Constitution.

7) This court is the proper venue and has jurisdiction as all alleged acts occurred inside within the county of Sacramento, California and all Defendants currently do business in the county of Sacramento, California and arise from violations of Federal laws.

### III.) THE PARTIES

#### Plaintiffs

8) David Tyrone Samuel is a member of a household participating in the HCV program since 2018, and currently resides in the city of Sacramento, California. David is a qualified disabled person (42 U.S. Code § 3602(h)) currently receiving Social Security Disability Insurance (SSDI) benefits for disability since 2014. David is currently diagnosed with and receiving treatment for Attention Deficit Hyperactivity Disorder ("ADHD"), Autism Spectrum Disorder ("ASD"), Chronic Post Traumatic Stress Disorder ("cPTSD"), and Major Depressive Disorder ("MDD"). David is attempting to complete educational training to obtain permanent employment in a position which better accommodations his needs, and is actively pursing employment which allows work from home and may be at risk of institutionalization without reasonable accommodation.

9) Sydney Brooke Roberts is a member of the same household participating in the HCV program, currently resides in Sacramento, California. Sydney and David are the parents of two children, AIMS, age 4 and DAYS, an infant.

10) AIMS is oldest daughter of David and Sydney, and a member of the household residing in Sacramento, California. AIMS is a qualified disabled person (42 U.S. Code § 3602(h)) diagnosed with ASD and is currently non-verbal. AIMS requires intensive behavioral, occupational, and speech therapy and may be at risk of institutionalization without reasonable accommodation.

11) DAYS is the infant daughter of David and Sydney, born in 2022 and currently residing in Sacramento, California. AIMS cannot be roomed with DAYS at this time due to intense distress and behavioral reaction from AIMS when DAYS cries or otherwise experiences distress. DAYS requires a subsidy size exception for family circumstances consistent with 24 CFR § 982.402(b)(8).

**Defendants**

12) Sacramento Housing and Redevelopment Agency ("SHRA") is a public/private corporation with offices in Sacramento, California which receives federal funding to implement the HUD HCV program in the city and county of Sacramento. SHRA is a Public Housing Agency ("PHA"). SHRAs and it's employees and governors is 801 12th Street, Sacramento, California, 95814 with a listed contact phone number of (916) 440-1390.

**SHRA Employees**

13) La Shelle Dozier as Executive Director, with an address in Sacramento, California.

14) MaryLiz Paulson as Director Housing Choice Voucher Program, 504 compliance officer, and Chair of the Reasonable Accommodation Compliance Committee ("RACC").

15) Tory Lynch as Program Manager and RACC member, responsible for evaluating reasonable accommodation requests and compliance.

16) Tanya Cruz as Program Manager and SHRA Administrative Hearing representative.

17) Tameka Jackson as SHRA Case Worker.

18) Lisa Macias as SHRA Case Worker.

19) Tiffany Brown as SHRA Case Worker.

20) Ibra Henly in unknown SHRA position.

21) Tyler Thao as RACC assistant.

**SHRA Board of Governors, Sacramento County**

22) Supervisor Phil Serna, SHRA governing board member for the County of Sacramento.

23) Supervisor Rich Desmond, SHRA Governing Board member for the County of Sacramento.

24) Supervisor Sue Frost, SHRA Governing Board member for the County of Sacramento.

25) Supervisor Don Nottoli, SHRA Governing Board member for the County of Sacramento.

**SHRA Board of Governors, City of Sacramento**

26) Darrell Steinberg, SHRA Governing Board Member for the City of Sacramento.

27) Angelique Ashby, SHRA Governing Board Member for the City of Sacramento.

28) Sean Loloee, SHRA Governing Board Member for the City of Sacramento.

29) Jeff Harris, SHRA Governing Board Member for the City of Sacramento.

30) Katie Valenzuela, SHRA Governing Board Member for the City of Sacramento.

31) Jay Schenirer, SHRA Governing Board Member for the City of Sacramento.

32) Eric Guerra, SHRA Governing Board Member for the City of Sacramento.

33) Rick Jennings II, SHRA Governing Board Member for the City of Sacramento.

34) Mai Vang, SHRA Governing Board Member for the City of Sacramento.

**Unknown Parties**

35) Unknown SHRA supervisor 1

36) Unknown SHRA employee 1

37) Unknown SHRA employee 2

## IV. THE COMPLAINT

### Count I: Housing Modification Reasonable Accommodation Denial

**Text**

38) Plaintiffs David Samuel and AIMS are qualified disabled individuals and part of a family participating in the HCV program. SHRA had prior knowledge of disability and potential need for accommodation through income verification of David's SSDI benefits and direct interaction with a social worker acting on behalf of Plaintiffs. SHRA was formally notified of a need for reasonable accommodation on May 19, 2022 when Plaintiffs requested housing adjustments to their voucher.

39) On July 08, 2022 SHRA denied the reasonable accommodation without engaging in the interactive process. Before denying the reasonable accommodation request, SHRA did not discuss the accommodation with Plaintiffs, nor did they contact the physician who provided a letter in support of the request. SHRA refuses to re-evaluate or engage in the interactive process.

40) Plaintiffs have experienced emotional distress, loss of housing opportunities, delays and additional harm to medical treatment, harm to educational progress, harm to employment opportunities, increased risk of institutionalization, due to the ongoing nature of SHRAs discriminatory acts.

**Cause**

41) Plaintiffs are entitled to relief for deprivation of the right to equal protection (42 U.S Code § 1983).

42) SHRA discriminated against Plaintiffs right to non-discrimination when requesting a reasonable accommodation under the FHA (24 CFR § 100.5(a)), ADA(42 U.S. Code § 12112(5)(A)), and REHAB (29 U.S Code § 701(a)(4)).  SHRA violated the Plaintiffs right to non-discrimination in housing adjustment under the FHA (24 CFR § 8.33).  Plaintiffs will continue to suffer irreparable harm without injunctive relief.

**Relief**

43) An injunction approving the housing adjustment reasonable accommodations (28 CFR § 36.501(b)).

44) A preventative order extending the voucher expiration date until suitable housing can be obtained by Plaintiffs (24 CFR § 982.303(b)(2)).

45) A declaration that denying a reasonable accommodation request, without evaluating the request on a case by case basis and engaging in the interactive process, is illegal.

46) For the court to assign an attorney to represent Plaintiffs in the civil complaint (28 CFR § 36.501(a)).

47) $200,000 in compensatory and punitive damages against Sacramento Housing and Redevelopment Agency consistent with the number of employees (42 U.S. Code § 1981(b)(3)).

48) $103,591 in civil penalties against each named defendant for violating Plaintiffs rights under the ADA (42 U.S. Code § 12188(b)(2)(C)(i)) adjusted for inflation (28 CFR § 85.5), or $207,183 in civil penalties if this is a subsequent violation.

49) $115,054 in civil penalties against each named defendant for violating Plaintiffs rights under the FHA (42 U.S. Code § 3614(d)(1)(C)(i)), adjusted for inflation or $230,107 in civil penalties if this is a subsequent violation.

50) Prominent signage in the lobby of all buildings owned or operated by SHRA containing language describing the right to reasonable accommodation and affirming denial of reasonable accommodation is illegal.

51) All other remedies the court determines just and proper.

**Count II:  Effective Communication Reasonable Accommodation Denial**

**Text**

52) Plaintiffs are participants in the HCV program in good standing.  Plaintiffs are qualified disabled individuals.  Plaintiffs have requested on multiple occasions, via phone, email, certified letter, and fax, that SHRA communicate via email as a reasonable accommodation for communication difficulties experienced with phone calls.  SHRA refuses to respond and/or comply with these accommodation requests.  Plaintiffs last communication with SHRA, despite months worth of requests, was via phone call.  Plaintiffs are unable to fully access services without effective communication from SHRA.

53) The ongoing discrimination by SHRA against the Plaintiffs has caused irreparable harm in accessing program services, caused emotional distress, loss of housing opportunities, delays and additional harm to medical treatment, harm to educational progress, harm to employment opportunities.

**Cause**

54) Plaintiffs are entitled to relief for deprivation of the right to equal protection (42 U.S Code § 1983).

55)  SHRA discriminated against Plaintiffs right to non-discrimination when requesting a reasonable accommodation under the FHA (24 CFR § 100.5(a)), ADA(42 U.S. Code § 12112(5)(A)), and REHAB.  SHRA also violated the Plaintiffs right to effective communication (35 CFR § 35.160(a)(1)).  Plaintiffs are entitled to injunctive, preventative (28 CFR § 36.501(a)(b)), punitive, and civil relief under the ADA (42 U.S. Code § 12188(a)(1)) and REHAB for disability discrimination.  Plaintiffs right to reasonably prompt accommodation under FHA, ADA, and REHAB was also violated.  Plaintiffs will continue to suffer irreparable harm without injunctive relief.

**Relief**

56) A declaration from the court asserting Plaintiffs right to effective communication with SHRA, specifically over email.

57) A declaration that unnecessary delays making decisions regarding reasonable accommodation is disability discrimination, having the same effect as a denial.

58) For the court to assign an attorney to represent Plaintiffs in the civil complaint (28 CFR § 36.501(a)).

59) $200,000 in compensatory and punitive damages against Sacramento Housing and Redevelopment Agency consistent with the number of employees (42 U.S. Code § 1981(b)(3)).

60) $103,591 in civil penalties against each named defendant for violating Plaintiffs rights under the ADA (42 U.S. Code § 12188(b)(2)(C)(i)) adjusted for inflation (28 CFR § 85.5), or $207,183 in civil penalties if this is a subsequent violation.

61) $115,054 in civil penalties against each named defendant for violating Plaintiffs rights under the FHA (42 U.S. Code § 3614(d)(1)(C)(i)), adjusted for inflation or $230,107 in civil penalties if this is a subsequent violation.

62) Prominent signage in the lobby of all buildings owned or operated by SHRA containing language describing the right to reasonable accommodation and affirming denial of reasonable accommodation is illegal.

63) All other remedies the court determines just and proper.

**Count III: Denial of Due Process**

**Text**

64) Plaintiffs are currently participants in good standing with the HCV program. On July 08, 2022 SHRA made an adverse decision regarding Plaintiffs reasonable accommodation request for housing adjustments to their voucher. Plaintiffs have also made several reasonable accommodation requests between May 19, 2022 and September 28, 2022 which were ignored. Plaintiffs on multiple occasions made both informal and formal requests for a hearing regarding the denial of reasonable accommodation.

65) SHRA refused to hold an informal hearing and deliver a decision for the adverse action. SHRA did eventually hold an informal hearing on September 12, 2022, which was attended by a representative from SHRA and Plaintiffs, and conducted by a hearing officer of SHRAs choice. SHRA however has refused to issue a decision from the hearing, and refuses to evaluate or hold hearings for all other reasonable accommodation requests.

66) Plaintiffs have experienced emotional distress, loss of housing opportunities, delays and additional harm to medical treatment, harm to educational progress, harm to employment opportunities, and continue to experience the effects of SHRAs discriminatory acts.

**Cause**

67) Plaintiffs are entitled to relief for deprivation of the right to equal protection under the law (42 U.S.C. § 1983).

68) Plaintiffs were denied the right to an expeditious hearing regarding the adverse decision (24 CFR § 982.555(d)).  Plaintiffs have been denied the right to the issuance of a factual decision regarding the adverse action by SHRA (24 CFR § 982.555(e)(6)).  These violations also denied Plaintiffs due process protected under the 14th Amendment, resulting in harms noted above.

**Relief**

69) As relief for the past and continuing discriminatory acts by SHRA, Plaintiffs ask the court for civil penalties for harm caused and to prevent future harm.  As this harm is derived from SHRA refusing to comply with its own policies Plaintiffs ask for $1,000,000 in punitive damages against each party and $1,000,000 in compensatory damages.

70) All other remedies the court determines just and proper.

**Count IV: Accessibility of Services**

**Text**

71) Plaintiffs are participants in the HCV program in good standing.  Plaintiffs have been denied access to program services by SHRA through a pattern of refusal to return phone calls, voice mail boxes which are full or do not accept messages, failure to respond to email messages, failure to respond to website call back requests, and a closed lobby which does not allow direct access to staff.

72) Plaintiffs have attempted to negotiate program services, including adverse actions by SHRA, however SHRA takes extensive measures to prevent access.  SHRA does however have separate channels of communication reserved for Plaintiffs social worker who was able to receive responses to questions in minutes that SHRA failed to respond for weeks to.  The denial of access to services has prevented Plaintiffs from receiving services in the most integrated fashion possible.

73) Plaintiffs have experienced emotional distress, loss of housing opportunities, delays and additional harm to medical treatment, harm to educational progress, harm to employment opportunities, and continue to experience the effects of SHRAs discriminatory acts.

**Cause**

74) Plaintiffs are entitled to relief for deprivation of equal protection under the law resulting in injury (42 U.S.C. § 1983).

75) Plaintiffs right to fair housing choices were denied due to SHRAs refusal to make program accessible under FHA (24 CFR § 5.151).  Plaintiffs right to receive services in the most integrated setting possible under ADA and REHAB was denied by SHRA.   SHRAs continued refusal to follow its own policy is an act of deliberate indifference.

**Relief**

76) As relief for the continued discrimination and harm noted above caused by SHRAs actions, Plaintiffs seek $1,000,000 in punitive damages and $1,000,000 in civil damages from SHRA and each named defendant.

77) All other relief the court determines just and proper.

### V. RELIEF

78) Plaintiffs have experienced continued discrimination by SHRA resulting in harms noted above.  Plaintiffs have evidence which shows SHRA has engaged in this discrimination in the recent past, and SHRAs policies and procedures will obligate it to continue the practice of rights violations into the future without significant corrective action by the court.  Plaintiffs ask for all relief outlined above in paragraphs 43-51, 56-63, 69-70, and 76-77.  In addition, the Plaintiffs ask for all costs and fees associated with bringing this complaint.