1
2
3
4
5
6
7                                    UNITED STATES DISTRICT COURT

8                              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    SYDNEY BROOKE ROBERTS and                    No.  2:22-cv-01699 TLN AC PS
      DAVID SAMUEL,
11
                       Plaintiffs,
12                                                  ORDER
             v.
13
      SACRAMENTO HOUSING AND
14    REDEVELOPMENT AGENCY, et al.,

15                     Defendants.

16

17           Plaintiffs Sydney Brooke Roberts and David Samuel are proceeding in this action pro se.

18    The matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  The plaintiffs

19    are both proceeding with IFP status pursuant to 28 U.S.C. § 1915(a)(1) and the complaint is

20    subject to pre-service screening.  ECF Nos. 3, 6.  On October 26, 2022, the undersigned gave

21    plaintiffs a choice: their first amended complaint could be served on some causes of action

22    against some defendants, or plaintiffs could file a second amended complaint.  ECF No. 6.

23    Plaintiffs filed a motion for leave to amend the complaint and a second amended complaint on

24    October 31, 2022.  ECF Nos. 7, 8.  The second amended complaint is now before the court for

25    screening.

26                                         I.  SCREENING

27           The federal IFP statute requires federal courts to dismiss a case if the action is legally

28    "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

1    to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,
2    556 U.S. 662, 678 (2009).

3        To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
4    state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "A claim has
5    facial plausibility when the plaintiff pleads factual content that allows the court to draw the
6    reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at
7    678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity
8    to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v.
9    Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in
10    Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

11                    II.  THE SECOND AMENDED COMPLAINT

12        Plaintiffs' Second Amended Complaint ("SAC") identifies two adult plaintiffs, David
13    Samuel and Sydney Roberts, both of whom signed the complaint.  ECF No. 8 at 8.  Also listed as
14    plaintiffs are two minor children: "AIMS" and "DAYS."  Id.  Plaintiffs assert jurisdiction based
15    on the presence of a federal question and cite four federal laws: the Fair Housing Act (42 U.S.C.
16    §§ 1301-19) ("FHA"), the Rehabilitation Act (29 U.S.C. §701), the Americans with Disabilities
17    Act (42 U.S.C. §§ 12101) ("ADA"), and the Fourteenth Amendment Due Process Clause.  Id. at
18    4.  Plaintiffs sue the Sacramento Housing and Redevelopment Agency ("SHRA") and numerous
19    individual defendants who are employees of SHRA and members of its Board of Governors.  Id.
20    at 9-10.

21        The SAC alleges that plaintiffs are a family participating in the Department of Housing
22    and Urban Development's Housing Choice Voucher program.  Id. at 10.  The SAC states that
23    multiple members of the family have disabilities that require housing accommodations from
24    SHRA.  Id.  Specifically, the SAC alleges plaintiff David Samuel suffers from Attention Deficit
25    Disorder, Autism Spectrum Disorder ("ASD"), Major Depressive Disorder, and Post Traumatic
26    Stress Disorder, and that he receives Social Security Disability benefits.  Id. at 8.  The SAC also
27    states AIMS is diagnosed with ASD and is currently non-verbal.  Id.

28    ////

Plaintiffs allege they made a reasonable accommodation request May 19, 2022, and received a letter on July 8, 2022 telling them that the accommodation request was denied; SHRA denied the request without engaging in an interactive process.  Id. at 10.  Plaintiffs made several reasonable accommodation requests between May 19, 2022 and September 28, 2022 that were ignored.  Id. at 13.  An informal hearing took place on September 12, 2022.  Id. at 14.  SHRA refused to issue a decision from the hearing and refuses to evaluate or hold hearings for all other reasonable accommodation requests.  Id.

### III.  PROBLEMS WITH THE COMPLAINT

Plaintiffs' SAC only states facts involving defendant SHRA.  Although plaintiffs name many individuals as defendants, the factual allegations do not identify what any of them did to violate plaintiff's rights.  To state a claim against individual defendants under the Federal Rules of Civil Procedure, plaintiffs must allege facts regarding each defendant that show what that person did to violate plaintiff's rights or otherwise entitle plaintiffs to relief – it is not enough that individuals simply worked for SHRA.  The SHRA itself is the only defendants named in the SAC who is clearly alleged to have committed acts giving rise to plaintiffs' putative causes of action.

### IV.  OPTION TO PROCEED OR AMEND

For the reasons set forth above, the court finds that the Second Amended Complaint states cognizable claims against defendant SHRA only, for violating the rights of plaintiffs David Samuel and Sydney Roberts.  Because plaintiffs may be able to allege facts to support claims against other defendants, they will be given the opportunity to amend the complaint if they desire.  However, because plaintiffs have already amended twice, this will be their third and final opportunity to amend the complaint.

*Alternatively*, plaintiffs may proceed to serve defendant SHRA.  Plaintiffs must file a notice with the court advising the court how they wish to proceed.

If plaintiffs choose to amend the complaint, they will be given thirty days to file an amended complaint to allege facts regarding the other named defendants.  If plaintiffs elect to proceed on their claims against defendant SHRA only, without amending the complaint, the court will proceed to serve the complaint.  A decision to go forward without amending the complaint

4

will be considered a voluntarily dismissal without prejudice of the claims against the other named defendants.

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the elements of each claim and specifying the involvement of each named defendant. It must contain a short and plain statement of each of plaintiff's claims.  The allegations of the complaint must be set forth in  sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid narrative and storytelling.  That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should contain only those facts needed to show how the defendants legally wronged the plaintiffs. Plaintiffs may bring the amended complaint on behalf of themselves only, and not their minor children.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180.  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

////

Also, the amended complaint must not refer to a prior pleading in order to make plaintiffs' amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V.  PRO SE PLAINTIFF'S SUMMARY

Your Second Amended Complaint is sufficient to be served now upon defendant SHRA, but you do not allege any facts showing how any of the other named defendants violated your rights.

You are being given a choice: you may either (1) move forward with the First Amended Complaint against SHRA only, *or* (2) you may amend the complaint again.  If you choose to go forward now against SHRA only, you will be voluntarily dismissing claims against any other defendants.  You must complete and return the attached form, notifying the court of your decision, within 14 days of this order.

If you choose to amend the complaint you will have 30 days to submit a second amended complaint that fixes the problems described above.  If you submit a second amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you.  Without this information, the court cannot tell if you can state a claim against each of the named defendants.  If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

If you do not choose to serve the Second Amended Complaint, this will be your third and final opportunity to attempt amendment.

////

////

6

VI.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiffs' motion to file an amended complaint (ECF No. 7) is DENIED as MOOT because plaintiffs had already been given permission to file an amended complaint; and

2.  Plaintiffs are ORDERED within 14 days to complete and return the attached form notifying the court indicating whether they wish to proceed on the Second Amended Complaint against defendant Sacramento Housing & Redevelopment Agency only, dismissing claims against other defendants, or whether they wish to file a third amended complaint; and

3.  If plaintiffs fail to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: November 3, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7          UNITED STATES DISTRICT COURT

8       FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    SYDNEY BROOKE ROBERTS and          No.  2:22-cv-01699-TLN-AC
      DAVID SAMUEL,
11
                  Plaintiffs,
12                                        PLAINTIFF'S NOTICE ON HOW TO
          v.                              PROCEED
13
      SACRAMENTO HOUSING AND
14    REDEVELOPMENT AGENCY, et al.,

15              Defendants.

16

17          Check one:

18    _____ Plaintiffs Sydney Brooke Roberts and David Tyrone Samuel want to proceed immediately

19          on their claims against defendant Sacramento Housing and Redevelopment Agency only

20          without amending the complaint.  Plaintiffs understand that by going forward without

21          amending the complaint they are voluntarily dismissing without prejudice their claims

22          against all other listed defendants pursuant to Federal Rule of Civil Procedure 41(a).

23    _____ Plaintiffs want to amend the complaint.

24    DATED:_____         _____

25                                    Sydney Brooke Roberts
                                      Plaintiff pro se
26
                                     _____
27                                    David Tyrone Samuel
                                      Plaintiff pro se
28

                              1