EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
ALEXANDER CHEUNG (SBN 297720)
Alexander.Cheung@WilsonElser.com
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone:      (415) 433-0990
Facsimile:      (415) 434-1370

Attorneys for Defendants SACRAMENTO
HOUSING AND REDEVELOPMENT AGENCY,
LA SHELLE DOZIER, MARYLIZ PAULSON,
TORY LYNCH, TANYA CRUZ, TAMEKA
JACKSON, LISA MACIAS, TIFFANY BROWN,
AND IBRA HENLY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al., <br><br> Defendants. | No.: 2:22-cv-01699 DJC <br><br> **AMENDED NOTICE OF DEFENDANTS SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, AND IBRA HENLY'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT** <br> **[FED. R. CIV. P. 12(b)(6)]** <br><br> Date: May 24, 2023 <br> Time: 10:00 AM <br> Magistrate Judge: Allison Claire <br> Courtroom: 26 – 8th Floor |

**TO PLAINTIFFS SYDNEY BROOKE ROBERTS AND DAVID TYRONE SAMUEL:**

PLEASE TAKE NOTICE that on May 24, 2023, at 10:00 a.m., in Courtroom 26 on the 8th Floor of the United States District Court, Eastern District of California, located at 501 I Street, Sacramento, California, Defendants SACRAMENTO HOUSING AND REDEVELOPMENT

1

281935073v.1

AGENCY; LA SHELLE DOZIER, in her capacity as SHRA Executive Director; MARY LIZ PAULSON, in her capacity as Director Housing Choice Voucher Program; TORY LYNCH, in her capacity as SHRA Program Manager; TANYA CRUZ, in her capacity as SHRA Program Manager; TAMEKA JACKSON, in her capacity as SHRA Case Worker; LISA MACIAS, in her capacity as SHRA Case Worker; TIFFANY BROWN, in her capacity as SHRA Case Worker; and IBRA HENLY, in his capacity as SHRA Employee, collectively ("Defendants") will move this Court for an Order dismissing all of the Claims in the Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that each cause of action fails to state a claim against Defendants for which relief can be granted.

Specifically, Defendants allege Plaintiffs' First Claim and Fifth Claim have no merit because Plaintiffs cannot show an extra bedroom itself is durable medical equipment as a matter of law; the Second Claim fails to establish Plaintiffs were denied effective communication for their request for reasonable accommodations; the Fourth Claim fails to establish Plaintiffs were denied accessibility of any services; the Sixth Claim consists of only legal conclusions couched as factual allegations; the Third Claim fails to establish a denial of due process; and there are no facts to support Plaintiffs' claims for punitive damages.

Moreover, the official capacity claims against the SHRA Board of Governors Defendants and SHRA Employees should be dismissed as duplicative of Plaintiffs' claims against Defendant SHRA. They are not named as defendants in their individual capacities, and the Third Amended Complaint does not allege any personal allegations against them.

This Motion shall be based upon this Notice, the attached Memorandum of Points and Authorities, the complete files and records of this action, and such other oral and documentary evidence as may be presented at the hearing on this Motion.

Dated: April 12, 2023

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER**

By: _____

EDWARD P. GARSON
ALEXANDER CHEUNG
Attorneys for Defendants

2

**DEFENDANTS' AMENDED NOTICE OF MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**
(No.: 2:22-cv-01699 TLN AC PS)

281935073v.1

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
ALEXANDER CHEUNG (SBN 297720)
Alexander.Cheung@WilsonElser.com
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone:     (415) 433-0990
Facsimile:     (415) 434-1370

Attorneys for Defendants SACRAMENTO
HOUSING AND REDEVELOPMENT AGENCY,
LA SHELLE DOZIER, MARYLIZ PAULSON,
TORY LYNCH, TANYA CRUZ, TAMEKA
JACKSON, LISA MACIAS, TIFFANY BROWN,
and IBRA HENLY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.: 2:22-cv-01699 TLN AC PS<br><br>**DEFENDANTS SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, AND IBRA HENLY'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**[FED. R. CIV. P. 12(b)(6)]**<br><br>Date: May 24, 2023<br>Time: 10:00 AM<br>Magistrate Judge:  Allison Claire<br>Courtroom: 26  -  8th Floor<br><br>United States District Court<br>Eastern District of California<br>501 - I Street<br>Sacramento, CA  95814 |

**DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT (2:22-cv-01699 TLN AC PS)**
281637239v.1

**Table of Contents**

**Page**

I.    INTRODUCTION                                                                                 1

II.   RELEVANT PROCEDURAL & FACTUAL BACKGROUND                                                     2

      A.    Allegations in Plaintiffs' Third Amended Complaint                                     2

            1.  Basis of Plaintiffs' Request for Reasonable Accommodation                          2

            2.  Plaintiffs' Requests for Reasonable Accommodation                                  3

            3.  September 12, 2022 Informal Hearing                                                3

            4.  SHRA Board of Governors, City of Sacramento Defendants                             4

            5.  SHRA Employee Defendants                                                           4

            6.  Plaintiffs' Allegations of Eviction and Homelessness                              5

III.  LEGAL STANDARD                                                                              5

IV.   ARGUMENT                                                                                    6

      A.    The Official Capacity Claims Against The SHRA Board
            of Governors Defendants Should Be Dismissed As Duplicative                            6

      B.    The Official Capacity Claims Against The SHRA Employees
            Should Also Be Dismissed As Duplicative                                               6

      C.    The Causes of Action Alleged Against All Defendants Should
            Be Dismissed Pursuant To FRCP 12(b)(6) As Plaintiffs Have
            Failed To State Claims For Which Relief Can Be Granted                                7

                  1.  *Plaintiffs' First Claim (Denial of Housing Modification*
                      *as Reasonable Accommodation and Fifth Claim*
                      *(Discrimination Based on Disability Type) Have No*
                      *Merit Because Plaintiffs Cannot Show an Extra Bedroom*
                      *is Durable Medical Equipment*                                              7

                  2.  *Plaintiffs' Second Claim (Effective Communication*
                      *Reasonable Accommodation Denial) Should Be*
                      *Dismissed Because Plaintiffs Were Not Denied*
                      *Effective Communication For Their Requests For*
                      *Reasonable Accommodation*                                                  10

i

## Table of Contents – Continued

*3.  Plaintiffs' Fourth Claim (Accessibility of Services) Should Be Dismissed Because Plaintiffs Were Not Denied Accessibility of Any Services*     11

*4.  Plaintiffs' Sixth Claim (Discrimination Based on Family Composition) Should Be Dismissed Because Plaintiffs Couched Legal Conclusions as Factual Allegations*     11

*5.  Plaintiffs' Third Claim (Denial of Due Process) Should Be Dismissed Because There Are No Facts Establishing A Denial of Due Process*     11

*6.  Plaintiffs' Claim For Punitive Damages Should Be Dismissed*     13

D.    Plaintiffs' Claims Should Be Dismissed Because Plaintiffs Sued The Wrong Entity     13

V.    CONCLUSION     14

**DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT (2:22-cv-01699 TLN AC PS)**

281637239v.1

**Table of Authorities**

*Case*                                                                          *Page*

*Ashcroft v. Iqbal*
 (2009) 556 U.S. 662                                                            5, 9

*Blue v. Bonta*
(2002) 99 Cal. App. 4th 980                                                     8, 9

*Bell Atlantic Corp. v. Twombly*
(2007) 550 U.S. 544                                                            5

*Black & Veatch Corp. v. Modesto Irrigation Dist.*
827 F. Supp. 2d 1130 (E.D. Cal. 2011)                                          9

*Center for Bio-Ethical Reform Inc. v. Los Angeles Co. Sheriff Dep't*
533 F. 3d. 780 (9th Cir. 2008)                                                 6

*Fuller v. Frank*
916 F. 2d 558 (9th Cir. 1990)                                                  8

*Giebeler v. M & B Associates*
343 F. 3d 1143 (9th Cir. 2003)                                                 8

*Hafer v. Melo* (1991)
502 U.S. 21                                                                    6

*Haynish v. Bank of Am., N.A.*,
284 F. Supp. 3d 1037 (N.D. Cal. 2018)                                          9

*Hartmann v. Cal. Dept. of Correction & Rehabilitation*
707 F. 3d 1114                                                                 6

*Icasiano v. Allstate Ins. Co.*
103 F. Supp. 2d 1187, 1192 (N.D. Cal. 2000)                                    9

*Kelley v. Corr. Corp. of Am.*
750 F. Supp. 2d 1132, 1146 (E.D. Cal. 2010)                                    13

*Kentucky v. Graham*
(1985) 473 U.S. 159                                                            6

*Lewis v. Clarke*
(2017) 581 U.S. 155                                                            7

*Lum v. County of San Joaquin*
756 F. Supp. 2d 1243                                                           5

*Luke v. Abbott*
954 F. Supp. 202, (C.D. Cal. 1997)                                             6

iii

**Table of Authorities – Continued**

*Maximum Comfort v. Sec'y of HHS*
(2007) 512 F. 3d 1081 ............................................................................... 9

*Millian v. Monroe County, Ala.*
(1997) 520 U.S. 781 ................................................................................... 6

*Nunes v. Wal-Mart Stores, Inc.*
164 F. 3d 1243; (9th Cir. 1999) ................................................................ 7

*Vance v. Cty. of Santa Clara*
928 F. Supp. 993 (N.D. Cal. 1996) ........................................................... 6

*Zieroth v. Azar*
2020 U.S. Dist. LEXIS 174004, *6-7 (N.D. Cal. Sept. 22, 2020) ............. 9


**_Statutes & Text_**

California Civil Code § 3294(a) ................................................................ 13

Federal Rules Civil Procedure, Rule 12(b)(6) ...................................... 5, 13
Federal Rules Civil Procedure, Rule 12(f) .............................................. 13

28 C.F.R. § 35.160(a) ............................................................................... 10
28 C.F.R. § 35.160(b) ............................................................................... 10

42 U.S.C. § 12101 ...................................................................................... 8
42 U.S.C. § 1395x(n) ................................................................................. 9

Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY ("SHRA"); LA SHELLE DOZIER, sued in her capacity as SHRA Executive Director; MARYLIZ PAULSON, sued in her capacity as Director Housing Choice Voucher Program; TORY LYNCH, sued in her capacity as SHRA Program Manager; TANYA CRUZ, sued in her capacity as SHRA Program Manager; TAMEKA JACKSON, sued in her capacity as SHRA Case Worker; LISA MACIAS, sued in her capacity as SHRA Case Worker;  TIFFANY BROWN, sued in her capacity as SHRA Case Worker; and IBRA HENLY, sued in his capacity as SHRA Employee, collectively ("Defendants") move to dismiss the Third Amended Complaint (hereinafter, "TAC") of Plaintiffs, and submit the following Memorandum of Points and Authorities in support of the same.

## I.   INTRODUCTION

In this action, Plaintiffs allege they are entitled to an extra bedroom for reasonable accommodation because the extra bedroom itself is durable medical equipment.  Plaintiffs allege the denial of their request for reasonable accommodation violated the Fair Housing Act, the Americans with Disabilities Act, and the Rehabilitation Act.  Plaintiffs' claims are frivolous because an extra bedroom itself is not durable medical equipment as a matter of law.  Merely alleging that an extra bedroom itself is durable medical equipment is exactly the kind of bare legal conclusion a court cannot accept.  Critically, Plaintiffs admit the Reasonable Accommodation Compliance Committee offered an alternative arrangement for Plaintiffs' request.

Plaintiffs attempt to couch legal conclusions as factual allegations to argue the denial of their requests for reasonable accommodation was a denial of accessibility of services, effective communication for their requests by e-mail, and due process rights.  Pertinent factual allegations indicate otherwise.  Plaintiffs were not evicted and the termination of their housing voucher was overturned.  Plaintiffs participated in a Zoom hearing regarding the denial of their request for reasonable accommodation with a hearing officer.  Plaintiffs communicated with the Reasonable Accommodation Compliance Committee by e-mail before and after the Zoom hearing.  There are no facts establishing how Plaintiffs' alleged disabilities required e-mail as an effective means of communication; Plaintiffs were able to communicate by fax and sending written letters.  There is no denial of due process because Plaintiffs' case file was available for review for participants in the

1

Zoom hearing and there is evidence to support the denial of Plaintiffs' request, which is evidenced by the offer of an alternative arrangement for Plaintiffs' request.

In addition, Plaintiffs allege official capacity claims against 22 defendants in their official capacities as SHRA's employees and the Board of Governors, which should be dismissed as duplicative of Plaintiffs' claims against SHRA.

Notwithstanding the above, Plaintiffs' claims must also be dismissed because Plaintiffs sued the wrong entity. Plaintiffs' claims arise from the denial of their request for reasonable accommodation as participants in the Department of Housing and Urban Development's ("HUD") Housing Choice Voucher program ("HCV program"). Plaintiffs cannot possibly cure this defect by allegation of other facts because the Housing Authority of the County of Sacramento is the sole housing choice voucher issuer and administrator of the HCV program; Defendants are not the administrator of the HCV program. Because of this error, Plaintiffs named multiple government officials as Defendants in their erroneous official capacities as members of SHRA Board of Governors. The named government officials include the Mayor of Sacramento, a California State Senator, and multiple Councilmembers, who have never served on the Board of Defendant SHRA.

For these reasons, and those more fully stated herein, Defendants respectfully request the Court grant this motion to dismiss this frivolous action without leave to amend.

## II.    RELEVANT PROCEDURAL & FACTUAL BACKGROUND

### A.    Allegations in Plaintiffs' Third Amended Complaint

#### 1.    Basis of Plaintiffs' Request for Reasonable Accommodation

The TAC alleges that Plaintiffs are a family participating in the HUD's HCV program. (TAC ¶¶ 1, 12-15.) The TAC alleges multiple members of the family have disabilities that require housing accommodations. (TAC ¶¶ 12, 14, 15, 73-101.) The TAC alleges David suffers from Attention Deficit Disorder, Autism Spectrum Disorder ("ASD"), Major Depressive Disorder, and Post Traumatic Stress Disorder, and that he receives Social Security Disability benefits. (TAC ¶ 12.) The TAC alleges AIMS was diagnosed with ASD and is currently non-verbal. (TAC ¶ 14.) The TAC alleges that AIMS cannot be roomed with DAYS due to intense behavioral reactions from AIMS when DAYS cries or suffers from distress. (TAC ¶ 15.)

2

The TAC alleges Plaintiffs requested that an extra bedroom be added to their housing voucher as a reasonable accommodation, because housing modification may be allowed for durable medical equipment and the extra room itself was alleged to be durable medical equipment to accommodate Plaintiffs.  (TAC ¶¶ 73, 96.)

The TAC alleges multiple conclusory allegations asserting that the extra room itself is durable medical equipment.  However, the TAC does not allege any facts establishing that the extra bedroom is an equipment prescribed by a licensed practitioner to meet the medical equipment needs of AIMS, DAYS or David.  There are no allegations establishing that the extra bedroom: (1) is an equipment furnished by a supplier or a home health agency; (2) will primarily and customarily be used to serve a medical purpose; and (3) is generally not useful to an individual in the absence of an illness or injury.

### 2.  Plaintiffs' Requests for Reasonable Accommodation

Plaintiffs allege they made a reasonable accommodation request on May 19, 2022, and received a letter on July 15, 2022 denying their reasonable accommodation request.  (TAC ¶¶ 75-77, 79, 129.)  The TAC alleges Plaintiffs submitted a copy of DAYS's birth certificate, social security card, treatment records, and other documents, including a release of authorization form to support their reasonable accommodation request.  (TAC ¶¶ 75-77, 79.)

Plaintiffs allege they made several attempts to engage in the interactive process for their reasonable accommodation request but were ignored.  (TAC ¶¶ 79-101.)  However, the TAC admits that Plaintiffs were able to communicate with the Reasonable Accommodation Compliance Committee ("RACC") by e-mail with their request for reasonable accommodation.  (See TAC ¶¶ 81, 88, 97, 98.)  The TAC has no factual allegations establishing Plaintiffs were denied access to any program services, or effective communication.  The TAC has no factual allegations establishing how any of Plaintiffs' alleged disabilities required e-mail communication as an effective means of communication.

### 3.  September 12, 2022 Informal Hearing

Plaintiffs allege an informal hearing took place on September 12, 2022 with the hearing officer John Lew and Tanya Cruz.  (TAC ¶ 90.)  The TAC alleges this hearing was "for the denial

3

of the May 19, 2022 reasonable accommodation" request.  (TAC ¶ 129.)  At the hearing, Plaintiffs referenced HUD's Reasonable Accommodation FAQs, HUD/DOJ Joint Statement on Reasonable Accommodation and policies from the HCV Program Administrative Plan to support their request for reasonable accommodation.  (TAC ¶¶ 95-97.)  The TAC alleges Plaintiffs explained to the hearing officer that the extra room itself was durable medical equipment necessary for their reasonable accommodation request.  (TAC ¶ 96.)  The TAC alleges the hearing officer questioned Plaintiffs why an alternative arrangement offered by RACC did not fit their needs.  (TAC ¶ 96.)  Plaintiffs allege that to date, they have not received a decision from the hearing, or a new hearing.  (TAC ¶ 101.)

### 4.  SHRA Board of Governors, City of Sacramento Defendants

The TAC alleges multiple conclusory allegations asserting SHRA Board of Governors Defendants (collectively the "BOARD"), created policies and procedures that discriminated against Plaintiffs' disability status and violated their due process rights by denying their reasonable accommodation request.  (TAC ¶¶ 2-4, 6-7, 27-40, 44-48.)  The TAC has no factual allegations to show how any of the individual BOARD defendants violated Plaintiffs' alleged rights.  There are no specific allegations that any of the individual BOARD defendants committed any acts related to the September 12, 2022 informal hearing.  (TAC ¶¶ 90-101.)  Rather, the BOARD defendants are sued only in their erroneous official capacity as members of the SHRA Board of Governors.

### 5.  SHRA Employee Defendants

The TAC alleges multiple conclusory allegations asserting SHRA Employee Defendants took discriminatory actions and ignored policies and procedures related to requests for reasonable accommodation.  (TAC ¶¶ 5-6.)  Specifically, the TAC has made no factual allegations to show how SHRA Employee Defendants La Shelle Dozier (TAC ¶¶ 18, 49-50), Mary Liz Paulson (TAC ¶¶ 19, 51-52), Tyler Thao (TAC ¶¶ 26, 80), Tiffany Brown (TAC ¶¶ 24, 83), Tameka Jackson (TAC ¶¶ 22, 84-86, 88), Ibra Henly (TAC ¶¶ 25, 89), and Lisa Macias (TAC ¶¶ 23, 65, 67), committed any acts related to the September 12, 2022 informal hearing.  (TAC ¶¶ 90-101.)  Tanya Cruz is the only SHRA Employee allegedly involved in the September 12, 2022 informal hearing.  (TAC ¶¶ 20, 91.)  However, the foregoing defendants are sued only in their official capacity as SHRA Employees.

**DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT (2:22-cv-01699 TLN AC PS)**
281637239v.1

### 6. Plaintiffs' Allegations of Eviction and Homelessness

The TAC alleges conclusory allegations asserting they were evicted and forced into homelessness that caused a delay and denial of medical treatment for alleged disabilities, disruption to education, emotional and physical distress, loss of employment and other economic opportunities. (TAC ¶¶ 7, 103.)  However, the TAC does not allege any facts establishing Plaintiffs were in fact evicted from their residence and forced into homelessness.  The TAC alleges Plaintiffs' residence is at 1100 Howe Ave., Apt. 126 in Sacramento, CA 95825, which is the same address listed in the TAC's caption page and as contact information for Plaintiffs.  (See TAC ¶ 60 and pp. 1-2.)  Further, the TAC alleges the termination of their housing voucher was overturned.  (TAC ¶ 73.)  The TAC has no factual allegations establishing Plaintiffs suffered any delay and denial of medical treatment for disabilities, disruption to education, loss of employment, or other economic opportunities.  All allegations related to eviction, homelessness and damages suffered from these events are simply legal conclusions couched as factual allegations.

## III.   LEGAL STANDARD

A defendant may move to dismiss one or more causes of action on the failure of the complaint to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A district court shall grant such a motion if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 570.  To survive such a motion, a complaint must not simply assert a "formulaic recitation of the elements of a cause of action," but must contain factual allegations that "raise a right to relief above the speculative level." *Id.* at 555; *see also Ashcroft v. Iqbal* (2009) 556 U.S. 662, 679 (instructing that courts "considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth"); *Lum v. County of San Joaquin*, 756 F. Supp. 2d 1243, 1247 (E.D. Cal. 2010) ("The court first identifies the non-conclusory factual allegations, and the court then determines whether these allegations, taken as true and construed in the light most favorable to the plaintiff, 'plausibly give rise to an entitlement to relief.'") (internal citation omitted).  Thus, Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft, supra*, 556 U.S. at 678 (citation omitted).

## IV.    ARGUMENT

### A.    The Official Capacity Claims Against The SHRA Board of Governors Defendants Should Be Dismissed As Duplicative.

Defendants request the Court dismiss claims made against the SHRA Board of Governors Defendants because they are being sued only in their erroneous official capacity as member of the SHRA Board of Governors.  They are not named as defendants in their individual capacities, and the TAC does not allege any personal allegations against them.

Lawsuits filed against state officials are duplicative of an action against the entity of which the defendant is an officer.  See *Hafer v. Melo* (1991) 502 U.S. 21 25; *Kentucky v. Graham* (1985) 473 U.S. 159, 165; *Hartmann v. Cal. Department of Correction & Rehabilitation*, 707 F. 3d 1114, 1127 (9th Cir. 2013); *Millian v. Monroe County, Ala.* (1997) 520 U.S. 781, 785, fn. 2.  As a result, our courts have held that joining both a director in her official capacity and the entity she leads is unnecessary and should result in dismissal of the director.  See *Graham, supra,* 473 U.S. at p. 167, fn. 14 ("There is no longer a need to bring official-capacity actions against local government officials, for . . .  local government units can be sued directly for damages and injunctive or declaratory relief."); *Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("[I]f individuals are being sued in their official capacity municipal officials and the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed."); *Center for Bio-Ethical Reform Inc. v. Los Angeles County Sheriff Dep't*, 533  F. 3d. 780, 799 (9th Cir. 2008 ("When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant."). "[I]t is no longer necessary or proper to name as a defendant a particular local government officer acting in official capacity."  *Luke v. Abbott*, 954 F. Supp. 202, 204 (C.D. Cal. 1997).  As such, the SHRA Board of Governors Defendants should be dismissed from this lawsuit.

### B.    The Official Capacity Claims Against The SHRA Employees Should Also Be Dismissed As Duplicative.

For similar reasons discussed above, the official capacity claims against the SHRA Employees should be dismissed as duplicative because they are being sued only in their official

6

capacity as employees of SHRA.  The TAC alleges multiple conclusory allegations alleging SHRA Employees took discriminatory actions, and ignored policies and procedures related to reasonable accommodation.  (TAC ¶¶ 5-6.)  The TAC does not name SHRA Employees as defendants in their individual capacity, and the TAC makes no factual allegations to establish how SHRA Employee Defendants La Shelle Dozier (TAC ¶¶ 18, 49-50), Mary Liz Paulson (TAC ¶¶ 19, 51-52), Tyler Thao (TAC ¶¶ 26, 80), Tiffany Brown (TAC ¶¶ 24, 83), Tameka Jackson (TAC ¶¶ 22, 84-86, 88), Ibra Henly (TAC ¶¶ 25, 89), and Lisa Macias (TAC ¶¶ 23, 65, 67), committed any acts related to the September 12, 2022 informal hearing.  (TAC ¶¶ 90-101.)

The Court should also dismiss the official capacity claims against Defendant Tanya Cruz as duplicative because she is sued only in her official capacity as an employee of SHRA.  (TAC ¶¶ 20, 90-99.)  All of the TAC's allegations against Ms. Cruz are related to her actions allegedly as an employee of SHRA.  The TAC has not sued Ms. Cruz in her individual capacity.  The distinction between individual and official-capacity suits is paramount because "the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself." *Lewis v. Clarke* (2017) 581 U.S. 155, 162.

Based on the foregoing, Defendants request the Court dismiss the official capacity claims against all SHRA Employees as duplicative.

### C. The Causes of Action Alleged Against All Defendants Should Be Dismissed Pursuant To FRCP 12(b)(6) As Plaintiffs Have Failed To State Claims For Which Relief Can Be Granted.

1. *Plaintiffs' First Claim (Denial of Housing Modification as Reasonable Accommodation) and Fifth Claim (Discrimination Based on Disability Type) Have No Merit Because Plaintiffs Cannot Show an Extra Bedroom is Durable Medical Equipment.*

Plaintiffs cited various statutes in a conclusory fashion to argue Defendants violated the Fair Housing Act, Americans with Disabilities Act ("ADA") and the Rehabilitation Act.  (TAC ¶¶ 6, 106, 152.)  Preliminarily, the Americans with Disabilities Act and Rehabilitation Act of 1973 are inapplicable because Plaintiffs' requests for reasonable accommodation were not made for employment purposes.  *Nunes v. Wal-Mart Stores, Inc.,* 164 F. 3d 1243, 1246 (9th Cir. 1999) (ADA

prohibits employers from discriminating against a qualified individual with a disability because of the disability); 42 U.S.C. § 12101 *et seq.*; *Fuller v. Frank*, 916 F. 2d 558, 567 (9th Cir. 1990) (Under the Rehabilitation Act of 1973, governmental employers must make reasonable accommodation to known physical or mental limitations of a qualified handicapped applicant or employee).

Plaintiffs have failed to state an actionable claim for violation of the Fair Housing Act, because Plaintiffs failed to show an extra bedroom itself is durable medical equipment necessary to afford Plaintiffs an equal opportunity to use and enjoy the dwelling.  To show discrimination based on failure to provide a reasonable accommodation, a plaintiff must demonstrate that: (1) he or she suffers from a handicap as defined by the Fair Housing Act; (2) the defendant knew or reasonably should have known of the plaintiff's handicap; (3) accommodation of the handicap may be necessary to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendant refused to make such accommodation.  *Giebeler v. M & B Associates*, 343 F. 3d 1143, 1147 (9th Cir. 2003).

Plaintiffs' First and Fifth Claims are based on their request for reasonable accommodation for an extra bedroom as durable medical equipment.  (TAC ¶¶ 102, 146-147.)  The federal Medicare regulatory definition for durable medical equipment is equipment, furnished by a supplier or a home health agency, that: (1) Can withstand repeated use; (2) Has an expected life of at least three years; (3) Is primarily and customarily used to serve a medical purpose; (4) Generally is not useful to an individual in the absence of an illness or injury; and (5) Is appropriate for use in the home.  *Blue v. Bonta* (2002) 99 Cal. App. 4th 980, 986, citing 42 C.F.R. § 414.202.   California adopted the definition of durable medical equipment from federal regulations and defines it as equipment prescribed by a licensed practitioner to meet medical equipment needs of the patient that: (a) Can withstand repeated use; (b) Is used to serve a medical purpose; (c) Is not useful to an individual in the absence of an illness, injury, functional impairment, or congenital anomaly; and (d) Is appropriate for use in or out of the patient's home.  *Blue v. Bonta*, *supra,* 99 Cal. App. 4th at p. 987, citing Cal. Code Reg., tit. 22 § 51160.

Here, the TAC alleges conclusory allegations that the extra room itself is durable medical equipment.  However, the TAC does not allege any facts establishing that the extra bedroom is an equipment prescribed by a licensed practitioner to meet the medical equipment needs of AIMS,

8

DAYS or David. The TAC has no allegations establishing that the extra bedroom: (1) is an equipment furnished by a supplier or a home health agency; (2) will primarily and customarily be used to serve a medical purpose; and (3) is generally not useful to an individual in the absence of an illness or injury. (TAC ¶¶ 73, 76, 77, 96.)

Moreover, an extra bedroom itself cannot be durable medical equipment as a matter of law. Durable medical equipment are generally tangible property that primarily serve a "medical" purpose understood to relate to the practice of medicine, and "medicine" means "the science and art of preventing, curing, alleviating sickness or affliction." *Zieroth v. Azar*, 2020 U.S. Dist. LEXIS 174004, *6-7 (N.D. Cal. Sept. 22, 2020). Tangible property include tools, devices, or machines, but not land or real estate. In turn, case law and statutes have defined durable medical equipment to include a chair lift (*Blue v. Bonta, supra,* 99 Cal. App. 4th 980), power operated wheelchairs (*Maximum Comfort v. Sec'y of HHS* (2007) 512 F. 3d 1081), iron lungs, oxygen tents, hospital beds, and wheelchairs (42 USC § 1395x(n)). Merely alleging that an extra bedroom itself is durable medical equipment is exactly the kind of bare legal conclusion a court cannot accept. *Black & Veatch Corp. v. Modesto Irrigation Dist.*, 827 F. Supp. 2d 1130, 1139 (E.D. Cal. 2011) ("Merely stating that property damage was suffered without any factual support is exactly the kind of bare legal conclusion the court cannot accept."); *Ashcroft supra*, 556 U.S. at 678 (a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face).

The Court should dismiss these claims without leave to amend because Plaintiffs cannot possibly cure this defect by allegation of other facts. See e.g., *Icasiano v. Allstate Ins. Co.*, 103 F. Supp. 2d 1187, 1192 (N.D. Cal. 2000) (conspiracy claim was dismissed with prejudice because an employer cannot conspire with its employees as a matter of law); *Black & Veatch Corp. v. Modesto Irrigation Dist., supra,* 827 F. Supp. 2d at p. 1137 (total equitable indemnity claim was dismissed because under California law this claim is part of, and included in, a claim for comparative indemnity, and thus, this claim does not exist); *Haynish v. Bank of Am., N.A.*, 284 F. Supp. 3d 1037, 1051 (N.D. Cal. 2018) (negligence claim was dismissed without prejudice because lenders owe no duty of care in the context of loan modification).

9

In Plaintiffs' First Claim, the TAC has conclusory allegations asserting Plaintiffs were evicted and forced into homelessness that caused a delay and denial of medical treatment for alleged disabilities, disruption to education, emotional and physical distress, loss of employment and other economic opportunities. (TAC ¶¶ 7, 103.) However, the TAC does not allege any facts establishing Plaintiffs were in fact evicted from their residence and forced into homelessness. All allegations regarding eviction, homelessness and damages Plaintiffs suffered thereon are simply legal conclusions couched as factual allegations.

> 2. *Plaintiffs' Second Claim (Effective Communication Reasonable Accommodation Denial) Should Be Dismissed Because Plaintiffs Were Not Denied Effective Communication For Their Requests For Reasonable Accommodation.*

Regulations passed pursuant to the ADA require public entities to "take appropriate steps ensure that communications with applicants, participants, and members of the public with disabilities are as effective as communications with others." 28 C.F.R. § 35.160(a). Moreover, a public entity must "furnish appropriate auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity conduct by a public entity," provided that, "[i]n determining what type of auxiliary aid and service is necessary, a public entity shall give primary consideration to the requests of the individual with disabilities." *Id.*, § 35.160(b).

Plaintiffs again attempt to couch legal conclusions for this claim as factual allegations. The TAC alleges SHRA and its employees failed to provide effective communication via e-mail as a reasonable accommodation, and in turn, Plaintiffs were allegedly denied access to program services. (TAC ¶ 116.) However, the TAC admits Plaintiffs were able to communicate with RACC by e-mail for their request for reasonable accommodation. (See TAC ¶¶ 81, 88, 97, 98.) Plaintiffs participated in an informal hearing on September 12, 2022 with the hearing officer John Lew and Tanya Cruz for the denial of their May 19, 2022 reasonable accommodation request. (TAC ¶¶ 90, 129.) The TAC has no factual allegations establishing they were denied access to any program services. The TAC simply has no factual allegations to support Plaintiffs' legal conclusions for denial of effective communication.

3. *Plaintiffs' Fourth Claim (Accessibility of Services) Should Be Dismissed Because Plaintiffs Were Not Denied Accessibility of Any Services.*

Plaintiffs have alleged no facts to establish they were denied accessibility to any program services. All of Plaintiffs' claims arise from their request for reasonable accommodation and denial of that request. Plaintiff requested communication with the RACC by e-mail and was provided an e-mail address to communicate their request for reasonable accommodation. (TAC ¶¶ 81, 88, 97, 98.) Plaintiffs participated in an informal hearing on September 12, 2022 with the hearing officer John Lew of the RACC and Tanya Cruz for the denial of their May 19, 2022 reasonable accommodation request. (TAC ¶¶ 90, 129.) As discussed above, an extra bedroom itself cannot be durable medical equipment as a matter of law. Moreover, the TAC admits that RACC offered Plaintiffs an alternative arrangement for their reasonable accommodation request. (TAC ¶ 96.) Lastly, Plaintiffs are not homeless and the termination of their housing voucher was overturned. (TAC ¶ 73.) Thus, the claim should be dismissed because Plaintiffs again couch legal conclusions as factual allegations.

4. *Plaintiffs' Sixth Claim (Discrimination Based on Family Composition) Should Be Dismissed Because Plaintiffs Couched Legal Conclusions as Factual Allegations.*

Plaintiffs again attempt to couch legal conclusions for this claim as factual allegations. (TAC ¶¶ 156-157, 160.) The TAC alleges factual allegations related to denial of an extra bedroom for foster children and discrimination based on family status, including adoptive or foster parents. (*Id.*) The TAC has no factual allegations establishing a denial of an extra bedroom was based on the family status of Plaintiff David Samuel or Sydney Roberts as foster or adoptive parents of DAYS and/or AIMS. Thus, the claim should be dismissed.

5. *Plaintiffs' Third Claim (Denial of Due Process) Should Be Dismissed Because There Are No Facts Establishing A Denial of Due Process.*

The TAC alleges Plaintiffs' requests for reasonable accommodation were denied or ignored on May 17, 2022 (TAC ¶ 69), May 19, 2022 (TAC ¶ 76), June 20, 2022 (TAC ¶ 80), August 4, 2022

**DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT (2:22-cv-01699 TLN AC PS)**

281637239v.1

(TAC ¶ 85), September 16, 2022 (TAC ¶ 100), and September 26, 2022 (TAC ¶ 101), because SHRA did not provide a hearing or formal process.  (TAC ¶ 128.)

Preliminarily, there are no factual allegations establishing Plaintiffs made a request for reasonable accommodation on May 17, 2022.

Plaintiffs made a reasonable accommodation request on May 19, 2022, and received a denial letter on July 15, 2022.  (TAC ¶¶ 75-77, 79, 129.)  The TAC admits that Plaintiffs went through a formal process to support their request for reasonable accommodations.  The TAC admits Plaintiffs submitted a copy of DAYS's birth certificate, social security card, treatment records, and other documents, including a release of authorization form to support their formal reasonable accommodation request.  (TAC ¶¶ 75-77, 79.)  The TAC admits a hearing took place on September 12, 2022 "for the denial of the May 19, 2022 reasonable accommodation" request.  (TAC ¶¶ 90, 129.)  The TAC alleges no facts establishing a separate hearing or formal process is required for the other requests allegedly made on June 20, 2022, August 4, 2022, September 16, 2022, and September 26, 2022, as these requests arise from Plaintiffs' initial request made on May 19, 2022, and the September 12, 2022 hearing.

The TAC alleges Plaintiffs were barred from presenting any evidence at the September 12, 2022 hearing to dispute RACC's denial of their request, and that SHRA provided no evidence to support the RACC's denial.  (TAC ¶ 129.)  However, pertinent factual allegations indicate otherwise.  The TAC admits Plaintiffs' case file was available via screen share at Zoom.  (TAC ¶ 93.)  The TAC alleges the case file documents did not add any explanation or description of the RACC's decision process, which supports a reasonable reference that these documents were available at the Zoom hearing via screen share for Plaintiffs and other participants' review.  (*Id.*)  The TAC admits the hearing officer questioned Plaintiffs why an alternative arrangement offered by RACC did not fit their needs, which indicates there is evidence to support RACC's denial of the request.  (TAC ¶ 96.)

Based on the foregoing, there is no denial of due process despite Plaintiffs again attempt to couch legal conclusions as factual allegations.

///

///

12
**DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT (2:22-cv-01699 TLN AC PS)**
281637239v.1

6. *Plaintiffs' Claim For Punitive Damages Should Be Dismissed.*

Plaintiffs claim punitive damages for all of their claims. (TAC ¶¶ 111, 123, 135, 143, 153, 161.) A motion under Rule 12(b)(6), rather than a motion to strike under Rule 12(f), is the proper vehicle to challenge the sufficiency of a punitive damages claim. *Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1146 (E.D. Cal. 2010).

Exemplary damages are available under California law where a defendant acts with "oppression, fraud, or malice." Cal. Civ. Code § 3294(a). Here, the Court should dismiss all of Plaintiffs' conclusory claims for punitive damages because the TAC has no factual allegations to support a claim of oppression, fraud or malice.

**D.    Plaintiffs' Claims Should Be Dismissed Because Plaintiffs Sued The Wrong Entity.**

All of Plaintiffs' claims should be dismissed because Plaintiffs sued the wrong entity, and in turn, failed to state facts for which relief can be granted against SHRA and its employees. There are no foundational factual allegations to establish SHRA and its employees administer the HCV program. Plaintiffs cannot possibly cure this defect by allegation of other facts because the Housing Authority of the County of Sacramento is the sole housing choice voucher issuer and administrator of the HCV program; SHRA is not the administrator of the HCV program. Because of this mistake, Plaintiffs erroneously named multiple government officials as Defendants in their official capacities as SHRA Board of Governors. Rather, the named government officials, which include the Mayor of Sacramento, a California State Senator, and multiple Councilmembers, are, or have served, on either the Board for the Housing Authority of the County of Sacramento or City of Sacramento, but never on the Board for Defendant SHRA.

///

///

///

///

///

///

13

## V.    CONCLUSION

For each of the forgoing reasons, Defendants respectfully request the Court grant this Motion and dismiss the Third Amended Complaint with prejudice and without leave to amend.

Dated:  April 7, 2023

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By:   _____
EDWARD P. GARSON
ALEXANDER CHEUNG
Attorneys for Defendants

---

14

**DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT (2:22-cv-01699 TLN AC PS)**

281637239v.1

## PROOF OF SERVICE

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANTS' AMENDED NOTICE OF MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**

☐:    **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service.  (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☒:    **BY MAIL** - As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  The envelope was sealed and placed for collection and mailing on this date following our ordinary practices.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐:    **OVERNIGHT MAIL** - As follows:  I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒:    **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐:    **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case.  The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on April 14, 2023, at San Francisco, California.  I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

_____
Maxine Swann

3

**DEFENDANTS' AMENDED NOTICE OF MOTION TO DISMISS
PLAINTIFFS' THIRD AMENDED COMPLAINT**
**(No.:  2:22-cv-01699 TLN AC PS)**

281935073v.1

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>1100 Howe Avenue<br>Apartment 126<br>Sacramento, CA  95825<br><br>davidsa@possiblymaybe.com<br><br><br>Tel:  (512) 522-8571 | |

**DEFENDANTS' AMENDED NOTICE OF MOTION TO DISMISS
PLAINTIFFS' THIRD AMENDED COMPLAINT**
(No.:  2:22-cv-01699 TLN AC PS)

281935073v.1