David Samuel

Sydney Roberts

home@possiblymaybe.com

1100 Howe Ave, Apt 126

Sacramento, CA 95825

512-522-8571

Plaintiffs in Pro Per

[ **FILED** ]

APR 17 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS DAVID TYRONE SAMUEL, et al., <br> Plaintiffs, <br> vs. <br> SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al., <br> Defendants. | Case No.: 2:22-cv-01699 DJC AC <br><br> **Plaintiffs Opposition to Defendants Motion to Dismiss Complaint; Memorandum of Points and Authorities in Support** <br><br> **Date: May 24, 2023** <br> **Time: 10:00 AM** <br> **Magistrate Judge: Allison Claire** <br> **Courtroom: 26 – 8th Floor** |

**PLAINTIFFS OPPOSITION TO MOTION TO DISMISS COMPLAINT**

1)    Plaintiffs oppose Defendants Motion to Dismiss Complaint ("MOTION") and Submit the following Motion in Opposition to Dismiss Complaint and

1

Plaintiffs Opposition to Defendants Motion to Dismiss Complaint;  Memorandum of Points and Authorities

Memorandum of Points and Authorities in support of the same.

2)    Plaintiffs request the court dismiss Defendants MOTION with prejudice as it contains extensive factual errors, flawed legal arguments, internally inconsistent arguments, and arguments it has no grounds to make.

3)    Plaintiffs also assert that Defendants MOTION has the appearance of a shotgun pleading, attempting to make extraneous arguments that can not be reasonably expected to prevail.

## I.    DEFENSE IS PRECLUDED FROM SUMMARY JUDGMENT

4)    There is a genuine controversy whether Defendants engaged in the interactive process requirement for reasonable accommodation (C1, C2, C3) in good faith.

5)    As the Complaint notes (Paragraph 79), at no time prior to denying the accommodations (E4, E6) did Defendants attempt to engage in the interactive process (E3).  This despite Plaintiffs numerous attempts to engage the Defendants (Paragraphs 80-85).

6)    While the MOTION attempts to use language to cast doubt on the Plaintiffs qualified status, Defendants were well aware of the Plaintiffs qualified status (E1, E14).  Defendant received notice of this status from Plaintiffs induction into through the program through a disability case worker (Paragraph 55) and income verification forms, which required providing a benefits verification letter from the Social Security Administration.

7)    Defendants had updated notice of Plaintiffs qualified status as soon as days before the acts noted in the complaint began as they requested additional information about why Plaintiffs banking deposits were lower than the amount listed in the award letter (Paragraph 66, 67, E5).

8)    It is uncontroversial the Defendants denied the reasonable accommodation for reasons other than "undue hardship" and "administrative burden", that the request was not made on behalf of the Plaintiffs, or that no nexus between the

2

request and disability existed(E4, E6).

9)    It is also uncontroversial that the Plaintiffs requested the accommodation so that they would be able to make use of the dwelling and common spaces in an equal fashion to a non-disabled individual(E1, E8, E11).

10)    Further, the MOTION does not argue that no accommodation was possible, noting as support for its arguments that Defendants offered an alternative in their denial letter.

11)    Finally, The MOTION provides no argument or evidence which demonstrates that Defendants participated in the interactive process in good faith, nor does it provide any evidence or argument which challenges the plausibility of Complainant statements that it was not.

12)    There is consistent case history, with a wide diversity of jurisdictions, which hold summary judgment is inappropriate when controversy exists regarding the interactive process requirement (C2, C4, C8).  Further, statutes, regulation, and opinion issued by both HUD, and the DOJ clearly illustrate the necessity of the interactive process before denying reasonable accommodation (OA1, OA2, OA3, OA4).

13)    These statutes, regulation, and opinions also describe the *only* conditions under which reasonable accommodation may be denied (R5, S3, S4) the MOTION does not impugn the plausibility that the Defendants failed these conditions.

14)    We ask the court to reject all arguments against all Complaint items as there is a genuine controversy as to whether Defendants engaged in the interactive process in good faith, creating a preclusion from the requested relief.

## II.    RESPONSE TO IV(C)

### First Argument

15)    The MOTION builds it's argument around a complete misunderstanding of the reasonable accommodation process, injects a fictitious narrative, and attempts to mislead the court regarding the context of the statements in the Complaint.

3

16)   First, the MOTION attempts to argue that one of the statutorily defined defenses for disability and/or housing discrimination includes is that Plaintiffs are required to meet a test Medicare uses to evaluate completely unrelated criteria.

17)   Regulations promulgated from the Fair Housing Act ("FHA"), Americans with Disabilities Act ("ADA"), and Rehabilitation Act ("REHAB") use fairly plain language in describing when a reasonable accommodation must be granted (R5, S3, S4, OA1, OA2, OA3, OA4).  Those conditions include the request being made on behalf of the qualified individual, that a nexus or connection between the disability and request be established, and that the request not be an undue burden on the party the request is being made of.

18)   They also make clear, and case law well supports, the interactive process requirement of these statutes in the case of the request causing an undue burden(C7, C9).

19)   Statutes also state in plain language that it is an act of disability and/or housing discrimination to deny reasonable accommodation once a nexus between the disability and request has been established and the request will not create an undue burden (S3, S6).

20)   Finally, these regulations provide that each accommodation request must be decided on a case by case basis, and that blanket bans on certain types of accommodation constitute disability and/or housing discrimination (R5, OA1, OA2, OA3, OA4).

21)   The MOTION ignores the extended narrative provided by the Plaintiffs detailing attempts to engage the Defendants in the interactive process (Paragraphs 80-85), despite partially citing some of those attempts as arguments against other claims.

22)   The MOTION also ignores the provided facts asserting that the Defendants denied reasonable accommodation requests (E1, E4, E6, E8) outright after acknowledging a nexus between the disability and request existed and not asserting

undue burden for denial.

23)    Regarding the standard offered in the MOTION regarding "durable medical equipment", it is based on a factually false assertion about the contents of the Complaint.  The Complaint itself, at no time states that the request was for "durable medical equipment", but in fact was requested for reasons related to Plaintiffs disability, as the reasonable accommodation requests state (E1, E8).

24)    We ask the court to reject MOTION argument IV(C)(1) because it is a plain misstatement of the facts, a misstatement of statutory requirements, and fails to demonstrate any portion of Claim 1 and 6 are not plausible.

**Second Argument**

25)    The MOTION challenges the second claim in IV(C)(2) by intentional omission of facts.

26)    The Defense does do a great job of establishing the regulatory requirement for effective communication derived from FHA, ADA, and REHAB.

27)    It then attempts to partially cite several paragraphs asserting that this requirement was met.  What it fails to note is that each of the paragraphs cited clearly describe the Defendants failing to utilize the communication method (E3, Paragraph 80 – 85, 88).

28)    As an example, it cites paragraph 81 of the complaint, a which ends with the statement "No response was received."  It cites paragraph 88 of the complaint, which also ends "No response was received."

29)    It also references paragraphs 97 and 98 of the complaint, instances in which the Defendants verbally agreed to communicate via the accommodation, and still failed to do so.

30)    The argument goes on to ignore paragraph 99 which states that the Defendants did not communicate via email but instead called the Plaintiffs to inform them that they were vacating the hearing the without any explanation and against the objection of the Plaintiffs (E9, E12).

Plaintiffs Opposition to Defendants Motion to Dismiss Complaint;  Memorandum of Points and Authorities

31)    We ask the court to reject argument IV(C)(2) in part.  We ask the court to affirm the right to effective communication accommodations, but ask the court to reject the argument the Complaint in any way supports this requirement was met.

**Third Argument**

32)    Similar to the intentional omissions of the Defendants arguments against the second claim, the argument IV(C)(3) partially cites sections of the Complaints narrative while omitting relevant portions as well as the facts included in the item itself.

33)    As an example, the Plaintiffs note that they attempted to contact the Defendants via their website (paragraph 82), by phone (paragraph 80), by email (paragraph 81), and even by fax (paragraph 85).  The Complaint states that not only was no response received via these methods (paragraph 87), the refusal to respond was intentional as another party was able to communicate with them for some time on our behalf (Paragraph 83, E2, E3).

34)    Further, the complaint also notes that the Defendants made the premises physically inaccessible (Paragraph 77), and referred plaintiffs to phone numbers which were unstaffed and could not take voice mail messages (Paragraph 79, 80).

35)    We ask the court to reject this argument as the argument is based on false interpretation of the provided facts and presents a deliberately misleading narrative regarding the September 12, 2022 hearing.

**Fourth Argument**

36)    Argument IV(C)(4) makes assertions of fact which are not provided for in the Complaint, and are unsupported by evidence.

37)    The sixth claim actually makes a claim of discrimination based on family status, as a policy or practice by the Defendants.  It asserts that this discriminatory policy is documented in the Defendants policy documents, and establishes the broader pattern of discriminatory policies by the Defendants.

Plaintiffs Opposition to Defendants Motion to Dismiss Complaint;  Memorandum of Points and Authorities

38)    All forms of forms of discrimination are appropriate causes of action, regardless of whether direct harm is experienced as they serve to chill the rights of individuals otherwise.

39)    We ask the court to reject this argument as it fails to address the facts of the sixth claim.

**Fifth Argument**

40)    Argument IV(C)(5) confuses the facts of the claim, omits critical facts, and makes statements derived from a misunderstanding of reasonable accommodation requirements.

41)    First, it confuses the documentation submitted for DAYS as having any relevance to the reasonable accommodation requests (E5).  It did not.

42)    It then goes on to omit critical facts, such as the September 12, 2022 hearing being vacated without explanation and over the objection of the Plaintiffs (E9, E12, E14).

43)    The vacated hearing rules (E13), clearly serve to deny due process by not allowing any question regarding whether the reasonable accommodation was properly denied, making the hearing of nearly no utility.

44)    As the MOTION notes, all documents that were offered by the Defendants in the hearing were only available through a video conference, illegible, and the evidence supports that questions were raised in the hearing about the availability of the presented evidence (E7, E9).

45)    Finally, the MOTION provides no evidence that Defendants complied with any portion of the informal hearing process requirement (R9).  Specifically, the hearing was not expeditious as none was held, discovery requirements were not complied with, and no decision was issued.

46)    We ask the court to reject this argument because it employs confused arguments, omits critical facts, and fails to demonstrate the assertion that Defendants failed to provide due process is implausible on its face.

**Sixth Argument**

47) As argument IV(C)(6) correctly points out, exemplary damages are available under California law (and Federal under different language) for "oppression, fraud, or malice."

48) Disability and housing discrimination qualify as oppression and malice.

49) The Complaint contains a factual basis to establish disability and housing discrimination occurred, and that this discrimination is part of a policy or practice by the Defendants.

## III.   RESPONSE TO IV(B)

50) All named defendants are being sued in their individual capacity (C13).

51) At no point in the Complaint or cover letter does it state that any Defendant is being sued only in their official capacity.

52) All named defendants have received extensive training with regard to statutory requirements of the FDA, ADA, and REHAB acts, were notified by Plaintiffs that these acts were discriminatory, and with complete indifference to the harm of their acts, continued to perpetrate them.

53) The Plaintiffs are citizens of the United States, and they were deprived of rights granted to them from the Constitution and laws(S1, S2, S3, S6, S8).

54) We ask the court to reject this argument because it is based upon false assertions, and because each named Defendant is liable for the redress due to their actions.

## IV.   RESPONSE TO IV(A)

55) The Defense is asking the court to make rulings regarding individuals who are not party to the MOTION.

56) The Defendants noted here are ultimately responsible for the official policy and training employed by the Defendants. They have the ability, training, awareness, and knowledge to change the Defendants polices to avoid discriminatory acts, but have not done so.

## IV.    RESPONSE TO IV(D)

57)    In a particularly perplexing display of shotgun pleading, the Defense offers another complete misrepresentation of fact.

58)    As noted on the Defendants website(https://www.shra.org/housing-choice-voucher-program/):

> " In Sacramento, the HCV program for the City and County of Sacramento (including all incorporated cities in the County) is operated by the Sacramento Housing and Redevelopment Agency (SHRA) acting as the Housing Authority of the County of Sacramento."

59)    The reasonable accommodation denials are issued on SHRA letterhead, by individuals identifying themselves as SHRA employees, with addresses listed as SHRA offices, phone numbers which are answered by SHRA, email addresses from the SHRA internet domain (E4, E6).

60)    Housing Choice Vouchers are issued on SHRA letterhead, extensions are issued on SHRA letterhead, requests for tenancy approval (RFTA) are printed on SHRA letterhead or electronically through the SHRA website, handles porting from other housing authorities via SHRA email addresses and documents with SHRA letterhead, and HCV waitlists are managed by SHRA (E1, E5, E13).

61)    There are more cases filed against "Sacramento Housing and Redevelopment Agency" than "Housing Authority of County of Sacramento" as the defendant in both housing choice voucher and reasonable accommodation complaints, and Defendants have entered into voluntary compliance agreements over prior denials of reasonable accommodation as Sacramento Housing and Redevelopment Agency or SHRA (C15, C16, C17, C18, C19).

62)    Defendant "Sacramento Housing and Redevelopment Agency" is being named in it's individual capacity as the agency responsible for the acts alleged in

9

the Complaint.

63)    Defendant is currently being sued and responding as "Sacramento Housing and Redevelopment Agency" in other cases appearing before this court (2:21-cv-00974 TLN) (C13).

64)    The MOTION is again attempting to make arguments on behalf individuals who are not party to it.

65)    We ask the court to reject this argument because it's so divorced from reality it's frivolous on it's face.

## V.    CONCLUSION

66)    Plaintiffs oppose all arguments in the MOTION because of it's numerous factual errors, clear misinterpretations and omission of facts, inappropriate reading of law, irrelevant and bad faith arguments, and attempts to confuse rather than clarify the issues before the court.

67)    The MOTION fails to establish that any item in the Complaint is not plausible on it's face, only arguing that a standard of evidence inappropriate for this stage has not been met.

68)    In fact, the Complaint repeatedly confirms that many of the Complaint items are indeed plausible on their face, instead arguing the complaint items are potentially defective.

69)    In these arguments regarding potential defect, it repeatedly makes clearly false statements and obvious omissions, such as failing to note the September 12, 2022 informal hearing was vacated without explanation by the Defendants, a fact which if stated clearly contradicts significant arguments put forward in the MOTION.

70)    The MOTION on more than one occasion asks the court to make rulings regarding individuals who are not a party to it, and later tries to offer unsupported statements about their involvement in the acts described in the Complaint which are factually false.

71)     The bad faith of this MOTION shines through when it asks for the Complaint to be dismissed with prejudice as remedy for a common and easily curable supposed fact.  Worse, the Defendants themselves admit that this supposed fact is false on their website, and even the slightest bit of due diligence would lead any reasonable individual to determine the same.

72)     Requirements for pleading require a *short* and plain statement of the claim showing that the pleader is entitled to relief.  The MOTION asks the court to do away with this standard and instead require extensive arguments and evidence to support each claim.  Instead of addressing whether or not each Claim is supported by the facts, the MOTION attempts to reinterpret the offered facts as an argument.  This difference in interpretation of facts is exactly the point of the hearing process.

73)     For these reasons we ask the court to reject the Defendants MOTION with prejudice, and request the court prohibit future Motions to Dismiss without a finding of fact from the court and leave to do so.

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATUTES (S)

S1) - 29 U.S.C. § 794(a) (2000)

S2) - 42 U.S. Code § 1983 - Civil action for deprivation of rights

S3) - 42 U.S. Code § 3604(f)(1)(A)(C), (f)(3)(B) - Discrimination in the sale or rental of housing and other prohibited practices

S4) - 42 U.S.C. § 12112(b)(5)(A) – Discrimination (Title I)

S5) - 42 U.S. Code § 12205 - Attorney's fees

S6) - 42 U.S.C. § 12132 – Discrimination (Title II)

S7) - 42 U.S. Code § 12134(b) – Regulations

S8) - U.S. Code § 12188(a)(1)(2) - Enforcement

### REGULATIONS (R)

R1) - 24 CFR § 8.2 – Applicability

R2) - 24 CFR § 8.28(a) - Housing certificate and housing voucher programs

11

R3) - 24 CFR § 8.3("Federal financial assistance")(a)(c), ("Individual with handicaps")(a)(b)(c)(d), ("Program or activity")(a)(c), ("Recipient") - Definitions

R4) - 24 CFR § 8.33 - Housing adjustments

R5) - 24 CFR § 8.4(b)(1)(iv), (e) – Discrimination prohibited

R6) - 24 CFR § 8.51(a)(1)(b) - Self-evaluation

R7) - 24 CFR § 8.6(a)(1)(2), (b) - Communications

R8) - 24 CFR § 982.52(a)(b) - HUD requirements

R9) - 24 CFR § 982.555 – Informal hearing for participant

**EXHIBITS (E)**

E1) – "AUTHORIZATION FOR USE OR DISCLOSURE OF HEALTH INFORMATION"

E2) – "Email Confirming Receipt of Reasonable Accommodation Request"

E3) -  "Email chain describing lack of response from SHRA"

E4) – "First Reasonable Accommodation Denial Letter"

E5) – "SHRA Notice of Incomplete Interim"

E6) – "Second Reasonable Accommodation Denial"

E7) – "September 12, 2022 Hearing Brief"

E8) – "Second Reasonable Accommodation Request"

E9) – "Objection to September 12, 2022 Hearing being Vacated"

E10) – "September 12, 2022 Notice Email and Response"

E11) – "Email chain requesting Doctor's note language and confirming delivery of Doctor's note"

E12) – "December 09, 2022 Email chain confirming no hearing available for first and second reasonable accommodation request, second effective communication request"

E13) – "SHRA NOTICE OF HEARING and Rules."

E14) – "Email chain from February 1, 2023 regarding lack of hearings"

**CASES (C)**

12

**Interactive Process Requirement**

C1) - Taylor v. Phoenixville School Dist., 184 F.3d 296 (3d Cir. 1999)

C2) - Barnett v. US Air, Inc., 228 F.3d 1105 - *1116 (9th Cir. 2000)

C3) - Humphrey v. Memorial Hospitals Ass'n, 239 F. 3d 1128 - *1138, *1139 (9th Circuit 2001)

C4) - Keith v. County of Oakland, 703 F. 3d 918 - *924 6th Circuit 2013)

C5) - EEOC v. Sears, Roebuck & Co., 417 F. 3d 789 – *808 (7th Circuit 2005)

C6) - Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263 F. 3d 208 (2nd Circuit 2001)

C7) - Sansone v. Brennan, 917 F. 3d - *980 (7th Circuit 2019)

C8) - Tauscher v. Phoenix Bd. of Realtors, Inc., 931 F. 3d - *966 - (9th Circuit 2019)

C9) - Garrison v. DOLGENCORP, LLC, 939 F. 3d 937 - *942 (8th Circuit 2019)

C10) - Wilkerson v. FUJINAKA PROPERTIES, LP - *A (ED California 2020)

C11) - Terry v. REGISTER TAPES UNLIMITED, INC. - *B (ED California 2020)

C12) - Ruiz v. PARADIGMWORKS GROUP, INC. - *B (SD California 2020)

**Due Process**

C13) - Welch v. HOUSING AUTHORITY OF THE COUNTY OF SACRAMENTO - *C (ED California 2022)

**Punitive Damages**

C14) - Kolstad v. American Dental Assn. - *536, *539, *543 (Supreme Court 1999)

**SHRA AS ENTITY**

C15) - Herron v. SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY (ED California 2009)

C16) - Wichelman v. SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY (ED California 2014)

13

C17) - Hafer v. SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY(ED California 2023)

C18) - Williams v. SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY (ED California 2005)

C19) - Phifer v. SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY (ED California 2009)

## HUD OPINION (OA)

### "JOINT STATEMENT…"

("https://www.hud.gov/sites/dfiles/FHEO/documents/huddojstatement.pdf")

OA1) - "1. What types of discrimination against persons with disabilities does the Act prohibit?", "6. What is a "reasoanble accommodation" for the purposes of the Act?", "7. Are there instances when a provider can deny a request for a reasonable accommodation without violating the Act?", "10. What happens if no agreement can be reached through the interactive process?", "12. When and how should an individual request an accommodation?", "13. Must a housing provider adopt formal procedures for processing requests for reasonable accommodation?", "15. What if a housing provider fails to act promptly on a reasonable accommodation request?", "17. What kinds of information, if any, may a housing provider request from a person with an obvious or known disability who is requesting a reasonable accommodation?", "18. If a disability is not obvious, what kinds of information may a housing provider request from the person with a disability in support of a requested accommodation?"

### Reasonable Accommodations and Modifications

(https://www.hud.gov/program_offices/fair_housing_equal_opp/reasonable_accommodations_and_modifications)

OA2) - "Reasonable Accommodations" – Paragraphs 1-4, "General Questions and Answers & Frequently Asked Questions (FAQs)" – "When is a reasonable accommodation or modification necessary?", "When may a housing provider deny

14

a requested accommodation or modification?"

**Information for Individuals with Disabilities**

(https://www.hud.gov/program_offices/fair_housing_equal_opp/reasonable_accommodations_and_modifications/information_for_individuals_with_disabilities)

OA3) - "Overview of Reasonable Accommodations & Reasonable Modifications" – Paragraphs 1 – 2

**PIH Notice: PIH-2011-31** (https://www.hud.gov/sites/documents/PIH2011-31.PDF)

OA4) - "Section V".

Dated:   04/15/2023

By: _____

David Samuel, Plaintiff in pro se

By: _____

Sydney Roberts, Plaintiff in pro se

Plaintiffs Opposition to Defendants Motion to Dismiss Complaint;  Memorandum of Points and Authorities



# AUTHORIZATION FOR USE OR DISCLOSURE OF HEALTH INFORMATION

**E1**

(This form is available electronically upon request)

---

**HEALTH CARE PROFESSIONAL** - The person listed below has applied for an accommodation for his/her disability and is required to obtain a certification to verify the disability and the need for the accommodation listed below. Please complete pages 3-4 of this document.

---

**THE FIRST TWO PAGES ARE TO BE COMPLETED BY THE RESIDENT OR APPLICANT REQUESTING THE ACCOMMODATION, WHEN YOU HAVE COMPLETED THIS PAGE, PLEASE RETURN IT TO YOUR SPECIALIST OR MANAGER.**

This Request is made on behalf of: ☐ Head-Of-Household  ☒ Another __David Samuel__

__t0032944__  __Sydney Roberts__
Tcode                            Name

__1100 Howe Ave, Apt 126__      __Sacramento, CA 95825__
Address                          city/State/Zip

Phone(s) __512-917-8112__  Alt Phone_____

Type of Accommodation(s) Requested: (PLEASE PRINT LEGIBLY) __Extra bedroom for__
__management of disability symptoms for David and Artemis,__
__isolated space for medical appointments, and school.__

---

Physician/Health Care
Professional's Name:  __Michel Medina__

Name of Employer or Practice: __Kaiser Permanente__

Address: __2031 Howe Ave, Sacramento, CA 95825__

Phone: __1-916-973-5300__  Fax: _____  Date: __05/19/2022__

I hereby voluntarily authorize the Physician/Health Care Professional named above to disclose information from my record to the Housing Authority of Sacramento on the attached verification form for the purpose of verifying my disability status and need for an accommodation. The Housing Authority may use the information solely for such purpose.

**AUTHORIZATION EXPIRATION AND REVOCATION**
I understand that I may revoke this authorization in writing at any time. The written revocation will be effective upon receipt, except to the extent that the disclosing party or others have acted in reliance upon this authorization. If this authorization has not been revoked, it will terminate one year from the date of my signature, unless I have specified a different expiration date or expiration event.

**SPECIFYING A SHORTER TERM AUTHORIZATION**
This authorization should expire on: _____ or upon the following conditions





rev 03/10/2017

## TERMS OF AUTHORIZATION

I understand that the health care provider will not condition treatment or eligibility for care on my providing this authorization.

I understand that information disclosed by this authorization may be subject to redisclosure by the recipient and may no longer be protected by the Health Insurance Portability and Accountability Act Privacy Rule [45 CFR Part 164], and the Privacy Act of 1974 [5 USC 552a].

I understand that I have the right to receive a copy of this authorization.

Print Name___**Sydney Roberts**_____

Signature_____Date ___**05/19/2022**_____

| Housing Authority Use Only: | |
|---|---|
| Faxed to Medical Professional on: _____<br>(Date) | Faxed By: _____ |
| Tenant Code: _____ | Housing Specialist: _____<br>HS Code: _____ |
| ☐ HCV Resident   ☐ HCV applicant<br>☐ PH Resident    ☐ PH applicant | |



Equal Housing
Opportunity



rev 03/10/2017

2





rev 03/10/2017

E2

 **Gmail**

David Samuel <davidsa@possiblymaybe.com>

---

## SHRA Forms

---

**Ashley Valentine** <avalentine@sacselfhelp.org>                    Thu, May 19, 2022 at 11:14 AM
To: David Samuel <davidsa@possiblymaybe.com>

Hi David,

Please see the response below from SHRA:

"Hi Ashley and thank you for the documents pertaining to their newborn.  I have completed the annual and will reach out to them to schedule the voucher issuance appointment.

I will forward their Reasonable Accommodations request for processing.  That is handled by someone else.

Homeownership opportunities also is not something HCV offers.   The HCV Homeownership program is no longer available and has not been offered for several years.   HCV participants who which to purchase a home can reach out to Sacramento Housing and Redevelopment Agency's Homeownership Services Department to obtain information on First-Time Homebuyer programs.  The department can be reached at (916) 440-1393.  There are no bedroom size limitations with respect to purchasing a home."

If you have any questions, feel free to ask.

Thank You

[Quoted text hidden]



---

## SHRA Reasonable Accommodation Request

6 messages

---

**David Samuel** <davidsa@possiblymaybe.com>                                    Mon, Jul 11, 2022 at 10:57 AM
To: Ashley Valentine <avalentine@sacselfhelp.org>

Ashey,

I'm not sure if you are the person we are supposed to be contacting about this any longer, however we are still waiting on a response regarding the reasonable accommodation request.  Looking at the documents required, it's unclear what additional documents are needed.  We have not been able to reach anyone at SHRA, and still have a pending callback request from the case manager that's over a week old now.  Who can we contact to get this resolved?

David

---

**Ashley Valentine** <avalentine@sacselfhelp.org>                              Mon, Jul 11, 2022 at 11:01 AM
To: David Samuel <davidsa@possiblymaybe.com>


Good Morning David and Thank You for reaching out.


I will contact SHRA directly for a response.

[Quoted text hidden]

---

**David Samuel** <davidsa@possiblymaybe.com>                                    Mon, Jul 11, 2022 at 11:28 AM
To: Ashley Valentine <avalentine@sacselfhelp.org>

Ashley,

Thank you very much.

Who should we contact if we would like to submit feedback about services from SSHH?

David


[Quoted text hidden]

---

**Ashley Valentine** <avalentine@sacselfhelp.org>                              Mon, Jul 11, 2022 at 11:31 AM
To: David Samuel <davidsa@possiblymaybe.com>

Hi David and You're Welcome.

I received a response from SHRA, Tiffany Brown is working on the call back list. She will give you a call this week.

For feedback about SSHH or SHRA?

[Quoted text hidden]

---

**David Samuel** <davidsa@possiblymaybe.com>                    Mon, Jul 11, 2022 at 11:41 AM
To: Ashley Valentine <avalentine@sacselfhelp.org>

Ashley,

SSHH.

David
[Quoted text hidden]

---

**Ashley Valentine** <avalentine@sacselfhelp.org>              Mon, Jul 11, 2022 at 1:15 PM
To: David Samuel <davidsa@possiblymaybe.com>

Hi David and Thank You.

You may contact our front office at 916-341-0593.

[Quoted text hidden]

DocuSign Envelope ID: 16AU3EF1-7DF7-437D-AD3B-B467E6D9DEA6



E4

Mailbox CW 22
t0032944

July 8, 2022

Sydney Roberts
1100 Howe AVE 126
Sacramento, CA 95825

Dear Mr./Ms. Roberts,

Your request for an additional bedroom as a reasonable accommodation for the disabilities of David Samuel is hereby denied. Based on an evaluation of the information you and your health care professional submitted, we are unable to approve your request. Your request states that you require an additional bedroom due to disability, however, needs can be met without increasing the voucher size. We recommend alternative sleeping arrangements. There are two bedrooms currently on the voucher and one could be made available to your disabled family member.

The guidelines that are used to determine if a reasonable accommodation (RA) request meets the RA threshold are the Housing and Urban Development (HUD) regulations, the Housing Authority's administrative plan and the Housing Choice Voucher (HCV) guide book.

The regulations are found in the Code of Federal Regulations – specifically 24 CFR 982.402.

In 24CFR 982.402

- The PHA must establish subsidy standards that determine the number of bedrooms needed for families of different sizes and compositions
- The subsidy standards **must** provide for the **smallest number of bedrooms needed** to house a family without overcrowding
- The subsidy standards must be applied consistently for all families of like size and composition.

It also states that

- The family may lease an otherwise acceptable dwelling unit with fewer bedrooms than the family unit size
- The family may lease an otherwise acceptable dwelling unit with more bedrooms than the family unit size

Given these regulations the Housing Authority also has policies that guide us in addition to the HUD regulations.

Per our Administrative Plan – chapter 5

- The PHA <u>does NOT determine who shares a bedroom</u>/sleeping room, but there must be at least one person per bedroom on the voucher.





Sacramento Housing & Redevelopment Agency  630 I Street, Sacramento CA 95814
(916) 440-1390 | TTY 711 or 1 (800) 855-7100 | www.shra.org

DocuSign Envelope ID: 18A03EF1-7DF7-437D-AD3B-B467E6D9DEA6



CHANGING LIVES

> One bedroom will be allotted for the head of household and spouse or co-head and one bedroom will be assigned for each additional two persons.
*These standards relate to the number of bedrooms on the voucher, not the family's actual living arrangements.*

A third document we look at is the HCV Guidebook – which is information provided by HUD for the PHA's to use when administering the HCV program.  This document states that:

> a living room may be used as a sleeping (bedroom) space, but no more than two persons may occupy the space.

We are willing to review any additional information you may wish to submit in support of your request. Additional documentation may be faxed to (916) 264-1533.  Any information your health care provider wishes to submit, must be sent directly to our office from their office, additional information may be faxed directly to (916) 264-1533.

If you disagree with this determination, you have the right to speak with a Committee Coordinator to discuss the possibility of modifying your request, the health care provider's recommendations and/or to request a hearing, provided we receive your request within fifteen days of your receipt of this letter. You may call (916) 449-6346 to reach the Committee Coordinator by phone.

Sincerely,

*MaryLiz Paulson*

MaryLiz Paulson, Director, Housing Choice Voucher Program
Sacramento Housing and Redevelopment Agency


Equal Housing Opportunity



**E5**



## NOTICE OF INCOMPLETE INTERIM

May 12, 2022

\*\*OPS\*\*
Sydney Roberts
1100 Howe Ave. #126
Sacramento, CA 95825

RE: Sydney Roberts                    Tenant code: t0032944

Dear Sydney Roberts:

The Housing Authority received your reported income and/or family composition change(s). In order to process your reported change(s), the Housing Authority needs additional documents from you. To avoid delaying the processing of your requested change and the possible termination of your program eligibility, please submit the requested documents as listed below by May 19, 2022 along with this letter:

DOCUMENTS STILL REQUIRED:

☐ Current un-employment verification

☐ Current Certification of No-Income form

☐ Last three current and consecutive pay stubs

☐ Separation letter from employer

☐ Current payment ledger from the Department of Child Support Services

☒ Other - 1. copy of the Government Issued birth certificate for Demeter;

2. copy of Demeter's social security card;

3. Declaration of Section 214 form completed for Demeter.

PLEASE NOTE: If you fail to provide the above documentation by the date specified above, your reported change(s) will be voided, the interim will be closed without processing, and your program participation may be terminated.

Sincerely.

Lisa Macias
Housing Caseworker
(916) 440-1390



Sacramento Housing & Redevelopment Agency  530 I Street



rev e 17 10 6/2001

DocuSign Envelope ID: 0A7E1CEB-BA21-4A63-9CB2-ACE4CDF2A698

**E6**



Mailbox CW 22
t0032944

November 16, 2022

Sydney Roberts
1100 Howe AVE 126
Sacramento, CA 95825

Dear Mr./Ms. Roberts,

Your request for an additional bedroom as a reasonable accommodation for the disabilities of David and Artemis Samuel is hereby denied. Based on an evaluation of the information you and your health care professional submitted, we are unable to approve your request. Your request states that you require an additional bedroom due to disability, however, needs can be met without increasing the voucher size. We recommend alternative sleeping arrangements. There are two bedrooms currently on the voucher and they could be made available to your disabled family members.

The guidelines that are used to determine if a reasonable accommodation (RA) request meets the RA threshold are the Housing and Urban Development (HUD) regulations, the Housing Authority's administrative plan and the Housing Choice Voucher (HCV) guide book.

The regulations are found in the Code of Federal Regulations – specifically 24 CFR 982.402.

In 24CFR 982.402

> - The PHA must establish subsidy standards that determine the number of bedrooms needed for families of different sizes and compositions
> - The subsidy standards **must** provide for the **smallest number of bedrooms needed** to house a family without overcrowding
> - The subsidy standards must be applied consistently for all families of like size and composition.

It also states that

> - The family may lease an otherwise acceptable dwelling unit with fewer bedrooms than the family unit size
> - The family may lease an otherwise acceptable dwelling unit with more bedrooms than the family unit size

Given these regulations the Housing Authority also has policies that guide us in addition to the HUD regulations.

Per our Administrative Plan – chapter 5

> - The PHA <u>does NOT determine who shares a bedroom</u>/sleeping room, but there must be at least one person per bedroom on the voucher.



Equal Housing
Opportunity

Sacramento Housing & Redevelopment Agency  630 I Street, Sacramento CA 95814
(916) 440-1390 | TTY 711 or 1 (800) 855-7100 | www.shra.org



DocuSign Envelope ID: 0A7E1CEB-BA21-4A63-9CB2-ACE4CDF2A696



➢ One bedroom will be allotted for the head of household and spouse or co-head and one bedroom will be assigned for each additional two persons.
*These standards relate to the number of bedrooms on the voucher, not the family's actual living arrangements.*

A third document we look at is the HCV Guidebook — which is information provided by HUD for the PHA's to use when administering the HCV program. This document states that:

➢ a living room may be used as a sleeping (bedroom) space, but no more than two persons may occupy the space.

We are willing to review any additional information you may wish to submit in support of your request. Additional documentation may be faxed to (916) 264-1533. Any information your health care provider wishes to submit, must be sent directly to our office from their office, additional information may be faxed directly to (916) 264-1533.

If you disagree with this determination, you have the right to speak with a Committee Coordinator to discuss the possibility of modifying your request, the health care provider's recommendations and/or to request a hearing, provided we receive your request within fifteen days of your receipt of this letter. You may call (916) 449-6346 to reach the Committee Coordinator by phone.

Sincerely,

DocuSigned by:

*MaryLiz Paulson*

MaryLiz Paulson, Director, Housing Choice Voucher Program
Sacramento Housing and Redevelopment Agency





E7

Judge Lew,

Thank you for your time and input today during the informal hearing regarding my families appeal of our Housing Choice Voucher (HCV) reasonable accommodation (RA) denial.  As requested, I've prepared a summary of the arguments made during the hearing.

We have several disagreements with the reasoning for the denial of the reasonable accommodation.

The first (and we believe most pertinent issue) is whether the denial itself represents an act of disability discrimination under the Fair Housing Act and Rehabilitation Act of 1973 (504).  42 U.S.C. § 3604(f)(3)(B) provides:

> (3) For purposes of this subsection, discrimination includes—
> (B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling;

We believe that SHRA is obligated to comply via section 504 of the Rehabilitation Act of 1973 (504), specifically via 29 U.S.C. § 794, and supported through 24 CFR § 8.1(b) which provides:

> The policies and standards for compliance established by this part are established in contemplation of, and with a view to enforcement through, the Department's administration of programs or activities receiving Federal financial assistance and the administrative procedures described in subpart D (including, without limitation, judicial enforcement under § 8.57(a)).

Further, SHRAs plan document, Chapter 24 titled REASONABLE ACCOMMODATION POLICY AND PROCEDURES states that they are required to be compliant with both the law itself and HUD's technical directives.

There are currently three conditions under which an HCV reasonable accommodation request may be denied: 1) The request was not made on or behalf of the recipient family, 2) No nexus between the disability and accommodation can be determined, or 3) The accommodation would provide an undue financial or administrative burden on behalf of the housing provider.

As provided in exhibit A, a reasonable accommodation request was made by the family.  SHRA stipulated that a nexus between the accommodation and disability does exist.  Finally, SHRA provided no argument asserting an unreasonable financial or administrative burden for approving the request. There is no other facility through which SHRA would be able to assert the right to deny a reasonable accommodation request outside of these conditions, including whether SHRA believes other options are available.

HUD clarifies and supports this position on their Reasonable Accommodations and Modifications frequently asked questions listed on their website.  Specifically, it provides that adding restrictions to a reasonable accommodation request is not consistent with the law:

> These laws also prohibit housing providers from refusing residency to persons with disabilities, or placing conditions on their residency, because they require reasonable accommodations or modifications.

This suggests it is inconsistent with the law to deny a reasonable accommodation on grounds that other accommodations may be available if they meet our above tests. The same document reinforces this position again under paragraph 2 of the "Reasonable Accommodations" section header:

> Housing providers may not require persons with disabilities to pay extra fees or deposits or place any other special conditions or requirements as a condition of receiving a reasonable accommodation.

Having provided that the request was made by the recipient family, the nexus exists for the accommodation, and without argument that the reasonable accommodation would be an administrative or financial burden on SHRA, denying the RA represents an act of housing discrimination as provided by the Fair Housing Act and Rehabilitation Act (504).

We further assert that there are several defects in the denial reasoning provided by SHRA. Exhibit D(?) provided by Tanya Cruz outlines the reasons for the denial. The first reason references 24 CFR 982.402 in asserting that:

> "The subsidy standards **must** provide for the **smallest number of bedrooms** needed to house a family without overcrowding". (emphasis in exhibit)

> "The subsidy standards must be applied consistently for all families of like size and composition."

This requirement is inconsistent with the full language of 982.402(8) which explicitly allows the SHRA to grant housing exemptions for a number of reasons:

> (8) In determining family unit size for a particular family, the PHA may grant an exception to its established subsidy standards if the PHA determines that the exception is justified by the age, sex, health, handicap, or relationship of family members or other personal circumstances.

The assertion that the law does not provide grounds for exceptions is not consistent with the legislation which allows exceptions for many reasons, including "handicap" or "personal circumstances".

In fact, 24 CFR §§ 8.20, 8.21, 8.24 and 8.33 provides exactly the opposite of SHRA's position, asserting it is an act of housing discrimination to not make changes to policy and procedures under a reasonable accommodation request.

This is supported by HUD Notice PIH 2010-26 (HA), which provides in section B paragraph 7:

> PHAs and other recipients of Federal financial assistance are required to make reasonable adjustments to their rules, policies, practices and procedures in order to enable an applicant or resident with a disability to have an equal opportunity to use and enjoy the housing unit, the common areas of a dwelling or participate in or access programs and activities conducted or sponsored by the PHA and/or recipient. When a family member requires a policy modification to accommodate a disability, PHAs must make the policy modification unless doing so would result in a fundamental alteration in the nature of its program or an undue hardship on the PHA's programs.

In the same document, section G paragraph 7 provides the specific example of an additional room:

> In public housing, a family with a disability may need a unit that is larger than the PHA's permitted occupancy standards. It is unlawful to fail to provide a reasonable accommodation which denies such a family the opportunity to apply for and obtain a larger unit if the disability of the family member requires this type of accommodation.

Together, these provide that refusing to make an adjustment to voucher size in a reasonable accommodation request constitutes an act of disability discrimination on behalf of SHRA.

The denial letter from SHRA continues by citing Chapter 5 of it's administrative plan. This was in error and instead SHRA should have referenced Chapter 24 of the plan titled REASONABLE ACCOMMODATION POLICY AND PROCEDURES as it's guide. Even if we were to take the incorrect citation at face value, the provided reasoning still contains inconsistency with current law.

SHRA further argues that they believe the living area can be used as a bedroom to facilitate this reasonable accommodation request, an argument which is also not consistent with current law. 504 provides that the accommodation must allow full use and enjoyment of the dwelling, including public and common spaces (such as the living room). It further provides that this is not a discretionary policy, and denial represents an act of disability discrimination by SHRA.

This view is supported by HUD's Fair Housing and Equal Opportunities FAQ under the Reasonable Accommodations header.

> Reasonable accommodations may include, for example, those which may be necessary in order for the person with a disability to use and enjoy a dwelling, **including public and common use spaces**. Since persons with disabilities may have unique needs due to their disabilities, in some cases, simply treating persons with disabilities exactly the same as others may not ensure that they have an equal opportunity to use and enjoy a dwelling.

> Such a housing provider is obligated to provide an accommodation if s/he is on notice of the request, the provider already has reason to believe the accommodation is necessary, or if the need for the accommodation is obvious. A person with a disability will be considered to have asked for an accommodation if s/he indicates that a change or exception to a policy, practice, or procedure or a modification would assist him or her in making more effective use of his or her housing, even if the words reasonable accommodation are not used as part of the request.

> Housing providers may suggest an alternative accommodation, however, the applicant or tenant may reject it if s/he feels it does not meet his or her needs. **The housing provider must grant the requested reasonable accommodation unless it constitutes an undue financial and administrative burden or fundamental alteration of the program**.

In summary, SHRA committed an act of housing discrimination by denying the reasonable accommodation after having found a nexus existed. Further, the reasoning provided by SHRA for the denial was not only inconsistent with their own policy, but inconsistent with HUD guidance on the issue. In relief we ask that you reverse the reasonable accommodation denial and compel SHRA to provide the requested reasonable accommodation consistent with existing laws.

Thank you

E8

David Samuel
Sydney Roberts
1100 Howe Ave, Apt 126
Sacramento, CA 95825
shra@possiblymaybe.com

SHRA
630 I Street
Sacramento, CA 95814
ra@shra.org
Attn: HCV Reasonable Accommodations

Re: t0032944

SHRA,

Our situation has been updated and we need to make additional reasonable accommodation requests.

First, we require a voucher able to accommodate an extra room to support Artemis educational and rehabilitation goals, as initially requested. As an accommodation both Artemis and David require separate spaces, which will need to be sound isolated and setup as distraction free spaces. These spaces are not able to be shared, as each space will be configured to accommodate different needs between David and Artemis.

The additional spaces for both David and Artemis require sound proofing and control of external light sources, preferably with black out shades for windows if necessary.

We again request that all communication be conducted via email as a reasonable accommodation. Our email adress is shra@possiblymaybe.com. Please feel free to email us if you have any questions or concerns.

We are requesting a list of available housing from SHRA maintained for individuals with disabilities which meets our housing needs as a reasonable accommodation. We also request any assistance available from SHRA in finding housing which meets our housing needs.

Finally, as a reasonable accommodation for the difficulty of finding appropriate housing to fit our disability related needs, we are requesting an extension of the voucher deadline. We request that our extension timeline include an adequate period to perform a housing search after SHRA has provided a list of available housing.

Thank you for your time.


David, Sydney, Artemis, and Demeter

via email and registered mail

E9

September 16th, 2022

David Samuel
Sydney Roberts
1100 Howe Ave, Apt 126
Sacramento, CA 95825
email: shra@possiblymaybe.com


SHRA
801 12th Street
Sacramento, CA 95814
email: ra@shra.org
C/O Tanya Cruz

Tanya,

This letter is regarding our phone call on Thursday, September 15th, 2022.  In that phone call you informed us that the informal hearing held on Monday, September 12th, 2022 regarding the denial of our reasonable accommodation request could not be decided by hearing officer John Lew.  No reason was provided for this change, and no alternative arrangement was offered at the time.

We did not agree to this change.  We have not received any explanation or verification that these are indeed the wishes of the hearing officer.  The last instruction we received at the conclusion of the hearing was to submit a written brief or summary of the arguments made during the hearing to you, and you would be forwarding the arguments to the hearing officer.

We submitted that summary via email to ra@shra.org and via USPS on Tuesday, September 13th, 2022.  Please find attached to this a copy of that summary.  Per the last instructions from hearing officer Lew our understanding that a decision will be made regarding the hearing no later than Wednesday, September 28th, 2022.

We have requested that communication from SHRA be conducted via email as our preferred method of communication as a disability accommodation.  SHRA emailed the notice for the hearing to us at our email address from ra@shra.org but has since failed to further communicate through this address.  HUD's (https://www.hud.gov/program_offices/fair_housing_equal_opp/effective_communication) Effective Communication polices indicate it is the obligation of all PHAs to provide effective communication in the form most compatible with a families disability requirements, and affirms that it is our right to request such accommodation.   From the website, under the header "Fair Housing Act" it states:

> Note about the Fair Housing Act: The Fair Housing Act makes it illegal for housing providers to refuse to make reasonable accommodations, including taking steps that may be necessary to ensure effective communications with individuals with disabilities. For additional information, visit Reasonable Accommodations and Modifications.

We once again request that all communication from SHRA, regardless of information type, be transmitted through email.  Our contact email address is shra@possiblymaybe.com.

Finally, we would like to express our disappointment at SHRA's lack of timeliness and poor communication in this matter.  As of the time of this letter more than three months has elapsed since our appeal was submitted, and SHRA still has not provided a path to an outcome consistent with it's own policies and HUD guidelines.  These unreasonable delays are causing both financial and emotional distress to our family.  We do not and have not agreed to any delay in the disposition of the hearing.

Very truly yours,

David, Artemis, Demeter, and Sydney.

Incl – Summary of Arguments requested by John Lew for Monday, September 12th, 2022 hearing.

By email and registered mail.

E10

 **Gmail**

David Samuel <davidsa@possiblymaybe.com>

---

## Reasonable Accommodation Hearing Meeting Link from SHRA

2 messages

---

**Reasonable Accommodations** <ra@shra.org>                                    Wed, Aug 31, 2022 at 3:50 PM
To: "shra@possiblymaybe.com" <shra@possiblymaybe.com>

Hello Sydney Roberts,

Please find your meeting link for the Reasonable Accommodation hearing that is set for Monday, September 12th, at 11:00AM below.

Topic: RA Hearing Sydney Roberts T0032944

Time: Sep 12, 2022 11:00 AM Pacific Time (US and Canada)

Join Zoom Meeting

https://shra-org.zoom.us/j/89006839844?pwd=SWlDYzBwTzJsUGs2OWh1TXBBVkJhZz09

Meeting ID: 890 0683 9844

Passcode: 941165

One tap mobile

+16694449171,,89006839844#,,,,*941165# US

+16699009128,,89006839844#,,,,*941165# US (San Jose)

Dial by your location

    +1 669 444 9171 US

    +1 669 900 9128 US (San Jose)

Thank you,

Tameka Jackson

SHRA

630 I Street

Sacramento, CA 95814

(916) 440-1390

www.shra.org



---

**David Samuel** <davidsa@possiblymaybe.com>                    Thu, Sep 1, 2022 at 9:26 AM
To: Reasonable Accommodations <ra@shra.org>

Tameka,

Congratulations on the new role?!

Can you forward me the procedures document for the hearing so I can get a sense of what the hearing will cover?

David
[Quoted text hidden]

 **Gmail**

## Reasonable Accommodation Request

9 messages

---

**David Samuel** <davidsa@possiblymaybe.com>                    Thu, May 26, 2022 at 7:59 AM
To: Ashley Valentine <avalentine@sacselfhelp.org>

Ashley,

My doctor is asking exactly what the reasonable accommodation needs to ask for and he will try to have it available within the next few days, I'm imagining it's more specific than "David would medically benefit from having an extra room?"

David

---

**Ashley Valentine** <avalentine@sacselfhelp.org>                Thu, May 26, 2022 at 11:23 AM
To: David Samuel <davidsa@possiblymaybe.com>

Hi David and yes.


"David would medically benefit from having an extra room. This will greatly assist him to focus, concentrate, and diligently complete his tasks as a parent."


Something like that.


Are you still a student?

[Quoted text hidden]

---

**David Samuel** <davidsa@possiblymaybe.com>                    Sun, May 29, 2022 at 1:47 PM
To: Ashley Valentine <avalentine@sacselfhelp.org>

Ashley,

The doctor said it was going to take two business days, so I should have the reasonable accommodations letter with that language by Wednesday. I didn't take classes the last two semesters so I need to register again.  Not sure what my current status is, but it will be student again this upcoming semester.

David
[Quoted text hidden]

---

**David Samuel** <davidsa@possiblymaybe.com>                    Sun, May 29, 2022 at 2:08 PM
To: Ashley Valentine <avalentine@sacselfhelp.org>

Ashley,

I forgot to mention, I dropped off a copy of Demeter's birth certificate, social security card, and declaration in the SHRA drop box on Thursday.  I haven't heard anything back from Lisa Macias and her voicemail box is full.

[Quoted text hidden]

---

**Ashley Valentine** <avalentine@sacselfhelp.org>                    Tue, May 31, 2022 at 9:48 AM
To: David Samuel <davidsa@possiblymaybe.com>


Good Morning David and Thank You for this information.


I also sent the documents through the SHRA Portal.

[Quoted text hidden]

---

**David Samuel** <davidsa@possiblymaybe.com>                    Tue, May 31, 2022 at 2:09 PM
To: Ashley Valentine <avalentine@sacselfhelp.org>

Ashley,

Doctor has a physical letter ready, what's the best way to deal with that?  Picture like before?

David
[Quoted text hidden]

---

**Ashley Valentine** <avalentine@sacselfhelp.org>                    Tue, May 31, 2022 at 2:13 PM
To: David Samuel <davidsa@possiblymaybe.com>


Hi David,


Scanned as a PDF would be best but a clear picture will work as well.

[Quoted text hidden]

---

**David Samuel** <davidsa@possiblymaybe.com>                    Tue, May 31, 2022 at 4:10 PM
To: Ashley Valentine <avalentine@sacselfhelp.org>


[Quoted text hidden]

> **com.google.android.apps.photos.Image.pdf**
> 2542K

---

**Ashley Valentine** <avalentine@sacselfhelp.org>                    Tue, May 31, 2022 at 4:59 PM
To: David Samuel <davidsa@possiblymaybe.com>


Good Afternoon David and Thank You.


I sent the form to SHRA.

[Quoted text hidden]

 Gmail

David Samuel <davidsa@possiblymaybe.com>

## Reasonable Accommodation / Informal Hearing Request
3 messages

**Reasonable Accommodations** <ra@shra.org>                                Fri, Dec 9, 2022 at 3:33 PM
To: "home@possiblymaybe.com" <home@possiblymaybe.com>

Hello Ms. Roberts,

I apologize for the delay in getting back to you , I was out unexpectedly.  It is my understanding that your preference is to communicate via email.  You are welcome to contact me by phone (number is below).  We received your request for an Informal Hearing and your hearing will be scheduled.  With the holidays, it is most likely to be scheduled for a date in January.  If you would like to request a different accommodation, I am happy to assist you with that.  Please, let me know.  Thank you.

Best,

Ibra Henley

Housing Choice Voucher (HCV)

Sacramento Housing and Redevelopment Agency

916.449.6346

ra@shra.org

www.shra.org



This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by other than the sender or the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

**Reasonable Accommodations** <ra@shra.org>                                Fri, Dec 9, 2022 at 3:53 PM
To: "shra@possiblymaybe.com" <shra@possiblymaybe.com>

**From:** Reasonable Accommodations

**Sent:** Friday, December 9, 2022 3:33 PM
**To:** home@possiblymaybe.com
**Subject:** Reasonable Accommodation / Informal Hearing Request

Hello Ms. Roberts,

I apologize for the delay in getting back to you , I was out unexpectedly.  It is my understanding that your preference is to communicate via email.  You are welcome to contact me by phone (number is below).  We received your request for an Informal Hearing and your hearing will be scheduled.  With the holidays, it is most likely to be scheduled for a date in January.  If you would like to request a different accommodation, I am happy to assist you with that.  Please, let me know.  Thank you.

Best,

Ibra Henley

Housing Choice Voucher (HCV)

Sacramento Housing and Redevelopment Agency

916.449.6346

ra@shra.org

www.shra.org



This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by other than the sender or the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

---

**David Samuel** <davidsa@possiblymaybe.com>                    Mon, Dec 12, 2022 at 9:52 AM
To: Reasonable Accommodations <ra@shra.org>

Ibra Henley,

Which reasonable accommodation denial would this hearing cover?  There have been several, including the September, 2022 hearing a decision was not delivered for.

In our most recent reasonable accommodation request sent via certified letter (assuming this is what you are referring to), we requested extra bedrooms to be added as a reasonable accommodation, an increase to payment standards on the voucher due to the difficulty of finding appropriate housing which suits our disability needs, that all communication

with SHRA occur via a text format (preferrably email, but TTY or some other real time text service is appropriate).

As the adverse action SHRA has taken against us does not get time off for the holidays, this response should not be interpreted as waiving the timeliness requirement for the informal hearing.

Thank you

On Fri, Dec 9, 2022 at 11:33 PM Reasonable Accommodations <ra@shra.org> wrote:

Hello Ms. Roberts,

I apologize for the delay in getting back to you , I was out unexpectedly.  It is my understanding that your preference is to communicate via email.  You are welcome to contact me by phone (number is below).  We received your request for an Informal Hearing and your hearing will be scheduled.  With the holidays, it is most likely to be scheduled for a date in January.  If you would like to request a different accommodation, I am happy to assist you with that.  Please, let me know.  Thank you.

Best,

Ibra Henley

Housing Choice Voucher (HCV)

Sacramento Housing and Redevelopment Agency

916.449.6346

ra@shra.org

www.shra.org



This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by other than the sender or the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.



CHANGING LIVES

t0032944
CW22

# E13

8/26/2022

Sydney Roberts
1100 Howe Ave #126
Sacramento, CA 95825

SUBJECT: NOTICE OF HEARING

Dear Mr/Mrs **Sydney Roberts:**

We received your request for a hearing regarding the matter below:

_____ Termination of your Section 8 eligibility.

_____ Change in your family's rent portion.

_____ Change in the unit size of your Certificate or Voucher.

X        Denial of Your Reasonable Accommodation

This is to notify you that you have been scheduled to meet with a Hearing Officer on **9/12/2022 at 11:00AM.** The hearing will be held via ZOOM. Please, follow the link here;
Topic: RA Hearing Sydney Roberts T0032944
Time: Sep 12, 2022 11:00 AM Pacific Time (US and Canada)

Join Zoom Meeting
https://shra-org.zoom.us/j/89006839844?pwd=SWlDYzBwTzJsUGs2OWh1TXBBVkJhZz09

Meeting ID: 890 0683 9844
Passcode: 941165
One tap mobile
+16694449171,,89006839844#,,,,*941165# US
+16699009128,,89006839844#,,,,*941165# US (San Jose)

Dial by your location
    +1 669 444 9171 US
    +1 669 900 9128 US (San Jose)

**Please call 916-449-6346 to confirm that you will attend this hearing at the stated time and date no later than 9/2/2022.** If you are unable to connect via Zoom video we can arrange to provide you with on-site assistance at our office at 630 I Street, Sacramento, CA 95814. You also have the option of calling into the Zoom meeting. We have your email address as shra@possiblymaybe.com and this is where we will send the link to the meeting. If this is no longer a good email address, please contact us to update it right away.

The Housing Authority made a decision on your case based on the information provided at the

time. If you submit new information for the Reasonable Accommodation (RA) Committee to consider or if your situation has changed, please, provide this written documentation to your caseworker 5 days prior to the hearing as it may affect the decision. Note: the RA Committee may have to review and consider new information, prior to the hearing.

The Hearing Officer's function is to review the Housing Authority's decision to ensure that it is consistent with regulation and policy.

**If you should require the agency to provide a translator please call (916) 449-6346 no later than 5 days before the hearing, so that arrangements may be made. Please feel free to leave a message including the client name and the language needed.**

If you are unable to attend this hearing at the scheduled date and time, please call the person certifying this notice at (916) 449-6346. If you arrive more than 15 minutes late or are unable to attend, please be prepared to show good cause why the hearing should be rescheduled. Good Cause is described below in Section 2b.


HEARING PROCESS


The following guidelines will be used to govern the informal hearing process for the Housing Choice Voucher (HCV) Programs administered by the Sacramento Housing and Redevelopment Agency (SHRA).

1.  Upon receipt of the hearing request, the proposed adverse action will be suspended pending the outcome of the hearing.

2.  The participant will be notified of the hearing in writing within 60 days of the receipt of the hearing request. The notice shall specify:

    a.  The date, time and place of the hearing.

    b.  A contact person and phone number to be used to reschedule and continue hearings. Hearings will be continued only upon determination of "good cause," defined as an unavoidable conflict in a meeting time with another agency, doctor or company which seriously affects the health, safety or welfare of the participant or his/her immediate family. Only one continuance will be allowed.

    c.  The procedures governing the informal hearing.

3.  The procedures governing the informal hearing will be as follows:

    a.  The participant has the right to examine the contents of his/her file.

    b.  The informal hearing shall only concern issues for which the participant has received a Notice of Adverse Action.

    c.  No additional evidence may be presented at hearing. All evidence would have been subject to review by the Reasonable Accommodation Committee, therefore

if the participant wishes to submit additional evidence he or she should contact the Housing Authority and request to cancel the hearing, then submit the additional evidence to the committee.

d. The participant may be represented by an attorney or a designated representative at his or her own expense. However, it will be required that SHRA will be given a minimum of ten (10) days advance notice of this intent. SHRA reserves the right to have its own attorney present at such a proceeding.

e. Consistent with 24 CFR 966.55, hearing procedures will be conducted by any person or persons designated by SHRA other than the person who made or approved the decision under review or subordinate of such a person.

f. Should the participant not appear at his/her scheduled hearing, he/she will be afforded three days to contact SHRA. SHRA will reschedule the hearing with the understanding that the claimant will provide written documentation verifying "good cause" for his/her absence. The hearing will be rescheduled only one time. **If you need to reschedule your hearing, please contact the undersigned hearing coordinator at (916) 449-6346.**

4. Participants will be notified of the results of the hearing as follows:

a. A written Notice of Decision will be sent to the participant within fifteen (15) calendar days of the decision.

b. The Notice of Decision shall contain the following:

(1) A summary of the evidence for the decision;

(2) If the decision is based upon money owed, the amount owed shall be stated;

(3) The date the decision goes into effect; and

(4) The amount of time the participant has to pursue a formal hearing by filing this cause of action in a court of law.

I certify that this notice was sent by first-class mail to the addressee above on                .

Signed _____
        Ibra Henley, Hearing Coordinator

 **Gmail**

David Samuel <davidsa@possiblymaybe.com>

---

## Reasonable Accommodation

2 messages

---

**Reasonable Accommodations** <ra@shra.org>    Wed, Feb 1, 2023 at 9:30 AM
To: "home@possiblymaybe.com" <home@possiblymaybe.com>, "shra@possiblymaybe.com" <shra@possiblymaybe.com>

Hello,

As I mentioned in my previous email, we have received your request for an Informal Hearing and your hearing will be scheduled. Unfortunately, we are experiencing a delay as we are currently without a hearing officer.  However, we seem to be close to contracting with a new hearing officer very soon.  You will be notified of the date/time of the hearing as soon as it is scheduled. We apologize for the inconvenience.

If you would like to request a different accommodation, I am happy to assist you with that.  Please, let me know.  You can contact me by phone or email.  Phone number is below. Thank you.

Best,

Ibra Henley

Housing Choice Voucher (HCV)

Sacramento Housing and Redevelopment Agency

916.449.6346

www.shra.org



This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by other than the sender or the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

---

**David Samuel** <davidsa@possiblymaybe.com>    Wed, Feb 1, 2023 at 1:01 PM
To: Reasonable Accommodations <ra@shra.org>

Hello,

Are we scheduling for one, or both reasonable accommodation denials?

We need to clearly state that this delay is not agreed to by us, and is a violation of both HUD policy and regulations, as well as FHA and ADA statutory requirements.

In our September reasonable accommodation request we requested in addition to the change in voucher size, we requested a payment standards adjustment, payment adjustment, and communication requirements among other things which were not addressed in the second denial letter.  Those requests are still open despite SHRA inactivity.

Can you also provide an email or TTY contact number for your legal team, as we need to check on service of process for the ongoing civil complaint.

David.
[Quoted text hidden]