David Samuel, Pro Se
Sydney Roberts, Pro Se
1100 Howe Ave, Apt 126
Sacramento, CA, 95825
512-522-8571
edfed@possiblymaybe.com



**FILED**

**April 29, 2023**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS<br><br>DAVID TYRONE SAMUEL,<br><br>AIMS (A MINOR),<br><br>DAYS (A MINOR)<br><br>　　　　Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND<br><br>REDEVELOPMENT AGENCY ET AL.,<br><br>　　　　Defendants | Case No: 2:22-cv-01699 DJC AC<br><br>Emergency Motion for Preliminary Injunction;<br><br>Table of Points and Authorities; |

**EMERGENCY MOTION FOR PRELIMINARY INJUNCTION**

1)      Plaintiffs request preliminary injunction preventing Defendants from continuing actions which continue to inflict immediate and irreparable harm.

2)      Without this injunction, Plaintiffs will continue to experience housing instability/homelessness and irreparable medical harm, particularly for disabled Plaintiffs.

3)      As relief, Plaintiffs request relief against Defendants continuing adverse actions, declarative relief to ensure access to program services, and to stop Defendants from continuing to refuse providing services.

EMERGENCY MOTION FOR PRELIMINARY INJUNCTION - 1

**PARTIES**

4)      Defendants Sacramento Housing and Redevelopment Agency and it's employees ("SHRA") are responsible for administering the Department of Housing and Urban Development's ("HUD") Housing Choice Voucher ("HCV") program for the City and County of Sacramento.  SHRA Employees La Shelle Dozier ("DOZIER") Executive Director, MaryLiz Paulson ("PAULSON") Director of HCV Program and 504 Coordinator, TROY LYNCH ("LYNCH") program manager, Tanya Cruz ("CRUZ") Program Manager, Lisa Macias ("MACIAS") and Ibra Henley ("HENLEY") (unknown title), are the individuals which carry out the day to day administration.

5)      Plaintiffs are a family and participants in the HCV program in good standing, and are currently involved in a dispute with Defendants regarding disability related reasonable accommodation, due process, access to services, and retaliation, as well as disability and housing discrimination by the Defendants.

6)      Plaintiffs entered the HCV program on September 14, 2018 (E23), as part of the services offered through Sacramento County's Flexible Supportive Rehousing Program ("FSRP") (E24).

7)      Plaintiffs David Tyrone Samuel ("DAVID") and AIMS are qualified disabled individuals, and required reasonable accommodation to fully participate in the HCV program, and Sydney Brooke Roberts ("MADDY") and DAYS require housing adjustments due to DAVID and AIMS disabilities.  SHRA is aware of at least DAVID's qualified status and reflects such on their internal documents (E19).

8)      SHRA, as administrator of the HCV program in the City and County of Sacramento, is required to make Housing Assistance Payments ("HAP") as a rent subsidy on behalf of the Plaintiffs.  For reasons unknown to the Plaintiffs, as no notification was ever received, SHRA has not made HAP payments on behalf of the Plaintiffs to their current housing provider at 1100 Howe Ave, Apt 126, Sacramento, CA 95825, where they have resided since on or about June 09,

EMERGENCY MOTION FOR PRELIMINARY INJUNCTION - 2

2020 (E22).  SHRA is aware that Plaintiffs have resided at this address since 2020, and mail most documents there (E4, E5, E6).

9)    Plaintiffs discovered SHRA was not making HAP payments to their current housing provider in April 2022, when FSRP contractor Sacramento Self Help Housing ("SSHH") notified them that SSHH's funding had been terminated and Plaintiffs lease was being terminated and would not be renewed.  Plaintiffs contacted SHRA to notify them of this fact, and that a new family member (DAYS) had been born.  Plaintiffs renewed their HCV status online at this time.

10)    Plaintiffs requested assistance finding new housing from SHRA, informed them that their lease would expire at the end of May 2022, and requested as a reasonable accommodation a reconsideration of payment standards (addition of an extra bedroom to voucher size) for DAVID and AIMS disability related needs (E1).

11)    SHRA immediately rejected the request and threatened to cancel the voucher altogether due to "incomplete documentation" being available for DAYS, specifically a government issued birth certificate and social security card (E5) in a letter dated May 11, 2022 and signed by MACIAS.  DAYS was born less than 30 days prior to the date on the notice of incomplete interim.

12)    Plaintiffs were advised by their SSHH case worker that they might get better results if they submitted a formal reasonable accommodation request, along with necessary documentation to support it, and again remind Defendants that loss of housing was imminent (E1, E2).  Plaintiffs did so on May 19, 2022.

13)    SHRA again refused to grant the reasonable accommodation request (E4), and rather than assisting Plaintiffs in finding new housing, delayed communication with Plaintiffs until July 2022 regarding the reasonable accommodation request, more than a month after the expected end of lease (E3, E4).  SHRA revoked Plaintiffs voucher on the anticipation of this forced housing change and issued a new voucher (E25, E26) with a time limit to find new housing, despite no program violation having occurred, the reasonable accommodation request still pending, and no

EMERGENCY MOTION FOR PRELIMINARY INJUNCTION - 3

change of address having been reported.  This was an attempt by the Defendants to coerce Plaintiffs to lease into a two bedroom unit, making the request for reasonable accommodation moot.

14)    Plaintiffs attempted to find suitable housing with the assistance of case workers assigned to them from the County of Sacramento's Permanent Supportive Housing ("PSH") program, but were unable to locate appropriate housing for our needs.  On August 31st, 2022 SSHH sent a second sixty day notice that our lease would be terminated on October 31st, 2022, and on September 23, 2022 Plaintiffs again requested a reasonable accommodation so they could find appropriate housing (E28).

15)    On September 30, 2022 Plaintiffs submitted to SHRA evidence that with their requested reasonable accommodation, a suitable housing unit was available within their existing community (E29).

16)    SHRA again failed to respond, only issuing an extension for the voucher, until November 16, 2022 when the family received a letter denying the second reasonable accommodation request (E6).

17)    On October 28, 2022 Plaintiffs received an unlawful detainer notice, case number 22UD04116 (E30).  SHRA was again made aware of the detainer, the need for accommodation, and again tried to wait until the Plaintiffs faced forced eviction to even respond with an accommodation denial (E6).

18)    The County of Sacramento attempted to negotiate with our current housing provider forestall eviction and give Plaintiffs more time to find suitable housing.  During this time Plaintiffs were assisted by case workers and housing locators through the new FSRP services vendors Consumer Self Help Housing ("CSH").

19)    After months of efforts, Plaintiffs received a second unlawful detainer on February 3, 2023 (E31).

EMERGENCY MOTION FOR PRELIMINARY INJUNCTION - 4

20)     Concurrent to the period between October and March 2023, Plaintiffs requested and were denied informal hearing or any due process regarding the prior accommodation requests (E14). SHRA communicated that among other things they did not even have a hearing officer and we would have to wait until they got around to getting one.  Plaintiffs only option for relief was to file a complaint before this court.

21)     On March 20, 2023 Defendants approved a change to housing assistance which would allow Plaintiffs to find appropriate housing (E17).  HENLEY implied the change was in exchange for Plaintiffs forgoing their due process requests (E18), which Plaintiffs declined to do.

22)     On March 23, 2023 LYNCH transmitted to Plaintiff a letter confirming the change in payment standards (E16).

23)     On March 25, 2023 Plaintiffs entered into a holding agreement and paid application fees for an acceptable housing unit with a housing provider (E33), who subsequently submitted a Request for Tenancy Approval ("RFTA"), required to begin the process of providing housing to Plaintiffs, to Defendants (E32).

24)     Defendants HENLEY and LYNCH agreed that processing of the RFTA and Housing Quality Standards ("HQS") inspection, the next required step in the process would be expedited (E35), and received a copy of the February 2, 2023 unlawful detainer notice.

25)     During this time, Plaintiffs have been constructively evicted from their current unit multiple times, having had utilities and water service disconnected multiple times (E34).

26)     Rather than expediting the process, Defendants refused to process the housing request at all.  On April 28, 2023, Plaintiff's potential housing provider informed them that SHRA had refused to process the RFTA due to it not meeting the payment standards (E36).

27)     In an email addressed to Defendants La Shelle Dozier ("DOZIER"), MaryLiz Paulson ("PAULSON"), LYNCH, and Tanya Cruz ("CRUZ"), Plaintiffs included documentation confirming that the payment standard was indeed within regulatory requirements (E37), LYNCH had provided confirmation of it being within payment standards (E38), and that SHRA had

EMERGENCY MOTION FOR PRELIMINARY INJUNCTION - 5

agreed to expedite the processing (E35), but they somehow failed to even complete the first step of processing, which is essentially duplicating the work LYNCH did (E37).

28)     On April 4, 2023, HENLEY transmitted a letter via email signed by PAULSON stating numerous reasonable accommodation requests, including some not actually made by Plaintiffs were denied.  Among those, is a denial of effective communication for DAVID stating "Your request to have all communication conducted via email on behalf of David as a reasonable accommodation for his disability is hereby denied. In most instances, communication is directed to the head of household, Sydney Roberts. We have not received any information regarding Ms. Roberts being disabled. As a courtesy, during the RA process, we have communicated with Mr. Samuel via email as the reasonable accommodation request(s) involved him directly." (E39)

29)     On April 28, 2023 HENLEY via email confirmed that SHRA intends to continue denying effective communication.

30)     Over the past thirteen months Defendants have engaged in a pattern of being made aware of imminent risk, refusing to respond until after the deadline for that imminent housing risk, and then taking adverse actions after the risk period has begun.

**LEGAL STANDING/CAUSE**

31)     Defendants multiple denials of reasonable accommodation and effective communication, as well as their stated intent to continue engaging in disability and housing discrimination against the Plaintiffs have resulted in ongoing irreparable harm and will continue to do so.  SHRAs actions have not only directly harmed the plaintiffs, but also harmed the housing provider who held their unit off the market for more than a month without rent.

32)     The Americans with Disabilities Act, Fair Housing Act, and Rehabilitation act all offer clear guidelines for when a reasonable accommodation may be denied under HCV program guidelines.  At no time were any of these conditions given as reasons for reasonable accommodation denial.

EMERGENCY MOTION FOR PRELIMINARY INJUNCTION - 6

33)    Refusing to engage in effective communication with a disabled family member is blatantly discriminatory on it's face.  The assertion that because SHRA *usually* addresses communication to a head of household, therefore only the head of household is eligible for effective communication accommodations is completely divorced from reasonable accommodation requirements.  This is compounded by Defendants admission that they do communicate with the disabled family member as a matter of course, and refusing to offer effective communication serves no other stated purpose other than limiting access to that disabled family member.

34)    SHRA and it's employees, at no point in time over the past year, have even made the most basic attempt to engage in the interactive process.  SHRA continues to issue edicts, some for accommodation requests the family did not even request, without grasping dialog is required.  They have denied four reasonable accommodation requests and twice issued denials for accommodations not requested, and not managed to engage in a good faith dialog regarding them.

35)    SHRA continues to offer blanket policy bans on certain types of accommodation without any consideration at all of Plaintiffs particular needs.  The denial letters offered fail to describe even in the most basic way how any decision was reached, what information was used to make that decision, or demonstrate any understanding at all of Plaintiffs particular needs.

36)    Because of the complete disregard for HUD HCV program regulations, and even SHRAs own administrative plan, Plaintiffs have endured an entire year of intense distress and housing instability, having been constantly under threat of eviction.  Further, this instability has limited access to in home, integrated treatment options for disabled members of the Plaintiff family, have resulted in real economic, educational, and medical treatment loss.

37)    SHRA and it's employees continue to behave with complete indifference if not deliberate animus despite continuous notification of the harm that this behavior is invoking.  SHRA

EMERGENCY MOTION FOR PRELIMINARY INJUNCTION - 7

arbitrarily approving "requests", then retaliating when Plaintiffs insist on due process is a systemic issue which requires the intervention of this court to prevent.

## RELIEF

38)    Require SHRA to set Plaintiffs HCV payment standard to the three bedrooms agreed to by "PAULSON" and "LYNCH", and prevent SHRA from any further adverse action without leave of the court.

39)    Require SHRA to comply with FHA and ADA requirements for effective communication, including utilizing communication services requested by Plaintiffs.

40)    Declarative relief stating that all members of a household, including a "co-head", are entitled to effective communication, rather than the designated "Head of Household" exclusively.

41)    Require SHRA to expedite both RFTA processing and HQS inspection processing, requiring both to occur within HUD guidelines of 15 days.

42)    Bar Defendants from attempting to limit or deny access to due process for any reason, or leverage Plaintiffs housing status to induce compromises to due process.

David Samuel                                                      Sydney Roberts

## TABLE OF POINTS AND AUTHORITIES

E1    E1_SHRA_Reasonable-Accommodation-Reqest_David_Artemis_05-19-2022

E2    E2_SHRA_Reasonable-Accommodation-Request-Confirmation_05-19-2022

E3    E3_SHRA_Reasonable-Accommodation-Request-Status-Question_07-11-2022

E4    E4_SHRA_RA-Denial_07-16-2022

E5    E5_SHRA_Notice-of-Incomplete-Interim_05-19-2022

EMERGENCY MOTION FOR PRELIMINARY INJUNCTION - 8

E6      E6_SHRA_Reasonable-Accommodation-Denial_11-16-2022

E7      E7_SHRA_Reasonable_Accommodation_Summary_Brief

E8      E8_SHRA_Reasonable_Accommodation_Request_09-28-2023

E9      E9_SHRA_Reasonable-Accommodation-Hearing-Cancellation_09-16-2022

E10     E10_SHRA_Reasonable-Accommodation-Hearing-Notice_08-31-2022

E11     E11_SHRA_Reasonable-Accommodation-Request_Doctors-note-language_05-26-2022

E12     E12_SHRA_Reasonable-Accommodation-Hearing-Response_12-09-2022

E13     E13_SHRA_Reasonable-Accommodation-Notice-Of-Hearing-and-Rules_09-02-2022

E14     E14_February_01_Hearing-Availability_Reasonable-Accommodation_02-01-2023

E15     E15_SHRA_Payment-Standards_January-2023

E16     E16_SHRA_Housing-Choice-Voucher_Extension-Notification_Three-Bedrooms_03-23-2023

E17     E17_SHRA_Reasonable-Accommodation_Denial_03-20-2023

E18     E18_SHRA_Reasonable-Accommodation-Denial_Ibra-Henley_Waive-Hearing_Email_03-20-2023

E19     E19_SHRA_Calculation-Summary_03-30-2023

E20     E20_SHRA_Notice-of-Hearing_04-03-2023

E21     E21_SHRA_Notice-of-Reasonable-Accommodations-For-Participant-Families-with-Disabilities_04-29-2023

E22     E22_SHRA_Annual-Recertification_Supplemental-Contact_1100-Howe-Ave_06-09-2020

E23     E23_SHRA_HCV_Voucher_09-14-2018

E24     E24_SacDHA_David_FSRP_Letter_05-16-2019

E25     E25_SHRA_HCV_Voucher_06-02-2022

E26     E26_SHRA_Notice-of-Incomplete-Interim_MACIAS_05-11-2023

E27     E27_SHRA_Voucher-Issuance-Appointment-Notice_MACIAS_06-02-2022

E28     E28_SHRA_Reasonable-Accommodation-Request_09-23-2022

EMERGENCY MOTION FOR PRELIMINARY INJUNCTION - 9

E29   E29_SHRA_Three-Bedroom-Apartment-Qualification_1100-Howe_09-29-2022

E30   E30_SSHH_Unlawful-Detainer_SSHH_All-Occumpants_10-28-2022

E31   E31_SSHH_Unlawful-Detainer_Notice_02-03-2023

E32   E32_SHRA_RFTA_The-Arbors_7957-Papago-Way_04-02-2023

E33   E33_David_The-Arbors_Holding-Agreement_7957PP_Holding_Agreement_03-25-2023

E34   E34_SSHH_Notice-of-Gas-and-Electricity-Termination_03-31-2023

E35   E35_SHRA_HQS-Expedite_Ibra-Henley_04-03-2023

E36   E36_SHRA_Arbors_Void-RFTA_04-28-2023

E37   E37_SHRA_Payment-Standards_January-01-2023

E38   E38_SHRA_Affordability-Worksheet_7957-Papago-Way_The_Arbors_03-30-2023

E39   E39_SHRA_Reasonable-Accommodation_Denial_PAULSON_HENLEY_04-04-2023

EMERGENCY MOTION FOR PRELIMINARY INJUNCTION - 10

**E1**

# AUTHORIZATION FOR USE OR DISCLOSURE OF HEALTH INFORMATION

(This form is available electronically upon request)

---

**HEALTH CARE PROFESSIONAL** - The person listed below has applied for an accommodation for his/her disability and is required to obtain a certification to verify the disability and the need for the accommodation listed below. Please complete pages 3-4 of this document.

---

**THE FIRST TWO PAGES ARE TO BE COMPLETED BY THE RESIDENT OR APPLICANT REQUESTING THE ACCOMMODATION, WHEN YOU HAVE COMPLETED THIS PAGE, PLEASE RETURN IT TO YOUR SPECIALIST OR MANAGER.**

This Request is made on behalf of: ☐ Head-Of-Household  ☒ Another _David Samuel_

_t0032944_        _Sydney Roberts_
Tcode              Name

_1100 Howe Ave, Apt 126_        _Sacramento, CA 95825_
Address                          city/State/Zip

Phone(s) _512-917-8112_    Alt Phone _____

Type of Accommodation(s) Requested: (PLEASE PRINT LEGIBLY) _Extra bedroom for_
_management of disability symptoms for David and Artemis,_
_isolated space for medical appointments, and school._

_____

Physician/Health Care
Professional's Name:    _Michel Medina_

Name of Employer or Practice:    _Kaiser Permanente_

Address: _2031 Howe Ave, Sacramento, CA 95825_

Phone: _1-916-973-5300_    Fax: _____    Date: _05/19/2022_

I hereby voluntarily authorize the Physician/Health Care Professional named above to disclose information from my record to the Housing Authority of Sacramento on the attached verification form for the purpose of verifying my disability status and need for an accommodation. The Housing Authority may use the information solely for such purpose.

**AUTHORIZATION EXPIRATION AND REVOCATION**
I understand that I may revoke this authorization in writing at any time. The written revocation will be effective upon receipt, except to the extent that the disclosing party or others have acted in reliance upon this authorization. If this authorization has not been revoked, it will terminate one year from the date of my signature, unless I have specified a different expiration date or expiration event.

**SPECIFYING A SHORTER TERM AUTHORIZATION**
This authorization should expire on: _____ or upon the following conditions





rev 03/10/2017

_____

**TERMS OF AUTHORIZATION**

I understand that the health care provider will not condition treatment or eligibility for care on my providing this authorization.

I understand that information disclosed by this authorization may be subject to redisclosure by the recipient and may no longer be protected by the Health Insurance Portability and Accountability Act Privacy Rule [45 CFR Part 164], and the Privacy Act of 1974 [5 USC 552a].

I understand that I have the right to receive a copy of this authorization.

Print Name __Sydney Roberts__

Signature _____ Date __05/19/2022__

---

**Housing Authority Use Only:**

Faxed to Medical Professional on: _____          Faxed By: _____
                              (Date)

Tenant Code: _____          Housing Specialist: _____
                                           HS Code: _____

☐ HCV Resident     ☐ HCV applicant
☐ PH Resident      ☐ PH applicant





rev 03/10/2017

2



Equal Housing
Opportunity



rev 03/10/2017

E2

 Gmail

**David Samuel <davidsa@possiblymaybe.com>**

## SHRA Forms

**Ashley Valentine** <avalentine@sacselfhelp.org>                          Thu, May 19, 2022 at 11:14 AM
To: David Samuel <davidsa@possiblymaybe.com>

Hi David,

Please see the response below from SHRA:

"Hi Ashley and thank you for the documents pertaining to their newborn.  I have completed the annual and will reach out to them to schedule the voucher issuance appointment.

I will forward their Reasonable Accommodations request for processing.  That is handled by someone else.

Homeownership opportunities also is not something HCV offers.   The HCV Homeownership program is no longer available and has not been offered for several years.   HCV participants who which to purchase a home can reach out to Sacramento Housing and Redevelopment Agency's Homeownership Services Department to obtain information on First-Time Homebuyer programs.  The department can be reached at (916) 440-1393.  There are no bedroom size limitations with respect to purchasing a home."

If you have any questions, feel free to ask.

Thank You

[Quoted text hidden]

E3

 **David Samuel <davidsa@possiblymaybe.com>**

---

## SHRA Reasonable Accommodation Request

6 messages

---

**David Samuel** <davidsa@possiblymaybe.com>            Mon, Jul 11, 2022 at 10:57 AM
To: Ashley Valentine <avalentine@sacselfhelp.org>

Ashey,

I'm not sure if you are the person we are supposed to be contacting about this any longer, however we are still waiting on a response regarding the reasonable accommodation request.  Looking at the documents required, it's unclear what additional documents are needed.  We have not been able to reach anyone at SHRA, and still have a pending callback request from the case manager that's over a week old now.  Who can we contact to get this resolved?

David

---

**Ashley Valentine** <avalentine@sacselfhelp.org>            Mon, Jul 11, 2022 at 11:01 AM
To: David Samuel <davidsa@possiblymaybe.com>

Good Morning David and Thank You for reaching out.

I will contact SHRA directly for a response.

[Quoted text hidden]

---

**David Samuel** <davidsa@possiblymaybe.com>            Mon, Jul 11, 2022 at 11:28 AM
To: Ashley Valentine <avalentine@sacselfhelp.org>

Ashley,

Thank you very much.

Who should we contact if we would like to submit feedback about services from SSHH?

David

[Quoted text hidden]

---

**Ashley Valentine** <avalentine@sacselfhelp.org>            Mon, Jul 11, 2022 at 11:31 AM
To: David Samuel <davidsa@possiblymaybe.com>

Hi David and You're Welcome.

I received a response from SHRA, Tiffany Brown is working on the call back list. She will give you a call this week.

For feedback about SSHH or SHRA?

[Quoted text hidden]

---

**David Samuel** <davidsa@possiblymaybe.com>　　　　　　Mon, Jul 11, 2022 at 11:41 AM
To: Ashley Valentine <avalentine@sacselfhelp.org>

Ashley,

SSHH.

David
[Quoted text hidden]

---

**Ashley Valentine** <avalentine@sacselfhelp.org>　　　　　Mon, Jul 11, 2022 at 1:15 PM
To: David Samuel <davidsa@possiblymaybe.com>

Hi David and Thank You.

You may contact our front office at 916-341-0593.

[Quoted text hidden]

Envelope ID. 16AU3EF1-7DF7-437D-AD3B-B467E6D9DEA6

E4



Mailbox CW 22
t0032944

July 8, 2022

Sydney Roberts
1100 Howe AVE 126
Sacramento, CA 95825

Dear Mr./Ms. Roberts,

Your request for an additional bedroom as a reasonable accommodation for the disabilities of David Samuel is hereby denied. Based on an evaluation of the information you and your health care professional submitted, we are unable to approve your request. Your request states that you require an additional bedroom due to disability, however, needs can be met without increasing the voucher size. We recommend alternative sleeping arrangements. There are two bedrooms currently on the voucher and one could be made available to your disabled family member.

The guidelines that are used to determine if a reasonable accommodation (RA) request meets the RA threshold are the Housing and Urban Development (HUD) regulations, the Housing Authority's administrative plan and the Housing Choice Voucher (HCV) guide book.

The regulations are found in the Code of Federal Regulations – specifically 24 CFR 982.402.

In 24CFR 982.402

- The PHA must establish subsidy standards that determine the number of bedrooms needed for families of different sizes and compositions
- The subsidy standards **must** provide for the **smallest number of bedrooms needed** to house a family without overcrowding
- The subsidy standards must be applied consistently for all families of like size and composition.

It also states that

- The family may lease an otherwise acceptable dwelling unit with fewer bedrooms than the family unit size
- The family may lease an otherwise acceptable dwelling unit with more bedrooms than the family unit size

Given these regulations the Housing Authority also has policies that guide us in addition to the HUD regulations.

Per our Administrative Plan – chapter 5

- The PHA <u>does NOT determine who shares a bedroom</u>/sleeping room, but there must be at least one person per bedroom on the voucher.



Equal Housing
Opportunity

**Sacramento Housing & Redevelopment Agency** 630 I Street, Sacramento CA 95814
(916) 440-1390 | TTY 711 or 1 (800) 855-7100 | www.shra.org



DocuSign Envelope ID: 18A03EF1-7DF7-437D-AD3B-B467E6D9DEA6



CHANGING LIVES

> One bedroom will be allotted for the head of household and spouse or co-head and one bedroom will be assigned for each additional two persons.

*These standards relate to the number of bedrooms on the voucher, not the family's actual living arrangements.*

A third document we look at is the HCV Guidebook – which is information provided by HUD for the PHA's to use when administering the HCV program. This document states that:

> a living room may be used as a sleeping (bedroom) space, but no more than two persons may occupy the space.

We are willing to review any additional information you may wish to submit in support of your request. Additional documentation may be faxed to (916) 264-1533. Any information your health care provider wishes to submit, must be sent directly to our office from their office, additional information may be faxed directly to (916) 264-1533.

If you disagree with this determination, you have the right to speak with a Committee Coordinator to discuss the possibility of modifying your request, the health care provider's recommendations and/or to request a hearing, provided we receive your request within fifteen days of your receipt of this letter. You may call (916) 449-6346 to reach the Committee Coordinator by phone.

Sincerely,

*MaryLiz Paulson*

MaryLiz Paulson, Director, Housing Choice Voucher Program
Sacramento Housing and Redevelopment Agency



Equal Housing
Opportunity



getConvertedDocumentResource (816x1056)

**E5**


INVESTING IN COMMUNITIES

**NOTICE OF INCOMPLETE INTERIM**

May 12, 2022

\*\*OPS\*\*
Sydney Roberts
1100 Howe Ave. #126
Sacramento, CA 95825

RE: Sydney Roberts                    Tenant code: t0032944

Dear Sydney Roberts:

The Housing Authority received your reported income and/or family composition change(s). In order to process your reported change(s), the Housing Authority needs additional documents from you. To avoid delaying the processing of your requested change and the possible termination of your program eligibility, please submit the requested documents as listed below by May 19, 2022 along with this letter:

DOCUMENTS STILL REQUIRED:

☐ Current un-employment verification

☐ Current Certification of No-Income form

☐ Last three current and consecutive pay stubs

☐ Separation letter from employer

☐ Current payment ledger from the Department of Child Support Services

☒ Other - 1. copy of the Government Issued birth certificate for Demeter;

2. copy of Demeter's social security card;

3. Declaration of Section 214 form completed for Demeter.

PLEASE NOTE: If you fail to provide the above documentation by the date specified above, your reported change(s) will be voided, the interim will be closed without processing, and your program participation may be terminated.

Sincerely,

Lisa Macias
Housing Caseworker
(916) 440-1390


Equal Housing Opportunity

Sacramento Housing & Redevelopment Agency  530 I Street | Sacramento 1790 www.shra.org

res e 17 16 02001

DocuSign Envelope ID: 0A7E1CEB-BA21-4A63-9CB2-ACE4CDF2A696

E6



Mailbox CW 22
t0032944

CHANGING LIVES

November 16, 2022

Sydney Roberts
1100 Howe AVE 126
Sacramento, CA 95825

Dear Mr./Ms. Roberts,

Your request for an additional bedroom as a reasonable accommodation for the disabilities of David and Artemis Samuel is hereby denied. Based on an evaluation of the information you and your health care professional submitted, we are unable to approve your request. Your request states that you require an additional bedroom due to disability, however, needs can be met without increasing the voucher size. We recommend alternative sleeping arrangements. There are two bedrooms currently on the voucher and they could be made available to your disabled family members.

The guidelines that are used to determine if a reasonable accommodation (RA) request meets the RA threshold are the Housing and Urban Development (HUD) regulations, the Housing Authority's administrative plan and the Housing Choice Voucher (HCV) guide book.

The regulations are found in the Code of Federal Regulations – specifically 24 CFR 982.402.

In 24CFR 982.402

> The PHA must establish subsidy standards that determine the number of bedrooms needed for families of different sizes and compositions
> The subsidy standards **must** provide for the **smallest number of bedrooms needed** to house a family without overcrowding
> The subsidy standards must be applied consistently for all families of like size and composition.

It also states that

> The family may lease an otherwise acceptable dwelling unit with fewer bedrooms than the family unit size
> The family may lease an otherwise acceptable dwelling unit with more bedrooms than the family unit size

Given these regulations the Housing Authority also has policies that guide us in addition to the HUD regulations.

Per our Administrative Plan – chapter 5

> The PHA does NOT determine who shares a bedroom/sleeping room, but there must be at least one person per bedroom on the voucher.



Equal Housing
Opportunity



Sacramento Housing & Redevelopment Agency  630 I Street. Sacramento CA 95814
(916) 440-1390 | TTY 711 or 1 (800) 855-7100 | www.shra.org

DocuSign Envelope ID: 0A7E1CEB-BA21-4A63-9CB2-ACE4CDF2A696



CHANGING LIVES

> One bedroom will be allotted for the head of household and spouse or co-head and one bedroom will be assigned for each additional two persons.
> *These standards relate to the number of bedrooms on the voucher, not the family's actual living arrangements.*

A third document we look at is the HCV Guidebook – which is information provided by HUD for the PHA's to use when administering the HCV program. This document states that:

> a living room may be used as a sleeping (bedroom) space, but no more than two persons may occupy the space.

We are willing to review any additional information you may wish to submit in support of your request. Additional documentation may be faxed to (916) 264-1533. Any information your health care provider wishes to submit, must be sent directly to our office from their office, additional information may be faxed directly to (916) 264-1533.

If you disagree with this determination, you have the right to speak with a Committee Coordinator to discuss the possibility of modifying your request, the health care provider's recommendations and/or to request a hearing, provided we receive your request within fifteen days of your receipt of this letter. You may call (916) 449-6346 to reach the Committee Coordinator by phone.

Sincerely,

*MaryLiz Paulson*

MaryLiz Paulson, Director, Housing Choice Voucher Program
Sacramento Housing and Redevelopment Agency



Equal Housing
Opportunity



E7

Judge Lew,

Thank you for your time and input today during the informal hearing regarding my families appeal of our Housing Choice Voucher (HCV) reasonable accommodation (RA) denial.  As requested, I've prepared a summary of the arguments made during the hearing.

We have several disagreements with the reasoning for the denial of the reasonable accommodation.

The first (and we believe most pertinent issue) is whether the denial itself represents an act of disability discrimination under the Fair Housing Act and Rehabilitation Act of 1973 (504).  42 U.S.C. § 3604(f)(3)(B) provides:

> (3) For purposes of this subsection, discrimination includes—
> (B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling;

We believe that SHRA is obligated to comply via section 504 of the Rehabilitation Act of 1973 (504), specifically via 29 U.S.C. § 794, and supported through 24 CFR § 8.1(b) which provides:

> The policies and standards for compliance established by this part are established in contemplation of, and with a view to enforcement through, the Department's administration of programs or activities receiving Federal financial assistance and the administrative procedures described in subpart D (including, without limitation, judicial enforcement under § 8.57(a)).

Further, SHRAs plan document, Chapter 24 titled REASONABLE ACCOMMODATION POLICY AND PROCEDURES states that they are required to be compliant with both the law itself and HUD's technical directives.

There are currently three conditions under which an HCV reasonable accommodation request may be denied: 1) The request was not made on or behalf of the recipient family, 2) No nexus between the disability and accommodation can be determined, or 3) The accommodation would provide an undue financial or administrative burden on behalf of the housing provider.

As provided in exhibit A, a reasonable accommodation request was made by the family.  SHRA stipulated that a nexus between the accommodation and disability does exist.  Finally, SHRA provided no argument asserting an unreasonable financial or administrative burden for approving the request. There is no other facility through which SHRA would be able to assert the right to deny a reasonable accommodation request outside of these conditions, including whether SHRA believes other options are available.

HUD clarifies and supports this position on their Reasonable Accommodations and Modifications frequently asked questions listed on their website.  Specifically, it provides that adding restrictions to a reasonable accommodation request is not consistent with the law:

> These laws also prohibit housing providers from refusing residency to persons with disabilities, or placing conditions on their residency, because they require reasonable accommodations or modifications.

This suggests it is inconsistent with the law to deny a reasonable accommodation on grounds that other accommodations may be available if they meet our above tests.  The same document reinforces this position again under paragraph 2 of the "Reasonable Accommodations" section header:

> Housing providers may not require persons with disabilities to pay extra fees or deposits or place any other special conditions or requirements as a condition of receiving a reasonable accommodation.

Having provided that the request was made by the recipient family, the nexus exists for the accommodation, and without argument that the reasonable accommodation would be an administrative or financial burden on SHRA, denying the RA represents an act of housing discrimination as provided by the Fair Housing Act and Rehabilitation Act (504).

We further assert that there are several defects in the denial reasoning provided by SHRA.  Exhibit D(?) provided by Tanya Cruz outlines the reasons for the denial.  The first reason references 24 CFR 982.402 in asserting that:

> "The subsidy standards **must** provide for the **smallest number of bedrooms** needed to house a family without overcrowding". (emphasis in exhibit)

> "The subsidy standards must be applied consistently for all families of like size and composition."

This requirement is inconsistent with the full language of 982.402(8) which explicitly allows the SHRA to grant housing exemptions for a number of reasons:

> (8) In determining family unit size for a particular family, the PHA may grant an exception to its established subsidy standards if the PHA determines that the exception is justified by the age, sex, health, handicap, or relationship of family members or other personal circumstances.

The assertion that the law does not provide grounds for exceptions is not consistent with the legislation which allows exceptions for many reasons, including "handicap" or "personal circumstances".

In fact, 24 CFR §§ 8.20, 8.21, 8.24 and 8.33 provides exactly the opposite of SHRA's position, asserting it is an act of housing discrimination to not make changes to policy and procedures under a reasonable accommodation request.

This is supported by HUD Notice PIH 2010-26 (HA), which provides in section B paragraph 7:

> PHAs and other recipients of Federal financial assistance are required to make reasonable adjustments to their rules, policies, practices and procedures in order to enable an applicant or resident with a disability to have an equal opportunity to use and enjoy the housing unit, the common areas of a dwelling or participate in or access programs and activities conducted or sponsored by the PHA and/or recipient. When a family member requires a policy modification to accommodate a disability, PHAs must make the policy modification unless doing so would result in a fundamental alteration in the nature of its program or an undue hardship on the PHA's programs.

In the same document, section G paragraph 7 provides the specific example of an additional room:

> In public housing, a family with a disability may need a unit that is larger than the PHA's permitted occupancy standards. It is unlawful to fail to provide a reasonable accommodation which denies such a family the opportunity to apply for and obtain a larger unit if the disability of the family member requires this type of accommodation.

Together, these provide that refusing to make an adjustment to voucher size in a reasonable accommodation request constitutes an act of disability discrimination on behalf of SHRA.

The denial letter from SHRA continues by citing Chapter 5 of it's administrative plan.  This was in error and instead SHRA should have referenced Chapter 24 of the plan titled REASONABLE ACCOMMODATION POLICY AND PROCEDURES as it's guide.  Even if we were to take the incorrect citation at face value, the provided reasoning still contains inconsistency with current law.

SHRA further argues that they believe the living area can be used as a bedroom to facilitate this reasonable accommodation request, an argument which is also not consistent with current law.  504 provides that the accommodation must allow full use and enjoyment of the dwelling, including public and common spaces (such as the living room).  It further provides that this is not a discretionary policy, and denial represents an act of disability discrimination by SHRA.

This view is supported by HUD's Fair Housing and Equal Opportunities FAQ under the Reasonable Accommodations header.

> Reasonable accommodations may include, for example, those which may be necessary in order for the person with a disability to use and enjoy a dwelling, **including public and common use spaces**.  Since persons with disabilities may have unique needs due to their disabilities, in some cases, simply treating persons with disabilities exactly the same as others may not ensure that they have an equal opportunity to use and enjoy a dwelling.

> Such a housing provider is obligated to provide an accommodation if s/he is on notice of the request, the provider already has reason to believe the accommodation is necessary, or if the need for the accommodation is obvious. A person with a disability will be considered to have asked for an accommodation if s/he indicates that a change or exception to a policy, practice, or procedure or a modification would assist him or her in making more effective use of his or her housing, even if the words reasonable accommodation are not used as part of the request.

> Housing providers may suggest an alternative accommodation, however, the applicant or tenant may reject it if s/he feels it does not meet his or her needs. **The housing provider must grant the requested reasonable accommodation unless it constitutes an undue financial and administrative burden or fundamental alteration of the program**.

In summary, SHRA committed an act of housing discrimination by denying the reasonable accommodation after having found a nexus existed.  Further, the reasoning provided by SHRA for the denial was not only inconsistent with their own policy, but inconsistent with HUD guidance on the issue.  In relief we ask that you reverse the reasonable accommodation denial and compel SHRA to provide the requested reasonable accommodation consistent with existing laws.

Thank you

E8

David Samuel
Sydney Roberts
1100 Howe Ave, Apt 126
Sacramento, CA 95825
shra possiblymaybe.com

SHRA
630 I Street
Sacramento, CA 95814
ra shra.org
Attn: HCV Reasonable Accommodations

Re: t0032944

SHRA,

Our situation has been updated and we need to make additional reasonable accommodation requests.

First, we require a voucher able to accommodate an extra room to support Artemis educational and rehabilitation goals, as initially requested. As an accommodation both Artemis and David require separate spaces, which will need to be sound isolated and setup as distraction free spaces. These spaces are not able to be shared, as each space will be configured to accommodate different needs between David and Artemis.

The additional spaces for both David and Artemis require sound proofing and control of external light sources, preferably with black out shades for windows if necessary.

We again request that all communication be conducted via email as a reasonable accommodation. Our email adress is shra possiblymaybe.com. Please feel free to email us if you have any questions or concerns.

We are requesting a list of available housing from SHRA maintained for individuals with disabilities which meets our housing needs as a reasonable accommodation. We also request any assistance available from SHRA in finding housing which meets our housing needs.

Finally, as a reasonable accommodation for the difficulty of finding appropriate housing to fit our disability related needs, we are requesting an extension of the voucher deadline. We request that our extension timeline include an adequate period to perform a housing search after SHRA has provided a list of available housing.

Thank you for your time.


David, Sydney, Artemis, and Demeter

via email and registered mail

E9

September 16th, 2022

David Samuel
Sydney Roberts
1100 Howe Ave, Apt 126
Sacramento, CA 95825
email: shra@possiblymaybe.com


SHRA
801 12th Street
Sacramento, CA 95814
email: ra@shra.org
C/O Tanya Cruz

Tanya,

This letter is regarding our phone call on Thursday, September 15th, 2022.  In that phone call you informed us that the informal hearing held on Monday, September 12th, 2022 regarding the denial of our reasonable accommodation request could not be decided by hearing officer John Lew.  No reason was provided for this change, and no alternative arrangement was offered at the time.

We did not agree to this change.  We have not received any explanation or verification that these are indeed the wishes of the hearing officer.  The last instruction we received at the conclusion of the hearing was to submit a written brief or summary of the arguments made during the hearing to you, and you would be forwarding the arguments to the hearing officer.

We submitted that summary via email to ra@shra.org and via USPS on Tuesday, September 13th, 2022.  Please find attached to this a copy of that summary.  Per the last instructions from hearing officer Lew our understanding that a decision will be made regarding the hearing no later than Wednesday, September 28th, 2022.

We have requested that communication from SHRA be conducted via email as our preferred method of communication as a disability accommodation.  SHRA emailed the notice for the hearing to us at our email address from ra@shra.org but has since failed to further communicate through this address.  HUD's (https://www.hud.gov/program_offices/fair_housing_equal_opp/effective_communication) Effective Communication polices indicate it is the obligation of all PHAs to provide effective communication in the form most compatible with a families disability requirements, and affirms that it is our right to request such accommodation.   From the website, under the header "Fair Housing Act" it states:

> Note about the Fair Housing Act: The Fair Housing Act makes it illegal for housing providers to refuse to make reasonable accommodations, including taking steps that may be necessary to ensure effective communications with individuals with disabilities. For additional information, visit Reasonable Accommodations and Modifications.

We once again request that all communication from SHRA, regardless of information type, be transmitted through email.  Our contact email address is shra@possiblymaybe.com.

Finally, we would like to express our disappointment at SHRA's lack of timeliness and poor communication in this matter.  As of the time of this letter more than three months has elapsed since our appeal was submitted, and SHRA still has not provided a path to an outcome consistent with it's own policies and HUD guidelines.  These unreasonable delays are causing both financial and emotional distress to our family.  We do not and have not agreed to any delay in the disposition of the hearing.

Very truly yours,

David, Artemis, Demeter, and Sydney.

Incl – Summary of Arguments requested by John Lew for Monday, September 12th, 2022 hearing.

By email and registered mail.

E10

 Gmail

**David Samuel <davidsa@possiblymaybe.com>**

## Reasonable Accommodation Hearing Meeting Link from SHRA

2 messages

**Reasonable Accommodations** <ra@shra.org>                           Wed, Aug 31, 2022 at 3:50 PM
To: "shra@possiblymaybe.com" <shra@possiblymaybe.com>

Hello Sydney Roberts,

Please find your meeting link for the Reasonable Accommodation hearing that is set for Monday, September 12th, at 11:00AM below.

Topic: RA Hearing Sydney Roberts T0032944

Time: Sep 12, 2022 11:00 AM Pacific Time (US and Canada)

Join Zoom Meeting

https://shra-org.zoom.us/j/89006839844?pwd=SWlDYzBwTzJsUGs2OWh1TXBBVkJhZz09

Meeting ID: 890 0683 9844

Passcode: 941165

One tap mobile

+16694449171,,89006839844#,,,,*941165# US

+16699009128,,89006839844#,,,,*941165# US (San Jose)

Dial by your location

    +1 669 444 9171 US

    +1 669 900 9128 US (San Jose)

Thank you,

Tameka Jackson

SHRA

630 I Street

Case 2:22-cv-01699-DJC-AC    Document 25    Filed 04/29/23    Page 29 of 79

Sacramento, CA 95814

(916) 440-1390

www.shra.org



---

**David Samuel** <davidsa@possiblymaybe.com>    Thu, Sep 1, 2022 at 9:26 AM
To: Reasonable Accommodations <ra@shra.org>

Tameka,

Congratulations on the new role?!

Can you forward me the procedures document for the hearing so I can get a sense of what the hearing will cover?

David
[Quoted text hidden]

E10

 Gmail

**David Samuel <davidsa@possiblymaybe.com>**

---

## Reasonable Accommodation Hearing Meeting Link from SHRA

2 messages

---

**Reasonable Accommodations** <ra@shra.org>                Wed, Aug 31, 2022 at 3:50 PM
To: "shra@possiblymaybe.com" <shra@possiblymaybe.com>

Hello Sydney Roberts,

Please find your meeting link for the Reasonable Accommodation hearing that is set for Monday, September 12th, at 11:00AM below.

Topic: RA Hearing Sydney Roberts T0032944

Time: Sep 12, 2022 11:00 AM Pacific Time (US and Canada)

Join Zoom Meeting

https://shra-org.zoom.us/j/89006839844?pwd=SWlDYzBwTzJsUGs2OWh1TXBBVkJhZz09

Meeting ID: 890 0683 9844

Passcode: 941165

One tap mobile

+16694449171,,89006839844#,,,,*941165# US

+16699009128,,89006839844#,,,,*941165# US (San Jose)

Dial by your location

    +1 669 444 9171 US

    +1 669 900 9128 US (San Jose)

Thank you,

Tameka Jackson

SHRA

630 I Street

---

Sacramento, CA 95814

(916) 440-1390

www.shra.org



---

**David Samuel** <davidsa@possiblymaybe.com>          Thu, Sep 1, 2022 at 9:26 AM
To: Reasonable Accommodations <ra@shra.org>

Tameka,

Congratulations on the new role?!

Can you forward me the procedures document for the hearing so I can get a sense of what the hearing will cover?

David
[Quoted text hidden]



## Reasonable Accommodation Request

9 messages

---

**David Samuel** <davidsa@possiblymaybe.com>         Thu, May 26, 2022 at 7:59 AM
To: Ashley Valentine <avalentine@sacselfhelp.org>

Ashley,

My doctor is asking exactly what the reasonable accommodation needs to ask for and he will try to have it available within the next few days, I'm imagining it's more specific than "David would medically benefit from having an extra room?"

David

---

**Ashley Valentine** <avalentine@sacselfhelp.org>         Thu, May 26, 2022 at 11:23 AM
To: David Samuel <davidsa@possiblymaybe.com>

Hi David and yes.

"David would medically benefit from having an extra room. This will greatly assist him to focus, concentrate, and diligently complete his tasks as a parent."

Something like that.

Are you still a student?

[Quoted text hidden]

---

**David Samuel** <davidsa@possiblymaybe.com>         Sun, May 29, 2022 at 1:47 PM
To: Ashley Valentine <avalentine@sacselfhelp.org>

Ashley,

The doctor said it was going to take two business days, so I should have the reasonable accommodations letter with that language by Wednesday. I didn't take classes the last two semesters so I need to register again. Not sure what my current status is, but it will be student again this upcoming semester.

David
[Quoted text hidden]

---

**David Samuel** <davidsa@possiblymaybe.com>         Sun, May 29, 2022 at 2:08 PM
To: Ashley Valentine <avalentine@sacselfhelp.org>

Ashley,

I forgot to mention, I dropped off a copy of Demeter's birth certificate, social security card, and declaration in the SHRA drop box on Thursday. I haven't heard anything back from Lisa Macias and her voicemail box is full.

[Quoted text hidden]

---

**Ashley Valentine** <avalentine@sacselfhelp.org>        Tue, May 31, 2022 at 9:48 AM
To: David Samuel <davidsa@possiblymaybe.com>

Good Morning David and Thank You for this information.

I also sent the documents through the SHRA Portal.

[Quoted text hidden]

---

**David Samuel** <davidsa@possiblymaybe.com>        Tue, May 31, 2022 at 2:09 PM
To: Ashley Valentine <avalentine@sacselfhelp.org>

Ashley,

Doctor has a physical letter ready, what's the best way to deal with that?  Picture like before?

David
[Quoted text hidden]

---

**Ashley Valentine** <avalentine@sacselfhelp.org>        Tue, May 31, 2022 at 2:13 PM
To: David Samuel <davidsa@possiblymaybe.com>

Hi David,

Scanned as a PDF would be best but a clear picture will work as well.

[Quoted text hidden]

---

**David Samuel** <davidsa@possiblymaybe.com>        Tue, May 31, 2022 at 4:10 PM
To: Ashley Valentine <avalentine@sacselfhelp.org>

[Quoted text hidden]

**com.google.android.apps.photos.Image.pdf**
2542K

---

**Ashley Valentine** <avalentine@sacselfhelp.org>        Tue, May 31, 2022 at 4:59 PM
To: David Samuel <davidsa@possiblymaybe.com>

Good Afternoon David and Thank You.

I sent the form to SHRA.

[Quoted text hidden]

 **Gmail**

**David Samuel <davidsa@possiblymaybe.com>**

## Reasonable Accommodation / Informal Hearing Request

3 messages

**Reasonable Accommodations** <ra@shra.org>    Fri, Dec 9, 2022 at 3:33 PM
To: "home@possiblymaybe.com" <home@possiblymaybe.com>

Hello Ms. Roberts,

I apologize for the delay in getting back to you , I was out unexpectedly.  It is my understanding that your preference is to communicate via email.  You are welcome to contact me by phone (number is below).  We received your request for an Informal Hearing and your hearing will be scheduled.  With the holidays, it is most likely to be scheduled for a date in January.  If you would like to request a different accommodation, I am happy to assist you with that.  Please, let me know.  Thank you.

Best,

Ibra Henley

Housing Choice Voucher (HCV)

Sacramento Housing and Redevelopment Agency

916.449.6346

ra@shra.org

www.shra.org



This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by other than the sender or the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

**Reasonable Accommodations** <ra@shra.org>    Fri, Dec 9, 2022 at 3:53 PM
To: "shra@possiblymaybe.com" <shra@possiblymaybe.com>

**From:** Reasonable Accommodations

**Sent:** Friday, December 9, 2022 3:33 PM
**To:** home@possiblymaybe.com
**Subject:** Reasonable Accommodation / Informal Hearing Request

Hello Ms. Roberts,

I apologize for the delay in getting back to you , I was out unexpectedly.  It is my understanding that your preference is to communicate via email.  You are welcome to contact me by phone (number is below).  We received your request for an Informal Hearing and your hearing will be scheduled.  With the holidays, it is most likely to be scheduled for a date in January.  If you would like to request a different accommodation, I am happy to assist you with that.  Please, let me know.  Thank you.

Best,

Ibra Henley

Housing Choice Voucher (HCV)

Sacramento Housing and Redevelopment Agency

916.449.6346

ra@shra.org

www.shra.org



This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by other than the sender or the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

---

**David Samuel** <davidsa@possiblymaybe.com>            Mon, Dec 12, 2022 at 9:52 AM
To: Reasonable Accommodations <ra@shra.org>

Ibra Henley,

Which reasonable accommodation denial would this hearing cover?  There have been several, including the September, 2022 hearing a decision was not delivered for.

In our most recent reasonable accommodation request sent via certified letter (assuming this is what you are referring to), we requested extra bedrooms to be added as a reasonable accommodation, an increase to payment standards on the voucher due to the difficulty of finding appropriate housing which suits our disability needs, that all communication

with SHRA occur via a text format (preferrably email, but TTY or some other real time text service is appropriate).

As the adverse action SHRA has taken against us does not get time off for the holidays, this response should not be interpreted as waiving the timeliness requirement for the informal hearing.

Thank you

On Fri, Dec 9, 2022 at 11:33 PM Reasonable Accommodations <ra@shra.org> wrote:

> Hello Ms. Roberts,
>
> I apologize for the delay in getting back to you , I was out unexpectedly.  It is my understanding that your preference is to communicate via email.  You are welcome to contact me by phone (number is below).  We received your request for an Informal Hearing and your hearing will be scheduled.  With the holidays, it is most likely to be scheduled for a date in January.  If you would like to request a different accommodation, I am happy to assist you with that.  Please, let me know.  Thank you.
>
> Best,
>
> Ibra Henley
>
> Housing Choice Voucher (HCV)
>
> Sacramento Housing and Redevelopment Agency
>
> 916.449.6346
>
> ra@shra.org
>
> www.shra.org
>
>
>
> This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by other than the sender or the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

               



CHANGING LIVES

t0032944
CW22

# E13

8/26/2022

Sydney Roberts
1100 Howe Ave #126
Sacramento, CA 95825

SUBJECT:  NOTICE OF HEARING

Dear Mr/Mrs **Sydney Roberts:**

We received your request for a hearing regarding the matter below:

_____    Termination of your Section 8 eligibility.

_____    Change in your family's rent portion.

_____    Change in the unit size of your Certificate or Voucher.

X          Denial of Your Reasonable Accommodation

This is to notify you that you have been scheduled to meet with a Hearing Officer on **9/12/2022 at 11:00AM.**  The hearing will be held via ZOOM. Please, follow the link here;
Topic: RA Hearing Sydney Roberts T0032944
Time: Sep 12, 2022 11:00 AM Pacific Time (US and Canada)

Join Zoom Meeting
https://shra-org.zoom.us/j/89006839844?pwd=SWlDYzBwTzJsUGs2OWh1TXBBVkJhZz09

Meeting ID: 890 0683 9844
Passcode: 941165
One tap mobile
+16694449171,,89006839844#,,,,*941165# US
+16699009128,,89006839844#,,,,*941165# US (San Jose)

Dial by your location
     +1 669 444 9171 US
     +1 669 900 9128 US (San Jose)

**Please call 916-449-6346 to confirm that you will attend this hearing at the stated time and date no later than 9/2/2022.** If you are unable to connect via Zoom video we can arrange to provide you with on-site assistance at our office at 630 I Street, Sacramento, CA 95814. You also have the option of calling into the Zoom meeting.  We have your email address as shra@possiblymaybe.com and this is where we will send the link to the meeting.  If this is no longer a good email address, please contact us to update it right away.

The Housing Authority made a decision on your case based on the information provided at the

time.  If you submit new information for the Reasonable Accommodation (RA) Committee to consider or if your situation has changed, please, provide this written documentation to your caseworker 5 days prior to the hearing as it may affect the decision.  Note: the RA Committee may have to review and consider new information, prior to the hearing.

The Hearing Officer's function is to review the Housing Authority's decision to ensure that it is consistent with regulation and policy.

**If you should require the agency to provide a translator please call (916) 449-6346 no later than 5 days before the hearing, so that arrangements may be made.  Please feel free to leave a message including the client name and the language needed.**

If you are unable to attend this hearing at the scheduled date and time, please call the person certifying this notice at (916) 449-6346.  If you arrive more than 15 minutes late or are unable to attend, please be prepared to show good cause why the hearing should be rescheduled.  Good Cause is described below in Section 2b.

## HEARING PROCESS

The following guidelines will be used to govern the informal hearing process for the Housing Choice Voucher (HCV) Programs administered by the Sacramento Housing and Redevelopment Agency (SHRA).

1.  Upon receipt of the hearing request, the proposed adverse action will be suspended pending the outcome of the hearing.

2.  The participant will be notified of the hearing in writing within 60 days of the receipt of the hearing request.  The notice shall specify:

    a.  The date, time and place of the hearing.

    b.  A contact person and phone number to be used to reschedule and continue hearings.  Hearings will be continued only upon determination of "good cause," defined as an unavoidable conflict in a meeting time with another agency, doctor or company which seriously affects the health, safety or welfare of the participant or his/her immediate family.  Only one continuance will be allowed.

    c.  The procedures governing the informal hearing.

3.  The procedures governing the informal hearing will be as follows:

    a.  The participant has the right to examine the contents of his/her file.

    b.  The informal hearing shall only concern issues for which the participant has received a Notice of Adverse Action.

    c.  No additional evidence may be presented at hearing. All evidence would have been subject to review by the Reasonable Accommodation Committee, therefore

if the participant wishes to submit additional evidence he or she should contact the Housing Authority and request to cancel the hearing, then submit the additional evidence to the committee.

d.   The participant may be represented by an attorney or a designated representative at his or her own expense.  However, it will be required that SHRA will be given a minimum of ten (10) days advance notice of this intent.  SHRA reserves the right to have its own attorney present at such a proceeding.

e.   Consistent with 24 CFR 966.55, hearing procedures will be conducted by any person or persons designated by SHRA other than the person who made or approved the decision under review or subordinate of such a person.

f.   Should the participant not appear at his/her scheduled hearing, he/she will be afforded three days to contact SHRA.  SHRA will reschedule the hearing with the understanding that the claimant will provide written documentation verifying "good cause" for his/her absence. The hearing will be rescheduled only one time. **If you need to reschedule your hearing, please contact the undersigned hearing coordinator at (916) 449-6346.**

4.   Participants will be notified of the results of the hearing as follows:

a.   A written Notice of Decision will be sent to the participant within fifteen (15) calendar days of the decision.

b.   The Notice of Decision shall contain the following:

(1)   A summary of the evidence for the decision;

(2)   If the decision is based upon money owed, the amount owed shall be stated;

(3)   The date the decision goes into effect; and

(4)   The amount of time the participant has to pursue a formal hearing by filing this cause of action in a court of law.

I certify that this notice was sent by first-class mail to the addressee above on            .

Signed _____
     Ibra Henley, Hearing Coordinator

 **Gmail**

**David Samuel <davidsa@possiblymaybe.com>**

## Reasonable Accommodation

2 messages

**Reasonable Accommodations** <ra@shra.org>                    Wed, Feb 1, 2023 at 9:30 AM
To: "home@possiblymaybe.com" <home@possiblymaybe.com>, "shra@possiblymaybe.com"
<shra@possiblymaybe.com>

Hello,

As I mentioned in my previous email, we have received your request for an Informal Hearing and your hearing will be scheduled. Unfortunately, we are experiencing a delay as we are currently without a hearing officer.  However, we seem to be close to contracting with a new hearing officer very soon.  You will be notified of the date/time of the hearing as soon as it is scheduled. We apologize for the inconvenience.

If you would like to request a different accommodation, I am happy to assist you with that.  Please, let me know.  You can contact me by phone or email.  Phone number is below. Thank you.

Best,

Ibra Henley

Housing Choice Voucher (HCV)

Sacramento Housing and Redevelopment Agency

916.449.6346

www.shra.org



This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by other than the sender or the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

**David Samuel** <davidsa@possiblymaybe.com>                    Wed, Feb 1, 2023 at 1:01 PM
To: Reasonable Accommodations <ra@shra.org>

Hello,

Are we scheduling for one, or both reasonable accommodation denials?

We need to clearly state that this delay is not agreed to by us, and is a violation of both HUD policy and regulations, as well as FHA and ADA statutory requirements.

In our September reasonable accommodation request we requested in addition to the change in voucher size, we requested a payment standards adjustment, payment adjustment, and communication requirements among other things which were not addressed in the second denial letter.  Those requests are still open despite SHRA inactivity.

Can you also provide an email or TTY contact number for your legal team, as we need to check on service of process for the ongoing civil complaint.

David.
[Quoted text hidden]



**Payment Standards
Housing Choice Voucher Program**

E15

Families participating in the Housing Choice Voucher (HCV) program benefit from a subsidy each month to help pay their rent and utilities. The subsidy varies for each family depending upon the family's size and income.

The U. S. Department of Housing and Urban Development (HUD) has mandated 24 jurisdictions in the country, including the Housing Authority of Sacramento County, to begin using Fair Market Rents (FMRs) based on zip codes, called Small Area FMRs (SAFMRs), to establish payment standards. The Payment Standard is the maximum amount of assistance a family can receive and is based on the region's fair market rent and funding from HUD.

This is not the maximum rent that can be charged by landlords. This is the maximum amount a family can receive, but monthly assistance may be different.

The amount of rent a landlord can charge must be "reasonable" when compared to unassisted rental units in the neighborhood with similar amenities.

The chart below shows the Payment Standard for Sacramento County zip codes and the bedroom sizes listed.

### Payment Standards Effective January 1, 2023

| ZIP Code | Studio | One Bedroom | Two Bedroom | Three Bedroom | Four Bedroom | Five Bedroom |
|---|---|---|---|---|---|---|
| 95608 | $1,440 | $1,584 | $1,980 | $2,808 | $3,276 | $3,766 |
| 95610 | $1,524 | $1,668 | $2,100 | $2,988 | $3,480 | $4,002 |
| 95615 | $1,080 | $1,176 | $1,488 | $2,124 | $2,556 | $2,938 |
| 95621 | $1,500 | $1,644 | $2,064 | $2,928 | $3,420 | $3,932 |
| 95624 | $1,812 | $1,980 | $2,484 | $3,528 | $4,116 | $4,732 |
| 95626 | $1,740 | $1,908 | $2,400 | $3,408 | $3,972 | $4,567 |
| 95628 | $1,596 | $1,752 | $2,196 | $3,120 | $3,636 | $4,180 |
| 95630 | $2,016 | $2,208 | $2,772 | $3,936 | $4,584 | $5,271 |
| 95632 | $1,476 | $1,620 | $2,040 | $2,892 | $3,372 | $3,877 |
| 95638 | $1,488 | $1,632 | $2,052 | $2,916 | $3,396 | $3,904 |
| 95641 | $1,068 | $1,164 | $1,464 | $2,076 | $2,424 | $2,787 |
| 95652 | $1,476 | $1,620 | $2,028 | $2,880 | $3,360 | $3,864 |
| 95655 | $2,100 | $2,304 | $2,892 | $4,116 | $4,788 | $5,505 |
| 95660 | $1,392 | $1,524 | $1,908 | $2,712 | $3,156 | $3,628 |
| 95662 | $1,716 | $1,884 | $2,364 | $3,360 | $3,912 | $4,498 |
| 95670 | $1,368 | $1,500 | $1,884 | $2,676 | $3,120 | $3,588 |
| 95673 | $1,524 | $1,668 | $2,088 | $2,964 | $3,456 | $3,974 |
| 95683 | $2,292 | $2,520 | $3,156 | $4,488 | $5,220 | $6,002 |
| 95690 | $1,068 | $1,176 | $1,476 | $2,100 | $2,448 | $2,815 |



Equal Housing
Opportunity

**Sacramento Housing & Redevelopment Agency** 630 I Street, Sacramento CA 95814
(916) 440-1390 | TTY 711 or 1 (800) 855-7100 | www.shra.org



Rev. 9/26/22

| ZIP Code | Studio | One Bedroom | Two Bedroom | Three Bedroom | Four Bedroom | Five Bedroom |
|---|---|---|---|---|---|---|
| 95693 | $1,644 | $1,812 | $2,268 | $3,228 | $3,756 | $4,318 |
| 95742 | $2,292 | $2,520 | $3,156 | $4,488 | $5,220 | $6,002 |
| 95757 | $2,256 | $2,472 | $3,108 | $4,416 | $5,148 | $5,919 |
| 95758 | $1,644 | $1,800 | $2,256 | $3,204 | $3,732 | $4,291 |
| 95811 | $1,284 | $1,404 | $1,764 | $2,508 | $2,916 | $3,352 |
| 95814 | $1,512 | $1,656 | $2,076 | $2,952 | $3,432 | $3,946 |
| 95815 | $1,260 | $1,380 | $1,728 | $2,460 | $2,856 | $3,284 |
| 95816 | $1,776 | $1,956 | $2,448 | $3,480 | $4,056 | $4,664 |
| 95817 | $1,308 | $1,440 | $1,800 | $2,556 | $2,976 | $3,422 |
| 95818 | $1,644 | $1,800 | $2,256 | $3,204 | $3,732 | $4,291 |
| 95819 | $1,848 | $2,028 | $2,544 | $3,612 | $4,212 | $4,843 |
| 95820 | $1,416 | $1,548 | $1,944 | $2,760 | $3,216 | $3,698 |
| 95821 | $1,332 | $1,464 | $1,836 | $2,604 | $3,036 | $3,490 |
| 95822 | $1,452 | $1,584 | $1,992 | $2,832 | $3,300 | $3,794 |
| 95823 | $1,332 | $1,464 | $1,836 | $2,604 | $3,036 | $3,490 |
| 95824 | $1,200 | $1,320 | $1,656 | $2,352 | $2,736 | $3,146 |
| 95825 | $1,440 | $1,584 | $1,980 | $2,808 | $3,276 | $3,766 |
| 95826 | $1,416 | $1,548 | $1,944 | $2,760 | $3,216 | $3,698 |
| 95827 | $1,524 | $1,668 | $2,100 | $2,988 | $3,480 | $4,002 |
| 95828 | $1,428 | $1,560 | $1,956 | $2,784 | $3,240 | $3,726 |
| 95829 | $1,920 | $2,100 | $2,640 | $3,756 | $4,368 | $5,023 |
| 95830 | $1,920 | $2,100 | $2,628 | $3,744 | $4,356 | $5,008 |
| 95831 | $1,716 | $1,884 | $2,364 | $3,360 | $3,912 | $4,498 |
| 95832 | $1,740 | $1,908 | $2,388 | $3,396 | $3,948 | $4,539 |
| 95833 | $1,704 | $1,860 | $2,340 | $3,324 | $3,876 | $4,456 |
| 95834 | $1,620 | $1,776 | $2,232 | $3,168 | $3,696 | $4,250 |
| 95835 | $2,052 | $2,244 | $2,820 | $4,008 | $4,668 | $5,367 |
| 95837 | $1,500 | $1,572 | $2,004 | $2,832 | $3,360 | $3,864 |
| 95838 | $1,356 | $1,488 | $1,860 | $2,640 | $3,084 | $3,546 |
| 95841 | $1,380 | $1,512 | $1,896 | $2,700 | $3,144 | $3,615 |
| 95842 | $1,428 | $1,560 | $1,956 | $2,784 | $3,240 | $3,726 |
| 95843 | $1,656 | $1,812 | $2,280 | $3,240 | $3,780 | $4,346 |
| 95864 | $1,668 | $1,824 | $2,292 | $3,252 | $3,792 | $4,360 |



Equal Housing Opportunity

**Sacramento Housing & Redevelopment Agency**  630 I Street, Sacramento CA 95814
(916) 440-1390 | TTY 711 or 1 (800) 855-7100 | www.shra.org



Rev. 9/26/22



# E16

# HOUSING CHOICE VOUCHER
# EXTENSION NOTIFICATION

March 23, 2023

t0032944
Sydney Roberts
2328 EMPRESS ST 1
SACRAMENTO, CA 95815

RE: Sydney Roberts

**ORIGINAL VOUCHER EXPIRATION DATE:**        09/30/2022

Dear Participant:

☒    Your voucher has been granted a 3 extension(s) and will now expire on 05/08/2023.You must submit a completed and approvable Request for Tenancy Approval (RFTA) with all required documents attached no later than this date or you will not be eligible to receive assistance.

☐    Your voucher has not been extended because:

☒    Other: Voucher size has been increased to a 3 bedroom voucher as of 3/20/2023

PLEASE NOTE: You must submit a completed and approvable Request for Tenancy Approval (RFTA) with all required documents attached or a voucher extension request no later than the voucher expiration date or you could be terminated from the HCV program.

If your income or family size changes at any point, you must let your caseworker know right away to insure that you are paying the correct amount of rent.

Authorized by:

Troy Lynch
<u>Housing Caseworker</u>
(916) 440-1390





rev. 6/4/18 TT
rev: logo, verbiage, and numbers of extensions

E18

 **Gmail**

**David Samuel <davidsa@possiblymaybe.com>**

## Reasonable Accommodation

**Reasonable Accommodations** <ra@shra.org>                    Mon, Mar 20, 2023 at 5:37 PM
To: Reasonable Accommodations <ra@shra.org>, David Samuel <davidsa@possiblymaybe.com>

Hello Mr. Samuel,

Attached is a new decision related to your request for an additional bedroom and your request for housekeeping services.   Your request for a 3BR is approved as a reasonable accommodation.  (Housekeeping services are denied as this is a fundamental change to the Housing Choice Voucher program which provides rental subsidies for low-income families.)

Previously, your request for a 3rd bedroom was denied and you requested an Informal Hearing.  Please let us know if the Informal Hearing is no longer needed.

Regarding your question about if our Reasonable Accommodation Request forms were required, our RA request forms are provided as a service to our participants to ensure all the questions are answered.  Our form requests all of the essential information that the Committee needs to make their determination.  If we receive all the relevant information in another written format (i.e., a letter), that is fine.

[Quoted text hidden]
[Quoted text hidden]

---

📄 **Roberts, Sydney t0032944 App_Denial2023.pdf**
223K

Case 2:22-cv-01699-DJC-AC   Document 25   Filed 04/29/23   Page 46 of 79

| **Calculation Summary** |
| :---: |
| **Sydney Roberts (t0032944)** |
| **03/30/2023** |

| | | | |
| --- | --- | --- | --- |
| Program : | Section 8 Voucher | Project Number : | |
| Special Program Settings : | **ca007** | Caseworker : | **Lisa Macias** |
| Date Modified : | **03/30/2023** | | |
| Tenant Phone : | (512) 917-8112 | | |
| Unit Address : | **2328 EMPRESS ST 1 SACRAMENTO, CA 95815** | Mailing Address : | **2328 EMPRESS ST 1 SACRAMENTO, CA 95815** |

# E19

## Calculations Based On:

| | | | |
| --- | --- | --- | --- |
| Action Type : | **7** | Admit Date : | **11/06/2018** |
| Effective Date : | **03/30/2023** | Date Waitlisted : | |
| Next Re -exam Due : | **08/01/2023** | Zip Code at Admission : | |
| Status : | **Notice** | Move-In Date : | **11/06/2018** |

## Family Members:

| # | Last Name | First Name | Birth Date | Age | Sex | Relation | Citizen | Disabled | Race | Ethnicity |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| **1** | **Roberts** | **Sydney** | **05/12/1998** | **24** | **F** | **H** | **EC** | **N** | **1** | **1** |
| **2** | **Samuel** | **David** | **05/31/1974** | **48** | **M** | **S** | **EC** | **Y** | **2** | **2** |
| **3** | **Samuel** | **Artemis** | **07/30/2018** | **4** | **F** | **Y** | **EC** | **N** | **1** | **1** |
| **4** | **Samuel** | **Demeter** | **04/18/2022** | **0** | **M** | **Y** | **EC** | **N** | **2** | **2** |

## Assets :

| Family Member | Type Of Asset | Description | Cash Values Of Asset | Anticipated Income |
| --- | --- | --- | --- | --- |
| **Sydney Roberts** | **Checking** | **BankMobile** | **$1,039** | **$3** |
| | | **Totals :** | **$1,039** | **$ 3** |

| | | | |
| --- | --- | --- | --- |
| Passbook Rate : | **0.0013** | Imputed Income : | **$ 0** |
| | | Final Asset Income : | **$ 3** |

| Family Member | Income Code | Description | Dollars per Year | Income Excluded | Income after Exclusion | Deduction Type | Dollars per Year |
| --- | --- | --- | --- | --- | --- | --- | --- |
| **Sydney Roberts** | **T** | | **$4,440** | **$0** | **$4,440** | | **$0** |
| **David Samuel** | **SS** | | **$12,216** | **$0** | **$12,216** | | **$0** |
| | | | Total Annual Income : | | **$16,659** | Total Deduction : | **$ 0** |

## Allowances :

| | | |
| --- | --- | --- |
| Medical/disability Threshold % : | | $500 |
| Allowable disability assistance expense : | | $ 0 |
| Total out of pocket medical expenses : | | $ 0 |
| Total disability/medical expense : | | $ 0 |
| Medical/disability assistance allowance : | | **$ 0** |
| Elderly/disability allowance : | | **$400** |
| Number of dependent : | | 2 |
| Allowance per dependent : | X | $480 |
| Yearly child care cost : | | $ 0 |
| Total Permissible Deductions : | | **$ 0** |

## TTP Calculation:

| | | |
| --- | --- | --- |
| Total Annual Income : | **$16,659** | |
| Total Monthly Income : | $1,388 | |
| **10.0% of Total Monthly Income :** | $139 | * |
| Allowances : | **$1360** | |
| Adjusted annual income : | **$15,299** | |
| Adjusted Monthly Income : | $1,275 | |
| % of Adjusted Monthly Income : | 30.00 | |
| 30.00% of Adjusted Monthly Income | **$383** | * |
| **Welfare Rent :** | **$ 0** | * |
| **Minimum TTP :** | **$ 0** | * |

Thursday, March 30, 2023

# Calculation Summary For Sydney Roberts

Case 2:22-cv-01699-DJC-AC    Document 25    Filed 04/29/23    Page 47 of 79

**Total Allowances:** $1,360    **TTP:** $383 = **Highest Value**

## Voucher Calculation:

| | | | |
|---|---|---|---|
| Bedrooms on Voucher: | **3** | Lower of Pmt Standard & Gross Rent: | $1,333 |
| Payment Standard: | **$1,728** | TTP: - | **$383** |
| Contract Rent to Owner: | $1,205 | Total HAP: | **$950** |
| Utility Allowance: | $128 | | |
| Gross Rent: | **$1,333** | Contract Rent to Owner | $1,205 |
| Lower of Pmt Standard & Gross Rent: | **$1,333** | HAP to Owner: **-** | $950 |
| | | Full Subsidy Tenant Rent: | **$255** |
| 40% AMI: | **$510** | Full Subsidy Utility Reimbursement: | **$ 0** |

### First Month Proration:

| | |
|---|---|
| From: | **03/30/2023** |
| To: | **03/31/2023** |
| Partial Month HAP: | **$61.00** |
| Partial Month Tenant Rent: | **$16.00** |

## Owner Information:

Owner - Payments:

| | | | |
|---|---|---|---|
| Code: | **v0012272** | Address: | **3142 BODEGA BAY ROAD** |
| Name: | **STEELE HOLDING LLC** | | **WEST SACRAMENTO, CA 95691** |
| Phone: | **(916) 397-6635** | | |

Owner - Letters: **Same as Above**

## FSS Strikepoint Escrow Calculation

FSS Effective Date:

1. Tenant Rent
2. Mixed Family Flat Fee                                    -
3. Contract Rent exceeding the Payment Standard (HCV Only)  -
4. Strikepoint Amount                                       -
5. Monthly Escrow Credit

Thursday, March 30, 2023

E20



April 3, 2023

Sydney Roberts
1100 Howe Ave #126
Sacramento, CA 95825

SUBJECT:  NOTICE OF HEARING

Dear Mr/Mrs **Roberts:**

We received your request for a hearing regarding the matter below:

_____    Termination of your Section 8 eligibility.

_____    Change in your family's rent portion.

_____    Change in the unit size of your Certificate or Voucher.

X      Denial of Your Reasonable Accommodation

This is to notify you that you have been scheduled to meet with a Hearing Officer on **04.20.2023 at 3:00pm.**  The hearing will be held via ZOOM. Please, follow the link here; https://shra-org.zoom.us/j/89874208936


**Please call 916-449-6346 to confirm that you will attend this hearing at the stated time and date no later than 04.13.2023.** If you are unable to connect via Zoom video we can arrange to provide you with on-site assistance at our office at 630 I Street, Sacramento, CA 95814. You also have the option of calling into the Zoom meeting.  We have your email address as shra@possiblymaybe.com and this is where we will send the link to the meeting.  If this is no longer a good email address, please contact us to update it right away.

The Housing Authority made a decision on your case based on the information provided at the time.  If you submit new information for the Reasonable Accommodation (RA) Committee to consider or if your situation has changed, please, provide this written documentation to your caseworker 5 days prior to the hearing as it may affect the decision.  Note: the RA Committee may have to review and consider new information, prior to the hearing.

The Hearing Officer's function is to review the Housing Authority's decision to ensure that it is consistent with regulation and policy.

**If you should require the agency to provide a translator please call (916) 449-6346 no later than 5 days before the hearing, so that arrangements may be made.  Please feel free to leave a message including the client name and the language needed.**

If you are unable to attend this hearing at the scheduled date and time, please call the person

certifying this notice at (916) 449-6346.  If you arrive more than 15 minutes late or are unable to attend, please be prepared to show good cause why the hearing should be rescheduled. Good Cause is described below in Section 2b.

HEARING PROCESS

The following guidelines will be used to govern the informal hearing process for the Housing Choice Voucher (HCV) Programs administered by the Sacramento Housing and Redevelopment Agency (SHRA).

1.      Upon receipt of the hearing request, the proposed adverse action will be suspended pending the outcome of the hearing.

2.      The participant will be notified of the hearing in writing within 60 days of the receipt of the hearing request.  The notice shall specify:

    a.      The date, time and place of the hearing.

    b.      A contact person and phone number to be used to reschedule and continue hearings. Hearings will be continued only upon determination of "good cause," defined as an unavoidable conflict in a meeting time with another agency, doctor or company which seriously affects the health, safety or welfare of the participant or his/her immediate family.  Only one continuance will be allowed.

    c.      The procedures governing the informal hearing.

3.      The procedures governing the informal hearing will be as follows:

    a.      The participant has the right to examine the contents of his/her file.

    b.      The informal hearing shall only concern issues for which the participant has received a Notice of Adverse Action.

    c.      No additional evidence may be presented at hearing. All evidence would have been subject to review by the Reasonable Accommodation Committee, therefore if the participant wishes to submit additional evidence he or she should contact the Housing Authority and request to cancel the hearing, then submit the additional evidence to the committee.

    d.      The participant may be represented by an attorney or a designated representative at his or her own expense.  However, it will be required that SHRA will be given a minimum of ten (10) days advance notice of this intent.  SHRA reserves the right to have its own attorney present at such a proceeding.

    e.      Consistent with 24 CFR 966.55, hearing procedures will be conducted by any person or persons designated by SHRA other than the person who made or approved the decision under review or subordinate of such a person.

f.      Should the participant not appear at his/her scheduled hearing, he/she will be afforded three days to contact SHRA.  SHRA will reschedule the hearing with the understanding that the claimant will provide written documentation verifying "good cause" for his/her absence. The hearing will be rescheduled only one time. **If you need to reschedule your hearing, please contact the undersigned hearing coordinator at (916) 449-6346.**

4.      Participants will be notified of the results of the hearing as follows:

a.      A written Notice of Decision will be sent to the participant within fifteen (15) calendar days of the decision.

b.      The Notice of Decision shall contain the following:

(1)      A summary of the evidence for the decision;

(2)      If the decision is based upon money owed, the amount owed shall be stated;

(3)      The date the decision goes into effect; and

(4)      The amount of time the participant has to pursue a formal hearing by filing this cause of action in a court of law.

I certify that this notice was sent by first-class mail to the addressee above on 04.04.2023.


Signed _____
         Ibra Henley, Hearing Coordinator

# Notice of Reasonable Accommodations for Participants and Participant Families with Disabilities

**E21**

## (YOU MUST READ AND SIGN)

The Sacramento Housing Authority is a Public Housing Authority (PHA) that administers the Housing Choice Voucher (HCV) rent subsidy program to eligible families, which by definition include elderly, disabled, and single people. The PHA is not permitted to discriminate against applicants on the basis of race, religion, sex, national origin, disability or familial status. In addition, the PHA has a legal obligation to provide "reasonable accommodations" for participants of the HCV program if they or any family members have a disability.

A reasonable accommodation is some modification to procedures to provide assistance in seeking accessible housing in the HCV program that will assist an otherwise eligible participant family with a disability to take advantage of the PHA's program. Examples of reasonable accommodations might include, but are not necessarily limited to:

- Provide HCV participants a list of private owners with accessible rental units
- Take into account the special problem of ability to locate an accessible unit when considering requests for an extension of Housing Vouchers by eligible individuals with a disability
- Permitting an outside agency to help a participant with a disability meet the PHA's continued eligibility criteria for the HCV program

A participant family that has a member with a disability must still be able to meet essential obligations of tenancy, i.e. they must be able to pay rent, to care for their unit, to report required information to the Housing Authority, to avoid disturbing their neighbors, etc. but there is no requirement that they be able to do these things without assistance.

*If you or a member of your family have a disability and think you might need or want a reasonable accommodation, you may request it at any time in the HCV briefing process or during yearly program obligations. This is up to you. If you would prefer not to discuss your situation with the Housing Authority, this is your right.*

Participants are advised that their failure to disclose that they or a family member is disabled may result in the loss of certain financial deductions in the calculations of rent.

---

**Certification of Understanding**

**I have read and understand the above notice regarding "Reasonable Accommodations for Participants or Participant Families with Disabilities."**

Don't forget to complete this portion.



_____
Signature of Participant Head of Household

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
_____
Social Security Number

4/29/2023
_____
Date

OMB Control # 2502-0581
Exp. (02/28/2019)

Supplemental and Optional Contact Information for HUD-Assisted Housing Applicants

## SUPPLEMENT TO APPLICATION FOR FEDERALLY ASSISTED HOUSING

This form is to be provided to each applicant for federally assisted housing

# E22

**Instructions: Optional Contact Person or Organization**: You have the right by law to include as part of your application for housing, the name, address, telephone number, and other relevant information of a family member, friend, or social, health, advocacy, or other organization. This contact information is for the purpose of identifying a person or organization that may be able to help in resolving any issues that may arise during your tenancy or to assist in providing any special care or services you may require. **You may update, remove, or change the information you provide on this form at any time.** You are not required to provide this contact information, but if you choose to do so, please include the relevant information on this form.

| | |
|---|---|
| **Applicant Name:** | Sydney B Roberts |
| **Mailing Address:** | 1100 Howe Ave, Apt 126, Sacramento, CA 95825 |

| Telephone No: | **Cell Phone No:** 9165983124 |
|---|---|

**Name of Additional Contact Person or Organization:**
Ashley I. Valentine with Sacramento Self Help Housing/ Sacramento Self Help Housing

**Address:**
P.O. Box 188445 Sacramento, CA 95818

| **Telephone No:** 1-916-341-0593 | **Cell Phone No:** 1-916-767-4812 |
|---|---|

**E-Mail Address (if applicable):** avalentine@sacselfhelp.org

**Relationship to Applicant:** Housing Locator

**Reason for Contact:** (Check all that apply)

| | | |
|---|---|---|
| [X] Emergency | [X] Assist with Recertification Process |
| [X] Unable to contact you | [X] Change in lease terms |
| [X] Termination of rental assistance | [X] Change in house rules |
| [X] Eviction from unit | [X] Other: All Housing Matters |
| [X] Late payment of rent | |

**Commitment of Housing Authority or Owner:** If you are approved for housing, this information will be kept as part of your tenant file. If issues arise during your tenancy or if you require any services or special care, we may contact the person or organization you listed to assist in resolving the issues or in providing any services or special care to you.

**Confidentiality Statement:** The information provided on this form is confidential and will not be disclosed to anyone except as permitted by the applicant or applicable law.

**Legal Notification:** Section 644 of the Housing and Community Development Act of 1992 (Public Law 102-550, approved October 28, 1992) requires each applicant for federally assisted housing to be offered the option of providing information regarding an additional contact person or organization. By accepting the applicant's application, the housing provider agrees to comply with the non-discrimination and equal opportunity requirements of 24 CFR section 5.105, including the prohibitions on discrimination in admission to or participation in federally assisted housing programs on the basis of race, color, religion, national origin, sex, disability, and familial status under the Fair Housing Act, and the prohibition on age discrimination under the Age Discrimination Act of 1975.

[ ] Check this box if you choose not to provide the contact information.

| | |
|---|---|
| _signature_ | 06/09/2020 |
| Signature of Applicant | Date |

The information collection requirements contained in this form were submitted to the Office of Management and Budget (OMB) under the Paperwork Reduction Act of 1995 (44 U.S.C. 3501-3520). The public reporting burden is estimated at 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Section 644 of the Housing and Community Development Act of 1992 (42 U.S.C. 13604) imposed on HUD the obligation to require housing providers participating in HUD's assisted housing programs to provide any individual or family applying for occupancy in HUD-assisted housing with the option to include in the application for occupancy the name, address, telephone number, and other relevant information of a family member, friend, or person associated with a social, health, advocacy, or similar organization. The objective of providing such information is to facilitate contact by the housing provider with the person or organization identified by the tenant to assist in providing any delivery of services or special care to the tenant and assist with resolving any tenancy issues arising during the tenancy of such tenant. This supplemental application information is to be maintained by the housing provider and maintained as confidential information. Providing the information is basic to the operations of the HUD Assisted-Housing Program and is voluntary. It supports statutory requirements and program and management controls that prevent fraud, waste and mismanagement. In accordance with the Paperwork Reduction Act, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information, unless the collection displays a currently valid OMB control number.

Privacy Statement: Public Law 102-550, authorizes the Department of Housing and Urban Development (HUD) to collect all the information (except the Social Security Number (SSN)) which will be used by HUD to protect disbursement data from fraudulent actions.

Form HUD- 92006 (05/09)

**E23**

# Voucher

Housing Choice Voucher Program

**U.S. Department of Housing and Urban Development**
Office of Public and Indian Housing

OMB No. 2577-0169
(Exp. 04/30/2018)

Public Reporting Burden for this collection of information is estimated to average 0.05 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. This agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless that collection displays a valid OMB control number. Assurances of confidentiality are not provided under this collection. This collection of information is authorized under Section 8 of the U.S. Housing Act of 1937 (42 U.S.C. 1437f). The information is used to authorize a family to look for an eligible unit and specifies the size of the unit. The information also sets forth the family's obligations under the Housing Choice Voucher Program.

**Privacy Act Statement.** The Department of Housing and Urban Development (HUD) is authorized to collect the information required on this form by Section 8 of the U.S. Housing Act of 1937 (42 U.S.C. 1437f). Collection of family members' names is mandatory. The information is used to authorize a family to look for an eligible unit and specifies the size of the unit. The information also sets forth the family's obligations under the Housing Choice Voucher Program. HUD may disclose this information to Federal, State and local agencies when relevant to civil, criminal, or regulatory investigations and prosecutions. It will not be otherwise disclosed or released outside of HUD, except as permitted or required by law. Failure to provide any of the information may result in delay or rejection of family voucher issuance.

| Please read **entire** document before completing form. Fill in all blanks below. Type or print clearly. | Voucher Number t0032944 |
|---|---|
| 1. Insert **unit size** in number of bedrooms. (This is the number of bedrooms for which the Family qualifies, and is used in determining the amount of assistance to be paid on behalf of the Family to the owner.) | 1. Unit Size 2 |
| 2. **Date Voucher Issued (mm/dd/yyyy)** Insert actual date the Voucher is issued to the Family. | 2. Issue Date (mm/dd/yyyy) 09/14/2018 |
| 3. **Date Voucher Expires (mm/dd/yyyy)** Insert date sixty days after date Voucher is issued. (See Section 6 of this form.) | 3. Expiration Date (mm/dd/yyyy) 01/12/2019 |
| 4. **Date Extension Expires** (if applicable)(mm/dd/yyyy) (See Section 6. of this form) | 4. Date Extension Expires (mm/dd/yyyy) No Extension |
| 5. Name of Family Representative Sydney Roberts | 6. Signature of Family Representative | Date Signed (mm/dd/yyyy) 09 14.2018 |
| 7. Name of Public Housing Agency (PHA) Sacramento Housing Authority | | |
| 8. Name and Title of PHA Official Annalicia Ventura - Eligibility Specialist | 9. Signature of PHA Official | Date Signed (mm/dd/yyyy) 9/14/18 |

**1. Housing Choice Voucher Program**

A. The public housing agency (PHA) has determined that the above named family (item 5) is eligible to participate in the housing choice voucher program. Under this program, the family chooses a decent, safe and sanitary unit to live in. If the owner agrees to lease the unit to the family under the housing choice voucher program, and if the PHA approves the unit, the PHA will enter into a housing assistance payments (HAP) contract with the owner to make monthly payments to the owner to help the family pay the rent.

B. The PHA determines the amount of the monthly housing assistance payment to be paid to the owner. Generally, the monthly housing assistance payment by the PHA is the difference between the applicable payment standard and 30 percent of monthly adjusted family income. In determining the maximum initial housing assistance payment for the family, the PHA will use the payment standard in effect on the date the tenancy is approved by the PHA. The family may choose to rent a unit for more than the payment standard, but this choice does not change the amount of the PHA's assistance payment. The actual amount of the PHA's assistance payment will be determined using the gross rent for the unit selected by the family.

**2. Voucher**

A. When issuing this voucher the PHA expects that if the family finds an approvable unit, the PHA will have the money available to enter into a HAP contract with the owner. However, the PHA is under no obligation to the family, to any owner, or to any other person, to approve a tenancy. The PHA does not have any liability to any party by the issuance of this voucher.

B. The voucher does not give the family any right to participate in the PHA's housing choice voucher program. The family becomes a participant in the PHA's housing choice voucher program when the HAP contract between the PHA and the owner takes effect.

C. During the initial or any extended term of this voucher, the PHA may require the family to report progress in leasing a unit at such intervals and times as determined by the PHA.

form **HUD-52646** (04/2015)
ref. Handbook 7420.8

**3. PHA Approval or Disapproval of Unit or Lease**

A.  When the family finds a suitable unit where the owner is willing to participate in the program. the family must give the PHA the request for tenancy approval (on the form supplied by the PHA). signed by the owner and the family, and a copy of the lease, including the HUD-prescribed tenancy addendum. **Note: Both documents must be given to the PHA no later than the expiration date stated in item 3 or 4 on top of page one of this voucher.**

B.  The family must submit these documents in the manner that is required by the PHA. PHA policy may prohibit the family from submitting more than one request for tenancy approval at a time.

C.  The lease must include, word-for-word, all provisions of the tenancy addendum required by HUD and supplied by the PHA. This is done by adding the HUD tenancy addendum to the lease used by the owner. If there is a difference between any provisions of the HUD tenancy addendum and any provisions of the owner's lease. the provisions of the HUD tenancy addendum shall control.

D.  After receiving the request for tenancy approval and a copy of the lease. the PHA will inspect the unit. The PHA may not give approval for the family to lease the unit or execute the HAP contract until the PHA has determined that all the following program requirements are met: the unit is eligible: the unit has been inspected by the PHA and passes the housing quality standards (HQS); the rent is reasonable; and the landlord and tenant have executed the lease including the HUD-prescribed tenancy addendum.

E.  If the PHA approves the unit. the PHA will notify the family and the owner. and will furnish two copies of the HAP contract to the owner.

1.  The owner and the family must execute the lease.

2.  The owner must sign both copies of the HAP contract and must furnish to the PHA a copy of the executed lease and both copies of the executed HAP contract.

3.  The PHA will execute the HAP contract and return an executed copy to the owner.

F.  If the PHA determines that the unit or lease cannot be approved for any reason, the PHA will notify the owner and the family that:

1.  The proposed unit or lease is disapproved for specified reasons. and

2.  If the conditions requiring disapproval are remedied to the satisfaction of the PHA on or before the date specified by the PHA, the unit or lease will be approved.

**4. Obligations of the Family**

A.  When the family's unit is approved and the HAP contract is executed. the family must follow the rules listed below in order to continue participating in the housing choice voucher program.

B.  The family must:

1.  Supply any information that the PHA or HUD determines to be necessary including evidence of citizenship or eligible immigration status, and information for use in a regularly scheduled reexamination or interim reexamination of family income and composition.

2.  Disclose and verify social security numbers and sign and submit consent forms for obtaining information.

3.  Supply any information requested by the PHA to verify that the family is living in the unit or information related to family absence from the unit.

4.  Promptly notify the PHA in writing when the family is away from the unit for an extended period of time in accordance with PHA policies.

5.  Allow the PHA to inspect the unit at reasonable times and after reasonable notice.

6.  Notify the PHA and the owner in writing before moving out of the unit or terminating the lease.

7.  Use the assisted unit for residence by the family. The unit must be the family's only residence.

8.  Promptly notify the PHA in writing of the birth, adoption, or court-awarded custody of a child.

9.  Request PHA written approval to add any other family member as an occupant of the unit.

10. Promptly notify the PHA in writing if any family member no longer lives in the unit.

11. Give the PHA a copy of any owner eviction notice.

12. Pay utility bills and provide and maintain any appliances that the owner is not required to provide under the lease.

C.  Any information the family supplies must be true and complete.

D.  The family (including each family member) must not:

1.  Own or have any interest in the unit (other than in a cooperative, or the owner of a manufactured home leasing a manufactured home space).

2.  Commit any serious or repeated violation of the lease.

3.  Commit fraud, bribery or any other corrupt or criminal act in connection with the program.

4.  Engage in drug-related criminal activity or violent criminal activity or other criminal activity that threatens the health, safety or right to peaceful enjoyment of other residents and persons residing in the immediate vicinity of the premises.

5.  Sublease or let the unit or assign the lease or transfer the unit.

form **HUD-52646** (04/2015)
ref. Handbook 7420.8

6. Receive housing choice voucher program housing assistance while receiving another housing subsidy, for the same unit or a different unit under any other Federal, State or local housing assistance program.

7. Damage the unit or premises (other than damage from ordinary wear and tear) or permit any guest to damage the unit or premises.

8. Receive housing choice voucher program housing assistance while residing in a unit owned by a parent, child, grandparent, grandchild, sister or brother of any member of the family, unless the PHA has determined (and has notified the owner and the family of such determination) that approving rental of the unit, notwithstanding such relationship, would provide reasonable accommodation for a family member who is a person with disabilities.

9. Engage in abuse of alcohol in a way that threatens the health, safety or right to peaceful enjoyment of the other residents and persons residing in the immediate vicinity of the premises

**5. Illegal Discrimination**

If the family has reason to believe that, in its search for suitable housing, it has been discriminated against on the basis of age, race, color, religion, sex, disability, national origin, or familial status, the family may file a housing discrimination complaint with any HUD Field Office in person, by mail, or by telephone. The PHA will give the family information on how to fill out and file a complaint.

**6. Expiration and Extension of Voucher**

The voucher will expire on the date stated in item 3 on the top of page one of this voucher unless the family requests an extension in writing and the PHA grants a written extension of the voucher in which case the voucher will expire on the date stated in item 4. At its discretion, the PHA may grant a family's request for one or more extensions of the initial term.

**Human Assistance**
Ann Edwards, Director



**County of Sacramento**

**Branches**
Customer Service Centers Operations
Program Policy, Planning Administration
and Oversight

# E24

May 16th, 2019

RE: David Samuel (DOB 5/31/1974)
SS #: XXX-XX-8122

To Whom It May Concern:

Mr. David Samuel (DOB 5/31/1974) is a client of the Sacramento County Flexible Supportive Rehousing Program (FSRP) and is receiving intensive case management services through our partner, Hope Cooperative or TLCS Inc.  The purpose of this program is to assist clients who are identified as frequent users of County systems with transitioning from homelessness to permanent housing by providing intensive individualized case management services in the community, as well as permanent housing assistance.

As a part of this program and in addition to ongoing case management, Mr. Samuel is guaranteed to have his monthly rent paid for through our property related tenant service provider, Sacramento Self Help Housing. Our program FSRP does not assist with any other services so our clients would still have other cost of living expenses.

If you have any questions regarding Mr. Samuel's participation in FSRP, please contact his Case Manager, Kelly Tupper, directly at 916-701-7357 or ktupper@tlcssac.org.

Thank you for your support and partnership in Mr. Samuel's case.

Sincerely,

Neil Kurtz
Flexible Supportive Rehousing Program Social Worker
KurtzN@SacCounty.net
916-875-3638

---

1825 Bell Street, Suite 200  •  Sacramento, California 95825  •  phone (916) 875-3601  •  fax (916) 875-3591  •  www.saccounty.net

# Voucher
## Housing Choice Voucher Program

**U.S. Department of Housing
and Urban Development
Office of Public and Indian Housing**

OMB No. 2577-0169
(exp. 07/31/2022)

Public Reporting Burden for this collection of information is estimated to average 0.05 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. This agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless that collection displays a valid OMB control number. Assurances of confidentiality are not provided under this collection. This collection of information is authorized under Section 8 of the U.S. Housing Act of 1937 (42 U.S.C. 1437f). The information is used to authorize a family to look for an eligible unit and specifies the size of the unit. The information also sets forth the family's obligations under the Housing Choice Voucher Program.

**Privacy Act Statement.** The Department of Housing and Urban Development (HUD) is authorized to collect the information required on this form by Section 8 of the U.S. Housing Act of 1937 (42 U.S.C. 1437f). Collection of family members' names is mandatory. The information is used to authorize a family to look for an eligible unit and specifies the size of the unit. The information also sets forth the family's obligations under the Housing Choice Voucher Program. HUD may disclose this information to Federal, State and local agencies when relevant to civil, criminal, or regulatory investigations and prosecutions. It will not be otherwise disclosed or released outside of HUD, except as permitted or required by law. Failure to provide any of the information may result in delay or rejection of family voucher issuance.

| Please read **entire** document before completing form<br>Fill in all blanks below. Type or print clearly. | Voucher Number<br>t0032944 |
|---|---|
| 1. Insert **unit size** in number of bedrooms. (This is the number of bedrooms for which the Family qualifies, and is used in determining the amount of assistance to be paid on behalf of the Family to the owner.) | 1. Unit Size<br>2 |
| 2. **Date Voucher Issued (mm/dd/yyyy)**<br>Insert actual date the Voucher is issued to the Family. | 2. Issue Date (mm/dd/yyyy)<br>06/02/2022 |
| 3. **Date Voucher Expires (mm/dd/yyyy)** must be at least sixty days after date issued. Voucher is issued. (See Section 6 of this form.) | 3. Expiration Date (mm/dd/yyyy)<br>09/30/2022 |
| 4. **Date Extension Expires** (if applicable)(mm/dd/yyyy)<br>(See Section 6. of this form) | 4. Date Extension Expires (mm/dd/yyyy)<br>No Extension |

| 5. Name of Family Representative<br>Sydney Roberts | 6. Signature of Family Representative | Date Signed (mm/dd/yyyy)<br>6/2/2022 |
|---|---|---|

7. Name of Public Housing Agency (PHA)   CA007 - County of Sacramento HA

| 8. Name and Title of PHA Official<br>Lisa Macias | 9. Signature of PHA Official  | Date Signed (mm/dd/yyyy)<br>6/2/2022 |
|---|---|---|

## 1. Housing Choice Voucher Program

A. The public housing agency (PHA) has determined that the above named family (item 5) is eligible to participate in the housing choice voucher program. Under this program, the family chooses a decent, safe and sanitary unit to live in. If the owner agrees to lease the unit to the family under the housing choice voucher program, and if the PHA approves the unit, the PHA will enter into a housing assistance payments (HAP) contract with the owner to make monthly payments to the owner to help the family pay the rent.

B. The PHA determines the amount of the monthly housing assistance payment to be paid to the owner. Generally, the monthly housing assistance payment by the PHA is the difference between the applicable payment standard and 30 percent of monthly adjusted family income. In determining the maximum initial housing assistance payment for the family, the PHA will use the payment standard in effect on the date the tenancy is approved by the PHA. The family may choose to rent a unit for more than the payment standard, but this choice does not change the amount of the PHA's assistance payment. The actual amount of the PHA's assistance payment will be determined using the gross rent for the unit selected by the family.

## 2. Voucher

A. When issuing this voucher the PHA expects that if the family finds an approvable unit, the PHA will have the money available to enter into a HAP contract with the owner. However, the PHA is under no obligation to the family, to any owner, or to any other person, to approve a tenancy. The PHA does not have any liability to any party by the issuance of this voucher.

B. The voucher does not give the family any right to participate in the PHA's housing choice voucher program. The family becomes a participant in the PHA's housing choice voucher program when the HAP contract between the PHA and the owner takes effect.

C. During the initial or any extended term of this voucher, the PHA may require the family to report progress in leasing a unit at such intervals and times as determined by the PHA.

Previous editions obsolete

Page 1 of 3

form **HUD-52646** (07/2019)

### 3. PHA Approval or Disapproval of Unit or Lease

A.  When the family finds a suitable unit where the owner is willing to participate in the program, the family must give the PHA the request for tenancy approval (on the form supplied by the PHA), signed by the owner and the family, and a copy of the lease, including the HUD-prescribed tenancy addendum. **Note: Both documents must be given to the PHA no later than the expiration date stated in item 3 or 4 on top of page one of this voucher.**

B.  The family must submit these documents in the manner that is required by the PHA. PHA policy may prohibit the family from submitting more than one request for tenancy approval at a time.

The lease must include, word-for-word, all provisions of the tenancy addendum required by HUD and supplied by the PHA. This is done by adding the HUD tenancy addendum to the lease used by the owner. If there is a difference between any provisions of the HUD tenancy addendum and any provisions of the owner's lease, the provisions of the HUD tenancy addendum shall control.

D. After receiving the request for tenancy approval and a copy of the lease, the PHA will inspect the unit. The PHA may not give approval for the family to lease the unit or execute the HAP contract until the PHA has determined that all the following program requirements are met: the unit is eligible; the unit has been inspected by the PHA and passes the housing quality standards (HQS); the rent is reasonable; and the landlord and tenant have executed the lease including the HUD-prescribed tenancy addendum.

E. If the PHA approves the unit, the PHA will notify the family and the owner, and will furnish two copies of the HAP contract to the owner.

1.  The owner and the family must execute the lease.

2.  The owner must sign both copies of the HAP contract and must furnish to the PHA a copy of the executed lease and both copies of the executed HAP contract.

3.  The PHA will execute the HAP contract and return an executed copy to the owner.

F. If the PHA determines that the unit or lease cannot be approved for any reason, the PHA will notify the owner and the family that:

1. The proposed unit or lease is disapproved for specified reasons, and

2. If the conditions requiring disapproval are remedied to the satisfaction of the PHA on or before the date specified by the PHA, the unit or lease will be approved.

### 4. Obligations of the Family

A. When the family's unit is approved and the HAP contract is executed, the family must follow the rules listed below in order to continue participating in the housing choice voucher program.

B. The family must:

1.  Supply any information that the PHA or HUD determines to be necessary including evidence of citizenship or eligible immigration status, and information for use in a regularly scheduled reexamination or interim reexamination of family income and composition.

2.  Disclose and verify social security numbers and sign and submit consent forms for obtaining information.

3.  Supply any information requested by the PHA to verify that the family is living in the unit or information related to family absence from the unit.

4.  Promptly notify the PHA in writing when the family is away from the unit for an extended period of time in accordance with PHA policies.

5.  Allow the PHA to inspect the unit at reasonable times and after reasonable notice.

6.  Notify the PHA and the owner in writing before moving out of the unit or terminating the lease.

7.  Use the assisted unit for residence by the family. The unit must be the family's only residence.

8.  Promptly notify the PHA in writing of the birth, adoption, or court-awarded custody of a child.

9.  Request PHA written approval to add any other family member as an occupant of the unit.

10. Promptly notify the PHA in writing if any family member no longer lives in the unit. Give the PHA a copy of any owner eviction notice.

11. Pay utility bills and provide and maintain any appliances that the owner is not required to provide under the lease.

C. Any information the family supplies must be true and complete.

D. The family (including each family member) must not:

1.  Own or have any interest in the unit (other than in a cooperative, or the owner of a manufactured home leasing a manufactured home space).

2.  Commit any serious or repeated violation of the lease.

3.  Commit fraud, bribery or any other corrupt or criminal act in connection with the program.

4.  Engage in drug-related criminal activity or violent criminal activity or other criminal activity that threatens the health, safety or right to peaceful enjoyment of other residents and persons residing in the immediate vicinity of the premises.

5.  Sublease or let the unit or assign the lease or transfer the unit.

6. Receive housing choice voucher program housing assistance while receiving another housing subsidy, for the same unit or a different unit under any other Federal, State or local housing assistance program.

7. Damage the unit or premises (other than damage from ordinary wear and tear) or permit any guest to damage the unit or premises.

8. Receive housing choice voucher program housing assistance while residing in a unit owned by a parent, child, grandparent, grandchild, sister or brother of any member of the family, unless the PHA has determined (and has notified the owner and the family of such determination) that approving rental of the unit, notwithstanding such relationship, would provide reasonable accommodation for a family member who is a person with disabilities.

9. Engage in abuse of alcohol in a way that threatens the health, safety or right to peaceful enjoyment of the other residents and persons residing in the immediate vicinity of the premises

### 5. Illegal Discrimination

If the family has reason to believe that, in its search for suitable housing, it has been discriminated against on the basis of age, race, color, religion, sex, disability, national origin, or familial status, the family may file a housing discrimination complaint with any HUD Field Office in person, by mail, or by telephone. The PHA will give the family information on how to fill out and file a complaint.

### 6. Expiration and Extension of Voucher

The voucher will expire on the date stated in item 3 on the top of page one of this voucher unless the family requests an extension in writing and the PHA grants a written extension of the voucher in which case the voucher will expire on the date stated in item 4. At its discretion, the PHA may grant a family's request for one or more extensions of the initial term.

**E26**



# NOTICE OF INCOMPLETE INTERIM

May 12, 2022

**OPS**
Sydney Roberts
1100 Howe Ave. #126
Sacramento, CA 95825

RE: Sydney Roberts                    Tenant code: t0032944

Dear Sydney Roberts:

The Housing Authority received your reported income and/or family composition change(s). In order to process your reported change(s), the Housing Authority needs additional documents from you. To avoid delaying the processing of your requested change and the possible termination of your program eligibility, please submit the requested documents as listed below by May 19, 2022 along with this letter:

DOCUMENTS STILL REQUIRED:

☐ Current un-employment verification

☐ Current Certification of No-Income form

☐ Last three current and consecutive pay stubs

☐ Separation letter from employer

☐ Current payment ledger from the Department of Child Support Services

☒ Other - 1. copy of the Government Issued birth certificate for Demeter;

2. copy of Demeter's social security card;

3. Declaration of Section 214 form completed for Demeter.

PLEASE NOTE: If you fail to provide the above documentation by the date specified above, your reported change(s) will be voided, the interim will be closed without processing, and your program participation may be terminated.

Sincerely,

Lisa Macias
Housing Caseworker
(916) 440-1390



Sacramento Housing & Redevelopment Agency 530 I Street | ... w.shra.org



rev 6/17/16 62001



# E27

CHANGING LIVES

June 02, 2022

## Voucher Issuance Appointment Notice

**OPS**
Sydney Roberts
1100 HOWE AVE #126
SACRAMENTO, CA 95825

| Tenant Code: t0032944 |
| --- |

You have requested to move with continued housing assistance on the Housing Choice Voucher (HCV) program. It was determined that you are qualified to move at this time. Please read the following information because it may affect your ability to successfully lease up at a new location.

- MAXIMUM FAMILY CONTRIBUTION: Your total family contribution cannot exceed $510 More information will be given to you at the mover's session as scheduled below.

- VOUCHER SIZE: You are qualified for a 2 bedroom voucher

- NOTICE REQUIREMENTS: A minimum 30-day notice is required; however, you can give more than 30 days' notice. You MUST turn in a copy of the Intent to Vacate Notice attached to the Request for Tenancy Approval (RFTA)
       -- DO NOT GIVE NOTICE TO YOUR LANDLORD AT THIS TIME --

**Electronic Voucher Issuance**:
### 06/02/2022 at 9:00 am
**You will be contacted by phone on the above date and time.**
**(Please do not come to the office)**
**At this time, you will receive a link on the cell phone number and/or the email address you provided us to electronically complete the voucher issuance process online.**

If you do not electronically sign during this appointment, your move process will be canceled and you will need to request for another appointment in writing to restart the process.

If you require a special accommodation of a disability, please call (916) 440-1390. The mover's session presentation is online at https://www.shra.org/briefing/ is presented in English. If you are unable to understand English and need an interpreter, please contact us.

Sincerely,
Lisa Macias
Caseworker



Equal Housing
Opportunity



 Gmail

E28

**David Samuel <davidsa@possiblymaybe.com>**

## Additional Reasonable Accommodation Requests

**David Samuel** <davidsa@possiblymaybe.com>                                     Fri, Sep 23, 2022 at 3:49 PM
To: Reasonable Accommodations <ra@shra.org>

Please find attached our request for additional reasonable accommodations.

If you have any questions or concerns, please contact us at this email address.

---

📄 **SHRA_Reasonable_Accommodation_Request_2.pdf**
27K

# E29

 **Rent Affordability Worksheet For Housing Choice Voucher Program**

September 29, 2022

**Name:** Sydney Roberts  **Tenant Code:** t0032944
**Prospective Address:** 1100 Howe Ave  **Thomas Grid:**
**Voucher Issue Date:** 08-01-2022  **Voucher Expiration Date:** 08-01-2023

1. Authorized Voucher Size:   3
2. Total BR Size of Unit:   3
3. Authorized Payment Standard for zipcode 95825 (from schedule using lower of voucher size and unit size):   2,574
4. Utility Allowance (from schedule using lower of voucher size and unit size):   262

> Unit Type: HCV apartments
> Cooking - Electric: 13
> Heating - Natural Gas: 31
> Water Heating - Natural Gas: 21
> Other Electric: 46
> Flat Fee Electric: 23
> Air Conditioning: 23
> Water: 47
> Sewer: 18
> Trash: 40

5. How much is the rent?:   2,160
6. Gross Rent of Unit (Contract Rent plus Utility Allowance):   2422

**If Gross Rent is less than Payment Standard (line 6 < line 3) then unit is approvable. You can stop here. Otherwise 40% rule (below) applies.**

7. Adjusted Monthly Income (ami):   1275
8. Unadjusted Monthly Income (umi):   1388
9. TTP (higher of 30% of ami or 10% of umi or $50):   382
10. Total Housing Payment (GR - TTP):   2040
11. Tenant's Portion of Rent (Contract Rent - Total Housing Payment):   120
Note: if this amount is hegative, it is sent to the tenant, called utility reimbursement payment, and tenant rent to owner is zero
12. 40% of adjusted monthly:   510

**40% Rule: If Tenant Portion of Rent plus Utility Allowance is less than 40% of monthly adjusted income, (line 11 plus 4 < line 12) then unit is approvable**

## This unit is approvable

**E30**

| | FOR COURT USE ONLY |
|---|---|
| COURT:<br>Superior Court of California, County of Sacramento<br>Unlawful Detainer Division<br>301 Bicentennial Circle<br>Sacramento, CA 95826-2701  -  (916) 875-7746 | |

CASE TITLE:
OP ELEVEN HUNDRED LLC vs. SACRAMENTO SELF HELP HOUSING

| **NOTICE OF FILING UNLAWFUL DETAINER COMPLAINT**<br>(C.C.P. Section 1161.2) | CASE NUMBER:<br>**22UD04116** |
|---|---|

[1161]

ALL OCCUPANTS
1100 HOWE AVENUE APT. #126
SACRAMENTO, CA 95825

Dated: 10/28/2022

You are hereby notified that an Unlawful Detainer complaint (eviction action) has been filed against you. Access to the court file, index, register of action or other records will be delayed for 60 days except to a party, an attorney for one of the parties, or any other person who:

(1) Provides to the clerk the names of at least one plaintiff and one defendant in the action and proves to the clerk the address, including any applicable apartment, unit or space number of the subject premises, or

(2) Provides to the clerk the name of one of the parties in the action or the case number and can establish through proper identification he or she lives at the address described in the complaint, or

(3)  Shows good cause pursuant to an ex parte order

*Please note: A Commissioner may sit as a temporary judge for this case.*

IMPORTANT NOTICE FROM THE STATE OF CALIFORNIA – **YOU MUST TAKE ACTION TO AVOID AN EVICTION**: As part of the state's COVID-19 relief plan, money has been set aside to help renters who have fallen behind on rent or utility payments.

If you are behind on rent or utility payment, YOU SHOULD COMPLETE A RENTAL ASSISTANCE APPLICATION IMMEDIATELY! It is free and simple to apply. Citizenship or immigration status does not matter. You can find out how to start your application by calling 1-833-430-2122 or visiting http://housingiskey.com right away.

**Sacramento County Bar Association – *Phone:* (916) 564-3780 – *Website:* www.sacbar.org**

Do not call the court for legal advice. For legal advice or mediation services you may call:

| LEGAL ADVICE ONLY | LEGAL ADVICE AND MEDIATION SERVICES |
|---|---|
| **Legal Services of Northern California**<br>515 12th Street *(3 blocks from downtown courthouse)*<br>Sacramento, CA 95814<br>***Phone:*** (916) 551-2150 ***Website:*** *www.lsnc.net* | **Unlawful Detainer Mediation Services**<br>301 Bicentennial Circle, 3rd Floor<br>Sacramento, CA 95826<br>***Phone:*** (916) 875-7843 or (916)875-7846<br><br>**Email**: *scudadvisors@saccourt.ca.gov* for legal advice<br>***Website:*** *www.saccourt.ca.gov/ud/mediation.aspx* |

*"The State Bar of California certifies lawyer referral services in California and publishes a list of certified lawyer referral services organized by county. To locate a lawyer referral service in your county, go to the State Bar's website at www.calbar.ca.gov or call 1-866-442-2529." – CCP 1161.2.*

| COURT:<br>Superior Court of California, County of Sacramento<br>Unlawful Detainer Division<br>301 Bicentennial Circle<br>Sacramento, CA 95826-2701 - (916) 875-7746 | FOR COURT USE ONLY |
|---|---|
| CASE TITLE:<br>OP ELEVEN HUNDRED LLC vs. SACRAMENTO SELF HELP HOUSING | |

| **NOTICE OF FILING UNLAWFUL DETAINER COMPLAINT**<br>(C.C.P. Section 1161.2) | CASE NUMBER:<br>**22UD04116** |
|---|---|

[1161]

SACRAMENTO SELF HELP HOUSING
1100 HOWE AVENUE APT. #126
SACRAMENTO, CA 95825

Dated: 10/28/2022

You are hereby notified that an Unlawful Detainer complaint (eviction action) has been filed against you. Access to the court file, index, register of action or other records will be delayed for 60 days except to a party, an attorney for one of the parties, or any other person who:

(1) Provides to the clerk the names of at least one plaintiff and one defendant in the action and proves to the clerk the address, including any applicable apartment, unit or space number of the subject premises, or

(2) Provides to the clerk the name of one of the parties in the action or the case number and can establish through proper identification he or she lives at the address described in the complaint, or

(3) Shows good cause pursuant to an ex parte order

*Please note: A Commissioner may sit as a temporary judge for this case.*

IMPORTANT NOTICE FROM THE STATE OF CALIFORNIA – **YOU MUST TAKE ACTION TO AVOID AN EVICTION**: As part of the state's COVID-19 relief plan, money has been set aside to help renters who have fallen behind on rent or utility payments.

If you are behind on rent or utility payment, YOU SHOULD COMPLETE A RENTAL ASSISTANCE APPLICATION IMMEDIATELY! It is free and simple to apply. Citizenship or immigration status does not matter. You can find out how to start your application by calling 1-833-430-2122 or visiting http://housingiskey.com right away.

**Sacramento County Bar Association – *Phone:* (916) 564-3780 – *Website:* www.sacbar.org**

Do not call the court for legal advice. For legal advice or mediation services you may call:

| LEGAL ADVICE ONLY | LEGAL ADVICE AND MEDIATION SERVICES |
|---|---|
| **Legal Services of Northern California**<br>515 12th Street *(3 blocks from downtown courthouse)*<br>Sacramento, CA 95814<br>***Phone:*** (916) 551-2150 ***Website:*** www.lsnc.net | **Unlawful Detainer Mediation Services**<br>301 Bicentennial Circle, 3rd Floor<br>Sacramento, CA 95826<br>***Phone:*** (916) 875-7843 or (916)875-7846 |
| | **Email:** scudadvisors@saccourt.ca.gov for legal advice<br>***Website:*** www.saccourt.ca.gov/ud/mediation.aspx |

*"The State Bar of California certifies lawyer referral services in California and publishes a list of certified lawyer referral services organized by county. To locate a lawyer referral service in your county, go to the State Bar's website at www.calbar.ca.gov or call 1-866-442-2529."* – CCP 1161.2.

**E30**

| COURT:<br>Superior Court of California, County of Sacramento<br>Unlawful Detainer Division<br>301 Bicentennial Circle<br>Sacramento, CA 95826-2701 - (916) 875-7746 | FOR COURT USE ONLY |
|---|---|
| CASE TITLE:<br>OP ELEVEN HUNDRED LLC vs. SACRAMENTO SELF HELP HOUSING | |
| **NOTICE OF FILING UNLAWFUL DETAINER COMPLAINT**<br>(C.C.P. Section 1161.2) | CASE NUMBER:<br>**22UD04116** |

[1161]

ALL OCCUPANTS
1100 HOWE AVENUE APT. #126
SACRAMENTO, CA 95825

Dated: 10/28/2022

You are hereby notified that an Unlawful Detainer complaint (eviction action) has been filed against you. Access to the court file, index, register of action or other records will be delayed for 60 days except to a party, an attorney for one of the parties, or any other person who:

(1) Provides to the clerk the names of at least one plaintiff and one defendant in the action and proves to the clerk the address, including any applicable apartment, unit or space number of the subject premises, or

(2) Provides to the clerk the name of one of the parties in the action or the case number and can establish through proper identification he or she lives at the address described in the complaint, or

(3) Shows good cause pursuant to an ex parte order

*Please note: A Commissioner may sit as a temporary judge for this case.*

IMPORTANT NOTICE FROM THE STATE OF CALIFORNIA – **YOU MUST TAKE ACTION TO AVOID AN EVICTION**: As part of the state's COVID-19 relief plan, money has been set aside to help renters who have fallen behind on rent or utility payments.

If you are behind on rent or utility payment, YOU SHOULD COMPLETE A RENTAL ASSISTANCE APPLICATION IMMEDIATELY! It is free and simple to apply. Citizenship or immigration status does not matter. You can find out how to start your application by calling 1-833-430-2122 or visiting http://housingiskey.com right away.

**Sacramento County Bar Association – *Phone:* (916) 564-3780 – *Website:* www.sacbar.org**

Do not call the court for legal advice. For legal advice or mediation services you may call:

| LEGAL ADVICE ONLY | LEGAL ADVICE AND MEDIATION SERVICES |
|---|---|
| **Legal Services of Northern California**<br>515 12th Street *(3 blocks from downtown courthouse)*<br>Sacramento, CA 95814<br>***Phone:*** (916) 551-2150 ***Website:*** www.lsnc.net | **Unlawful Detainer Mediation Services**<br>301 Bicentennial Circle, 3rd Floor<br>Sacramento, CA 95826<br>***Phone:*** (916) 875-7843 or (916)875-7846<br><br>**Email**: scudadvisors@saccourt.ca.gov for legal advice<br>***Website:*** www.saccourt.ca.gov/ud/mediation.aspx |

*"The State Bar of California certifies lawyer referral services in California and publishes a list of certified lawyer referral services organized by county. To locate a lawyer referral service in your county, go to the State Bar's website at www.calbar.ca.gov or call 1-866-442-2529."* – CCP 1161.2.

| COURT:<br>Superior Court of California, County of Sacramento<br>Unlawful Detainer Division<br>301 Bicentennial Circle<br>Sacramento, CA 95826-2701 - (916) 875-7746 | FOR COURT USE ONLY |
|---|---|
| CASE TITLE:<br>OP ELEVEN HUNDRED LLC vs. SACRAMENTO SELF HELP HOUSING | |

| **NOTICE OF FILING UNLAWFUL DETAINER COMPLAINT**<br>(C.C.P. Section 1161.2) | CASE NUMBER:<br>**22UD04116** |
|---|---|

[1161]

SACRAMENTO SELF HELP HOUSING
1100 HOWE AVENUE APT. #126
SACRAMENTO, CA 95825

Dated: 10/28/2022

You are hereby notified that an Unlawful Detainer complaint (eviction action) has been filed against you. Access to the court file, index, register of action or other records will be delayed for 60 days except to a party, an attorney for one of the parties, or any other person who:

(1) Provides to the clerk the names of at least one plaintiff and one defendant in the action and proves to the clerk the address, including any applicable apartment, unit or space number of the subject premises, or

(2) Provides to the clerk the name of one of the parties in the action or the case number and can establish through proper identification he or she lives at the address described in the complaint, or

(3) Shows good cause pursuant to an ex parte order

*Please note: A Commissioner may sit as a temporary judge for this case.*

IMPORTANT NOTICE FROM THE STATE OF CALIFORNIA – **YOU MUST TAKE ACTION TO AVOID AN EVICTION**: As part of the state's COVID-19 relief plan, money has been set aside to help renters who have fallen behind on rent or utility payments.

If you are behind on rent or utility payment, YOU SHOULD COMPLETE A RENTAL ASSISTANCE APPLICATION IMMEDIATELY! It is free and simple to apply. Citizenship or immigration status does not matter. You can find out how to start your application by calling 1-833-430-2122 or visiting http://housingiskey.com right away.

**Sacramento County Bar Association – *Phone:* (916) 564-3780 – *Website:* www.sacbar.org**

Do not call the court for legal advice. For legal advice or mediation services you may call:

| LEGAL ADVICE ONLY | LEGAL ADVICE AND MEDIATION SERVICES |
|---|---|
| **Legal Services of Northern California**<br>515 12th Street *(3 blocks from downtown courthouse)*<br>Sacramento, CA 95814<br>***Phone:*** (916) 551-2150 ***Website:*** *www.lsnc.net* | **Unlawful Detainer Mediation Services**<br>301 Bicentennial Circle, 3rd Floor<br>Sacramento, CA 95826<br>***Phone:*** (916) 875-7843 or (916)875-7846<br>**Email:** *scudadvisors@saccourt.ca.gov* for legal advice<br>***Website:*** *www.saccourt.ca.gov/ud/mediation.aspx* |

*"The State Bar of California certifies lawyer referral services in California and publishes a list of certified lawyer referral services organized by county. To locate a lawyer referral service in your county, go to the State Bar's website at www.calbar.ca.gov or call 1-866-442-2529."* – CCP 1161.2.

**E31**

| COURT:<br>Superior Court of California, County of Sacramento<br>Unlawful Detainer Division<br>301 Bicentennial Circle<br>Sacramento, CA 95826-2701 - (916) 875-7746 | FOR COURT USE ONLY |
|---|---|
| CASE TITLE:<br>1860 HOWE AVE LLC vs. SACRAMENTO SELF HELP HOUSING INC | |

| **NOTICE OF FILING UNLAWFUL DETAINER COMPLAINT**<br>(C.C.P. Section 1161.2) | CASE NUMBER:<br>**23UD01564** |
|---|---|

[1161]

ALL OCCUPANTS
1100 HOWE AVE #126
SACRAMENTO, CA 95825

Dated: 02/03/2023

You are hereby notified that an Unlawful Detainer complaint (eviction action) has been filed against you. Access to the court file, index, register of action or other records will be delayed for 60 days except to a party, an attorney for one of the parties, or any other person who:

(1) Provides to the clerk the names of at least one plaintiff and one defendant in the action and proves to the clerk the address, including any applicable apartment, unit or space number of the subject premises, or

(2) Provides to the clerk the name of one of the parties in the action or the case number and can establish through proper identification he or she lives at the address described in the complaint, or

(3) Shows good cause pursuant to an ex parte order

*Please note: A Commissioner may sit as a temporary judge for this case.*

IMPORTANT NOTICE FROM THE STATE OF CALIFORNIA – **YOU MUST TAKE ACTION TO AVOID AN EVICTION**: As part of the state's COVID-19 relief plan, money has been set aside to help renters who have fallen behind on rent or utility payments.

If you are behind on rent or utility payment, YOU SHOULD COMPLETE A RENTAL ASSISTANCE APPLICATION IMMEDIATELY! It is free and simple to apply. Citizenship or immigration status does not matter. You can find out how to start your application by calling 1-833-430-2122 or visiting http://housingiskey.com right away.

**Sacramento County Bar Association –** *Phone:* (916) 564-3780 – *Website:* www.sacbar.org

Do not call the court for legal advice. For legal advice or mediation services you may call:

| **LEGAL ADVICE ONLY** | **LEGAL ADVICE AND MEDIATION SERVICES** |
|---|---|
| **Legal Services of Northern California**<br>515 12th Street *(3 blocks from downtown courthouse)*<br>Sacramento, CA 95814<br>*Phone:* (916) 551-2150 *Website:* www.lsnc.net | **Unlawful Detainer Mediation Services**<br>301 Bicentennial Circle, 3rd Floor<br>Sacramento, CA 95826<br>*Phone:* (916) 875-7843 or (916)875-7846<br>**Email**: scudadvisors@saccourt.ca.gov for legal advice<br>***Website:*** www.saccourt.ca.gov/ud/mediation.aspx |

*"The State Bar of California certifies lawyer referral services in California and publishes a list of certified lawyer referral services organized by county. To locate a lawyer referral service in your county, go to the State Bar's website at www.calbar.ca.gov or call 1-866-442-2529."* – CCP 1161.2.

**Request for Tenancy Approval**

Housing Choice Voucher Program

**U.S Department of Housing and Urban Development**

Office of Public and Indian Housing

E32

OMB Approval No. 2577-0169

exp. 7/31/2022

The public reporting burden for this information collection is estimated to be 30 minutes, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. The Department of Housing and Urban Development (HUD) is authorized to collect the information on this form by Section 8 of the U.S. Housing Act (42 U.S.C. 1437f). Form is only valid if it includes an OMB Control Number. HUD is committed to protecting the privacy of individuals' information stored electronically or in paper form, in accordance with federal privacy laws, guidance, and best practices. HUD expects its third-party business partners, including Public Housing Authorities, who collect, use maintain, or disseminate HUD information to protect the privacy of that information in Accordance with applicable law.

When the participant selects a unit, the owner of the unit completes this form to provide the PHA with information about the unit. The information is used to determine if the unit is eligible for rental assistance. HUD will not disclose this information except when required by law for civil, criminal, or regulatory investigations and prosecutions.

| 1. Name of Public Housing Agency (PHA) | 2. Address of Unit (street address, unit #, city, state, zip code) |
|---|---|
| Sacramento Housing and Redevelopment Agency (SHRA) | 7957 Papago Way, Antelope, CA  95843 |

| 3. Requested Lease Start Date | 4. Number of Bedrooms | 5. Year Constructed | 6. Proposed Rent | 7. Security Deposit Amt | 8. Date Unit Available for Inspection |
|---|---|---|---|---|---|
| 4/15/2023 | 3 | 1957 | 2930 | 800 | 4/15/2023 |

**9. Structure Type**

☐ Single Family Detached (one family under one roof)

☒ Semi-Detached (duplex, attached on one side)

☐ Rowhouse/Townhouse (attached on two sides)

☐ Low-rise apartment building (4 stories or fewer)

☐ High-rise apartment building (5+ stories)

☐ Manufactured Home (mobile home)

**10. If this unit is subsidized, indicate type of subsidy:**

☐ Section 202    ☐ Section 221(d)(3)(BMIR)

☐ Tax Credit    ☐ HOME

☐ Section 236 (insured or uninsured)

☐ Section 515 Rural Development

☐ Other (Describe Other Subsidy, including any state or local subsidy) _____

**11. Utilities and Appliances**

The owner shall provide or pay for the utilities/appliances indicated below by an "**O**". The tenant shall provide or pay for the utilities/appliances indicated below by a "**T**". Unless otherwise specified below, the owner shall pay for all utilities and provide the refrigerator and range/microwave.

| Item | Specify fuel type | | | | | | Paid by |
|---|---|---|---|---|---|---|---|
| Heating | ☒ Natural gas | ☐ Bottled gas | ☐ Electric | ☐ Heat Pump | ☐ Oil | ☐ Other | T |
| Cooking | ☒ Natural gas | ☐ Bottled gas | ☐ Electric | | | ☐ Other | T |
| Water Heating | ☒ Natural gas | ☐ Bottled gas | ☐ Electric | | ☐ Oil | ☐ Other | T |
| Other Electric | | | | | | | T |
| Water | | | | | | | T |
| Sewer | | | | | | | T |
| Trash Collection | | | | | | | T |
| Air Conditioning | | | | | | | T |
| Other (specify) | | | | | | | T |
| | | | | | | | **Provided by** |
| Refrigerator | | | | | | | O |
| Range/Microwave | | | | | | | O |

12. Owner's Certifications

a. The program regulation requires the PHA to certify that the rent charged to the housing choice voucher tenant is not more than the rent charged for other unassisted comparable units. Owners of projects with more than 4 units must complete the following section for most recently leased comparable unassisted units within the premises.

| Address and unit number | Date Rented | Rental Amount |
|---|---|---|
| 1. 7965 Seneca Way | 3/16/2023 | 2845 |
| 2. 7801 Teton Way | 3/4/2023 | 3000 |
| 3. 7946 Papago Way | 2/28/2023 | 3135 |

b. The owner (including a principal or other interested party) is not the parent, child, grandparent, grandchild, sister or brother of any member of the family, unless the PHA has determined (and has notified the owner and the family of such determination) that approving leasing of the unit, notwithstanding such relationship, would provide reasonable accommodation for a family member who is a person with disabilities.

c. Check one of the following:

☐ Lead-based paint disclosure requirements do not apply because this property was built on or after January 1, 1978.

☐ The unit, common areas servicing the unit, and exterior painted surfaces associated with such unit or common areas have been found to be lead-based paint free by a lead-based paint inspector certified under the Federal certification program or under a federally accredited State certification program.

☒ A completed statement is attached containing disclosure of known information on lead-based paint and/or lead-based paint hazards in the unit, common areas or exterior painted surfaces, including a statement that the owner has provided the lead hazard information pamphlet to the family.

13. The PHA has not screened the family's behavior or suitability for tenancy. Such screening is the owner's responsibility.

14. The owner's lease must include word-for-word all provisions of the HUD tenancy addendum.

15. The PHA will arrange for inspection of the unit and will notify the owner and family if the unit is not approved.

| Print or Type Name of Owner/Owner Representative | Print or Type Name of Household Head |
|---|---|
| Bryon Robinson | |

| Owner/Owner Representative Signature | Head of Household Signature |
|---|---|
| | |

| Business Address | Present Address |
|---|---|
| 3700 Navaho Dr Antelope CA 95843 | |

| Telephone Number | Date (mm/dd/yyyy) | Telephone Number | Date (mm/dd/yyyy) |
|---|---|---|---|
| 9163445222 | 4/2/2023 | | |

# THE ARBORS
## AT ANTELOPE

| | | | | | |
|---|---|---|---|---|---|
| Applicant Name: | David Samuel | | Lease Term | 3/31/2023 through | 3/30/2024 |
| New Address: | 7957 Papago Way | | | | |
| | Antelope, CA 95843 | | | | |
| Mail Box #: | | (mail boxes are pre assigned and cannot be changed) | | | |

### TOTAL MONTHLY CHARGES

| | | | |
|---|---|---|---|
| Monthly Rent: | $2,930.00 | | |
| Monthly Concession: | $225.38 | Upfront Concession (if applicable) | |
| Pet Rent: | | | |
| Other: | $0.00 | | |
| Total: | $2,704.62 | **UTILITIES NOT INCLUDED** | |

### MOVE IN CHARGES

| | | | |
|---|---|---|---|
| Pro-rated rent: | $94.52 | From 3/31/2023 through 3/31/2023 | |
| Pro-rated pet rent: | $0.00 | | Days in Month |
| Pro-rated Concession: | $7.27 | | 31 |
| Transfer/Application Fee: | $104.92 | | |
| Deposit*: | $800.00 | (*Subject to change) | |
| Next Month's Rent: | $2,704.62 | (if moving in after the 20th of the month) | |
| Subtotal: | $3,696.79 | | |
| Less Payment Received (itemized below) | $304.92 | | |
| Application fee: | $104.92 | $52.46 per applicant (18 & older) | |
| Holding deposit: | $200.00 | (Will be applied to the security deposit at move in) | |

**Payable with a cashier's check only.**
**\*Amount subject to change.**

| | |
|---|---|
| **Total Due at Move-in\*:** | $3,391.87 |

## *Gas/Electric must be connected prior to move in date:*

| | | |
|---|---|---|
| Gas Provider | PG & E - 800.743.5000 - PGE.com | Acct. #_____ |
| ElectricProvider | SMUD - 888.456.7683 - SMUD.org | Acct. #_____ |

## Renters Insurance with $300,000 liability coverage is Required at Move In.

## Rent and Utilities are both due on the 1st of each month.

All persons will be treated fairly and equally without regard to race, color, religion, sex, mental or physical disability, sexual orientation, familial status, or national origin in compliance with the Fair Housing Act.

I understand that the application fee is a non-refundable payment for a credit check and processing charge of this application and such sum is not a rental payment or security deposit.  This amount will be retained by the Agent to cover the cost of processing the application as furnished by the applicant; any false information will constitute grounds for rejection of the application. Proof of income must be submittedand approved within 72 hours of of this holding agreement date and applications are not fully approved until signed off by management.

Fees: Application $52.46 Application Fees are Non Refundable

I hereby render a holding deposit of $200.00 with the Agent.   This amount will be refunded within 21 days if the application is denied or if the applicant withdraws the application in writing within 72 hours of the date of the signed application. If the application is accepted and the applicant fails to occupy the premises on the agreed upon date, except for delay caused by the Agent, the deposit amount will be retained by the Agent as liquidated damages for holding the apartment off the market. ANY APPLICATION NOT APPROVED WITHIN 72 HOURS OF INITIAL APPLICATION DATE WILL AUTOMATICALLY BE DENIED. _DS_  **Applicant Initials**

### MISCELLANEOUS

We will not release possession of any unit until all identification has been scanned and verified using our Checkpoint system. If any legal action or proceeding is brought by either party to enforce any part of this Agreement, the prevailing party will recover, in addition to all other relief, reasonable attorneys' fees and costs.

If we are unable to deliver possession of the premises to you on the scheduled move-in date for any reason we will not be liable for the delay, nor will this affect the validity of this Agreement or the rental agreement/lease, nor extend the term of any rental agreement/lease.  However, rent will not accrue under the rental agreement/lease until possession of the premises is tendered to you.  If we have not tendered possession of the premises to you within three days of the scheduled move-in date, you may withdraw your application and/or terminate the rental agreement/lease at any time until we tender possession of the premises to you.



| | | |
|---|---|---|
| Applicant's Signature | 03/25/2023 | Revised 8/9/21 |
| | Date | |



E34



P.O. Box 255547; Sacramento, CA 95865-5547
Phone: (916) 341-0593 • Fax (916) 341-0598
www.sacselfhelp.org

Sydney Roberts
1100 Howe Ave. #126
Sacramento CA  95825

March 28, 2023

RE: Change of status for Gas and Electricity

We are writing to inform you that the gas & electricity in your will no longer be paid by Sacramento Self-Help Housing.

Utility service will cease March 31st. To ensure there is no interruption in your service please contact your utility agency to make alternative payment arrangements.

To maintain your gas service please contact Pacific Gas & Electric (PG&E) at 877-660-6789 or at pge.com.

To maintain your electric service and to make payment arrangements please contact Sacramento Municipal Utility District (SMUD) at 888-742-7683 or at smud.org.

If you have any additional questions, please contact your individual Case Manager.

Respectfully yours,

*Tahirih Kraft*

Mrs. Tahirih Kraft
Director of Housing Services
Sacramento Self-Help Housing

# E35

 Gmail

David Samuel <davidsa@possiblymaybe.com>

---

## Waive or Expedite HQS inspection, expedited RTFA processing

---

**Reasonable Accommodations** <ra@shra.org>                          Tue, Apr 4, 2023 at 4:32 PM
To: David Samuel <davidsa@possiblymaybe.com>, Reasonable Accommodations <ra@shra.org>

Hello Mr. Samuel,

We are not able to "waive the Housing Quality Standards (HQS) inspection" as this is not allowed by HUD, even with a reasonable accommodation.  The Request for Tenancy Approval (RFTA) attached is incomplete and it will require the head of household to sign. In addition, there is much more to the form that is missing.  The most expeditious method of submitting a RFTA would be for your landlord to submit the eRFTA at: https://rfta.shra.org /.  We will expedite, however, it will not be "immediate."

Although we do not recommend moving in prior to the inspection, it is your family's decision to make.  Please, understand that the subsidy will not begin until the inspection has passed.  The risk of moving in prior to the RFTA being processed and/or the inspection passing is that it may not be approved or pass and you will then be responsible for the full contract rent for the duration of your lease.

You may reach out to your caseworker with additional questions related to the RFTA at 916.440.1390.  Please, find attached the most recent reasonable accommodation decision letter.

Here is the ZOOM link for the Informal Hearing on 04.20.2023:
Join Zoom Meeting
https://shra-org.zoom.us/j/89874208936
Meeting ID: 898 7420 8936
One tap mobile
+16694449171,,89874208936# US
+16699009128,,89874208936# US (San Jose)
Dial by your location
        +1 669 444 9171 US
        +1 669 900 9128 US (San Jose)
        +1 253 205 0468 US
        +1 253 215 8782 US (Tacoma)
        +1 346 248 7799 US (Houston)
        +1 719 359 4580 US
        +1 386 347 5053 US
        +1 507 473 4847 US
        +1 564 217 2000 US
        +1 646 558 8656 US (New York)
        +1 646 931 3860 US
        +1 689 278 1000 US
        +1 301 715 8592 US (Washington DC)
        +1 305 224 1968 US
        +1 309 205 3325 US
        +1 312 626 6799 US (Chicago)
        +1 360 209 5623 US
        833 548 0276 US Toll-free
        833 548 0282 US Toll-free
        877 853 5257 US Toll-free
        888 475 4499 US Toll-free
Meeting ID: 898 7420 8936
Find your local number: https://shra-org.zoom.us/u/keaNVHZOkf
Best,

Ibra Henley (she/her/hers)
Housing Choice Voucher (HCV)

Sacramento Housing and Redevelopment Agency
916.449.6346
ihenley@shra.org
www.shra.org


This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by other than the sender or the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.
[Quoted text hidden]

---

**2 attachments**

 **Roberts, Sydney t0032944.pdf**
94K

 **Roberts, Sydney t0032944 Multiple decisions.pdf**
232K

M Gmail

**David Samuel <davidsa@possiblymaybe.com>**

## Application Update

**Arbors at Antelope Leasing** <Arborslease@greystar.com>                    Fri, Apr 28, 2023 at 12:56 PM
To: David Samuel <davidsa@possiblymaybe.com>

Hello Mr. Samuel,

I regret to inform you that as of today, SHRA has decided to void your RFTA. Based on the affordability and pricing of the home, they have determined that you are not eligible for this home. Due to that, we will be denying your application and will be refunding your $200 holding deposit. May we have the best forwarding address to send your check?

You are more than welcome to re-apply, however, I would contact your case worker to see if anything that would need updating before re-applying.  Based on their response, their max payment allowance was $2147.00 If you'd like to contact SHRA to get more information on their reason for denial, I would recommend giving them a call at: 916-440-1390

If there is anything else that we may be of assistance, feel free to give us a call or an email back. Thank you for your time and it was a pleasure working with you.

Sincerely,

Bryon Robinson | Leasing Professional |
The Arbors at Antelope | 3700 Navaho Dr. | Antelope, CA 95843
o 916.344.5222 | arborslease@greystar.com

Proudly managed by Greystar®

Join Greystar® in supporting St. Jude Children's Research Hospital and   Camp Hope

---

**From:** David Samuel <davidsa@possiblymaybe.com>
**Sent:** Tuesday, April 25, 2023 4:23 PM
**To:** Arbors at Antelope Leasing <Arborslease@greystar.com>
**Subject:** Re: [EXTERNAL] Re: Application Update

[Quoted text hidden]

 **Rent Affordability Worksheet For Housing Choice Voucher Program**

March 31, 2023

**Name:** Sydney Roberts                          **Tenant Code:** t0032944
**Prospective Address:** 7957 Papago Way, Antelope CA 95843    **Thomas Grid:**
**Voucher Issue Date:** 03-15-2023               **Voucher Expiration Date:** 08-15-2023

| | |
|---|---|
| 1. Authorized Voucher Size: | 3 |
| 2. Total BR Size of Unit: | 3 |
| 3. Authorized Payment Standard for zipcode 95843 (from schedule using lower of voucher size and unit size): | 3,240 |
| 4. Utility Allowance (from schedule using lower of voucher size and unit size): | 99 |

> Unit Type: HCV Duplex/Townhouse/Semi-detached
> Cooking - Electric: 13
> Heating - Electric: 27
> Water Heating - Electric: 30
> Sewer: 18
> Range or Microwave: 11

| | |
|---|---|
| 5. How much is the rent?: | 2,800 |
| 6. Gross Rent of Unit (Contract Rent plus Utility Allowance): | 2899 |

**If Gross Rent is less than Payment Standard (line 6 < line 3) then unit is approvable. You can stop here. Otherwise 40% rule (below) applies.**

| | |
|---|---|
| 7. Adjusted Monthly Income (ami): | 1333 |
| 8. Unadjusted Monthly Income (umi): | 1500 |
| 9. TTP (higher of 30% of ami or 10% of umi or $50): | 400 |
| 10. Total Housing Payment (GR - TTP): | 2499 |
| 11. Tenant's Portion of Rent (Contract Rent - Total Housing Payment): | 301 |

Note: if this amount is hegative, it is sent to the tenant, called utility reimbursement payment, and tenant rent to owner is zero

| | |
|---|---|
| 12. 40% of adjusted monthly: | 533 |

**40% Rule: If Tenant Portion of Rent plus Utility Allowance is less than 40% of monthly adjusted income, (line 11 plus line 4 < line 12) then unit is approvable**

**This unit is approvable**

DocuSign Envelope ID: 25D4EF23-B8CA-481E-85CD-4087AEB0C9E5

E39



Mailbox cw22
T0032944

April 3, 2023

Sydney Roberts
2328 Empress Street #1
Sacramento, Ca 95815

Dear Mr./Ms. Roberts,

Your request for separate bedrooms on behalf of David and Artemis as a reasonable accommodation (RA) for their disabilities is hereby denied.  An additional bedroom was previously approved to allow both David and Artemis to have their own rooms.  No nexus was established to provide both David and Artemis two bedrooms each.

Your request for sound proofing and black out curtains in the rooms on behalf of David and Artemis as a reasonable accommodation for their disabilities is hereby voided.  This request should be directed to the unit's landlord. Sacramento Housing and Redevelopment Agency (SHRA) does not have jurisdiction over the physical unit.

Your request to have all communication conducted via email on behalf of David as a reasonable accommodation for his disability is hereby denied.  In most instances, communication is directed to the head of household, Sydney Roberts. We have not received any information regarding Ms. Roberts being disabled. As a courtesy, during the RA process, we have communicated with Mr. Samuel via email as the reasonable accommodation request(s) involved him directly.

Requests for voucher extensions are granted at the department level, by your caseworker.  If and when a requested extension is denied, you may request an exception as a reasonable accommodation.

You may find resources / assistance to find housing using the following links:
https://www.shra.org/find-housing/
https://www.shra.org/wp-content/uploads/2023/01/Project-Listing-for-website-2022-1-30-23.pdf
https://www.shra.org/targeted-population-housing-programs/





**Sacramento Housing & Redevelopment Agency** 630 I Street, Sacramento CA 95814
(916) 440-1390 | TTY 711 or 1 (800) 855-7100 | www.shra.org

DocuSign Envelope ID: 25D4EF23-B8CA-481E-85CD-4087AEB0C9E5



The "Finding Housing Using Your Voucher Workshop" is conducted virtually and you can register at, https://shra-org.zoom.us/meeting/register/tZcldOyopj8tG9CGqKEcgkoBR6v0SwrSE0wI.  There is also a "How to Find and Keep Housing Using Your Voucher Video" located here https://www.shra.org/housing-choice-voucher-program/ https://www.affordablehousing.com/sacramento-ca/9090-chantal-way-331099/

We are willing to review any additional information you may wish to submit in support of your request.  Any information your health care provider wishes to submit, must be sent directly to our office from their office, additional information may be faxed directly to (916) 264-1533.

If you disagree with this determination, you have the right to speak to a Committee Coordinator and/or to request a hearing, provided we receive your request within 30 days of your receipt of this letter.  You may call (916) 449-6346 to reach the Committee Coordinator by phone.

Sincerely,

DocuSigned by:

*MaryLiz Paulson*

MaryLiz Paulson
504 Coordinator


Equal Housing
Opportunity

**Sacramento Housing & Redevelopment Agency** 630 I Street, Sacramento CA 95814
(916) 440-1390 | TTY 711 or 1 (800) 855-7100 | www.shra.org

