David Samuel, Pro Se
Sydney Roberts, Pro Se
1100 Howe Ave, Apt 126
Sacramento, CA, 95825
512-522-8571
edfed@possiblymaybe.com



FILED

MAY 0 1 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SYDNEY BROOKE ROBERTS

DAVID TYRONE SAMUEL,

AIMS (A MINOR),

DAYS (A MINOR)

Plaintiffs,

SACRAMENTO HOUSING AND
REDEVELOPMENT AGENCY ET AL.,

Defendants

Case No: 2:22-cv-01699 DJC AC

EMERGENCY MOTION FOR
TEMPORARY RESTRAINING ORDER

1)    Plaintiffs respectfully request that this Court order Defendants Sacramento Housing and Redevelopment Agency and it's employees ("SHRA") to accept any and all Request For Tenancy Agreement ("RFTA") submitted by or behalf of Plaintiffs which qualify under a three bedroom Payment Standard using the Department of Housing and Urban Development ("HUD") Small Area Fair Market Rent ("SAFMR") (E15), to reverse the voiding of any previously submitted RFTA which meets SAFMR standards for three bedrooms, and bar SHRA from voiding, delaying, or otherwise impeding the processing of a RFTA pending outcome of preliminary hearings.

PLAINTIFFS EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER - 1

FILED

2)      Plaintiffs also respectfully request that this Court order SHRA to take no more than fifteen consecutive calendar days to process any RFTA, order a Housing Quality Standards ("HQS") inspection, and process the required Housing Assistance Payments ("HAP") contract for Plaintiffs Housing Choice Voucher ("HCV"), consistent with HUD Public Housing Agency ("PHA") guidelines for processing pending outcome of preliminary hearings.

3)      Plaintiffs respectfully request that this Court ask the court to compel SHRA to accept all reasonable accommodation requests, including those for effective communication, unless granted leave by this Court to do so.  We specifically request this Court to compel the SHRA to accept text based communication services, including email and real time text services, from all Plaintiffs, to accept changes to program services including Payment Standard adjustments, and to provide assistance locating appropriate housing pending outcome of preliminary hearings.

4)      Finally, Plaintiffs respectfully ask this Court to bar any action which would limit Plaintiffs access to due process, including refusing to provide reasonable accommodations for informal hearings, refusing to consult with Plaintiffs before scheduling an informal hearings, and refusing to provide documentation relevant to any issue before the informal hearing, including Plaintiffs case file, and list of individuals involved in the decisions subject to hearing, pending outcome of preliminary hearings.

5)      Because Defendants have already taken illegal action including preventing Plaintiffs from obtaining housing, denied access to program services, and have communicated that they will continue this behavior permanently, Plaintiffs respectfully request an immediate hearing on their Motion. Plaintiffs have attempted to contact counsel for Defendants, whose contact information is listed on the final page of this filing, to stipulate to this Motion. Plaintiffs certify that they have supplied a copy of this Motion contemporaneously with this filing.

PLAINTIFFS EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER - 2

## LEGAL STANDARD FOR TEMPORARY RESTRAINING ORDER

6)     *Pimtel v Dreyfus*, 670 F.3d 1096 (9th Cir. 2012) establishes a party seeking a temporary restraining order must establish the following elements:

1)     Likelihood of Success on the Merits;

2)     Likelihood of irreparable harm in the absence of preliminary relief;

3)     The balance of equities tips in the Plaintiff's favor;

4)     An injunction is in the public interest.

7)     The 9th Circuit employs a "sliding scale" approach, according to which the elements of the parts are balanced, so that a stronger showing of one element may offset a weaker showing of another.

### Likelihood of Success on the Merits

8)     Plaintiffs are likely to succeed on the merits of their case because Defendants have not only failed to participate in a good faith interactive process before denying reasonable accommodations consistent with requirements of the Americans with Disabilities Act ("ADA"), Fair Housing Act ("FHA"), and Rehabilitation Act ("REHAB") across numerous occasions over the course of a year, the lack of participation is documented by the Defendants.

9)     Defendants have also acknowledged, in documentation provided to Plaintiffs, that they do not consider reasonable accommodation requests on a case by case basis, and instead apply a blanket policy to deny all requests (E4, E6).

10)    Further, the Defendants have provided documentation stating they have, and intend to continue in the future, deny reasonable accommodation requests including, those for effective communication, to all family members except for a designated "head of household" (E39).

PLAINTIFFS EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER - 3

11)     The Defendants have also provided documentation granting access to services, which they subsequently revoked without notification after Plaintiffs continued to pursue their due process complaints (E17)(E36).

12)     Plaintiffs have many communications with the Defendants in which they state not only did they deny due process of any type to the defendant over the course of ten months, they didn't even have the necessary staffing or procedures in place to provide it at all (E14).

13)     Plaintiffs can also demonstrate, from Defendants own policy documents, that it was their policy to discriminate against the Plaintiffs based on their type of disability, and to discriminate against all individuals based on family composition.

14)     Plaintiffs can demonstrate that these acts have occurred in the past, are being alleged against the same Defendants by unrelated parties, and that their policy documents require the acts to continue into the future.

15)     Finally, Plaintiffs can demonstrate that Defendants have had extensive training and multiple rounds of legal interactions which made them more than aware that these acts were illegal, and rather than correct them they have decided to aggressively continue pursing them.

16)     Because of this, Plaintiffs are likely to prevail on their housing and disability discrimination claims, due process claims, and civil rights claims.

**Likelihood of irreparable harm in the absence of preliminary relief**

17)     Plaintiffs have already suffered continual irreparable harm over the past year due to lack of access to integrated medical care, denial of housing, enjoyment of housing, and denial of access educational and employment services (E36).  Plaintiffs have also experienced continual due process violations as well as financial loss due to Defendants acts.

PLAINTIFFS EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER - 4

18)    Defendants are now actively denying approving HCV RFTA processing on behalf of the Plaintiffs, both by inducing unnecessary delays, and then by outright voiding attempts to secure appropriate housing (E36).  On March 28, 2023, Plaintiffs entered into a holding agreement for housing, submitted a RFTA to Defendants to begin housing assistance payments (E32, E33). Defendants waited an entire month, then voided the RFTA claiming it did not meet Payment Standards that they previously stated it did (E16, E38).

19)    Plaintiffs are currently homeless and prior to the last year had received in home medical treatment for Plaintiff family members disabilities, as well as pursued in home work and educational opportunities due to limitations imposed by those disabilities.  Without this Motion, Plaintiffs will continue to suffer irreparable harm due to Defendants continual denial Plaintiffs rights.

### The Balance of Equities Tips in Plaintiffs Favor

20)    The balance of equities tips heavily in Plaintiffs favor as the Defense has a legal obligation to comply with the requirements of the US Constitution and it's laws.  Further, the Defense cannot reasonably assert any interest in denying access to effective communication, access to housing assistance payments, or behaving in a non-discriminatory and retaliatory fashion as these should be actions which occur as part of day to day activities.

### Injunction is in the Public Interest

21)    The public interest favors granting this Motion as the public interest always favors applying federal law correctly, *Small v. Avanti Health Systems, LLC*, F.3d 1180, 1197 (9th Cir.2010).  All of the claims in the complaint are well supported by documentation directly from the Defendants, in which they state it is their policy and practice to engage in acts which are inconsistent with federal law.  The Defendants continuing to assert that they do not need to

PLAINTIFFS EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER - 5

comply with FHA, ADA, and REHAB requirements, or that they do not need to comply with HUD regulations, or that they believe due process and civil rights are flexible to their whims, is completely disparate from the public interest.

## CONCLUSION

22)     Considering the likelihood of success based on the merits of the Complaint, the ongoing irreparable harm caused by the Defendants acts, the overwhelming balance of equities in favor of the Plaintiffs, and the clear public interest, this Court should enter a Temporary Restraining Order against SHRA as outlined in ¶1 - ¶4.



David Samuel                                      04/30/2023



Sydney Roberts                                    04/30/2023

**Table of Authorities**

E4 -   "July 08, 2022 Reasonable Accommodation Denial"

E6 -   "November 16, 2022 Reasonable Accommodation Denial"

E14 - "February 1, 2023 Email with Ibra Henley"

E15 - "Payment Standards Housing Choice Voucher Program"

E16 - "Housing Choice Voucher Extension, Three Bedroom Modification, March 23, 2023"

E17 - "March 20, 2023 Reasonable Accommodation Denial"

PLAINTIFFS EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER - 6

E32 - "Fully completed RFTA for 7957 Papago Way, the Arbors, April 02, 2023"

E33 - "The Arbors Holding Agreement, March 25, 2023"

E36 - "SHRA Voids RFTA from the Arbors on April 28, 2023"

E39 - "April 03, 2023 Reasonable Accommodation Denial"

**Defense Counsel Contact Information**

EDWARD P. GARSON (SBN 96786)

Edward.Garson@WilsonElser.com

ALEXANDER CHEUNG (SBN 297720)

Alexander.Cheung@WilsonElser.com

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

655 Montgomery Street, Suite 900

San Francisco, CA 94111

Telephone: (415) 433-0990

Facsimile: (415) 434-1370

PLAINTIFFS EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER - 7



**E4**

Mailbox CW 22
t0032944

July 8, 2022

Sydney Roberts
1100 Howe AVE 126
Sacramento, CA 95825

Dear Mr./Ms. Roberts,

Your request for an additional bedroom as a reasonable accommodation for the disabilities of David Samuel is hereby denied. Based on an evaluation of the information you and your health care professional submitted, we are unable to approve your request. Your request states that you require an additional bedroom due to disability, however, needs can be met without increasing the voucher size. We recommend alternative sleeping arrangements. There are two bedrooms currently on the voucher and one could be made available to your disabled family member.

The guidelines that are used to determine if a reasonable accommodation (RA) request meets the RA threshold are the Housing and Urban Development (HUD) regulations, the Housing Authority's administrative plan and the Housing Choice Voucher (HCV) guide book.

The regulations are found in the Code of Federal Regulations – specifically 24 CFR 982.402.

In 24CFR 982.402

> The PHA must establish subsidy standards that determine the number of bedrooms needed for families of different sizes and compositions
> The subsidy standards **must** provide for the **smallest number of bedrooms needed** to house a family without overcrowding
> The subsidy standards must be applied consistently for all families of like size and composition.

It also states that

> The family may lease an otherwise acceptable dwelling unit with fewer bedrooms than the family unit size
> The family may lease an otherwise acceptable dwelling unit with more bedrooms than the family unit size

Given these regulations the Housing Authority also has policies that guide us in addition to the HUD regulations.

Per our Administrative Plan – chapter 5

> The PHA <u>does NOT determine who shares a bedroom</u>/sleeping room, but there must be at least one person per bedroom on the voucher.



Sacramento Housing & Redevelopment Agency 630 I Street, Sacramento CA 95814
(916) 440-1390 | TTY 711 or 1 (800) 855-7100 | www.shra.org





➢ One bedroom will be allotted for the head of household and spouse or co-head and one bedroom will be assigned for each additional two persons.

*These standards relate to the number of bedrooms on the voucher, not the family's actual living arrangements.*

A third document we look at is the HCV Guidebook – which is information provided by HUD for the PHA's to use when administering the HCV program. This document states that:

➢ a living room may be used as a sleeping (bedroom) space, but no more than two persons may occupy the space.

We are willing to review any additional information you may wish to submit in support of your request. Additional documentation may be faxed to (916) 264-1533. Any information your health care provider wishes to submit, must be sent directly to our office from their office, additional information may be faxed directly to (916) 264-1533.

If you disagree with this determination, you have the right to speak with a Committee Coordinator to discuss the possibility of modifying your request, the health care provider's recommendations and/or to request a hearing, provided we receive your request within fifteen days of your receipt of this letter. You may call (916) 449-6346 to reach the Committee Coordinator by phone.

Sincerely,

Marylin Paulson, Director, Housing Choice Voucher Program
Sacramento Housing and Redevelopment Agency





DocuSign Envelope ID: 0A7E1CEB-BA21-4A63-9CB2-ACE4CDF2A696

**E6**



Mailbox CW 22
t0032944

CHANGING LIVES

November 16, 2022

Sydney Roberts
1100 Howe AVE 126
Sacramento, CA 95825

Dear Mr./Ms. Roberts,

Your request for an additional bedroom as a reasonable accommodation for the disabilities of David and Artemis Samuel is hereby denied. Based on an evaluation of the information you and your health care professional submitted, we are unable to approve your request. Your request states that you require an additional bedroom due to disability, however, needs can be met without increasing the voucher size. We recommend alternative sleeping arrangements. There are two bedrooms currently on the voucher and they could be made available to your disabled family members.

The guidelines that are used to determine if a reasonable accommodation (RA) request meets the RA threshold are the Housing and Urban Development (HUD) regulations, the Housing Authority's administrative plan and the Housing Choice Voucher (HCV) guide book.

The regulations are found in the Code of Federal Regulations – specifically 24 CFR 982.402.

In 24CFR 982.402

- The PHA must establish subsidy standards that determine the number of bedrooms needed for families of different sizes and compositions
- The subsidy standards **must** provide for the **smallest number of bedrooms needed** to house a family without overcrowding
- The subsidy standards must be applied consistently for all families of like size and composition.

It also states that

- The family may lease an otherwise acceptable dwelling unit with fewer bedrooms than the family unit size
- The family may lease an otherwise acceptable dwelling unit with more bedrooms than the family unit size

Given these regulations the Housing Authority also has policies that guide us in addition to the HUD regulations.

Per our Administrative Plan – chapter 5

- The PHA <u>does NOT determine who shares a bedroom</u>/sleeping room, but there must be at least one person per bedroom on the voucher.



Equal Housing
Opportunity

Sacramento Housing & Redevelopment Agency 630 I Street. Sacramento CA 95814
(916) 440-1390 | TTY 711 or 1 (800) 855-7100 | www.shra.org



DocuSign Envelope ID: 0A7E1CEB-BA21-4A63-9CB2-ACE4CDF2A696



CHANGING LIVES

> ➤ One bedroom will be allotted for the head of household and spouse or co-head and one bedroom will be assigned for each additional two persons.

*These standards relate to the number of bedrooms on the voucher, not the family's actual living arrangements.*

A third document we look at is the HCV Guidebook – which is information provided by HUD for the PHA's to use when administering the HCV program. This document states that:

> ➤ a living room may be used as a sleeping (bedroom) space, but no more than two persons may occupy the space.

We are willing to review any additional information you may wish to submit in support of your request. Additional documentation may be faxed to (916) 264-1533. Any information your health care provider wishes to submit, must be sent directly to our office from their office, additional information may be faxed directly to (916) 264-1533.

If you disagree with this determination, you have the right to speak with a Committee Coordinator to discuss the possibility of modifying your request, the health care provider's recommendations and/or to request a hearing, provided we receive your request within fifteen days of your receipt of this letter. You may call (916) 449-6346 to reach the Committee Coordinator by phone.

Sincerely,

*MaryLiz Paulson*

MaryLiz Paulson, Director, Housing Choice Voucher Program
Sacramento Housing and Redevelopment Agency





E14

# M Gmail

David Samuel <davidsa@possiblymaybe.com>

---

## Reasonable Accommodation
2 messages

---

**Reasonable Accommodations** <ra@shra.org>                    Wed, Feb 1, 2023 at 9:30 AM
To: "home@possiblymaybe.com" <home@possiblymaybe.com>, "shra@possiblymaybe.com"
<shra@possiblymaybe.com>

Hello,

As I mentioned in my previous email, we have received your request for an Informal Hearing and your hearing will be scheduled. Unfortunately, we are experiencing a delay as we are currently without a hearing officer.  However, we seem to be close to contracting with a new hearing officer very soon.  You will be notified of the date/time of the hearing as soon as it is scheduled. We apologize for the inconvenience.

If you would like to request a different accommodation, I am happy to assist you with that.  Please, let me know.  You can contact me by phone or email.  Phone number is below. Thank you.

Best,

Ibra Henley

Housing Choice Voucher (HCV)

Sacramento Housing and Redevelopment Agency

916.449.6346

www.shra.org



This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by other than the sender or the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

---

**David Samuel** <davidsa@possiblymaybe.com>                    Wed, Feb 1, 2023 at 1:01 PM
To: Reasonable Accommodations <ra@shra.org>

Hello,

Are we scheduling for one, or both reasonable accommodation denials?

We need to clearly state that this delay is not agreed to by us, and is a violation of both HUD policy and regulations, as well as FHA and ADA statutory requirements.

In our September reasonable accommodation request we requested in addition to the change in voucher size, we requested a payment standards adjustment, payment adjustment, and communication requirements among other things which were not addressed in the second denial letter.  Those requests are still open despite SHRA inactivity.

Can you also provide an email or TTY contact number for your legal team, as we need to check on service of process for the ongoing civil complaint.

David.
[Quoted text hidden]

**SHRA**
CHANGING LIVES

**Payment Standards**
**Housing Choice Voucher Program**

# E15

Families participating in the Housing Choice Voucher (HCV) program benefit from a subsidy each month to help pay their rent and utilities. The subsidy varies for each family depending upon the family's size and income.

The U. S. Department of Housing and Urban Development (HUD) has mandated 24 jurisdictions in the country, including the Housing Authority of Sacramento County, to begin using Fair Market Rents (FMRs) based on zip codes, called Small Area FMRs (SAFMRs), to establish payment standards. The Payment Standard is the maximum amount of assistance a family can receive and is based on the region's fair market rent and funding from HUD.

This is not the maximum rent that can be charged by landlords. This is the maximum amount a family can receive, but monthly assistance may be different.

The amount of rent a landlord can charge must be "reasonable" when compared to unassisted rental units in the neighborhood with similar amenities.

The chart below shows the Payment Standard for Sacramento County zip codes and the bedroom sizes listed.

### Payment Standards Effective January 1, 2023

| | | | | | | |
|---|---|---|---|---|---|---|
| 95608 | $1,440 | $1,584 | $1,980 | $2,808 | $3,276 | $3,766 |
| 95610 | $1,524 | $1,668 | $2,100 | $2,988 | $3,480 | $4,002 |
| 95615 | $1,080 | $1,176 | $1,488 | $2,124 | $2,556 | $2,938 |
| 95621 | $1,500 | $1,644 | $2,064 | $2,928 | $3,420 | $3,932 |
| 95624 | $1,812 | $1,980 | $2,484 | $3,528 | $4,116 | $4,732 |
| 95626 | $1,740 | $1,908 | $2,400 | $3,408 | $3,972 | $4,567 |
| 95628 | $1,596 | $1,752 | $2,196 | $3,120 | $3,636 | $4,180 |
| 95630 | $2,016 | $2,208 | $2,772 | $3,936 | $4,584 | $5,271 |
| 95632 | $1,476 | $1,620 | $2,040 | $2,892 | $3,372 | $3,877 |
| 95638 | $1,488 | $1,632 | $2,052 | $2,916 | $3,396 | $3,904 |
| 95641 | $1,068 | $1,164 | $1,464 | $2,076 | $2,424 | $2,787 |
| 95652 | $1,476 | $1,620 | $2,028 | $2,880 | $3,360 | $3,864 |
| 95655 | $2,100 | $2,304 | $2,892 | $4,116 | $4,788 | $5,505 |
| 95660 | $1,392 | $1,524 | $1,908 | $2,712 | $3,156 | $3,628 |
| 95662 | $1,716 | $1,884 | $2,364 | $3,360 | $3,912 | $4,498 |
| 95670 | $1,368 | $1,500 | $1,884 | $2,676 | $3,120 | $3,588 |
| 95673 | $1,524 | $1,668 | $2,088 | $2,964 | $3,456 | $3,974 |
| 95683 | $2,292 | $2,520 | $3,156 | $4,488 | $5,220 | $6,002 |
| 95690 | $1,068 | $1,176 | $1,476 | $2,100 | $2,448 | $2,815 |



Equal Housing
Opportunity



Rev. 9/26/22

| | | | | | |
|---|---|---|---|---|---|
| 95693 | $1,644 | $1,812 | $2,268 | $3,228 | $3,756 | $4,318 |
| 95742 | $2,292 | $2,520 | $3,156 | $4,488 | $5,220 | $6,002 |
| 95757 | $2,256 | $2,472 | $3,108 | $4,416 | $5,148 | $5,919 |
| 95758 | $1,644 | $1,800 | $2,256 | $3,204 | $3,732 | $4,291 |
| 95811 | $1,284 | $1,404 | $1,764 | $2,508 | $2,916 | $3,352 |
| 95814 | $1,512 | $1,656 | $2,076 | $2,952 | $3,432 | $3,946 |
| 95815 | $1,260 | $1,380 | $1,728 | $2,460 | $2,856 | $3,284 |
| 95816 | $1,776 | $1,956 | $2,448 | $3,480 | $4,056 | $4,664 |
| 95817 | $1,308 | $1,440 | $1,800 | $2,556 | $2,976 | $3,422 |
| 95818 | $1,644 | $1,800 | $2,256 | $3,204 | $3,732 | $4,291 |
| 95819 | $1,848 | $2,028 | $2,544 | $3,612 | $4,212 | $4,843 |
| 95820 | $1,416 | $1,548 | $1,944 | $2,760 | $3,216 | $3,698 |
| 95821 | $1,332 | $1,464 | $1,836 | $2,604 | $3,036 | $3,490 |
| 95822 | $1,452 | $1,584 | $1,992 | $2,832 | $3,300 | $3,794 |
| 95823 | $1,332 | $1,464 | $1,836 | $2,604 | $3,036 | $3,490 |
| 95824 | $1,200 | $1,320 | $1,656 | $2,352 | $2,736 | $3,146 |
| 95825 | $1,440 | $1,584 | $1,980 | $2,808 | $3,276 | $3,766 |
| 95826 | $1,416 | $1,548 | $1,944 | $2,760 | $3,216 | $3,698 |
| 95827 | $1,524 | $1,668 | $2,100 | $2,988 | $3,480 | $4,002 |
| 95828 | $1,428 | $1,560 | $1,956 | $2,784 | $3,240 | $3,726 |
| 95829 | $1,920 | $2,100 | $2,640 | $3,756 | $4,368 | $5,023 |
| 95830 | $1,920 | $2,100 | $2,628 | $3,744 | $4,356 | $5,008 |
| 95831 | $1,716 | $1,884 | $2,364 | $3,360 | $3,912 | $4,498 |
| 95832 | $1,740 | $1,908 | $2,388 | $3,396 | $3,948 | $4,539 |
| 95833 | $1,704 | $1,860 | $2,340 | $3,324 | $3,876 | $4,456 |
| 95834 | $1,620 | $1,776 | $2,232 | $3,168 | $3,696 | $4,250 |
| 95835 | $2,052 | $2,244 | $2,820 | $4,008 | $4,668 | $5,367 |
| 95837 | $1,500 | $1,572 | $2,004 | $2,832 | $3,360 | $3,864 |
| 95838 | $1,356 | $1,488 | $1,860 | $2,640 | $3,084 | $3,546 |
| 95841 | $1,380 | $1,512 | $1,896 | $2,700 | $3,144 | $3,615 |
| 95842 | $1,428 | $1,560 | $1,956 | $2,784 | $3,240 | $3,726 |
| 95843 | $1,656 | $1,812 | $2,280 | $3,240 | $3,780 | $4,346 |
| 95864 | $1,668 | $1,824 | $2,292 | $3,252 | $3,792 | $4,360 |


Equal Housing Opportunity

**Sacramento Housing & Redevelopment Agency** 630 I Street, Sacramento CA 95814
(916) 440-1390 | TTY 711 or 1 (800) 855-7100 | www.shra.org



Rev. 9/26/22



# E16

## HOUSING CHOICE VOUCHER
## EXTENSION NOTIFICATION

March 23, 2023

t0032944
Sydney Roberts
2328 EMPRESS ST 1
SACRAMENTO, CA 95815

RE: Sydney Roberts

**ORIGINAL VOUCHER EXPIRATION DATE:**          09/30/2022

Dear Participant:

☒     Your voucher has been granted a 3 extension(s) and will now expire on 05/08/2023.You must
      submit a completed and approvable Request for Tenancy Approval (RFTA) with all required
      documents attached no later than this date or you will not be eligible to receive assistance.

☐     Your voucher has not been extended because:

☒     Other: Voucher size has been increased to a 3 bedroom voucher as of 3/20/2023

PLEASE NOTE: You must submit a completed and approvable Request for Tenancy Approval (RFTA)
with all required documents attached or a voucher extension request no later than the voucher expiration
date or you could be terminated from the HCV program.

If your income or family size changes at any point, you must let your caseworker know right away to
insure that you are paying the correct amount of rent.

Authorized by:

Troy Lynch
Housing Caseworker
(916) 440-1390



**Sacramento Housing & Redevelopment Agency** 630 I Street, Sacramento, CA 95814
Phone (916) 440-1390 | Fax (916) 449-1285 | www.shra.org
rev: logo, verbiage, and numbers of extensions
rev. 6/4/18 TT





Mailbox CW22
T0032944

March 20, 2023

Sydney Roberts
2328 Empress Street #1
Sacramento, CA 95815

Dear Mr./Mrs. Roberts,

Your requests for one additional bedroom for David Samuel and Artemis Samuel as a reasonable accommodation and your request for Housekeeping services from SHRA as a reasonable accommodation have been reviewed by the Reasonable Accommodation Compliance Committee (RACC). One additional bedroom for David Samuel and Artemis Samuel as a reasonable accommodation is hereby approved. You will be issued a 3 bedroom voucher so that both David and Artemis have separate sleeping rooms and so that they can share family space.

If the basis for the approval of this reasonable accommodation ceases to exist, the approved voucher size will revert to the current eligible size. You are responsible for reporting all changes in accordance with family obligations described at your annual recertification.

Your request for housekeeping services from SHRA as a reasonable accommodation is denied as this would be a fundamental change in the program. Sacramento Housing and Redevelopment Agency (SHRA) does not provide housekeeping services.

If you disagree with this determination, you have the right to speak with a Committee Coordinator to discuss the possibility of modifying your request, the health care provider's recommendations and/or to request a hearing, provided we receive your request within fifteen days of your receipt of this letter. You may call (916) 449-6346 to reach the Committee Coordinator by phone.

Should you have any questions related to the change in your voucher, please contact our customer service center at (916) 440-1390 and ask for your caseworker.

Sincerely,

MaryLiz Paulson
504 Coordinator



Sacramento Housing & Redevelopment Agency  630 I Street, Sacramento CA 95814
(916) 440-1390 | TTY 711 or 1 (800) 855-7100 | www.shra.org



**Request for Tenancy Approval**

Housing Choice Voucher Program

U.S Department of Housing and
Urban Development
Office of Public and Indian Housing

E32

OMB Approval No. 2577-0169
exp. 7/31/2022

The public reporting burden for this information collection is estimated to be 30 minutes, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. The Department of Housing and Urban Development (HUD) is authorized to collect the information on this form by Section 8 of the U.S. Housing Act (42 U.S.C. 1437f). Form is only valid if it includes an OMB Control Number. HUD is committed to protecting the privacy of individuals' information stored electronically or in paper form, in accordance with federal privacy laws, guidance, and best practices. HUD expects its third-party business partners, including Public Housing Authorities, who collect, use maintain, or disseminate HUD information to protect the privacy of that information in Accordance with applicable law.

When the participant selects a unit, the owner of the unit completes this form to provide the PHA with information about the unit. The information is used to determine if the unit is eligible for rental assistance. HUD will not disclose this information except when required by law for civil, criminal, or regulatory investigations and prosecutions.

| 1. Name of Public Housing Agency (PHA) | 2. Address of Unit (street address, unit #, city, state, zip code) |
|---|---|
| Sacramento Housing and Redevelopment Agency (SHRA) | 7957 Papago Way, Antelope, CA  95843 |

| 3. Requested Lease Start Date | 4. Number of Bedrooms | 5. Year Constructed | 6. Proposed Rent | 7. Security Deposit Amt | 8. Date Unit Available for Inspection |
|---|---|---|---|---|---|
| 4/15/2023 | 3 | 1957 | 2930 | 800 | 4/15/2023 |

**9. Structure Type**

☐ Single Family Detached (one family under one roof)

☒ Semi-Detached (duplex, attached on one side)

☐ Rowhouse/Townhouse (attached on two sides)

☐ Low-rise apartment building (4 stories or fewer)

☐ High-rise apartment building (5+ stories)

☐ Manufactured Home (mobile home)

**10. If this unit is subsidized, indicate type of subsidy:**

☐ Section 202    ☐ Section 221(d)(3)(BMIR)

☐ Tax Credit    ☐ HOME

☐ Section 236 (insured or uninsured)

☐ Section 515 Rural Development

☐ Other (Describe Other Subsidy, including any state or local subsidy) _____

**11. Utilities and Appliances**

The owner shall provide or pay for the utilities/appliances indicated below by an "O". The tenant shall provide or pay for the utilities/appliances indicated below by a "T". Unless otherwise specified below, the owner shall pay for all utilities and provide the refrigerator and range/microwave.

| Item | Specify fuel type | | | | | | Provided by |
|---|---|---|---|---|---|---|---|
| Heating | ☒ Natural gas | ☐ Bottled gas | ☐ Electric | ☐ Heat Pump | ☐ Oil | ☐ Other | T |
| Cooking | ☒ Natural gas | ☐ Bottled gas | ☐ Electric | | | ☐ Other | T |
| Water Heating | ☒ Natural gas | ☐ Bottled gas | ☐ Electric | | ☐ Oil | ☐ Other | T |
| Other Electric | | | | | | | T |
| Water | | | | | | | T |
| Sewer | | | | | | | T |
| Trash Collection | | | | | | | T |
| Air Conditioning | | | | | | | T |
| Other (specify) | | | | | | | T |
| Refrigerator | | | | | | | O |
| Range/Microwave | | | | | | | O |

Previous editions are obsolete

1

HUD-52517 (7/2019)

12. Owner's Certifications

a.  The program regulation requires the PHA to certify that the rent charged to the housing choice voucher tenant is not more than the rent charged for other unassisted comparable units. Owners of projects with more than 4 units must complete the following section for most recently leased comparable unassisted units within the premises.

| Address and unit number | Date Rented | Rental Amount |
|---|---|---|
| 1. 7965 Seneca Way | 3/16/2023 | 2845 |
| 2. 7801 Teton Way | 3/4/2023 | 3000 |
| 3. 7946 Papago Way | 2/28/2023 | 3135 |

b.  The owner (including a principal or other interested party) is not the parent, child, grandparent, grandchild, sister or brother of any member of the family, unless the PHA has determined (and has notified the owner and the family of such determination) that approving leasing of the unit, notwithstanding such relationship, would provide reasonable accommodation for a family member who is a person with disabilities.

c.  Check one of the following:

☐ Lead-based paint disclosure requirements do not apply because this property was built on or after January 1, 1978.

☐ The unit, common areas servicing the unit, and exterior painted surfaces associated with such unit or common areas have been found to be lead-based paint free by a lead-based paint inspector certified under the Federal certification program or under a federally accredited State certification program.

☒ A completed statement is attached containing disclosure of known information on lead-based paint and/or lead-based paint hazards in the unit, common areas or exterior painted surfaces, including a statement that the owner has provided the lead hazard information pamphlet to the family.

13. The PHA has not screened the family's behavior or suitability for tenancy. Such screening is the owner's responsibility.

14. The owner's lease must include word-for-word all provisions of the HUD tenancy addendum.

15. The PHA will arrange for inspection of the unit and will notify the owner and family if the unit is not approved.

| Print or Type Name of Owner/Owner Representative **Bryon Robinson** | Print or Type Name of Household Head |
|---|---|
| Owner/Owner Representative Signature | Head of Household Signature |
| Business Address **3700 Navaho Dr Antelope CA 95843** | Present Address |

| Telephone Number 9163445222 | Date (mm/dd/yyyy) 4/2/2023 | Telephone Number | Date (mm/dd/yyyy) |
|---|---|---|---|

E33

# THE ARBORS
## AT ANTELOPE

| | | |
|---|---|---|
| Applicant Name: | ████████████ | |
| New Address: | ████████████ | |
| Mail Box #: | ████████████ | (mail boxes are pre assigned and cannot be changed) |

**Lease Term** ██████ **through** ██████

## TOTAL MONTHLY CHARGES

| | | |
|---|---|---|
| Monthly Rent: | ██████ | |
| Monthly Concession: | ██████ | Upfront Concession (if applicable) ██████ |
| Pet Rent: | ██████ | |
| Other: | $0.00 | |
| Total: | $2,704.62 | **UTILITIES NOT INCLUDED** |

## MOVE IN CHARGES

| | | |
|---|---|---|
| Pro-rated rent: | $94.52 | From 3/31/2023 through 3/31/2023 |
| Pro-rated pet rent: | $0.00 | Days in Month |
| Pro-rated Concession: | $7.27 | 31 |
| Transfer/Application Fee: | ██████ | |
| Deposit*: | ██████ | (*Subject to change) |
| Next Month's Rent: | ██████ | (if moving in after the 20th of the month) |
| Subtotal: | $3,696.79 | |

| | | |
|---|---|---|
| Less Payment Received (itemized below) | | |
| Application fee: | ██████ | $52.46 per applicant (18 & older) |
| Holding deposit: | ██████ | (Will be applied to the security deposit at move in) |
| **Total Due at Move-in*:** | $3,391.87 | ██████ |

## _Gas/Electric must be connected prior to move in date:_



All persons will be treated fairly and equally without regard to race, color, religion, sex, mental or physical disability, sexual orientation, familial status, or national origin in compliance with the Fair Housing Act.

I understand that the application fee is a non-refundable payment for a credit check and processing charge of this application and such sum is not a rental payment or security deposit. This amount will be retained by the Agent to cover the cost of processing the application as furnished by the applicant; any false information will constitute grounds for rejection of the application. Proof of income must be submittedand approved within 72 hours of of this holding agreement date and applications are not fully approved until signed off by management.

Fees: Application $52.46 Application Fees are Non Refundable

## MISCELLANEOUS

We will not release possession of any unit until all identification has been scanned and verified using our Checkpoint system. If any legal action or proceeding is brought by either party to enforce any part of this Agreement, the prevailing party will recover, in addition to all other relief, reasonable attorneys' fees and costs.

If we are unable to deliver possession of the premises to you on the scheduled move-in date for any reason we will not be liable for the delay, nor will this affect the validity of this Agreement or the rental agreement/lease, nor extend the term of any rental agreement/lease. However, rent will not accrue under the rental agreement/lease until possession of the premises is tendered to you. If we have not tendered possession of the premises to you within three days of the scheduled move-in date, you may withdraw your application and/or terminate the rental agreement/lease at any time until we tender possession of the premises to you.

David Samuel

Applicant's Signature

03/25/2023

Date

Revised 8/9/21

 **Gmail**                                      David Samuel <davidsa@possiblymaybe.com>

## Application Update

**Arbors at Antelope Leasing** <Arborslease@greystar.com>                 Fri, Apr 28, 2023 at 12:56 PM
To: David Samuel <davidsa@possiblymaybe.com>

Hello Mr. Samuel,

I regret to inform you that as of today, SHRA has decided to void your RFTA. Based on the affordability and pricing of the home, they have determined that you are not eligible for this home. Due to that, we will be denying your application and will be refunding your $200 holding deposit. May we have the best forwarding address to send your check?

You are more than welcome to re-apply, however, I would contact your case worker to see if anything that would need updating before re-applying.  Based on their response, their max payment allowance was $2147.00 If you'd like to contact SHRA to get more information on their reason for denial, I would recommend giving them a call at: 916-440-1390

If there is anything else that we may be of assistance, feel free to give us a call or an email back. Thank you for your time and it was a pleasure working with you.

Sincerely,

Bryon Robinson | Leasing Professional |
The Arbors at Antelope | 3700 Navaho Dr. | Antelope, CA 95843
o 916.344.5222 | arborslease@greystar.com

Proudly managed by Greystar®
Join Greystar® in supporting St. Jude Children's Research Hospital and  Camp Hope

---

**From:** David Samuel <davidsa@possiblymaybe.com>
**Sent:** Tuesday, April 25, 2023 4:23 PM
**To:** Arbors at Antelope Leasing <Arborslease@greystar.com>
**Subject:** Re: [EXTERNAL] Re: Application Update

[Quoted text hidden]



**E39**

Mailbox cw22
T0032944

April 3, 2023

Sydney Roberts
2328 Empress Street #1
Sacramento, Ca 95815

Dear Mr./Ms. Roberts,

Your request for separate bedrooms on behalf of David and Artemis as a reasonable accommodation (RA) for their disabilities is hereby denied. An additional bedroom was previously approved to allow both David and Artemis to have their own rooms. No nexus was established to provide both David and Artemis two bedrooms each.

Your request for sound proofing and black out curtains in the rooms on behalf of David and Artemis as a reasonable accommodation for their disabilities is hereby voided. This request should be directed to the unit's landlord. Sacramento Housing and Redevelopment Agency (SHRA) does not have jurisdiction over the physical unit.

Your request to have all communication conducted via email on behalf of David as a reasonable accommodation for his disability is hereby denied. In most instances, communication is directed to the head of household, Sydney Roberts. We have not received any information regarding Ms. Roberts being disabled. As a courtesy, during the RA process, we have communicated with Mr. Samuel via email as the reasonable accommodation request(s) involved him directly.

Requests for voucher extensions are granted at the department level, by your caseworker. If and when a requested extension is denied, you may request an exception as a reasonable accommodation.

You may find resources / assistance to find housing using the following links:
https://www.shra.org/find-housing/
https://www.shra.org/wp-content/uploads/2023/01/Project-Listing-for-website-2022-1-30-23.pdf
https://www.shra.org/targeted-population-housing-programs/



Equal Housing
Opportunity

**Sacramento Housing & Redevelopment Agency** 630 I Street, Sacramento CA 95814
(916) 440-1390 | TTY 711 or 1 (800) 855-7100 | www.shra.org





The "Finding Housing Using Your Voucher Workshop" is conducted virtually and you can register at, https://shra-org.zoom.us/meeting/register/tZcldOyopj8tG9CGqKEcgkoBR6v0SwrSE0wI. There is also a "How to Find and Keep Housing Using Your Voucher Video" located here https://www.shra.org/housing-choice-voucher-program/ https://www.affordablehousing.com/sacramento-ca/9090-chantal-way-331099/

We are willing to review any additional information you may wish to submit in support of your request. Any information your health care provider wishes to submit, must be sent directly to our office from their office, additional information may be faxed directly to (916) 264-1533.

If you disagree with this determination, you have the right to speak to a Committee Coordinator and/or to request a hearing, provided we receive your request within 30 days of your receipt of this letter. You may call (916) 449-6346 to reach the Committee Coordinator by phone.

Sincerely,

*MaryLiz Paulson*

MaryLiz Paulson
504 Coordinator





**TEMPORARY RESTRAINING ORDER**
**(TRO)**
**CHECKLIST**

**NOTE:** When filing a Motion for a TRO with the court, you must choose Motion for TRO. You must complete this document and attach it to your motion as an attachment in CM/ECF. If you have questions, please call the CM/ECF Help Desk at 1-866-884-5525 (Sacramento) or 1-866-884-5444 (Fresno).

(A)    *Check one.*    Filing party is represented by counsel        ☐

Filing party is acting in pro se        ☑

(B)    Has there been actual notice, or a sufficient showing of efforts to provide notice to the affected party? *See Local Rule 231 and FRCP 65(b).*

**Yes, Contacted Defendants Counsel via email on 04/29/2023 and 05/1/2023 and left voicemail message on 04/29/2023. Notice to follow when filing accepted for service.**

Did applicant discuss alternatives to a TRO hearing?
**Received no response from Defendants counsel.**

Did applicant ask opponent to stipulate to a TRO?
**Yes, in Email on 04/29/2023**

Opposing Party: **Sacramento Housing and Redevelopment Agency, C/O Alexander Cheung, WILSON**

Telephone No.:  **(415) 433-0990**

(C)    Has there been undue delay in bringing a TRO?

**Plaintiffs brought TRO as soon as they were aware of the option, and upon new round of irreparable harm by Defendants.**

Could this have been brought earlier?

Yes:    ☑        No:    ☐

(D)    What is the irreparable injury?
**Homelessness, denial of access to housing, denial of access to medical care, denial of civil rights**


Why the need for an expedited hearing?
**Defendants are actively refusing housing and disability related services, meaning Plaintiffs will continue to be denied access to housing or critical medical services unless injunction is granted.**


(E)    Documents to be filed and (unless impossible) served on affected parties/counsel:

☑    (1)    Complaint

☑    (2)    Motion for TRO

☑    (3)    Brief on all legal issued presented by the motion

☐    (4)    Affidavit detailing notice, or efforts to effect notice, or showing why it should not be given

☐    (5)    Affidavit in support of existence of irreparable harm

☐    (6)    Proposed order with provision for bond

☐    (7)    Proposed order with blanks for fixing:

      ☐    Time and date of hearing for motion for preliminary injunction

      ☐    Date for filing responsive papers

      ☐    Amount of bond, if any

      ☐    Date and hour of issuance

☐    (8)    For TROs requested *ex parte*, proposed order shall notify affected parties they can apply to the court for modification/dissolution on 2 days notice or such shorter notice as the court may allow. *See Local Rule 231 and FRCP 65(b)*