UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS, et al., | No. 2:22-cv-01699 DJC AC PS |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SACRAMENTO HOUSING & REDEVEOPMENT AGENCY, et al, | |
| Defendants. | |

Pending before the undersigned is pro se plaintiffs' motion for a temporary restraining order (ECF No. 26). Based on the analysis below, the undersigned recommends that the motion be DENIED.

**I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs, proceeding in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a)(1), filed this case on September 27, 2022. ECF No. 1. Pursuant to the screening process associated with IFP status, their initial complaint was rejected and plaintiffs were given multiple opportunities to amend their complaint; ultimately plaintiffs' Third Amended Complaint ("TAC") was approved for service. ECF Nos. 3, 5, 6, 7, 8, 9, 11 (TAC).

Defendants moved to dismiss on April 14, 2023. ECF No. 21. That motion is set to be heard on May 24, 2023. Id. On April 25, 2023, plaintiffs moved to file a Fourth Amended

1  Complaint. ECF No. 23. Pursuant to Local Rule 230(c), defendants' response to that motion is
2  due on May 8, 2023. On April 29, 2023, plaintiffs filed an Emergency Motion for Preliminary
3  Injunction (ECF No. 25); per the local rule, defendants' opposition to that motion is due on May
4  15, 2023. Pending now is plaintiffs' Motion for Temporary Restraining Order (ECF No. 26),
5  which was brought on May 1, 2023.

The operative Third Amended Complaint brings causes of action under Title II of the Americans with Disabilities Act, the Fair Housing Act, Sections 504 and 508 of the Rehabilitation Act, and the Fourteenth Amendment. ECF No. 11 at 4. Plaintiffs allege that defendants have violated the laws with respect to their housing and their requested accommodations related to various disabilities. See generally, ECF No. 11.

## II.   MOTION FOR TEMPORARY RESTRAINING ORDER

Under Rule 65, Federal Rules of Civil Procedure, "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party" only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1). Obtaining ex parte relief under Rule 65 is limited to situations where notice to the adverse party would likely prove useless. See Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006) (citing cases).

The legal standards for obtaining a temporary restraining order are essentially identical to those for obtaining a preliminary injunction. See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001); Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "The sole purpose of a preliminary injunction is to 'preserve the status quo ante litem pending a determination of the action on the merits.'" Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009) (quoting L.A. Memorial Coliseum Comm'n v. NFL, 634 F.2d 1197, 1200 (9th Cir.1980)).

Here, plaintiffs have not articulated a legal or factual basis for a temporary restraining order. Plaintiffs argue that in the absence of a temporary restraining order they will "continue to suffer" the irreparable harm that they have been suffering for the past year, and that they will

"continue" to experience due process violations. ECF No. 26 at 5. Plaintiffs state that because of defendants' actions related to their housing, they are "currently homeless." ECF No. 26 at 6. Because the actions allegedly resulting in plaintiffs' homelessness happened before the motion was filed, there is no anticipated action on the part of defendants for this court to "temporarily restrain" in order to "preserve the status quo" of plaintiffs' housing situation. Thus, there is no basis for the court to issue a temporary restraining order at this juncture.

### III.   CONCLUSION

Accordingly, it is hereby RECOMMENDED that plaintiffs' motion for a temporary restraining order (ECF No. 26) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: May 3, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE