David Samuel, Pro Se
Sydney Roberts, Pro Se
1100 Howe Ave, Apt 126
Sacramento, CA 95825
512-522-8571
edfed@possiblymaybe.com

FILED
MAY 22 2023
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SYDNEY BROOKE ROBERTS
DAVID TYRONE SAMUEL,
AIMS (A MINOR),
DAYS (A MINOR)

Plaintiffs,

v.

SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY ET AL.,

Defendants

Case No: 2:22-cv-01699 DJC AC

**Plaintiffs Brief in Support of Plaintiffs Proposed Motion to Dismiss Defendants Proposed Motion to Dismiss Plaintiffs Third Amended Complaint**

Date: May 24, 2023
Time: 10:00 AM
Magistrate Judge: Allison Claire
Courtroom: 26 – 8th Floor

1) Plaintiffs submit the following brief in support of their Proposed Motion to Dismiss Defendants Proposed Motion to Dismiss Plaintiffs Third Amended Complaint ("COMPLAINT").

**STATEMENT OF UNDISPUTED FACTS**

2) It is uncontroversial that Defendants Motion to Dismiss the COMPLAINT ("MOTION") failed to include a Statement of Undisputed Facts Consistent with Local Rule 260(a).

3) Without this Statement of Undisputed Facts ("SUF"), it precluded Plaintiffs from complying with Local Rule 260(b), and providing a concise Statement of Disputed Facts ("SDF").

4) The SDF with the SUF would have provided a clear and concise outline of the controversies within the COMPLAINT.

5) The SUF would have required the Defense to provide evidence, other than it's own contested interpretation of the complaint, that Plaintiffs statements were consistent with the MOTION's assertions.

## DEFENSE ARGUMENTS ARE NON SEQUITUR

6) Plaintiff's Opposition to the MOTION ("OPPOSITION") provided as evidence the reasonable accommodation requests themselves, which clearly stated the reason for the requests as E1. MOTION offers an inconsistent timeline with both the COMPLAINT and OPPOSITION, attempts to draw in a completely different context, and misrepresents the actual language of COMPLAINT. All assertions regarding "durable medical equipment", even if it were somehow relevant, are based on an imaginary construction of the COMPLAINT.

7) This divorce from the facts in the COMPLAINT are also illustrated by the assertion that Plaintiffs did not allege a physician supported the request (contradicted by COMPLAINT ¶ 77 & ¶ 81) or that Plaintiffs did not name Defendants in their individual capacity (contradicted by COMPLAINT Page 2 § B).

8) The MOTION further attempts to assert that members of the SHRA Board were not actually members of the SHRA Board despite being listed as such on the SHRA web page "SHRA Governing Boards".

9) Each Claim in the COMPLAINT specifically names individuals, in capital letters. Plaintiffs describe the alleged acts through incorporation of the narrative, which the Defendants heavily cite, and follow by alleging the harm from each Defendant. It is impossible to assert individuals named didn't change from item to item based on their individual involvement with each act, or that they were not named at all.

10) The consistent inconsistency of factual assertions within MOTION and Defendants Reply in Support of Defendants Motion to Dismiss Plaintiffs Third Amended Complaint ("REPLY"), are by themselves adequate reason to dismiss the MOTION.

## DEFENSE ARGUMENTS ARE IRRELEVANT

11) Neither the MOTION or REPLY provides any facts or evidence which establish an affirmative defense to discrimination, or demonstrate any dispute with any material fact as a matter of law, other than it's own factual detour regarding "durable medical equipement". In fact it heavily relies on the Court to assume that the facts provided in COMPLAINT are all true and correct so that it can create it's own interpretation of the meaning of those facts.

12) Without the assumption that the facts of the COMPLAINT are correct, the MOTION is itself a bare bones set of accusations based on no evidence whatsoever. It requires the Court to accept the facts in COMPLAINT as material and true for it's own purposes, but ignore the actual language and context of the COMPLAINT.

## DEFENDANTS REPLY IS NOT TIMELY

13) Defendants Reply is not timely, consistent with Local Rule 230(d). Plaintiffs Opposition was filed April 17, 2023.

## RIGHT TO AMEND AS A MATTER OF COURSE

14) Plaintiffs right to amend as a matter of course is consistent with Federal Rule of Civil Procedure Rule 15(a).

15) As Defendants appear to be attempting to cite the amended complaint, the complaint should be entered into the record to accommodate those citations.

## LEAVE TO AMEND

16) REPLY illustrates the fundamental weakness of the arguments in MOTION, not including a single reference obviates it, and no other evidence is available to support it's assertions. Evidence exists to support the COMPLAINT and OPPOSITION with or without the reference, and the referenced amendment cures the supposed flaw.

17) That REPLY acknowleges several "defects" are cured in the fourth amended complaint, is enough to support leave by itself.

18) Harming Defendants argument should not grant preclusion from leave to amend.

## CONCLUSION

18) For each of the forgoing reasons, Plaintiffs respectfully request the Court grant their Motion and dismiss Defendants MOTION with prejudice and without leave to amend.

David Samuel

David Samuel
May 19, 2023

Sydney Roberts

Sydney Roberts
May 19, 2023

NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)
EDWARD P. GARSON (SBN 96786)
ALEXANDER CHEUNG (SBN 297720)
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Sydney Brooke Roberts,<br>David Samuel,<br>A.I.M.S.,<br>D.A.Y.S., PLAINTIFF(S),<br>v.<br>Sacramento Housing and Redevelopment Agency, et. al,<br>DEFENDANT(S). | CASE NUMBER<br>2:22-cv-01699-DJC AC<br><br>**PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE** |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Sacramento, State of California, and not a party to the above-entitled cause. On May 20, 20 23, I served a true copy of Plaintiffs Brief in Support of Plaintiffs Proposed Motion to Dismiss Defendants Proposed Motion to Dismiss... by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served. Attach additional pages if necessary.)

Place of Mailing: 3350 Arapaho Way, Antelope, CA 95843
Executed on May 20, 20 23 at Sacramento, California

Please check one of these boxes if service is made by mail:

☐ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

☐ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

☒ I hereby certify under the penalty of perjury that the foregoing is true and correct.

Barbara McGarvey
*Signature of Person Making Service*

**ACKNOWLEDGEMENT OF SERVICE**

I, ______________________, received a true copy of the within document on ____________.

*Signature* ______________________ *Party Served* ______________________