UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SYDNEY BROOKE ROBERTS and
DAVID TYRONE SAMUEL, et al.,

Plaintiffs,

v.

SACRAMENTO HOUSING AND
REDEVELOPMENT AGENCY, et al.,

Defendants.

No.  2:22-cv-01699 DJC AC PS

ORDER and

FINDINGS AND RECOMMENDATIONS

Plaintiffs are proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  The case proceeds on the basis of the Third Amended Complaint ("TAC").  ECF No. 11.  Defendants have moved to dismiss, ECF No. 21, and plaintiffs oppose the motion, ECF No. 22.  The matter came on for hearing before the undersigned on May 24, 2023.  ECF No. 35.  For the reasons explained below, it is recommended that the motion to dismiss be GRANTED in part and DENIED in part.

Also pending before the court is plaintiffs' Motion to Amend, ECF No. 23, and proposed Fourth Amended Complaint, ECF No. 24.  Because the latter was docketed without leave to amend having been granted, it will be STRICKEN.  The motion to amend will be GRANTED, and plaintiffs will be given an opportunity to file a Fourth Amended Complaint after the District Judge rules on the findings and recommendations below.  Filing a Fourth Amended Complaint is optional; if plaintiffs choose to file a Fourth Amended Complaint, it should be filed within 30

1    days of the District Judge's ruling.  If no Fourth Amended Complaint is filed, this case will

2    proceed on the Third Amended Complaint as construed and narrowed.

3                                        **I. Background**

4                        A.    The Complaint

5          Plaintiffs filed this action in pro se and in forma pauperis on September 27, 2022.  ECF

6    No. 1.  Pursuant to the screening process associated with IFP status, plaintiffs' complaint was

7    amended twice before the operative TAC was ordered to be served.  ECF Nos. 11, 12.  The

8    operative Third Amended Complaint brings causes of action under Title II of the Americans with

9    Disabilities Act, the Fair Housing Act, Sections 504 and 508 of the Rehabilitation Act, and the

10   Fourteenth Amendment.  ECF No. 11 at 4.

11         Plaintiffs, two adult members of the same household, allege that defendants have violated

12   the laws with respect to their housing and their requested accommodations related to various

13   disabilities.  See generally, ECF No. 11.  Plaintiff David Tyrone Samuel is a disabled person

14   currently receiving Social Security Disability Insurance ("SSDI") for diagnoses of Attention

15   Deficit Hyperactivity Disorder, Autism Spectrum Disorder, Chronic Post Traumatic Stress

16   Disorder, and Major Depressive Disorder.  Id. at 9.  Samuel and Sydney Brooke Roberts are

17   parents of two children: AIMS, age 4, and DAYS, an infant.  Id.  AIMS has been diagnosed with

18   Autism Spectrum Disorder and is currently non-verbal.  Id.

19         The family participates in the Department of Housing and Urban Development Housing

20   Choice Voucher program ("HCV").  Id. at 7.  They received their voucher on September 14,

21   2018, as part of a Sacramento County program that included wrap-around services from

22   Sacramento Self Help Housing, a vendor who provided Property Related Tenant Services

23   ("PRTS").  Id. at 13.  A caseworker from PRTS was responsible for coordinating housing related

24   issues with the Sacramento Housing and Redevelopment Agency ("SHRA").  Plaintiffs asked an

25   unknown supervisor about the process of requesting an extra bedroom to be added to their

26   housing voucher as a reasonable accommodation; the supervisor said this was not possible.  Id. at

27   17.  On May 18, 2022, PRTS caseworker Ashely Valentine encouraged plaintiffs to formally

28   request a reasonably housing accommodation.  Id.  Plaintiffs submitted all the necessary

                                              2

documents on May 19, 2022.  Id.  Plaintiffs received a denial signed by MaryLiz Paulson, director of the HVC program operations for SHRA, on behalf of the Reasonable Accommodation Compliance Committee ("RACC"), on July 15, 2022.  Id. at 19.

Plaintiffs attempted to reach RACC multiple times regarding their request, but were not getting responses.  Id. at 18-19.  On June 20, 2022, plaintiffs called SHRA through their main number.  Id. at 18.  Plaintiffs then received a letter from employee Tyler Thao requesting additional documentation.  Id.  Plaintiffs continued to attempt to contact SHRA without success. Id.  On August 4, 2022, plaintiffs submitted a written request for a hearing to SHRA via fax.  Id. at 19.  Plaintiffs did not receive an immediate response despite multiple contact attempts.  Id.  On August 28, 2022, plaintiffs received an email from SHRA with login credentials for a zoom hearing to be held on September 12, 2022.  Id. at 20.  On September 6, 2022, plaintiffs received a letter from SHRA with hearing procedures and requirements.  Id.

Plaintiffs had their hearing before officer John Lew.  Id.  The hearing was attended by Tanya Cruz, who was appeared on behalf of RACC member Tory Lynch.  Id. at 21.  At the hearing, plaintiffs argued that the SHRA regulations allow for housing modification "for durable medical equipment, and [that] the room itself was durable medical equipment."  Id. at 22.  On September 15, 2022, Cruz informed plaintiffs, without explanation, that Lew would not be able to submit a decision for the hearing and SHRA would set another hearing for a future date.  Id.  On September 16, 2022, plaintiffs sent a certified letter disagreeing with the lack of decision, including a copy of their hearing arguments.  Id.  at 23.  On September 26, 2022, plaintiffs sent another letter via certified mail requesting all previous accommodations for effective communication voucher adjustments as a reasonable accommodation.  Id.  As of the filing of the TAC on November 11, 2022, SHRA had not responded.  Id.

C. Motion to Dismiss

Defendants move to dismiss this case in its entirety.  ECF No. 21.  Plaintiffs oppose the motion.  ECF No. 22.  Defendants have filed a reply.  ECF No. 32.  The reply brief addresses the proposed amended complaint (ECF No. 24), arguing that plaintiffs should not be granted leave to amend because amendment cannot cure the fatal defects of the operative TAC.  Id. at 2.

1

**II.  Analysis**

2

A.  Legal Standards Governing Motions to Dismiss

3

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

4

sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

5

1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

6

sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901

7

F.2d 696, 699 (9th Cir. 1990).

8

To survive dismissal for failure to state a claim, a complaint must contain more than a

9

"formulaic recitation of the elements of a cause of action;" it must contain factual allegations

10

sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly,

11

550 U.S. 544, 555 (2007).  It is insufficient for the pleading to contain a statement of facts that

12

"merely creates a suspicion" that the pleader might have a legally cognizable right of action.  Id.

13

(quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed.

14

2004)).  Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a

15

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

16

Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

17

content that allows the court to draw the reasonable inference that the defendant is liable for the

18

misconduct alleged." Id.

19

In reviewing a complaint under this standard, the court "must accept as true all of the

20

factual allegations contained in the complaint," construe those allegations in the light most

21

favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  See Erickson v. Pardus,

22

551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954,

23

960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th

24

Cir. 2010).  However, the court need not accept as true legal conclusions cast in the form of

25

factual allegations, or allegations that contradict matters properly subject to judicial notice.  See

26

Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State

27

Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

28

////

4

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014).  The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B.  Some, But Not All, Individual Defendants Must be Dismissed

Defendants' first argument is that the official capacity claims alleged against SHRA Board of Governors members and SHRA employees are duplicative of the claims alleged against SHRA.  The TAC does not clearly specify whether the individual defendants are sued in their individual or official capacities, though context indicates that they are sued in their official capacities.  In their opposition, plaintiffs do not dispute that official capacity claims are duplicative of claims against the entity.  Instead, they respond by stating that all named defendants are being sued in their individual and not official capacities.  ECF No. 22 at 8.

The court will take plaintiffs at their word and construe the TAC as bringing claims against the individual defendants in their individual capacities only.  Nevertheless, several individuals must be dismissed without leave to amend because there are simply no allegations of individual conduct that could give rise to liability.  The TAC names Darrell Steinberg, Angelique Ashby, Sean Lololee, Jeff Harris, Katie Valenzuela, Jay Schenirer, Eric Guerra, Rick Jennings, Mai Vang, Phil Serna, Rich Desmond, Sue Frost, and Don Nottoli as defendants but there are no allegations that any of them took action individually that violated plaintiff's rights or could support liability.  ECF No. 11 at 10-11.  Based on the contents of the TAC, it appears that plaintiffs had no direct, personal contact with any of these individuals and that none of these individuals were personally involved in the alleged actions of the SHRA-related defendants.

1   Accordingly, no individual capacity claim is or could be stated against them, and the complaint

2   must be dismissed as to these defendants without leave to amend.  Balistreri, 901 F.2d at 699.

3          The TAC does, however, make specific factual allegations as to other named defendants

4   including LaShelle Dozier (Executive Director of SHRA), MaryLiz Paulson (Director of the

5   Housing Choice Voucher Program), Troy Lynch (Program Manager and RACC member), Tanya

6   Cruz (SHRA Administrative Hearing Representative), Tameka Jackson (SHRA Case Worker),

7   Ibra Henly (SHRA worker), and Tyler Thao (RACC Assistant).  ECF No. 11 at 10.  Defendants'

8   argument for dismissal is based primarily on the theory that these individuals are improperly

9   named in their official capacities, and the court has found otherwise.  The motion does not

10  contain defendant-by-defendant discussion of the sufficiency of plaintiff's allegations.

11  Accordingly, the court turns to the moving defendants' general attacks on the viability of

12  plaintiff's claims.

13          C.  Claims One and Five: Housing Discrimination Based on Disability

14          Defendants move to dismiss plaintiffs' First Claim (Denial of Housing Modification as

15  Reasonable Accommodation) and Fifth Claim (Discrimination Based on Disability Type).  To

16  support these claims, plaintiffs cited three bases for relief: (1) violations of the Fair Housing Act,

17  (2) violations of the Americans with Disabilities Act ("ADA"), and (3) violations of the

18  Rehabilitation Act.  TAC ¶¶ 6, 106, 152.  Defendants argue that the ADA and the Rehabilitation

19  Act apply only to employment discrimination, citing two Ninth Circuit cases in which these

20  statutes were applied in the employment context.  ECF No. 21 at 7-8.  While these two statutes

21  *can* be applied in the employment discrimination context, it is very clear that they do not *only*

22  apply in the employment discrimination context.

23          Title II of the ADA applies to public entities, and as the named defendants are a public

24  entity and its employees.  To prove that a public program or service violated Title II of the ADA,

25  42 U.S.C. § 12132, the plaintiff must show that (1) he is a "qualified individual with a disability,"

26  (2) he was either excluded from participation in or denied the benefits of a public entity's

27  services, programs, or activities, or was otherwise discriminated against by the public entity, and

28  (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  Duvall v.

1    County of Kitsap, 260 F.3d 1124, 1135 (9th Cir.2001); Weinreich v. Los Angeles County Metro.

2    Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).

3          Section 504 of the Rehabilitation Act prohibits "discrimination against all handicapped

4    individuals . . . in employment, housing, transportation, education, health services, or any other

5    Federally-aided programs."  29 U.S.C. § 794.  To state a prima facie claim under Section 504 of

6    the Rehabilitation Act, 29 U.S.C. § 794, the plaintiff must show that (1) he is an individual with a

7    disability; (2) he is otherwise qualified to receive the benefits at issue; (3) he was denied the

8    benefits of the program solely because of his disability; and (4) the program receives federal

9    financial assistance.  Zukle v. Regents of Univ. of Cal., 166 F.3d 1041, 1045 (9th Cir.1999).

10   Because defendants rest on the erroneous contention that the ADA and Rehabilitation Act do not

11   apply outside the employment discrimination context, they do not address these claims

12   substantively and the motion to dismiss must be denied as to these claims.

13         Defendants do substantively address plaintiffs' Fair Housing Act claim.  The Fair Housing

14   Act (FHA) prohibits discrimination against "any person in the terms, conditions, or privileges of

15   sale or rental of a dwelling, or in the provision of services or facilities in connection therewith,

16   because of race, color, religion, sex, familial status, or national origin," 42 U.S.C. § 3604(b), or

17   "because of a handicap," 42 U.S.C. § 3604(f)(2).  To show discrimination based on failure to

18   provide a reasonable accommodation, a plaintiff must demonstrate that: (1) he or she suffers from

19   a handicap as defined by the Fair Housing Act; (2) the defendant knew or reasonably should have

20   known of the plaintiff's handicap; (3) accommodation of the handicap may be necessary to afford

21   plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendant refused to make

22   such accommodation.  Giebeler v. M & B Associates, 343 F. 3d 1143, 1147 (9th Cir. 2003).

23         Here, plaintiffs claim discrimination in the denial of their request for reasonable

24   accommodation for an extra bedroom, which they once refer to, on at least one occasion, as

25   "durable medical equipment."  ECF No. 11 at ¶ 147.  Defendants argue that these claims are

26   fatally flawed because an extra bedroom is, as a matter of law, outside the definition of "durable

27   medical equipment," which encompasses items such as wheelchairs, iron lungs, oxygen tents, or

28   hospital beds.  ECF No. 21 at 9.  Defendants' argument is not persuasive, especially as to

1    dismissal without leave to amend.  Plaintiffs' TAC alleges that plaintiffs suffered from various

2    handicaps, that the defendants knew of the handicaps, that the accommodation of an extra

3    bedroom was requested, and that the defendants refused to make the accommodations.  The fact

4    that plaintiffs made an argument for the accommodation by erroneously referring to the

5    accommodation as an accommodation for durable medical equipment does not undermine the

6    substance of the allegations.  Thus, the motion must be denied as to this claim as well.

7            D.  Claim Two: Denial of Effective Communication

8            Defendants argue that plaintiffs' Second Claim (Effective Communication Reasonable

9    Accommodation Denial) should be dismissed because plaintiffs were not denied effective

10   communication regarding their reasonable accommodation request.  ECF No. 21 at 10.

11   Regulations passed pursuant to the ADA require public entities to "take appropriate steps ensure

12   that communications with applicants, participants, and members of the public with disabilities are

13   as effective as communications with others." 28 C.F.R. § 35.160(a).  Moreover, a public entity

14   must "furnish appropriate auxiliary aids and services where necessary to afford an individual with

15   a disability an equal opportunity to participate in, and enjoy the benefits of, a service, program, or

16   activity conduct by a public entity," provided that, "[i]n determining what type of auxiliary aid

17   and service is necessary, a public entity shall give primary consideration to the requests of the

18   individual with disabilities."  Id., § 35.160(b).

19           Here, the TAC alleges that SHRA and its employees failed to provide effective

20   communication via e-mail as a reasonable accommodation, and in turn, plaintiffs were denied

21   access to program services.  ECF No. 11 at ¶ 116.  Defendants argue that the TAC admits

22   plaintiffs were able to communicate with RACC by e-mail for their request for reasonable

23   accommodation, but the portions of the TAC cited by the defendants do not support the argument.

24   Instead, the cited paragraphs show that plaintiffs attempted to communicate by a provided email

25   address and that they did not receive responses.  TAC ¶¶ 81 (emailed ra@shra.org, no response

26   received), 88 (received an email from ra@shra.org and responded with a question, no response

27   received), 97 (were instructed to submit documents to ra@shra.org), 98 (sent an email to SHRA,

28   ////

response not indicated).  Defendants misstate the contents of the TAC.  The motion on this point should be denied.

   E.  Third Claim: Due Process Violation

   Plaintiffs allege their due process rights were violated by SHRA's insufficient notice of hearings, failure to allow the plaintiffs to present evidence, and sudden cancellation and abandonment of hearings.  The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  "Any significant taking of property" is subject to this clause.  Fuentes v. Shevin, 407 U.S. 67, 86 (1972).  Defendants argue that plaintiffs cannot state a due process claim because they fail to make sufficient factual allegations that they were prevented from presenting evidence, and that plaintiffs admit that they did receive a hearing on their reasonable accommodation request.  ECF No. 22 at 12.  A reading of the operative TAC, as summarized above, quickly disproves defendants' arguments.  The motion on this point must be denied.

   F.  Fourth Claim (Accessibility of Services)

   Plaintiffs allege that defendants denied them equal protection under the Fourteenth Amendment and violated their rights under the FHA, ADA, and Rehabilitation Act because defendants refused to communicate with them in an accessible manner.  ECF No. 11 at ¶¶ 137-139.  Defendants argue these claims should be dismissed, briefly repeating the argument that defendants did communicate via e-mail and that an extra bedroom is not durable medical equipment.  ECF No. 21 at 11.  Defendants also argue that plaintiffs were provided an alternative arrangement for their reasonable accommodation request, citing the TAC at ¶ 96.  Id.  This paragraph in the TAC simply states that at the hearing on their reasonable accommodation requests, the SHRA representatives argued that "they felt another option was available."  ECF No. 11 at ¶ 96.  This statement in the TAC does not undermine plaintiffs' claims.  For lack of persuasive argument, defendants' motion on this point should be denied.

   G.  Sixth Claim (Discrimination Based on Family Composition)

   Plaintiffs allege that SHRA policy explicitly states that it will force an "under-housed" condition if SHRA family members exceed what SHRA believes the family should have.  ECF

9

No. 11 at ¶ 156.  "It is unlawful under the FHA for a housing provider to discriminate in the rental of a dwelling based on familial status."  <u>S. California Hous. Rts. Ctr. v. Krug</u>, 564 F. Supp. 2d 1138, 1150 (C.D. Cal. 2007), citing 42 U.S.C. § 3601, et seq.  However, as defendants point out in their motion to dismiss, there are no facts in the TAC to support a claim that plaintiffs were discriminated against based on the size of their family or their status as parents or foster parents. Thus, plaintiffs do not state sufficient factual matter for this claim to proceed, and the contends of their proposed Fourth Amended Complaint indicate that amendment on this point would be futile. Thus, this claim should be dismissed without leave to amend.  <u>Balistreri</u>, 901 F.2d at 699.

H.  <u>Defendants Have Not Supported Their Incorrect Entity Theory</u>

Defendants make a final cursory argument for dismissal on grounds that plaintiffs have sued the incorrect entity, asserting that "the Housing Authority of the County of Sacramento is the sole housing choice voucher issuer and administrator of the HCV program; SHRA is not the administrator of the HCV program."  ECF No. 21 at 13.  Defendants have not supplied any judicially noticeable information to support this contention.  The SHRA has previously been sued in this court regarding its administration of the HCV program.  <u>Phifer v. Sacramento Hous. & Redevelopment Agency</u>, No. 07-cv-0747-LKK-DAD PS, 2009 WL 2914336, at *10 (E.D. Cal. Sept. 9, 2009), subsequently aff'd sub nom.  <u>Phifer v. Sacramento City & County Hous. & Redevelopment Agency</u>, 418 F. App'x 603 (9th Cir. 2011).  At the hearing, defendants were unable to factually support the assertion that SHRA is not the correct entity.  Without more from defendants, the court declines to accept this conclusory statement as a basis for dismissal.

### III.    Motion for Leave to Amend

Plaintiffs have filed a motion for leave to amend.  ECF No. 23.  The court will grant this motion, because it indicates that plaintiffs wish to include new facts that have occurred since the Third Amended Complaint was filed.  Plaintiffs should be aware that amendment is optional, and not necessary, because if the district judge accepts the findings and recommendations, the Third Amended Complaint largely survives dismissal and will proceed to discovery.  If plaintiffs wish to amend to add additional factual allegations, they may do so.  Plaintiffs should familiarize themselves with the Federal Rules of Civil Procedure and be aware that if they file a Fourth

10

1    Amended Complaint it will replace the Third Amended Complaint, and defendants will be

2    required to file a response, which may be an answer or another motion to dismiss.

3          If plaintiffs do choose to file a Fourth Amended Complaint, they may do so within 30

4    days of an order by the District Judge on the Findings and Recommendations.  The Fourth

5    Amended Complaint must not include items on which leave to amend is not given.  If these

6    findings and recommendations are adopted, it may not include the individual defendants listed

7    below as dismissed without leave to amend, and it may not include the family composition claim.

8    Plaintiffs may amend as to the remaining claims and the remaining individual defendants.  If a

9    Fourth Amended Complaint is not filed within 30 days of an order on the Findings and

10    Recommendations, the case will proceed on the remaining portions of the Third Amended

11    Complaint.

12                  **IV.    Pro Se Plaintiff's Summary**

13          The Magistrate Judge is recommending that your Third Amended Complaint ***not*** be

14    dismissed ***except*** for (1) claims against individual defendants Darrell Steinberg, Angelique

15    Ashby, Sean Lololee, Jeff Harris, Katie Valenzuela, Jay Schenirer, Eric Guerra, Rick Jennings,

16    Mai Vang, Phil Serna, Rich Desmond, Sue Frost, and Don Nottoli, and (2) the family

17    composition discrimination claim.  It is recommended that all the rest of your claims proceed to

18    discovery.

19          You have asked to file an amended complaint.  The Fourth Amended Complaint that you

20    already filed is being stricken because you did not have permission to file it.  Once the district

21    judge makes a final ruling on the motion to dismiss, you may file a Fourth Amended Complaint

22    within 30 days.  If you choose to file a Fourth Amended Complaint, you cannot include claims or

23    people who have been "dismissed with prejudice," but you can add more facts and add to the

24    claims that are not being dismissed.  If you file a Fourth Amended Complaint, it will replace the

25    Third Amended Complaint and defendants will have to respond, either with an answer or a

26    motion to dismiss.  If you do not file a Fourth Amended Complaint within 30 days of a district

27    judge ruling on the findings and recommendations, the case will go forward on the claims that are

28    ////

1    left in the Third Amended Complaint.  You have 21 days to object to the findings and

2    recommendations.

3                               **V.  Conclusion**

4        For the reasons explained above, it is HEREBY ORDERED as follows:

5    1.   The proposed Fourth Amended Complaint (ECF No. 24) is STRICKEN as prematurely

6       filed;

7    2.   Plaintiff's motion to amend, ECF No. 23, is GRANTED.  Plaintiffs may, if they choose to

8       do so, file a Fourth Amended Complaint within 30 days of the District Judge's ruling on

9       the findings and recommendations below.  If plaintiffs choose not to file a Fourth

10      Amended Complaint, the case will move forward on the Third Amended Complaint as

11      narrowed in response to the motion to dismiss.

12        It is FURTHER RECOMMENDED that defendants' motion to dismiss, ECF No. 21, be

13    GRANTED IN PART and DENIED IN PART as follows:

14    1.   GRANTED without leave to amend as to defendants Darrell Steinberg, Angelique Ashby,

15       Sean Lololee, Jeff Harris, Katie Valenzuela, Jay Schenirer, Eric Guerra, Rick Jennings,

16       Mai Vang, Phil Serna, Rich Desmond, Sue Frost, and Don Nottoli, all of whom should be

17       DISMISSED WITH PREJUDICE;

18    2.   GRANTED without leave to amend as to the claim for family composition discrimination

19       (Claim Six), which should be DISMISSED WITH PREJUDICE;

20    3.   DENIED as to the remaining individual defendants, all claims against whom should be

21       CONSTRUED as individual capacity claims only;

22    4.   DENIED as to claims for disability discrimination in housing under the Americans with

23       Disabilities Act, the Rehabilitation Act, and the Fair Housing Act (Claims One and Five);

24    5.   DENIED as to the ineffective communication claim under the Americans with Disabilities

25       Act (Claim Two);

26    6.   DENIED as to the Fourteenth Amendment due process violation claim Claim Three);

27    7.   DENIED as to the accessibility of services claims (Claim Four);

28    ////

1         These findings and recommendations are submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

3    after being served with these findings and recommendations, any party may file written

4    objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a

5    document should be captioned "Objections to Magistrate Judge's Findings and

6    Recommendations."  Failure to file objections within the specified time may waive the right to

7    appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez

8    v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

9    DATED: May 30, 2023

10

11   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28