EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
ALEXANDER CHEUNG (SBN 297720)
Alexander.Cheung@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

Plaintiffs,

v.

SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,

Defendants.

No.: 2:22-cv-01699 TLN AC PS

**DEFENDANTS SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, AND IBRA HENLY'S RESPONSE TO PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS ON PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**

Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARY LIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN and IBRA HENLY, collectively ("Defendants"), hereby submit the following Response to Plaintiffs SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL's Objection to Magistrate Judge's Findings and Recommendations on Plaintiffs' Motion for a Temporary Restraining Order.

Pursuant to the Findings and Recommendations, the Magistrate Judge found Plaintiffs have not articulated a legal or factual basis for a temporary restraining order or preliminary injunction. Plaintiffs allege the actions resulting in their homelessness happened before their subject motion was filed and thus, "there is no anticipated action on the part of defendants for this court to 'temporarily restrain' in order to 'preserve the status quo' of plaintiffs' housing situation." Dkt. 27 at p. 3. As such, there is no basis for the court to issue a temporary restraining order or preliminary injunction. Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 111, 1126 (E.D. Cal. 2001); Sierra Forest Legacy v. Rey, 557 F. 3d 1015, 1023 (9th Cir. 2009) (sole purpose of a preliminary injunction is to preserve the status quo pending a determination of an action on the merits). Plaintiffs' Objection to Magistrate Judge's Findings and Recommendations similarly articulates no legal or factual basis for a temporary restraining order or preliminary injunction. Dkt. 28. The basis of Plaintiffs' Objection is based on alleged actions that have already occurred prior to their filing of the subject motion.

In addition, Defendants seek to provide further information to address the basis of Plaintiffs' various allegations against Defendants. This action arises out of Plaintiff Sydney Brooke Roberts' participation in the Housing Choice Voucher ("HCV") Program, a federal government program for assisting low-income families, the elderly, and the disabled to afford decent, safe and sanitary housing in the private market. Housing choice vouchers are administered locally by public housing agencies (PHA) and the PHAs receive federal funds from the U.S. Department of Housing and Urban Development (HUD) to administer the voucher program. In turn, PHAs must comply with HUD regulations for housing choice vouchers.

Ms. Roberts was eligible to receive a voucher in the HCV program in September of 2018. Under the HCV program, the voucher holder finds suitable housing of her choice where the owner agrees to rent under the program, and thereafter, submits a Request for Tenancy Approval (RFTA). If the PHA approves the unit, the PHA will enter into a housing assistance payment (HAP) contract with the owner to make monthly payments to the owner to help the voucher holder pay rent.

The RFTA will be approved if the housing unit meets certain criteria of HUD regulations. The most important requirements for approval are, among others, that (1) the rent being charged for

the unit is reasonable and (2) the unit is affordable. To evaluate rent reasonableness, the PHA will review the rent requested by the owner and compare it to unassisted units in the building and/or neighborhood to ensure that the rent is reasonable. HUD requires that PHAs perform a rent reasonableness determination before executing a HAP contract. 24 CFR § 982.507 (a)(1) and (b). For affordability, the family's portion of rent, including utilities, may not exceed 40% of the family's monthly adjusted income. HUD regulations state the PHA may not give approval for the family of the assisted tenancy, or execute a HPA contract until the PHA has determined the unit's rent is affordable for the family. 24 CFR §§ 982.305 (a)(5) and 982.508.

Here, Plaintiffs' RFTA was not approved because the owner's requested rent did not pass the rent reasonableness of the HUD regulations. See Dkt. 28 at 8. Plaintiffs have not cited any authority to argue why Defendants should be compelled to act contrarily to the mandates of the pertinent HUD regulations.

Plaintiffs' Emergency Motion for Temporary Restraining Order further shows that the main relief Plaintiffs seek in the Third Amended Complaint, namely an extra bedroom for reasonable accommodation was already granted in March of 2023. Ms. Roberts initially received a two-bedroom voucher and was subsequently approved for a three-bedroom voucher. Dkt. 26 at 18 and Dkt. 28 at 9 (Rent Affordability Worksheet for HCV Program for three bedrooms).

In conclusion, Defendants request the Court to adopt the Magistrate Judge's Findings and Recommendations, and deny Plaintiffs' motion.

Dated: June 1, 2023

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: ______________________________

EDWARD P. GARSON
ALEXANDER CHEUNG
Attorneys for Defendants

**PROOF OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☒: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on June 1, 2023, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Maxine Swann

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>1100 Howe Avenue<br>Apartment 126<br>Sacramento, CA 95825<br><br>Tel: (512) 522-8571<br><br>davidsa@possiblymaybe.com | |