UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS, et al., | No. 2:22-cv-01699 DJC AC |
| Plaintiffs, | |
| v. | ORDER |
| SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al., | |
| Defendants. | |

The court is in receipt of plaintiff's motion to appoint counsel. ECF No. 53. In civil cases, a pro se litigant's right to counsel "is a privilege and not a right." United States ex Rel. Gardner v. Madden, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." Id. When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered the relevant factors, the court finds there are no exceptional circumstances in this case, and that appointment of counsel is not warranted. Plaintiffs' case is not overly complex, and they have shown themselves capable of making filings with the court. Plaintiffs assert that at a past hearing, plaintiffs requested real-time transcription as a disability

accommodation, and the court provided real-time voice to text transcription, which was not adequate because it contained errors. ECF No. 53 at 3. Should plaintiffs require disability accommodations at any upcoming hearings, they are instructed to contact the undersigned's Courtroom Deputy, Jonathan Anderson, by phone (916) 930-4199 or by email at janderson@caed.uscourts.gov. The need for disability accommodations, however, does not require appointment of counsel.

Appointment of counsel is not appropriate in this case. Accordingly, the motion to appoint counsel (ECF No. 53) is DENIED.

IT IS SO ORDERED.

DATED: April 15, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2