UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL, | No. 2:22-cv-01699 DJC AC PS |
| Plaintiffs, | |
| v. | ORDER TO SHOW CAUSE |
| SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al., | |
| Defendants. | |

Plaintiffs are proceeding in this action pro se, and the matter was accordingly referred to the undersigned by E.D. Cal. R. 302(c)(21). The operative complaint is the Third Amended Complaint (ECF No. 11), filed November 15, 2022. See ECF No. 36. Portions of this complaint have been dismissed, while others remain. Id. The undersigned has identified two remaining problems with the status of some of the parties in this case.

A. The Minor Children Must be Removed as Plaintiffs

The operative complaint identifies four plaintiffs: David Tyrone Samuel, Sydney Brooke Roberts, and two minor children: "AIMS" and "DAYS." ECF No. 36 at 9. Although the initial screening order in this case informed the adult plaintiffs that as pro se plaintiffs, they can represent only themselves (ECF No. 3 at 4), and later Findings and Recommendations identify plaintiffs as "two adult members of the same household," (ECF No. 36 at 2), the minor children

1

were never removed as plaintiffs in this action. "A pro se plaintiff can only 'prosecute his own action in propria persona,' and 'has no authority to prosecute an action in federal court on behalf of others.'" United States ex rel. Welch v. My Left Foot Children's Therapy, LLC, 871 F.3d 791, 800 (9th Cir. 2017) (quoting Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1126 (9th Cir. 2007)). The Ninth Circuit has made clear "that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997). Thus, plaintiffs Samuel and Roberts cannot represent AIMS and DAYS, and unless an attorney is retained for the minors, the minors cannot be plaintiffs in this case.

B. Defendant Tyler Thao Has Not Been Served

There is no indication on the record that defendant Tyler Thao has been served in this case, even though the operative complaint was filed over 18 months ago on November 15, 2022. ECF No. 11. Per the Federal Rules of Civil Procedure, failure to complete service within 90 days may result in dismissal of a defendant. Fed. R. Civ. P. 4(m). The deadline for service has long since passed. Plaintiff Samuel appeared at a status conference in this case on April 17, 2024, and indicated that he was willing to dismiss defendant Thao without prejudice. Plaintiff Roberts has not spoken on the issue.

ORDER TO SHOW CAUSE

In accordance with the above, IT IS HEREBY ORDERED that plaintiffs must show cause in writing within 14 days why (1) the minor plaintiffs AIMS and DAYS should not be terminated from this case, and (2) why defendant Tyler Thao should not be dismissed without prejudice for failure of service. If plaintiffs fail to respond, the undersigned will recommend that defendant Thao be dismissed without prejudice, and that the minors DAYS and AIMS be terminated plaintiffs.

IT IS SO ORDERED.

DATED: April 17, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE