UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SYDNEY BROOKE ROBERTS and
DAVID TYRONE SAMUEL,

       Plaintiffs,

       v.

SACRAMENTO HOUSING AND
REDEVELOPMENT AGENCY, et al,

       Defendants.

No.  2:22-cv-01699 DJC AC (PS)

STATUS (PRETRIAL SCHEDULING) ORDER

This case is before the undersigned pursuant to Local Rule 302(c)(21).  On April 17, 2024 this case was before the undersigned for a status (pretrial scheduling) conference.  Plaintiff David Tyrone Samuel appeared in pro se; plaintiff Sydney Brooke Roberts did not appear.  Counsel Alexander Cheung appeared on behalf of the Sacramento Housing & Redevelopment Agency and the remaining individual defendants.[1]  After the hearing, and pursuant to the parties' separately filed status reports, the court enters the following scheduling order:

**SERVICE OF PROCESS**

Service of process is undisputed except as to defendant Tyler Thao, who has not appeared.

---

[1]  Service of process as to Thao was returned unexecuted.  ECF No. 43.  Thao's status as a defendant will be addressed by separate order.

1

**JOINDER OF PARTIES/AMENDMENTS**

No further joinder of parties or amendments to pleadings is permitted except with leave of court and upon a showing of good cause.

**JURISDICTION/VENUE**

Jurisdiction is predicated upon 28 U.S.C. § 1331.  Jurisdiction and venue are undisputed and are hereby found to be proper.

**DISCOVERY**

The parties will serve their initial disclosures not later than May 1, 2024.  All discovery shall be completed by June 25, 2025.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.  Motions to compel discovery must be noticed on the undersigned's calendar in accordance with the Local Rules and must be heard not later than June 11, 2025.

The parties are reminded to review the "Standing Orders" posted on Judge Claire's webpage (http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-allison-claire-ac/).  The undersigned encourages early resolution of discovery disputes outside the formal Local Rule 251 procedures, when appropriate.  Upon order of the court, or by agreement of the parties, Judge Claire will resolve minor or discrete discovery disputes by conducting an informal telephonic conference.  Additional information is available on the court's website linked above.

**EXPERT DISCLOSURE**

The parties are to designate in writing, and serve upon all other parties, the names of all experts they propose to tender at trial in accordance with the following schedule: initial expert disclosures on or before July 10, 2025; rebuttal expert disclosures on or before August 10, 2025.

An expert witness not appearing on said lists will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel

were promptly notified upon discovery of the witness; and (c) that the witness was promptly proffered for deposition.  Failure to provide the information required along with the expert designation may lead to preclusion of the expert's testimony or other appropriate sanctions.

For the purposes of this scheduling order, experts are defined as "percipient" and "Rule 26" experts.  Both types of experts shall be listed.  Percipient experts are persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case.  Another term for their opinions are "historical opinions."  Percipient experts are experts who, unless also designated as Rule 26 experts, are limited to testifying to their historical opinions and the reasons for them.  That is, they may be asked to testify about their opinions given in the past and the whys and wherefores concerning the development of those opinions.  However, they may not be asked to render a current opinion for the purposes of the litigation.

Rule 26 experts, who may be percipient experts as well, shall be specifically designated by a party to be a testifying expert for the purposes of the litigation.  The Rule 26 expert may express opinions formed for the purposes of the litigation.  A party designating a Rule 26 expert will be assumed to have acquired the express permission of the witness to be so listed.

The parties shall comply with the information disclosure provisions of Federal Rule of Civil Procedure 26(a)(2) for any expert, who is in whole or in part designated as a Rule 26 expert. This information is due at the time of designation.  Failure to supply the required information may result in the Rule 26 expert being stricken.  All Rule 26 experts are to be fully prepared to render an informed opinion at the time of designation so that they may fully participate in any deposition taken by the opposing party.  Rule 26 experts will not be permitted to testify at trial as to any information gathered or evaluated, or opinion formed, which should have been reasonably available at the time of designation.  The court will closely scrutinize for discovery abuse deposition opinions which differ markedly in nature and/or in bases from those expressed in the mandatory information disclosure.

**JOINT MID-LITIGATION STATEMENTS**

Not later than fourteen (14) days prior to the close of discovery, the parties shall file with

3

the court a brief joint statement summarizing all law and motion practice heard by the court as of the date of the filing of the statement, whether the court has disposed of the motion at the time the statement is filed and served, and the likelihood that any further motions will be noticed prior to the close of law and motion.  The filing of this statement shall not relieve the parties or counsel of their obligation to timely notice all appropriate motions as set forth herein.

**MOTION HEARING SCHEDULES**

All law and motion, except as to discovery, shall be completed by October 1, 2025.  The word "completed" in this context means that all law and motion matters must be heard by the above date.  Counsel and pro se parties (collectively, "counsel"), are cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar.  Available hearing dates may be obtained by calling Jonathan Anderson, the Courtroom Deputy, at (916) 930-4199.

Local Rule 230 governs the calendaring and procedures of civil motions with the following additions:

(a)     The opposition and reply must be filed by 4:30 p.m. on the day due; and

(b)     When the last day for filing an opposition or reply brief falls on a legal holiday, the opposition or reply brief shall be filed on the last court day immediately preceding the legal holiday.  Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to the motion and the court may dispose of the motion summarily.  Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994) (per curiam).

All purely legal issues are to be resolved by timely pretrial motion.  The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial.  To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery.  If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion by the law and motion cutoff set forth above.  The parties are cautioned that failure to raise a dispositive legal

4

issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence.  Counsel are cautioned that the court will look with disfavor upon substantive motions presented in the guise of motions in limine at the time of trial.

**FINAL PRETRIAL CONFERENCE**

The final pretrial conference is set for November 6, 2025 at 1:30 p.m. in Courtroom 10 before District Court Judge Daniel J. Calabretta.  Hearings may be conducted by Zoom upon the joint request of all parties.  The parties are directed to file a joint pretrial statement that complies with the requirements of Local Rule 281 and Judge Calabretta's Standing Order in Civil Cases not less than seven (7) days prior to the Pretrial Conference.  Counsel shall e-mail a copy of the joint pretrial statement in Word format to Judge Calabretta's chambers at djcorders@caed.uscourts.gov immediately thereafter.  The parties' attention is directed to Local Rules 281 and 282.  This Court will insist upon strict compliance with these rules.  At the pretrial conference, the Court will set deadlines to file trial documents, including motions in limine, trial briefs, and proposed jury voir dire, instructions, and verdict forms (where applicable).

**TRIAL SETTING**

A jury trial is set for February 2, 2026 at 8:30 a.m. in Courtroom 10 before District Court Judge Daniel J. Calabretta.  Trial is anticipated to last seven to ten (7-10) court days.

**SETTLEMENT CONFERENCE/MAGISTRATE JUDGE AS SETTLEMENT JUDGE**

The parties have indicated willingness to participate in an early settlement conference before a magistrate judge not assigned to this case.  A settlement conference will be set by separate minute order.

**SUMMARY OF ORDER**

1.    A Settlement Conference before a magistrate judge not assigned to this case will be set by separate minute order.

////

////

2.      Initial disclosures shall be exchanged no later than May 1, 2024.  All discovery shall be completed by June 25, 2025.  Motions to compel must be heard not later than June 11, 2025.

3.      Initial expert disclosures shall be made on or before July 10, 2025; rebuttal expert disclosures shall be made on or before August 10, 2025.

4.      All law and motion, except as to discovery, shall be completed as described herein on or before October 1, 2025.

5.      The final pretrial conference is set before District Daniel J. Calabretta on November 6, 2025, at 1:30 p.m., in Courtroom No. 10.  Pretrial statements shall be filed in accordance with Local Rules 281 and 282, and the requirements set forth herein.

6.      A jury trial is set to commence before District Judge Daniel J. Calabretta on February 2, 2026, at 8:30 a.m., in Courtroom No. 10.

7.      Failure to comply with the terms of this order may result in the imposition of monetary and all other sanctions within the power of the court, including dismissal or an order of judgment.

IT IS SO ORDERED.

DATED: April 17, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE