EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendant,
SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

Plaintiffs,

v.

SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,

Defendants.

No.: 2:22-cv-01699-TLN-AC

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' PARTIAL SUMMARY JUDGMENT ON ITEM 1 OF PLAINTIFFS' THIRD AMENDED COMPLAINT**

Date: October 23, 2024
Time: 10:00 am
Judge: Hon. Alison Claire
Courtroom: 2-15th Floor

## I. INTRODUCTION

Plaintiffs' Motion for Partial Summary Judgment as to their cause of action for disability-based discrimination fails as a matter of law. Pursuant to Federal Rule of Civil Procedure (FRCP) 56(a), Plaintiffs must show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Defendants have granted Plaintiffs' requested reasonable accommodation as to three bedrooms. Plaintiffs have failed to meet their burden to show that their subsequent reasonable accommodation request of five bedrooms was reasonable, and necessary. There is no genuine dispute as to material fact regarding any alleged discrimination; the instant motion should be denied.

## II. STATEMENT OF FACTS

Plaintiffs' original request for reasonable accommodation, submitted to Defendants on May 19, 2022, was requested by Plaintiff Sydney Roberts on behalf of Plaintiff David Samuel (SSUF 5.) At the time, Plaintiffs and their minor daughter were residing in a two-bedroom apartment (SSUF 15.) Plaintiff Sydney Roberts was the holder of a Section 8 voucher. The requested reasonable accommodation was for an extra bedroom so that David Samuel could have his own bedroom and minor daughter could have her own bedroom (SSUF 16.) Both David Samuel and minor daughter were allegedly disabled and thus the need for each to have their own bedroom (SSUF 5.)

On or about July 8, 2022, Defendants issued a denial letter but recommended alternate sleeping arrangements to meet Plaintiffs' stated disability needs (SSUF 6.)

**On March 20, 2023, Plaintiffs' request for an additional bedroom was granted** (SSUF 17.) Plaintiff's new request for housekeeping services was denied as it required a fundamental change in the program and presented an undue hardship (SSUF 17.) A letter was sent to Plaintiffs informing them they would be issued a three bedroom voucher (SSUF 17.) Plaintiffs then made an additional request or reasonable accommodations allowing David Samuel and Plaintiffs' minor daughter to have two bedrooms each, and that the bedrooms be supplied with sound proofing and black out curtains. On April 3, 2023, a letter was sent to Plaintiffs informing them their requests for two bedrooms each for David Samuel and Plaintiffs' minor daughter were denied, as was their request for sound proofing and black out curtains, which needed to be directed to their landlord (SSUF 18.)

## III. LAW AND ARGUMENT

### A. The Instant Motion Fails As A Matter of Law Because Defendants Granted Plaintiffs' Requested Reasonable Accommodation of A Separate Bedroom For Plaintiff David Samuel and for Plaintiffs' Minor Daughter

On March 20, 2023, a letter was sent to Plaintiffs advising them their request for a reasonable accommodation of separate bedrooms for David Samuel and Plaintiffs' minor daughter, for a total of three bedrooms, was granted (SSUF 17.)

///

The granting of the reasonable accommodation request is clear evidence that there is no genuine issue of material fact – this Court should deny the instant motion.

B. **<u>Plaintiffs' Further Request For Reasonable Accommodation of Two Bedrooms Each for Plaintiff David Samuels and Plaintiffs' Minor Daughter Is Not Reasonable Nor Necessary</u>**

After being granted a reasonable accommodation for three bedrooms, Plaintiffs requested a further accommodation for five bedrooms, two each for David Samuel and Plaintiffs' minor daughter and one for Sydney Roberts.

When analyzing whether an accommodation is required under this Act, the three operative elements are "reasonable," "equal opportunity" and "necessary." See *Smith & Lee Assocs. v. City of Taylor* (6th Cir., 1996) 102 F.3d 781, 794. An accommodation is "reasonable" when it imposes no "fundamental alteration in the nature of the program" or "undue financial and administrative burdens." Id. at 795 (quoting *Southeastern Community College v. Davis*, 442 U.S. 397, 410, 412, 60 L. Ed. 2d 980, 99 S. Ct. 2361 (1979)). "Equal opportunity" under the FHAA is defined as "giving handicapped individuals the right to choose to live in single-family neighborhoods, for that right serves to end the exclusion of handicapped individuals from the American mainstream." (*Smith* at 794-95.) Linked to the goal of equal opportunity is the term "necessary" (Id. at 795.) In order to prove that an accommodation is "necessary," "plaintiffs must show that, but for the accommodation, they likely will be denied an equal opportunity to enjoy the housing of their choice" (Id. at 795) (citing *Bronk v. Ineichen* (7th Cir., 1995) 54 F.3d 425, 429 ("The concept of necessity requires at a minimum the showing that the desired accommodation will affirmatively enhance a disabled plaintiff's quality of life by ameliorating the effects of the disability.".)) *Howard v. City of Beavercreek*, 276 F.3d 802, 806.

The case of *Giebl v. M&B Assocs.*, (9th Cir., 2003) 343 F. 3d 1143, cited by Plaintiffs sets forth the required statutory analysis of a "reasonable accommodation":

> "…only "reasonable" accommodations are required by the FHAA. 42 U.S.C. § 3604(f)(3)(B). There is some tendency in the case law to truncate the "accommodation" concept so as to preclude requirements that unreasonably burden housing providers, rather than conducting the two-step analysis mandated by the statute. So it is important to bear in

mind that a conclusion that a type of alteration to a policy is an "accommodation" within the meaning of the statute is only the first step in a multi-prong statutory analysis." (Id., at 1148)

In *Giebler*, the plaintiff requested a financial accommodation to allow his mother to co-sign on an apartment, which the appellate court found was reasonable, not a severe financial burden, and within the statutory intent. That court reasoned that, pursuant to the holding in *U.S. Airways v. Barnett* (2002) 535 U.S. 391, under the FHAA, as under the Rehabilitation Act and the ADA, only *reasonable* accommodations that do not cause undue hardship or mandate fundamental changes in a program are required (Id. at 1143, 1154.) Ordinarily, an accommodation is reasonable under the FHAA "when it imposes no 'fundamental alteration in the nature of the program' or 'undue financial or administrative burdens.' " *Howard v. City of Beavercreek* (6th Cir., 2002) 276 F.3d 802, 806 (quoting *Southeastern Community College v. Davis*, 442 U.S. 397, 410, 412, 60 L. Ed. 2d 980, 99 S. Ct. 2361 (1979)

Under the Rehabilitation Act case law, a plaintiff requesting accommodation bears the "initial burden of producing evidence that a reasonable accommodation was possible." *Vinson v. Thomas* (9th Cir., 2002) 288 F.3d 1145, 1154. Once evidence of the possibility is produced, the burden shifts to the other party to produce rebuttal evidence that the requested accommodation is not reasonable and would cause undue hardship (*Giebler* at 1156.)

In the instant matter, with the available reasonable accommodation request of three bedrooms, Plaintiffs were given the equal opportunity to live in single-family neighborhoods, meeting the holding in *Smith*. Plaintiffs' subsequent request for an additional two bedrooms, totaling five bedrooms, is unreasonable under the FHAA because it imposes a 'fundamental alteration in the nature of the program' and 'undue financial or administrative burdens' on Defendants pursuant to *Howard*.

Plaintiffs submitted no evidence from their treatment providers of the need for five bedrooms. Plaintiffs have failed to show that, but for the five-bedroom accommodation, they likely will be denied an equal opportunity to enjoy the housing of their choice" pursuant to *Bronk*. Plaintiffs have also failed to produce any evidence to show that the desired five bedroom accommodation will

///

affirmatively enhance David Samuel's and Plaintiffs' minor daughter's quality of life by ameliorating the effects of the disability", pursuant to *Howard*.

Plaintiffs' have failed to meet their initial burden evidence that a reasonable accommodation of five bedrooms was reasonable, necessary and possible. This Court must deny the instant motion.

## IV. **CONCLUSION**

Plaintiffs' Motion for Partial Summary Judgment as to their cause of action for disability-based discrimination fails as a matter of law. Pursuant to Federal Rule of Civil Procedure (FRCP) 56(a), Plaintiffs must show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Defendants have granted Plaintiffs' requested reasonable accommodation as to three bedrooms. Plaintiffs have failed to meet their burden to show that their subsequent reasonable accommodation request of five bedrooms was reasonable, and necessary. There is no genuine dispute as to material fact regarding any alleged discrimination; the instant motion should be denied.

Dated: October 4, 2024 **WILSON ELSER MOSKOWITZ EDELMAN & DICKER**

By: Monica Castillo

EDWARD P. GARSON
MONICA CASTILLO
Attorneys for Defendant, SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY

**CERTIFICATE OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699-TLN-AC

I certify that on *October 4, 2024,* I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Executed on October 4, 2024, at San Francisco, California.

Jasmine Carinio