EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendant,
SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.: 2:22-cv-01699-TLN-AC<br><br>**DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT ON ITEM 1 OF PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>Date: October 23, 2024<br>Time: 10:00 am<br>Judge: Hon. Alison Claire<br>Courtroom: 2-15th Floor |

TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Pursuant to Federal Rule of Civil Procedure 56(a), Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY ("SHRA"); LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLY, collectively ("Defendants"), by and through their attorneys, WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP, hereby submit the following Separate Statement of Undisputed Material Facts in support of its Opposition to Plaintiffs' Motion for Partial Summary Judgment in the above-captioned matter.

///

**ISSUE 1: The Instant Motion Fails As A Matter of Law Because Defendants Granted Plaintiffs' Requested Reasonable Accommodation of A Separate Bedroom for Plaintiff David Samuel and for Plaintiffs' Minor Daughter.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 1. Plaintiff David Samuel ("David") was known by Defendants to be an individual with a disability prior to the reasonable accommodation request according to Defendant SHRA's own documents.<br><br>***Supporting Evidence***<br>• Exhibits 1-4. | Admit. |
| 2. Defendants were put on notice at the time of their reasonable accommodation requests that Plaintiffs DAVID and AIMS both had a qualifying disability under the FHAA, and provided medical documentation verifying their disability status, and supporting letter from Plaintiff DAVID's physician.<br><br>***Supporting Evidence***<br>• Exhibits 2, 3, 4. | Deny. Defendants did not receive medical documentation as to Plaintiffs' reasonable accommodation request for an additional bedroom each for Plaintiff David Samuel and for Plaintiff's minor daughter, totaling five bedrooms. |
| 3. Defendants also had prior notice that Plaintiff DAVID was receiving Social Security Disability Insurance payments through their income verification process.<br><br>***Supporting Evidence***<br>• Exhibits 5-9. | Admit. |
| 4. Defendants denial letters acknowledge Plaintiffs had qualifying disabilities.<br><br>***Supporting Evidence***<br>• Exhibits 6, 7. | Deny. Defendants' July 8, 2022 letter only refers to Plaintiff David Samuels. Defendants' November 16, 2022, letter refers to the disability of Plaintiff David Samuels and to Artemis Samuels, who is not a party to the lawsuit. |

| | |
|---|---|
| 5. On May 19, 2022 Plaintiff DAVID submitted their first reasonable accommodation request on behalf of DAVID and AIMS.<br><br>***Supporting Evidence***<br>• Exhibit 8 | Deny. The May 19, 2022 request was signed by Plaintiff Sydney Roberts. |
| 6. In a letter dated July 8, 2022 Defendants denied the reasonable accommodation request for DAVID and ignored the request for AIMS in a letter signed by MaryLiz Paulson.<br><br>***Supporting Evidence***<br>• Exhibit 6 | Admit. |
| 7. Prior to denying the request, Defendants made no attempt to contact DAVID or DAVID's physician, the family social worker, or engage in an interactive process.<br><br>***Supporting Evidence***<br>• Exhibits 9, 10 | Deny. Defendants arranged for two hearings on Plaintiffs' requests; one on September 12, 2022 and another on April 20, 2023.<br><br>***Supporting Evidence***<br>• Video of hearing. |
| 8. DAVID made several attempts to initiate the interactive process prior to and immediately following the receipt of the denial letter.<br><br>***Supporting Evidence***<br>• None identified by Plaintiffs' Motion | Objection – hearsay, speculative, and unsupported by any admissible evidence. |
| 9. The request was denied because Defendants "recommended alternative sleeping arrangements."<br><br>***Supporting Evidence***<br>• Exhibit 6. | Deny. The request was denied because the reasonable accommodation request did not meet the reasonable accommodation threshold and disability needs could be met without increasing the voucher size. |
| 10. On September 26, 2022, DAVID again requested reasonable accommodation for DAVID and AIMS from Defendants. | Unable to admit or deny. Exhibit 11 is an undated letter with several redactions and the only identifiable name is that of David Samuel. |

| | |
|---|---|
| ***Supporting Evidence***<br>• Exhibit 11. | |
| 11. Defendants also received documentation verifying AIMS qualified disability along with contact information for AIMS physician.<br><br>***Supporting Evidence***<br>• Exhibit 12. | Unable to admit or deny. Exhibit 12 has several redactions including names and Kaiser medical record numbers, but in the body of the document there appear references to Artemis Samuel. |
| 12. In a letter dated November 16, 2022 signed by PAULSON, Defendants denied the reasonable accommodation request for both DAVID and AIMS, with otherwise identical language to the July 8, 2022 denial letter.<br><br>***Supporting Evidence***<br>• Exhibit 7. | Admit as to denial of reasonable accommodation request for Artemis and David Samuel, deny as to "otherwise identical language" as vague, and overbroad. |
| 13. Defendants made no attempt to contact Plaintiffs or their physician to engage in the interactive process before denying the request.<br><br>***Supporting Evidence***<br>• None identified by Plaintiffs' Motion. | Objection – hearsay, speculative, and unsupported by any admissible evidence. |
| 14. Plaintiffs made several reasonable accommodation requests throughout 2023 and January 2024 which were denied in letters from Defendant signed by PAULSON, which are more recent than the time frame of the third amended complaint.<br><br>***Supporting Evidence***<br>• None identified by Plaintiffs' Motion. | Objection – hearsay, speculative, and unsupported by any admissible evidence. |
| 15. | On or about May 19, 2022, Plaintiffs and their minor daughter were residing in a two-bedroom apartment.<br><br>***Supporting Evidence***<br>• Plaintiffs' Exhibit 2. |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 16. | The May 19, 2022, requested reasonable accommodation was for an extra bedroom so that David Samuel could have his own bedroom and minor daughter could have her own bedroom.<br><br>***Supporting Evidence***<br>• Plaintiffs' Exhibit 2. |
| 17. | On March 20, 2023, Plaintiffs' request for an additional bedroom was granted. Plaintiff's new request for housekeeping services was denied as it required a fundamental change in the program and presented an undue hardship A letter was sent to Plaintiffs informing them they would be issued a three bedroom voucher.<br><br>***Supporting Evidence***<br>• Exhibit A to Index of Evidence: March 20, 2023 letter granting request for three bedrooms.<br><br>Declaration of Monica Castillo, paragraph 2. |
| 18. | On April 3, 2023, a letter was sent to Plaintiffs informing them their requests for two bedrooms each for David Samuel and Plaintiffs' minor daughter was denied, as was their request for sound proofing and black out curtains, which needed to be directed to their landlord.<br><br>***Supporting Evidence***<br>• Exhibit B to Index of Evidence: April 3, 2023, letter denying request for five bedrooms.<br><br>Declaration of Monica Castillo, paragraph 3. |

**ISSUE 2: Plaintiffs' Further Request For Reasonable Accommodation of Two Bedrooms Each for Plaintiff David Samuels and Plaintiffs' Minor Daughter Is Not Reasonable Nor Necessary**

///

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 1. Plaintiff David Samuel ("David") was known by Defendants to be an individual with a disability prior to the reasonable accommodation request according to Defendant SHRA's own documents.<br><br>***Supporting Evidence***<br>• Exhibits 1-4. | Admit. |
| 2. Defendants were put on notice at the time of their reasonable accommodation requests that Plaintiffs DAVID and AIMS both had a qualifying disability under the FHAA, and provided medical documentation verifying their disability status, and supporting letter from Plaintiff DAVID's physician.<br><br>***Supporting Evidence***<br>• Exhibits 2, 3, 4. | Deny. Defendants did not receive medical documentation as to Plaintiffs' reasonable accommodation request for an additional bedroom each for Plaintiff David Samuel and for Plaintiff's minor daughter, totaling five bedrooms. |
| 3. Defendants also had prior notice that Plaintiff DAVID was receiving Social Security Disability Insurance payments through their income verification process.<br><br>***Supporting Evidence***<br>• Exhibits 5-9. | Admit. |
| 4. Defendants denial letters acknowledge Plaintiffs had qualifying disabilities.<br><br>***Supporting Evidence***<br>• Exhibits 6, 7. | Deny. Defendants' July 8, 2022 letter only refers to Plaintiff David Samuels. Defendants' November 16, 2022, letter refers to the disability of Plaintiff David Samuels and to Artemis Samuels, who is not a party to the lawsuit. |
| 5. On May 19, 2022 Plaintiff DAVID submitted their first reasonable accommodation request on behalf of DAVID and AIMS. | Deny. The May 19, 2022 request was signed by Plaintiff Sydney Roberts. |

| | |
|---|---|
| ***Supporting Evidence***<br>• Exhibit 8 | |
| 6. In a letter dated July 8, 2022 Defendants denied the reasonable accommodation request for DAVID and ignored the request for AIMS in a letter signed by MaryLiz Paulson.<br><br>***Supporting Evidence***<br>• Exhibit 6 | Admit. |
| 7. Prior to denying the request, Defendants made no attempt to contact DAVID or DAVID's physician, the family social worker, or engage in an interactive process.<br><br>***Supporting Evidence***<br>• Exhibits 9, 10 | Deny. Defendants arranged for two hearings on Plaintiffs' requests; one on September 12, 2022 and another on April 20, 2023.<br><br>***Supporting Evidence***<br>• Video of hearing. |
| 8. DAVID made several attempts to initiate the interactive process prior to and immediately following the receipt of the denial letter.<br><br>***Supporting Evidence***<br>• None identified by Plaintiffs' Motion | Objection – hearsay, speculative, and unsupported by any admissible evidence. |
| 9. The request was denied because Defendants "recommended alternative sleeping arrangements."<br><br>***Supporting Evidence***<br>• Exhibit 6. | Deny. The request was denied because the reasonable accommodation request did not meet the reasonable accommodation threshold and disability needs could be met without increasing the voucher size. |
| 10. On September 26, 2022, DAVID again requested reasonable accommodation for DAVID and AIMS from Defendants.<br><br>***Supporting Evidence***<br>• Exhibit 11. | Unable to admit or deny. Exhibit 11 is an undated letter with several redactions and the only identifiable name is that of David Samuel. |
| 11. Defendants also received documentation verifying AIMS | Unable to admit or deny. Exhibit 12 has several redactions including names and Kaiser medical record numbers, but in the body of |

| | |
|---|---|
| qualified disability along with contact information for AIMS physician.<br><br>***Supporting Evidence***<br>• Exhibit 12. | the document there appear references to Artemis Samuel. |
| 12. In a letter dated November 16, 2022 signed by PAULSON, Defendants denied the reasonable accommodation request for both DAVID and AIMS, with otherwise identical language to the July 8, 2022 denial letter.<br><br>***Supporting Evidence***<br>• Exhibit 7. | Admit as to denial of reasonable accommodation request for Artemis and David Samuel, deny as to "otherwise identical language" as vague, and overbroad. |
| 13. Defendants made no attempt to contact Plaintiffs or their physician to engage in the interactive process before denying the request.<br><br>***Supporting Evidence***<br>• None identified by Plaintiffs' Motion. | Objection – hearsay, speculative, and unsupported by any admissible evidence. |
| 14. Plaintiffs made several reasonable accommodation requests throughout 2023 and January 2024 which were denied in letters from Defendant signed by PAULSON, which are more recent than the time frame of the third amended complaint.<br><br>***Supporting Evidence***<br>• None identified by Plaintiffs' Motion. | Objection – hearsay, speculative, and unsupported by any admissible evidence. |
| 15. | On or about May 19, 2022, Plaintiffs and their minor daughter were residing in a two-bedroom apartment.<br><br>***Supporting Evidence***<br>• Plaintiffs' Exhibit 2. |

///

///

///

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 16. | The May 19, 2022, requested reasonable accommodation was for an extra bedroom so that David Samuel could have his own bedroom and minor daughter could have her own bedroom.<br><br>***Supporting Evidence***<br>• Plaintiffs' Exhibit 2. |
| 17. | On March 20, 2023, Plaintiffs' request for an additional bedroom was granted. Plaintiff's new request for housekeeping services was denied as it required a fundamental change in the program and presented an undue hardship A letter was sent to Plaintiffs informing them they would be issued a three bedroom voucher.<br><br>***Supporting Evidence***<br>• Exhibit A to Index of Evidence: March 20, 2023 letter granting request for three bedrooms.<br><br>Declaration of Monica Castillo, paragraph 2. |
| 18. | On April 3, 2023, a letter was sent to Plaintiffs informing them their requests for two bedrooms each for David Samuel and Plaintiffs' minor daughter was denied, as was their request for sound proofing and black out curtains, which needed to be directed to their landlord.<br><br>***Supporting Evidence***<br>• Exhibit B to Index of Evidence: April 3, 2023, letter denying request for five bedrooms.<br><br>Declaration of Monica Castillo, paragraph 3. |

///

///

///

///

Dated: October 4, 2024 **WILSON ELSER MOSKOWITZ EDELMAN & DICKER**

By: Monica Castillo

EDWARD P. GARSON
MONICA CASTILLO
Attorneys for Defendant,
SACRAMENTO HOUSING
AND REDEVELOPMENT AGENCY

**CERTIFICATE OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699-TLN-AC

I certify that on *October 4, 2024,* I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Executed on October 4, 2024, at San Francisco, California.

Jasmine Carinio