UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL,<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No. 2:22-cv-1699 DJC AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiffs are proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  The case proceeds on the basis of the Third Amended Complaint (ECF No. 11) as narrowed by the findings and recommendations and order granting partial dismissal (ECF Nos. 36, 47).  Before the court is plaintiffs' motion for partial summary judgment.  ECF No. 67.  For the reasons set forth below, the undersigned recommends the motion be DENIED.

**I.  Factual and Procedural Background**

Plaintiffs filed this action in pro se and in forma pauperis on September 27, 2022.  ECF No. 1.  Pursuant to the screening process associated with IFP status, plaintiffs' complaint was amended twice before the operative Third Amended Complaint ("TAC") was ordered to be served.  ECF Nos. 11, 12.  The TAC brought causes of action under Title II of the Americans

1

with Disabilities Act, the Fair Housing Act, Sections 504 and 508 of the Rehabilitation Act, and the Fourteenth Amendment.  ECF No. 11 at 4.

Plaintiffs, two adult members of the same household, allege that defendants have violated the laws with respect to their housing and their requested accommodations related to various disabilities.  See generally, ECF No. 11.  Plaintiff David Tyrone Samuel is a disabled person currently receiving Social Security Disability Insurance ("SSDI") for diagnoses of Attention Deficit Hyperactivity Disorder, Autism Spectrum Disorder, Chronic Post Traumatic Stress Disorder, and Major Depressive Disorder.  Id. at 9.  Samuel and Sydney Brooke Roberts are parents of two children: AIMS, age 4, and DAYS, an infant.  Id. AIMS has been diagnosed with Autism Spectrum Disorder and is currently non-verbal.  Id.

The family participates in the Department of Housing and Urban Development Housing Choice Voucher program ("HCV").  Id. at 7.  They received their voucher on September 14, 2018, as part of a Sacramento County program that included wrap-around services from Sacramento Self Help Housing, a vendor who provided Property Related Tenant Services ("PRTS").  Id. at 13.  A caseworker from PRTS was responsible for coordinating housing related issues with the Sacramento Housing and Redevelopment Agency ("SHRA").  Plaintiffs asked an unknown supervisor about the process of requesting an extra bedroom to be added to their housing voucher as a reasonable accommodation; the supervisor said this was not possible.  Id. at 17.  On May 18, 2022, PRTS caseworker Ashely Valentine encouraged plaintiffs to formally request a reasonable housing accommodation.  Id.  Plaintiffs submitted all documents on May 19, 2022.  Id.  Plaintiffs received a denial signed by MaryLiz Paulson, director of the HVC program operations for SHRA, on behalf of the Reasonable Accommodation Compliance Committee ("RACC"), on July 15, 2022.  Id. at 19.

Plaintiffs attempted to reach RACC multiple times regarding their request but were not getting responses.  Id. at 18-19.  On June 20, 2022, plaintiffs called SHRA through their main number.  Id. at 18.  Plaintiffs then received a letter from employee Tyler Thao requesting additional documentation.  Id.  Plaintiffs continued to attempt to contact SHRA without success.  Id.  On August 4, 2022, plaintiffs submitted a written request for a hearing to SHRA via fax.  Id.

2

at 19.  Plaintiffs did not receive an immediate response despite multiple contact attempts.  Id.  On August 28, 2022, plaintiffs received an email from SHRA with login credentials for a zoom hearing to be held on September 12, 2022.  Id. at 20.  On September 6, 2022, plaintiffs received a letter from SHRA with hearing procedures and requirements.  Id.  Plaintiffs had their hearing before officer John Lew.  Id.  The hearing was attended by Tanya Cruz, who appeared on behalf of RACC member Tory Lynch.  Id. at 21.  At the hearing, plaintiffs argued that the SHRA regulations allow for housing modification "for durable medical equipment, and [that] the room itself was durable medical equipment."  Id. at 22.  On September 15, 2022, Cruz informed plaintiffs, without explanation, that Lew would not be able to submit a decision for the hearing and SHRA would set another hearing for a future date.  Id.  On September 16, 2022, plaintiffs sent a certified letter disagreeing with the lack of decision, including a copy of their hearing arguments.  Id. at 23.  On September 26, 2022, plaintiffs sent another letter via certified mail requesting all previous accommodations for effective communication voucher adjustments as a reasonable accommodation.  Id.  As of the filing of the TAC on November 11, 2022, SHRA had not responded.  Id.

Defendants moved to dismiss the TAC, and that motion was granted in part.  ECF No. 36.  The following claims remain in this case: (1) disability discrimination in housing under the Americans with Disabilities Act, the Rehabilitation Act, and the Fair Housing Act (Claims One and Five); (2) ineffective communication under the Americans with Disabilities Act (Claim Two); (3) Fourteenth Amendment due process violation claim (Claim Three); and (4) accessibility of services claims (Claim Four).  ECF No. 47 at 2.  Plaintiffs now move for summary judgment in their favor as to Claim One and seek "declaratory relief stating the acts alleged are disability discrimination consistent with the definitions provided in the Fair Housing ('FHA'), Americans with Disabilities Act ('ADA'), Rehabilitation Act ('REHAB') and California Fair Employment and Housing Act ('FEHA')."  ECF No. 67 at 1.  Defendants opposed the motion.  ECF No. 74.  Plaintiffs did not reply to defendants' opposition.

////

////

## II. Legal Standard

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

Summary judgment should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. In such a circumstance, summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty

4

Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 477 U.S. at 248.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "'the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" T.W. Elec. Service, Inc., 809 F.2d at 630 (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Cent. Costa County Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Neilsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

### III.   Statement of Undisputed Facts

Unless otherwise specified, the following facts are either expressly undisputed by the parties or have been determined by the court, upon a full review of the record, to be undisputed by competent evidence. Plaintiff's statement of undisputed facts is located at ECF No. 67 at 2-3. Defendant's statement of undisputed facts is located at ECF No. 74-1.

Plaintiff David Samuel ("David") was known by defendants to be an individual with a disability prior to the reasonable accommodation request according to SHRA's own documents. ECF No. 74-1 at 2. Defendants had notice that David was receiving Social Security Disability

5

1  Insurance payments through their income verification process. Id. On May 19, 2022, plaintiffs
2  submitted their first reasonable accommodation request on behalf of David and their minor child
3  AIMS. Id. at 2. On or about May 19, 2022, plaintiffs and their children were residing in a two-
4  bedroom apartment. ECF No. 74-1 at 8.  The May 19, 2022 letter requested reasonable
5  accommodation for an extra bedroom so that David could have his own bedroom and AIMS
6  could have her own bedroom. Id.
7  In a letter dated July 8, 2022, defendants denied the reasonable accommodation request
8  for David and ignored the request for AIMS in a letter signed by MaryLiz Paulson. ECF No. 67
9  at 62. In a letter dated November 16, 2022, signed by Paulson, defendants again denied the
10 reasonable accommodation request for David and also denied the request for AIMS. ECF No. 67
11 at 64. On March 20, 2023, plaintiffs' request for an additional bedroom was granted. ECF No.
12 74-2 at 4. Plaintiff's new request for housekeeping services was denied on the basis that it
13 required a fundamental change in the program and presented an undue hardship. Id. A letter was
14 sent to plaintiffs informing them they would be issued a three-bedroom voucher. Id. On April 3,
15 2023, a letter was sent to plaintiffs noting that their previous request for an additional bedroom
16 (three bedrooms total) had already been approved and that a new requests for two bedrooms each
17 for David and AIMS (five bedrooms total) was denied, as was their request for sound proofing
18 and black out curtains, which needed to be directed to their landlord. ECF No. 74-2 at 6.

19                                    **IV.    Analysis**

20 Plaintiff seeks summary judgment that defendants' actions constitute disability
21 discrimination consistent with the definitions provided in the FHA, the ADA, REHAB, and
22 FEHA. ECF No. 67 at 1. Plaintiffs assert they have "made several reasonable accommodation
23 requests throughout 2023 and January 2024 which were denied in letters from Defendant signed
24 by PAULSON, which are more recent than the time frame of the third amended complaint." ECF
25 No. 67 at 3. Defendants argue the motion should be denied because on March 8, 2023, roughly
26 four months after the TAC in this case was filed and a month before defendants filed their motion
27 to dismiss (ECF No. 19), the accommodation for an additional bedroom was granted. ECF No.
28 74 at 2. Defendants assert without citation that "[a]fter being granted a reasonable

accommodation for three bedrooms, Plaintiffs requested a further accommodation for five bedrooms, two each for David Samuel and Plaintiffs' minor daughter and one for Sydney Roberts." ECF No. 74 at 3. Defendants argue that "[p]laintiffs have failed to meet their burden to show that their subsequent reasonable accommodation request of five bedrooms was reasonable, and necessary." ECF No. 74 at 5.

To prove that a public program or service violated Title II of the ADA, 42 U.S.C. § 12132, the plaintiff must show that (1) he is a "qualified individual with a disability," (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity, and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir.2001); Weinreich v. Los Angeles County Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).

Section 504 of the Rehabilitation Act prohibits "discrimination against all handicapped individuals . . . in employment, housing, transportation, education, health services, or any other Federally-aided programs." 29 U.S.C. § 794. To state a prima facie claim under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, the plaintiff must show that (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefits at issue; (3) he was denied the benefits of the program solely because of his disability; and (4) the program receives federal financial assistance. Zukle v. Regents of Univ. of Cal., 166 F.3d 1041, 1045 (9th Cir.1999). The Fair Housing Act (FHA) prohibits discrimination against "any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin," 42 U.S.C. § 3604(b), or "because of a handicap," 42 U.S.C. § 3604(f)(2). To show discrimination based on failure to provide a reasonable accommodation, a plaintiff must demonstrate that: (1) he or she suffers from a handicap as defined by the Fair Housing Act; (2) the defendant knew or reasonably should have known of the plaintiff's handicap; (3) accommodation of the handicap may be necessary to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendant

////

refused to make such accommodation.  Giebeler v. M & B Associates, 343 F. 3d 1143, 1147 (9th Cir. 2003).

The evidence presented in this case is insufficient to warrant summary judgment under any of these statutes.  In light of SHRA's decision to grant the extra bedroom reasonable accommodation (for a total of three bedrooms) in March of 2023, it is unclear whether plaintiffs were in fact denied a benefit.  Plaintiffs have not submitted evidence sufficient to demonstrate that they were entitled to additional benefits (e.g. housekeeping services, a five-bedroom apartment, etc.).  Furthermore, plaintiff's motion is vague as to what accommodations are at issue at this juncture; plaintiff refers to "several reasonable accommodation requests" but does not identify what those requests were.  ECF No. 67 at 3.  Nor does plaintiff address the March 2023 letter granting the additional bedroom.  To prevail on a motion for summary judgment, the moving party must "show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Plaintiff has not met this burden and the motion must therefore be DENIED.

## V. Conclusion

Accordingly, for the reasons explained above, IT IS RECOMMENDED that plaintiffs' motion for summary judgment (ECF No. 67) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

////

////

////

1  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57
2  (9th Cir. 1991).
3       IT IS SO ORDERED.
4  DATED: January 13, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE