EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendant,
SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

Plaintiffs,

v.

SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,

Defendants.

No.: 2:22-cv-01699-TLN-AC

**DEFENDANT SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY 'S RESPONSE TO OBJECTIONS TO MAGISTRATE'S FINDINGS AND RECOMMENDATIONS**

**A. Plaintiffs' Responses Are Untimely and Should Not Be Considered**

"Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties". *See*, Findings and Recommendations ("Findings"), ECF No. 76, 8:19-21; 28 U.S.C. § 636(b)(1), Local Rule 304(b). The Findings were served on January 14, 2025. Dkt. Text 76.

The last day to file objections was February 4, 2025. Plaintiffs' "Objections to Magistrate Findings and Recommendations" ("Objections") is dated February 5, 2023 and filed on February 6, 2025. *See*, Plaintiffs' Objections to Magistrate Findings and Recommendations, 9:6. Dkt. Text

77. The objections are not timely and should not be considered. "If affected party fails to timely file objections, however, court can assume that they have agreed to magistrate's recommendation, and no review is required of those issues to which objections are not timely raised". *See, Torres Garcia v. Puerto Rico*, 402 F. Supp. 2d 373, 2005 U.S. Dist. LEXIS 35185 (D.P.R. 2005).

### B. <u>Plaintiffs' Objections Should Be Overruled Because Plaintiffs Offer No Valid Arguments</u>

Assuming, arguendo, this Court will entertain Plaintiffs' Objections in spite of their untimeliness, this Court should overrule the Objections for failure to offer valid arguments[1].

As correctly stated in the Findings, Plaintiffs' Motion for Summary Judgment sought declaratory relief that the alleged acts by Defendant constituted disability discrimination pursuant to the Fair Housing Act, Americans with Disabilities Act, Rehabilitation Act and California Fair Employment and Housing Act. ECF No. 76, 3:21-25, 6:20-22. "Objections to factual findings made by federal magistrate were overruled because defendants offered nothing to bolster their objections except their own interpretation of evidence, which magistrate had already fully considered, and they did not offer any new substantive arguments in favor of their position." *Caraballo Seda v. Rivera*, 306 F. Supp. 2d 108, 2004 U.S. Dist. LEXIS 3207 (D.P.R. 2004), remanded, 395 F.3d 7, 22 I.E.R. Cas. (BNA) 507, 2005 U.S. App. LEXIS 493 (1st Cir. 2005). In the instant case, Plaintiffs have failed to offer valid arguments in support of their objections to the Findings – Plaintiffs' Objections should be overruled.

Plaintiff's' reliance on *Duvall v. County of Kitsap*, (9 Cir. 2001) 260 F.3rd 1124, is misplaced – that court did not hold that granting a reasonable accommodation after a denial does not absolve liability for discrimination occurring. Rather, the court held that Plaintiff presented sufficient evidence to create a triable issue of material fact regarding his ADA discrimination claims.

///

[1] Plaintiffs consistently failed to properly cite cases in their Objections making it difficult for Defendant to determine Plaintiffs' arguments and prepare its Response.

Similarly, Plaintiffs failed to fully set forth the finding in *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, (2001) 532 U.S. 598. In that case, the court found that a defendant could show it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur" *Friends of Earth, Inc.* v. *Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189, 145 L. Ed. 2d 610, 120 S. Ct. 693 (2000) (internal quotation marks and citations omitted) to moot a case and deprive a federal court of its power to determine the legality of the practice. As stated in the Findings, the fact that Plaintiffs' request for an additional bedroom was granted shows that the allegedly wrongful behavior could not be reasonably expected to recur. Thus, the denial of summary judgment is appropriate.

Plaintiffs' thinly-veiled arguments that they met the required high bar of "deliberate indifference"[2] should be disregarded as irrelevant as the determination of the legality of the alleged discriminatory practice should be mooted. Further, the court in *Zukle v. Regents of the University of California* (1999) 166 F.3d 1041, makes no mention of "deliberate indifference" – Plaintiffs' reliance on this case must be ignored.

The cases cited by Plaintiffs, *Giebeler v. M & B Associates* (9th Cir. 2003) 343 F.3d 1143 and *McGary v. City of Portland* (9th Cir. 2004) 386 F.3d 1259, make no mention "that housing providers must engage in good faith dialogue about accommodations" prior to denying reasonable accommodation requests, as argued by Plaintiffs (Objections, 4:3-7). These cases should not be considered in support of Plaintiffs' Objections.

///

///

///

///

///

///

///

---

[2] "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Csutoras v. Paradise High School* (9th. Cir 2021) 12 F.4th 960, 969.

**C. Conclusion**

This Court should uphold the Findings and deny Plaintiffs' Motion for Summary Judgment because Plaintiffs' Objections are untimely and thus waived, and do not present new, valid arguments.

Dated: February 10, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER**

By: /s/ Monica Castillo

EDWARD P. GARSON
MONICA CASTILLO
Attorneys for Defendant,
SACRAMENTO HOUSING
AND REDEVELOPMENT AGENCY

**CERTIFICATE OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699-TLN-AC

I certify that on *February 10, 2025*, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Executed on February 10, 2025, at San Francisco, California.

Jasmine Carinio