

David Samuel, Pro Se
Sydney Roberts, Pro Se
108 Rinetti Way
Rio Linda, CA 95673
512-522-8571
edfed@possiblymaybe.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS<br>DAVID TYRONE SAMUEL,<br>AIMS (A MINOR),<br>DAYS (A MINOR)<br>Plaintiffs,<br>v.<br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY ET AL.,<br>Defendants | Case No: 2:22-cv-01699 DJC AC<br><br>**Plaintiffs' Statement of Disputed Facts**<br><br>Date: April 23, 2025<br>Time: 10:00 a.m.<br>Location: Courtroom 26<br>Judge: Magistrate Judge Allison Claire |

1) **Disputed Fact**: SHRA approved Plaintiffs' reasonable accommodation request in March 2023.

2) Dispute: SHRA later issued a denial letter on April 4, 2023, showing the accommodation was not fully approved. This is material because it goes to the core of Plaintiffs' reasonable accommodation claim and defeats any assertion that the issue has been resolved.

3) Evidence: Exhibit Q

4) **Disputed Fact**: SHRA conducted a timely and adequate informal hearing regarding the accommodation denial.

**PLAINTIFFS' STATEMENT OF DISPUTED FACTS** - 1

5) Dispute: SHRA canceled the hearing due to lack of a hearing officer and failed to reschedule or provide a written decision. This failure violated 24 C.F.R. § 982.555 and deprived Plaintiffs of due process.

6) Evidence: Exhibit H

7) **Disputed Fact**: Plaintiffs failed to participate in the discovery process.

8) Dispute: Plaintiffs initiated and documented multiple requests to schedule a Rule 26(f) conference and provided early disclosures via email.

9) Defendants, by contrast, have obstructed discovery by refusing to schedule a conference, ignoring basic information requests, and failing to produce key contacts and documents. This conduct violates Federal Rule 26, Local Rule 240, and undermines the integrity of the summary judgment process.

10) Evidence: Exhibits B, C, D, R

11) **Disputed Fact**: SHRA fully addressed all aspects of the November 2022 reasonable accommodation request.

12) Dispute: SHRA failed to address the request for two additional bedrooms; the denial focused only on policy and did not include individualized review.

13) Evidence: Exhibit F

14) **Disputed Fact**: Plaintiffs admitted all material facts by failing to respond to RFAs.

15) Dispute: Plaintiffs filed a motion under Rule 36(b) and submitted amended responses. The Court should allow resolution on the merits.

16) Evidence: Exhibit A

**PLAINTIFFS' STATEMENT OF DISPUTED FACTS** - 2

17) **Disputed Fact**: SHRA followed HUD regulations in denying the requested accommodation.

18) Dispute: SHRA based its denial on agency policy, not individualized analysis or the interactive process as required by the FHA and ADA. See also Duvall v. County of Kitsap, 260 F.3d 1124, 1139 (9th Cir. 2001).

19) Evidence: Exhibits E, I, K

20) **Disputed Fact**: There are no genuine disputes of material fact in this case.

21) Dispute: The record shows disputes about whether SHRA provided due process, acted in retaliation, and denied reasonable accommodations. Summary judgment is therefore inappropriate.

22) Evidence: All Exhibits A through R

23) **Disputed Fact**: SHRA adequately communicated about the RA request and renewal packet.

24) Dispute: SHRA failed to notify Plaintiffs that the 2025 renewal packet was available, breaking with prior years' communication practices. This is material to Plaintiffs' housing stability.

25) Evidence: Exhibit B

26) **Disputed Fact**: Plaintiffs lost housing due to their own actions.

27) Dispute: Plaintiffs repeatedly warned SHRA of the consequences of its inaction. SHRA's failure to approve accommodations or process documents timely contributed to eviction.

28) Evidence: Exhibits A, O, Q

**PLAINTIFFS' STATEMENT OF DISPUTED FACTS** - 3

29) **Disputed Fact**: SHRA followed an individualized process in denying accommodations.

30) Dispute: The denial letters contain identical, template-based policy justifications and do not refer to Plaintiffs' medical need, disability, or unit suitability. No alternatives were proposed.

31) Evidence: Exhibits E, F, Q

32) **Disputed Fact**: SHRA conducted a complete and fair informal hearing on Plaintiffs' request for reasonable accommodation.

33) Dispute: Plaintiffs participated in a scheduled hearing on June 2, 2023. During the session, SHRA abruptly cancelled the hearing without rescheduling or issuing a decision.

34) This was the second such cancellation and reflects a continuing failure to provide due process as required under 24 C.F.R. § 982.555. The events were recorded in real time.

35) Evidence: Exhibit S1, Exhibit S2; Declaration of David Samuel re Exhibit S

36) **Disputed Fact**: SHRA acted in good faith to resolve Plaintiffs' request through the informal hearing process.

37) Dispute: As of October 31, 2023, SHRA still had not rescheduled either of the informal hearings cancelled in 2022 and 2023. Plaintiffs continued to request resolution and warned SHRA about the due process implications of their inaction.

38) Evidence: Exhibit T

**PLAINTIFFS' STATEMENT OF DISPUTED FACTS** - 4

39) **Disputed Fact**: SHRA allowed Plaintiffs to utilize their three-bedroom voucher to secure housing that met disability-related needs and payment standards.

40) Dispute: In March 2023, Plaintiffs located an approvable three-bedroom unit at 7957 Papago Way that met HUD payment standards and was deemed affordable by SHRA's own Affordability Worksheet. Despite this, SHRA voided the RFTA and attempted to cap the payment well below the standard for the zip code. This action denied Plaintiffs access to suitable housing without individualized justification.

41) Evidence: Exhibit U1, U2, U3, U4

42) **Disputed Fact**: SHRA made a good faith effort to expedite Plaintiffs' housing process for an approvable unit.

43) Dispute: SHRA explicitly agreed to expedite the processing of the RFTA submitted for the 7957 Papago Way unit, as documented in communications from April 3, 2023.

44) Despite this agreement, SHRA failed to process the RFTA within 30 days. The landlord subsequently cancelled the holding agreement, resulting in the loss of housing that was approvable and met Plaintiffs' disability-related needs.

45) Evidence: Exhibit U5; Declaration of David Samuel re Exhibit U5

*David Samuel*
David Samuel
Date  04/10/2025

*Sydney Roberts*
Sydney Roberts
Date  04/10/2025

**PLAINTIFFS' STATEMENT OF DISPUTED FACTS - 5**

| NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)<br>EDWARD P. GARSON (SBN 96786)<br>MONICA CASTILLO (SBN 146154)<br>WILSON ELSER MOSKOWITZ EDELMAN & DICKER<br>655 Montgomery Street, Suite 900<br>San Francisco, CA 94111<br>Telephone: (415) 433-0990 | |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| Sydney Brooke Roberts,<br>David Samuel,<br>A.I.M.S.,<br>D.A.Y.S., PLAINTIFF(S),<br>v.<br>Sacramento Housing and Redevelopment Agency, et. al,<br>DEFENDANT(S). | CASE NUMBER<br>2:22-cv-01699-DJC AC<br><br>**PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE** |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Sacramento, State of California, and not a party to the above-entitled cause. On **April 10**, 20 **25**, I served a true copy of **Statement of Disputed Facts** by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served. Attach additional pages if necessary.)

Place of Mailing: 3350 Arapaho Way, Antelope, CA 95843
Executed on **April 10**, 20 **25** at Sacramento, California

Please check one of these boxes if service is made by mail:

☐ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.
☐ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.
☒ I hereby certify under the penalty of perjury that the foregoing is true and correct.

*Barbara McGarvey*
Signature of Person Making Service

## ACKNOWLEDGEMENT OF SERVICE

I, _____, received a true copy of the within document on _____.

_____                    _____
*Signature*                                 *Party Served*