EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendant,
SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

Plaintiffs,

v.

SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,

Defendants.

No.: 2:22-cv-01699-TLN-AC

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO WITHDRAW DEEMED ADMISSIONS UNDER RULE 36(B)**

Assigned to Magistrate Judge Allison Claire
Date: April 23rd, 2025
Time: 10:00 a.m.
Courtroom: 26

## I. INTRODUCTION/FACTS

Plaintiffs have not set forth sufficient grounds to for their Motion to Withdraw Deemed Admissions. Pursuant to F.R.C.P. Rule 36(b) this Court exercise caution and deny the motion.

As stated in Plaintiffs' moving papers, Defendants served Requests for Admission to Plaintiffs on November 4, 2024 (Motion to Withdraw Deemed Admissions, 1:24, ¶ 3.) Plaintiffs conveniently omit the fact that on August 6, 2024, Defendants served Request for Production of Documents on Plaintiffs (Castillo Dec'l. ¶ 4.) To date,

five to eight months later, Plaintiffs have served no responses to all the discovery served by Defendants (Castillo Dec'l. ¶ 5.) Plaintiffs' claim that they "have actively participated in discovery" (Motion to Withdraw Deemed Admissions, 2:7-8, ¶ 4) is false. At no time did Plaintiffs notify Defendants' counsel that alleged medical issues were prohibiting Plaintiffs from responding to the Requests for Admissions (Castillo Dec'l. ¶ 6), as claimed in Plaintiffs' moving papers (Motion to Withdraw Deemed Admissions, 1:26-27, ¶ 3.)

After Defendants filed their Motion for Summary Judgment, on April 8, 2025, Plaintiffs served Interrogatories on Defendants requesting information regarding the names job titles and responsibilities of individuals who served on Defendants' Reasonable Accommodation Compliance Committee, of consultants and contractors who provided rental market analysis, of housing inspectors, and of individuals who maintained Defendants' housing inventory (Castillo Dec'l. ¶ 7.) Additionally Plaintiffs recently served Requests for Admissions and Requests for Documents on several individual Defendants (Castillo Dec'l. ¶ 8.)

On April 17, 2024, a Scheduling Conference was held (Dkt. 56) and on April 18, 2024, this Court ordered a **discovery deadline of June 25, 2025**, among other deadlines (Dkt 58.)

What is quite apparent from the court's docket is that Plaintiffs have been very active throughout this case, seeking leave for (Dkt. 7; Dkt. 23) and filing a complaint (Dkt. 1) and a First (Dkt. 5), Second (Dkt. 8) and Third Amended Complaint (Dkt. 11), and seeking leave to file a Fourth Amended Complaint, (Dkt. 23) but which was struck as premature (Dkt. 36), filing various motions including injunctions (Dkt. 25) and temporary restraining orders (Dkt. 26), partial summary judgment (Dkt. 38), to appoint counsel (Dkt. 53), and to compel discovery (Dkt. 66), in addition to recently propounding several sets of discovery on Defendant and many individual Defendants. This begs the question of why Plaintiffs failed to respond to any discovery propounded by Defendants.

The answer appears to be Plaintiffs' posturing and veiled attempts to gain an unfair advantage in this matter in the face of their unfounded claims.

## II. ARGUMENT

### A. Defendants Will Be Prejudiced By Withdrawal of Plaintiffs' Deemed Admissions

The seminal case for this issue is *Conlon v. United States* (9th Cir. 2007) 474 F.3d 616. In *Conlon*, Michael J. Conlon had a long history of arrests and paroles. On or about November 19, 2002, Conlon filed a pro per civil action. Eventually, a Nevada court dismissed all but the negligence claim arising out of Conlon's February 19, 1998, arrest and subsequent imprisonment. At a status conference, the magistrate judge ordered October 15, 2004, as the deadline for completion of discovery, and November 15, 2004, as the deadline for filing dispositive motions, with a January 11, 2005 trial date (*Id*. at 619.)

On August 19, 2004, the United States served its first set of Request for Admissions and Interrogatories on Conlon. Responses were due September 21, 2004. Included in the Requests for Admissions were admissions that Conlon's arrests and incarcerations were not due to any negligent acts by the United States. After the time for responding had passed, and prior to the October 15, 2004, discovery cut-off deadline, Conlon had not responded to the Request for Admissions, or filed a motion to withdraw his admissions with the Nevada district court under Rule 36(b). Conlon served deficient responses on November 3, 2004 (*Id*. at 619 - 620.)

On November 12, 2004, three days before the dispositive motions deadline, the United States filed a motion for summary judgment based on the "deemed admissions." On November 15, 2004, Conlon filed a Motion for Relief under Rule 36(b). He argued that (1) he was out of touch with his attorney during part of the period for answering the Request for Admissions, and his participation was essential; (2) once he was contacted the requests were answered forthwith; (3) relief would further the administration of justice, and denial would cause a hardship upon Conlon; and (4) relief would not unduly prejudice the United States. In conjunction with his Motion for Relief,

Conlon also served on the United States a new set of answers, rectifying the deficiencies in the responses to interrogatories that were present in the first set. The United States opposed Conlon's Motion for Relief (*Id*. at 621.)

On January 3, 2005, the Magistrate Judge denied Conlon's Motion for Relief. The court relied in part on the fact that Conlon sought relief only after the United States had filed a dispositive motion. The Magistrate Judge also observed that Conlon claimed that he was "out of touch with his attorney during part of the time for answering the requests for admissions," yet he never "allud[ed] to any serious medical condition or other emergency which illustrate[d] the need for the relief requested, nor d[id] he identify which admissions were denied." (*Id*. at 621) Rather than simply ignoring the Request for Admissions, the district court concluded that, "[a]t minimum, Conlon should have sought leave of the court for an extension of time to serve the answers." (*Id*. at 621) Therefore, because Conlon "failed to show that presentation of the merits of this action will be subserved by permitting withdrawal of 'several' of the admissions," and because "the defendant will be severely prejudiced by allowing withdrawal of the admissions since a dispositive motion is in the midst of briefing and trial is set to commence in eight days," (*Id*. at 621), the motion was denied. Subsequently, the district court granted the government's motion for summary judgment, stating that the "Defendant's motion for summary judgment turn[ed] on admissions made by plaintiff during discovery." (*Id*. at 621)

The Court of Appeals commenced its findings by reaffirming that "[t]rial courts [have been] advised to be cautious in exercising their discretion to permit withdrawal or amendment of an admission." *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985). The court also affirmed that unanswered requests for admissions may be relied on as the basis for granting summary judgment (*Ocampo v. Hardisty*, 262 F.2d 621, 624 (9th Cir. 1958.) Finally, when undertaking a prejudice inquiry under Rule 36(b), district courts should focus on the prejudice that the nonmoving party would suffer at trial (*Conlon* at 623.) The Court of Appeal concluded that the district court did not clearly err in finding

that withdrawal of the deemed admissions at such a late stage in the case would prejudice the United States and affirmed the denial of the motion to withdraw the admissions. (*Conlon* at 624)

Similar to *Conlon*, in the instant case, Plaintiffs: (1) sought relief only after Defendants had filed a dispositive motion Defendants; and (2) never informed Defendants of any alleged medical conditions until filing their moving papers.

Defendants will be prejudiced by withdrawal because, in reliance on the facts "conclusively established" by the deemed admissions, Defendants chose not to conduct further discovery that is necessary to disprove Plaintiffs' extensive claims of violations of the Americans with Disabilities Act, the Fair Housing Act, Sections 504 and 508 of the Rehabilitation Act and Fourteenth Amendment Due Process provisions. Indeed, since Plaintiffs have failed to respond to <u>any</u> discovery served by Defendants, the potential for unavailability of witnesses and documents is augmented and presents a potential roadblock and detriment to Defendants' ability to prepare for trial and defend itself against the multitude of claims brought by Plaintiffs. Moreover, Defendants relied on the admissions to file its motion for summary judgment, and discovery closes two months after the hearing on Defendants' summary judgment motion, thus further prejudicing Defendants if they now face trial preparations with the imminent close of discovery.

In their moving papers, Plaintiffs attach proposed responses to the Request for Admissions. If this Court grants the instant motion and orders Plaintiffs to serve Responses to Admissions, Defendants will have no choice but to meet and confer regarding the inappropriate responses. Pursuant to Rule 36(a)(4): If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. Plaintiffs' proposed responses are not compliant with Rule 36(a)(4) – they are all identical as follows: "Deny. Plaintiffs deny the truth of the matter asserted in this Request for

Admission." ((Motion to Withdraw Deemed Admissions, Exhibit A.) The responses lack the requisite specificity directed to the substance of the matter. The meet and confer process and ensuing, anticipated motion practice will further prejudice Defendants by delaying even more their ability obtain evidence sufficient to prepare for trial and mount a defense to Plaintiffs' claims. Finally, Defendant anticipate discovery motion practice as a result of the numerous sets of written discovery recently propounded on Defendant and many individual Defendants.

B. No Factors Exist In Plaintiffs' Favor to Grant the Motion

Assuming, arguendo, this Court concludes that Plaintiffs have met the two-pronged test of Rule 36(b),the Court of Appeal in *Conlon* went on to state that "in deciding whether to exercise its discretion when the moving party has met the two-pronged test of Rule 36(b), the district court may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." (*Id.* at 625). In the instant matter, Plaintiffs, as moving parties, have not shown good cause for the lack of responses. Cloaking their alleged failure to respond to the Request for Admissions for **over five months** as due to "medical issues" without any notice to Defendants, yet having more than enough capability to pepper the docket with pleadings and motions, and to now serve extensive discovery on Defendants, is deceptive, an abuse of procedure, and must not be rewarded.

## III. CONCLUSION

Defendants' ability to prepare for trial and mount a defense will be prejudiced by the granting of the instant motion. Plaintiffs have shown no good cause for their lack of responses to all discovery served by Defendants. This Court should exercise its

///

///

///

///

///

discretion and deny Plaintiffs' Motion to Withdraw Deemed Admissions.

Dated: April 15, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER**

By: Monica Castillo

EDWARD P. GARSON
MONICA CASTILLO
Attorneys for Defendant, SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY

**CERTIFICATE OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699-TLN-AC

I certify that on *April 15, 2025,* I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Executed on April 15, 2025, at San Francisco, California.

Jasmine Carinio

## PROOF OF SERVICE

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO WITHDRAW DEEMED ADMISSIONS UNDER RULE 36(B)**

☒: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

Executed on April 15, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Jasmine Carinio