EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370

Attorneys for Defendant,
SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.: 2:22-cv-01699-TLN-AC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL RULE 26(f) CONFERENCE**<br><br>Assigned to Magistrate Judge Allison Claire<br>Date: April 23rd, 2025<br>Time: 10:00 a.m.<br>Courtroom: 26 |

I. **INTRODUCTION/FACTS**

Plaintiffs' Motion to Compel to F.R.C.P. Rule 2(f) Conference must be denied as moot.

Plaintiffs' moving papers are replete with errors and mischaracterizations of Defendants' actions and communications, discussed further below. Critically, Plaintiffs ignore the fact that on April 17, 2024, the parties participated in a Pre-Trial Scheduling Conference held before Magistrate Judge Claire, where scheduling was discussed (Dkt. 56.) As a result, on April 18, 2024, Magistrate Judge Claire issued a Scheduling Order setting the deadline for Initial Disclosures (completed by the parties) and **discovery due**

1

1   **by June 25, 2025** (emphasis added), along with other deadlines (Dkt. 58.) There is now no need for a Rule 26 Conference. This Court should deny the instant motion.

Once again, Defendants must clarify the history of this case. Plaintiffs erroneously conflate the parties' meet and confer communications regarding motion practice (Plaintiffs' Motion to Compel Rule 26(f) Conference, Exhibits B, D.) with attempts to enter into a Rule 26 conference, which addresses discovery. As required by court order (Dkt. 50), on March 22, 2024, Defendants' counsel emailed Plaintiff Samuel requesting Mr. Samuel's availability to meet and confer on topics stated in the court's order (Plaintiffs' Motion to Compel Rule 26(f) Conference, Exhibit G-1) This court's February 7, 2024, order (Dkt. 50) ordered the parties to file status reports 14 days prior to the April 17, 2024 Status Conference. Unlike Plaintiffs' claims in their moving papers, the Order did not direct the parties to engage in the Rule 26(f) process (Dkt. 50). In fact, as reported in the Minutes for the Status Conference (Dkt. 56), the "court and parties discussed scheduling of the case". Defendants have followed procedure and Court orders and have reasonably participated in discovery planning.

After being served with the instant Motion, on April 11, 2025, Defendants' counsel, Monica Castillo, emailed Plaintiffs to remind Plaintiffs of the April 17, 2024, Pre-Trial Scheduling Conference in which all parties had participated and of Magistrate Judge Claire's April 18, 2024, Scheduling Order setting the deadline for Initial Disclosures (timely completed by the parties) and **discovery due by June 25, 2025**, along with other deadlines (Monica Castillo Dec'l. ¶ 4.) Ms. Castillo asked that Plaintiffs withdraw the instant motion as moot (Monica Castillo Dec'l. ¶ 4.) Later on April 11, 2025, Plaintiff Samuels responded to Ms. Castillo that Plaintiffs did not agree the motion was moot and refused to withdraw the instant motion (Monica Castillo Dec'l. ¶ 5.)

///

///

///

///

## II. ARGUMENT

### A. Discovery Authorized By Court Order – Rule 26(f) Conference Not Needed

F.R.C.P. Rule 26(d)(1) states:

> "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) , except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) , or when authorized by these rules, by stipulation, or **by court order** (emphasis added)."

In the case of *Halajian v. York* (E.D. Calif. 2024) 2024 U.S. Lexis 230160, Defendants filed a motion to dismiss. In pro per Plaintiff later sought an order compelling Defendants to serve initial disclosures under F.R.C.P. 26(a)(1) and permitting Plaintiff to seek discovery from a third party. That court reasoned that because the parties had not yet held a Rule 26(f) conference, and in the absence of a stipulation, Plaintiff could only obtain discovery by court order (Id. at 4 - 5.) The *Halajian* court further reasoned that since that court and others within the Ninth Circuit have declined to compel participation in a Rule 26(f) conference where it is not practical given the stage of the proceedings (e.g. a pending motion to dismiss), it was "inefficient and would cause unnecessary expense for the parties to engage in discovery on claims that may not survive and defenses and counterclaims that may not be asserted" (Id. at 6.) That court denied Plaintiff's motion to compel a Rule 26(f) conference.

The similarities between the instant matter and *Halajian* are noteworthy. While a summary judgment motion brought by Defendants is pending, Plaintiffs have filed the instant motion.  Granting this motion and compelling a Rule 26(f) conference would result in the exact inefficiencies and unnecessary expense the *Halajian* court, and other courts in this Circuit, have sought to avoid.

Moreover, and key to the opposition, is that discovery was ordered on April 18, 2024, pursuant to Magistrate Judge Claire's order, thereby obviating the need for a Rule 26(f) conference.

This motion is therefore moot and should be denied with prejudice.

III. **CONCLUSION**

Since discovery was ordered as of Magistrate Judge Claire's April 18, 20204, Order, and to further judicial economy and efficiency, and not subject the parties to unnecessary expense, this Court should exercise its discretion and deny Plaintiffs' Motion to Compel a Rule 29(f) conference with prejudice.

Dated: April 15, 2025     **WILSON ELSER MOSKOWITZ EDELMAN & DICKER**

By: _/s/ Monica Castillo_
EDWARD P. GARSON
MONICA CASTILLO
Attorneys for Defendant, SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY

# CERTIFICATE OF SERVICE

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699-TLN-AC

    I certify that on *April 15, 2025,* I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

    Executed on April 15, 2025, at San Francisco, California.

_____
Jasmine Carinio

# PROOF OF SERVICE

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

   I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL RULE 26(f) CONFERENCE**

 ☒: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

 ☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA  95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

   Executed on April 15, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

*/s/ Jasmine Carinio*
_____
Jasmine Carinio

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO WITHDRAW DEEMED ADMISSIONS UNDER RULE 36(b)
281563787v.1