EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA CASTILLO (SBN 146154)
monica.Castillo@WilsonElser.com
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO
HOUSING AND REDEVELOPMENT AGENCY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SYDNEY BROOKE ROBERTS and
DAVID TYRONE SAMUEL

Plaintiffs,

v.

SACRAMENTO HOUSING AND
REDEVELOPMENT AGENCY, et al.,

Defendants.

No.: 2:22-cv-01699 DJC AC

**DEFENDANT SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY'S OPPOSITION TO PLAINTIFFS' R.60(b) MOTION FOR RELIEF**

## I. INTRODUCTION

Plaintiffs' instant motion is nothing but an improper, belated attempt to obtain a "second bite at the apple" by re-litigating their failed Summary Judgment motion. Plaintiffs now wish to obtain relief from this Court's February 27, 2025, Order denying Plaintiffs' Summary Judgment motion, and have submitted (even up to May 12, 2025) additional evidence they wish this Court to consider. Plaintiffs' failure to follow procedure by serving their Motion and Joint Declaration on May 5, 2025, then serving a Supplemental

Declaration and a Notice of Clarification and Supplemental Declaration on May 7, 2025, followed by a Supplemental Notice of Authority on May 12, 2025, underscores the futility of the instant motion. This Court should deny Plaintiffs' motion for Rule 609b) relief.

## II. FACTS

On May 5, 2025, Plaintiffs filed the first part of three of their moving papers in support of their motion for relief pursuant to FRCP R.60(b), with the last document, a "Supplemental Notice of Authority" filed on May 12, 2025. SHRA has filed the instant Opposition within 14-days of May 5, 2025 pursuant to Local Rule 230(c) (Fed. R. Civ. P. 78) despite the continuous service of moving papers beyond the initial service date.

## III. ARGUMENT

### A. FRCP Rule 60(b) Is Improper Procedure To Challenge a Supposed Legal Error By the Court

Plaintiffs seek relief pursuant to FRCP Rule 60(b) which affords a court discretion to provide relief from a final judgment, order or proceeding upon a showing of (1) mistake, inadvertence, surprise or excusable neglect; or (6) any other reason that justifies relief. In their moving papers, Plaintiffs state they wish to "correct clear legal and factual errors in the Court's February 28, 2025 Order (Dkt 79)" (Plaintiffs' Motion for Relief, 1:18-19)

In *Blair v. Delta Air Lines, Inc.*, 344 F. Supp 367, 368 (1972 Florida Southern District Court), plaintiff moved the court for re-hearing on the order granting defendant's summary judgment motion. In denying the motion, that court held that FRCP R. 60(b) "is applicable to clerical mistakes, mistakes in general, inadvertence, fraud and other reasons justifying relief. However, it does not provide for general reconsideration of an order or judgment, notwithstanding the inherent power of the Court over its judgments. As stated in Barron & Holtzoff, 3 Federal Practice and Procedure § 1322 (1958) at 395:

///

///

///

The Rule is not intended to provide a procedure by which to challenge a supposed legal error of the court, nor to obtain relief from errors which are readily correctible on appeal."

Plaintiffs' instant motion seeking Rule 60(b) relief is an improper request under Rule 60(b) and should be denied.

**B. <u>No Grounds For Alleged Improper De Novo Review By This Court</u>**

Assuming, arguendo, that this Court is inclined to consider the instant motion under R. 60(b), Plaintiffs have not articulated any applicable authority in support of their claim that this Court failed to conduct an appropriate de novo review. Plaintiffs have also failed to present any admissible evidence to show their mistake, inadvertence, surprise or neglect, the stated grounds for Rule 60(b) relief. To start, Plaintiffs' reliance on *Allstate Ins. Co. v. Herron*, 634 F.3rd 1101, 1111 (9th Cir. 2011) is misplaced. The rule at issue in that case was FRCP 59(e), not 60(b) – that case must be disregarded.

**1) <u>No Authority for Argument That De Novo Review Was Improper</u>**

In support of their arguments that this Court failed to perform a de novo review, Plaintiffs cite *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003). That case stated the requirement for a de novo review, but dealt with a guilty plea in a felony matter, unlike the alleged housing discrimination claims in this instant matter.

The case of *Nelson v. City of Irvine*, 143 F.3d 1196, 1201 (9th Cir. 1998), dealt with the issue of taking a blood test when a suspected intoxicated driver only consented to a urine test– that case offers no support to Plaintiffs' arguments and must be disregarded.

In *Dawson v. Marshall,* 561 F.3d 930, 932 (9th Cir. 2009), the issue was whether a district court judge's de novo review of a habeus corpus petition was proper given that the same judge prepared the findings and recommendations when he was a magistrate judge. That court held that the de novo review, while not desirable when undertaken by

the same judge, was proper. The facts in the instant motion are distinguishable in that the de novo review was performed by a judge who did not prepare the findings and recommendations.

The case of *United States v. Howell*, 231 F.3d 615,622 (9th Cir. 2000), cited by Plaintiffs, is most helpful to SHRA's Opposition. Although it is factually distinguished because it dealt with a motion to suppress a criminal defendant's confession, it offers insight into legislative intent for the de novo determination and new evidence. In that case, the court noted:

> "[T]he Supreme Court has suggested that a district court is not required to consider new evidence in reviewing a magistrate judge's recommendation. *See United States v. Raddatz*, 447 U.S. 667 (1980). "In providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate judge's proposed findings and recommendations." *Id.* at 676; *but see United States v. George*, 971 F.2d 1113, 1118 (citing *Raddatz* for the opposite proposition).

In the instant matter, it is presumptuous and without basis to argue that this Court "neither addressed nor corrected alleged errors" in Magistrate Judge Claire's Findings and Recommendations as argued by Plaintiffs, and that this Court did not perform its 28 U.S.C. §636(b)(1)(C) de novo review of Magistrate Claire's findings and recommendations. In fact, it can be argued that this Court was generous to Plaintiffs in reviewing their late-filed Objections to Magistrate Judge Claire's Findings and Recommendations.[1]

**2) <u>No Evidence of Plaintiffs' Mistake, Inadvertence, Surprise or Neglect</u>**

Plaintiffs' reliance on *Lemoge v. United States*, 587 F.3d 1188, 1192-93 (9th Cir. 2009) and on *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) for their argument that there are grounds for mistake, inadvertence, surprise or excusable neglect in the instant matter is unfounded. In *Lemoge*, the court held that attorney negligence was not analyzed

[1] The last day to file objections was February 4, 2025; Plaintiffs filed their objections on February 5, 2025.

by the district court when it denied the Rule 60(b) motion and remanded the matter. In *Lal*, an attorney's gross negligence resulting in dismissal with prejudice for failure to prosecute constituted an extraordinary circumstance under Rule 60(b)(6). In our matter, Plaintiffs conflate a **party's and/or attorney's** mistake, inadvertence, surprise or excusable neglect with alleged error by the Court.

Plaintiffs, who are unrepresented, have failed to show any evidence that their mistake, inadvertence, surprise or neglect led to this Court's denial of Plaintiffs' summary judgment motion. This Court should deny the instant motion.

## IV. CONCLUSION

Plaintiffs are all too aware that their failure to respond to Requests for Admissions led to Defendant's, Sacramento Housing and Redevelopment Agency ("SHRA") Summary Judgment motion. One can only surmise that the instant motion is nothing but a veiled attempt to have a second, improper opportunity to have their evidence favorably reviewed. Indeed, in their "Notice of Conclusive Admissions In Support of Plaintiffs' Rule 60(b) Motion", Plaintiffs improperly attempt to re-litigate evidence from their summary judgment motion, and SHRA's opposition to the summary judgment motion.

This Court should deny Plaintiffs' procedurally improper and groundless Rule 60(b) Motion in its entirety.

Date: 5/19/2025

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
By: *Monica Castillo*

EDWARD P. GARSON

MONICA C. CASTILLO

CHANDNI B. MISTRY
Attorneys for Defendants: SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY

# CERTIFICATE OF SERVICE

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699-TLN-AC

I certify that on *May 19, 2025,* I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Executed on May 19, 2025, at San Francisco, California.

Geraldine Touson

**PROOF OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY'S OPPOSITION TO PLAINTIFFS' R. 60(b) MOTION FOR RELIEF**

☒: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

Executed on May 19, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.



Geraldine Touson