UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL,<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING & REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No. 2:22-cv-1699 DJC AC<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

This matter is before the court on plaintiff's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) (ECF No. 101), which seeks to vacate the court's February 28, 2025 order (ECF No. 79) adopting the undersigned's Findings and Recommendations and denying plaintiffs' motion for summary judgment. <u>See</u> Findings and Recommendations at ECF No. 76. Plaintiffs are proceeding pro se, and accordingly this motion was referred to the undersigned pursuant to Local Rule 302(c)(21).

**I.    Legal Standard**

Federal Rule of Civil Procedure 60(b) provides grounds for relief "from a Final Judgment, Order, or Proceeding." "The word 'final' in the Rule designates orders that terminate litigation and are subject to appeal." <u>Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.</u>, 886 F.3d 803, 816 (9th Cir. 2018). "An order denying summary judgment . . . is not a final order and therefore is not subject to Rule 60(b)(6)." <u>Limon v. Circle K Stores Inc.</u>, No. 1:18-CV-01689-SKO, 2020

WL 2793076, at *2, 2020 U.S. Dist. LEXIS 94501 (E.D. Cal. May 29, 2020).  In the interest of justice and judicial economy, rather than denying the motion as improperly filed, the undersigned construes it as a motion for reconsideration.

"A district court's power to rescind, reconsider, or modify an interlocutory order is derived from the common law, not from the Federal Rules of Civil Procedure." City of Los Angeles v. Santa Monica BayKeeper, 254 F.3d 882, 886 (9th Cir. 2001).  Further, Federal Rule of Civil Procedure 54(b) authorizes courts to revise "any order or other decision ... that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); Kakowski v. County of Sacramento, No. 2:19-cv-0656-JAM-KJN-P, 2020 WL 5203432, at *1, 2020 U.S. Dist. LEXIS 159488 (E.D. Cal. Sept. 1, 2020) (explaining that Rule 54 can be a basis to seek reconsideration of the denial of summary judgment).

Reconsideration should be granted where there has been an intervening change in controlling law, new evidence has available, or reconsideration is necessary to correct clear error or prevent manifest injustice. Cachil Dehe Band of Wintun Indians v. California, 649 F.Supp.2d 1063, 1069 (E.D. Cal. 2009) (citing School Dist. No. 1J Multnomah County v. AC & S Inc., 5 F.3d 1255, 1263 (9th Cir.1993)).  A motion for reconsideration should not "raise arguments or present new evidence for the first time when it could reasonably have been raised earlier in the litigation," id., nor should such motion "ask the court to rethink matters already decided." American Rivers v. NOAA Fisheries, 2006 WL 1983178, at *2, 2006 U.S. Dist. LEXIS 48195 (D. Or. Jul.14, 2006) (internal citations omitted).  Under Local Rule 230(j), the party moving for reconsideration must set forth: (1) when and to what judge the prior motion was made; (2) what ruling was made on that motion; (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown previously, or what other grounds exist for the motion; and (4) why the facts or circumstances were not shown at the time of the prior motion.

The court has reviewed plaintiff's motion, which challenges various aspects of the undersigned's analysis in the Findings and Recommendations suggesting that plaintiffs' motion

2

for summary judgment be denied. ECF No. 101. The motion for reconsideration attempts to re-litigate the underlying motion for summary judgment and disagrees with the court's conclusion, but it does not make any showing of new or different facts or circumstances, change in the law, or clear legal error. ECF No. 101 at 3-5. The adopted Findings and Recommendations explained that plaintiffs' motion for summary judgment was denied because there were disputed material facts that prevented entry of summary judgment in plaintiffs' favor, and because plaintiffs presented insufficient evidence to warrant summary judgment. ECF No. 76 at 8. The arguments presented in the motion for reconsideration are unpersuasive and do not alter the outcome of the Findings and Recommendations. Accordingly, it is recommended that the motion for reconsideration be denied.

## II.     Conclusion

For the foregoing reasons, it is recommended that plaintiffs' motion for relief from judgment (ECF No. 101) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: May 19, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE