

FILED

MAY 1 9 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

David Samuel, Pro Se
Sydney Roberts, Pro Se
108 Rinetti Way
Rio Linda, CA 95673
512-522-8571
edfed@possiblymaybe.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS<br><br>DAVID TYRONE SAMUEL,<br><br>AIMS (A MINOR),<br><br>DAYS (A MINOR)<br><br>   Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY ET AL.,<br><br>   Defendants | Case No: 2:22-cv-01699 DJC AC<br><br>**PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS**<br><br>**Date:     June 18, 2025**<br>**Time:     10:00 AM**<br>**Courtroom:  26**<br>**Judge:     Hon. Allison Claire** |

**TABLE OF CONTENTS**

Table of Authorities                                    2

I. INTRODUCTION                                         3

II. FACTUAL BACKGROUND                                  3

   A. Early Disclosure and Initial Obstruction          3

   B. Incomplete and Evasive Disclosures                4

   C. Ongoing Pattern of Withholding and Delay          5

   D. Escalating Noncompliance and Prejudice            6

III. LEGAL STANDARDS                                   10

IV. ARGUMENT                                           13

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 1

V. PREJUDICE AND NEED FOR SANCTIONS                                    17

VI. REQUEST FOR RELIEF                                                 21

VII. REQUEST FOR EXPEDITED RELIEF                                      24

VIII. CONCLUSION                                                       25

Exhibits                                                              28

## TABLE OF AUTHORITIES

**United States Supreme Court**

Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101 (2017)             13

**United States Court of Appeals, Ninth Circuit**

Burlington N. & Santa Fe Ry. v. U.S. Dist. Ct., 408 F.3d 1142 (9th Cir. 2005)   16, 11

Burlington N. Santa Fe R.R. Co., 323 F.3d 767 (9th Cir. 2003)        11, 13, 18

G.C. & K.B. Investments, Inc. v. Wilson, 326 F.3d 1096 (9th Cir. 2003)    12, 16

Leon v. IDX Sys. Corp., 464 F.3d 951 (9th Cir. 2006)                 12, 13

Margolis v. Ryan, 140 F.3d 850 (9th Cir. 1998)                       4, 5

Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625 (9th Cir. 2005)    11

Tatum v. City and County of San Francisco, 441 F.3d 1090 (9th Cir. 2006)  13, 18, 20

Valley Engineers Inc. v. Elec. Eng'g Co., 158 F.3d 1051 (9th Cir. 1998)   12

In re Hanford Nuclear Reservation Litig., 521 F.3d 1028 (9th Cir. 2008)   13

**United States District Courts (California and Ninth Circuit)**

United States v. Cal. Dep't of Corr., 201 F.R.D. 153 (N.D. Cal. 2001)     11

A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186 (C.D. Cal. 2006)    13, 16, 17

Apple Inc. v. Samsung Elecs. Co., 888 F. Supp. 2d 976 (N.D. Cal. 2012)   13

Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,

482 F.3d 1091 (9th Cir. 2007)                                                    12

Shuffle Master, Inc. v. Progressive Games, Inc., 170 F.R.D. 166 (D. Nev. 1996)    14

Hyde & Drath v. Baker, 24 F.3d 1162 (9th Cir. 1994)                    12, 21, 23

**Other Federal Circuits and District Courts**

Micron Tech., Inc. v. Rambus Inc., 645 F.3d 1311 (Fed. Cir. 2011)                13

Silvestri v. Gen. Motors Corp., 271 F.3d 583 (4th Cir. 2001)              13, 22, 25

**Statutes, Rules, and Regulations**

Federal Rules of Civil Procedure

   Rule 26                                        4, 9, 11, 12, 15, 17, 23, 26

   Rule 33                                                          4, 11, 16

   Rule 34                                                          4, 11, 16

   Rule 37                                 3, 4, 12, 16, 17, 21, 22, 23, 25

   Rule 56                                                      3, 13, 18, 24

   Rule 53                                                                13

California Government Code § 6253(c) (California Public Records Act)              13

SHRA Administrative Plan (2022), Chapters 11, 18, 24                        13, 16, 20

HUD Regulations (pertinent sections regarding recordkeeping, reasonable
accommodation, and rent reasonableness; see also 24 C.F.R. §§ 982.555, 982.54, et
seq.)                                                                    13, 16, 20

## I. INTRODUCTION

1)      Plaintiffs David Samuel and Sydney Roberts respectfully move this Court to compel Defendants to produce overdue and deficient discovery responses, impose appropriate sanctions under Rule 37 and Rule 26(g), and defer consideration of

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 3

Defendants' pending Motion for Summary Judgment (Dkt. 83) pursuant to Rule 56(d) until discovery is complete. Plaintiffs further request an evidence preservation order, supervised discovery protocols, and adverse inferences based on Defendants' pattern of delay, obstruction, and failure to preserve responsive materials.

2)    Plaintiffs respectfully request that the Court set a hearing on this Motion to Compel Discovery Responses and for Rule 37 Sanctions on the **earliest available date**. Given Defendants' ongoing discovery refusals, delays, and prejudice to Plaintiffs' ability to prepare for dispositive motions and trial, expedited resolution of this dispute is critical to avoid further undue harm and preserve judicial resources. Plaintiffs will promptly meet and confer regarding scheduling and will make themselves available on any date convenient to the Court.

3)    Since the outset of this case, Defendants have consistently pursued a strategy of procedural delay rather than litigating on the merits. Defendants immediately moved to dismiss before Plaintiffs could conduct any discovery, and have subsequently obstructed Plaintiffs' efforts to obtain evidence essential to their claims. This has included withholding responsive documents and parties, failing to update the Court or Plaintiffs regarding employment or representation changes for multiple named defendants, serving evasive, boilerplate objections in response to narrowly tailored request, and making contradictory claims about when initial disclosures are due.

4)    Defendants' pattern of delay is not merely negligent but demonstrates a willful disregard for their obligations under the Federal Rules of Civil Procedure, including Rule 26(a)(1), Rule 26(e), Rule 33(b)(4), Rule 34(b)(2), and Rule 37(a), among others. Their position that discovery could be withheld pending summary judgment is directly contrary

to binding Ninth Circuit precedent, including Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998), and Burlington N. Santa Fe R.R. Co., 323 F.3d 767, 773–74 (9th Cir. 2003).

5)      Plaintiffs submit that Defendants' repeated failures in discovery and their refusal to comply with basic legal obligations are not isolated incidents, but rather reflect a systemic dysfunction at SHRA. From losing critical documents and losing track of former employees to failing to preserve electronic records, these issues are emblematic of an agency that cannot maintain even the most basic records required to comply with its legal responsibilities. This pattern of dysfunction makes future spoliation and bad faith discovery practices unavoidable, requiring the Court to intervene to restore order, enforce discovery obligations, and sanction SHRA for its failure to act in good faith.

6)      Plaintiffs have made repeated good-faith efforts to accommodate Defendants' extension requests and negotiate a rolling production schedule, but Defendants have responded with continued evasion and bad-faith denials. Defendants failed to produce any documents in response to Plaintiffs' April 3, 2025 Requests for Production and served grossly deficient interrogatory responses on May 8, 2025, followed by further improper denials and objections from individual defendants on May 12, 2025.

7)      Defendants' ongoing discovery misconduct has severely prejudiced Plaintiffs. The lack of timely production has obstructed Plaintiffs' ability to prepare depositions, oppose summary judgment, and move toward trial on an even footing. The requested relief is necessary, proportional, and supported by both the Federal Rules and controlling precedent.

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 5

8)    A detailed chronology of Plaintiffs' discovery efforts, conferral history, and the resulting prejudice is set forth in the Joint Declaration of David Samuel and Sydney Roberts ("Joint Declaration"), filed herewith.

9)    Plaintiffs seek an order compelling full and complete responses to all outstanding discovery, deeming certain requests admitted, awarding monetary and evidentiary sanctions, implementing an ongoing evidence preservation protocol, and deferring summary judgment briefing under Rule 56(d) until Defendants comply. Plaintiffs also request supervised discovery mechanisms and any other relief the Court deems just and proper. Plaintiffs certify that they have met and conferred in good faith pursuant to Local Rule 251(b)(2), as detailed in the correspondence and exhibits attached.

## II. FACTUAL BACKGROUND

### A. Early Disclosure and Initial Obstruction

10)    On December 4, 2023, Defendants served an answer to the complaint (Dkt. 49) containing 163 boilerplate denials and thirty-six affirmative defenses, none of which specifically addressed the core facts in Plaintiffs' complaint. This approach established a pattern of evasion that would continue throughout the litigation.

11)    On April 16, 2024, Plaintiffs proposed a discovery plan as required by the Federal Rules, but Defendants deferred any meaningful discussion, citing initial disclosures that they then failed to provide by the deadline (Ex. A at 4, 5).

12)    The Court scheduled a Status Conference for April 17, 2024 (Dkt. 50), instructing the parties to file a joint status report and informing them about participation in the VDRP program. Both sides submitted their reports on April 3, 2024 (Dkt. 52, 54).

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 6

13)    On April 17, 2024, Plaintiffs served a targeted discovery request all individuals who had participated in SHRA's "Reasonable Accommodation Compliance Committee," all hearing officers since 2000, and all personnel responsible for FHA, ADA, or Rehabilitation Act training (Ex. A at 5). Defendants failed to meaningfully respond or supplement these disclosures as required by Rule 26(e).

**B. Incomplete and Evasive Disclosures**

14)    Defendants were ordered to provide initial disclosures by May 1, 2024, yet disclosed only five items: (a) that a video recording of the September 12, 2022 hearing existed; (b) that a "hearing brief and supporting exhibits" existed; (c) that a letter dated March 20, 2023 purportedly granted an extra-bedroom accommodation; (d) that Defendant Tanya Cruz represented SHRA at an informal hearing and could be reached via counsel; and (e) that John Lew was the hearing officer but could only be reached at a "last known" personal email address (Ex. B).

15)    None of the disclosed documents, recordings, or relevant materials were produced. Defendants also failed to update the Court or Plaintiffs that several key personnel, including multiple named defendants, were no longer employed by SHRA or otherwise available for discovery. This omission violated Rule 26(e), which requires supplementation of disclosures upon learning that prior information is incomplete or incorrect.

16)    In contrast, Plaintiffs' initial disclosures included over sixty responsive documents. Plaintiffs also voluntarily disclosed their damages computation template, consistent with Rule 26(a)(1)(A)(iii) (Ex. A at 8, Ex. E).

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 7

17)    On May 14, 2024, Defendants requested rescheduling of the VDRP conference, citing an inability to locate Plaintiffs' damages computation (Ex. A at 8), even though it had been clearly identified and previously disclosed (Ex. A at 8, 9). Defendants subsequently filed an ex parte motion to reschedule the VDRP conference (Dkt 61). After the rescheduling was granted, Defendants made no effort to follow up with the rescheduling (Dkt 62). Producing a claim contested by the record then using that claim as a basis for pleading has been a continued pattern throughout these proceedings.

### C. Ongoing Pattern of Withholding and Delay

18)    On August 6, 2024, Defendants served Plaintiffs with a boilerplate request for production that simply duplicated Plaintiffs' prior disclosures (Ex.C, D). Plaintiffs had already produced all responsive materials in their initial packet (Ex. A at 8, Ex. E), illustrating Defendants' reluctance to move discovery forward.

19)    On November 4, 2024, Defendants submitted a duplicate request for production (Ex. E, F), appended with requests for admissions contradicted by both the record and Defendants' own conduct. Plaintiffs assumed this was a duplicate due to new Defense counsel and failure to read thoroughly due to health issues at the time.

20)    Without having produced required discovery, Defendants moved for summary judgment on March 5, 2025 (amended March 6, 2025) (Dkt. 83, 85).

21)    Plaintiffs served their own request for production on April 3, 2025, consisting of 25 document requests necessary for opposing summary judgment. Defendants were obligated to respond within 30 days but failed to do so.

22)    On April 8, 2025, Plaintiffs served a targeted interrogatory seeking identification of Doe parties central to the reasonable accommodation process (Ex. I).

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 8

24)    On April 9, 2025, Defendants' counsel sent a letter refusing to confer on outstanding discovery, explicitly stating that no discovery would proceed until the summary judgment motion was resolved (Ex. J), despite clear authority that such a position is improper under the Federal Rules and Ninth Circuit precedent.

25)    On April 10, 2025, Plaintiffs filed an amended opposition to summary judgment, including amended responses to Defendants' November 2024 requests for admission and additional evidence showing Plaintiffs' full compliance with discovery while Defendants continued to evade (Dkt 86, 88).

26)    Plaintiffs also lodged the video of the June 2, 2023 hearing, which demonstrated SHRA's abandonment of the hearing and the presence of undisclosed participants (Dkt 92). This was the second instance of SHRA abandoning a hearing without explanation or documentation, and Defendants have never produced the recording for the September 12, 2022 hearing despite having acknowledged its existence.

27)    On April 11, 2025 Defendants emailed Plaintiffs claiming initial disclosures are not due until June 25, 2025 (Ex. Y).  Plaintiffs responded on April 12, 2025, by serving via email Interrogatories, RFAs and RFPs on all named defendants, with a thirty-day response deadline (Ex. K-V).

28)    On April 13, 2025, Defendants' counsel Monica Castillo sent a letter acknowledging the deadlines and expressing an intent to comply, absent a need for further extension, which Plaintiffs acknowledged (Ex W, X).

29)    On April 16, 2025, Plaintiffs requested that Defendants designate Rule 30(b)(6) witnesses for each relevant topic, as required by the Federal Rules (Ex. Z).

30)    On April 25, 2025, Plaintiffs served RFPs regarding the vendor employing their previous social workers of record with SHRA (Ex. AA, AB).

### D. Escalating Noncompliance and Prejudice

31)    On May 5, 2025, Plaintiffs reminded Defendants of the pending production deadlines and warned that a motion to compel would be filed if compliance was not forthcoming. Defendants demanded Plaintiffs produce initial discovery documents, to which Plaintiffs explained there were no further responsive materials (Ex. AC). Defendants acknowledged discovery was late and sought a one-week extension to May 12, 2025, which Plaintiffs granted conditionally on the extension of the overall discovery cut-off (Ex. AD).

32)    On May 7, 2025, Defendants requested an additional extension for all discovery responses, citing difficulties contacting former SHRA employees. This was the first time Defendants disclosed that key personnel had departed. Plaintiffs agreed to extension if rolling discovery would begin by May 14, 2025, but Defendants refused. Plaintiffs then denied the extension (Ex. AE).

33)    On May 8, 2025, Defendants responded to Plaintiffs' interrogatory regarding Doe parties by identifying **eleven new individuals** as members of the Reasonable Accommodation Committee, parties who should have been disclosed more than a year earlier (Ex. AG). Defendants still failed to clarify each person's role or produce a privilege log explaining any withheld information.

34)    Plaintiffs immediately identified deficiencies in Defendants' responses and requested correction by May 14, 2025, followed by additional requests for a privilege log and further meet-and-confer correspondence (Ex. AG).

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 10

35)    On May 10, 2025, Plaintiffs noticed an urgent meet and confer regarding Defendants' discovery failures (Ex. AH, AI). On May 12, 2025, Defendants again responded evasively and with incomplete responses. Plaintiffs continued to document deficiencies and pressed for compliance (Ex AJ, AK).

36)    Defendants further evaded Plaintiffs' April 16, 2025 request for Rule 30(b)(6) designations, forcing Plaintiffs to reiterate their requests and further explain the necessity of these depositions (Ex. AL - AM).

37)    Defendants email response to Plaintiffs' named-party discovery (Ex. AN) failed to mention the attached responses **revealed for the first time at least five Defendants were no longer employed by SHRA or considered represented parties**, and are blanket denials with no evidence that named parties had reviewed or signed the responses (Ex. AO - BL).  Plaintiffs objected via letter (Ex. BN).  Plaintiffs noticed a final attempt to resolve the dispute as required by Local Rule 251 (Ex. BO, BP).

38)    On May 14, 2025, Defendants again refused to comply and asserted that discovery would be delayed until May 30, 2025, further compounding prejudice and violating multiple discovery obligations (Ex. BO).

## III. LEGAL STANDARDS

39)    The scope of discovery in federal court is governed by Federal Rule of Civil Procedure 26(b)(1), which permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. The Ninth Circuit has emphasized that this standard must be construed liberally, particularly in civil rights actions. See Surfvivor Media, Inc. v.

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 11

Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); United States v. Cal. Dep't of Corr., 201 F.R.D. 153, 155 (N.D. Cal. 2001).

40)      Under Federal Rules of Civil Procedure 33(b)(4) and 34(b)(2)(B), parties are required to state objections to discovery requests with specificity. The Ninth Circuit has held that generalized or boilerplate objections are improper and may result in waiver of the objection. See Burlington N. & Santa Fe Ry. v. U.S. Dist. Ct., 408 F.3d 1142, 1149 (9th Cir. 2005). District courts have further explained that boilerplate, generalized objections are "tantamount to not making any objection at all." A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006). Evasive or incomplete answers must be treated as a failure to answer, and the Court may order sanctions under Rule 37(a)(4).

41)      Every discovery response must be signed by counsel or a party under Federal Rule of Civil Procedure 26(g), certifying that the response is complete and correct after a reasonable inquiry. Certifications made without proper investigation, or for the improper purpose of causing delay, require the Court to impose an appropriate sanction. See G.C. & K.B. Investments, Inc. v. Wilson, 326 F.3d 1096, 1111 (9th Cir. 2003); Fed. R. Civ. P. 26(g)(3).

42)      When an opposing party fails to answer or provides evasive responses, Federal Rule of Civil Procedure 37(a) authorizes the filing of a motion to compel. The Court must require payment of reasonable expenses unless the failure was substantially justified or other circumstances make an award unjust. See Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994).

43) Rule 37(b), (d), and (e) grant courts wide discretion to impose sanctions for discovery misconduct, including evidentiary preclusion, issue preclusion, adverse inferences, monetary penalties, and even default or dismissal. See Valley Engineers Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1056–58 (9th Cir. 1998); Leon v. IDX Sys. Corp., 464 F.3d 951, 958–60 (9th Cir. 2006); Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096–97 (9th Cir. 2007).

44) Federal Rule of Civil Procedure 37(e) specifically addresses the preservation of electronically stored information (ESI) and program records. The Ninth Circuit and district courts hold that parties must preserve evidence when they know or should know that it is relevant to anticipated or pending litigation. See Micron Tech., Inc. v. Rambus Inc., 645 F.3d 1311, 1320 (Fed. Cir. 2011); Apple Inc. v. Samsung Elecs. Co., 888 F. Supp. 2d 976, 989–91 (N.D. Cal. 2012). Where ESI is lost and prejudice results, the Court may order measures no greater than necessary to cure the prejudice; if there is intent to deprive, the Court may presume that the lost information was unfavorable, instruct the jury, or impose case-dispositive sanctions. Fed. R. Civ. P. 37(e)(2); Leon, 464 F.3d at 959; Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

45) Federal courts have the authority to appoint a special master or monitor to oversee discovery where there is a history of obstruction, delay, or repeated violation of court orders. See In re Hanford Nuclear Reservation Litig., 521 F.3d 1028, 1050 (9th Cir. 2008); Fed. R. Civ. P. 53(a)(1)(C); Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 108 (2017).

46) Rule 56(d) of the Federal Rules of Civil Procedure protects parties who cannot present facts essential to justify their opposition to summary judgment due to opposing

party's obstruction. The Ninth Circuit disfavors summary judgment where relevant evidence remains to be discovered as a result of discovery misconduct. See Burlington N. Santa Fe R.R. Co., 323 F.3d 767, 773–74 (9th Cir. 2003); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).

47)     Defendants, as a HUD grantee and public agency, are subject to additional recordkeeping and disclosure duties under the California Public Records Act (CPRA), HUD regulations, and SHRA's own Administrative Plan. California Government Code § 6253(c) requires prompt responses to public records requests. HUD regulations mandate the tracking and retention of reasonable accommodation requests, rent reasonableness data, and hearing records. SHRA's 2022 Administrative Plan, including Chapters 11, 18, and 24, creates mandatory obligations to maintain and produce such records when requested.

48)     Under Local Rule 251(b) of the Eastern District of California, a motion to compel must demonstrate that the moving party made good-faith efforts to resolve disputes without court intervention. See, e.g., Shuffle Master, Inc. v. Progressive Games, Inc., 170 F.R.D. 166, 171 (D. Nev. 1996).

### IV. ARGUMENT

49)     Defendants have failed to meet their discovery obligations at every stage of this litigation. Their failure is not limited to initial disclosures, but extends to a pattern of evasive responses, improper objections, and willful withholding of critical evidence. The conduct described below demonstrates a deliberate and continuing course of obstruction that has prejudiced Plaintiffs and undermined the integrity of the judicial process.

50) From the outset, Defendants failed to provide meaningful initial disclosures as required by Rule 26(a)(1)(Ex. B). Instead of disclosing known responsive parties (Ex. AG) and available evidence, Defendants served placeholder disclosures that failed to identify actual individuals or produce basic documentation. Notably, Defendants omitted contact information and employment status for multiple key witnesses, and **did not update these disclosures even after learning that several named defendants were no longer employed by SHRA** (Ex. AX-BJ). This omission violates the duty to supplement under Rule 26(e) and directly impaired Plaintiffs' ability to identify, locate, and depose essential witnesses.

51) The concealment of key personnel and other responsive parties misled both Plaintiffs and the Court, preventing Plaintiffs from preserving testimony and issuing timely subpoenas. Even more egregious, Defendants **disclosed nearly a dozen new relevant parties only after more than two years of litigation had passed**(Ex. AG), failing to clarify the specific roles or responsibilities of these individuals with respect to the claims and defenses in this case.

52) Beyond initial disclosures, Defendants have repeatedly refused to comply with their obligations under Rules 33 and 34. Plaintiffs' April 3, 2025 Requests for Production were met with no documents (Ex. H). Interrogatory responses provided by Defendants on May 8, 2025 were non-responsive and evasive, and individual defendants' responses served on May 12, 2025 were composed almost entirely of improper denials and blanket objections (Ex. AF-BL). The cumulative effect of these failures has been to obstruct Plaintiffs' ability to gather evidence and to prepare their case.

53)   **Defendants' discovery responses have been signed by counsel Monica Castillo, certifying compliance on behalf of multiple Defendants who are no longer employed by SHRA and whose current contact information is unknown** (AO-BL). This lack of client control or communication demonstrates a failure to make a reasonable inquiry under Rule 26(g)(1) and constitutes false certification under Rule 26(g)(3).  See G.C. & K.B. Investments, Inc. v. Wilson, 326 F.3d 1096, 1111 (9th Cir. 2003); Fed. R. Civ. P. 26(g)(3).

54)   The use of boilerplate objections and evasive responses (Ex. AF-BL) is expressly prohibited by Rule 33(b)(4) and Rule 34(b)(2), as well as controlling authority in the Ninth Circuit. See Burlington N. & Santa Fe Ry. v. U.S. Dist. Ct., 408 F.3d 1142, 1149 (9th Cir. 2005); A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006). The Court should treat Defendants' conduct as a failure to answer, and impose appropriate sanctions as provided in Rule 37(a)(4).

55)   SHRA's refusal to identify relevant personnel, produce reasonable accommodation tracking logs, or provide internal documentation (Ex. BD) further violates not only the Federal Rules, but also SHRA's own Administrative Plan and HUD recordkeeping requirements. The inability or unwillingness to comply with these mandates has materially obstructed discovery and deprived Plaintiffs of essential evidence needed to support their claims (Ex. I).

56)   Defendants' conduct is not the result of isolated oversight, but rather a coordinated strategy of obstruction and delay. Throughout the litigation, Defendants have shifted positions regarding whether discovery was open, refused to identify Rule 30(b)(6) witnesses as required by the Federal Rules, claiming disclosures were not

necessary until close of discovery, and failed to supplement disclosures despite being aware that their information was incomplete or inaccurate (Ex J, AL-AM). Their consistent refusal to confer in good faith further demonstrates a tactical decision to gain an unfair advantage by denying Plaintiffs a reasonable opportunity to prepare for depositions or to oppose summary judgment.

57)    The Federal Rules require that objections to discovery be stated with specificity and good faith. Vague or generalized objections are insufficient and must be disregarded. See A. Farber & Partners, Inc., 234 F.R.D. at 188. Evasive or incomplete responses must be treated as a failure to answer. See Fed. R. Civ. P. 37(a)(4). Given the pattern of repeated noncompliance, the Court should impose monetary sanctions, evidentiary sanctions, and, if necessary, issue preclusion or default as permitted under Rule 37(b).

58)    In addition to these procedural failures, **Defendants have failed to preserve or produce core program records and electronically stored information** as required by Rule 37(e) and applicable federal and state law (Ex. E, AI-AK). Examples of missing evidence include reasonable accommodation tracking logs, rent reasonableness determinations, and hearing outcome documentation. These records qualify as ESI and are subject to strict preservation and production requirements under the Federal Rules, HUD guidance, and SHRA's own policies.

59)    Defendants' refusal to produce or account for these records, despite ongoing litigation, justifies the imposition of adverse inferences under Rule 37(e) and Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001). The absence of a litigation hold notice, a privilege log, or sworn statements regarding document retention and search

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 17

efforts constitutes at least gross negligence, if not intentional spoliation or bad faith under Rule 37(e)(2) (Ex. AI-AK, AN).

60) Plaintiffs request that the Court require Defendants to submit sworn declarations detailing their ESI search protocols, document retention practices, and any litigation hold efforts since the filing of this lawsuit. Defendants' failure to provide such certification, despite repeated requests, is sanctionable and further supports the need for judicial intervention.

61) Plaintiffs have satisfied all meet-and-confer obligations required by Local Rule 251(b) (Ex. AN). Plaintiffs have made multiple good-faith efforts to resolve these issues without court intervention, including formal correspondence, proposed conferences, and detailed documentation of deficiencies. Defendants have repeatedly refused to participate in a Rule 26(f) conference and have delayed conferral for strategic reasons, compounding the prejudice to Plaintiffs and further evidencing a lack of good faith.

62) Defendants' ongoing discovery failures have deprived Plaintiffs of the ability to present essential facts in opposition to summary judgment. Rule 56(d) provides that summary judgment should be deferred or denied where a party cannot present facts essential to justify its opposition due to the opposing party's failure to produce evidence. The Ninth Circuit has held that summary judgment is reversible error when relevant discovery is outstanding as a result of obstruction. See Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).

63) The withheld documents and information in this case including reasonable accommodation logs, hearing recordings, internal correspondence, rent reasonableness records, and identification of all personnel responsible for the decisions at issue are

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 18

directly relevant to Plaintiffs' ability to rebut Defendants' summary judgment arguments. Plaintiffs have satisfied their burden under Rule 56(d) by demonstrating that further discovery is essential and that Defendants' conduct has deprived them of the evidence necessary to fully respond to dispositive motions.

64)    Given the persistent and egregious nature of Defendants' misconduct, and the resulting prejudice to Plaintiffs' ability to prosecute their claims, substantial sanctions are warranted under Rule 37 and Rule 26(g). The Court should grant the full range of relief requested herein to ensure that Defendants are not rewarded for their bad faith and that Plaintiffs are provided a fair opportunity to litigate their claims on the merits.

## V. PREJUDICE AND NEED FOR SANCTIONS

65)    Defendants' pattern of discovery violations has inflicted substantial and compounding prejudice on Plaintiffs in several interrelated and independently sufficient ways. The harm is not limited to lost evidence but has deeply impaired Plaintiffs' ability to litigate this matter, respond to dispositive motions, and secure just outcomes at every stage of the proceedings.

66)    The most acute prejudice stems from lost access to key witnesses. **Defendants' failure to timely disclose the departures and lost contact information of multiple individuals such as Tanya Cruz, Ibra Henley, Tiffany Brown, Lisa Macias, and Tameka Jackson deprived Plaintiffs of a meaningful opportunity to depose these witnesses, obtain sworn statements, or preserve essential testimony while they were still accessible** (Ex. AG, AO-BL). This omission violated the duty to supplement under Rule 26(e) and has permanently foreclosed discovery from central actors involved in the events underlying Plaintiffs' claims.

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 19

67)    Plaintiffs have also suffered grave documentary prejudice. Defendants' refusal to provide reasonable accommodation tracking logs, rent reasonableness data, hearing outcome records, internal correspondence, and ESI related to departed employees has made it impossible for Plaintiffs to test Defendants' factual claims, evaluate the decisionmaking process, or fully develop their own evidence (Ex. I, BD). Many of these materials are mandated by HUD regulation, SHRA's Administrative Plan, and the Federal Rules, and their absence not only undermines the record but supports a finding of spoliation under Rule 37(e).

68)    **Counsel's certification of discovery responses on behalf of clients that cannot be reached or controlled by defense counsel impairs Plaintiffs' ability to obtain truthful and complete discovery** (Ex. AN, AO-BL). This practice prejudices Plaintiffs by preventing effective follow-up, conferral, or deposition preparation and undermines the integrity of the discovery process.

69)    Defendants' procedural tactics have compounded the prejudice to Plaintiffs. By simultaneously pursuing summary judgment and withholding basic discovery, Defendants forced Plaintiffs to respond to dispositive motions without the evidence necessary to contest Defendants' asserted facts (Ex. J, AD-AE). This approach is fundamentally unfair and is condemned by binding authority, including Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006), which holds that summary judgment is improper where relevant evidence has been withheld due to discovery obstruction.

70)    Further prejudice to the integrity of these proceedings arises from Defendants' certification of discovery responses under Rule 26(g) that were knowingly incomplete or

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 20

false. For example, defense counsel certified responses on behalf of parties whose employment status was undisclosed and who had not participated in the review or signing of those responses. These improper certifications undermine both the truth-seeking function of discovery and the integrity of the litigation process, and independently warrant sanctions as required by Rule 26(g)(3).

71)    Defendants' refusal to produce a privilege log, as required by Rule 26(b)(5)(A) and Local Rule 250.4, and their pattern of offering inconsistent explanations for noncompliance, have forced Plaintiffs to repeatedly expend time and resources documenting deficiencies, seeking clarification, and preparing motions that would have been unnecessary but for Defendants' bad faith (Ex. AI-AK, BO-BP).

72)    The cumulative effect of Defendants' conduct has been to shift the entire burden of discovery onto Plaintiffs, while obscuring the parties and records necessary to prosecute their case. Defendants' failure to disclose changes in status or contact information has left Plaintiffs unable to plan depositions, pursue alternate sources of evidence, or prepare their opposition to summary judgment on an even footing. The resulting disadvantage is not merely procedural but rises to the level of structural prejudice, requiring substantial judicial intervention.

73)    Defendants' conduct has also caused substantial personal and financial harm to Plaintiffs. The increased and unnecessary time spent pursuing missing or incomplete discovery has diverted attention from Plaintiffs' family and minor children, required extensions of legal research database subscriptions, resulted in additional trips to the courthouse, and created direct out-of-pocket expenses for childcare and lost work

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 21

opportunities. Such harms are directly compensable through fee-shifting under Rule 37(a)(5) and Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994).

74)    Specific instances of prejudice are further illustrated by Defendants' failure to provide the September 12, 2022 hearing video (Ex. B), which would have allowed Plaintiffs to rebut Defendants' claim that hearings were conducted according to law. Plaintiffs have also not received any information regarding the new individuals identified belatedly as Reasonable Accommodation Committee members, nor any discovery regarding hearing officers or consultants who played a role in the decisions at issue.

75)    Defendants' failure to properly update disclosures regarding former employees and the assertion that all related ESI is now spoliated further demonstrates deliberate obstruction (Ex. AI, AN, AO-BL). Plaintiffs are left with no viable means to compel production of these records or to reconstruct the underlying facts, and must ask the Court to impose adverse inferences as authorized by Rule 37(e)(2) and supported by Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

76)    Plaintiffs have also been prejudiced in their ability to demonstrate that Defendants' post-hoc modifications or offers to "cure" discrimination after-the-fact did not eliminate the original harm (Ex. F, AG). Withheld discovery would have supported Plaintiffs' position that Defendants' asserted "grant" of accommodation in March 2023 was pretextual and did not address the denial of rights or due process that had already occurred (Ex. Q). This directly rebuts Defendants' primary defenses in their summary judgment filings.

77)    As of this filing, Defendants have still not disclosed which of the newly identified Reasonable Accommodation Committee members or former employees remain within

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 22

their control or have current contact information. This ongoing failure frustrates Plaintiffs' ability to plan remaining discovery and further supports a finding that additional sanctions and relief are required (Ex. AO-BL).

78)   In light of these ongoing and compounding harms, Plaintiffs respectfully submit that the record supports not only compelled production and fee-shifting, but also the imposition of adverse inferences, preclusion of undisclosed evidence, and such other sanctions as are necessary to restore the fairness and integrity of these proceedings.

## VI. REQUEST FOR RELIEF

79)   Plaintiffs respectfully request that the Court order Defendants to provide full and complete responses to all outstanding discovery, including Plaintiffs' April 3, 2025 Requests for Production, April 8, 2025 Interrogatories, and April 12, 2025 Requests for Admission, Interrogatories, and Requests for Production to Individual Defendants, within ten days of the Court's order, with certification of compliance under Rule 26(g).

80)   Plaintiffs ask that the Court deem as admitted any Request for Admission for which Defendants' denial is contradicted by the record, documentary evidence, or judicial admissions, or otherwise entered in bad faith.

81)   Plaintiffs request that the Court compel Defendants to serve a privilege log that fully complies with Rule 26(b)(5)(A) and Local Rule 250.4 for all documents withheld under a claim of privilege, to be produced within seven days.

82)   Plaintiffs further request that Defendants be required to submit sworn declarations, under penalty of perjury, detailing all document retention and destruction policies, all efforts and methods used to search for responsive records and ESI, the

identities of all custodians and locations searched, and all discovery certifications made pursuant to Rule 26(g).

83)     Plaintiffs ask the Court to impose monetary sanctions against Defendants and their counsel under Rule 37(a)(5) and Rule 26(g)(3) for all costs and fees incurred in connection with this motion and any future discovery violations, with the amount of such sanctions to be determined upon submission of Plaintiffs' fee and cost statement. These sanctions should include compensation for legal database subscriptions, additional travel to court, child care costs, and other direct consequences of Defendants' discovery misconduct, as justified by Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994).

84)     Plaintiffs request that the Court impose evidentiary sanctions and specific adverse inferences as authorized by Rule 37(e) and the Court's inherent authority. Plaintiffs seek findings that the testimony of unavailable SHRA employees would have been unfavorable to Defendants and would have corroborated Plaintiffs' claims; that missing or destroyed video, audio, or documentation from the relevant hearings would have shown a denial of fair process; that missing rent reasonableness records would have undermined Defendants' stated rationale for their denials; that the absence of internal call logs or configuration data for the Reasonable Accommodation line supports a finding of denial of access to services; and that any emails or ESI not preserved or searched, including those of departed employees, would have shown knowledge of discrimination or intent to deny accommodations.

85)     Plaintiffs further request that the Court defer or deny Defendants' pending Motion for Summary Judgment (Dkt. 83) pursuant to Rule 56(d), and enter a revised schedule for opposition briefing and evidentiary hearings following full compliance with this Order.

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 24

Plaintiffs seek an order precluding Defendants from relying on any documents or witnesses not disclosed or produced prior to compliance with the Court's order.

86)    Plaintiffs ask the Court to order Defendants to meet and confer in good faith and promptly identify, by name and role, the designated witnesses for each Rule 30(b)(6) topic noticed by Plaintiffs, to provide availability for depositions, and to certify that such designations are complete and accurate.

87)    Plaintiffs request that the Court order the implementation of an evidence preservation protocol, including immediate suspension of all data or record purge policies and ongoing retention of all program data, staff communications, and internal tracking logs relevant to Plaintiffs' claims, with written certification of compliance by SHRA's records officer or general counsel.

88)    Plaintiffs respectfully ask the Court to expressly reserve its authority to impose further sanctions under Rule 37(b) and the Court's inherent powers, including issue sanctions, evidence preclusion, default judgment, or monetary contempt sanctions, in the event of continued noncompliance or violation of any discovery order.

89)    Plaintiffs seek an order establishing as facts for purposes of this case that Defendants did not provide Plaintiffs with a meaningful reasonable accommodation process; that Defendants followed a blanket policy of denial with no individualized assessment; and that Defendants' stated reasons for denial were pretextual or unsupported by contemporaneous records.

90)    Plaintiffs ask that Defendants be precluded from offering any evidence, argument, or testimony at trial or in dispositive motion practice regarding the reasons for denying Plaintiffs' accommodation requests or the sufficiency of their reasonable

accommodation policies, except as contained in documents actually produced to Plaintiffs in discovery.

91)    In the event of continued noncompliance, Plaintiffs request that Defendants and their counsel be ordered to pay a coercive daily fine for each day of noncompliance and to show cause why default judgment should not be entered against them under Rule 37(b) and the Court's inherent authority.

92)    Plaintiffs further request that the Court require individual sworn declarations under penalty of perjury from each named Defendant and from defense counsel attesting to their full search efforts, knowledge of document retention, and compliance with all discovery obligations in this matter.

93)    Plaintiffs seek the appointment of a neutral discovery monitor or special master at Defendants' expense to oversee and report on ongoing discovery compliance, given the demonstrated pattern of delay, obstruction, and noncompliance.

94)    Plaintiffs request that the Court order a forensic audit or third-party review of SHRA's document retention, ESI management, and reasonable accommodation policies and practices, to ensure no further spoliation, concealment, or violation of Plaintiffs' rights or the rights of other program participants.

95)    Plaintiffs ask that the Clerk or appropriate party be directed to transmit a copy of the Court's findings and any sanction order to the U.S. Department of Housing and Urban Development (HUD) for review and investigation of systemic recordkeeping, due process, and reasonable accommodation deficiencies affecting federally funded programs.

97)    Plaintiffs request such other and further relief as the Court deems just and proper, including the timely determination and award of all monetary penalties or sanctions to which Plaintiffs are entitled under the Federal Rules or the Court's inherent authority.

## VII. REQUEST FOR EXPEDITED RELIEF

98)    Because this discovery dispute directly impacts Plaintiffs' ability to litigate their claims and respond to Defendants' Motion for Summary Judgment, Plaintiffs request that the Court set the hearing on this Motion at the earliest possible date permitted under the Court's calendar and local rules. Plaintiffs submit that an expedited ruling is necessary to avoid further prejudice, unnecessary expense, and delay of the proceedings. Plaintiffs stand ready to meet and confer with Defendants and the Court regarding scheduling.

## VIII. CONCLUSION

100)    The record demonstrates a pattern of bad faith by Defendants, including false or incomplete certifications under Rule 26(g), improper reliance on boilerplate and evasive objections, refusal to confer or participate in good-faith discovery, failure to preserve and produce essential program records and electronically stored information, and concealment of witness unavailability and relevant parties. The resulting prejudice has affected every phase of this litigation, from the identification and preservation of key witnesses and documents to the ability to oppose summary judgment on a level playing field.

101)    Defendants' conduct is precisely the type that Rule 37, Rule 26(g), and binding Ninth Circuit precedent condemn. Judicial intervention is not only warranted, but

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 27

essential to restore the integrity of these proceedings and ensure that Defendants do not benefit from their obstruction. The relief sought herein is narrowly tailored to the scope of Defendants' violations and is both necessary and proportional to the cumulative harm inflicted upon Plaintiffs.

102)    Plaintiffs therefore respectfully request that the Court grant all relief set forth above, including compelling immediate and complete production of all outstanding discovery, awarding monetary and evidentiary sanctions, imposing adverse inferences and other necessary preclusion orders, requiring sworn certifications and supervised discovery protocols, and deferring or denying Defendants' Motion for Summary Judgment until compliance is achieved. Plaintiffs further request that the Court expressly reserve the right to impose additional sanctions in the event of continued noncompliance, and to transmit its findings to the U.S. Department of Housing and Urban Development for investigation of systemic deficiencies.

103)    Plaintiffs request such other and further relief as the Court deems just and proper in the interests of justice and to vindicate the rights of parties aggrieved by deliberate discovery abuse.

Respectfully Submitted,

*David Samuel*

David Samuel
May 16, 2025

*Sydney Roberts*

Sydney Roberts
May 16, 2025

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 28

**EXHIBITS**

The following exhibits are attached in support of Plaintiffs' Motion to Compel Discovery Responses and for Rule 37 Sanctions. Plaintiffs reserve the right to update, supplement, or renumber these exhibits upon receipt of additional evidence or upon the Court's direction.

Exhibit A: Email March – May 2024 email chain regarding initial disclosures.

Exhibit B: Defendants' initial disclosure.

Exhibit C: Defendants August 6, 2024 RFP Samuel

Exhibit D: Defendants August 6, 2024 RFP Roberts

Exhibit E: Plaintiffs Disclosed Evidence List May 06, 2024

Exhibit F: Defendants November 4, 2024 RFP + RFA Samuel

Exhibit G: Defendants November 4, 2024 RFP + RFA Roberts

Exhibit H: April 3, 2025 Request For Production General 1 (SHRA-only)

Exhibit I: April 8, 2025 Reveal Does Request

Exhibit J: Defendants April 9, 2025 Letter of Intent to Avoid Discovery

Exhibit K: DOZIER April 12, 2025 Interrogatories and RFAs

Exhibit L: DOZIER April 12, 2025 Interrogatories and RFAs, second set

Exhibit M: PAULSON April 12, 2025 Interrogatories and RFAs

Exhibit N: PAULSON April 12, 2025 Interrogatories and RFAs, second set

Exhibit O: HENLEY April 12, 2025 Interrogatories and RFAs

Exhibit P: HENLEY April 12, 2025 Interrogatories and RFAs, second set

Exhibit Q: LYNCH April 12, 2025 Interrogatories and RFAs

Exhibit R: CRUZ April 12, 2025 Interrogatories and RFAs

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 29

Exhibit S: MACIAS April 12, 2025 Interrogatories and RFAs

Exhibit T: BROWN April 12, 2025 Interrogatories and RFAs

Exhibit U: JACKSON April 12, 2025 Interrogatories and RFAs

Exhibit V: SHRA April 12, 2025 Request for Production Re: Leah SHAW

Exhibit W: Defendants Clarification and Intent to Comply 04-13-2025

Exhibit X: Email Correspondence Acknowledging Rule 26 Compliance 04-13-2025

Exhibit Y: Defendants Intent to Avoid Discovery Until Close 04-11-2025

Exhibit Z: RFPs for 30(b)(6) Designees 04-16-2025

Exhibit AA: RFPs for Consumer Self Help Housing Interactions 04-25-2025

Exhibit AB: RFPs for Sacramento Self Help Housing, PRTS, etc 04-25-2025

Exhibit AC: Plaintiffs Reminder of Deadlines and Initial Discovery 05-05-2025

Exhibit AD: Emails Acknowledging Late Discovery, Extension Request 05-05-2025

Exhibit AE: Emails First 30 Day Extension, Conditional Grant, Declined 05-07-2025

Exhibit AF: Evasive DOES responses, Clarifications 05-08-2025

Exhibit AG: Defendants Reveal DOES Response 05-08-2025

Exhibit AH: Meet and Confer Re No April 3 and DOES Response 05-10-2025

Exhibit AI: Email Overdue & Deficient Discovery Responses 05-10-2025

Exhibit AJ: Plaintiffs Email with Letter Avoiding April 8 Disc 05-12-2025

Exhibit AK: Plaintiffs Letter Avoiding April 08, 2025 Discovery 05-12-2025

Exhibit AL: 30(b)(6) Avoidance and Response Email 05-12-2025

Exhibit AM: Defendants 30(b)(6) Avoidance Letter 05-12-2025

Exhibit AN: Plaintiffs 30(b)(6) Avoidance Response 05-13-2025

Exhibit AO: DOZIER RFA Avoidance 05-12-2025

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 30

Exhibit AP: DOZIER RFA Set Two Avoidance 05-12-2025

Exhibit AQ: DOZIER Interrogatory Avoidance 05-12-2025

Exhibit AR: DOZIER Interrogatory Avoidance Set Two 05-12-2025

Exhibit AS: PAULSON RFA Avoidance 05-12-2025

Exhibit AT: PAULSON RFA Avoidnance Set 2 05-12-2025

Exhibit AU: PAULSON Interrogatory Avoidance 05-12-2025

Exhibit AV: PAULSON Interrogatory Avoidance Set Two 05-12-2025

Exhibit AW: PAULSON RFP Avoidance 05-12-2025

Exhibit AX: HENLEY RFA Avoidance 05-12-2025

Exhibit AY: HENLEY RFA Avoidance Set Two 05-12-2025

Exhibit AZ: HENLEY Interrogatory Avoidance 05-12-2025

Exhibit BA: HENLEY Interrogatory Avoidnace Set Two 05-12-2025

Exhibit BB: MACIAS RFA Avoidance 05-12-2025

Exhibit BC: MACIAS Interrogatory Avoidnace 05-12-2025

Exhibit BD: SHRA RFP Avoidance 05-12-2025

Exhibit BE: JACKSON RFP Avoidance 05-12-2025

Exhibit BF: JACKSON RFP Avoidance 05-12-2025

Exhibit BG: CRUZ RFA Avoidance 05-12-2025

Exhibit BH: CRUZ Interrogatory Avoidance 05-12-2025

Exhibit BI: BROWN RFA Avoidance 05-12-2025

Exhibit BJ: BROWN Interrogatory Avoidance 05-12-2025

Exhibit BK: LYNCH RFA Avoidance 05-12-2025

Exhibit BL: LYNCH Interrogatory Avoidance 05-12-2025

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 31

Exhibit BN: Plaitniffs Response to Defendants 30(b)(6) and Disc Avoidance 05-13-2025

Exhibit BO: LR 251 Dispute Resolution Attempt Email 5-12-2025

Exhibit BP: Plaintiffs LR251 Resolution Attempt Letter 05-12-2025

Additional exhibits to be labeled and described as necessary upon further supplementation.

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 32