

FILED

MAY 19 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

David Samuel, Pro Se
Sydney Roberts, Pro Se
108 Rinetti Way
Rio Linda, CA 95673
512-522-8571
edfed@possiblymaybe.com

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| SYDNEY BROOKE ROBERTS | Case No: 2:22-cv-01699 DJC AC |
|---|---|
| DAVID TYRONE SAMUEL, | |
| AIMS (A MINOR), | **JOINT DECLARATION OF DAVID SAMUEL AND SYDNEY ROBERTSIN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS** |
| DAYS (A MINOR) | |
| Plaintiffs, | |
| v. | |
| SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY ET AL., | **Date:** June 18, 2025<br>**Time:** 10:00 AM<br>**Courtroom:** 26<br>**Judge:** Hon. Allison Claire |
| Defendants | |

### I. Good Faith Discovery Efforts and Early Communications

1) We are the Plaintiffs in this matter and have personal knowledge of the facts set forth herein. This declaration supports our Motion to Compel Discovery Responses and for Rule 37 Sanctions ("Motion").

2) Since early 2024, we have diligently complied with discovery obligations and Court orders, proactively proposing discovery plans, timelines, and accommodations to Defendants, including accessible email conferencing options and rolling production schedules. (Motion ¶¶ 8–17, 30–35, 47–52.)

JOINT DECLARATION OF DAVID SAMUEL AND SYDNEY ROBERTSIN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 1

3)      On April 16, 2024, we confirmed to Defendants' counsel our intent to provide a discovery plan consistent with Rule 26(f) and Court scheduling (Motion ¶ 10-11).

4)      On April 17, 2024, we formally requested full contact information for all individuals who served on SHRA's Reasonable Accommodation Compliance Committee or similar entities, hearing officers including John Lew, and trainers or consultants for FHA, ADA, and Rehabilitation Act compliance since 2000. A true and correct copy of this email is attached as Exhibit N. (Motion ¶¶ 10–13, 63–64.)

5)      Defendants acknowledged this request but did not produce the requested information by the May 1, 2024 initial disclosure deadline, nor thereafter. (Motion ¶¶ 10–13, 63.)

6)      We timely served initial disclosures by May 1, 2024, including detailed evidence and witness lists and a damages computation. Defendants produced minimal documents and no adequate witness disclosures. (Motion ¶¶ 13–14, 63.)

7)      We consistently supplemented disclosures, clarified requests, and responded to defense inquiries regarding damages without receiving reciprocal discovery cooperation. (Motion ¶¶ 15–17, 63.)

**II. Comprehensive 2025 Discovery Requests and Defendants' Refusals**

8)      On April 3, 2025, we served Plaintiffs' First Request for Production of Documents to Defendant SHRA, requesting all documents and communications regarding our reasonable accommodation requests, internal policies, training materials, logs, and databases, the identification and membership of the Reasonable Accommodation Committee, and all hearing scheduling, cancellation, or outcome records. True and correct copies are attached as Exhibits A and B (Motion ¶¶ 20–22, 52, 63–64, 69).

JOINT DECLARATION OF DAVID SAMUEL AND SYDNEY ROBERTSIN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 2

9)    On April 8, 2025, we served a supplemental request seeking the names, job titles, and contact information for all SHRA Reasonable Accommodation Committee members since 2019, and for all third-party vendors or contractors used for rent reasonableness determinations since 2020. A true and correct copy is attached as Exhibit O. (Motion ¶¶ 21, 49, 52, 65.)

10)    On April 14, 2025, we served interrogatories and requests for admission on Defendants LaShelle Dozier, MaryLiz Paulson, Ibra Henley, Leah Shaw, Lisa Macias, Tanya Cruz, Troy Lynch, Tameka Jackson, and Tiffany Brown. Each request set sought to identify all communications and policies regarding our accommodation and hearing requests, all documents and logs regarding Committee membership, all information about hearing officers and participants, and admissions regarding individualized assessment, written decisions, and file access. (See, e.g., Paulson Interrogatory Nos. 4–5, 9, 11; Henley Interrogatory Nos. 4, 7, 9, 16, 17; Jackson Interrogatory Nos. 1, 4–5, RFPs 1–5; Cruz Interrogatory Nos. 3–8; Lynch Interrogatory Nos. 3–8; see also RFAs as cited in Motion.) True and correct copies are attached as Exhibits P through Z. (Motion ¶¶ 22, 24, 35, 47–52, 63–64, 70–71.)

11)    All discovery packets were accompanied by detailed cover letters objecting to Defendants' assertion that discovery was stayed, stating the absence of a stay or protective order, and inviting conferral about scope, timing, and any potential burden (See Exhibits AA and AB; Motion ¶¶ 25–28, 34, 61).

**III. Additional Efforts to Obtain Key Evidence and Testimony**

12)    In addition to our formal discovery efforts, we attempted to contact John Lew the SHRA hearing officer for our September 12, 2022 hearing by email in April 2024,

JOINT DECLARATION OF DAVID SAMUEL AND SYDNEY ROBERTSIN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 3

September 2024, and again in March 2025. On each occasion, we received no response. Defendants have never provided updated contact information for Mr. Lew despite our repeated requests. This ongoing lack of access to a material witness has directly prejudiced our ability to obtain evidence central to our claims regarding hearing procedures and due process. (Motion ¶¶ 13–14, 16, 63–66, 70.)

13) We contacted Quadel Consulting, the third-party vendor that provided Housing Choice Voucher department-wide disability discrimination training for SHRA in September 2020 required as part of Defendants 2020 Voluntary Compliance Agreement for disability discimination. Quadel Consulting informed us that they could not provide information or records regarding SHRA's training or related communications without a subpoena, and stated that any training records or curriculum materials were protected as trade secrets. As a result, we have been unable to access or review evidence directly relevant to SHRA's disability training and compliance efforts, further compounding the prejudice resulting from Defendants' failure to produce these materials in response to our formal discovery requests. (Motion ¶¶ 21, 52, 69, 71.)

14) Despite serving discovery specifically seeking information regarding other parties who may have experienced similar discrimination or procedural denial by SHRA, Defendants failed to identify any such cases or individuals. We independently discovered the case of Stanley Burton, a former SHRA program participant, by researching federal court records and not through any response or disclosure from Defendants. This pattern demonstrates Defendants' ongoing failure to comply with their obligations to identify relevant witnesses and evidence, and underscores the systemic nature of the issues raised in our claims. (Motion ¶¶ 12, 18, 47, 69.)

JOINT DECLARATION OF DAVID SAMUEL AND SYDNEY ROBERTSIN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 4

## IV. Public Records Act Requests and Responses

15)     In addition to our formal discovery requests in this litigation, we submitted multiple California Public Records Act (CPRA) requests to SHRA in 2023 in an effort to obtain information that Defendants refused to produce voluntarily. For example, through CPRA Request 23-29, we requested SHRA's Single Audits for 2020, 2021, and 2022; Housing Choice Voucher (HCV) leasing and cost data for 2018–2023; and documentation of SHRA's rent reasonableness market research and calculations for those years. SHRA identified its vendor as NELROD for rent reasonableness calculations but did not provide underlying data or methodology for our case; the 2021 and 2022 audits were not available at the time of our request (see Motion ¶ 21).

16)     We also submitted CPRA Request 23-30, seeking available housing lists for individuals with disabilities (2018–2023), SHRA housing search assistance procedures, and reasonable accommodation tracking data. SHRA stated that they use www.affordablehousing.com for real-time listings and do not keep historical records, and provided only general website links and public-facing flyers. Regarding reasonable accommodation data, SHRA only uploaded database reports beginning in 2020 and stated that "this database did not exist for the years 2018–2020 so this information is not readily available."

17)     These CPRA responses provided only a subset of the data and records sought, and did not include the core documentation, individualized records, or internal communications necessary to address our claims in this case. Despite our efforts through both public records and discovery channels, Defendants have never produced a complete record of reasonable accommodation requests and outcomes, rent

JOINT DECLARATION OF DAVID SAMUEL AND SYDNEY ROBERTSIN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 5

reasonableness determinations, or other records central to our case (See Motion ¶¶ 21, 69, 71).

**V. Defendants' Lack of Meaningful Response and Resulting Prejudice**

18)    Defendants never produced a full or updated witness list, nor did they provide the requested Committee names, contact information, or key documents, either in response to our April–May 2024 requests or to the comprehensive written discovery served in April 2025 (See Motion ¶¶ 30–35, 47–52, 63–66, 69).

19)    Defendants' discovery responses, to the extent any were provided, consisted primarily of boilerplate objections, blanket denials, and evasive or incomplete answers, without a privilege log or signed certification as required by Rule 26(g). No responsive documents or witness identities essential to opposing summary judgment or preparing for depositions were produced (see Motion ¶¶ 51–59, 66–71.)

20)    We have reviewed Defendants' discovery responses and note that all responses were signed solely by opposing counsel, Monica Castillo, purportedly on behalf of Defendants who are no longer employed by SHRA and whose current contact information is unknown to defense counsel. This lack of client control or communication indicates that counsel did not, and could not, make a reasonable inquiry into the completeness and accuracy of these responses as required under Federal Rule of Civil Procedure 26(g)(1). Accordingly, these certifications constitute false certifications under Rule 26(g)(3) and reflect bad faith. This practice further impairs Plaintiffs' ability to obtain truthful, complete discovery and impedes effective follow-up or conferral (See Motion ¶¶ 51, 56–59, 66–67).

JOINT DECLARATION OF DAVID SAMUEL AND SYDNEY ROBERTSIN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 6

21)   Despite repeated written and verbal offers to confer, including email communications on May 5, 2025, May 7, 2025, and May 10, 2025, and offers to accept rolling or staged production, Defendants refused to participate in meaningful discussion or propose any workable alternatives (See Motion ¶¶ 33–34, 58, 69).

22)   We agreed to short extensions and sought to minimize disputes, but Defendants did not honor the terms of those agreements, forcing us to file repeated deficiency letters and this Motion. (See Motion ¶¶ 15–17, 30–31, 33, 63–66, 69.)

23)   Because Defendants have never provided the requested names or contact information for SHRA's Committee members, hearing officers, or other key witnesses, we have been permanently denied the opportunity to notice depositions or obtain critical testimony for trial or dispositive motion practice (see Motion ¶¶ 63–66, 70–71).

24)   Defendants' refusal to produce core documents, including logs of accommodation requests, hearing recordings, outcome records, and internal communications, has made it impossible for us to test Defendants' asserted facts, document systemic practices, or reconstruct the events underlying our claims (See Motion ¶¶ 52, 63–66, 69–74).

25)   We have produced over sixty documents, witness lists, and detailed damages computations, while Defendants produced only five limited items—none of which included the core documents or contact information required under Rule 26(a) (See Motion ¶¶ 14, 63).

26)   The cumulative time and cost required to address these defaults including repeated correspondence, motion preparation, and attempts to identify missing witnesses, exceeds 80 hours of work and $500 in direct out-of-pocket expenses,

JOINT DECLARATION OF DAVID SAMUEL AND SYDNEY ROBERTSIN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 7

including legal research, mailings, office supplies and child care costs (see Motion ¶¶ 69–71, 74).

27)    Throughout this prolonged litigation and discovery dispute process, we have experienced significant stress and anxiety related to questions about our housing stability. The substantial time investment required to learn, navigate, and meaningfully participate in a complex federal lawsuit without legal counsel and against a team of professional lawyers has forced us to shift critical time and attention away from our home, family, and self-care. The repeated false certifications and deficient discovery responses by Defendants have exacerbated this burden. The cumulative effect of these challenges has diminished the quality of life for all household members and adversely affected our mental health and well-being. This harm was compounded when, on April 7, 2025, shortly after Defendants filed their Motion for Summary Judgment, SHRA sent us a notice indicating their intent to cancel our Housing Choice Voucher for "failure to renew," despite having never informed us that any renewal was due. This abrupt and unwarranted threat further intensified our stress and uncertainty. (See Motion ¶¶ 69–71, 74.)

**VI. Certification**

We declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of our knowledge, except where stated on information and belief, and as to those matters, we believe them to be true.

Executed this 17 day of May, 2025, in Sacramento County, California.

JOINT DECLARATION OF DAVID SAMUEL AND SYDNEY ROBERTSIN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 8

*David Samuel*

David Samuel
May 17, 2025

*Sydney Roberts*

Sydney Roberts
May 17, 2025

JOINT DECLARATION OF DAVID SAMUEL AND SYDNEY ROBERTSIN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS - 9

NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)
EDWARD P. GARSON (SBN 96786)
MONICA CASTILLO (SBN 146154)
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Sydney Brooke Roberts, David Samuel, A.I.M.S., D.A.Y.S., PLAINTIFF(S), v. Sacramento Housing and Redevelopment Agency, et. al, DEFENDANT(S). | CASE NUMBER **2:22-cv-01699-DJC AC** | **PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE** |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Sacramento_____, State of California, and not a party to the above-entitled cause. On **May 19**_____, 20 **25**_____, I served a true copy of **JOINT DECLARATION OF DAVID SAMUEL AND SYDNEY ROBERTSIN SUPPORT OF PLAINTIFFS' MOTION TO COM** by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served. Attach additional pages if necessary.)

Place of Mailing: 3350 Arapaho Way, Antelope, CA 95843_____
Executed on **May 19**_____, 20 **25**_____ at **Sacramento**_____, California

Please check one of these boxes if service is made by mail:

☐ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.
☐ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.
☒ I hereby certify under the penalty of perjury that the foregoing is true and correct.

*Barbara McGarvey*

*Signature of Person Making Service*

## ACKNOWLEDGEMENT OF SERVICE

I, _____, received a true copy of the within document on _____.

_____          _____
*Signature*                                 *Party Served*

CV-40 (01/00)                    PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE