EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA CASTILLO (SBN 146154)
monica.Castillo@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.: 2:22-cv-01699 DJC AC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES**<br><br>Date: June 18, 2025<br>Time: 10:00 a.m.<br>Courtroom: 26<br>Magistrate Judge: Hon. Allison Claire |

## I. INTRODUCTION

Plaintiffs' instant motion is replete with mischaracterizations of fact and law, is procedurally defective, and is a desperate attempt by Plaintiffs to obtain discovery at the eleventh hour. Plaintiffs filed their Complaint on September 27, 2022 (Dkt. 1) and have chosen to pepper the docket with various motions rather than engage in discovery. Plaintiff have known since at least April 18, 2024, that, pursuant to the Scheduling Order signed by Magistrate Judge Claire (Dkt. 58), discovery closes on June 25, 2025.

Defendant Sacramento Housing and Redevelopment Agency ("SHRA") has made good faith efforts to respond to Plaintiff's ill-drafted discovery requests and has engaged in meet and confer efforts. There is nothing sanctionable in SHRA's actions or responses. This motion should be denied in its entirety.

## II. **FACTS**

On April 3, 2025, Plaintiffs served twenty-five (25) Requests for Documents to SHRA(Declaration of Monica Castillo ("Castillo Dec.l") ¶ 4.) Responses were due on May 5, 2025 (May 3, 2025 was a Saturday) Castillo Dec.l) ¶ 4.) The requested documents included "recruitment, retention, appointment or contracting of informal hearing officers" from 2019 to present, communications, emails, memos between SHRA employees regarding Plaintiffs' hearings, internal policies and procedures for the Reasonable Accommodation Committee (with no date range), and communications between SHRA and HUD "or other housing agencies" regarding internal hearing procedures, among a myriad of other requested documents (Castillo Dec.l, ¶ 4.)

On May 5, 2025, at or around 8:00 am, Plaintiff David Samuel emailed SHRA's counsel, Edward Garson and Monica Castillo, and identified the above-first set of Requests for Documents, and later-served discovery (with later due dates) and stated because Plaintiffs had received no responses to date (even before any responses were due!), the instant motion could be filed (Castillo Dec.l, ¶ __.)

At approximately 8:28 am, on May 5, 2025, Ms. Castillo responded to Mr. Samuel, first reminding Plaintiffs that the responses to the discovery served on April 3, 2025 was due on May 5, 025, not May 3, 2025, and reminded Plaintiffs of their overdue responses to discovery served on Plaintiffs on August 6, 2024 (Castillo Dec.l, ¶ 5.)

Due to SHRA's ongoing search for responsive documents, on May 5, 2025 at approximately 9:42 a.m., Ms. Castillo emailed Plaintiffs requesting a one-week extension for responses to Plaintiff's first Request for Documents, to May 12, 2025 (Castillo Dec.l, ¶ 6.)

On May 5, 2025, at about 10:42 a.m., Plaintiffs responded to Ms. Castillo and agreed to the extension to May 12, 2025, subject to conditions, and referenced a letter from Ms. Castillo in which Plaintiffs misinterpreted Ms. Castillo's statements about discovery (Castillo Dec.l, ¶ 7.) That same day, Ms. Castillo responded to Plaintiffs, thanking them for their agreement to the extension, and clarifying that she did not state she would withhold discovery (Castillo Dec.l, ¶ 7.)

Further noting the scope and breadth of inquiry needed to respond to Plaintiffs' Request for Production of Documents, including communicating with former SHRA employees, on May 7, 2025, at 12:15 pm, Ms. Castillo emailed Plaintiffs requesting a further extension to May 30, 2025, for responses to the requests (Castillo Dec.l, ¶ 8.)

On May 7, 2025, at approximately 1:13 pm, Plaintiffs responded to Ms. Castillo(Castillo Dec.l, ¶ 9.) Plaintiffs conditionally agreed to the extension to May 30, 2025, and included in their email additional categories of requested documents, designation of and deposition dates for SHRA staff, and a request for "rolling production" of documents (Castillo Dec.l, ¶ 9.) That same day at approximately 3:20 pm. Ms. Castillo responded to Plaintiffs (Castillo Dec.l, ¶ 10.) Ms. Castillo proposed extending the discovery cut-off and addressed the "rolling production" request and explained that SHRA is a governmental agency with its own processes for handling requests, in addition to operating only four days a week, which all placed constraints on the ability to produce documents without further extension (Castillo Dec.l, ¶ 10.) Ms. Castillo also noted that requested SHRA employee designations for depositions and requesting further documents were not appropriate conditions for meet and confer communications, and requested that the appropriate procedure be used for deposition notices (Castillo Dec.l, ¶ 10.) Mr. Samuel replied, that same day at about 4:12 pm, that Plaintiffs expected "full compliance" with discovery rules as they had to defend themselves against SHRA's then-pending (but then under submission) summary judgment motion (Castillo Dec.l, ¶ 11.)

On April 8, 2025, Plaintiffs served a "Reveal DOES Request" (interrogatories, for all intents and purposes) on SHRA, with responses due May 8, 2025 (Castillo Dec.l, ¶ 12.) The interrogatories requested the identification of third-party contractors providing rental market analysis since January 2020, all SHRA housing inspectors since January 2020, those responsible for SHRA's accessible housing units inventory, and the members of the Reasonable Accommodation Compliance Committee ("RACC") since January 2019 (Castillo Dec.l, ¶ 12.) The response date was incorrectly stated as within fourteen days, rather than the thirty days per FRCP. 33.

On April 12, 2025, Plaintiffs served numerous discovery requests to all Defendants, including Interrogatories, Requests for Admissions and Requests for Documents (Castillo Dec.l, ¶ 13.)

On April 16, 2025, Plaintiffs emailed correspondence requesting the identification of individuals at SHRA most knowledgeable regarding eight area of operations between 2020 and 2024 (Castillo Dec.l, ¶ 14.) SHRA is in the process of identifying employees who may have the requested knowledge and will soon provide the information to Plaintiffs. (Castillo Dec.l, ¶ 14)

On May 8, 2025, SHRA served its responses to the Interrogatories, objecting but providing substantive responses (Castillo Dec.l, ¶ 15.) The interrogatories requested "names, job titles and current positions of all individual" members of the RACC since 2019, complete contact information for third-party contractors providing rental market analysis since January 2020, tools used for rent composition and for setting subsidy limits since January 2020, and names and titles of all housing inspectors since January 1, 2020 third-party contractors providing rental market analysis since January 2020, third-party contractors providing rental market analysis since January 2020 (Castillo Dec.l, ¶ 15.) SHRA exercised the option pursuant to Rule 33(d) to produce responsive writings as the interrogatories necessitated the preparation of a compilation, abstract, audit or summary

from the documents (Castillo Dec.l, ¶ 15.) Interrogatory No. 2 had several subparts which were in fact three "new" interrogatories and were treated as such (Castillo Dec.l, ¶ 15.)

On May 8, 2025, at about 5:52 pm. Plaintiffs emailed Ms. Castillo constituting meet and confer correspondence regarding SHRA's responses to Interrogatories, Set One, Nos. 1, 2 and 3. Plaintiffs requested "clarification and supplemental responses" but in reality Plaintiffs inappropriately were requesting new, information which should be the subject of additional interrogatories (Castillo Dec.l, ¶ 16.) This was made clear with Plaintiffs' May 9, 2025, email at approximately 9:35 am where they espoused their desire for further information far exceeding the scope of the interrogatories (Castillo Dec.l, ¶ 16.)

On Saturday, May 10, 2025, Plaintiffs emailed a meet and confer correspondence, claiming SHRA's failure to serve responses to Requests for Documents on May 3, 2025, and alleging the responses to the Interrogatories "provided grossly deficient, evasive and boilerplate responses" (Castillo Dec.l, ¶ 17.)

On Monday, May 12, 2025, Ms. Castillo replied to Plaintiffs and reminded them of the agreed-upon extension to May 12, 2025 for SHRA's responses to Requests for Documents (Castillo Dec.l, ¶ 18.) Ms. Castillo also attached a response to the meet and confer correspondence; the correspondence re-asserted the option to reference documents and reminded Plaintiffs of the impropriety of compelling a document production by way of interrogatories and of disguising a new interrogatory as a "supplement" request (Castillo Dec.l, ¶ 18.)

That same day, May 12, 2025, Plaintiffs emailed a response to Ms. Castillo's May 12, 2025 meet and confer correspondence, alleging the failure to produce a privilege log based on Plaintiffs' assumption of privileged documents and repeating the objections set forth in their initial meet and confer correspondence of May 10, 2025 (Castillo Dec.l, ¶ 19.)

On May 12, 2025, SHRA and other defendants served numerous discovery responses to Plaintiffs, including:

- Interrogatories, Set Two, to Defendant MaryLiz Paulson;
- Requests for Admissions, Set One, to Defendant MaryLiz Paulson;
- Requests for Admissions, Set Two to Defendant MaryLiz Paulson;
- Interrogatories, Set One, to Defendant Lisa Macias;
- Requests for Admissions, Set One, to Defendant Lisa Macias;
- Interrogatories, Set One, to Defendant LaShelle Dozier;
- Interrogatories, Set Two, to Defendant LaShelle Dozier;
- Requests for Admissions, Set One, to Defendant LaShelle Dozier;
- Requests for Admissions, Set Two, to Defendant LaShelle Dozier;
- Interrogatories, Set One, to Defendant Ibra Henley;
- Interrogatories, Set two, to Defendant Ibra Henley;
- Requests for Admissions, Set One, to Defendant Ibra Henley;
- Requests for Admissions, Set Two, to Defendant Ibra Henley;
- Requests for Documents, Set One, to SHRA;
- Requests for Documents, Set Two, to SHRA;
- Requests for Admissions, Set One, to Defendant Troy Lynch;
- Interrogatories, Set Oe, to Defendant Troy Lynch;
- Interrogatories, Set One, to Defendant Tiffany Brown;
- Requests for Admissions, Set One, to Defendant Tiffany Brown;
- Interrogatories, Set One, to Defendant Tanya Cruz;
- Requests for Admissions, Set One, to Defendant Tanya Cruz;
- Request for Documents, Set One, to Defendant Tameka Jackson;
- Interrogatories, Set One, to Defendant Tameka Jackson.

(Castillo Dec.l, ¶ 20.)

On May 12, 2025, at approximately 6:46 pm, Plaintiffs emailed a meet and confer

correspondence regarding the above-identified discovery responses, claiming an insufficiency of the responses, among other claims (Castillo Dec.l, ¶ 21.)

On May 14, 2025, SHRA's counsel responded to Plaintiffs' May 12, 2025, meet and confer correspondence: (1) indicating continued efforts to obtain availability dates for the depositions regarding the topics outlined by Plaintiffs; (2) that full responses were served to Requests for Documents and that documents would be produced by May 30, 2025; (3) that the number of interrogatories served by Plaintiffs exceeded the twenty-five (25) allowed per FRCP 33(a)(1); and (4) that no specific deficiencies in Defendants' responses were identified beyond the blanket statement of "served only blanket objections and denials", yet agreeing to provide amended responses in god faith by May 30, 2025 (Castillo Dec.l, ¶ 22.) On May 14, 2025 at about 5:09 pm, Plaintiffs responded with a repeat of prior allegations and stated they would be filing their instant motion (Castillo Dec.l, ¶ 23.)

On May 19, 2025, at about 8:00 am, Plaintiffs emailed a proposed schedule for preparation of the required Joint Statement re Discovery Disagreements and served the instant motion (Castillo Dec.l, ¶ 24.) Later that day, Ms. Castillo emailed Plaintiffs that Ms. Castillo would look for Plaintiffs' draft portion of the Joint Statement on May 23, 2025 as promised and suggested filing the Joint Statement by June 3, 2025, as Defendants would be serving further responses and documents on May 30, 2025, and the last day to file the Statement was June 4, 2025 (Castillo Dec.l, ¶ 25.) To date, Plaintiffs have served a "Local Rule 251(c) Conference Statement", which fails to set forth "[e]ach specific interrogatory…or other item objected to" by reproducing each one in full pursuant to L.R. 251(c)(3) (Castillo Dec.l, ¶ 25.)

On May 30, 2025, Defendants served supplemental responses to the discovery identified above and initially produced over 1,800 pages of responsive documents (Castillo Dec.l, ¶ 26.)

On June 2, 2025, Ms. Castillo emailed Plaintiffs requesting they withdraw the instant motion given the supplemental responses and the voluminous responsive documents served on Plaintiffs (Castillo Dec.l, ¶ 27.) In sum, Plaintiffs claimed the production was voluminous and not responsive and denied the request (Castillo Dec.l, ¶ 27.) Plaintiffs did not address the fact that Defendants served supplemental responses (Castillo Dec.l, ¶ 27.)

The parties met and conferred to prepare and file the required "Joint Statement re Discovery Disagreements" (Castillo Dec.l, ¶ 28.)

## III. **ARGUMENT**

### A. Plaintiffs' Have Failed To Specify Objectionable Discovery Responses Required by Local Rule 7.1(c)(2)

L.R. 7.1(c)(2) states:

> No discovery motion will be considered by the court unless the motion sets forth or has attached thereto, by item, the specific question, interrogatory, etc., with respect to which the motion is filed and any objection made along with the grounds supporting or in opposition to the objection. The movant must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions.

Plaintiffs' moving papers are replete with conclusionary arguments and claims of "boilerplate objections" without specifying the exact responses which are objectionable (akin to the Separate Statement required in California State Courts when filing a discovery motion). Given the lengthy list of discovery request, as noted above, it is nearly impossible to ascertain which responses are objectionable. Plaintiffs' procedurally defective motion should be denied. Furthermore, it must be noted, that Defendants have

served timely responses, in good faith, to all discovery and served supplemental responses and produced documents on May 30, 2025 (Castillo Dec.l, ¶¶ 15, 20, and 26.)

B. Defendants' Responses Are Compete and Comply with FRCP

Assuming, arguendo, that the Court will hear this motion, Defendants will assume that Plaintiffs find objectionable the following categories:

1) Responses to Special Interrogatories

a) Overbroad interrogatories treated as separate – Plaintiffs served many interrogatories which were overbroad and were treated as separate interrogatories. For example, Interrogatories, Set One, to Defendant MaryLiz Paulson, No. 3: " State whether or not you are or have been designated as SHRA's Section 504 Coordinator pursuant to 24 CFR section 8.53(a) and PIH Notice 2010-26, and if not, identify the person(s) who served in that capacity during your employment.". Another example is found in Interrogatories, Set Two, to Defendant MaryLiz Paulson, No. 12: "Describe any steps you personally took, or directed others to take, in response to complaints from Plaintiffs regarding the cancellation of hearings, refusal to provide auxiliary aids, or denial of housing opportunities." (Castillo Dec.l, ¶¶ 13, 20.) These are examples of requests that cannot be answered independently.

b) Plaintiffs' Interrogatories exceeded the 25-Interrogatory limit –

Including the interrogatories treated as separate interrogatories, Plaintiffs served four (4) to SHRA, thirty-eight (38) to MaryLiz Paulson, seven (7) to LaShelle Dozier, six (6) to Tameka Jackson, nine (9) to Troy Lynch, six (6) to Lisa Macias, six (6) to Tiffany Brown, and nine (9) to Tanya Cruz (Castillo Dec.l, ¶ 13.)

The court in *Vinton v. Adam Aircraft Indus*.(November 23, 2005 Colorado District Court) 232 F.R.D. 650, 664 reasoned that F.R.C.P. 33 "presumptively limits interrogatories to '25 in number,' 'served upon any other party.'" In that case, plaintiff argued that because AAI and Defendant Adam are separate parties, plaintiff should be

entitled to exceed the 25 interrogatory limit in that court's Scheduling Order. However, commentators on Rule 33 have expressed a belief that "in some instances nominally separate parties should be considered one party for purposes of the 25-interrogatory limitation." Wright et al., Federal Practice and Procedure, Civil 2d § 2168.1.

Similarly, in the instant motion, Plaintiffs may argue that, as separate parties, they might be entitled to exceed F.R.C.P.'s 25-interrogatory limit. However, as in *Vinton*, this Court should hold Plaintiffs' to the limit of 25 interrogatories and should not compel further responses beyond that limit, if any are compelled at all.

2) Responses to Request for Admissions

a) On May 30, 2025, Defendants supplemented all their responses to

Requests for Admissions. F.R.C.P. 36(a)(4) allows a party to admit or deny an admission, and if a denial, the party must state why it cannot admit or deny. The supplemental responses are code-compliant. It is anticipated Plaintiffs may be argue their dissatisfaction with Defendants' responses which at times qualify and explain a discrete statement, but "the Court is not willing to conclude that a Defendant's inability or unwillingness to confine their responses to an 'admit or deny' binary paradigm means that the Defendant's discovery responses are somehow deficient or otherwise violative of the rules. Plaintiff is mistaken if he believes that requests for admission *always* mandate a one word, "admit" or "deny" answer. *Cf*. Fed.R.Civ.P. 36(a)(4) ("when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.")." *Lowrey v. Portis* Lowrey v. Portis, 2024 U.S. Dist. LEXIS 96810, 13-14.

3) Responses to Request for Documents

a) All requests were responded to, and documents were produced on May 30,

2025.

b) Ill-worded requests are objectionable – Plaintiffs' Request for Documents, Set One, No. 4 requested: All logs, databases, or records of reasonable accommodation requests received by SHRA from 2019 to the present, including whether the request was granted or denied. SHRA appropriately objected to "logs" as unclear and the request as burdensome - there are approximately 1300 families supported by subsidies and approximately 3000 rental units on subsidies. Further, the time frame required a review of approximately 6,000 requests. In spite of ill-worded and objectionable requests, SHRA identified and provided a spreadsheet showing the SHRA employees' and their rotation schedule, to demonstrate the difficulty of producing the requested documents. This is but one example of SHRA providing information that was not requested.

Another ill-worded request was Request No. 11 to SHRA: All records of other informal hearings SHRA scheduled and later cancelled from 2019 to the present, including the reason for cancellation. SHRA objected as burdensome and not relevant, as the hearing was held but Plaintiffs failed to appear.

C. Plaintiffs' Joint Declaration Improperly Purport To Expand Discovery

Paragraphs 15 – 17 of Plaintiffs' Joint Declaration in support of the instant motion (Dkt.112, Attachment 2) refers to California Public Records Acts allegedly submitted to SHRA in 2023. These alleged requests are completely outside the scope of Plaintiffs' discovery to SHRA and the instant motion. These request must not be considered by this Court in ruling on this motion.

## IV. CONCLUSION

Defendants have responded to Plaintiffs' discovery, within the requirements of the applicable Federal Rules of Civil Procedure, have served supplemental responses, and have produced thousands of pages of documents. There are no grounds to compel further responses nor for sanctions. This Court should deny this motion in its entirety.

Date: June 2, 2025

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
By:

Monica Castillo

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants: SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY

**CERTIFICATE OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699-TLN-AC

I certify that on *June 2, 2025,* I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Executed on June 2, 2025, at San Francisco, California.

______________________________
Geraldine Touson

**PROOF OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISOCVERY**

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

Executed on June 2, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Geraldine Touson