EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA CASTILLO (SBN 146154)
monica.Castillo@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

Plaintiffs,

v.

SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,

Defendants.

No.: 2:22-cv-01699 DJC AC

**DECLARATION OF MONICA CASTILLO IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

Assigned to Magistrate Allison Claire
Date: June 18, 2025
Time: 10:00 a.m.
Courtroom: 26

I, Monica Castillo, declare:

1. I am licensed to practice law in the State of California and am an attorney at Wilson Elser Moskowitz Edelman and Dicker LLP, the law firm representing Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, ("Defendants").

2. I have personal knowledge of the facts set forth herein. If called to testify to those matters herein, I could and would do so competently.

3. I make this declaration in support of Defendants' Opposition to Plaintiffs' Motion to Compel Discovery Responses. Except as expressly stated, I have personal knowledge of the facts set forth below and, if called as a witness, could and would testify accurately to their veracity.

4. On April 3, 2025, Plaintiffs served twenty-five (25) Requests for Documents to SHRA. Responses were due on May 5, 2025. The requested documents included "recruitment, retention, appointment or contracting of informal hearing officers" from 2019 to present, communications, emails, memos between SHRA employees regarding Plaintiffs' hearings, internal policies and procedures for the Reasonable Accommodation Committee (with no date range), and communications between SHRA and HUD "or other housing agencies" regarding internal hearing procedures, among a myriad of other requested documents. Attached as **Exhibit A** is a true and correct copy of the Requests for Documents, Set One, to SHRA.

5. On May 5, 2025, at or around 8:00 am, Plaintiff David Samuel emailed SHRA's counsel, Edward Garson and me, and identified the above-first set of Requests for Documents, and later-served discovery (with later due dates) and stated because Plaintiffs had received no responses to date (even before any responses were due!), the instant motion could be filed. Attached as **Exhibit B** is a true and correct copy of the May 5, 2025 email from Plaintiff.

6. Due to SHRA's ongoing search for responsive documents, on May 5, 2025 at approximately 9:42 a.m., I emailed Plaintiffs requesting a one-week extension for responses to Plaintiff's first Request for Documents, to May 12, 2025. Attached as **Exhibit C** is a true and correct copy of my May 5, 2025, 9:42 a.m. email to Plaintiffs.

7. On May 5, 2025, at about 10:42 a.m., Plaintiffs responded to me and agreed to the extension to May 12, 2025, subject to conditions, and referenced a letter from me in which Plaintiffs misinterpreted my statements about discovery. That same day, I responded to Plaintiffs, thanking them for their agreement to the extension, and clarifying that I did not state I would withhold discovery. Attached as **Exhibit D** is a true and correct copy of Plaintiffs' 10:42 am email to me and my response to Plaintiffs.

8. Further noting the scope and breadth of inquiry needed to respond to Plaintiffs' Request for Production of Documents, including communicating with former SHRA employees, on

May 7, 2025, at 12:15 pm, I emailed Plaintiffs requesting a further extension to May 30, 2025, for responses to the requests. Attached as **Exhibit E** is a true and correct copy of my May 7, 2025, 12:15 pm email to Plaintiffs.

9. On May 7, 2025, at approximately 1:13 pm, Plaintiffs responded to me. Plaintiffs conditionally agreed to the extension to May 30, 2025, and included in their email additional categories of requested documents, designation of and deposition dates for SHRA staff, and a request for "rolling production" of documents. Attached as **Exhibit F** is a true and correct copy of Plaintiffs' May 7, 2025, 1:13 pm email.

10. That same day at approximately 3:20 pm. I responded to Plaintiffs. I proposed extending the discovery cut-off and addressed the "rolling production" request and explained that SHRA is a governmental agency with its own processes for handling requests, in addition to operating only four days a week, which all placed constraints on the ability to produce documents without further extension. I also noted that requested SHRA employee designations for depositions and requesting further documents were not appropriate conditions for meet and confer communications, and requested that the appropriate procedure be used for deposition notices. Attached as **Exhibit G** is a true and correct copy of my May 7, 2025, 3:20 pm email.

11. Mr. Samuel replied, that same day at about 4:12 pm, that Plaintiffs expected "full compliance" with discovery rules as they had to defend themselves against SHRA's then-pending (but then under submission) summary judgment motion. Attached as **Exhibit H** is a true and correct copy of Plaintiffs' May 7, 2025, 4:12 pm email.

12. On April 8, 2025, Plaintiffs served a "Reveal DOES Request" (interrogatories, for all intents and purposes) on SHRA, with responses due May 8, 2025. The interrogatories requested the identification of third-party contractors providing rental market analysis since January 2020, all SHRA housing inspectors since January 2020, those responsible for SHRA's accessible housing units inventory, and the members of the Reasonable Accommodation Compliance Committee ("RACC") since January 2019. The response date was incorrectly stated as within fourteen days, rather than the thirty days per FRCP. 33. Attached as **Exhibit I** is a true and correct copy of Plaintiffs' April 8, 2025, "Reveal DOE Request".

13. On April 12, 2025, Plaintiffs served numerous discovery requests to all Defendants, including Interrogatories, Requests for Admissions and Requests for Documents. Many interrogatories were overbroad and were treated as separate interrogatories. For example, Interrogatories, Set One, to Defendant MaryLiz Paulson, No. 3: " State whether or not you are or have been designated as SHRA's Section 504 Coordinator pursuant to 24 CFR section 8.53(a) and PIH Notice 2010-26, and if not, identify the person(s) who served in that capacity during your employment.". Another example is found in Interrogatories, Set Two, to Defendant MaryLiz Paulson, No. 12: "Describe any steps you personally took, or directed others to take, in response to complaints from Plaintiffs regarding the cancellation of hearings, refusal to provide auxiliary aids, or denial of housing opportunities." Including the interrogatories treated as separate interrogatories, Plaintiffs served four (4) to SHRA, thirty-eight (38) to MaryLiz Paulson, seven (7) to LaShelle Dozier, six (6) to Tameka Jackson, nine (9) to Troy Lynch, six (6) to Lisa Macias, six (6) to Tiffany Brown, and nine (9) to Tanya Cruz.

14. On April 16, 2025, Plaintiffs emailed correspondence requesting the identification of individuals at SHRA most knowledgeable regarding eight area of operations between 2020 and 2024. Attached as **Exhibit J** is a true and correct copy of Plaintiffs' April 16, 2025, correspondence. SHRA is in the process of identifying employees who may have the requested knowledge and will soon provide the information to Plaintiffs.

15. On May 8, 2025, SHRA served its responses to the Interrogatories, objecting but providing substantive responses. The interrogatories requested "names, job titles and current positions of all individual" members of the RACC since 2019, complete contact information for third-party contractors providing rental market analysis since January 2020, tools used for rent composition and for setting subsidy limits since January 2020, and names and titles of all housing inspectors since January 1, 2020 third-party contractors providing rental market analysis since January 2020, third-party contractors providing rental market analysis since January 2020. SHRA exercised the option pursuant to Rule 33(d) to produce responsive writings as the interrogatories necessitated the preparation of a compilation, abstract, audit or summary from the documents.

Interrogatory No. 2 had several subparts which were in fact three "new" interrogatories and were treated as such. Attached as **Exhibit K** is a true and correct copy of SHRA's Responses to Interrogatories, Set One.

16. On May 8, 2025, at about 5:52 pm. Plaintiffs emailed me constituting meet and confer correspondence regarding SHRA's responses to Interrogatories, Set One, Nos. 1, 2 and 3. Plaintiffs requested "clarification and supplemental responses" but in reality Plaintiffs inappropriately were requesting new, information which should be the subject of additional interrogatories. This was made clear with Plaintiffs' May 9, 2025, email at approximately 9:35 am where they espoused their desire for further information far exceeding the scope of the interrogatories. Attached as **Exhibit L-1** is a true and correct copy of Plaintiffs' May 8, 2025, 5:52 pm email. Attached as **Exhibit L-2** is a true and correct copy of Plaintiffs' May 9, 2025, 9:35 am email.

17. On Saturday, May 10, 2025, Plaintiffs emailed a meet and confer correspondence, claiming SHRA's failure to serve responses to Requests for Documents on May 3, 2025, and alleging the responses to the Interrogatories "provided grossly deficient, evasive and boilerplate responses". Attached as **Exhibit M** is a true and correct copy of Plaintiffs' May 10, 2025, email.

18. On Monday, May 12, 2025, I replied to Plaintiffs and reminded them of the agreed-upon extension to May 12, 2025 for SHRA's responses to Requests for Documents. I also attached a response to the meet and confer correspondence; the correspondence re-asserted the option to reference documents and reminded Plaintiffs of the impropriety of compelling a document production by way of interrogatories and of disguising a new interrogatory as a "supplement" request. Attached as **Exhibit N** are true and correct copies of my May 12, 2025 email and my response to meet and confer correspondence.

19. That same day, May 12, 2025, Plaintiffs emailed a response to my May 12, 2025 meet and confer correspondence, alleging the failure to produce a privilege log based on Plaintiffs' assumption of privileged documents and repeating the objections set forth in their initial meet and

confer correspondence of May 10, 2025. Attached as **Exhibit O** is a true and correct copy of Plaintiffs' May 12, 2025, email.

20. On May 12, 2025, SHRA and other defendants served numerous discovery responses to Plaintiffs, including:

- Interrogatories, Set Two, to Defendant MaryLiz Paulson;
- Requests for Admissions, Set One, to Defendant MaryLiz Paulson;
- Requests for Admissions, Set Two to Defendant MaryLiz Paulson;
- Interrogatories, Set One, to Defendant Lisa Macias;
- Requests for Admissions, Set One, to Defendant Lisa Macias;
- Interrogatories, Set One, to Defendant LaShelle Dozier;
- Interrogatories, Set Two, to Defendant LaShelle Dozier;
- Requests for Admissions, Set One, to Defendant LaShelle Dozier;
- Requests for Admissions, Set Two, to Defendant LaShelle Dozier;
- Interrogatories, Set One, to Defendant Ibra Henley;
- Interrogatories, Set two, to Defendant Ibra Henley;
- Requests for Admissions, Set One, to Defendant Ibra Henley;
- Requests for Admissions, Set Two, to Defendant Ibra Henley;
- Requests for Documents, Set One, to SHRA;
- Requests for Documents, Set Two, to SHRA;
- Requests for Admissions, Set One, to Defendant Troy Lynch;
- Interrogatories, Set Oe, to Defendant Troy Lynch;
- Interrogatories, Set One, to Defendant Tiffany Brown;
- Requests for Admissions, Set One, to Defendant Tiffany Brown;
- Interrogatories, Set One, to Defendant Tanya Cruz;
- Requests for Admissions, Set One, to Defendant Tanya Cruz;
- Request for Documents, Set One, to Defendant Tameka Jackson;
- Interrogatories, Set One, to Defendant Tameka Jackson.

Attached as **Exhibits P-1** through **P-23** are true and correct copies of the above-identified discovery served by Defendants.

21. On May 12, 2025, at approximately 6:46 pm, Plaintiffs emailed a meet and confer correspondence regarding the above-identified discovery responses, claiming an insufficiency of the responses, among other claims. Attached as **Exhibit Q** is a true and correct copy of Plaintiffs' May 12, 2025,6:46 pm email.

22. On May 14, 2025, SHRA's counsel responded to Plaintiffs' May 12, 2025, meet and confer correspondence: (1) indicating continued efforts to obtain availability dates for the depositions regarding the topics outlined by Plaintiffs; (2) that full responses were served to Requests for Documents and that documents would be produced by May 30, 2025; (3) that the number of interrogatories served by Plaintiffs exceeded the twenty-five (25) allowed per FRCP 33(a)(1); and (4) that no specific deficiencies in Defendants' responses were identified beyond the blanket statement of "served only blanket objections and denials", yet agreeing to provide amended responses in god faith by May 30, 2025. Attached as **Exhibit R** is a true and correct copy of SHRA's counsel's May 14, 2025 email.

23. On May 14, 2025 at about 5:09 pm, Plaintiffs responded with a repeat of prior allegations and stated they would be filing their instant motion. Attached as **Exhibit S** is a true and correct copy of Plaintiffs' May 14, 2025, 5:09 pm email.

24. On May 19, 2025, at about 8:00 am, Plaintiffs emailed a proposed schedule for preparation of the required Joint Statement re Discovery Disagreements and served the instant motion. Attached as **Exhibit T** is a true and correct copy of Plaintiffs' May 19, 2025, 8:00 am email.

25. Later that day, Ms. Castillo emailed Plaintiffs that Ms. Castillo would look for Plaintiffs' draft portion of the Joint Statement on May 23, 2025 as promised and suggested filing the Joint Statement by June 3, 2025, as Defendants would be serving further responses and documents on May 30, 2025, and the last day to file the Statement was June 4, 2025. To date, Plaintiffs have served a "Local Rule 251(c) Conference Statement", which fails to set forth "[e]ach

specific interrogatory…or other item objected to" by reproducing each one in full pursuant to L.R. 251(c)(3).

26. On May 30, 2025, Defendants served supplemental responses to the discovery identified above and initially produced over 1,800 pages of responsive documents.

27. On June 2, 2025, I emailed Plaintiffs requesting they withdraw the instant motion given the supplemental responses and the voluminous responsive documents served on Plaintiffs. In sum, Plaintiffs claimed the production was voluminous and not responsive and denied the request. Plaintiffs did not address the fact that Defendants served supplemental responses. Attached as **Exhibit U** is a true and correct copy of the parties' email exchange on June 2, 2025.

28. The parties met and conferred to prepare and file the required "Joint Statement re Discovery Disagreements".

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed in San Francisco, California, on this June 2, 2025.

Monica Castillo

Monica Castillo

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**Case No. 2-22-cv-01699**

**DAVID SAMUEL and SYDNEY ROBERTS,**
Plaintiffs,

v.

**SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY,**
Defendant.

---

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Pursuant to **Rule 34 of the Federal Rules of Civil Procedure**, Plaintiffs **David Samuel and Sydney Roberts**, pro se, request that Defendant **Sacramento Housing and Redevelopment Agency ("SHRA")** produce the following documents and things for inspection and copying within **thirty (30) days** of service of this request.

**DEFINITIONS**

1. "You" or "Defendant" refers to **Sacramento Housing and Redevelopment Agency (SHRA)**, its agents, employees, and any other individuals acting on its behalf.
2. "Reasonable accommodation" refers to any request made under the **Fair Housing Act (FHA) and the Americans with Disabilities Act (ADA)** for a modification or exception to SHRA's rules, policies, or procedures due to disability.
3. "Hearing" refers to any informal grievance hearing, informal hearing, or appeal process required by **24 CFR § 982.555** and SHRA's policies.
4. "Document" shall mean all written, recorded, or electronic materials, including but not limited to emails, letters, memos, policies, reports, meeting minutes, notes, and recordings.

---

## REQUESTS FOR PRODUCTION

**SHRA's Denial of Plaintiffs' Reasonable Accommodation Request**

1. **All documents related to Plaintiffs' request for a reasonable accommodation, including but not limited to** applications, internal correspondence, approval/denial letters, case notes, and any supporting documentation.
2. **All communications (emails, letters, text messages, or memos) between SHRA employees, agents, or representatives** concerning Plaintiffs' reasonable accommodation request.

3. **Any and all internal policies, manuals, or training materials** regarding the process for reviewing and deciding reasonable accommodation requests from 2019 to present.
4. **All logs, databases, or records of reasonable accommodation requests received by SHRA** from 2019 to the present, including whether the requests were granted or denied.

**Failure to Provide an Informal Hearing**

5. **All notices, letters, or emails sent to Plaintiffs regarding the scheduling or cancellation of their informal hearings.**
6. **All internal communications (emails, meeting notes, or memos) among SHRA employees** regarding the scheduling, postponement, or cancellation of Plaintiffs' informal hearings.
7. **All written policies or procedures regarding SHRA's obligation to provide an informal hearing** after denying a reasonable accommodation request.
8. **Any and all training materials provided to SHRA employees** regarding compliance with **24 CFR § 982.555** and the process for conducting informal hearings.
9. **All documents, recordings, or transcripts from Plaintiffs' scheduled hearings, including records of when and why the hearings were cancelled.**
10. **Any internal reports, audits, or assessments conducted by SHRA** regarding compliance with HUD-mandated hearing procedures.

**Pattern and Practice of Denying Due Process**

11. **All records of other informal hearings SHRA scheduled and later cancelled from 2019 to the present,** including the reason for cancellation.
12. **All complaints, grievances, or lawsuits filed against SHRA** in the past five years alleging failure to provide an informal hearing.
13. **Any investigations, audits, or findings from HUD, DOJ, or other agencies** regarding SHRA's compliance with fair housing and due process requirements.
14. **Any internal or external communications related to policy changes, training, or remedial action SHRA has taken** as a result of previous hearing-related complaints or investigations.

**Effective Communication and Notice Issues**

15. **All policies and procedures governing how SHRA notifies tenants of their right to request an informal hearing.**
16. **All versions of forms, notices, or written guidance given to tenants regarding their hearing rights and deadlines.**
17. **All communications between SHRA and HUD or other housing agencies regarding required procedures for informal hearings.**

**Reasonable Accommodation Committee and Compliance Oversight**

18. **All documents identifying the members of SHRA's Reasonable Accommodation Committee or Reasonable Accommodation Compliance Committee,** including their names, job titles, roles, and tenure.

19. **All meeting agendas, notes, minutes, or schedules** showing how often the Reasonable Accommodation Committee meets, including dates of meetings from 2019 to the present.

20. **All documents reviewed, referenced, or discussed by the Reasonable Accommodation Committee** in evaluating reasonable accommodation requests, including evaluation criteria, checklists, or policy references.

21. **All internal policies, procedures, or guidelines governing the operations, purpose, and authority of the Reasonable Accommodation Committee.**

**Telephone Records Related to Accommodation Requests**

22. **All incoming and outgoing call logs, messages, or call recordings related to SHRA's designated reasonable accommodation telephone number from 2020 to the present.**

**Hearing Officer Retention and Communications**

23. **All documents related to the recruitment, retention, appointment, or contracting of informal hearing officers used by SHRA from 2019 to the present.**

24. **A list including the names, titles, and contact information for all individuals who have served as informal hearing officers for SHRA in the last five years.**

25. **All communications, including emails or memos, between or among SHRA employees and informal hearing officers regarding Plaintiffs' informal hearings.**

---

## INSTRUCTIONS

- **If any document is withheld under a claim of privilege**, Defendant must provide a privilege log identifying the document, its date, author, recipient, and the specific privilege claimed.
- **If Defendant is unable to locate a requested document**, Defendant must state in writing the efforts made to locate the document.
- **Documents should be produced in electronic form (PDF, Word, or native format) where possible.**
- **If any documents are redacted, Defendant must provide an explanation for the redaction.**

Dated: **04/03/2025**

**David Samuel**
**Sydney Roberts**
Plaintiffs, Pro Se

108 Rinetti Way
Rio Linda, CA 95673
home@possiblymaybe.com
(512) 522-8571

# EXHIBIT B

**Touson, Geraldine**

**From:** David Samuel <davidsa@possiblymaybe.com>
**Sent:** Monday, May 5, 2025 8:00 AM
**To:** Garson, Edward; Castillo, Monica; Maddy, David and Artemis Samuel; Barbara McGarvey
**Subject:** Upcoming Deadlines for Plaintiffs' Discovery Requests – Case No. 2:22-cv-01699 DJC AC

**EXTERNAL EMAIL** This email originated from outside the organization.

May 5, 2025

VIA EMAIL ONLY

Edward P. Garson (SBN 96786)
Monica Castillo (SBN 146154)
Wilson Elser Moskowitz Edelman & Dicker LLP
655 Montgomery Street, Suite 900
San Francisco, CA 94111

**Re:** Samuel & Roberts v. SHRA – Discovery Deadlines

Dear Mr. Garson and Ms. Castillo,

This is a friendly reminder that responses to Plaintiffs' discovery requests are due imminently:

- Plaintiffs' First Request for Production to SHRA, served April 3, 2025 (due May 3, 2025)
- Plaintiffs' DOE-Identification Request, served April 8, 2025 (due May 8, 2025)

- Plaintiffs' First Set of Requests for Production, Interrogatories and RFAs to individual SHRA employees, served April 12, 2025 (due May 12, 2025)

To date, we have not received any substantive responses or objections to these three discovery sets. As no discovery stay is in effect – and a pending motion for summary judgment does not excuse compliance with your Rule 26 and Rule 34 obligations – we expect full, timely production of all non-privileged documents and answers by the deadlines listed above.

If we do not receive complete responses by those dates, we will have no choice but to file appropriate motions to compel under Rule 37, and to seek costs and sanctions.

Please let us know promptly if you anticipate any scheduling conflicts or require a narrowly tailored extension. Otherwise, we look forward to your compliance.

Very truly yours,

David Samuel

# EXHIBIT C

**Touson, Geraldine**

**From:** Castillo, Monica
**Sent:** Monday, May 5, 2025 9:42 AM
**To:** davidsa@possiblymaybe.com; home@possiblymaybe.com; sea@possiblymaybe.com
**Cc:** Castillo, Monica; Carinio, Jasmine; Mistry, Chandni
**Subject:** Roberts v. SHRA; our file 21727.00057

**Importance:** High

Mr. Roberts and Ms. Samuel:

As you know, our responses to your First Request for Production are due today.

We are requesting a one-week extension, for responses to be due by May 12, 2025.

Please advise if you are amenable to the extension.

Thank you,

Monica Castillo
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
655 Montgomery St., Ste. 900
San Francisco, CA 94111
415.625.9372 (Direct)
415.433.0990 (Main)
monica.castillo@wilsonelser.com

# EXHIBIT D

**Touson, Geraldine**

**From:** David Samuel <davidsa@possiblymaybe.com>
**Sent:** Monday, May 5, 2025 10:42 AM
**To:** Castillo, Monica
**Subject:** Re: Roberts v. SHRA; our file 21727.00057

**EXTERNAL EMAIL** This email originated from outside the organization.

Counsel:

We are amenable to a one-week extension for Defendants' responses to the First Request for Production, with responses due by **May 12, 2025**, subject to the following conditions:

1. Plaintiffs do not waive any objections regarding the substance, completeness, or timing of Defendants' responses, including the right to move to compel if responses are inadequate or incomplete.
2. Plaintiffs expressly preserve all rights under Rule 37 given Defendants' letter stating an intent to withhold discovery until after resolution of the summary judgment motion. To date, Defendants have produced no discovery of any kind.
3. Plaintiffs agree to this extension in good faith, but we are concerned about ongoing delay. We request that Defendants confirm they will not oppose a proportional extension to the discovery cutoff, should one be needed as a result of this or similar delays.

Please confirm that this understanding is acceptable.

David

On Mon, May 5, 2025 at 9:42 AM Castillo, Monica <Monica.Castillo@wilsonelser.com> wrote:

> Mr. Roberts and Ms. Samuel:
>
> As you know, our responses to your First Request for Production are due today.
>
> We are requesting a one-week extension, for responses to be due by May 12, 2025.
>
> Please advise if you are amenable to the extension.

Thank you,

Monica Castillo
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
655 Montgomery St., Ste. 900
San Francisco, CA 94111
415.625.9372 (Direct)
415.433.0990 (Main)
monica.castillo@wilsonelser.com

IMPORTANT NOTICE: Beware of Cyber Fraud.
You should NEVER wire money to any bank account that Wilson Elser Moskowitz Edelman & Dicker LLP provides to you either in the body of this or any email or in an attachment without first speaking with the attorney in our office who is handling your transaction. Further, DO NOT accept emailed wire instructions from anyone else without voice verification. Even if an email looks like it has come from this office or someone involved in your transaction,
CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE to verify the information before wiring any money.
Failure to do so is at your own risk.
Be particularly wary of any request to change wire instructions you have already received.

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman & Dicker LLP, please see our website at www.wilsonelser.com or refer to any of our offices.

Thank you.

# EXHIBIT E

**Touson, Geraldine**

**From:** Castillo, Monica
**Sent:** Wednesday, May 7, 2025 12:15 PM
**To:** David Samuel
**Cc:** Castillo, Monica; Mistry, Chandni; Carinio, Jasmine
**Subject:** RE: Roberts v. SHRA; our file 21727.00057; extension for all discovery responses

Mr. Samuel:

In order to respond to all the discovery you have propounded to date, it is necessary to speak with many people, including some who are no longer with SHRA and difficult to locate.

Thus, we would like an extension for all discovery responses, to be due on May 30, 2025.

Please advise if agreeable.

Thank you,

Monica Castillo
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
655 Montgomery St., Ste. 900
San Francisco, CA 94111
415.625.9372 (Direct)
415.433.0990 (Main)
monica.castillo@wilsonelser.com

---

**From:** David Samuel <davidsa@possiblymaybe.com>
**Sent:** Monday, May 5, 2025 10:42 AM
**To:** Castillo, Monica <Monica.Castillo@wilsonelser.com>
**Subject:** Re: Roberts v. SHRA; our file 21727.00057

**EXTERNAL EMAIL** This email originated from outside the organization.

Counsel:

We are amenable to a one-week extension for Defendants' responses to the First Request for Production, with responses due by **May 12, 2025**, subject to the following conditions:

1. Plaintiffs do not waive any objections regarding the substance, completeness, or timing of Defendants' responses, including the right to move to compel if responses are inadequate or incomplete.
2. Plaintiffs expressly preserve all rights under Rule 37 given Defendants' letter stating an intent to withhold discovery until after resolution of the summary judgment motion. To date, Defendants have produced no discovery of any kind.

3. Plaintiffs agree to this extension in good faith, but we are concerned about ongoing delay. We request that Defendants confirm they will not oppose a proportional extension to the discovery cutoff, should one be needed as a result of this or similar delays.

Please confirm that this understanding is acceptable.

David

On Mon, May 5, 2025 at 9:42 AM Castillo, Monica <Monica.Castillo@wilsonelser.com> wrote:

> Mr. Roberts and Ms. Samuel:
>
> As you know, our responses to your First Request for Production are due today.
>
> We are requesting a one-week extension, for responses to be due by May 12, 2025.
>
> Please advise if you are amenable to the extension.
>
> Thank you,
>
> Monica Castillo
> Attorney at Law
> Wilson Elser Moskowitz Edelman & Dicker LLP
> 655 Montgomery St., Ste. 900
> San Francisco, CA 94111
> 415.625.9372 (Direct)
> 415.433.0990 (Main)
> monica.castillo@wilsonelser.com
>
> IMPORTANT NOTICE: Beware of Cyber Fraud.
> You should NEVER wire money to any bank account that Wilson Elser Moskowitz Edelman & Dicker LLP provides to you either in the body of this or any email or in an attachment without first speaking with the attorney in our office who is handling your transaction. Further, DO NOT accept emailed wire instructions from anyone else without voice verification. Even if an email looks like it has come from this office or someone involved in your transaction,
> CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE

to verify the information before wiring any money.
Failure to do so is at your own risk.
Be particularly wary of any request to change wire instructions you have already received.

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman & Dicker LLP, please see our website at www.wilsonelser.com or refer to any of our offices.

Thank you.

# EXHIBIT F

**Touson, Geraldine**

**From:** David Samuel <davidsa@possiblymaybe.com>
**Sent:** Wednesday, May 7, 2025 1:13 PM
**To:** Castillo, Monica
**Subject:** Re: Roberts v. SHRA; our file 21727.00057; extension for all discovery responses

**EXTERNAL EMAIL** This email originated from outside the organization.

Counsel:

We acknowledge your May 7 request for an extension to May 30, 2025, to respond to Plaintiffs' outstanding discovery. Plaintiffs are willing to consider a reasonable extension **provided** that the following conditions are met:

1. **Reciprocal Extension and Stipulated Discovery Deadline Adjustment:** Defendants must stipulate to extend the overall discovery period by 23 days (matching the requested delay), and expressly agree to waive any objection to this adjustment.
2. **No Stay or Deferral Asserted:** Defendants must confirm in writing that they are not asserting, and will not assert, any stay or limitation on discovery obligations—including depositions—based on pending motions (e.g., summary judgment or Rule 60(b)).
3. **No Waiver of Plaintiff Rights:** Plaintiffs reserve all rights to serve supplemental discovery in response to late disclosures, and Defendants shall waive objections based on timing if such responses are necessitated by delayed production.
4. **Rolling Production Deadline:** Defendants must begin rolling production of all documents currently in their possession or control **no later than May 14, 2025**. This includes all records not contingent on witness availability.

We understand that logistical challenges can arise in contacting former SHRA employees. However, that consideration does not extend to materials maintained in the regular course of business, records mandated by federal regulation, or responses from current SHRA personnel. Those materials and individuals should be immediately accessible, and no further delay is justified.

To the extent your extension request is based on difficulty locating former employees, Plaintiffs request immediate clarification of which SHRA personnel are currently available. Specifically, we request confirmation as to whether **MaryLiz Paulson** remains employed. Ms. Paulson is the signatory to all of the reasonable accommodation denial letters at issue. If she remains employed, full responses to discovery directed to Ms. Paulson must be produced immediately. Her role is central to SHRA's internal decision-making, and both her testimony and documentation are essential to Plaintiffs' core claims.

In addition, Plaintiffs request immediate production of the following categories of non-contingent records:

- All **readily accessible electronic records**, including internal emails, database logs, voucher processing entries, and metadata for denial letters (e.g., the April 3, 2023 letter referenced in Exhibit 1);

- The **complete administrative record** related to Plaintiffs' voucher and reasonable accommodation requests;
- **HUD-mandated documents**, including but not limited to:
  - HUD Form 50058s and certification materials;
  - HAP payment logs and disbursement records;
  - Annual recertification documentation;
  - All materials required to be retained under **24 C.F.R. § 982.158**;
- Documentation regarding the **Reasonable Accommodation Compliance Committee (RACC)**, including:
  - Member rosters;
  - Meeting minutes;
  - Voting records;
  - Internal guidance or procedural documents;
- A copy of SHRA's **current organizational chart** indicating who currently occupies roles relevant to Plaintiffs' discovery;
- A **witness availability calendar** listing dates within the next 30–45 days for depositions of SHRA staff.

If Defendants claim that any necessary personnel are unavailable, Plaintiffs request that SHRA immediately designate appropriate **corporate representatives under Federal Rule of Civil Procedure 30(b)(6)** to testify regarding:

- SHRA's reasonable accommodation policies and practices;
- Failures related to hearing scheduling and completion (e.g., April 20 and June 2, 2023);
- SHRA's knowledge of Plaintiffs' relocation to 1100 Howe and continued HAP payments to the Empress Street landlord.

These materials and witnesses are directly relevant to Plaintiffs' pending Rule 60(b) motion (Dkt. 101) and to claims that the reasonable accommodation process employed by SHRA was pretextual and in violation of both federal regulations and HUD standards.

If Defendants fail to comply with the rolling production deadline or any of the conditions above, Plaintiffs will seek appropriate relief under **Federal Rule of Civil Procedure 37**, including attorney's fees and, if warranted, an adverse inference instruction regarding spoliation or concealment of material evidence.

Please confirm whether Defendants agree to the terms outlined above, and whether rolling production will begin immediately.

David

On Wed, May 7, 2025 at 12:15 PM Castillo, Monica <Monica.Castillo@wilsonelser.com> wrote:

> Mr. Samuel:

In order to respond to all the discovery you have propounded to date, it is necessary to speak with many people, including some who are no longer with SHRA and difficult to locate.

Thus, we would like an extension for all discovery responses, to be due on May 30, 2025.

Please advise if agreeable.

Thank you,

Monica Castillo
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
655 Montgomery St., Ste. 900
San Francisco, CA 94111
415.625.9372 (Direct)
415.433.0990 (Main)
monica.castillo@wilsonelser.com

---

**From:** David Samuel <davidsa@possiblymaybe.com>
**Sent:** Monday, May 5, 2025 10:42 AM
**To:** Castillo, Monica <Monica.Castillo@wilsonelser.com>
**Subject:** Re: Roberts v. SHRA; our file 21727.00057

**EXTERNAL EMAIL** This email originated from outside the organization.

Counsel:

We are amenable to a one-week extension for Defendants' responses to the First Request for Production, with responses due by **May 12, 2025**, subject to the following conditions:

1. Plaintiffs do not waive any objections regarding the substance, completeness, or timing of Defendants' responses, including the right to move to compel if responses are inadequate or incomplete.
2. Plaintiffs expressly preserve all rights under Rule 37 given Defendants' letter stating an intent to withhold discovery until after resolution of the summary judgment motion. To date, Defendants have produced no discovery of any kind.
3. Plaintiffs agree to this extension in good faith, but we are concerned about ongoing delay. We request that Defendants confirm they will not oppose a proportional extension to the discovery cutoff, should one be needed as a result of this or similar delays.

Please confirm that this understanding is acceptable.

David

On Mon, May 5, 2025 at 9:42 AM Castillo, Monica <Monica.Castillo@wilsonelser.com> wrote:

> Mr. Roberts and Ms. Samuel:
>
> As you know, our responses to your First Request for Production are due today.
>
> We are requesting a one-week extension, for responses to be due by May 12, 2025.
>
> Please advise if you are amenable to the extension.
>
> Thank you,
>
> Monica Castillo
> Attorney at Law
> Wilson Elser Moskowitz Edelman & Dicker LLP
> 655 Montgomery St., Ste. 900
> San Francisco, CA 94111
> 415.625.9372 (Direct)
> 415.433.0990 (Main)
> monica.castillo@wilsonelser.com
>
> IMPORTANT NOTICE: Beware of Cyber Fraud.
> You should NEVER wire money to any bank account that Wilson Elser Moskowitz Edelman & Dicker LLP provides to you either in the body

> of this or any email or in an attachment without first speaking with the attorney in our office who is handling your transaction.
> Further, DO NOT accept emailed wire instructions from anyone else without voice verification. Even if an email looks like it has come from this office or someone involved in your transaction,
> CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE to verify the information before wiring any money.
> Failure to do so is at your own risk.
> Be particularly wary of any request to change wire instructions you have already received.
>
> CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system.
>
> For further information about Wilson, Elser, Moskowitz, Edelman & Dicker LLP, please see our website at www.wilsonelser.com or refer to any of our offices.
>
> Thank you.

IMPORTANT NOTICE: Beware of Cyber Fraud.
You should NEVER wire money to any bank account that Wilson Elser Moskowitz Edelman & Dicker LLP provides to you either in the body of this or any email or in an attachment without first speaking with the attorney in our office who is handling your transaction.
Further, DO NOT accept emailed wire instructions from anyone else without voice verification. Even if an email looks like it has come from this office or someone involved in your transaction,
CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE to verify the information before wiring any money.
Failure to do so is at your own risk.
Be particularly wary of any request to change wire instructions you have already received.

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman & Dicker LLP, please see our website at www.wilsonelser.com or refer to any of our offices.

Thank you.

# EXHIBIT G

**Touson, Geraldine**

| | |
|---|---|
| **From:** | Castillo, Monica |
| **Sent:** | Wednesday, May 7, 2025 3:20 PM |
| **To:** | David Samuel |
| **Cc:** | Castillo, Monica; Mistry, Chandni; Carinio, Jasmine |
| **Subject:** | RE: Roberts v. SHRA; our file 21727.00057; extension for all discovery responses |

Mr. Samuel,

Thank you for your prompt response. We want to assure you that we are working diligently with SHRA to provide information responsive to the 25 sets of discovery you have served on Defendants. However, it is taking us a great deal of time to work through these due to the number of requests and level of detail you are asking us of us. Additionally, SHRA is a government entity with its own processes for handling such requests, in addition to operating only four days a week, which puts further constraints on our ability to provide these responses to you by the date you are requesting. We are working as quickly as is feasible to provide you with the information you are seeking. We make this request for an extension because we want to participate in this discovery process in good faith and hope that you will similarly, in good faith, grant an extension.

Regarding your conditions outlined in your below email, we respond as follows:

1) We can agree to extend the current discovery cutoff by 30 days to account for the extension we have asked for (i.e., Defendants responses to all Plaintiff's requests due on 5/30/25).
2) We are not asserting, and will not assert, a stay or other limitations on discovery obligations based on any currently pending motions.
3) Regarding your request regarding your right to serve supplemental discovery, we don't entirely understand what you are proposing. To the extent that you require additional time to serve supplemental discovery, please see item 1 where we propose an extension to the discovery cutoff. This should allow you the additional time you are seeking.
4) We cannot agree to a rolling production deadline of 5/14/25 and have explained the reasons we are seeking this extension above. We can informally agree to provide you with the discovery responses as we complete them, but anticipate we will have them ready by 5/30/25 – hence the need for the extension.

You have made an additional demand for documents in your email, which is not appropriate for the subject of this meet and confer regarding the requests that were already served. If you were to serve these per code today, we would have 30 days to respond and our responses would be due on 6/6/25. While these documents were not included in any of your requests for production of documents served on Defendants, if you are willing to grant the extension of all discovery responses to 5/30/25, we will treat this as Plaintiff's Requests for Production of Documents to SHRA, Set Three and will provide responses by 5/30/25. We are hopeful this will continue to demonstrate our good faith efforts to provide the information you are seeking.

Regarding your demand to designate "corporate representatives . . . to testify"-- this is not an appropriate condition of the current meet and confer regarding responses to discovery requests. Should you wish to depose a representative of SHRA, please do so using the appropriate procedure.

**Please advise if you agree to extend the deadline for all discovery responses to 5/30/25. We will in turn treat the additional requests you have included in your email as your third set of requests for production of documents and unilaterally shorten the deadline for those responses to 5/30/25. Additionally, we will agree to extend the discovery cutoff by 30 days.**

We are hopeful that we will be able to resolve this to allow us to provide as complete responses as possible to your discovery requests. We are willing to extend the same courtesy to you, should you have a reciprocal meet and confer request.

Thank you,

Monica Castillo
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
655 Montgomery St., Ste. 900
San Francisco, CA 94111
415.625.9372 (Direct)
415.433.0990 (Main)
monica.castillo@wilsonelser.com

---

**From:** David Samuel <davidsa@possiblymaybe.com>
**Sent:** Wednesday, May 7, 2025 1:13 PM
**To:** Castillo, Monica <Monica.Castillo@wilsonelser.com>
**Subject:** Re: Roberts v. SHRA; our file 21727.00057; extension for all discovery responses

**EXTERNAL EMAIL** This email originated from outside the organization.

Counsel:

We acknowledge your May 7 request for an extension to May 30, 2025, to respond to Plaintiffs' outstanding discovery. Plaintiffs are willing to consider a reasonable extension **provided** that the following conditions are met:

1. **Reciprocal Extension and Stipulated Discovery Deadline Adjustment:** Defendants must stipulate to extend the overall discovery period by 23 days (matching the requested delay), and expressly agree to waive any objection to this adjustment.
2. **No Stay or Deferral Asserted:** Defendants must confirm in writing that they are not asserting, and will not assert, any stay or limitation on discovery obligations—including depositions—based on pending motions (e.g., summary judgment or Rule 60(b)).
3. **No Waiver of Plaintiff Rights:** Plaintiffs reserve all rights to serve supplemental discovery in response to late disclosures, and Defendants shall waive objections based on timing if such responses are necessitated by delayed production.
4. **Rolling Production Deadline:** Defendants must begin rolling production of all documents currently in their possession or control **no later than May 14, 2025**. This includes all records not contingent on witness availability.

We understand that logistical challenges can arise in contacting former SHRA employees. However, that consideration does not extend to materials maintained in the regular course of business, records mandated by federal regulation, or responses from current SHRA personnel. Those materials and individuals should be immediately accessible, and no further delay is justified.

To the extent your extension request is based on difficulty locating former employees, Plaintiffs request immediate clarification of which SHRA personnel are currently available. Specifically, we request

confirmation as to whether **MaryLiz Paulson** remains employed. Ms. Paulson is the signatory to all of the reasonable accommodation denial letters at issue. If she remains employed, full responses to discovery directed to Ms. Paulson must be produced immediately. Her role is central to SHRA's internal decision-making, and both her testimony and documentation are essential to Plaintiffs' core claims.

In addition, Plaintiffs request immediate production of the following categories of non-contingent records:

- All **readily accessible electronic records**, including internal emails, database logs, voucher processing entries, and metadata for denial letters (e.g., the April 3, 2023 letter referenced in Exhibit 1);
- The **complete administrative record** related to Plaintiffs' voucher and reasonable accommodation requests;
- **HUD-mandated documents**, including but not limited to:
    - HUD Form 50058s and certification materials;
    - HAP payment logs and disbursement records;
    - Annual recertification documentation;
    - All materials required to be retained under **24 C.F.R. § 982.158**;
- Documentation regarding the **Reasonable Accommodation Compliance Committee (RACC)**, including:
    - Member rosters;
    - Meeting minutes;
    - Voting records;
    - Internal guidance or procedural documents;
- A copy of SHRA's **current organizational chart** indicating who currently occupies roles relevant to Plaintiffs' discovery;
- A **witness availability calendar** listing dates within the next 30–45 days for depositions of SHRA staff.

If Defendants claim that any necessary personnel are unavailable, Plaintiffs request that SHRA immediately designate appropriate **corporate representatives under Federal Rule of Civil Procedure 30(b)(6)** to testify regarding:

- SHRA's reasonable accommodation policies and practices;
- Failures related to hearing scheduling and completion (e.g., April 20 and June 2, 2023);
- SHRA's knowledge of Plaintiffs' relocation to 1100 Howe and continued HAP payments to the Empress Street landlord.

These materials and witnesses are directly relevant to Plaintiffs' pending Rule 60(b) motion (Dkt. 101) and to claims that the reasonable accommodation process employed by SHRA was pretextual and in violation of both federal regulations and HUD standards.

If Defendants fail to comply with the rolling production deadline or any of the conditions above, Plaintiffs will seek appropriate relief under **Federal Rule of Civil Procedure 37**, including attorney's fees and, if warranted, an adverse inference instruction regarding spoliation or concealment of material evidence.

Please confirm whether Defendants agree to the terms outlined above, and whether rolling production will begin immediately.

David

On Wed, May 7, 2025 at 12:15 PM Castillo, Monica <Monica.Castillo@wilsonelser.com> wrote:

Mr. Samuel:

In order to respond to all the discovery you have propounded to date, it is necessary to speak with many people, including some who are no longer with SHRA and difficult to locate.

Thus, we would like an extension for all discovery responses, to be due on May 30, 2025.

Please advise if agreeable.

Thank you,

Monica Castillo
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
655 Montgomery St., Ste. 900
San Francisco, CA 94111
415.625.9372 (Direct)
415.433.0990 (Main)
monica.castillo@wilsonelser.com

---

**From:** David Samuel <davidsa@possiblymaybe.com>
**Sent:** Monday, May 5, 2025 10:42 AM
**To:** Castillo, Monica <Monica.Castillo@wilsonelser.com>
**Subject:** Re: Roberts v. SHRA; our file 21727.00057

**EXTERNAL EMAIL** This email originated from outside the organization.

Counsel:

We are amenable to a one-week extension for Defendants' responses to the First Request for Production, with responses due by **May 12, 2025**, subject to the following conditions:

1. Plaintiffs do not waive any objections regarding the substance, completeness, or timing of Defendants' responses, including the right to move to compel if responses are inadequate or incomplete.
2. Plaintiffs expressly preserve all rights under Rule 37 given Defendants' letter stating an intent to withhold discovery until after resolution of the summary judgment motion. To date, Defendants have produced no discovery of any kind.
3. Plaintiffs agree to this extension in good faith, but we are concerned about ongoing delay. We request that Defendants confirm they will not oppose a proportional extension to the discovery cutoff, should one be needed as a result of this or similar delays.

Please confirm that this understanding is acceptable.

David

On Mon, May 5, 2025 at 9:42 AM Castillo, Monica <Monica.Castillo@wilsonelser.com> wrote:

> Mr. Roberts and Ms. Samuel:
>
> As you know, our responses to your First Request for Production are due today.
>
> We are requesting a one-week extension, for responses to be due by May 12, 2025.
>
> Please advise if you are amenable to the extension.
>
> Thank you,
>
> Monica Castillo
> Attorney at Law
> Wilson Elser Moskowitz Edelman & Dicker LLP

655 Montgomery St., Ste. 900
San Francisco, CA 94111
415.625.9372 (Direct)
415.433.0990 (Main)
monica.castillo@wilsonelser.com

IMPORTANT NOTICE: Beware of Cyber Fraud.
You should NEVER wire money to any bank account that Wilson Elser Moskowitz Edelman & Dicker LLP provides to you either in the body of this or any email or in an attachment without first speaking with the attorney in our office who is handling your transaction. Further, DO NOT accept emailed wire instructions from anyone else without voice verification. Even if an email looks like it has come from this office or someone involved in your transaction,
CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE to verify the information before wiring any money.
Failure to do so is at your own risk.
Be particularly wary of any request to change wire instructions you have already received.

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman & Dicker LLP, please see our website at www.wilsonelser.com or refer to any of our offices.

Thank you.

IMPORTANT NOTICE: Beware of Cyber Fraud.
You should NEVER wire money to any bank account that Wilson Elser Moskowitz Edelman & Dicker LLP provides to you either in the body of this or any email or in an attachment without first speaking with the attorney in our office who is handling your transaction. Further, DO NOT accept emailed wire instructions from anyone else without voice verification. Even if an email looks like it has come from this office or someone involved in your transaction,
CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE to verify the information before wiring any money.
Failure to do so is at your own risk.
Be particularly wary of any request to change wire instructions you have already received.

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not

the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman & Dicker LLP, please see our website at www.wilsonelser.com or refer to any of our offices.

Thank you.

# EXHIBIT H

**Touson, Geraldine**

| | |
|---|---|
| **From:** | David Samuel <davidsa@possiblymaybe.com> |
| **Sent:** | Wednesday, May 7, 2025 4:12 PM |
| **To:** | Castillo, Monica; Maddy, David and Artemis Samuel; Barbara McGarvey |
| **Subject:** | Re: Roberts v. SHRA; our file 21727.00057; extension for all discovery responses |

**EXTERNAL EMAIL** This email originated from outside the organization.

Counsel,

I understand the logistical difficulty of working with SHRA, it's a challenge we've faced for years. That said, Defendants have a pending summary judgment motion and we are being forced to defend it while key discovery remains unproduced.

We expect full compliance with the Federal Rules of Civil Procedure and with SHRA's obligations under HUD regulations, including timely production of administrative records, payment logs, and communications that are required to be retained under 24 C.F.R. § 982.158. If these materials are not produced promptly, we will seek appropriate relief under Rule 37.

Best,
David

On Wed, May 7, 2025 at 3:20 PM Castillo, Monica <Monica.Castillo@wilsonelser.com> wrote:

> Mr. Samuel,
>
> Thank you for your prompt response. We want to assure you that we are working diligently with SHRA to provide information responsive to the 25 sets of discovery you have served on Defendants. However, it is taking us a great deal of time to work through these due to the number of requests and level of detail you are asking us of us. Additionally, SHRA is a government entity with its own processes for handling such requests, in addition to operating only four days a week, which puts further constraints on our ability to provide these responses to you by the date you are requesting. We are working as quickly as is feasible to provide you with the information you are seeking. We make this request for an extension because we want to participate in this discovery process in good faith and hope that you will similarly, in good faith, grant an extension.
>
> Regarding your conditions outlined in your below email, we respond as follows:
>
> 1. We can agree to extend the current discovery cutoff by 30 days to account for the extension we have asked for (i.e., Defendants responses to all Plaintiff's requests due on 5/30/25).
> 2. We are not asserting, and will not assert, a stay or other limitations on discovery obligations based on any currently pending motions.

3. Regarding your request regarding your right to serve supplemental discovery, we don't entirely understand what you are proposing. To the extent that you require additional time to serve supplemental discovery, please see item 1 where we propose an extension to the discovery cutoff. This should allow you the additional time you are seeking.
4. We cannot agree to a rolling production deadline of 5/14/25 and have explained the reasons we are seeking this extension above. We can informally agree to provide you with the discovery responses as we complete them, but anticipate we will have them ready by 5/30/25 – hence the need for the extension.

You have made an additional demand for documents in your email, which is not appropriate for the subject of this meet and confer regarding the requests that were already served. If you were to serve these per code today, we would have 30 days to respond and our responses would be due on 6/6/25. While these documents were not included in any of your requests for production of documents served on Defendants, if you are willing to grant the extension of all discovery responses to 5/30/25, we will treat this as Plaintiff's Requests for Production of Documents to SHRA, Set Three and will provide responses by 5/30/25. We are hopeful this will continue to demonstrate our good faith efforts to provide the information you are seeking.

Regarding your demand to designate "corporate representatives . . . to testify"-- this is not an appropriate condition of the current meet and confer regarding responses to discovery requests. Should you wish to depose a representative of SHRA, please do so using the appropriate procedure.

**Please advise if you agree to extend the deadline for all discovery responses to 5/30/25. We will in turn treat the additional requests you have included in your email as your third set of requests for production of documents and unilaterally shorten the deadline for those responses to 5/30/25. Additionally, we will agree to extend the discovery cutoff by 30 days.**

We are hopeful that we will be able to resolve this to allow us to provide as complete responses as possible to your discovery requests. We are willing to extend the same courtesy to you, should you have a reciprocal meet and confer request.

Thank you,

Monica Castillo
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
655 Montgomery St., Ste. 900
San Francisco, CA 94111
415.625.9372 (Direct)
415.433.0990 (Main)
monica.castillo@wilsonelser.com

**From:** David Samuel <davidsa@possiblymaybe.com>
**Sent:** Wednesday, May 7, 2025 1:13 PM
**To:** Castillo, Monica <Monica.Castillo@wilsonelser.com>
**Subject:** Re: Roberts v. SHRA; our file 21727.00057; extension for all discovery responses

**EXTERNAL EMAIL** This email originated from outside the organization.

Counsel:

We acknowledge your May 7 request for an extension to May 30, 2025, to respond to Plaintiffs' outstanding discovery. Plaintiffs are willing to consider a reasonable extension **provided** that the following conditions are met:

1. **Reciprocal Extension and Stipulated Discovery Deadline Adjustment:** Defendants must stipulate to extend the overall discovery period by 23 days (matching the requested delay), and expressly agree to waive any objection to this adjustment.
2. **No Stay or Deferral Asserted:** Defendants must confirm in writing that they are not asserting, and will not assert, any stay or limitation on discovery obligations—including depositions—based on pending motions (e.g., summary judgment or Rule 60(b)).
3. **No Waiver of Plaintiff Rights:** Plaintiffs reserve all rights to serve supplemental discovery in response to late disclosures, and Defendants shall waive objections based on timing if such responses are necessitated by delayed production.
4. **Rolling Production Deadline:** Defendants must begin rolling production of all documents currently in their possession or control **no later than May 14, 2025**. This includes all records not contingent on witness availability.

We understand that logistical challenges can arise in contacting former SHRA employees. However, that consideration does not extend to materials maintained in the regular course of business, records mandated by federal regulation, or responses from current SHRA personnel. Those materials and individuals should be immediately accessible, and no further delay is justified.

To the extent your extension request is based on difficulty locating former employees, Plaintiffs request immediate clarification of which SHRA personnel are currently available. Specifically, we request confirmation as to whether **MaryLiz Paulson** remains employed. Ms. Paulson is the signatory to all of the reasonable accommodation denial letters at issue. If she remains employed, full responses to discovery directed to Ms. Paulson must be produced immediately. Her role is central to SHRA's internal decision-making, and both her testimony and documentation are essential to Plaintiffs' core claims.

In addition, Plaintiffs request immediate production of the following categories of non-contingent records:

- All **readily accessible electronic records**, including internal emails, database logs, voucher processing entries, and metadata for denial letters (e.g., the April 3, 2023 letter referenced in Exhibit 1);
- The **complete administrative record** related to Plaintiffs' voucher and reasonable accommodation requests;
- **HUD-mandated documents**, including but not limited to:
  - HUD Form 50058s and certification materials;
  - HAP payment logs and disbursement records;
  - Annual recertification documentation;
  - All materials required to be retained under **24 C.F.R. § 982.158**;
- Documentation regarding the **Reasonable Accommodation Compliance Committee (RACC)**, including:
  - Member rosters;
  - Meeting minutes;
  - Voting records;
  - Internal guidance or procedural documents;
- A copy of SHRA's **current organizational chart** indicating who currently occupies roles relevant to Plaintiffs' discovery;
- A **witness availability calendar** listing dates within the next 30–45 days for depositions of SHRA staff.

If Defendants claim that any necessary personnel are unavailable, Plaintiffs request that SHRA immediately designate appropriate **corporate representatives under Federal Rule of Civil Procedure 30(b)(6)** to testify regarding:

- SHRA's reasonable accommodation policies and practices;
- Failures related to hearing scheduling and completion (e.g., April 20 and June 2, 2023);
- SHRA's knowledge of Plaintiffs' relocation to 1100 Howe and continued HAP payments to the Empress Street landlord.

These materials and witnesses are directly relevant to Plaintiffs' pending Rule 60(b) motion (Dkt. 101) and to claims that the reasonable accommodation process employed by SHRA was pretextual and in violation of both federal regulations and HUD standards.

If Defendants fail to comply with the rolling production deadline or any of the conditions above, Plaintiffs will seek appropriate relief under **Federal Rule of Civil Procedure 37**, including attorney's fees and, if warranted, an adverse inference instruction regarding spoliation or concealment of material evidence.

Please confirm whether Defendants agree to the terms outlined above, and whether rolling production will begin immediately.

David

On Wed, May 7, 2025 at 12:15 PM Castillo, Monica <Monica.Castillo@wilsonelser.com> wrote:

Mr. Samuel:

In order to respond to all the discovery you have propounded to date, it is necessary to speak with many people, including some who are no longer with SHRA and difficult to locate.

Thus, we would like an extension for all discovery responses, to be due on May 30, 2025.

Please advise if agreeable.

Thank you,

Monica Castillo
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
655 Montgomery St., Ste. 900
San Francisco, CA 94111
415.625.9372 (Direct)
415.433.0990 (Main)
monica.castillo@wilsonelser.com

---

**From:** David Samuel <davidsa@possiblymaybe.com>
**Sent:** Monday, May 5, 2025 10:42 AM
**To:** Castillo, Monica <Monica.Castillo@wilsonelser.com>
**Subject:** Re: Roberts v. SHRA; our file 21727.00057

**EXTERNAL EMAIL** This email originated from outside the organization.

Counsel:

We are amenable to a one-week extension for Defendants' responses to the First Request for Production, with responses due by **May 12, 2025**, subject to the following conditions:

1. Plaintiffs do not waive any objections regarding the substance, completeness, or timing of Defendants' responses, including the right to move to compel if responses are inadequate or incomplete.
2. Plaintiffs expressly preserve all rights under Rule 37 given Defendants' letter stating an intent to withhold discovery until after resolution of the summary judgment motion. To date, Defendants have produced no discovery of any kind.
3. Plaintiffs agree to this extension in good faith, but we are concerned about ongoing delay. We request that Defendants confirm they will not oppose a proportional extension to the discovery cutoff, should one be needed as a result of this or similar delays.

Please confirm that this understanding is acceptable.

David

On Mon, May 5, 2025 at 9:42 AM Castillo, Monica <Monica.Castillo@wilsonelser.com> wrote:

Mr. Roberts and Ms. Samuel:

As you know, our responses to your First Request for Production are due today.

We are requesting a one-week extension, for responses to be due by May 12, 2025.

Please advise if you are amenable to the extension.

Thank you,

Monica Castillo
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
655 Montgomery St., Ste. 900
San Francisco, CA 94111
415.625.9372 (Direct)
415.433.0990 (Main)
monica.castillo@wilsonelser.com

IMPORTANT NOTICE: Beware of Cyber Fraud.
You should NEVER wire money to any bank account that Wilson Elser Moskowitz Edelman & Dicker LLP provides to you either in the body of this or any email or in an attachment without first speaking with the attorney in our office who is handling your transaction. Further, DO NOT accept emailed wire instructions from anyone else without voice verification. Even if an email looks like it has come from this office or someone involved in your transaction,
CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE to verify the information before wiring any money.
Failure to do so is at your own risk.
Be particularly wary of any request to change wire instructions you have already received.

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman & Dicker LLP, please see our website at www.wilsonelser.com or refer to any of our offices.

Thank you.

IMPORTANT NOTICE: Beware of Cyber Fraud.
You should NEVER wire money to any bank account that Wilson Elser Moskowitz Edelman & Dicker LLP provides to you either in the body of this or any email or in an attachment without first speaking with the attorney in our office who is handling your transaction. Further, DO NOT accept emailed wire instructions from anyone else without voice verification. Even if an email looks like it has come from this office or someone involved in your transaction,
CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE to verify the information before wiring any money.
Failure to do so is at your own risk.
Be particularly wary of any request to change wire instructions you have already received.

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman & Dicker LLP, please see our website at www.wilsonelser.com or refer to any of our offices.

Thank you.

IMPORTANT NOTICE: Beware of Cyber Fraud.
You should NEVER wire money to any bank account that Wilson Elser Moskowitz Edelman & Dicker LLP provides to you either in the body of this or any email or in an attachment without first speaking with the attorney in our office who is handling your transaction.
Further, DO NOT accept emailed wire instructions from anyone else without voice verification. Even if an email looks like it has come from this office or someone involved in your transaction,
CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE to verify the information before wiring any money.
Failure to do so is at your own risk.
Be particularly wary of any request to change wire instructions you have already received.

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman & Dicker LLP, please see our website at www.wilsonelser.com or refer to any of our offices.

Thank you.

# EXHIBIT I

**David Samuel**
**Sydney Roberts**
108 Rinetti Way
Rio Linda, CA 95673
home@possiblymaybe.com
(512) 522-8571

04/08/2025

**Edward P. Garson, Esq.**
**Monica Castillo, Esq.**
Wilson Elser Moskowitz Edelman & Dicker LLP
655 Montgomery Street, Suite 900
San Francisco, CA 94111

**Re: Samuel & Roberts v. Sacramento Housing and Redevelopment Agency**
**Case No. 2-22-cv-01699 (E.D. Cal.)**

Dear Mr. Garson and Ms. Castillo:

Pursuant to ongoing discovery in the above-captioned matter, Plaintiffs respectfully request that Defendant Sacramento Housing and Redevelopment Agency (SHRA) provide the following information:

1. **The names, job titles, and current positions of all individuals who have served as members of SHRA's Reasonable Accommodation Compliance Committee (RACC)** from 2019 to the present. This request relates to the identification of DOE defendants involved in the evaluation and decision-making regarding Plaintiffs' reasonable accommodation requests.

2. **The names and business contact information for all third-party companies, consultants, contractors, or internal departments that have provided rental market analysis** or contributed to SHRA's rent reasonableness determinations since January 1, 2020. This includes any tools, reports, or software used to assess rent comparability or set subsidy limits.

3. **The names, job titles, and employment or contractor status of all housing inspectors** who have been employed by or contracted with SHRA from January 1, 2020, to the present. This includes inspectors responsible for Housing Quality Standards (HQS) inspections, special inspections, or any inspections associated with the Housing Choice Voucher program.

4. **The names, job titles, and responsibilities of all individuals or departments responsible for developing, updating, or maintaining SHRA's inventory of accessible housing units for individuals with disabilities**, including any obligations to track, promote, or coordinate placement in accessible units as outlined in HUD regulations.

Please provide the requested information within fourteen (14) days of the date of this letter. If additional time is needed, kindly provide a proposed response date. If any part of this information is being withheld under a claim of privilege, please state the basis of the claim and provide a corresponding privilege log.

Thank you for your continued cooperation.

Sincerely,
**David Samuel**
**Sydney Roberts**
Plaintiffs, Pro Se

# EXHIBIT J

David Samuel
Sydney Roberts
108 Rinetti Way
Rio Linda, CA 95673
(512) 522-8571
davidsa@possiblymaybe.com

April 16, 2025

Monica Castillo, Esq.
Edward Garson, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
655 Montgomery Street, Suite 900
San Francisco, CA 94111

RE: Request for Identification of SHRA Rule 30(b)(6) Designees

Dear Counsel,

Pursuant to the Federal Rules of Civil Procedure and in anticipation of a formal Rule 30(b)(6) deposition notice, Plaintiffs request that Defendants identify the individual(s) most knowledgeable concerning the following subject areas within SHRA's operations during the period of 2020–2024. Plaintiffs reserve the right to issue a formal deposition notice following identification of designees and their availability.

1. Voucher Processing and Approval Timelines:

- Average time to approve RFTAs
- Factors affecting delay or denial
- Differences by unit size or requesting party

2. Geographic and Demographic Distribution of Voucher Outcomes:

- Approval rates by zip code
- Use of zip code-level racial or income data in approval decisions
- Any internal review or policy tied to zip code trends or geographic clustering

3. Use of Market Analysis and Private Contractors:

- Identification of any vendors used for market comparisons or payment standard setting
- Instances where market data was used to override or avoid HUD Fair Market Rent thresholds
- Policies or criteria SHRA follows when using local vs. federal payment metrics

4. Reasonable Accommodation Process and Outcomes:

- Workflow from receipt to resolution of RA requests
- Role of individual SHRA employees vs. committee review
- Number of accommodations granted/denied by disability category
- Criteria used to deny RA requests, including 'nexus' requirements

5. COVID-Era Lobby and Service Closures:

- Timeline for reopening physical lobby services
- Internal discussions or decisions that extended closure beyond county/federal guidance
- Use of CARES Act or other COVID-related funding during this period

6. Phone System Logs and Communication Access:

- Voicemail configurations and staffing for the RA phone line
- Any logs, reports, or audits of call volume or wait times
- Identity of staff responsible for voicemail content and configuration (especially before Sept. 2022)

7. Internal Training & Policy Updates:

- Staff training on ADA, FHA, Section 504 compliance
- Frequency and content of such trainings

8. Data Collection and Retention Practices:

- Systems used to track RA requests, voucher movement, denials, or overrides
- Reports or audits conducted internally or by HUD related to these areas

Please respond within 10 days identifying the appropriate designee(s) for each topic and their availability for deposition. If you contend that no witness can testify to a particular topic, please state so expressly and explain the basis for such a position.

Sincerely,

David Samuel
Sydney Roberts

NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)
EDWARD P. GARSON (SBN 96786)
MONICA CASTILLO (SBN 146154)
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990

UNITED STATES DISTRICT COURT
**EASTERN** DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sydney Brooke Roberts,<br>David Samuel,<br>A.I.M.S.,<br>D.A.Y.S., PLAINTIFF(S),<br>v.<br>Sacramento Housing and Redevelopment Agency, et. al,<br>DEFENDANT(S). | CASE NUMBER<br>2:22-cv-01699-DJC AC<br><br>PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Sacramento, State of California, and not a party to the above-entitled cause. On April 16, 20 25, I served a true copy of Request for Identification of SHRA Rule 30(b)(6) Designees by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served. Attach additional pages if necessary.)

Place of Mailing: 3350 Arapaho Way, Antelope, CA 95843
Executed on April 16, 20 25 at Sacramento, California

Please check one of these boxes if service is made by mail:

☐ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

☐ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

☒ I hereby certify under the penalty of perjury that the foregoing is true and correct.

Barbara McGarvey
*Signature of Person Making Service*

ACKNOWLEDGEMENT OF SERVICE

I, ____________________, received a true copy of the within document on ____________.

*Signature* *Party Served*

# EXHIBIT K

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA C. CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
CHANDNI B. MISTRY (SBN 354088)
Chandni.Mistry@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

Plaintiffs,

v.

SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,

Defendants.

No.: 2:22-cv-01699 TLN AC PS

**DEFENDANT' SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY'S RESPONSE TO PLAINTIFFS' REVEAL DOES DEMAND (i.e., INTERROGATORIES, SET ONE)**

Honorable Allison Claire

PROPOUNDING PARTY: Plaintiffs SYDNEY BROOK ROBERTS and DAVID TYRONE SAMUEL

RESPONDING PARTY: Defendant SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY

SET NO.: One (1)

//

//

Defendant SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY (hereinafter "SHRA") responds to Plaintiffs SYDNEY BROOK ROBERTS and DAVID TYRONE SAMUEL's Reveal DOES Demand (i.e., Interrogatories, Set One), as follows:

**PRELIMINARY STATEMENT**

These responses and objections are based upon responding party's diligent and best efforts to respond to these discovery requests based upon the investigation carried out to date with respect to facts relevant to this litigation. There may exist further information responsive to these discovery requests which is not within responding party's present knowledge or reasonably available to responding party. There may be information relating to the subject matter of this discovery which responding party has not located, identified, or reviewed, despite its best efforts to do so. There may exist persons with knowledge relating to the subject matter of these discovery requests of whom responding party is not presently aware, whom it has not interviewed, or who have not been deposed. Accordingly, these responses and objections are based solely upon facts and information presently known to responding party, and these responses and objections do not constitute an admission or representation that additional facts, documents, or witnesses with knowledge relevant to the subject matter of this litigation do not exist.

In the course of this litigation, responding party may discovery additional facts witnesses, or documents relevant to its discovery responses and objections set forth herein. Without any manner obligating itself to do so, responding party reserves the right to alter, supplement, amend or otherwise modify these responses at any time.

**GENERAL OBJECTIONS AND RESERVATIONS**

Each response and objection provided by responding party in response to propounding party's discovery requests herein is subject to the following General Objections and Reservations, which are incorporated into each of the responses set forth hereinafter:

1. Responding Party objects to Propounding Party's discovery requests to the extent they call for information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges, including documents prepared

in anticipation of litigation. Such information will not be provided.

2. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses containing privileged, proprietary and/or confidential business information or trade secrets. Such information will not be provided.

3. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses or information violative of any constitutional, statutory or common law privacy rights of Responding Party, any current or former employee of Responding Party, or any other persons. Such information will not be provided.

4. Responding Party objects to Propounding Party's discovery requests on the bases that they are not reasonably limited in time, are overboard, vague, ambiguous and unintelligible.

5. Responding Party objects to Propounding Party's discovery requests to the extent they seek information or documents already in the possession, custody or control of Propounding Party, or are as easily accessible to Propounding Party as to Responding Party.

6. Responding Party objects to Propounding Party's discovery requests on the basis that they are violative of Federal Rules of Civil Procedure, Rule 33.

7. As used herein, all objections as to relevancy shall mean that the information requested is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

8. Nothing herein shall be construed as an admission by responding party as respects the admissibility or relevance of any fact or document.

9. Pursuant to Federal Rule of Civil Procedure, Rule 26(e), Defendants fully reserve the right to amend, supplement, or otherwise modify these disclosures should different, contrary, or additional information become available.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1

The names, job titles, and current positions of all individuals who have served as members of SHRA's Reasonable Accommodation Compliance Committee (RACC) from 2019 to the present. This request relates to the identification of DOE defendants involved in the evaluation and

decision-making regarding Plaintiff's reasonable accommodation requests.

**RESPONSE TO INTERROGATORY NO. 1**

Objection, the Interrogatory as phrased is and unduly burdensome and overly broad with respect to the time and scope of the information sought. Subject to and without waiving said objections, Responding Party responds as follows: This interrogatory would necessitate the preparation of a compilation, abstract, audit, or summary from documents. (Federal Rules of Civil Procedure, Rule 33(d).) Responding Party exercises the option under Rule 33(d) of the Federal Rules of Civil Procedure to produce writings in response to this Interrogatory. Responding Party refers Propounding Party to the Reasonable Accommodation Committee Rotation Schedule 2018-2025, which is attached as Exhibit A. In addition to the information contained in Exhibit A, Responding Party notes that every supervisor in the Housing Choice Voucher and Public Housing departments rotate their duties on the Reasonable Accommodation Compliance Committee (hereinafter "RACC"). All Supervisors and Program Managers have participated on the RACC, either currently or in the past. The RACC currently consists of three members as shown in Exhibit A, including the following:

MaryLiz Paulson, Director of the Housing Choice Voucher (hereinafter "HCV") Program;

Sarah O'Daniel, Director;

Melanie Olson, HCV Program Director;

Troy Lynch, HCV Program Director;

Ilya Prozorov, HCV Supervisor;

Nicole Le, HCV Supervisor;

Meridian Magana, HCV Supervisor;

Alena Pavlyuk, HCV Supervisor;

Jose Romero, HCV Staff Manager;

Diana Pop, Public Housing Regional Manager;

Maria Vasquez, Public Housing Regional Manager;

Robbie Folkes, Public Housing Regional Manager;

Christen Gore, Public Housing Regional Manager;

Jeana Thomas, Public Housing Regional Manager;

Any individual not listed above that appears in Exhibit A has left Sacramento Housing and Redevelopment Agency.

**INTERROGATORY NO. 2**

The names and business contact information for all third-party companies, consultants, contractors, or internal departments that have provided rental market analysis or contributed to SHRA's rent reasonableness determinations since January 1, 2020. This includes any tools, reports, or software used to access rent comparability or set subsidy limits.

**RESPONSE TO INTERROGATORY NO. 2**

Objection, the Interrogatory as phrased is vague, ambiguous, and overbroad with respect to the time and scope of the information sought, and compound. Responding Party will treat this as three separate Interrogatories, a provided by Federal Rules of Civil Procedure, Rule 33(a)(1), and identify the separate Interrogatories as Interrogatory 2a, Interrogatory 2b, and Interrogatory 2c for clarity.

**INTERROGATORY NO. 2a**

The names and business contact information for all third-party companies, consultants, contractors, or internal departments that have provided rental market analysis or contributed to SHRA's rent reasonableness determinations since January 1, 2020.

**RESPONSE TO INTERROGATORY NO. 2a**

Objection, the Interrogatory as phrased is vague, ambiguous, overbroad with respect to the time and scope of the information sought. Responding Party further objects to the term "business contact information" as vague and ambiguous. Subject to and without waiving said objections, Responding Party responds as follows:

The Nelrod Company, 3301 West Freeway, Forth Worth, Texas, 76107, (817)922-9000;

AffordableHousing.com, c/o Affordable Housing Network, LLC, 5000 T Rex Ave, Suite 150, Boca Raton, Florida 33431, (561) 416-5255.

**INTERROGATORY NO. 2b**

Any tools, reports, or software used to access rent comparability since January 1, 2020.

**RESPONSE TO INTERROGATORY NO. 2 b**

Objection, the Interrogatory as phrased is vague, ambiguous, overbroad with respect to the time and scope of the information sought. Subject to and without waiving said objections, Responding Party responds as follows:

The Nelrod Company, 3301 West Freeway, Forth Worth, Texas, 76107, (817)922-9000;

AffordableHousing.com, c/o Affordable Housing Network, LLC, 5000 T Rex Ave, Suite 150, Boca Raton, Florida 33431, (561) 416-5255.

**INTERROGATORY NO. 2c**

Any tools, reports, or software used to set subsidy limits since January 1, 2020.

**RESPONSE TO INTERROGATORY NO. 2c**

Objection, the Interrogatory as phrased is vague, ambiguous, overbroad with respect to the time and scope of the information sought. Responding Party further objects on the grounds that this information is equally available to Propounding Party. Subject to and without waiving said objections, Responding Party responds as follows:

Yardi Systems, 430 S Fairview Avenue, Santa Barbara, CA 93117, (805)699-2040.

**INTERROGATORY NO. 3**

The names, job titles, and employment or contractor status of all housing inspectors who have been employed by or contracted with SHRA from January 1, 2020, to the present. This includes inspectors responsible for Housing Quality Standards (HQS) inspections, special inspections, or any inspections associated with the Housing Choice Voucher program.

**RESPONSE TO INTERROGATORY NO. 3**

Objection, the Interrogatory as phrased is vague, ambiguous, overbroad with respect to the time and scope of the information sought, and compound. Subject to and without waiving said objections, Responding Party responds as follows: Responding Party does not have personal knowledge sufficient to respond fully to this interrogatory as it contracts with Nan McKay and Associates, Inc. to conduct all inspections and does not personally keep a log of housing inspectors employed by Nan McKay and Associates, Inc.. Responding Party is informed and believes Nan McKay and Associates, Inc., 1810 Gillespie Way, Suite 202, El Cajon, CA 92020, may have

information responsive to this interrogatory.

**INTERROGATORY NO. 4**

The names, job titles, and responsibilities of all individuals or departments responsible for developing, updating, or maintaining SHRA's inventory of accessible housing units for individuals with disabilities, including any obligations to track, promote, or coordinate placement in accessible units as outlined in HUD regulations.

**RESPONSE TO INTERROGATORY NO. 4**

Objection, the Interrogatory as phrased is vague, ambiguous, and overbroad and unduly burdensome as it seeks the identification of "all individuals or departments" without any reasonable limits on time. Subject to and without waiving said objections, Responding Party limits the time period to January 1, 2020 to the present and responds as follows: Responding Party utilized Go-Section 8 as a webservice for landlords to post their vacancies and information about the accessibility of units. This data was uploaded and maintained by landlords directly and hosted on Responding Party's website: shra.org. In April 2025, Responding Party converted this system to AffordableHousing.com, c/o Affordable Housing Network, LLC, 5000 T Rex Ave, Suite 150, Boca Raton, Florida 33431, (561) 416-5255.

Dated: May 8, 2025

**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**

By: Monica Castillo

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants
SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY,
LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLY

# EXHIBIT A

# Reasonable Accommodation Rotation Schedule

| RAC ROTATION | Program Manager/Regional | Supervisor HCV | Portfolio Manager | Regional Manager PH | |
|---|---|---|---|---|---|
| **2020** | | | | | |
| **January** | Tanya Tran | Tanya Cruz | Diana Pop | Kitina Galvan | |
| **February** | Tanya Tran | Tanya Cruz | Diana Pop | Kitina Galvan | |
| **March** | Tanya Tran | Kassie Slater | Diana Pop | Robbie Folkes | |
| **April** | Tanya Tran | Cecilia Gibson | Diana Pop | Robbie Folkes | |
| **May** | Kassie Slater | Cecilia Gibson | Diana Pop | Robbie Folkes | |
| **June** | Kassie Slater | Cecilia Gibson | Diana Pop | Robbie Folkes | |
| **July** | Kassie Slater | James Brock | Diana Pop | Robbie Folkes | |
| **August** | Kassie Slater(TT in on 8/13/2020) | James Brock | Judy Castillo | Sarah Alegria | |
| **September** | Tanya Tran | James Brock | Judy Castillo | Sarah Alegria | |
| **October** | Tanya Tran | James Brock | Judy Castillo | Sherri Spaulding | |
| **November** | Tanya Tran | James Brock | Patricia Simpson | Sarah Alegria | |
| **December** | Tanya Tran | James Brock | Patricia Simpson | Sherri Spaulding | |
| | | **2021** | | | |
| **January** | Tanya Tran | Christen | Patricia Simpson | Sherri Spaulding | |
| **February** | Tanya Tran | Christen | Hermy Almonte | Robbie Folkes | |
| **March** | Cheyenne | Christen | Hermy Almonte | Robbie Folkes | |
| **April** | Cheyenne | Ellen | Hermy Almonte | Jennifer Carroll | |
| **May** | **Cheyenne** | **Ellen** | **Diana Pop** | **Maria Velazquez** | |
| **June** | **Cheyenne** | **Ellen** | **Patricia Simpson** | **Maria Velazquez** | |
| **July** | Cheyenne | Amanda Meyer | Patricia Simpson | Corina Cisneros/VACANT | |
| **August** | Cheyenne | Amanda Meyer | Judy Castillo | Robbie Folkes | |
| **September** | Kassie Slater | Amanda Meyer | Judy Castillo | Robbie Folkes | |
| **October** | Kassie Slater | Troy Lynch | Judy Castillo | Christen Gore | |
| **November** | Kassie Slater | Troy Lynch | Diana Pop | Christen Gore | |
| **December** | Kassie Slater | Troy Lynch | Diana Pop | Robbie Folkes | |
| **2022** | | | | | |
| **January** | Kassie Slater | Alena | Patricia Simpson | Robbie Folkes | Marc |
| **February** | Kassie Slater | Alena | Patricia Simpson | Robbie Folkes | Katia |
| **March** | Tanya Cruz | Alena | Judy Castillo | Tanisha Tucker | |
| **April** | Tanya Cruz | Alena | Judy Castillo | Tanisha Tucker | Ellen |
| **May** | Tanya Cruz | Theresa Cristabol | Christen H.Gore | Rick Jones | Alena |
| **June** | Troy Lnych | Theresa Cristabol | Christen H.Gore | Rick Jones | Theresa |

# Reasonable Accommodation Rotation Schedule

| | | | | |
|---|---|---|---|---|
| **July** | Troy Lnych | Theresa Cristabol | Patricia Simpson | Nicole Davis |
| **August** | Troy Lnych | Ilya | Patricia Simpson | Maria Velazquez |
| **September** | Kassie Slater | Ilya | Judy Castillo | Maria Velazquez |
| **October** | Kassie Slater | Ilya | Judy Castillo | Robbie Folkes |
| **November** | Kassie Slater | Ellen | Diana Pop | Robbie Folkes |
| **December** | Tanya Cruz | Ellen | Diana Pop | Robbie Folkes |
| **2023** | | | | |
| **January** | Tanya Cruz | Ellen | Diana Pop | Tanisha Tucker |
| **February** | Tanya Cruz | Meridian | Christen H.Gore | Tanisha Tucker |
| **March** | Troy Lnych | Meridian | Christen H.Gore | Tanisha Tucker |
| **April** | Troy Lnych | Meridian | Christen H.Gore | Maria Velazquez |
| **May** | Troy Lnych | Katia | Diana Pop | Maria Velazquez |
| **June** | Kassie Slater | Katia | Diana Pop | Maria Velazquez |
| **July** | Kassie Slater | Katia | Diana Pop | Robbie Folkes |
| **August** | Kassie Slater | Marc | Christen H.Gore | Robbie Folkes |
| **September** | Tanya Cruz | Marc | Christen H.Gore | Robbie Folkes |
| **October** | Tanya Cruz | Marc | Christen H.Gore | |
| **November** | Tanya Cruz | Myvy | Diana Pop | |
| **December** | Troy Lnych | Myvy | Diana Pop | |

| |
|---|
| Ilya |
| Amanda |
| HI-Sup |
| Meridian |

| 2023 | | | | |
|---|---|---|---|---|
| **January** | Tanya Cruz | Ellen | Diana Pop | Tanisha Tucker |
| **February** | Tanya Cruz | Meridian | Christen H.Gore | Tanisha Tucker |
| **March** | Troy Lynch | Meridian | Christen H.Gore | Tanisha Tucker |
| **April** | Troy Lynch | Myvy | Christen H.Gore | Maria Velazquez |
| **May** | Troy Lynch | Myvy | Diana Pop | Maria Velazquez |
| **June** | Tanya Cruz | Myvy | Diana Pop | Maria Velazquez |
| **July** | Tanya Cruz | Ilya | Diana Pop | Robbie Folkes |
| **August** | Tanya Cruz | Ilya | Christen H.Gore | Robbie Folkes |
| **September** | Melanie Olson | Ilya | Christen H.Gore | Robbie Folkes |
| **October** | Melanie Olson | Natalie | Christen H.Gore | Jolanda William |
| **November** | Melanie Olson | Natalie | Diana Pop | Jolanda William |
| **December** | Troy Lynch | Natalie | Diana Pop | Jolanda William |

# Reasonable Accommodation Rotation Schedule

| 2024 | | | | |
|---|---|---|---|---|
| | **Program Managers** | **Supervisors** | **Portfolio Manager** | **Regional Manager PH** |
| **January** | Troy Lynch | Alena | Diana Pop | Maria Velazquez |
| **February** | Troy Lynch | Alena | Christen H. Gore | Maria Velazquez |
| **March** | Melanie Olson | Alena | Christen H. Gore | Maria Velazquez |
| **April** | Melanie Olson | Tyson | Christen H. Gore | Robbie Folkes |
| **May** | Melanie Olson | Tyson | Diana Pop | Robbie Folkes |
| **June** | Troy Lynch | Tyson | Diana Pop | Robbie Folkes |
| **July** | Troy Lynch (MO covering) | Tanya C | Diana Pop | Jeana Thomas |
| **August** | Troy Lynch (MO covering) | Tanya C | Christen H. Gore | Jeana Thomas |
| **September** | Melanie Olson | Tanya C | Christen H. Gore | Jeana Thomas |
| **October** | Melanie Olson | Ilya | Christen H. Gore | Maria Velazquez |
| **November** | Melanie Olson | Ilya | Diana Pop | Maria Velazquez |
| **December** | Troy Lynch (MO covering) | Ilya | Diana Pop | Maria Velazquez |

| 2025 | | | | |
|---|---|---|---|---|
| | **Program Managers** | **Supervisors** | **x** | **Regional Manager PH** |
| **January** | Troy Lynch (MO covering) | Natalie | | Diana Pop |
| **February** | Troy Lynch (MO covering) | Natalie | | Robbie Folkes |
| **March** | Melanie Olson | Ilya Prozorov | | Robbie Folkes |
| **April** | Melanie Olson | Ilya Prozorov - Jose Romero and Nicole Le in training | | Jeana Thomas |
| **May** | Melanie Olson | Jose Romero | | Jeana Thomas |
| **June** | Troy Lynch/Melanie Olson | Jose Romero | | Christen Gore |
| **July** | Troy Lynch /Melanie Olson | Nicole Le | | Christen Gore |
| **August** | Troy Lynch | Nicole Le | | Maria Velazquez |
| **September** | Melanie Olson | Alena Pavlyk | | Maria Velazquez |
| **October** | Melanie Olson | Alena Pavlyuk | | Diana Pop |
| **November** | Melanie Olson | Meridian Magana | | Diana Pop |
| **December** | Troy Lynch | Meridian Magana | | Robbie Folkes |

# VERIFICATION

I, MaryLiz Paulson, declare as follows:

I am an authorized agent of SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, one of the parties in this action, and I am authorized to make this verification for and on behalf of the named Defendant, SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, and I make this verification for that reason. I have read the foregoing, "DEFENDANT SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY'S RESPONSE TO PLAINTIFFS' REVEAL DOES DEMAND (i.e., INTERROGATORIES, SET ONE)," and know its contents. I have made reasonable efforts to review relevant documents, records and information possessed by or known to the SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY and its employees. Based on such review, I declare that the matters stated in the foregoing document are true and correct to the best of my information and belief.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 6 day of May 2025, at Sacramento, CA.

DocuSigned by:
Mary Liz Paulson
91AB61704BA140B...

MaryLiz Paulson

**PROOF OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT' SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY'S RESPONSE TO PLAINTIFFS' REVEAL DOES DEMAND (i.e., INTERROGATORIES, SET ONE)**

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on May 8, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

______________________
Geraldine Touson

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

# EXHIBIT L

# EXHIBIT L-1

**Touson, Geraldine**

| | |
|---|---|
| **From:** | David Samuel <davidsa@possiblymaybe.com> |
| **Sent:** | Thursday, May 8, 2025 5:52 PM |
| **To:** | Touson, Geraldine |
| **Cc:** | home@possiblymaybe.com; maddy@possiblymaybe.com; Castillo, Monica; Mistry, Chandni; Carinio, Jasmine |
| **Subject:** | Re: Roberts v. SHRA. Discovery. |

**EXTERNAL EMAIL** This email originated from outside the organization.

Counsel:

In the interest of judicial economy and avoiding the burden of scheduling potentially numerous depositions for each individual listed in Exhibit A of your May 8, 2025, responses, we request clarification and supplemental responses regarding the following deficiencies within **three** (**3**) **business days**:

**RACC Membership (Interrogatory No. 1)**: Your response references a general rotation schedule but fails to identify which specific members actually reviewed and decided Plaintiffs' reasonable accommodation requests resulting in the denial letters dated July 08, 2022, November 16, 2022, March 20, 2023, April 03, 2023, June 28, 2023, and all other denials not specifically noted.

Please supplement your response to identify: Which specific RACC members participated in the decisions regarding Plaintiffs' requests on the relevant dates. Identify where this information is documented (e.g., meeting minutes, case files). If SHRA asserts it lacks records identifying the specific decision-makers for these requests, please explain how this comports with SHRA's record-keeping obligations under applicable HUD guidance (e.g., PIH Notice 2013-19, Sec. 2.F; 24 C.F.R. § 982.158), and 24 C.F.R. § 982.555(e)(6)'s requirement to maintain hearing records.

**Housing Inspectors (Interrogatory No. 3)**: Your response states SHRA contracts with Nan McKay and "does not personally keep a log" of inspectors.

Please supplement your response: Does SHRA contend it has no obligation under HUD regulations to track inspectors? Given SHRA's oversight responsibilities, please produce the inspection logs relevant to all HQS inspections conducted by Nan McKay during the relevant period, or confirm you have requested these specific records from the contractor for production.

**Rent Reasonableness Tools (Interrogatory No. 2)**: Your response lists third-party vendors but does not specify which tools were used to evaluate Plaintiffs' voucher subsidy limits or rent reasonableness.

Please supplement your response to identify: Please identify which specific tool(s) (e.g., Yardi, Nelrod, AffordableHousing.com) were used to determine Plaintiffs' subsidy limits between 2022 and 2024, and produce any reconciliation reports explaining discrepancies between SAFMR rates and SHRA's determinations.

If we do not receive complete and responsive answers addressing these specific deficiencies by **May 14, 2025**, we will have no alternative but to proceed with filing our Motion to Compel and may be required to:
Notice depositions of RACC members listed generally in your Exhibit A to determine who participated in the relevant decisions;
Subpoena Nan McKay for the relevant inspector records; and
Seek recovery of the reasonable expenses incurred in making the motion, including costs associated with this avoidable discovery burden, pursuant to Rule 37(a)(5).

We are available to discuss these requests by email before May 14 if you require clarification.

Best regards,

David

On Thu, May 8, 2025 at 3:50 PM Touson, Geraldine <Geraldine.Touson@wilsonelser.com> wrote:

Dear Counsel,

Please see attached:

DEFENDANT' SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY'S

RESPONSE TO PLAINTIFFS' REVEAL DOES DEMAND (i.e., INTERROGATORIES, SET ONE)

Thank you,

Geraldine Touson
Legal Administrative Assistant
Wilson Elser Moskowitz Edelman & Dicker LLP
655 Montgomery St., Ste. 900
San Francisco, CA 94111
415.625.9367 (Direct)
415.433.0990 (Main)
415.434.1370 (Fax)
geraldine.touson@wilsonelser.com

IMPORTANT NOTICE: Beware of Cyber Fraud.
You should NEVER wire money to any bank account that Wilson Elser Moskowitz Edelman & Dicker LLP provides to you either in the body of this or any email or in an attachment without first speaking with the attorney in our office who is handling your transaction.
Further, DO NOT accept emailed wire instructions from anyone else without voice verification. Even if an email looks like it has come from this office or someone involved in your transaction,
CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE to verify the information before wiring any money.
Failure to do so is at your own risk.
Be particularly wary of any request to change wire instructions you have already received.

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman & Dicker LLP, please see our website at www.wilsonelser.com or refer to

any of our offices.

Thank you.

# EXHIBIT L-2

**Touson, Geraldine**

**From:** David Samuel <davidsa@possiblymaybe.com>
**Sent:** Friday, May 9, 2025 9:35 AM
**To:** Touson, Geraldine
**Cc:** home@possiblymaybe.com; maddy@possiblymaybe.com; Castillo, Monica; Mistry, Chandni; Carinio, Jasmine
**Subject:** Re: Roberts v. SHRA. Discovery.

**EXTERNAL EMAIL** This email originated from outside the organization.

Counsel:

We are writing to provide a minor correction to our previous email dated May 8, 2025 and to further clarify our concerns regarding SHRA's discovery responses, particularly concerning HQS inspections and rent reasonableness determinations.

Correction:
In Point 2 of our prior email regarding Housing Inspectors (Interrogatory No. 3), the placeholder "[address]" was inadvertently left in. To clarify, our concern regarding inspection logs and SHRA's practices is not limited to a single unit. We are seeking information to understand SHRA's general practices regarding HQS inspections, particularly when reasonable accommodations for unit features or location are implicated by a tenant's disability needs.

Further Clarification on HQS Inspections & Rent Reasonableness (Interrogatories No. 2 & 3):

Our core concern, and the aim of our discovery requests, is to understand whether SHRA conducts necessary HQS inspections and performs bona fide rent reasonableness analyses before denying RFTAs, especially when those RFTAs involve requested or previously approved reasonable accommodations.

We have reason to believe, based on multiple RFTA denials (including, for example, the RFTA for 7957 Papago Way, where the landlord provided market analysis as part of the RFTA package), that SHRA may be denying units based on rent reasonableness without first conducting a required HQS inspection or a thorough, documented rent reasonableness analysis that considers all relevant factors, including any disability-related features that might justify a particular rent or make a unit uniquely suitable.

The failure to conduct timely HQS inspections and appropriate rent reasonableness determinations, particularly when processing RFTAs for families with disabilities requiring specific unit features or locations (which may necessitate a reasonable accommodation for payment standards), potentially violates obligations under 24 C.F.R. § 982.305 (PHA approval of assisted tenancy), 24 C.F.R. § 982.507 (Rent to owner: Reasonable Rent), and general obligations to affirmatively further fair housing.

Specifically, we require information to determine:

- Whether HQS inspections were performed for RFTAs submitted on our behalf where units were subsequently denied for "rent reasonableness" or other grounds.
- The specific criteria, data sources (beyond general vendor lists), and methodologies SHRA uses to determine "rent reasonableness" for any given unit, and how these are documented.
- How SHRA ensures that its rent reasonableness process and HQS inspection practices accommodate and do not unlawfully impede reasonable accommodation requests for specific unit types, features, or locations necessary due to disability.
- SHRA's policies and actual practices for maintaining records of HQS inspections performed by its contractors (such as Nan McKay) and the specific rent reasonableness analyses conducted for RFTAs.

- If SHRA is denying RFTAs without conducting these crucial predicate steps, or is relying on incomplete or "intentionally incorrect data" as we suspect, it would represent a systemic failure that significantly prejudices families like ours, particularly those requiring reasonable accommodations.

We again request complete and responsive supplemental answers to Interrogatories No. 1, 2, and 3 from your May 8, 2025 responses, clarifying these points, by **May 14, 2025**.

We continue to hope for a cooperative resolution.

Best regards,

David

On Thu, May 8, 2025 at 8:39 PM David Samuel <davidsa@possiblymaybe.com> wrote:

> Counsel:
>
> We write regarding SHRA's May 8, 2025 discovery responses, which raise significant concerns about compliance with federal recordkeeping requirements. Specifically:
>
> - RACC Decisions: SHRA failed to identify which RACC members reviewed Plaintiffs' accommodation requests (despite producing a rotation schedule);
> - HQS Inspections: SHRA claims it "does not personally keep a log" of inspectors, shifting responsibility to Nan McKay;
> - Rent Reasonableness: SHRA provided vendor names but no documentation of how Plaintiffs' subsidy limits were determined.
>
> As you know, 24 C.F.R. § 982.158 and HUD PIH Notice 2013-19 require SHRA to maintain records of accommodation decisions, inspections, and rent analyses for at least 3 years. SHRA cannot delegate its recordkeeping obligations to third parties for core PHA functions.
>
> Given these deficiencies, please confirm in writing by May 14, 2025 whether:
>
> - RACC Records: SHRA ever documented which members voted on Plaintiffs' requests (July 2022–June 2023), including meeting minutes, case notes, or emails;
> - Inspector Logs: SHRA requested and preserved Nan McKay's HQS inspection reports for Plaintiffs' unit ([address]);
> - Rent Analyses: SHRA retains the specific software outputs or reports used to set Plaintiffs' subsidy limits in 2022–2023.
>
> If no such records exist, please explain:
>
> - How SHRA complied with 24 C.F.R. § 982.555(e)(6) (documenting hearing decisions) and § 982.404(a) (maintaining inspection records);
> - Whether any records were lost or destroyed, and if so, when and why.
>
> We hope to resolve this cooperatively but must preserve all rights under Rule 37(e) and spoliation doctrine. See, e.g., Silvestri v. Gen. Motors, 271 F.3d 583 (4th Cir. 2001) (adverse inference for lost evidence).
>
> Best Regards,
> David
>
> On Thu, May 8, 2025 at 7:01 PM David Samuel <davidsa@possiblymaybe.com> wrote:
>
>> Counsel:

Per FRCP 26(b)(5)(A) and 34(b)(2)(C), Defendants must produce a privilege log for any documents withheld under a claim of privilege or work-product protection. To date, Defendants have not provided such a log despite asserting privilege in their May 08, 2025 responses.

Please produce a compliant log within **5 business days** (by **May 15, 2025**) that identifies:

1. **Each document's date, author, recipients, and subject matter**;
2. **The specific privilege claimed** (e.g., attorney-client, work product);
3. **A factual basis for the privilege** (e.g., "Email seeking legal advice from SHRA counsel").

Failure to provide this log will result in Plaintiffs seeking waiver of all privilege claims under *FRCP 37(b)(2)* and *In re Roman Catholic Archbishop*, 661 F.3d 417 (9th Cir. 2011).

We hope to resolve this without court intervention.

Best regards,

David

On Thu, May 8, 2025 at 5:51 PM David Samuel <davidsa@possiblymaybe.com> wrote:

Counsel:

In the interest of judicial economy and avoiding the burden of scheduling potentially numerous depositions for each individual listed in Exhibit A of your May 8, 2025, responses, we request clarification and supplemental responses regarding the following deficiencies within **three** (**3**) **business days**:

**RACC Membership (Interrogatory No. 1)**: Your response references a general rotation schedule but fails to identify which specific members actually reviewed and decided Plaintiffs' reasonable accommodation requests resulting in the denial letters dated July 08, 2022, November 16, 2022, March 20, 2023, April 03, 2023, June 28, 2023, and all other denials not specifically noted.

Please supplement your response to identify: Which specific RACC members participated in the decisions regarding Plaintiffs' requests on the relevant dates. Identify where this information is documented (e.g., meeting minutes, case files). If SHRA asserts it lacks records identifying the specific decision-makers for these requests, please explain how this comports with SHRA's record-keeping obligations under applicable HUD guidance (e.g., PIH Notice 2013-19, Sec. 2.F; 24 C.F.R. § 982.158), and 24 C.F.R. § 982.555(e)(6)'s requirement to maintain hearing records.

**Housing Inspectors (Interrogatory No. 3)**: Your response states SHRA contracts with Nan McKay and "does not personally keep a log" of inspectors.

Please supplement your response: Does SHRA contend it has no obligation under HUD regulations to track inspectors? Given SHRA's oversight responsibilities, please produce the inspection logs relevant to all HQS inspections conducted by Nan McKay during the relevant period, or confirm you have requested these specific records from the contractor for production.

**Rent Reasonableness Tools (Interrogatory No. 2)**: Your response lists third-party vendors but does not specify which tools were used to evaluate Plaintiffs' voucher subsidy limits or rent reasonableness.

Please supplement your response to identify: Please identify which specific tool(s) (e.g., Yardi, Nelrod, AffordableHousing.com) were used to determine Plaintiffs' subsidy limits between 2022 and 2024, and produce any reconciliation reports explaining discrepancies between SAFMR rates and SHRA's determinations.

If we do not receive complete and responsive answers addressing these specific deficiencies by **May 14, 2025**, we will have no alternative but to proceed with filing our Motion to Compel and may be required to:
Notice depositions of RACC members listed generally in your Exhibit A to determine who participated in the relevant

decisions;
Subpoena Nan McKay for the relevant inspector records; and
Seek recovery of the reasonable expenses incurred in making the motion, including costs associated with this avoidable discovery burden, pursuant to Rule 37(a)(5).

We are available to discuss these requests by email before May 14 if you require clarification.

Best regards,

David

On Thu, May 8, 2025 at 3:50 PM Touson, Geraldine <Geraldine.Touson@wilsonelser.com> wrote:

Dear Counsel,

Please see attached:

DEFENDANT' SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY'S

RESPONSE TO PLAINTIFFS' REVEAL DOES DEMAND (i.e., INTERROGATORIES, SET ONE)

Thank you,

Geraldine Touson
Legal Administrative Assistant
Wilson Elser Moskowitz Edelman & Dicker LLP
655 Montgomery St., Ste. 900
San Francisco, CA 94111
415.625.9367 (Direct)
415.433.0990 (Main)
415.434.1370 (Fax)
geraldine.touson@wilsonelser.com

IMPORTANT NOTICE: Beware of Cyber Fraud.
You should NEVER wire money to any bank account that Wilson Elser Moskowitz Edelman & Dicker LLP provides to you either in the body of this or any email or in an attachment without first speaking with the attorney in our office who is handling your transaction. Further, DO NOT accept emailed wire instructions from anyone else without voice verification. Even if an email looks like it has come from this office or someone involved in your transaction, CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE to verify the information before wiring any money. Failure to do so is at your own risk. Be particularly wary of any request to change wire instructions you have already received.

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited

without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman & Dicker LLP, please see our website at www.wilsonelser.com or refer to any of our offices.

Thank you.

# EXHIBIT M

**David Samuel**
**Sydney Roberts**
**108 Rinetti Way**
**Rio Linda, CA 95673**
**edfed@possiblymaybe.com**
**512-522-8571**

**May 10, 2024**

**VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED & EMAIL**

Edward P. Garson, Esq.
Monica Castillo, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
655 Montgomery Street, Suite 900
San Francisco, CA 94111
[Edward.Garson@WilsonElser.com]
[Monica.Castillo@WilsonElser.com]

**RE: URGENT MEET AND CONFER DEMAND Regarding Overdue and Deficient Discovery Responses – Samuel & Roberts v. Sacramento Housing and Redevelopment Agency, et al., United States District Court, Eastern District of California, Case No. 2:22-cv-01699 – IMMEDIATE ACTION REQUIRED**

Dear Mr. Garson and Ms. Castillo:

This letter serves as a formal meet-and-confer demand pursuant to Federal Rule of Civil Procedure 37(a)(1) and Eastern District of California Local Rule 251(b). We write to address Defendant Sacramento Housing and Redevelopment Agency's ("SHRA") failure to provide discovery in this matter. Specifically, SHRA has:

1. Completely failed to respond to Plaintiffs' Request for Production of Documents served on **April 3, 2025**, which were due on **May 3, 2025** (effectively May 5, 2025).
2. Provided grossly deficient, evasive, and boilerplate responses on **May 8, 2025**, to Plaintiffs' DOE-Identification Request (Interrogatories, Set One) served on **April 8, 2025**.

SHRA's conduct demonstrates a pattern of obstruction and a disregard for its discovery obligations and its duties to maintain and produce records mandated by federal law and its own policies. This letter details the specific records SHRA is obligated to maintain and produce that are responsive to these overdue discovery requests.

## I. FAILURE TO PRODUCE FEDERALLY MANDATED RECORDS AND INFORMATION RESPONSIVE TO APRIL 3, 2025 REQUEST FOR PRODUCTION

SHRA has provided no documents, no objections, and no privilege log in response to Plaintiffs' Request for Production of Documents served April 3, 2025. This request seeks documents SHRA is legally obligated to create, maintain, and produce. These include, but are not limited to:

**A. HUD-Mandated Documentation and SHRA Administrative Plan Requirements:**

SHRA must maintain records sufficient to document compliance with federal disability requirements, including detailed records of reasonable accommodation requests, the evaluation process, approvals/denials, and all related correspondence. See 24 C.F.R. § 8.25(b); HUD HCV Guidebook 7420.10G, Ch. 6. SHRA's own 2025 Administrative Plan mandates written records of accommodation requests (e.g., Section 24) and documented rent reasonableness determinations (e.g., Section 11) **DEMAND**: We demand immediate and complete production of all records responsive to Plaintiffs' RFPs, which fall under these explicit mandates.

B. **Records from SHRA's Housing Management and Tracking Systems:**

1. We understand SHRA utilizes Housing Management Software, likely Yardi Voyager (as indicated in SHRA's 2022 budget), which should contain detailed logs of all tenant interactions. **DEMAND**: SHRA must produce all Yardi Voyager (or equivalent system) data and logs pertaining to Plaintiffs David Samuel and Sydney Roberts (and all household members, HCV Case ID t0032944) from 2019 to present, showing: (a) All reasonable accommodation request submissions; (b) Timestamps and content of SHRA responses and actions taken; (c) All "notes," "comments," or similar fields documenting staff actions, deliberations, or communications related to Plaintiffs' requests, RFTAs, hearings, and overall case management.

2. Pursuant to HUD Notice PIH 2021-27, SHRA is required to maintain a centralized Reasonable Accommodation Tracking Log.
   **DEMAND**: SHRA must produce its complete Reasonable Accommodation Tracking Log for fiscal years 2022, 2023, and 2024 to date, including at a minimum: request dates, types of accommodations requested, specific details of requests made by or on behalf of Plaintiffs, disposition dates, and detailed reasons for any denials or delays pertaining to Plaintiffs' requests.

**C. Tenant-Specific Reasonable Accommodation and Hearing Documentation**:

1. Pursuant to HUD Notice PIH 2013-22, PHAs utilize HUD-9886 forms for reasonable accommodation requests.
   **DEMAND**: SHRA must produce all HUD-9886 forms (or equivalent internal forms) submitted by or on behalf of Plaintiffs from 2019 to present.

2. PHAs must provide written denial notices for RAs and formal notices regarding hearing procedures. See, e.g., 24 C.F.R. § 982.555.
   **DEMAND**: SHRA must produce all correspondence, including approval and denial letters, sent to Plaintiffs regarding all reasonable accommodation requests and RFTA submissions from 2019 to present, and all notices regarding informal hearings.

**D. HQS Inspection and Rent Reasonableness Records**:

SHRA has obligations regarding HQS inspections and rent reasonableness determinations under 24 C.F.R. § 982.305 and § 982.507.
**DEMAND**: SHRA must produce all HQS inspection reports (or records indicating no inspection was

performed despite an RFTA submission) and all documented rent reasonableness analyses (including specific comparable units and data sources used, not just vendor names) for all RFTAs submitted by or on behalf of Plaintiffs from 2022 to present.

## II. DEFICIENT RESPONSES TO APRIL 8, 2025 DOE-IDENTIFICATION REQUEST (INTERROGATORIES)

SHRA's May 8, 2025, Responses to Plaintiffs' Interrogatories are evasive and non-compliant:

- **Interrogatory No. 1 (RACC Membership):** SHRA improperly referred to a general rotation schedule and failed to identify the specific RACC members who reviewed and decided Plaintiffs' individual reasonable accommodation requests resulting in denial letters dated July 08, 2022, November 16, 2022, March 20, 2023, April 03, 2023, and June 28, 2023.
- **Interrogatory No. 3 (Housing Inspectors):** SHRA improperly claimed it does not keep logs and referred to its contractor, Nan McKay. SHRA remains responsible for oversight and for records pertaining to its program. We demand SHRA produce records from Nan McKay related to Plaintiffs or confirm it has requested them for production.
- **Interrogatory No. 2 (Rent Reasonableness Tools):** SHRA listed vendors but failed to specify which tools/reports were actually used for Plaintiffs' RFTAs.
  **DEMAND:** SHRA must provide full and complete supplemental responses to these interrogatories, providing the specific information requested, without boilerplate objections.

## III. DEMAND FOR IMMEDIATE COMPLIANCE AND NOTICE OF INTENT TO SEEK SANCTIONS

Given the extensive federal mandates and SHRA's own stated policies requiring the creation and maintenance of these records, any claim that such records do not exist, are not readily accessible, or are unduly burdensome to locate and produce will be viewed as evidence of bad faith and potential spoliation. Plaintiffs put SHRA on notice that its continued failure to produce these documents and provide complete interrogatory answers will compel Plaintiffs to vigorously pursue all available remedies through our pending Motion to Compel, including arguing for findings of functional spoliation, adverse inferences, issue preclusion, monetary sanctions, and any other relief the Court deems appropriate under FRCP 37. See, e.g., Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir. 2006); Silvestri v. Gen. Motors Corp., 271 F.3d 583 (4th Cir. 2001).

We demand that SHRA produce all responsive documents to the April 3, 2025 RFPs, provide complete, verified supplemental interrogatory answers to the April 8, 2025 set, and provide a compliant privilege log for any documents withheld under a claim of privilege, no later than **May 14, 2025**.

Failure to fully comply by this deadline will leave Plaintiffs no alternative but to aggressively pursue their pending Motion to Compel, supplemented with this correspondence and SHRA's continued non-compliance, and to seek all available sanctions against SHRA for its flagrant disregard of its discovery obligations.

We also remind you that responses to Plaintiffs' Requests for Production, Interrogatories, and RFAs to Individual SHRA Employees served on April 12, 2025, will be due on or about **May 14, 2025**. Given SHRA's current record of non-compliance, we expect timely and complete responses to these forthcoming requests.

We sincerely hope to resolve these critical discovery deficiencies without further unnecessary litigation.

Very truly yours,

David Samuel

David Samuel

Sydney Roberts

Sydney Roberts

# EXHIBIT N

# EXHIBIT N-1

**Touson, Geraldine**

**From:** Castillo, Monica
**Sent:** Monday, May 12, 2025 9:56 AM
**To:** David Samuel; Maddy, David and Artemis Samuel; edfed@possiblymaybe.com
**Cc:** Castillo, Monica; Mistry, Chandni
**Subject:** Roberts; our file 21727.00057; responses to Plaintiff's M & C
**Attachments:** RE: Roberts v. SHRA; our file 21727.00057; Response to Meet and CInfer re Responses to Plaintiff's Inter(312947750.1).pdf

Mr. Samuel and Ms. Roberts:

Please see attached correspondence in reply to your May 10, 2025, meet and confer correspondence and your May 8, 20205 emails regarding SHRA's Responses to Requests for Production of Documents, Set One and Interrogatories, Set One

Also attached is your email confirming your extension to SHRA to today, May 12, 2025, for its responses to SHRA's Responses to Requests for Production of Documents, Set One.

Thank you,

Monica Castillo
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
655 Montgomery St., Ste. 900
San Francisco, CA 94111
415.625.9372 (Direct)
415.433.0990 (Main)
monica.castillo@wilsonelser.com

# EXHIBIT N-2

WILSON ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

May 12, 2025

**Monica Castillo**
415.625.9372 (direct)
Monica.Castillo@wilsonelser.com

**VIA E-EMAIL ONLY**
David Samuel
Sydney Roberts
davidsa@possiblymaybe.com
home@possiblymaybe.com
edfed@possiblymaybe.com

Re: *Brooke Roberts, et al v. Sacramento Housing and Redevelopment Agency, et al.* USDC, Eastern District of California, Case No. 2:22-cv-01699 TLN AC PS
Our File No: 21727.00057

Dear Mr. Samuel and Ms. Roberts:

This is in response to your May 10, 2025 correspondence regarding SHRA's Responses to Requests for Production of Documents, Set One and Interrogatories, Set One and your May 8, 2025, email regarding SHRA's Responses to Interrogatories, Set One

**A. Requests for Production of Documents, Set One**

On May 5, 2025, you granted our client an extension to May 12, 2025, for responses to this discovery. Responses will be served on May 12, 2025.

**B. Interrogatories, Set One**

(1) No. 1
The information sought in the interrogatory would require responding party to engage in burdensome and expensive research. The information sought may be obtained by examining responding party's records. Tus, reference to the general rotation schedule is proper. (S ee, FRCP 33(d); *Dallion, Inc. v. Allied Chem. Corp.* (10th Cir. 1976) 534 F.2nd 221, 225)

The response is a complete response to Interrogatory No. 1 as served. Your May 8, 2025, email requesting that responding party "supplement" its response is in fact, a new interrogatory.

(2) No. 3

Interrogatories are not the proper discovery devised for obtaining production of documents. Responding party cannot be compelled to produce documents by way of interrogatories.

The response is a complete response to Interrogatory No. 3 as served. Your May 8, 2025, email requesting that responding party "supplement" its response is in fact, a new interrogatory.

(3) No. 2

The information requested in Interrogatories 2 a, 2 b, and 2c, is the information available to responding party. FRCP 33(b)(1)(B) Responding party does not have information about the specific tools used by its vendors.

The responses are complete responses to Interrogatory No. 2 as served. Your May 8, 2025, email requesting that responding party "supplement" its response is in fact, a new interrogatory, and your request to "produce" is a new request for production of docu ments.

Best regards,

Wilson Elser Moskowitz Edelman & Dicker LLP

Monica Castillo

Monica Castillo

# EXHIBIT O

David Samuel
Sydney Roberts
108 Rinetti Way
Rio Linda, CA 95673
home@possiblymaybe.com

May 12, 2025

**VIA EMAIL**

Monica Castillo
Edward Garson
Wilson Elser Moskowitz Edelman & Dicker LLP
Monica.Castillo@wilsonelser.com
Edward.Garson@wilsonelser.com

Re: Roberts et al. v. Sacramento Housing and Redevelopment Agency et al.

Case No. 2:22-cv-01699 DJC AC

Dear Ms. Castillo and Mr. Garson:

We write in response to your May 12, 2025 letter regarding SHRA's deficient discovery responses. Despite our prior communications SHRA's objections and incomplete answers remain inconsistent with its obligations under the Federal Rules of Civil Procedure.

Despite this action being pending for more than two years, SHRA has failed to provide even the most basic discovery about its organizational structure, staff roles, or routine procedures. Defendants' Rule 26(a)(1) disclosure served on May 1, 2024 identify only two individuals and no internal documents other than those already produced in 2023.

SHRA has made no effort to disclose the membership of its Reasonable Accommodation Committee, the individuals responsible for affordability determinations, or any facts about its internal workflows. The only reference to committee membership in over two years of litigation is a single implication that Ibra Henly was involved without supporting evidence, declarations, or documentation. This level of non-disclosure is indefensible for a public agency and strongly suggests obstruction, not inadvertence

Below, we address each issue and demand immediate compliance to avoid further escalation.

## A. Requests for Production of Documents, Set One

SHRA's responses to our Requests for Production, Set One, served on May 12, 2025, remain deficient. To the extent documents identified as responsive have been withheld, SHRA must promptly provide a detailed privilege log compliant with Rule 26(b)(5)(A), including:
- The nature of each withheld document;

- The privilege claimed; and
- Sufficient particulars to assess the claim.

Additionally, any objections must be expressly justified under Rule 34(b)(2)(C). Failure to comply will result in a motion to compel and a request for sanctions under Rule 37(a)(5).

## B. Interrogatories, Set One

Your refusal to supplement these responses is not supported by controlling authority.

1. 1. Interrogatory No. 1 (Personnel Rotation Schedule)

This interrogatory sought identification of SHRA personnel involved in the denial of Plaintiffs' reasonable accommodation requests. Your reliance on Rule 33(d) is misplaced. The rule permits referencing business records only if:
- The records are specifically identified (e.g., file names, date ranges, or search terms); and
- The burden of deriving the answer is substantially equal for both parties—a showing SHRA has failed to make.

A vague reference to a 'general rotation schedule' is inadequate under Hoffman v. United States, 511 F.2d 1190, 1193 (9th Cir. 1975). If SHRA contends compliance is unduly burdensome, it must provide:
- A sworn declaration detailing the estimated cost and effort; and
- A good-faith proposal to narrow the request.

2. 2. Interrogatory No. 2 (Vendor Tools)

This interrogatory sought information regarding the software, tools, or calculations used to perform affordability assessments. SHRA's assertion that it lacks this information is insufficient under Rule 33(b)(1)(B). The rule requires:
- A diligent inquiry into available information (including vendor communications); and
- A clear explanation of efforts to obtain the data.

Boilerplate disclaimers without context or explanation are not permissible. SHRA must describe what, if any, good faith efforts were made to obtain this information before asserting it is unavailable. See U.S. v. HVI Cat Canyon, Inc., No. CV 11-5097 FMO (SSx), 2016 WL 11683593, at *5 (C.D. Cal. Oct. 26, 2016).

3. 3. Interrogatory No. 3 (Document Identification)

This interrogatory requested identification of any documents supporting SHRA's denial decisions. Your objection that interrogatories may not request documents misstates the law. While interrogatories cannot compel production, they may request identification of documents supporting claims or defenses. See Hoffman, 511 F.2d at 1193; Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc., 175 F.R.D. 646, 652 (C.D. Cal. 1997).

Labeling our request for supplementation as a 'new interrogatory' is unsupported by the Federal Rules and contrary to applicable case law. Rule 33(b)(3)–(4) mandates that responses be complete, non-evasive, and updated as new information arises.

## Demand for Compliance

To avoid formal motion practice, SHRA must provide by May 14, 2025:
- Complete document production, including a privilege log;
- Amended interrogatory answers with substantiated details; and
- Sworn declarations supporting any undue burden claims.

Failure to comply will compel us to seek relief under Rule 37, including costs and sanctions.

Sincerely,

David Samuel

Sydney Roberts

# EXHIBIT P

# EXHIBIT P-1

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA C. CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
CHANDNI B. MISTRY (SBN 354088)
Chandni.Mistry@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.: 2:22-cv-01699 TLN AC PS<br><br>**DEFENDANT IBRA HENLEY'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE**<br><br>**[FED. R. CIV. P. 26(A)(1)]**<br><br>Honorable Allison Claire |

PROPOUNDING PARTY: Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

RESPONDING PARTY: Defendant, IBRA HENLEY

SET NO.: One (1)

//

//

//

Defendant, IBRA HENLY, by and through its attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby provides their Responses to Requests for Admissions, Set One, propounded by Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL, as follows:

## PRELIMINARY STATEMENT

Responding Party has not completed his investigation or discovery in this action. This response is based on Responding Party's knowledge, information and belief at this time, and is complete to the best of his present knowledge and understanding. Responding Party reserves the right to refer to, to conduct discovery with reference to, and/or to offer into evidence at the time of trial any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response. Responding Party assumes no obligation to voluntarily supplement or amend this response to reflect facts, evidence, or other information discovered following service of this response. Nevertheless, this response is given without prejudice to subsequent revision or supplementation based upon facts, evidence, and other information, which hereafter may be discovered.

## GENERAL OBJECTIONS

The following General Objections are applicable to and incorporated into each response. The assertion of the same, similar, or additional objections in any specific response does not waive Responding Party's general objections as set forth below:

1. Responding Party objects to the following Requests for Admission to the extent that any of them seek information protected from disclosure by the attorney-client privilege, the work product doctrine, patient-psychiatrist privilege, and/or any other applicable privilege or protection. Responding Party intends to and does claim privilege with respect to all such information and declines to provide any such information. Any inadvertent disclosure of privileged or protected information is not intended to be, and should not be deemed, a waiver of any privilege or protection from disclosure.

2. Responding Party objects to the following Requests for Admissions to the extent that they seek to impose obligations or burdens that exceed those imposed by the Federal Rules of Civil Procedure.

3. Responding Party objects to the following Requests for Admissions to the extent that they seek confidential information and/or private information of third parties. Such information will be provided only pursuant to the terms of an appropriate protective order and/or with the written consent of such third parties.

4. Responding Party objects to the following Requests for Admissions to the extent that they seek information prohibited and/or restricted from disclosure by agreement, law or regulation.

5. Responding Party objects to the following Requests for Admissions to the extent that they seek information outside the possession, control, or custody of Responding Party.

6. Responding Party objects to the following Requests for Admissions to the extent that they seek information and/or documents irrelevant to the dispute at issue in this lawsuit and unlikely to lead to the discovery of admissible evidence.

7. Responding Party objects to the following Requests for Admissions to the extent that they are overbroad, unduly burdensome and harassing, and to the extent that they seek documents and information that are equally available to Propounding Party, publicly available, and/or that are more properly and more readily obtained from third parties.

8. Responding Party objects to the following Requests for Admissions to the extent that they contain vague or ambiguous terms, as such Requests for Admissions are overbroad, unduly burdensome and harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

9. Responding Party objects to the following Requests for Admissions as premature as investigation and fact and expert discovery is ongoing in this action, and reserves the right to supplement all responses, pursuant to Rule 36, subsequent to the completion of discovery.

10. Information provided in response to the Requests for Admissions are provided without waiver of, and with express reservation of: (a) all objections as to the competency, relevancy, materiality, and admissibility of such information and the subject matter thereof as evidence for any purpose in any further proceeding in this action, or in any other action; (b) the right to object to the use of such information, or the subject matter thereof, on any ground in any further proceeding in this action, or in any other action; and (c) the right to object on any ground at any time to a demand or Requests for further responses to these Requests for Admissions or any other Requests or other

discovery proceedings.

11. The Specific Responses below are based upon information reasonably available to Responding Party as of the date of this Response, after having made a diligent search. Responding Party reserves the right to supplement, revise, or correct any response pursuant to Fed. R. Civ. P. 26(e) during and subsequent to the completion of discovery. The Specific Responses are made without prejudice to Responding Party's right to present at trial, or in support or opposition ot any dispositive motion, additional evidence or witnesses as they may be discovered or produced. Responding Party further reserves the right to challenge the competence, relevance, materiality, and admissibility at trial or any subsequent proceeding, of this or any other action, of any information or documents it provides in response to these Requests.

The foregoing General Objections are incorporated into the responses of each of the Requests for Admissions below as though set forth fully therein.

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that you are responsible for coordinating or administering informal hearings for Housing Choice Voucher participants at SHRA.

**RESPONSE TO REQUEST NO. 1:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 1 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you personally reviewed or responded to at least one reasonable accommodation request submitted by Plaintiffs.

**RESPONSE TO REQUEST NO. 2:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 2 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**REQUEST FOR ADMISSION NO. 3:**

Admit that you are not a licensed medical professional or social worker.

**RESPONSE TO REQUEST NO. 3:**

Responding Party is not able to admit or deny Request for Admission No. 3 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

//

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have questioned the validity of Plaintiffs' disability or need for accommodation during SHRA's internal discussions.

**RESPONSE TO REQUEST NO. 4:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 4 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**REQUEST FOR ADMISSION NO. 5:**

Admit that SHRA has not issued a written decision following one or more informal hearings or hearing requests submitted by Plaintiffs.

**RESPONSE TO REQUEST NO. 5:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 5 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry

concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**REQUEST FOR ADMISSION NO. 6:**

Admit that you did not provide Plaintiffs with advance access to their case file before one or more informal hearings.

**RESPONSE TO REQUEST NO. 6:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 6 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you have previously made or been reported for making statements suggesting that voucher participants exaggerate or fabricate disability claims to obtain benefits.

**RESPONSE TO REQUEST NO. 7:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 7 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able

to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**REQUEST FOR ADMISSION NO. 8:**

Admit that you did not take steps to ensure that Plaintiffs' communication accommodation requests were implemented prior to a hearing or adverse action.

**RESPONSE TO REQUEST NO. 8:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 8 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**REQUEST FOR ADMISSION NO. 9:**

Admit that SHRA did not consistently evaluate Plaintiffs' accommodation requests based on individualized assessment or HUD guidance.

**RESPONSE TO REQUEST NO. 9:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 9 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good

faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**REQUEST FOR ADMISSION NO. 10:**

Admit that you acted on behalf of SHRA in a manner intended to advocate for denial of Plaintiffs' requested accommodation.

**RESPONSE TO REQUEST NO. 10:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 10 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

Dated: May 12, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: *Monica Castillo*

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants

# PROOF OF SERVICE

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT IBRA HENLY'S RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSION, SET ONE**

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on May 12, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

[signature]

______________________________

Geraldine Touson

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

# EXHIBIT P-2

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA C. CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
CHANDNI B. MISTRY (SBN 354088)
Chandni.Mistry@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.: 2:22-cv-01699 TLN AC PS<br><br>**DEFENDANT IBRA HENLY'S RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSION, SET TWO**<br><br>**[FED. R. CIV. P. 26(A)(1)]**<br><br>Honorable Allison Claire |

PROPOUNDING PARTY: Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

RESPONDING PARTY: Defendant, IBRA HENLY

SET NO.: Two (2)

//

//

//

Defendant, IBRA HENLY, by and through their attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby provides their Responses to Requests for Admissions, Set Two, propounded by Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL, as follows:

**PRELIMINARY STATEMENT**

Responding Party has not completed his investigation or discovery in this action. This response is based on Responding Party's knowledge, information and belief at this time, and is complete to the best of his present knowledge and understanding. Responding Party reserves the right to refer to, to conduct discovery with reference to, and/or to offer into evidence at the time of trial any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response. Responding Party assumes no obligation to voluntarily supplement or amend this response to reflect facts, evidence, or other information discovered following service of this response. Nevertheless, this response is given without prejudice to subsequent revision or supplementation based upon facts, evidence, and other information, which hereafter may be discovered.

**GENERAL OBJECTIONS**

The following General Objections are applicable to and incorporated into each response. The assertion of the same, similar, or additional objections in any specific response does not waive Responding Party's general objections as set forth below:

1. Responding Party objects to the following Requests for Admission to the extent that any of them seek information protected from disclosure by the attorney-client privilege, the work product doctrine, patient-psychiatrist privilege, and/or any other applicable privilege or protection. Responding Party intends to and does claim privilege with respect to all such information and declines to provide any such information. Any inadvertent disclosure of privileged or protected information is not intended to be, and should not be deemed, a waiver of any privilege or protection from disclosure.

2. Responding Party objects to the following Requests for Admissions to the extent that they seek to impose obligations or burdens that exceed those imposed by the Federal Rules of Civil

Procedure.

3. Responding Party objects to the following Requests for Admissions to the extent that they seek confidential information and/or private information of third parties. Such information will be provided only pursuant to the terms of an appropriate protective order and/or with the written consent of such third parties.

4. Responding Party objects to the following Requests for Admissions to the extent that they seek information prohibited and/or restricted from disclosure by agreement, law or regulation.

5. Responding Party objects to the following Requests for Admissions to the extent that they seek information outside the possession, control, or custody of Responding Party.

6. Responding Party objects to the following Requests for Admissions to the extent that they seek information and/or documents irrelevant to the dispute at issue in this lawsuit and unlikely to lead to the discovery of admissible evidence.

7. Responding Party objects to the following Requests for Admissions to the extent that they are overbroad, unduly burdensome and harassing, and to the extent that they seek documents and information that are equally available to Propounding Party, publicly available, and/or that are more properly and more readily obtained from third parties.

8. Responding Party objects to the following Requests for Admissions to the extent that they contain vague or ambiguous terms, as such Requests for Admissions are overbroad, unduly burdensome and harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

9. Responding Party objects to the following Requests for Admissions as premature as investigation and fact and expert discovery is ongoing in this action, and reserves the right to supplement all responses, pursuant to Rule 36, subsequent to the completion of discovery.

10. Information provided in response to the Requests for Admissions are provided without waiver of, and with express reservation of: (a) all objections as to the competency, relevancy, materiality, and admissibility of such information and the subject matter thereof as evidence for any purpose in any further proceeding in this action, or in any other action; (b) the right to object to the use of such information, or the subject matter thereof, on any ground in any further proceeding in

this action, or in any other action; and (c) the right to object on any ground at any time to a demand or Requests for further responses to these Requests for Admissions or any other Requests or other discovery proceedings.

11. The Specific Responses below are based upon information reasonably available to Responding Party as of the date of this Response, after having made a diligent search. Responding Party reserves the right to supplement, revise, or correct any response pursuant to Fed. R. Civ. P. 26(e) during and subsequent to the completion of discovery. The Specific Responses are made without prejudice to Responding Party's right to present at trial, or in support or opposition ot any dispositive motion, additional evidence or witnesses as they may be discovered or produced. Responding Party further reserves the right to challenge the competence, relevance, materiality, and admissibility at trial or any subsequent proceeding, of this or any other action, of any information or documents it provides in response to these Requests.

The foregoing General Objections are incorporated into the responses of each of the Requests for Admissions below as though set forth fully therein.

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 11:**

Admit that you were notified that Plaintiffs requested that all communication be provided in writing or by email as an effective communication accommodation.

**RESPONSE TO REQUEST NO. 11:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 11 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry

concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**<u>REQUEST FOR ADMISSION NO. 12:</u>**

Admit that you or SHRA provided verbal notice or left voice mail messages relating to adverse housing decisions despite Plaintiffs' repeated objections to this method of communication.

**RESPONSE TO REQUEST NO. 12:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 12 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**<u>REQUEST FOR ADMISSION NO. 13:</u>**

Admit that you did not personally ensure communication accommodations were in place for at least one hearing or adverse decision.

**RESPONSE TO REQUEST NO. 13:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 13 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good

faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**REQUEST FOR ADMISSION NO. 14:**

Admit that SHRA has no formal procedure for pre-hearing review of accommodation requests by a neutral party not involved in denial decisions.

**RESPONSE TO REQUEST NO. 14:**

Responding Party is not able to admit or deny Request for Admission No. 14 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**REQUEST FOR ADMISSION NO. 15:**

Admit that your role in reviewing accommodation requests includes identifying reasons to deny nexus or documentation rather than neutrally evaluating whether the request is reasonable.

**RESPONSE TO REQUEST NO. 15:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 15 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information

with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**REQUEST FOR ADMISSION NO. 16:**

Admit that SHRA has not issued written findings for one or more of Plaintiffs' hearing requests.

**RESPONSE TO REQUEST NO. 16:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 16 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**REQUEST FOR ADMISSION NO. 17:**

Admit that SHRA's administrative procedures do not require case file access to be granted in advance of informal hearings.

**RESPONSE TO REQUEST NO. 17:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 17 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee

of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you have received complaints from tenants, advocates, or other agencies alleging disability discrimination or failure to accommodate by SHRA staff.

**RESPONSE TO REQUEST NO. 18:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 18 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

Dated: May 12, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: Monica Castillo

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants

**PROOF OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT IBRA HENLY'S RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSION, SET TWO**

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on May 12, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

______________________________
Geraldine Touson

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

# EXHIBIT P-3

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA C. CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
CHANDNI B. MISTRY (SBN 354088)
Chandni.Mistry@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.: 2:22-cv-01699 TLN AC PS<br><br>**DEFENDANT IBRA HENLY'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE**<br><br>**[FED. R. CIV. P. 26(A)(1)]**<br><br>Honorable Allison Claire |

PROPOUNDING PARTY: Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

RESPONDING PARTY: Defendant, IBRA HENLY

SET NO.: One (1)

//

//

//

Defendant, IBRA HENLY, (hereinafter referred to as "Defendant" or "Responding Party"), by and through their attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby responds to Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL's Interrogatories, Set One, as follows:

**PRELIMINARY STATEMENT**

These responses and objections are based upon responding party's diligent and best efforts to respond to these discovery requests based upon the investigation carried out to date with respect to facts relevant to this litigation. There may exist further information responsive to these discovery requests which is not within responding party's present knowledge or reasonably available to responding party. There may be information relating to the subject matter of this discovery which responding party has not located, identified, or reviewed, despite its best efforts to do so. There may exist persons with knowledge relating to the subject matter of these discovery requests of whom responding party is not presently aware, whom it has not interviewed, or who have not been deposed. Accordingly, these responses and objections are based solely upon facts and information presently known to responding party, and these responses and objections do not constitute an admission or representation that additional facts, documents, or witnesses with knowledge relevant to the subject matter of this litigation do not exist.

In the course of this litigation, responding party may discovery additional facts witnesses, or documents relevant to its discovery responses and objections set forth herein. Without any manner obligating itself to do so, responding party reserves the right to alter, supplement, amend or otherwise modify these responses at any time.

**GENERAL OBJECTIONS AND RESERVATIONS**

Each response and objection provided by responding party in response to propounding party's discovery requests herein is subject to the following General Objections and Reservations, which are incorporated into each of the responses set forth hereinafter:

1. Responding Party objects to Propounding Party's discovery requests to the extent they call for information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges, including documents prepared

in anticipation of litigation. Such information will not be provided.

2. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses containing privileged, proprietary and/or confidential business information or trade secrets. Such information will not be provided.

3. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses or information violative of any constitutional, statutory or common law privacy rights of Responding Party, any current or former employee of Responding Party, or any other persons. Such information will not be provided.

4. Responding Party objects to Propounding Party's discovery requests on the bases that they are not reasonably limited in time, are overboard, vague, ambiguous and unintelligible.

5. Responding Party objects to Propounding Party's discovery requests to the extent they seek information or documents already in the possession, custody or control of Propounding Party, or are as easily accessible to Propounding Party as to Responding Party.

6. Responding Party objects to Propounding Party's discovery requests on the basis that they are violative of Federal Rules of Civil Procedure, Rule 33.

7. As used herein, all objections as to relevancy shall mean that the information requested is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

8. Nothing herein shall be construed as an admission by responding party as respects the admissibility or relevance of any fact or document.

9. Pursuant to Federal Rule of Civil Procedure, Rule 26(e), Defendants fully reserve the right to amend, supplement, or otherwise modify these disclosures should different, contrary, or additional information become available.

//

//

//

//

//

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify your current job title and describe your responsibilities at SHRA, including your role in the informal hearing process and in the review, analysis, or recommendation of reasonable accommodation requests.

**RESPONSE TO INTERROGATORY NO. 1:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term “role” as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 2:**

State all job titles you have held within SHRA since 2018, the dates of each position, and your responsibilities with respect to Housing Choice Voucher (HCV) hearings or accommodations for persons with disabilities.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory because it is vague, ambiguous, and overly burdensome because it seeks a high level of detail regarding employment information from over seven years ago that is neither relevant to the incident giving rise to this litigation, nor reasonably calculated to lead to admissible evidence.

//

**INTERROGATORY NO. 3:**

Describe your role in coordinating, scheduling, or participating in any informal hearing requested by Plaintiffs between 2022 and 2024.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 4:**

Identify all reasonable accommodation requests submitted by Plaintiffs that you reviewed, analyzed, responded to, or were copied on, including the date of the request, any communication with staff or supervisors, and your recommendations or determinations.

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 5:**

State whether you have received any formal training between 2020 and 2024 regarding your responsibilities under the Fair Housing Act (FHA), Americans with Disabilities Act (ADA), Rehabilitation Act, or California civil rights statutes such as FEHA or CDPA.

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not

reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "formal training" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 6:**

Describe your understanding of SHRA's obligations to provide reasonable accommodations in its HCV program and informal hearings, and explain your role in evaluating whether an accommodation is supported by medical or nexus documentation.

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "your understanding" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations. Responding Party further objects to this interrogatory to the extent that it is compound. Responding Party will treat this as two separate Interrogatories, as provided by Federal Rules of Civil Procedure, Rule 33(a)(1), and identify the separate Interrogatories as Interrogatory 6a and Interrogatory 6b for clarity.

**INTERROGATORY NO. 6a:**

Describe your understanding of SHRA's obligations to provide reasonable accommodations in its HCV program and informal hearings.

**RESPONSE TO INTERROGATORY NO. 6a:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "your understanding" as it is vague, subjective, ambiguous, undefined, and

subject to multiple interpretations.

**INTERROGATORY NO. 6b:**

Explain your role in evaluating whether an accommodation is supported by medical or nexus documentation.

**RESPONSE TO INTERROGATORY NO. 6b:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term “nexus documentation” as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 7:**

State whether you have ever made statements, either verbally or in writing, suggesting that a voucher participant’s disability was fake, exaggerated, or unsupported, including the date and circumstances of such statements.

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad as to time and scope, burdensome, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 8:**

Describe SHRA’s process for identifying and investigating staff misconduct or bias related to the handling of disability accommodations, and identify whether you have been the subject of any complaint, review, or supervisory directive related to such conduct.

//

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory to the extent that it is compound. Responding Party will treat this as two separate Interrogatories, as provided by Federal Rules of Civil Procedure, Rule 33(a)(1), and identify the separate Interrogatories as Interrogatory 8a and Interrogatory 8b for clarity.

**INTERROGATORY NO. 8a:**

Describe SHRA's process for identifying and investigating staff misconduct or bias related to the handling of disability accommodations.

**RESPONSE TO INTERROGATORY NO. 8a:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad as to time and scope, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 8b:**

Identify whether you have been the subject of any complaint, review, or supervisory directive related to misconduct or bias related to the handling of disability accommodations.

**RESPONSE TO INTERROGATORY NO. 8b:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad as to time and scope, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

//

**INTERROGATORY NO. 9:**

Identify all persons with whom you discussed Plaintiffs' reasonable accommodation requests, the substance of those discussions, and whether any SHRA policy or practice was cited as a reason for denying or delaying action.

**RESPONSE TO INTERROGATORY NO. 9:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 10:**

Describe how you distinguish between conducting a neutral administrative review and advocating for SHRA's interest in opposing or denying an accommodation request.

**RESPONSE TO INTERROGATORY NO. 10:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "distinguish" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

Dated: May 12, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: /s/ Monica Castillo

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants

**PROOF OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT IBRA HENLY'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE**

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on May 12, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Geraldine Touson

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

# EXHIBIT P-4

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA C. CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
CHANDNI B. MISTRY (SBN 354088)
Chandni.Mistry@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.: 2:22-cv-01699 TLN AC PS<br><br>**DEFENDANT IBRA HENLY'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET TWO**<br><br>**[FED. R. CIV. P. 26(A)(1)]**<br><br>Honorable Allison Claire |

PROPOUNDING PARTY: Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

RESPONDING PARTY: Defendant, IBRA HENLY

SET NO.: Two (2)

//

//

//

Defendant, IBRA HENLY, (hereinafter referred to as “Defendant” or “Responding Party”), by and through their attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby responds to Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL’s Interrogatories, Set Two, as follows:

**PRELIMINARY STATEMENT**

These responses and objections are based upon responding party’s diligent and best efforts to respond to these discovery requests based upon the investigation carried out to date with respect to facts relevant to this litigation. There may exist further information responsive to these discovery requests which is not within responding party’s present knowledge or reasonably available to responding party. There may be information relating to the subject matter of this discovery which responding party has not located, identified, or reviewed, despite its best efforts to do so. There may exist persons with knowledge relating to the subject matter of these discovery requests of whom responding party is not presently aware, whom it has not interviewed, or who have not been deposed. Accordingly, these responses and objections are based solely upon facts and information presently known to responding party, and these responses and objections do not constitute an admission or representation that additional facts, documents, or witnesses with knowledge relevant to the subject matter of this litigation do not exist.

In the course of this litigation, responding party may discovery additional facts witnesses, or documents relevant to its discovery responses and objections set forth herein. Without any manner obligating itself to do so, responding party reserves the right to alter, supplement, amend or otherwise modify these responses at any time.

**GENERAL OBJECTIONS AND RESERVATIONS**

Each response and objection provided by responding party in response to propounding party's discovery requests herein is subject to the following General Objections and Reservations, which are incorporated into each of the responses set forth hereinafter:

1. Responding Party objects to Propounding Party's discovery requests to the extent they call for information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges, including documents prepared

in anticipation of litigation. Such information will not be provided.

2. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses containing privileged, proprietary and/or confidential business information or trade secrets. Such information will not be provided.

3. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses or information violative of any constitutional, statutory or common law privacy rights of Responding Party, any current or former employee of Responding Party, or any other persons. Such information will not be provided.

4. Responding Party objects to Propounding Party's discovery requests on the bases that they are not reasonably limited in time, are overboard, vague, ambiguous and unintelligible.

5. Responding Party objects to Propounding Party's discovery requests to the extent they seek information or documents already in the possession, custody or control of Propounding Party, or are as easily accessible to Propounding Party as to Responding Party.

6. Responding Party objects to Propounding Party's discovery requests on the basis that they are violative of Federal Rules of Civil Procedure, Rule 33.

7. As used herein, all objections as to relevancy shall mean that the information requested is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

8. Nothing herein shall be construed as an admission by responding party as respects the admissibility or relevance of any fact or document.

9. Pursuant to Federal Rule of Civil Procedure, Rule 26(e), Defendants fully reserve the right to amend, supplement, or otherwise modify these disclosures should different, contrary, or additional information become available.

//

//

//

//

//

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 11:**

Identify all emails, text messages, internal notes, or case file entries created by you regarding Plaintiffs' informal hearing requests or reasonable accommodation requests between 2022 and 2024.

**RESPONSE TO INTERROGATORY NO. 11:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "internal notes" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 12:**

Describe the process by which you determine whether a participant's claimed disability or accommodation need is legitimate, including any criteria or sources of authority you rely on.

**RESPONSE TO INTERROGATORY NO. 2**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "legitimate" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 13:**

Identify all staff members you consulted or communicated with regarding Plaintiffs' accommodation or hearing requests, and describe the substance of each discussion.

//

**RESPONSE TO INTERROGATORY NO. 13:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "consulted" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 14:**

State whether you are aware of SHRA policies or practices that limit or delay processing of accommodation requests involving multiple RFTAs, rent reasonableness exceptions, or housing requests outside designated zip codes.

**RESPONSE TO INTERROGATORY NO. 14:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the terms "RFTAs" and "rent reasonableness exceptions" as they are vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 15:**

Describe all complaints, legal claims, or grievances you are aware of involving allegations of disability discrimination or due process violations during your tenure at SHRA, whether filed by Plaintiffs or others.

**RESPONSE TO INTERROGATORY NO. 15:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects

to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory to the extent it invade information protected by attorney-client privilege. Responding Party further objects to the term "grievances" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

Dated: May 12, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: Monica Castillo

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants

**PROOF OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT IBRA HENLY'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET TWO**

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on May 12, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Geraldine Touson

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

# EXHIBIT P-5

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA C. CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
CHANDNI B. MISTRY (SBN 354088)
Chandni.Mistry@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.: 2:22-cv-01699 TLN AC PS<br><br>**DEFENDANT LA SHELLE DOZIER'S RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSION, SET ONE**<br><br>**[FED. R. CIV. P. 26(A)(1)]**<br><br>Honorable Allison Claire |

PROPOUNDING PARTY: Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

RESPONDING PARTY: Defendant, LA SHELLE DOZIER

SET NO.: One (1)

//

//

//

Defendant, LA SHELLE DOZIER, by and through its attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby provides her Responses to Requests for Admissions, Set One, propounded by Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL, as follows:

**PRELIMINARY STATEMENT**

Responding Party has not completed his investigation or discovery in this action. This response is based on Responding Party's knowledge, information and belief at this time, and is complete to the best of his present knowledge and understanding. Responding Party reserves the right to refer to, to conduct discovery with reference to, and/or to offer into evidence at the time of trial any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response. Responding Party assumes no obligation to voluntarily supplement or amend this response to reflect facts, evidence, or other information discovered following service of this response. Nevertheless, this response is given without prejudice to subsequent revision or supplementation based upon facts, evidence, and other information, which hereafter may be discovered.

**GENERAL OBJECTIONS**

The following General Objections are applicable to and incorporated into each response. The assertion of the same, similar, or additional objections in any specific response does not waive Responding Party's general objections as set forth below:

1. Responding Party objects to the following Requests for Admisssion to the extent that any of them seek information protected from disclosure by the attorney-client privilege, the work product doctrine, patient-psychiatrist privilege, and/or any other applicable privilege or protection. Responding Party intends to and does claim privilege with respect to all such information and declines to provide any such information. Any inadvertent disclosure of privileged or protected information is not intended to be, and should not be deemed, a waiver of any privilege or protection from disclosure.

2. Responding Party objects to the following Requests for Admissions to the extent that they seek to impose obligations or burdens that exceed those imposed by the Federal Rules of Civil

Procedure.

3. Responding Party objects to the following Requests for Admissions to the extent that they seek confidential information and/or private information of third parties. Such information will be provided only pursuant to the terms of an appropriate protective order and/or with the written consent of such third parties.

4. Responding Party objects to the following Requests for Admissions to the extent that they seek information prohibited and/or restricted from disclosure by agreement, law or regulation.

5. Responding Party objects to the following Requests for Admissions to the extent that they seek information outside the possession, control, or custody of Responding Party.

6. Responding Party objects to the following Requests for Admissions to the extent that they seek information and/or documents irrelevant to the dispute at issue in this lawsuit and unlikely to lead to the discovery of admissible evidence.

7. Responding Party objects to the following Requests for Admissions to the extent that they are overbroad, unduly burdensome and harassing, and to the extent that they seek documents and information that are equally available to Propounding Party, publicly available, and/or that are more properly and more readily obtained from third parties.

8. Responding Party objects to the following Requests for Admissions to the extent that they contain vague or ambiguous terms, as such Requests for Admissions are overbroad, unduly burdensome and harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

9. Responding Party objects to the following Requests for Admissions as premature as investigation and fact and expert discovery is ongoing in this action, and reserves the right to supplement all responses, pursuant to Rule 36, subsequent to the completion of discovery.

10. Information provided in response to the Requests for Admissions are provided without waiver of, and with express reservation of: (a) all objections as to the competency, relevancy, materiality, and admissibility of such information and the subject matter thereof as evidence for any purpose in any further proceeding in this action, or in any other action; (b) the right to object to the use of such information, or the subject matter thereof, on any ground in any further proceeding in

this action, or in any other action; and (c) the right to object on any ground at any time to a demand or Requests for further responses to these Requests for Admissions or any other Requests or other discovery proceedings.

11. The Specific Responses below are based upon information reasonably available to Responding Party as of the date of this Response, after having made a diligent search. Responding Party reserves the right to supplement, revise, or correct any response pursuant to Fed. R. Civ. P. 26(e) during and subsequent to the completion of discovery. The Specific Responses are made without prejudice to Responding Party's right to present at trial, or in support or opposition ot any dispositive motion, additional evidence or witnesses as they may be discovered or produced. Responding Party further reserves the right to challenge the competence, relevance, materiality, and admissibility at trial or any subsequent proceeding, of this or any other action, of any information or documents it provides in response to these Requests.

The foregoing General Objections are incorporated into the responses of each of the Requests for Admissions below as though set forth fully therein.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that SHRA is a public entity subject to Title II of the Americans with Disabilities Act.

**RESPONSE TO REQUEST NO. 1:**

Denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 2:**

Admit that you are the signatory on SHRA's Voluntary Compliance Agreement with HUD dated March 12, 2020.

**RESPONSE TO REQUEST NO. 2:**

Denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 3:**

Admit that the Voluntary Compliance Agreement requires SHRA to provide effective communication and accessible grievance procedures under Section 504 and the ADA.

**RESPONSE TO REQUEST NO. 3:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 4:**

Admit that SHRA failed to complete or issue a written decision following Plaintiffs' informal hearing originally scheduled for April 20, 2023 (and held on June 2, 2023), and also failed to issue a decision after their prior hearing held on September 12, 2022.

**RESPONSE TO REQUEST NO. 4:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 5:**

Admit that SHRA had knowledge that Plaintiffs had moved to a new address and yet continued to issue housing assistance payments to a landlord at their former residence for over one year.

**RESPONSE TO REQUEST NO. 5:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 6:**

Admit that you received at least one email directly from Plaintiffs during 2022 or 2023

regarding a request for hearing access, real-time transcription, or another disability-related accommodation.

**RESPONSE TO REQUEST NO. 6:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 7:**

Admit that Plaintiffs notified you of concerns regarding discrimination or cancellation of hearings in violation of 24 C.F.R. § 982.555 and ADA Title II.

**RESPONSE TO REQUEST NO. 7:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 8:**

Admit that SHRA did not provide Plaintiffs with an opportunity to inspect their case file prior to one or more scheduled informal hearings.

**RESPONSE TO REQUEST NO. 8:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 9:**

Admit that as Executive Director, you had authority to intervene, escalate, or override procedural decisions regarding informal hearings or reasonable accommodation denials.

**RESPONSE TO REQUEST NO. 9:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms.

Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 10:**

Admit that SHRA does not have a written policy requiring that reasonable accommodation complaints or hearing cancellations be logged and tracked by Executive Management or Human Resources.

**RESPONSE TO REQUEST NO. 10:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 11:**

Admit that you personally received one or more emails from Plaintiffs in 2023 requesting reasonable accommodations related to “rent reasonableness,” informal hearing access, and communication by email.

**RESPONSE TO REQUEST NO. 11:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 12:**

Admit that despite receiving multiple written complaints and accommodation requests from Plaintiffs, SHRA did not provide written notice of denial, did not issue formal explanations for adverse actions, and did not complete or schedule requested hearings within the timelines described in SHRA’s administrative plan.

**RESPONSE TO REQUEST NO. 12:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms.

Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

Dated: May 12, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: *Monica Castillo*

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants

**PROOF OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT LA SHELLE DOZIER'S RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSION, SET ONE**

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on May 12, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.



Geraldine Touson

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

# EXHIBIT P-6

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA C. CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
CHANDNI B. MISTRY (SBN 354088)
Chandni.Mistry@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.: 2:22-cv-01699 TLN AC PS<br><br>**DEFENDANT LA SHELLE DOZIER'S RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSION, SET TWO**<br><br>**[FED. R. CIV. P. 26(A)(1)]**<br><br>Honorable Allison Claire |

PROPOUNDING PARTY: Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

RESPONDING PARTY: Defendant, LA SHELLE DOZIER

SET NO.: Two (2)

//

//

//

Defendant, LA SHELLE DOZIER, by and through its attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby provides her Responses to Requests for Admissions, Set Two, propounded by Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL, as follows:

**PRELIMINARY STATEMENT**

Responding Party has not completed his investigation or discovery in this action. This response is based on Responding Party's knowledge, information and belief at this time, and is complete to the best of his present knowledge and understanding. Responding Party reserves the right to refer to, to conduct discovery with reference to, and/or to offer into evidence at the time of trial any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response. Responding Party assumes no obligation to voluntarily supplement or amend this response to reflect facts, evidence, or other information discovered following service of this response. Nevertheless, this response is given without prejudice to subsequent revision or supplementation based upon facts, evidence, and other information, which hereafter may be discovered.

**GENERAL OBJECTIONS**

The following General Objections are applicable to and incorporated into each response. The assertion of the same, similar, or additional objections in any specific response does not waive Responding Party's general objections as set forth below:

1. Responding Party objects to the following Requests for Admission to the extent that any of them seek information protected from disclosure by the attorney-client privilege, the work product doctrine, patient-psychiatrist privilege, and/or any other applicable privilege or protection. Responding Party intends to and does claim privilege with respect to all such information and declines to provide any such information. Any inadvertent disclosure of privileged or protected information is not intended to be, and should not be deemed, a waiver of any privilege or protection from disclosure.

2. Responding Party objects to the following Requests for Admissions to the extent that they seek to impose obligations or burdens that exceed those imposed by the Federal Rules of Civil

Procedure.

3. Responding Party objects to the following Requests for Admissions to the extent that they seek confidential information and/or private information of third parties. Such information will be provided only pursuant to the terms of an appropriate protective order and/or with the written consent of such third parties.

4. Responding Party objects to the following Requests for Admissions to the extent that they seek information prohibited and/or restricted from disclosure by agreement, law or regulation.

5. Responding Party objects to the following Requests for Admissions to the extent that they seek information outside the possession, control, or custody of Responding Party.

6. Responding Party objects to the following Requests for Admissions to the extent that they seek information and/or documents irrelevant to the dispute at issue in this lawsuit and unlikely to lead to the discovery of admissible evidence.

7. Responding Party objects to the following Requests for Admissions to the extent that they are overbroad, unduly burdensome and harassing, and to the extent that they seek documents and information that are equally available to Propounding Party, publicly available, and/or that are more properly and more readily obtained from third parties.

8. Responding Party objects to the following Requests for Admissions to the extent that they contain vague or ambiguous terms, as such Requests for Admissions are overbroad, unduly burdensome and harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

9. Responding Party objects to the following Requests for Admissions as premature as investigation and fact and expert discovery is ongoing in this action, and reserves the right to supplement all responses, pursuant to Rule 36, subsequent to the completion of discovery.

10. Information provided in response to the Requests for Admissions are provided without waiver of, and with express reservation of: (a) all objections as to the competency, relevancy, materiality, and admissibility of such information and the subject matter thereof as evidence for any purpose in any further proceeding in this action, or in any other action; (b) the right to object to the use of such information, or the subject matter thereof, on any ground in any further proceeding in

this action, or in any other action; and (c) the right to object on any ground at any time to a demand or Requests for further responses to these Requests for Admissions or any other Requests or other discovery proceedings.

11. The Specific Responses below are based upon information reasonably available to Responding Party as of the date of this Response, after having made a diligent search. Responding Party reserves the right to supplement, revise, or correct any response pursuant to Fed. R. Civ. P. 26(e) during and subsequent to the completion of discovery. The Specific Responses are made without prejudice to Responding Party's right to present at trial, or in support or opposition ot any dispositive motion, additional evidence or witnesses as they may be discovered or produced. Responding Party further reserves the right to challenge the competence, relevance, materiality, and admissibility at trial or any subsequent proceeding, of this or any other action, of any information or documents it provides in response to these Requests.

The foregoing General Objections are incorporated into the responses of each of the Requests for Admissions below as though set forth fully therein.

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 6:**

Admit that you received at least one email directly from Plaintiffs during 2022 or 2023 regarding a request for hearing access, real-time transcription, or another disability-related accommodation.

**RESPONSE TO REQUEST NO. 6:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 7:**

Admit that Plaintiffs notified you of concerns regarding discrimination or cancellation of hearings in violation of 24 C.F.R. § 982.555 and ADA Title II.

//

**RESPONSE TO REQUEST NO. 7:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 8:**

Admit that SHRA did not provide Plaintiffs with an opportunity to inspect their case file prior to one or more scheduled informal hearings.

**RESPONSE TO REQUEST NO. 8:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 9:**

Admit that as Executive Director, you had authority to intervene, escalate, or override procedural decisions regarding informal hearings or reasonable accommodation denials.

**RESPONSE TO REQUEST NO. 9:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 10:**

Admit that SHRA does not have a written policy requiring that reasonable accommodation complaints or hearing cancellations be logged and tracked by Executive Management or Human Resources.

**RESPONSE TO REQUEST NO. 10:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is

continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 11:**

Admit that you personally received one or more emails from Plaintiffs in 2023 requesting reasonable accommodations related to "rent reasonableness," informal hearing access, and communication by email.

**RESPONSE TO REQUEST NO. 11:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 12:**

Admit that despite receiving multiple written complaints and accommodation requests from Plaintiffs, SHRA did not provide written notice of denial, did not issue formal explanations for adverse actions, and did not complete or schedule requested hearings within the timelines described in SHRA's administrative plan.

**RESPONSE TO REQUEST NO. 12:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

Dated: May 12, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: *Monica Castillo*

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants

**PROOF OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT LA SHELLE DOZIER'S RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSION, SET TWO**

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on May 12, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Geraldine Touson

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

# EXHIBIT P-7

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA C. CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
CHANDNI B. MISTRY (SBN 354088)
Chandni.Mistry@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

Plaintiffs,

v.

SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,

Defendants.

No.: 2:22-cv-01699 TLN AC PS

**DEFENDANT LA SHELLE DOZIER'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE**

**[FED. R. CIV. P. 26(A)(1)]**

Honorable Allison Claire

PROPOUNDING PARTY: Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

RESPONDING PARTY: Defendant, LA SHELLE DOZIER

SET NO.: One (1)

//

//

//

Defendant, LA SHELLE DOZIER, (hereinafter referred to as "Defendant" or "Responding Party"), by and through her attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby responds to Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL's Interrogatories, Set One, as follows:

**PRELIMINARY STATEMENT**

These responses and objections are based upon responding party's diligent and best efforts to respond to these discovery requests based upon the investigation carried out to date with respect to facts relevant to this litigation. There may exist further information responsive to these discovery requests which is not within responding party's present knowledge or reasonably available to responding party. There may be information relating to the subject matter of this discovery which responding party has not located, identified, or reviewed, despite its best efforts to do so. There may exist persons with knowledge relating to the subject matter of these discovery requests of whom responding party is not presently aware, whom it has not interviewed, or who have not been deposed. Accordingly, these responses and objections are based solely upon facts and information presently known to responding party, and these responses and objections do not constitute an admission or representation that additional facts, documents, or witnesses with knowledge relevant to the subject matter of this litigation do not exist.

In the course of this litigation, responding party may discovery additional facts witnesses, or documents relevant to its discovery responses and objections set forth herein. Without any manner obligating itself to do so, responding party reserves the right to alter, supplement, amend or otherwise modify these responses at any time.

**GENERAL OBJECTIONS AND RESERVATIONS**

Each response and objection provided by responding party in response to propounding party's discovery requests herein is subject to the following General Objections and Reservations, which are incorporated into each of the responses set forth hereinafter:

1. Responding Party objects to Propounding Party's discovery requests to the extent they call for information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges, including documents prepared

in anticipation of litigation. Such information will not be provided.

2. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses containing privileged, proprietary and/or confidential business information or trade secrets. Such information will not be provided.

3. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses or information violative of any constitutional, statutory or common law privacy rights of Responding Party, any current or former employee of Responding Party, or any other persons. Such information will not be provided.

4. Responding Party objects to Propounding Party's discovery requests on the bases that they are not reasonably limited in time, are overboard, vague, ambiguous and unintelligible.

5. Responding Party objects to Propounding Party's discovery requests to the extent they seek information or documents already in the possession, custody or control of Propounding Party, or are as easily accessible to Propounding Party as to Responding Party.

6. Responding Party objects to Propounding Party's discovery requests on the basis that they are violative of Federal Rules of Civil Procedure, Rule 33.

7. As used herein, all objections as to relevancy shall mean that the information requested is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

8. Nothing herein shall be construed as an admission by responding party as respects the admissibility or relevance of any fact or document.

9. Pursuant to Federal Rule of Civil Procedure, Rule 26(e), Defendants fully reserve the right to amend, supplement, or otherwise modify these disclosures should different, contrary, or additional information become available.

//

//

//

//

//

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Describe in detail your current duties and responsibilities as Executive Director of SHRA, including your supervisory authority over SHRA's Housing Choice Voucher program and any role you play in reviewing or approving policies related to participant accommodations or informal hearings.

**RESPONSE TO INTERROGATORY NO. 1:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 2:**

Identify the dates and roles of all positions you have held at SHRA, including your role as Director or Manager of the Housing Choice Voucher (HCV) unit. For each position, describe your responsibilities regarding policy development and compliance monitoring.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory because it is vague, ambiguous, and overly burdensome because it seeks a high level of detail regarding employment information over an unspecified time period that is neither relevant to the incident giving rise to this litigation, nor reasonably calculated to lead to admissible evidence.

**INTERROGATORY NO. 3:**

Describe the policies and procedures in effect between 2020 and 2024 regarding how SHRA

schedules, conducts, records, and resolves informal hearings under 24 C.F.R. § 982.555.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 4:**

Describe the procedures used by SHRA to ensure that participants with disabilities receive effective communication and access to services, including what auxiliary aids or reasonable modifications are offered in hearings or inspections.

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory because it is vague, ambiguous, and overly burdensome. Responding Party further objects to this interrogatory to the extent that it is compound. Responding Party will treat this as two separate Interrogatories, as provided by Federal Rules of Civil Procedure, Rule 33(a)(1), and identify the separate Interrogatories as Interrogatory 4a and Interrogatory 4b for clarity.

**INTERROGATORY NO. 4a:**

Describe the procedures used by SHRA to ensure that participants with disabilities receive effective communication and access to services.

**RESPONSE TO INTERROGATORY NO. 4a:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds

the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 4b:**

Describe what auxiliary aids or reasonable modifications are offered in hearings or inspections.

**RESPONSE TO INTERROGATORY NO. 4b:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 5:**

Identify all individuals who served on SHRA's Reasonable Accommodation Committee between 2020 and 2024, and describe their roles, responsibilities, and qualifications.

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory because it is vague, ambiguous, and overly burdensome because of the number of individuals on SHRA's Reasonable Accommodation Committee from 2020 to 2024 and the high level of detail this request seeks for each individual that is neither relevant to the incident giving rise to this litigation, nor reasonably calculated to lead to admissible evidence.

**INTERROGATORY NO. 6:**

Describe the grievance and appeal process available to Housing Choice Voucher participants who allege discrimination, denial of access to services, or denial of hearing rights.

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 7:**

State whether you received or reviewed any direct communications from Plaintiffs in 2022 or 2023 regarding informal hearing delays, denial of accommodations, or disability discrimination, and describe any actions you took or directed others to take.

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory because it is vague, ambiguous, and overly burdensome. Responding Party further objects to this interrogatory to the extent that it is compound. Responding Party will treat this as three separate Interrogatories, as provided by Federal Rules of Civil Procedure, Rule 33(a)(1), and identify the separate Interrogatories as Interrogatories 7a through 7c for clarity.

**INTERROGATORY 7a:**

State whether you received or reviewed any direct communications from Plaintiffs in 2022 or 2023 regarding informal hearing delays, denial of accommodations, or disability discrimination.

**RESPONSE TO INTERROGATORY 7a:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not

reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY 7b:**

Describe any actions you took regarding direct communications from Plaintiffs in 2022 or 2023 regarding informal hearing delays, denial of accommodations, or disability discrimination.

**RESPONSE TO INTERROGATORY 7b:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY 7c:**

Describe any actions you directed other to take regarding direct communications from Plaintiffs in 2022 or 2023 regarding informal hearing delays, denial of accommodations, or disability discrimination

**RESPONSE TO INTERROGATORY 7c:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 8:**

Identify all internal SHRA memoranda, training materials, or guidance documents issued from 2020 to 2024 regarding due process obligations under 24 C.F.R. § 982.555 and the ADA.

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not

reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 9:**

Describe SHRA's policies from 2020 to 2024 for handling multiple RFTA submissions by a voucher holder and whether exceptions were allowed as a reasonable accommodation.

**RESPONSE TO INTERROGATORY NO. 9:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory because it is vague, ambiguous, and overly burdensome. Responding Party further objects to the terms "exceptions" and "RFTA" as they are vague, subjective, ambiguous, undefined, and subject to multiple interpretations. Responding Party further objects to this interrogatory to the extent that it is compound. Responding Party will treat this as two separate Interrogatories, as provided by Federal Rules of Civil Procedure, Rule 33(a)(1), and identify the separate Interrogatories as Interrogatories 9a through 9b for clarity.

**INTERROGATORY NO. 9a:**

Describe SHRA's policies from 2020 to 2024 for handling multiple RFTA submissions by a voucher holder.

**RESPONSE TO INTERROGATORY NO. 9a:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "RFTA" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

//

**INTERROGATORY NO. 9b:**

Describe SHRA's policies from 2020 to 2024 regarding whether exceptions were allowed as a reasonable accommodation.

**RESPONSE TO INTERROGATORY NO. 9b:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "exceptions" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 10:**

Identify any oversight reports, audits, or compliance reviews SHRA received from HUD between 2020 and 2024 that identified concerns about informal hearing practices or disability access.

**RESPONSE TO INTERROGATORY NO. 10:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 11:**

Identify all emails, letters, or communications received by you from Plaintiffs or their representatives between 2022 and 2024 regarding allegations of disability discrimination, denial of due process, or failure to accommodate.

**RESPONSE TO INTERROGATORY NO. 11:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds

the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 12:**

Describe any steps you personally took, or directed others to take, in response to the multiple emails and communications you received from Plaintiffs in 2023 alleging disability discrimination, failure to accommodate, denial of access to program services, voiding of RFTAs, or cancellation of informal hearings. Include dates and individuals involved in evaluating or responding to each concern.

**RESPONSE TO INTERROGATORY NO. 12:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory as it assumes facts not in evidence, specifically that Responding Party received "multiple emails and communications . . . from Plaintiffs in 2023 alleging disability discrimination, failure to accommodate, denial of access to program services, voiding of RFTAs, or cancellation of informal hearings." Responding Party further objects to the term "RFTAs" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 13:**

Identify any SHRA internal procedures in effect between 2020 and 2024 requiring that staff escalate unresolved accommodation requests or civil rights complaints to your office or the Executive Director.

**RESPONSE TO INTERROGATORY NO. 13:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects

to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 14:**

Describe the policies in place at SHRA for investigating staff misconduct, retaliation, or failure to comply with the ADA, Section 504, or Title VI.

**RESPONSE TO INTERROGATORY NO. 14:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "retaliation" as it is vague, subjective, ambiguous, unclear as to what it is referring to, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 15:**

State whether SHRA has ever disciplined, reassigned, or retrained any employee based on a substantiated finding of discrimination or failure to accommodate between 2018 and 2024. If so, identify the employee(s), nature of misconduct, and resulting action.

**RESPONSE TO INTERROGATORY NO. 15:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory because it is vague, ambiguous, and overly burdensome. Responding Party further objects to this interrogatory to the extent that it is compound. Responding Party will treat this as two separate Interrogatories, as provided by Federal Rules of Civil Procedure, Rule 33(a)(1), and identify the separate Interrogatories as Interrogatories 15a through 15b for clarity.

//

**INTERROGATORY NO. 15a:**

State whether SHRA has ever disciplined, reassigned, or retrained any employee based on a substantiated finding of discrimination or failure to accommodate between 2018 and 2024.

**RESPONSE TO INTERROGATORY NO. 15a:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 15b:**

If your answer to Interrogatory No. 15a was yes, identify the employee(s), nature of misconduct, and resulting action.

**RESPONSE TO INTERROGATORY NO. 15b:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, violates third party's right to privacy, and is not reasonably calculated to lead to the discovery of admissible evidence.

Dated: May 12, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: *Monica Castillo*

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants

**PROOF OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT LA SHELLE DOZIER'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE**

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on May 12, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Geraldine Touson

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

# EXHIBIT P-8

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA C. CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
CHANDNI B. MISTRY (SBN 354088)
Chandni.Mistry@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

Plaintiffs,

v.

SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,

Defendants.

No.: 2:22-cv-01699 TLN AC PS

**DEFENDANT LA SHELLE DOZIER'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET TWO**

**[FED. R. CIV. P. 26(A)(1)]**

Honorable Allison Claire

PROPOUNDING PARTY: Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

RESPONDING PARTY: Defendant, LA SHELLE DOZIER

SET NO.: Two (2)

//

//

//

Defendant, LA SHELLE DOZIER, (hereinafter referred to as “Defendant” or “Responding Party”), by and through her attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby responds to Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL’s Interrogatories, Set Two, as follows:

## PRELIMINARY STATEMENT

These responses and objections are based upon responding party’s diligent and best efforts to respond to these discovery requests based upon the investigation carried out to date with respect to facts relevant to this litigation. There may exist further information responsive to these discovery requests which is not within responding party’s present knowledge or reasonably available to responding party. There may be information relating to the subject matter of this discovery which responding party has not located, identified, or reviewed, despite its best efforts to do so. There may exist persons with knowledge relating to the subject matter of these discovery requests of whom responding party is not presently aware, whom it has not interviewed, or who have not been deposed. Accordingly, these responses and objections are based solely upon facts and information presently known to responding party, and these responses and objections do not constitute an admission or representation that additional facts, documents, or witnesses with knowledge relevant to the subject matter of this litigation do not exist.

In the course of this litigation, responding party may discovery additional facts witnesses, or documents relevant to its discovery responses and objections set forth herein. Without any manner obligating itself to do so, responding party reserves the right to alter, supplement, amend or otherwise modify these responses at any time.

## GENERAL OBJECTIONS AND RESERVATIONS

Each response and objection provided by responding party in response to propounding party's discovery requests herein is subject to the following General Objections and Reservations, which are incorporated into each of the responses set forth hereinafter:

1. Responding Party objects to Propounding Party's discovery requests to the extent they call for information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges, including documents prepared

in anticipation of litigation. Such information will not be provided.

2. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses containing privileged, proprietary and/or confidential business information or trade secrets. Such information will not be provided.

3. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses or information violative of any constitutional, statutory or common law privacy rights of Responding Party, any current or former employee of Responding Party, or any other persons. Such information will not be provided.

4. Responding Party objects to Propounding Party's discovery requests on the bases that they are not reasonably limited in time, are overboard, vague, ambiguous and unintelligible.

5. Responding Party objects to Propounding Party's discovery requests to the extent they seek information or documents already in the possession, custody or control of Propounding Party, or are as easily accessible to Propounding Party as to Responding Party.

6. Responding Party objects to Propounding Party's discovery requests on the basis that they are violative of Federal Rules of Civil Procedure, Rule 33.

7. As used herein, all objections as to relevancy shall mean that the information requested is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

8. Nothing herein shall be construed as an admission by responding party as respects the admissibility or relevance of any fact or document.

9. Pursuant to Federal Rule of Civil Procedure, Rule 26(e), Defendants fully reserve the right to amend, supplement, or otherwise modify these disclosures should different, contrary, or additional information become available.

//

//

//

//

//

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 11:**

Identify all emails, letters, or communications received by you from Plaintiffs or their representatives between 2022 and 2024 regarding allegations of disability discrimination, denial of due process, or failure to accommodate.

**RESPONSE TO INTERROGATORY NO. 11:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory as entirely duplicative of Plaintiffs' Interrogatories to La Shelle Dozier, Set One, Interrogatory No. 11. Responding Party continues to object to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 12:**

Describe any steps you personally took, or directed others to take, in response to the multiple emails and communications you received from Plaintiffs in 2023 alleging disability discrimination, failure to accommodate, denial of access to program services, voiding of RFTAs, or cancellation of informal hearings. Include dates and individuals involved in evaluating or responding to each concern.

**RESPONSE TO INTERROGATORY NO. 12:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory as it assumes facts not in evidence, specifically that Responding Party received "multiple emails and communications . . . from Plaintiffs in 2023 alleging disability discrimination, failure to accommodate, denial of access to program services, voiding of RFTAs, or cancellation of

informal hearings." Responding Party further objects to the term "RFTA" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 13:**

Identify any SHRA internal procedures in effect between 2020 and 2024 requiring that staff escalate unresolved accommodation requests or civil rights complaints to your office or the Executive Director.

**RESPONSE TO INTERROGATORY NO. 13:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory as entirely duplicative of Plaintiffs' Interrogatories to La Shelle Dozier, Set One, Interrogatory No. 13. Responding Party continues to object to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 14:**

Describe the policies in place at SHRA for investigating staff misconduct, retaliation, or failure to comply with the ADA, Section 504, or Title VI.

**RESPONSE TO INTERROGATORY NO. 14:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory as entirely duplicative of Plaintiffs' Interrogatories to La Shelle Dozier, Set One, Interrogatory No. 14. Responding Party continues to object to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "retaliation" as it is vague, subjective, ambiguous, unclear as to what it is referring to, undefined, and subject to multiple interpretations.

//

**INTERROGATORY NO. 15:**

State whether SHRA has ever disciplined, reassigned, or retrained any employee based on a substantiated finding of discrimination or failure to accommodate between 2018 and 2024. If so, identify the employee(s), nature of misconduct, and resulting action.

**RESPONSE TO INTERROGATORY NO. 15:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory as entirely duplicative of Plaintiffs' Interrogatories to La Shelle Dozier, Set One, Interrogatory No. 15. Responding Party continues to object to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory to the extent that it is compound. Responding Party will treat this as two separate Interrogatories, as provided by Federal Rules of Civil Procedure, Rule 33(a)(1), and identify the separate Interrogatories as Interrogatories 15a through 15b for clarity.

**INTERROGATORY NO. 15a:**

State whether SHRA has ever disciplined, reassigned, or retrained any employee based on a substantiated finding of discrimination or failure to accommodate between 2018 and 2024.

**RESPONSE TO INTERROGATORY NO. 15a:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 15b:**

If your answer to Interrogatory No. 15a was yes, identify the employee(s), nature of misconduct, and resulting action.

//

**RESPONSE TO INTERROGATORY NO. 15b:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party further objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, violates third party's right to privacy, and is not reasonably calculated to lead to the discovery of admissible evidence.

Dated: May 12, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: /s/ Monica Castillo

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants

**PROOF OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT LA SHELLE DOZIER'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET TWO**

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on May 12, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Geraldine Touson

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

# EXHIBIT P-9

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA C. CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
CHANDNI B. MISTRY (SBN 354088)
Chandni.Mistry@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.: 2:22-cv-01699 TLN AC PS<br><br>**DEFENDANT LISA MACIAS' RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSION, SET ONE**<br><br>**[FED. R. CIV. P. 26(A)(1)]**<br><br>Honorable Allison Claire |

PROPOUNDING PARTY: Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

RESPONDING PARTY: Defendant, LISA MACIAS

SET NO.: One (1)

//

//

//

Defendant, LISA MACIAS, by and through her attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby provides her Responses to Requests for Admissions, Set One, propounded by Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL, as follows:

**PRELIMINARY STATEMENT**

Responding Party has not completed his investigation or discovery in this action. This response is based on Responding Party's knowledge, information and belief at this time, and is complete to the best of his present knowledge and understanding. Responding Party reserves the right to refer to, to conduct discovery with reference to, and/or to offer into evidence at the time of trial any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response. Responding Party assumes no obligation to voluntarily supplement or amend this response to reflect facts, evidence, or other information discovered following service of this response. Nevertheless, this response is given without prejudice to subsequent revision or supplementation based upon facts, evidence, and other information, which hereafter may be discovered.

**GENERAL OBJECTIONS**

The following General Objections are applicable to and incorporated into each response. The assertion of the same, similar, or additional objections in any specific response does not waive Responding Party's general objections as set forth below:

1. Responding Party objects to the following Requests for Admission to the extent that any of them seek information protected from disclosure by the attorney-client privilege, the work product doctrine, patient-psychiatrist privilege, and/or any other applicable privilege or protection. Responding Party intends to and does claim privilege with respect to all such information and declines to provide any such information. Any inadvertent disclosure of privileged or protected information is not intended to be, and should not be deemed, a waiver of any privilege or protection from disclosure.

2. Responding Party objects to the following Requests for Admissions to the extent that they seek to impose obligations or burdens that exceed those imposed by the Federal Rules of Civil

Procedure.

3. Responding Party objects to the following Requests for Admissions to the extent that they seek confidential information and/or private information of third parties. Such information will be provided only pursuant to the terms of an appropriate protective order and/or with the written consent of such third parties.

4. Responding Party objects to the following Requests for Admissions to the extent that they seek information prohibited and/or restricted from disclosure by agreement, law or regulation.

5. Responding Party objects to the following Requests for Admissions to the extent that they seek information outside the possession, control, or custody of Responding Party.

6. Responding Party objects to the following Requests for Admissions to the extent that they seek information and/or documents irrelevant to the dispute at issue in this lawsuit and unlikely to lead to the discovery of admissible evidence.

7. Responding Party objects to the following Requests for Admissions to the extent that they are overbroad, unduly burdensome and harassing, and to the extent that they seek documents and information that are equally available to Propounding Party, publicly available, and/or that are more properly and more readily obtained from third parties.

8. Responding Party objects to the following Requests for Admissions to the extent that they contain vague or ambiguous terms, as such Requests for Admissions are overbroad, unduly burdensome and harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

9. Responding Party objects to the following Requests for Admissions as premature as investigation and fact and expert discovery is ongoing in this action, and reserves the right to supplement all responses, pursuant to Rule 36, subsequent to the completion of discovery.

10. Information provided in response to the Requests for Admissions are provided without waiver of, and with express reservation of: (a) all objections as to the competency, relevancy, materiality, and admissibility of such information and the subject matter thereof as evidence for any purpose in any further proceeding in this action, or in any other action; (b) the right to object to the use of such information, or the subject matter thereof, on any ground in any further proceeding in

this action, or in any other action; and (c) the right to object on any ground at any time to a demand or Requests for further responses to these Requests for Admissions or any other Requests or other discovery proceedings.

11. The Specific Responses below are based upon information reasonably available to Responding Party as of the date of this Response, after having made a diligent search. Responding Party reserves the right to supplement, revise, or correct any response pursuant to Fed. R. Civ. P. 26(e) during and subsequent to the completion of discovery. The Specific Responses are made without prejudice to Responding Party's right to present at trial, or in support or opposition to any dispositive motion, additional evidence or witnesses as they may be discovered or produced. Responding Party further reserves the right to challenge the competence, relevance, materiality, and admissibility at trial or any subsequent proceeding, of this or any other action, of any information or documents it provides in response to these Requests.

The foregoing General Objections are incorporated into the responses of each of the Requests for Admissions below as though set forth fully therein.

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that you were the SHRA point of contact for Ashley Valentine of Sacramento Self Help Housing concerning Plaintiffs' case in or around May 2022.

**RESPONSE TO REQUEST NO. 1:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 1 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry

concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you received one or more voicemail messages or email communications from Ashley Valentine in May 2022.

**RESPONSE TO REQUEST NO. 2:**

Responding Party is not able to admit or deny Request for Admission No. 2 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**REQUEST FOR ADMISSION NO. 3:**

Admit that your voicemail inbox was full and unable to receive new messages at one or more times in May 2022.

**RESPONSE TO REQUEST NO. 3:**

Responding Party is not able to admit or deny Request for Admission No. 3 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you did not return one or more calls or emails from Plaintiffs or their representative between April and June 2022.

**RESPONSE TO REQUEST NO. 4:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 4 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**REQUEST FOR ADMISSION NO. 5:**

Admit that you received at least one document submission or drop box notice from Plaintiffs or their representative during that period.

**RESPONSE TO REQUEST NO. 5:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 5 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry

concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**REQUEST FOR ADMISSION NO. 6:**

Admit that you did not send a written acknowledgment or confirmation of receipt to Plaintiffs or their representative.

**RESPONSE TO REQUEST NO. 6:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 6 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**REQUEST FOR ADMISSION NO. 7:**

Admit that your failure to respond contributed to delays in processing Plaintiffs' reasonable accommodation or housing paperwork in May or June 2022.

**RESPONSE TO REQUEST NO. 7:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 7 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good

faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

Dated: May 12, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: Monica Castillo

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants

# PROOF OF SERVICE

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT LISA MACIAS' RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSION, SET ONE**

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on May 12, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

____________________________
Geraldine Touson

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

# EXHIBIT P-10

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA C. CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
CHANDNI B. MISTRY (SBN 354088)
Chandni.Mistry@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.: 2:22-cv-01699 TLN AC PS<br><br>**DEFENDANT LISA MACIAS'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE**<br><br>**[FED. R. CIV. P. 26(A)(1)]**<br><br>Honorable Allison Claire |

PROPOUNDING PARTY: Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

RESPONDING PARTY: Defendant, LISA MACIAS

SET NO.: One (1)

//

//

//

Defendant, LISA MACIAS, (hereinafter referred to as "Defendant" or "Responding Party"), by and through her attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby responds to Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL's Interrogatories, Set One, as follows:

**PRELIMINARY STATEMENT**

These responses and objections are based upon responding party's diligent and best efforts to respond to these discovery requests based upon the investigation carried out to date with respect to facts relevant to this litigation. There may exist further information responsive to these discovery requests which is not within responding party's present knowledge or reasonably available to responding party. There may be information relating to the subject matter of this discovery which responding party has not located, identified, or reviewed, despite its best efforts to do so. There may exist persons with knowledge relating to the subject matter of these discovery requests of whom responding party is not presently aware, whom it has not interviewed, or who have not been deposed. Accordingly, these responses and objections are based solely upon facts and information presently known to responding party, and these responses and objections do not constitute an admission or representation that additional facts, documents, or witnesses with knowledge relevant to the subject matter of this litigation do not exist.

In the course of this litigation, responding party may discovery additional facts witnesses, or documents relevant to its discovery responses and objections set forth herein. Without any manner obligating itself to do so, responding party reserves the right to alter, supplement, amend or otherwise modify these responses at any time.

**GENERAL OBJECTIONS AND RESERVATIONS**

Each response and objection provided by responding party in response to propounding party's discovery requests herein is subject to the following General Objections and Reservations, which are incorporated into each of the responses set forth hereinafter:

1. Responding Party objects to Propounding Party's discovery requests to the extent they call for information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges, including documents prepared

in anticipation of litigation. Such information will not be provided.

2. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses containing privileged, proprietary and/or confidential business information or trade secrets. Such information will not be provided.

3. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses or information violative of any constitutional, statutory or common law privacy rights of Responding Party, any current or former employee of Responding Party, or any other persons. Such information will not be provided.

4. Responding Party objects to Propounding Party's discovery requests on the bases that they are not reasonably limited in time, are overboard, vague, ambiguous and unintelligible.

5. Responding Party objects to Propounding Party's discovery requests to the extent they seek information or documents already in the possession, custody or control of Propounding Party, or are as easily accessible to Propounding Party as to Responding Party.

6. Responding Party objects to Propounding Party's discovery requests on the basis that they are violative of Federal Rules of Civil Procedure, Rule 33.

7. As used herein, all objections as to relevancy shall mean that the information requested is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

8. Nothing herein shall be construed as an admission by responding party as respects the admissibility or relevance of any fact or document.

9. Pursuant to Federal Rule of Civil Procedure, Rule 26(e), Defendants fully reserve the right to amend, supplement, or otherwise modify these disclosures should different, contrary, or additional information become available.

//

//

//

//

//

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify your job title and responsibilities at SHRA as of May and June 2022, including your role in processing reasonable accommodation requests or receiving documents from third-party representatives.

**RESPONSE TO INTERROGATORY NO. 1:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term “role” as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 2:**

Describe your interactions or communications with Ashley Valentine of Sacramento Self Help Housing (SSHH) regarding Plaintiffs’ case or any accommodation-related documentation submitted on their behalf.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 3:**

Identify any documents or materials you received or were copied on from Plaintiffs or SSHH between April 2022 and July 2022 concerning reasonable accommodation, RFTA processing, or document verification.

//

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the terms “copied on” and “RFTA” as they are vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 4:**

State whether you were assigned to respond to any incoming calls, emails, or voicemail messages from Plaintiffs or SSHH during the period from April 1, 2022 to July 1, 2022.

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 5:**

Describe SHRA’s internal procedures in place at that time for handling voicemail messages directed to housing staff, and whether you had a personal or shared voicemail system.

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term “that time” as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations. Responding Party further objects to this interrogatory to the extent that it

is compound. Responding Party will treat this as two separate Interrogatories, as provided by Federal Rules of Civil Procedure, Rule 33(a)(1), and identify the separate Interrogatories as Interrogatory 5a and Interrogatory 5b for clarity.

**INTERROGATORY 5a:**

Describe SHRA's internal procedures in place at that time for handling voicemail messages directed to housing staff.

**RESPONSE TO INTERROGATORY 5a:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "that time" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY 5b:**

Describe whether you had a personal or shared voicemail system at SHRA.

**RESPONSE TO INTERROGATORY 5b:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "shared" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 6:**

Identify any complaints, technical reports, or capacity issues affecting your voicemail inbox between April and July 2022.

//

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the terms "technical reports" and "capacity issues" as they are vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 7:**

Describe any forwarding, scanning, or routing procedures you followed for materials submitted by Plaintiffs or Ashley Valentine, including the identity of SHRA staff you forwarded documents to.

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

Dated: May 12, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: /s/ Monica Castillo

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants

**PROOF OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT LISA MACIAS'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET ONE**

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on May 12, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Geraldine Touson

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

# EXHIBIT P-11

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA C. CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
CHANDNI B. MISTRY (SBN 354088)
Chandni.Mistry@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.: 2:22-cv-01699 TLN AC PS<br><br>**DEFENDANT MARYLIZ PAULSON'S RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSION, SET ONE**<br><br>**[FED. R. CIV. P. 26(A)(1)]**<br><br>Honorable Allison Claire |

PROPOUNDING PARTY: Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

RESPONDING PARTY: Defendant, MARYLIZ PAULSON

SET NO.: One (1)

//

//

//

Defendant, MARYLIZ PAULSON, by and through her attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby provides her Responses to Requests for Admissions, Set One, propounded by Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL, as follows:

**PRELIMINARY STATEMENT**

Responding Party has not completed his investigation or discovery in this action. This response is based on Responding Party's knowledge, information and belief at this time, and is complete to the best of his present knowledge and understanding. Responding Party reserves the right to refer to, to conduct discovery with reference to, and/or to offer into evidence at the time of trial any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response. Responding Party assumes no obligation to voluntarily supplement or amend this response to reflect facts, evidence, or other information discovered following service of this response. Nevertheless, this response is given without prejudice to subsequent revision or supplementation based upon facts, evidence, and other information, which hereafter may be discovered.

**GENERAL OBJECTIONS**

The following General Objections are applicable to and incorporated into each response. The assertion of the same, similar, or additional objections in any specific response does not waive Responding Party's general objections as set forth below:

1. Responding Party objects to the following Requests for Admission to the extent that any of them seek information protected from disclosure by the attorney-client privilege, the work product doctrine, patient-psychiatrist privilege, and/or any other applicable privilege or protection. Responding Party intends to and does claim privilege with respect to all such information and declines to provide any such information. Any inadvertent disclosure of privileged or protected information is not intended to be, and should not be deemed, a waiver of any privilege or protection from disclosure.

2. Responding Party objects to the following Requests for Admissions to the extent that they seek to impose obligations or burdens that exceed those imposed by the Federal Rules of Civil

Procedure.

3. Responding Party objects to the following Requests for Admissions to the extent that they seek confidential information and/or private information of third parties. Such information will be provided only pursuant to the terms of an appropriate protective order and/or with the written consent of such third parties.

4. Responding Party objects to the following Requests for Admissions to the extent that they seek information prohibited and/or restricted from disclosure by agreement, law or regulation.

5. Responding Party objects to the following Requests for Admissions to the extent that they seek information outside the possession, control, or custody of Responding Party.

6. Responding Party objects to the following Requests for Admissions to the extent that they seek information and/or documents irrelevant to the dispute at issue in this lawsuit and unlikely to lead to the discovery of admissible evidence.

7. Responding Party objects to the following Requests for Admissions to the extent that they are overbroad, unduly burdensome and harassing, and to the extent that they seek documents and information that are equally available to Propounding Party, publicly available, and/or that are more properly and more readily obtained from third parties.

8. Responding Party objects to the following Requests for Admissions to the extent that they contain vague or ambiguous terms, as such Requests for Admissions are overbroad, unduly burdensome and harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

9. Responding Party objects to the following Requests for Admissions as premature as investigation and fact and expert discovery is ongoing in this action, and reserves the right to supplement all responses, pursuant to Rule 36, subsequent to the completion of discovery.

10. Information provided in response to the Requests for Admissions are provided without waiver of, and with express reservation of: (a) all objections as to the competency, relevancy, materiality, and admissibility of such information and the subject matter thereof as evidence for any purpose in any further proceeding in this action, or in any other action; (b) the right to object to the use of such information, or the subject matter thereof, on any ground in any further proceeding in

this action, or in any other action; and (c) the right to object on any ground at any time to a demand or Requests for further responses to these Requests for Admissions or any other Requests or other discovery proceedings.

11. The Specific Responses below are based upon information reasonably available to Responding Party as of the date of this Response, after having made a diligent search. Responding Party reserves the right to supplement, revise, or correct any response pursuant to Fed. R. Civ. P. 26(e) during and subsequent to the completion of discovery. The Specific Responses are made without prejudice to Responding Party's right to present at trial, or in support or opposition to any dispositive motion, additional evidence or witnesses as they may be discovered or produced. Responding Party further reserves the right to challenge the competence, relevance, materiality, and admissibility at trial or any subsequent proceeding, of this or any other action, of any information or documents it provides in response to these Requests.

The foregoing General Objections are incorporated into the responses of each of the Requests for Admissions below as though set forth fully therein.

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that you are the signatory on multiple reasonable accommodation denial letters issued to Plaintiffs between 2022 and 2023.

**RESPONSE TO REQUEST NO. 1:**

Denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 2:**

Admit that SHRA's 2020 Voluntary Compliance Agreement with HUD requires the designation of a Section 504 Coordinator and mandates compliance with 24 C.F.R. § 8.53.

**RESPONSE TO REQUEST NO. 2:**

Denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this

response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 3:**

Admit that SHRA has not consistently provided written notice of reasonable accommodation denials to Plaintiffs.

**RESPONSE TO REQUEST NO. 3:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 4:**

Admit that SHRA has denied reasonable accommodation requests submitted by Plaintiffs without conducting an individualized assessment of their disability-related needs.

**RESPONSE TO REQUEST NO. 4:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 5:**

Admit that Plaintiffs submitted multiple requests for communication accommodations (including email, real-time transcription, and captioning) which were either denied or ignored.

**RESPONSE TO REQUEST NO. 5:**

Denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 6:**

Admit that SHRA has cancelled or failed to conduct multiple informal hearings requested by Plaintiffs without issuing a written explanation or decision.

//

**RESPONSE TO REQUEST NO. 6:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 7:**

Admit that as the HCV Program Manager and participant in the Reasonable Accommodation Committee, you had authority to intervene in accommodation decisions made by subordinate SHRA staff.

**RESPONSE TO REQUEST NO. 7:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 8:**

Admit that SHRA policy does not expressly require tracking of informal hearing cancellations or accommodation denials in a centralized database accessible by executive management.

**RESPONSE TO REQUEST NO. 8:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

Dated: May 12, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: *Monica Castillo*

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants

# PROOF OF SERVICE

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT MARYLIZ PAULSON'S RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSION, SET ONE**

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on May 12, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Geraldine Touson

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

# EXHIBIT P-12

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA C. CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
CHANDNI B. MISTRY (SBN 354088)
Chandni.Mistry@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.: 2:22-cv-01699 TLN AC PS<br><br>**DEFENDANT MARYLIZ PAULSON'S RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSION, SET TWO**<br><br>**[FED. R. CIV. P. 26(A)(1)]**<br><br>Honorable Allison Claire |

PROPOUNDING PARTY: Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

RESPONDING PARTY: Defendant, MARYLIZ PAULSON

SET NO.: Two (2)

//

//

//

Defendant, MARYLIZ PAULSON, by and through her attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby provides her Responses to Requests for Admissions, Set Two, propounded by Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL, as follows:

**PRELIMINARY STATEMENT**

Responding Party has not completed his investigation or discovery in this action. This response is based on Responding Party's knowledge, information and belief at this time, and is complete to the best of his present knowledge and understanding. Responding Party reserves the right to refer to, to conduct discovery with reference to, and/or to offer into evidence at the time of trial any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response. Responding Party assumes no obligation to voluntarily supplement or amend this response to reflect facts, evidence, or other information discovered following service of this response. Nevertheless, this response is given without prejudice to subsequent revision or supplementation based upon facts, evidence, and other information, which hereafter may be discovered.

**GENERAL OBJECTIONS**

The following General Objections are applicable to and incorporated into each response. The assertion of the same, similar, or additional objections in any specific response does not waive Responding Party's general objections as set forth below:

1. Responding Party objects to the following Requests for Admission to the extent that any of them seek information protected from disclosure by the attorney-client privilege, the work product doctrine, patient-psychiatrist privilege, and/or any other applicable privilege or protection. Responding Party intends to and does claim privilege with respect to all such information and declines to provide any such information. Any inadvertent disclosure of privileged or protected information is not intended to be, and should not be deemed, a waiver of any privilege or protection from disclosure.

2. Responding Party objects to the following Requests for Admissions to the extent that they seek to impose obligations or burdens that exceed those imposed by the Federal Rules of Civil

Procedure.

3. Responding Party objects to the following Requests for Admissions to the extent that they seek confidential information and/or private information of third parties. Such information will be provided only pursuant to the terms of an appropriate protective order and/or with the written consent of such third parties.

4. Responding Party objects to the following Requests for Admissions to the extent that they seek information prohibited and/or restricted from disclosure by agreement, law or regulation.

5. Responding Party objects to the following Requests for Admissions to the extent that they seek information outside the possession, control, or custody of Responding Party.

6. Responding Party objects to the following Requests for Admissions to the extent that they seek information and/or documents irrelevant to the dispute at issue in this lawsuit and unlikely to lead to the discovery of admissible evidence.

7. Responding Party objects to the following Requests for Admissions to the extent that they are overbroad, unduly burdensome and harassing, and to the extent that they seek documents and information that are equally available to Propounding Party, publicly available, and/or that are more properly and more readily obtained from third parties.

8. Responding Party objects to the following Requests for Admissions to the extent that they contain vague or ambiguous terms, as such Requests for Admissions are overbroad, unduly burdensome and harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

9. Responding Party objects to the following Requests for Admissions as premature as investigation and fact and expert discovery is ongoing in this action, and reserves the right to supplement all responses, pursuant to Rule 36, subsequent to the completion of discovery.

10. Information provided in response to the Requests for Admissions are provided without waiver of, and with express reservation of: (a) all objections as to the competency, relevancy, materiality, and admissibility of such information and the subject matter thereof as evidence for any purpose in any further proceeding in this action, or in any other action; (b) the right to object to the use of such information, or the subject matter thereof, on any ground in any further proceeding in

this action, or in any other action; and (c) the right to object on any ground at any time to a demand or Requests for further responses to these Requests for Admissions or any other Requests or other discovery proceedings.

11. The Specific Responses below are based upon information reasonably available to Responding Party as of the date of this Response, after having made a diligent search. Responding Party reserves the right to supplement, revise, or correct any response pursuant to Fed. R. Civ. P. 26(e) during and subsequent to the completion of discovery. The Specific Responses are made without prejudice to Responding Party's right to present at trial, or in support or opposition to any dispositive motion, additional evidence or witnesses as they may be discovered or produced. Responding Party further reserves the right to challenge the competence, relevance, materiality, and admissibility at trial or any subsequent proceeding, of this or any other action, of any information or documents it provides in response to these Requests.

The foregoing General Objections are incorporated into the responses of each of the Requests for Admissions below as though set forth fully therein.

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 9:**

Admit that you personally received one or more emails from Plaintiffs requesting reasonable accommodations and hearing access.

**RESPONSE TO REQUEST NO. 9:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry as a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 10:**

Admit that you were made aware, in writing, of Plaintiffs' request for communication accommodations including the use of email and real-time captioning.

**RESPONSE TO REQUEST NO. 10:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms.

Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry as a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 11:**

Admit that Plaintiffs' requests for communication accommodations were not consistently honored by SHRA.

**RESPONSE TO REQUEST NO. 11:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry as a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 12:**

Admit that SHRA failed to reschedule or complete at least two informal hearings requested by Plaintiffs.

**RESPONSE TO REQUEST NO. 12:**

Denied. Responding Party is continuing to make a reasonable inquiry as a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 13:**

Admit that SHRA failed to provide Plaintiffs with written decisions or explanations following one or more denied reasonable accommodation requests.

**RESPONSE TO REQUEST NO. 13:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry as a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 14:**

Admit that SHRA does not maintain a centralized or accessible database to log and monitor

reasonable accommodation denials.

**RESPONSE TO REQUEST NO. 14:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry as a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 15:**

Admit that you were aware of HUD's findings or guidance related to SHRA's obligations under Section 504 and the ADA as of 2020.

**RESPONSE TO REQUEST NO. 15:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry as a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

Dated: May 12, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: Monica Castillo
_____________________________
EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants

# PROOF OF SERVICE

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT MARYLIZ PAULSON'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSION, SET TWO**

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on May 12, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

____________________________

Geraldine Touson

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

# EXHIBIT P-13

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA C. CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
CHANDNI B. MISTRY (SBN 354088)
Chandni.Mistry@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.: 2:22-cv-01699 TLN AC PS<br><br>**DEFENDANT MARYLIZ PAULSON'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE**<br><br>**[FED. R. CIV. P. 26(A)(1)]**<br><br>Honorable Allison Claire |

PROPOUNDING PARTY: Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

RESPONDING PARTY: Defendant, MARYLIZ PAULSON

SET NO.: One (1)

//

//

//

Defendant, MARYLIZ PAULSON, (hereinafter referred to as "Defendant" or "Responding Party"), by and through her attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby responds to Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL's Interrogatories, Set One, as follows:

**PRELIMINARY STATEMENT**

These responses and objections are based upon responding party's diligent and best efforts to respond to these discovery requests based upon the investigation carried out to date with respect to facts relevant to this litigation. There may exist further information responsive to these discovery requests which is not within responding party's present knowledge or reasonably available to responding party. There may be information relating to the subject matter of this discovery which responding party has not located, identified, or reviewed, despite its best efforts to do so. There may exist persons with knowledge relating to the subject matter of these discovery requests of whom responding party is not presently aware, whom it has not interviewed, or who have not been deposed. Accordingly, these responses and objections are based solely upon facts and information presently known to responding party, and these responses and objections do not constitute an admission or representation that additional facts, documents, or witnesses with knowledge relevant to the subject matter of this litigation do not exist.

In the course of this litigation, responding party may discovery additional facts witnesses, or documents relevant to its discovery responses and objections set forth herein. Without any manner obligating itself to do so, responding party reserves the right to alter, supplement, amend or otherwise modify these responses at any time.

**GENERAL OBJECTIONS AND RESERVATIONS**

Each response and objection provided by responding party in response to propounding party's discovery requests herein is subject to the following General Objections and Reservations, which are incorporated into each of the responses set forth hereinafter:

1. Responding Party objects to Propounding Party's discovery requests to the extent they call for information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges, including documents prepared

in anticipation of litigation. Such information will not be provided.

2. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses containing privileged, proprietary and/or confidential business information or trade secrets. Such information will not be provided.

3. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses or information violative of any constitutional, statutory or common law privacy rights of Responding Party, any current or former employee of Responding Party, or any other persons. Such information will not be provided.

4. Responding Party objects to Propounding Party's discovery requests on the bases that they are not reasonably limited in time, are overboard, vague, ambiguous and unintelligible.

5. Responding Party objects to Propounding Party's discovery requests to the extent they seek information or documents already in the possession, custody or control of Propounding Party, or are as easily accessible to Propounding Party as to Responding Party.

6. Responding Party objects to Propounding Party's discovery requests on the basis that they are violative of Federal Rules of Civil Procedure, Rule 33.

7. As used herein, all objections as to relevancy shall mean that the information requested is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

8. Nothing herein shall be construed as an admission by responding party as respects the admissibility or relevance of any fact or document.

9. Pursuant to Federal Rule of Civil Procedure, Rule 26(e), Defendants fully reserve the right to amend, supplement, or otherwise modify these disclosures should different, contrary, or additional information become available.

//

//

//

//

//

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify your current title, responsibilities, and role at SHRA, including your authority over reasonable accommodation procedures, the Housing Choice Voucher program, and any compliance obligations under Section 504 of the Rehabilitation Act or Title II of the Americans with Disabilities Act.

**RESPONSE TO INTERROGATORY NO. 1:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "authority" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations. Discovery and investigation are incomplete and ongoing. Responding Party reserves the right to supplement and/or amend its response.

**INTERROGATORY NO. 2:**

Identify all job titles and roles you have held within SHRA since 2018 and describe the responsibilities associated with each position.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory because it is vague, ambiguous, and overly burdensome because it seeks a high level of detail regarding employment information from over seven years ago that is neither relevant to the incident giving rise to this litigation, nor reasonably calculated to lead to admissible evidence. Responding Party further objects to the term "roles" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations. Discovery and investigation are incomplete and ongoing. Responding Party reserves the right to supplement and/or amend its response.

**INTERROGATORY NO. 3:**

State whether you are or have been designated as SHRA's Section 504 Coordinator pursuant to 24 C.F.R. § 8.53(a) and PIH Notice 2010-26, and if not, identify the person(s) who served in that capacity during your employment.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory to the extent that it is compound. Responding Party will treat this as two separate Interrogatories, as provided by Federal Rules of Civil Procedure, Rule 33(a)(1), and identify the separate Interrogatories as Interrogatory 3a and Interrogatory 3b for clarity. Discovery and investigation are incomplete and ongoing. Responding Party reserves the right to supplement and/or amend its response.

**INTERROGATORY NO. 3a:**

State whether you are or have been designated as SHRA's Section 504 Coordinator pursuant to 24 C.F.R. § 8.53(a) and PIH Notice 2010-26.

**RESPONSE TO INTERROGATORY NO. 3a:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Discovery and investigation are incomplete and ongoing. Responding Party reserves the right to supplement and/or amend its response.

**INTERROGATORY NO. 3b:**

If your answer to Interrogatory No. 3a is no, identify the person(s) who served in the capacity of SHRA's Section 504 Coordinator pursuant to 24 C.F.R. § 8.53(a) and PIH Notice 2010-26 during your employment.

**RESPONSE TO INTERROGATORY NO. 3b:**

Responding Party incorporates its Preliminary Statement and General Objections as though

fully set forth herein. Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Discovery and investigation are incomplete and ongoing. Responding Party reserves the right to supplement and/or amend its response.

**INTERROGATORY NO. 4:**

Describe your role in reviewing, approving, or denying reasonable accommodation requests submitted by program participants between 2022 and 2024.

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Discovery and investigation are incomplete and ongoing. Responding Party reserves the right to supplement and/or amend its response.

**INTERROGATORY NO. 5:**

Identify all individuals who served on SHRA's Reasonable Accommodation Committee between 2020 and 2024, and describe their titles, roles, and the process used by the Committee to review requests.

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory because it is vague, ambiguous, and overly burdensome because of the number of individuals on SHRA's Reasonable Accommodation Committee from 2020 to 2024 and the high level of detail this request seeks for each individual that is neither relevant to the incident giving rise to this litigation, nor reasonably calculated to lead to admissible evidence. Responding Party further objects to this interrogatory to the extent that it is compound. Responding Party will treat this as two separate Interrogatories, as provided by Federal Rules of Civil Procedure, Rule 33(a)(1), and identify the separate

Interrogatories as Interrogatory 5a and Interrogatory 5b for clarity. Discovery and investigation are incomplete and ongoing. Responding Party reserves the right to supplement and/or amend its response.

**INTERROGATORY 5a:**

Identify all individuals who served on SHRA's Reasonable Accommodation Committee between 2020 and 2024, and describe their titles and roles.

**RESPONSE TO INTERROGATORY 5a:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory because it is vague, ambiguous, and overly burdensome because of the number of individuals on SHRA's Reasonable Accommodation Committee from 2020 to 2024 and the high level of detail this request seeks for each individual that is neither relevant to the incident giving rise to this litigation, nor reasonably calculated to lead to admissible evidence. Discovery and investigation are incomplete and ongoing. Responding Party reserves the right to supplement and/or amend its response.

**INTERROGATORY 5b:**

Identify the process used by SHRA's Reasonable Accommodation Committee to review requests.

**RESPONSE TO INTERROGATORY 5b:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Discovery and investigation are incomplete and ongoing. Responding Party reserves the right to supplement and/or amend its response.

**INTERROGATORY NO. 6:**

Identify the training you have received between 2020 and 2024 regarding your obligations under Section 504, the ADA, the Fair Housing Act, and California civil rights laws.

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Discovery and investigation are incomplete and ongoing. Responding Party reserves the right to supplement and/or amend its response.

**INTERROGATORY NO. 7:**

Describe the procedures in effect at SHRA from 2020 through 2024 for documenting, responding to, and providing written decisions for reasonable accommodation requests.

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Discovery and investigation are incomplete and ongoing. Responding Party reserves the right to supplement and/or amend its response.

**INTERROGATORY NO. 8:**

Describe the procedures in effect at SHRA from 2020 through 2024 for responding to complaints about informal hearing cancellations, failure to accommodate communication needs, or failure to provide case file access prior to hearings.

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Discovery and investigation are incomplete and ongoing. Responding Party reserves the right to supplement and/or amend its response.

**INTERROGATORY NO. 9:**

Identify each reasonable accommodation request submitted by Plaintiffs that you reviewed, participated in, or denied, including the date of request, the decision, and the reason for denial.

**RESPONSE TO INTERROGATORY NO. 9:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "participated in" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations. Discovery and investigation are incomplete and ongoing. Responding Party reserves the right to supplement and/or amend its response.

**INTERROGATORY NO. 10**

Identify any complaints, concerns, or internal warnings brought to your attention between 2020 and 2024 alleging discrimination or noncompliance with Section 504 or the ADA by SHRA staff or contractors.

**RESPONSE TO INTERROGATORY NO. 10:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the terms "concerns" and "internal warnings" as they are vague, subjective, ambiguous, undefined, and subject to multiple interpretations. Discovery and investigation are incomplete and ongoing. Responding Party reserves the right to supplement and/or amend its response.

Dated: May 12, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: /s/ Monica Castillo

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants

**PROOF OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT MARYLIZ PAULSON'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE**

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on May 12, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Geraldine Touson

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

# EXHIBIT P-14

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA C. CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
CHANDNI B. MISTRY (SBN 354088)
Chandni.Mistry@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

Plaintiffs,

v.

SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,

Defendants.

No.: 2:22-cv-01699 TLN AC PS

**DEFENDANT MARYLIZ PAULSON'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET TWO**

**[FED. R. CIV. P. 26(A)(1)]**

Honorable Allison Claire

PROPOUNDING PARTY: Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

RESPONDING PARTY: Defendant, MARYLIZ PAULSON

SET NO.: Two (2)

//

//

//

Defendant, MARYLIZ PAULSON, (hereinafter referred to as "Defendant" or "Responding Party"), by and through her attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby responds to Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL's Interrogatories, Set Two, as follows:

**PRELIMINARY STATEMENT**

These responses and objections are based upon responding party's diligent and best efforts to respond to these discovery requests based upon the investigation carried out to date with respect to facts relevant to this litigation. There may exist further information responsive to these discovery requests which is not within responding party's present knowledge or reasonably available to responding party. There may be information relating to the subject matter of this discovery which responding party has not located, identified, or reviewed, despite its best efforts to do so. There may exist persons with knowledge relating to the subject matter of these discovery requests of whom responding party is not presently aware, whom it has not interviewed, or who have not been deposed. Accordingly, these responses and objections are based solely upon facts and information presently known to responding party, and these responses and objections do not constitute an admission or representation that additional facts, documents, or witnesses with knowledge relevant to the subject matter of this litigation do not exist.

In the course of this litigation, responding party may discovery additional facts witnesses, or documents relevant to its discovery responses and objections set forth herein. Without any manner obligating itself to do so, responding party reserves the right to alter, supplement, amend or otherwise modify these responses at any time.

**GENERAL OBJECTIONS AND RESERVATIONS**

Each response and objection provided by responding party in response to propounding party's discovery requests herein is subject to the following General Objections and Reservations, which are incorporated into each of the responses set forth hereinafter:

1. Responding Party objects to Propounding Party's discovery requests to the extent they call for information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges, including documents prepared

in anticipation of litigation. Such information will not be provided.

2. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses containing privileged, proprietary and/or confidential business information or trade secrets. Such information will not be provided.

3. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses or information violative of any constitutional, statutory or common law privacy rights of Responding Party, any current or former employee of Responding Party, or any other persons. Such information will not be provided.

4. Responding Party objects to Propounding Party's discovery requests on the bases that they are not reasonably limited in time, are overboard, vague, ambiguous and unintelligible.

5. Responding Party objects to Propounding Party's discovery requests to the extent they seek information or documents already in the possession, custody or control of Propounding Party, or are as easily accessible to Propounding Party as to Responding Party.

6. Responding Party objects to Propounding Party's discovery requests on the basis that they are violative of Federal Rules of Civil Procedure, Rule 33.

7. As used herein, all objections as to relevancy shall mean that the information requested is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

8. Nothing herein shall be construed as an admission by responding party as respects the admissibility or relevance of any fact or document.

9. Pursuant to Federal Rule of Civil Procedure, Rule 26(e), Defendants fully reserve the right to amend, supplement, or otherwise modify these disclosures should different, contrary, or additional information become available.

//

//

//

//

//

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 11:**

Identify all emails, letters, or communications you received from Plaintiffs in 2022 or 2023 regarding reasonable accommodations, effective communication, hearing access, or allegations of discrimination.

**RESPONSE TO INTERROGATORY NO. 11:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Discovery and investigation are incomplete and ongoing. Responding Party reserves the right to supplement and/or amend its response.

**INTERROGATORY NO. 12:**

Describe any steps you personally took, or directed others to take, in response to complaints from Plaintiffs regarding the cancellation of hearings, refusal to provide auxiliary aids, or denial of housing opportunities.

**RESPONSE TO INTERROGATORY NO. 12:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory to the extent it is overbroad as to time and scope, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory to the extent that it is compound. Responding Party will treat this as six separate Interrogatories, as provided by Federal Rules of Civil Procedure, Rule 33(a)(1), and identify the separate Interrogatories as Interrogatories 12a through 12f for clarity. Discovery and investigation are incomplete and ongoing. Responding Party reserves the right to supplement and/or amend its response.

**INTERROGATORY 12a:**

Describe any steps you personally took in response to complaints from Plaintiffs regarding the cancellation of hearings.

**RESPONSE TO INTERROGATORY 12a:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory to the extent it is overbroad as to time and scope, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the extent that this interrogatory assumes facts not in evidence, specifically, that hearings were cancelled. Discovery and investigation are incomplete and ongoing. Responding Party reserves the right to supplement and/or amend its response.

**INTERROGATORY 12b:**

Describe any steps you directed others to take in response to complaints from Plaintiffs regarding the cancellation of hearings.

**RESPONSE TO INTERROGATORY 12b:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory to the extent it is overbroad as to time and scope, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the extent that this interrogatory assumes facts not in evidence, specifically, that hearings were cancelled. Discovery and investigation are incomplete and ongoing. Responding Party reserves the right to supplement and/or amend its response.

**INTERROGATORY 12c:**

Describe any steps you personally took in response to complaints from Plaintiffs regarding the refusal to provide auxiliary aids.

**RESPONSE TO INTERROGATORY 12c:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory to the extent it is overbroad as to time and scope, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the extent that this interrogatory assumes facts not in evidence, specifically, that there was a request for auxiliary aids

and a subsequent refusal to provide the requested auxiliary aids. Discovery and investigation are incomplete and ongoing. Responding Party reserves the right to supplement and/or amend its response.

**INTERROGATORY 12d:**

Describe any steps you directed others to take in response to complaints from Plaintiffs regarding the refusal to provide auxiliary aids.

**RESPONSE TO INTERROGATORY 12d:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory to the extent it is overbroad as to time and scope, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the extent that this interrogatory assumes facts not in evidence, specifically, that there was a request for auxiliary aids and a subsequent refusal to provide the requested auxiliary aids. Discovery and investigation are incomplete and ongoing. Responding Party reserves the right to supplement and/or amend its response.

**INTERROGATORY 12e:**

Describe any steps you personally took in response to complaints from Plaintiffs regarding the denial of housing opportunities.

**RESPONSE TO INTERROGATORY 12e:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory to the extent it is overbroad as to time and scope, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Discovery and investigation are incomplete and ongoing. Responding Party reserves the right to supplement and/or amend its response.

**INTERROGATORY 12f:**

Describe any steps you directed others to take in response to complaints from Plaintiffs regarding the denial of housing opportunities.

//

**RESPONSE TO INTERROGATORY 12f:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory to the extent it is overbroad as to time and scope, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Discovery and investigation are incomplete and ongoing. Responding Party reserves the right to supplement and/or amend its response.

**INTERROGATORY NO. 13:**

Identify all requests made by Plaintiffs for effective communication formats (such as email correspondence, real-time transcription, captioning, or written confirmation of verbal notices), and state whether each request was granted or denied.

**RESPONSE TO INTERROGATORY NO. 13:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory to the extent it is overbroad as to time and scope, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term “effective” as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations. Discovery and investigation are incomplete and ongoing. Responding Party reserves the right to supplement and/or amend its response.

**INTERROGATORY NO. 14:**

Describe SHRA’s process for logging, tracking, and reviewing complaints of disability-based discrimination or failure to accommodate, including who has access to that tracking system and how those complaints are escalated.

**RESPONSE TO INTERROGATORY NO. 14:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad as to time and scope, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party further objects to this interrogatory to the extent that it is compound. Responding Party will treat this as three separate Interrogatories, as provided by Federal Rules of Civil Procedure, Rule 33(a)(1), and identify the separate Interrogatories as Interrogatories 14a through 14c for clarity.

**INTERROGATORY 14a:**

Describe SHRA's process for logging, tracking, and reviewing complaints of disability-based discrimination or failure to accommodate.

**RESPONSE TO INTERROGATORY 14a:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad as to time and scope, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY 14b:**

Identify who has access to SHRA's tracking system for logging, tracking, and reviewing complaints of disability-based discrimination or failure to accommodate.

**RESPONSE TO INTERROGATORY 14b:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad as to time and scope, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY 14c:**

Describe how disability-based discrimination or failure to accommodate complaints are escalated.

**RESPONSE TO INTERROGATORY 14c:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds

the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad as to time and scope, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 15:**

State whether you have reviewed HUD guidance documents including PIH 2010-26, PIH 2012-31, or the SHRA 2020 Voluntary Compliance Agreement, and describe how SHRA has implemented or failed to implement the required reforms.

**RESPONSE TO INTERROGATORY NO. 15:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad as to time and scope, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory to the extent that it is compound. Responding Party will treat this as two separate Interrogatories, as provided by Federal Rules of Civil Procedure, Rule 33(a)(1), and identify the separate Interrogatories as Interrogatories 15a through 15b for clarity.

**INTERROGATORY NO. 15a:**

State whether you have reviewed HUD guidance documents including PIH 2010-26, PIH 2012-31, or the SHRA 2020 Voluntary Compliance Agreement.

**RESPONSE TO INTERROGATORY NO. 15a:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad as to time and scope, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 15b:**

Describe how SHRA has implemented or failed to implement the required reforms.

**RESPONSE TO INTERROGATORY NO. 15b:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad as to time and scope, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

Dated: May 12, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: Monica Castillo

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants

**PROOF OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT MARYLIZ PAULSON'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET TWO**

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on May 12, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Geraldine Touson

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

# EXHIBIT P-15

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA C. CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
CHANDNI B. MISTRY (SBN 354088)
Chandni.Mistry@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.: 2:22-cv-01699 TLN AC PS<br><br>**DEFENDANT SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY'S RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION, SET TWO (RE: LEAH SHAW)**<br><br>**[FED. R. CIV. P. 26(A)(1)]**<br><br>Honorable Allison Claire |

PROPOUNDING PARTY: Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

RESPONDING PARTY: Defendant, LEAH SHAW

SET NO.: Two (2)

//

//

Defendant, SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, by and through its attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby provides its Responses to Requests for Production, Set Two, (re: Leah Shaw) propounded by Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL, as follows:

**PRELIMINARY STATEMENT**

Responding Party has not yet completed its investigation of the facts relating to this action, has not yet completed its discovery in this action, and has not yet completed its preparation for trial. All of the responses contained herein are based only upon such information and documents which are presently available to it. It is anticipated that further discovery, independent investigations, legal research and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions, changes and variations from the contentions and responses set forth herein. The following responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact or facts which Responding Party may later develop or recall. The responses contained herein were prepared with the assistance of counsel and are made in a good faith effort to supply as much factual information as is presently known, but should in no way be to the prejudice of Responding Party in relation to further discovery, research, analysis or production of evidence.

Furthermore, to the extent that the documents produced include personally identifiable information of third parties, this information will be redacted accordingly.

**GENERAL OBJECTIONS AND RESERVATIONS**

Each response and objection provided by responding party in response to propounding party's discovery requests herein is subject to the following General Objections and Reservations, which are incorporated into each of the responses set forth hereinafter:

1. Responding Party objects to Propounding Party's discovery requests to the extent they call for information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges, including documents prepared in anticipation of litigation. Such information will not be provided.

2. Responding Party objects to Propounding Party's discovery requests to the extent

they call for responses containing privileged, proprietary and/or confidential business information or trade secrets. Such information will not be provided.

3. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses or information violative of any constitutional, statutory or common law privacy rights of Responding Party, any current or former employee of Responding Party, or any other persons. Such information will not be provided.

4. Responding Party objects to Propounding Party's discovery requests on the bases that they are not reasonably limited in time, are overboard, vague, ambiguous and unintelligible.

5. Responding Party objects to Propounding Party's discovery requests to the extent they seek information or documents already in the possession, custody or control of Propounding Party, or are as easily accessible to Propounding Party as to Responding Party.

6. Responding Party objects to Propounding Party's discovery requests on the basis that they are violative of Federal Rules of Civil Procedure, Rule 34.

7. As used herein, all objections as to relevancy shall mean that the information requested is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

8. Nothing herein shall be construed as an admission by responding party as respects the admissibility or relevance of any fact or document.

9. Pursuant to Federal Rule of Civil Procedure, Rule 26(e), Defendants fully reserve the right to amend, supplement, or otherwise modify these disclosures should different, contrary, or additional information become available.

This preliminary statement and general objections are incorporated into each of the responses set forth below:

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All documents, emails, or internal correspondence authored by or sent to Leah Shaw from January 1, 2023 to May 30, 2023 that relate to the Arbors units, the Plaintiffs, or the denial or delay of RFTA processing.

**RESPONSE TO REQUEST NO. 1:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this request to the extent it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "RFTA" as it is vague, subjective, ambiguous, and undefined. Without waiving said objections, Responding Party responds as follows: To the extent that Responsive Party has any documents responsive to this Request that are in its possession, custody, or control, Responding Party will comply with this Request. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 2:**

All internal guidelines, memoranda, job descriptions, or training materials describing Leah Shaw's job duties as they relate to affordability determinations or RFTA approval processes.

**RESPONSE TO REQUEST NO. 2:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this request to the extent it is overbroad as to time and scope, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Responding Party responds as follows: To the extent that Responsive Party has any documents responsive to this Request that are in its possession, custody, or control, Responding Party will comply with this Request. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 3:**

All emails, messages, or memos between Leah Shaw and any third-party contractor or data vendor used by SHRA for affordability analysis, from 2022 to the present.

**RESPONSE TO REQUEST NO. 3:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this request to the extent it is overbroad as to time and scope, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party further objects to the term "data vendor" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations. Without waiving said objections, Responding Party responds as follows: To the extent that Responsive Party has any documents responsive to this Request that are in its possession, custody, or control, Responding Party will comply with this Request. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 4:**

All contracts, memoranda of understanding (MOUs), or service agreements with third-party vendors, contractors, or data providers used by SHRA for affordability or rent reasonableness analysis from 2020 to the present.

**RESPONSE TO REQUEST NO. 4:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this request to the extent it is overbroad as to time and scope, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "data vendors" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations. Without waiving said objections, Responding Party responds as follows: To the extent that Responsive Party has any documents responsive to this Request that are in its possession, custody, or control, Responding Party will comply with this Request. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 5:**

All documents explaining or defining how long an affordability determination is expected to take under SHRA's current policies, including any internal performance benchmarks.

**RESPONSE TO REQUEST NO. 5:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this request to the extent it is overbroad as to time and scope, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "internal performance benchmarks" as it is vague,

subjective, ambiguous, undefined, and subject to multiple interpretations. Without waiving said objections, Responding Party responds as follows: To the extent that Responsive Party has any documents responsive to this Request that are in its possession, custody, or control, Responding Party will comply with this Request. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 6:**

Any logs, reports, or tracking data showing how long it took to complete affordability analysis for the Arbors units in Plaintiffs' case, including date of submission, date of analysis, and date of final decision or rejection.

**RESPONSE TO REQUEST NO. 6:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this request to the extent it is overbroad as to time and scope, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the terms "logs" and "tracking data" as they are vague, subjective, ambiguous, undefined, and subject to multiple interpretations. Without waiving said objections, Responding Party responds as follows: To the extent that Responsive Party has any documents responsive to this Request that are in its possession, custody, or control, Responding Party will comply with this Request. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 7:**

All communications between Leah Shaw and members of SHRA's Reasonable Accommodation Committee that refer to the Plaintiffs, their disability status, or affordability exceptions between January 1, 2022 and December 31, 2024.

**RESPONSE TO REQUEST NO. 7:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this request to the extent it is overbroad as to time and scope, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Responding Party responds as follows: To the extent that

Responsive Party has any documents responsive to this Request that are in its possession, custody, or control, Responding Party will comply with this Request. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 8:**

All policies or procedures explaining whether and how SHRA staff may override, delay, or reopen affordability determinations made using third-party data tools.

**RESPONSE TO REQUEST NO. 8:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this request to the extent it is overbroad as to time and scope, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "third-party data tools" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations. Without waiving said objections, Responding Party responds as follows: To the extent that Responsive Party has any documents responsive to this Request that are in its possession, custody, or control, Responding Party will comply with this Request. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025

**REQUEST FOR PRODUCTION NO. 9:**

Any documents that describe when or why an affordability determination might be delayed more than 14 days, including explanations related to software, manual review, or supervisory intervention.

**RESPONSE TO REQUEST NO. 9:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this request to the extent it is overbroad as to time and scope, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "manual review" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations. Without waiving said objections, Responding Party responds as follows: To the extent that Responsive Party has any documents responsive to this

Request that are in its possession, custody, or control, Responding Party will comply with this Request. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 10:**

All drafts, notes, or internal comments prepared by Leah Shaw regarding the Plaintiffs' RFTA submissions, including any versions not provided to the Plaintiffs.

**RESPONSE TO REQUEST NO. 10:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this request to the extent it is overbroad as to time and scope, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "RFTA" as it is vague, subjective, ambiguous, and undefined. Without waiving said objections, Responding Party responds as follows: To the extent that Responsive Party has any documents responsive to this Request that are in its possession, custody, or control, Responding Party will comply with this Request. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025

Dated: May 12, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: Monica Castillo

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants

**PROOF OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY'S RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO (RE: LEAH SHAW)**

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on May 12, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

______________________________

Geraldine Touson

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

# EXHIBIT P-16

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA C. CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
CHANDNI B. MISTRY (SBN 354088)
Chandni.Mistry@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.: 2:22-cv-01699 TLN AC PS<br><br>**DEFENDANT TAMEKA JACKSON'S RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**<br><br>**[FED. R. CIV. P. 26(A)(1)]**<br><br>Honorable Allison Claire |

PROPOUNDING PARTY: Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

RESPONDING PARTY: Defendant, TAMEKA JACKSON

SET NO.: One (1)

//

//

Defendant, TAMEKA JACKSON, by and through her attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby provides her Responses to Requests for Production of Documents, Set One, propounded by Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL, as follows:

## PRELIMINARY STATEMENT

Responding Party has not yet completed its investigation of the facts relating to this action, has not yet completed its discovery in this action, and has not yet completed its preparation for trial. All of the responses contained herein are based only upon such information and documents which are presently available to it. It is anticipated that further discovery, independent investigations, legal research and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions, changes and variations from the contentions and responses set forth herein. The following responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact or facts which Responding Party may later develop or recall. The responses contained herein were prepared with the assistance of counsel and are made in a good faith effort to supply as much factual information as is presently known, but should in no way be to the prejudice of Responding Party in relation to further discovery, research, analysis or production of evidence.

Furthermore, to the extent that the documents produced include personally identifiable information of third parties, this information will be redacted accordingly.

## GENERAL OBJECTIONS AND RESERVATIONS

Each response and objection provided by responding party in response to propounding party's discovery requests herein is subject to the following General Objections and Reservations, which are incorporated into each of the responses set forth hereinafter:

1. Responding Party objects to Propounding Party's discovery requests to the extent they call for information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges, including documents prepared in anticipation of litigation. Such information will not be provided.

2. Responding Party objects to Propounding Party's discovery requests to the extent

they call for responses containing privileged, proprietary and/or confidential business information or trade secrets. Such information will not be provided.

3. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses or information violative of any constitutional, statutory or common law privacy rights of Responding Party, any current or former employee of Responding Party, or any other persons. Such information will not be provided.

4. Responding Party objects to Propounding Party's discovery requests on the bases that they are not reasonably limited in time, are overboard, vague, ambiguous and unintelligible.

5. Responding Party objects to Propounding Party's discovery requests to the extent they seek information or documents already in the possession, custody or control of Propounding Party, or are as easily accessible to Propounding Party as to Responding Party.

6. Responding Party objects to Propounding Party's discovery requests on the basis that they are violative of Federal Rules of Civil Procedure, Rule 34.

7. As used herein, all objections as to relevancy shall mean that the information requested is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

8. Nothing herein shall be construed as an admission by responding party as respects the admissibility or relevance of any fact or document.

9. Pursuant to Federal Rule of Civil Procedure, Rule 26(e), Defendants fully reserve the right to amend, supplement, or otherwise modify these disclosures should different, contrary, or additional information become available.

This preliminary statement and general objections are incorporated into each of the responses set forth below:

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**

Produce all emails, faxes, or other written communications authored by or received by you between July 1, 2022 and October 1, 2022 regarding Plaintiffs, the scheduling of a hearing, or the forwarding of Plaintiffs' materials to SHRA staff.

**RESPONSE TO REQUEST NO. 1:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this request to the extent it is overbroad, irrelevant, compound and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Responding Party responds as follows: To the extent that Responsive Party has any documents responsive to this Request that are in its possession, custody, or control, Responding Party will comply with this Request. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 2**

Produce the email or document you sent confirming the September 12, 2022 hearing.

**RESPONSE TO REQUEST NO. 2:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this request to the extent it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Responding Party responds as follows: To the extent that Responsive Party has any documents responsive to this Request that are in its possession, custody, or control, Responding Party will comply with this Request. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 3**

Produce any communications, notes, or memos referencing the "reasonable accommodation phone line" or indicating that you attempted to reach or refer Plaintiffs to it.

**RESPONSE TO REQUEST NO. 3:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this request to the extent it is overbroad as to time and scope, irrelevant, compound and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Responding Party responds as follows: To the extent that Responsive Party has any documents responsive to this Request that are in its possession, custody, or control, Responding Party will comply with this Request. Pursuant to Federal Rule of

Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 4**

Produce any internal audit reports, help desk logs, or staff emails discussing technical issues, outages, or voicemail capacity problems associated with the SHRA Reasonable Accommodation phone line from January 1, 2022 to September 30, 2022.

**RESPONSE TO REQUEST NO. 4:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this request to the extent it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Responding Party responds as follows: To the extent that Responsive Party has any documents responsive to this Request that are in its possession, custody, or control, Responding Party will comply with this Request. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 5**

Produce any recorded voicemail greetings, transcriptions, or system settings in use on the SHRA Reasonable Accommodation phone line during the same period.

**RESPONSE TO REQUEST NO. 5:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this request to the extent it is overbroad, irrelevant, compound and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "the same period" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations. Without waiving said objections, Responding Party responds as follows: To the extent that Responsive Party has any documents responsive to this Request that are in its possession, custody, or control, Responding Party will comply with this Request. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

//

Dated: May 12, 2025

**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**

By: Monica Castillo

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants

**PROOF OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT TAMEKA JACKSON'S RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on May 12, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Geraldine Touson

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

# EXHIBIT P-17

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA C. CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
CHANDNI B. MISTRY (SBN 354088)
Chandni.Mistry@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

Plaintiffs,

v.

SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,

Defendants.

No.: 2:22-cv-01699 TLN AC PS

**DEFENDANT TAMEKA JACKSON'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE**

**[FED. R. CIV. P. 26(A)(1)]**

Honorable Allison Claire

PROPOUNDING PARTY: Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

RESPONDING PARTY: Defendant, TAMEKA JACKSON

SET NO.: One (1)

//

//

//

Defendant, TAMEKA JACKSON, (hereinafter referred to as "Defendant" or "Responding Party"), by and through her attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby responds to Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL's Interrogatories, Set One, as follows:

**PRELIMINARY STATEMENT**

These responses and objections are based upon responding party's diligent and best efforts to respond to these discovery requests based upon the investigation carried out to date with respect to facts relevant to this litigation. There may exist further information responsive to these discovery requests which is not within responding party's present knowledge or reasonably available to responding party. There may be information relating to the subject matter of this discovery which responding party has not located, identified, or reviewed, despite its best efforts to do so. There may exist persons with knowledge relating to the subject matter of these discovery requests of whom responding party is not presently aware, whom it has not interviewed, or who have not been deposed. Accordingly, these responses and objections are based solely upon facts and information presently known to responding party, and these responses and objections do not constitute an admission or representation that additional facts, documents, or witnesses with knowledge relevant to the subject matter of this litigation do not exist.

In the course of this litigation, responding party may discovery additional facts witnesses, or documents relevant to its discovery responses and objections set forth herein. Without any manner obligating itself to do so, responding party reserves the right to alter, supplement, amend or otherwise modify these responses at any time.

**GENERAL OBJECTIONS AND RESERVATIONS**

Each response and objection provided by responding party in response to propounding party's discovery requests herein is subject to the following General Objections and Reservations, which are incorporated into each of the responses set forth hereinafter:

1. Responding Party objects to Propounding Party's discovery requests to the extent they call for information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges, including documents prepared

in anticipation of litigation. Such information will not be provided.

2. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses containing privileged, proprietary and/or confidential business information or trade secrets. Such information will not be provided.

3. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses or information violative of any constitutional, statutory or common law privacy rights of Responding Party, any current or former employee of Responding Party, or any other persons. Such information will not be provided.

4. Responding Party objects to Propounding Party's discovery requests on the bases that they are not reasonably limited in time, are overboard, vague, ambiguous and unintelligible.

5. Responding Party objects to Propounding Party's discovery requests to the extent they seek information or documents already in the possession, custody or control of Propounding Party, or are as easily accessible to Propounding Party as to Responding Party.

6. Responding Party objects to Propounding Party's discovery requests on the basis that they are violative of Federal Rules of Civil Procedure, Rule 33.

7. As used herein, all objections as to relevancy shall mean that the information requested is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

8. Nothing herein shall be construed as an admission by responding party as respects the admissibility or relevance of any fact or document.

9. Pursuant to Federal Rule of Civil Procedure, Rule 26(e), Defendants fully reserve the right to amend, supplement, or otherwise modify these disclosures should different, contrary, or additional information become available.

//

//

//

//

//

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all employees who received or were forwarded any email or fax message from or on behalf of Plaintiffs by you between July 1, 2022 and October 1, 2022. For each such individual, describe their role and responsibilities.

**RESPONSE TO INTERROGATORY NO. 1:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to the Interrogatory as phrased is vague, ambiguous, and overbroad with respect to the time and scope of the information sought, and compound. Responding Party will treat this as two separate Interrogatories, as provided by Federal Rules of Civil Procedure, Rule 33(a)(1), and identify the separate Interrogatories as Interrogatory 1a and Interrogatory 1b for clarity.

**INTERROGATORY 1a:**

Identify all employees who received or were forwarded any email or fax message from or on behalf of Plaintiffs by you between July 1, 2022 and October 1, 2022.

**RESPONSE TO INTERROGATORY 1a:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad as to scope. Specifically, Responding Party objects to this interrogatory because it is vague, ambiguous, impractical, and unduly burdensome because it necessitates extensive research into email and fax messages from over three years ago that are not readily accessible and may no longer exist. Further, such information is neither relevant to the incident giving rise to this litigation, nor reasonably calculated to lead to admissible evidence.

**INTERROGATORY 1b:**

For each individual identified in your response to Interrogatory 1a, describe their role and

responsibilities.

**RESPONSE TO INTERROGATORY 1b:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad as to time and scope. Specifically, Responding Party objects to this interrogatory because it is vague, ambiguous, and overly burdensome because it seeks a high level of detail regarding information that is neither relevant to the incident giving rise to this litigation, nor reasonably calculated to lead to admissible evidence.

**INTERROGATORY NO. 2:**

Identify all SHRA employees or agents referred to as “upstairs” in SHRA internal communications or by you during the 2022 informal hearing scheduling process.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad as to time and scope. Responding Party further objects to the extent that this interrogatory assumes facts not in evidence, specifically, that Responding Party was involved in “the 2022 informal hearing scheduling process” and that the term “upstairs” was used to refer to SHRA employees or agents. Responding Party further objects to the term “scheduling process” as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 3:**

Describe SHRA’s policies and procedures in effect between June 2022 and September 2022 for handling requests to schedule informal hearings following reasonable accommodation denials, including the steps staff were required to take when receiving such a request.

//

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "steps" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 4:**

Identify the name, position, and current contact information of any individual(s) responsible for managing or monitoring the SHRA Reasonable Accommodation phone line during the period from January 1, 2022 to September 30, 2022.

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the terms "managing" and "monitoring" as they are vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 5:**

Describe any known issues, complaints, or functionality limitations with the SHRA Reasonable Accommodation phone line between January 1, 2022 and September 30, 2022, including whether the voicemail was full, unmonitored, or disconnected during that time.

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to

the Interrogatory as phrased as it is vague, ambiguous, unintelligible, overbroad with respect to scope of the information sought, and compound. Responding Party further objects to the term "functionality limitations" is vague, ambiguous, unintelligible, undefined, and subject to multiple interpretations. Responding Party will treat this as two separate Interrogatories, as provided by Federal Rules of Civil Procedure, Rule 33(a)(1), and identify the separate Interrogatories as Interrogatory 5a and Interrogatory 5b for clarity.

**INTERROGATORY 5a:**

Describe any known issues, complaints, or functionality limitations with the SHRA Reasonable Accommodation phone line between January 1, 2022 and September 30, 2022.

**RESPONSE TO INTERROGATORY 5a:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "functionality limitations" is vague, ambiguous, unintelligible, undefined, and subject to multiple interpretations.

**INTERROGATORY 5b:**

Describe whether the SHRA Reasonable Accommodation voicemail was full, unmonitored, or disconnected between January 1, 2022 and September 30, 2022.

**RESPONSE TO INTERROGATORY 5b:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Further, such information is neither relevant to the incident giving rise to this litigation, nor reasonably calculated to lead to admissible evidence.

Dated: May 12, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: Monica Castillo

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants

**PROOF OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT TAMEKA JACKSON'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE**

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on May 12, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Geraldine Touson

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

# EXHIBIT P-18

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA C. CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
CHANDNI B. MISTRY (SBN 354088)
Chandni.Mistry@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

Plaintiffs,

v.

SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,

Defendants.

No.: 2:22-cv-01699 TLN AC PS

**DEFENDANT TANYA CRUZ'S RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSION, SET ONE**

**[FED. R. CIV. P. 26(A)(1)]**

Honorable Allison Claire

PROPOUNDING PARTY: Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

RESPONDING PARTY: Defendant, TANYA CRUZ

SET NO.: One (1)

//

//

//

Defendant, TANYA CRUZ, by and through her attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby provides her Responses to Requests for Admissions, Set Two, propounded by Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL, as follows:

**PRELIMINARY STATEMENT**

Responding Party has not completed his investigation or discovery in this action. This response is based on Responding Party's knowledge, information and belief at this time, and is complete to the best of his present knowledge and understanding. Responding Party reserves the right to refer to, to conduct discovery with reference to, and/or to offer into evidence at the time of trial any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response. Responding Party assumes no obligation to voluntarily supplement or amend this response to reflect facts, evidence, or other information discovered following service of this response. Nevertheless, this response is given without prejudice to subsequent revision or supplementation based upon facts, evidence, and other information, which hereafter may be discovered.

**GENERAL OBJECTIONS**

The following General Objections are applicable to and incorporated into each response. The assertion of the same, similar, or additional objections in any specific response does not waive Responding Party's general objections as set forth below:

1. Responding Party objects to the following Requests for Admission to the extent that any of them seek information protected from disclosure by the attorney-client privilege, the work product doctrine, patient-psychiatrist privilege, and/or any other applicable privilege or protection. Responding Party intends to and does claim privilege with respect to all such information and declines to provide any such information. Any inadvertent disclosure of privileged or protected information is not intended to be, and should not be deemed, a waiver of any privilege or protection from disclosure.

2. Responding Party objects to the following Requests for Admissions to the extent that they seek to impose obligations or burdens that exceed those imposed by the Federal Rules of Civil

Procedure.

3. Responding Party objects to the following Requests for Admissions to the extent that they seek confidential information and/or private information of third parties. Such information will be provided only pursuant to the terms of an appropriate protective order and/or with the written consent of such third parties.

4. Responding Party objects to the following Requests for Admissions to the extent that they seek information prohibited and/or restricted from disclosure by agreement, law or regulation.

5. Responding Party objects to the following Requests for Admissions to the extent that they seek information outside the possession, control, or custody of Responding Party.

6. Responding Party objects to the following Requests for Admissions to the extent that they seek information and/or documents irrelevant to the dispute at issue in this lawsuit and unlikely to lead to the discovery of admissible evidence.

7. Responding Party objects to the following Requests for Admissions to the extent that they are overbroad, unduly burdensome and harassing, and to the extent that they seek documents and information that are equally available to Propounding Party, publicly available, and/or that are more properly and more readily obtained from third parties.

8. Responding Party objects to the following Requests for Admissions to the extent that they contain vague or ambiguous terms, as such Requests for Admissions are overbroad, unduly burdensome and harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

9. Responding Party objects to the following Requests for Admissions as premature as investigation and fact and expert discovery is ongoing in this action, and reserves the right to supplement all responses, pursuant to Rule 36, subsequent to the completion of discovery.

10. Information provided in response to the Requests for Admissions are provided without waiver of, and with express reservation of: (a) all objections as to the competency, relevancy, materiality, and admissibility of such information and the subject matter thereof as evidence for any purpose in any further proceeding in this action, or in any other action; (b) the right to object to the use of such information, or the subject matter thereof, on any ground in any further proceeding in

this action, or in any other action; and (c) the right to object on any ground at any time to a demand or Requests for further responses to these Requests for Admissions or any other Requests or other discovery proceedings.

11. The Specific Responses below are based upon information reasonably available to Responding Party as of the date of this Response, after having made a diligent search. Responding Party reserves the right to supplement, revise, or correct any response pursuant to Fed. R. Civ. P. 26(e) during and subsequent to the completion of discovery. The Specific Responses are made without prejudice to Responding Party's right to present at trial, or in support or opposition to any dispositive motion, additional evidence or witnesses as they may be discovered or produced. Responding Party further reserves the right to challenge the competence, relevance, materiality, and admissibility at trial or any subsequent proceeding, of this or any other action, of any information or documents it provides in response to these Requests.

The foregoing General Objections are incorporated into the responses of each of the Requests for Admissions below as though set forth fully therein.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that you attended the April 20, 2023 hearing involving Plaintiffs.

**RESPONSE TO REQUEST NO. 1:**

Responding Party is not able to admit or deny Request for Admission No. 1 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

//

**<u>REQUEST FOR ADMISSION NO. 2:</u>**

Admit that you informed Plaintiffs during the April 20, 2023 hearing that the hearing would be cancelled and rescheduled.

**RESPONSE TO REQUEST NO. 2:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 2 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**<u>REQUEST FOR ADMISSION NO. 3:</u>**

Admit that you did not provide Plaintiffs with a written decision or explanation for the cancellation of the April 20, 2023 hearing.

**RESPONSE TO REQUEST NO. 3:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 3 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry

concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you were aware of and did not provide real-time transcription or text-based communication accommodations requested by Plaintiffs.

**RESPONSE TO REQUEST NO. 4:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 4 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**REQUEST FOR ADMISSION NO. 5:**

Admit that you did not ensure Plaintiffs had access to their case file before one or more scheduled hearings.

**RESPONSE TO REQUEST NO. 5:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 5 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good

faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**REQUEST FOR ADMISSION NO. 6:**

Admit that you participated in internal SHRA discussions about Plaintiffs' hearing requests or accommodations between 2022 and 2023.

**RESPONSE TO REQUEST NO. 6:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 6 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you received or reviewed complaints, objections, or requests for clarification from Plaintiffs related to the April 20, 2023 hearing.

**RESPONSE TO REQUEST NO. 7:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 7 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires

additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**REQUEST FOR ADMISSION NO. 8:**

Admit that you stated or implied during the April 20, 2023 hearing that the cancellation decision was not subject to Plaintiffs' objection or further review.

**RESPONSE TO REQUEST NO. 8:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 8 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

Dated: May 12, 2025

**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**

By: *Monica Castillo*

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants

# PROOF OF SERVICE

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT TANYA CRUZ'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE**

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on May 12, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

______________________________
Geraldine Touson

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

# EXHIBIT P-19

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA C. CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
CHANDNI B. MISTRY (SBN 354088)
Chandni.Mistry@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

Plaintiffs,

v.

SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,

Defendants.

No.: 2:22-cv-01699 TLN AC PS

**DEFENDANT TANYA CRUZ'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET ONE**

**[FED. R. CIV. P. 26(A)(1)]**

Honorable Allison Claire

PROPOUNDING PARTY: Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

RESPONDING PARTY: Defendant, TANYA CRUZ

SET NO.: One (1)

//

//

//

Defendant, TANYA CRUZ, (hereinafter referred to as "Defendant" or "Responding Party"), by and through her attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby responds to Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL's Interrogatories, Set One, as follows:

**PRELIMINARY STATEMENT**

These responses and objections are based upon responding party's diligent and best efforts to respond to these discovery requests based upon the investigation carried out to date with respect to facts relevant to this litigation. There may exist further information responsive to these discovery requests which is not within responding party's present knowledge or reasonably available to responding party. There may be information relating to the subject matter of this discovery which responding party has not located, identified, or reviewed, despite its best efforts to do so. There may exist persons with knowledge relating to the subject matter of these discovery requests of whom responding party is not presently aware, whom it has not interviewed, or who have not been deposed. Accordingly, these responses and objections are based solely upon facts and information presently known to responding party, and these responses and objections do not constitute an admission or representation that additional facts, documents, or witnesses with knowledge relevant to the subject matter of this litigation do not exist.

In the course of this litigation, responding party may discovery additional facts witnesses, or documents relevant to its discovery responses and objections set forth herein. Without any manner obligating itself to do so, responding party reserves the right to alter, supplement, amend or otherwise modify these responses at any time.

**GENERAL OBJECTIONS AND RESERVATIONS**

Each response and objection provided by responding party in response to propounding party's discovery requests herein is subject to the following General Objections and Reservations, which are incorporated into each of the responses set forth hereinafter:

1. Responding Party objects to Propounding Party's discovery requests to the extent they call for information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges, including documents prepared

in anticipation of litigation. Such information will not be provided.

2. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses containing privileged, proprietary and/or confidential business information or trade secrets. Such information will not be provided.

3. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses or information violative of any constitutional, statutory or common law privacy rights of Responding Party, any current or former employee of Responding Party, or any other persons. Such information will not be provided.

4. Responding Party objects to Propounding Party's discovery requests on the bases that they are not reasonably limited in time, are overboard, vague, ambiguous and unintelligible.

5. Responding Party objects to Propounding Party's discovery requests to the extent they seek information or documents already in the possession, custody or control of Propounding Party, or are as easily accessible to Propounding Party as to Responding Party.

6. Responding Party objects to Propounding Party's discovery requests on the basis that they are violative of Federal Rules of Civil Procedure, Rule 33.

7. As used herein, all objections as to relevancy shall mean that the information requested is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

8. Nothing herein shall be construed as an admission by responding party as respects the admissibility or relevance of any fact or document.

9. Pursuant to Federal Rule of Civil Procedure, Rule 26(e), Defendants fully reserve the right to amend, supplement, or otherwise modify these disclosures should different, contrary, or additional information become available.

//

//

//

//

//

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify your current job title and responsibilities at SHRA, including your role in processing or overseeing informal hearings and reasonable accommodation requests.

**RESPONSE TO INTERROGATORY NO. 1:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term “role” as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 2:**

List all positions you have held at SHRA since 2018, including dates and descriptions of duties.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory because it is vague, ambiguous, and overly burdensome because it seeks a high level of detail regarding employment information from over seven years ago that is neither relevant to the incident giving rise to this litigation, nor reasonably calculated to lead to admissible evidence. Responding Party further objects to the term “roles” as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 3:**

Describe your involvement in the informal hearings scheduled for Plaintiffs on September 12, 2022 and April 20, 2023, including your actions before, during, and after each hearing.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "involvement" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 4:**

Identify all communications you had with SHRA staff or hearing officers regarding the April 20, 2023 hearing and the decision to cancel or reschedule it.

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 5:**

Describe your understanding of who had the authority to cancel the April 20, 2023 hearing, and the basis for your statement that the hearing would be rescheduled.

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "your understanding" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations. Responding Party further objects to this interrogatory to the

extent that it assumes facts not in evidence, specifically that Responding Party made a "statement that the hearing would be rescheduled." Responding Party further objects to this interrogatory to the extent that it is compound. Responding Party will treat this as two separate Interrogatories, as provided by Federal Rules of Civil Procedure, Rule 33(a)(1), and identify the separate Interrogatories as Interrogatory 5a and Interrogatory 5b for clarity.

**INTERROGATORY 5a:**

Describe your understanding of who had the authority to cancel the April 20, 2023 hearing.

**RESPONSE TO INTERROGATORY 5a:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "your understanding" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY 5b:**

Describe the basis for your statement that the hearing would be rescheduled.

**RESPONSE TO INTERROGATORY 5b:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory to the extent that it assumes facts not in evidence, specifically that Responding Party made a "statement that the hearing would be rescheduled."

**INTERROGATORY NO. 6:**

State whether you were aware of Plaintiffs' request for a real-time transcription or other communication accommodation for the April 20, 2023 hearing, and explain what actions you took

in response.

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "communication accommodation" as it is vague, subjective, ambiguous, unintelligible, undefined, and subject to multiple interpretations. Responding Party further objects to this interrogatory to the extent that it is compound. Responding Party will treat this as two separate Interrogatories, as provided by Federal Rules of Civil Procedure, Rule 33(a)(1), and identify the separate Interrogatories as Interrogatory 6a and Interrogatory 6b for clarity.

**INTERROGATORY 6a:**

State whether you were aware of Plaintiffs' request for a real-time transcription or other communication accommodation for the April 20, 2023 hearing.

**RESPONSE TO INTERROGATORY 6a:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "communication accommodation" as it is vague, subjective, ambiguous, unintelligible, undefined, and subject to multiple interpretations.

**INTERROGATORY 6b:**

If you were aware of Plaintiffs' request for a real-time transcription or other communication accommodation for the April 20, 2023 hearing, and explain what actions you took in response.

**RESPONSE TO INTERROGATORY 6b:**

Responding Party incorporates its Preliminary Statement and General Objections as though

fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "communication accommodation" as it is vague, subjective, ambiguous, unintelligible, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 7:**

Identify all SHRA policies or procedures you relied on when denying, deferring, or modifying Plaintiffs' accommodation requests or participation in informal hearings.

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory to the extent that it assumes facts not in evidence, specifically that Responding Party "den[ied], defer[ed], or modif[ied] Plaintiffs' accommodation requests or participation in informal hearings."

**INTERROGATORY NO. 8:**

Identify and describe any internal records, notes, memos, or hearing summaries you authored or reviewed related to Plaintiffs between July 2022 and July 2023.

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

//

Dated: May 12, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: Monica Castillo

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants

**PROOF OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT TANYA CRUZ'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE**

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on May 12, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Geraldine Touson

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

# EXHIBIT P-20

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA C. CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
CHANDNI B. MISTRY (SBN 354088)
Chandni.Mistry@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.: 2:22-cv-01699 TLN AC PS<br><br>**DEFENDANT TIFFANY BROWN'S RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSION, SET ONE**<br><br>**[FED. R. CIV. P. 26(A)(1)]**<br><br>Honorable Allison Claire |

PROPOUNDING PARTY: Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

RESPONDING PARTY: Defendant, TIFFANY BROWN

SET NO.: One (1)

//

//

//

Defendant, TIFFANY BROWN, by and through her attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby provides her Responses to Requests for Admissions, Set One, propounded by Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL, as follows:

**PRELIMINARY STATEMENT**

Responding Party has not completed his investigation or discovery in this action. This response is based on Responding Party's knowledge, information and belief at this time, and is complete to the best of his present knowledge and understanding. Responding Party reserves the right to refer to, to conduct discovery with reference to, and/or to offer into evidence at the time of trial any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response. Responding Party assumes no obligation to voluntarily supplement or amend this response to reflect facts, evidence, or other information discovered following service of this response. Nevertheless, this response is given without prejudice to subsequent revision or supplementation based upon facts, evidence, and other information, which hereafter may be discovered.

**GENERAL OBJECTIONS**

The following General Objections are applicable to and incorporated into each response. The assertion of the same, similar, or additional objections in any specific response does not waive Responding Party's general objections as set forth below:

1. Responding Party objects to the following Requests for Admission to the extent that any of them seek information protected from disclosure by the attorney-client privilege, the work product doctrine, patient-psychiatrist privilege, and/or any other applicable privilege or protection. Responding Party intends to and does claim privilege with respect to all such information and declines to provide any such information. Any inadvertent disclosure of privileged or protected information is not intended to be, and should not be deemed, a waiver of any privilege or protection from disclosure.

2. Responding Party objects to the following Requests for Admissions to the extent that they seek to impose obligations or burdens that exceed those imposed by the Federal Rules of Civil

Procedure.

3. Responding Party objects to the following Requests for Admissions to the extent that they seek confidential information and/or private information of third parties. Such information will be provided only pursuant to the terms of an appropriate protective order and/or with the written consent of such third parties.

4. Responding Party objects to the following Requests for Admissions to the extent that they seek information prohibited and/or restricted from disclosure by agreement, law or regulation.

5. Responding Party objects to the following Requests for Admissions to the extent that they seek information outside the possession, control, or custody of Responding Party.

6. Responding Party objects to the following Requests for Admissions to the extent that they seek information and/or documents irrelevant to the dispute at issue in this lawsuit and unlikely to lead to the discovery of admissible evidence.

7. Responding Party objects to the following Requests for Admissions to the extent that they are overbroad, unduly burdensome and harassing, and to the extent that they seek documents and information that are equally available to Propounding Party, publicly available, and/or that are more properly and more readily obtained from third parties.

8. Responding Party objects to the following Requests for Admissions to the extent that they contain vague or ambiguous terms, as such Requests for Admissions are overbroad, unduly burdensome and harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

9. Responding Party objects to the following Requests for Admissions as premature as investigation and fact and expert discovery is ongoing in this action, and reserves the right to supplement all responses, pursuant to Rule 36, subsequent to the completion of discovery.

10. Information provided in response to the Requests for Admissions are provided without waiver of, and with express reservation of: (a) all objections as to the competency, relevancy, materiality, and admissibility of such information and the subject matter thereof as evidence for any purpose in any further proceeding in this action, or in any other action; (b) the right to object to the use of such information, or the subject matter thereof, on any ground in any further proceeding in

this action, or in any other action; and (c) the right to object on any ground at any time to a demand or Requests for further responses to these Requests for Admissions or any other Requests or other discovery proceedings.

11. The Specific Responses below are based upon information reasonably available to Responding Party as of the date of this Response, after having made a diligent search. Responding Party reserves the right to supplement, revise, or correct any response pursuant to Fed. R. Civ. P. 26(e) during and subsequent to the completion of discovery. The Specific Responses are made without prejudice to Responding Party's right to present at trial, or in support or opposition to any dispositive motion, additional evidence or witnesses as they may be discovered or produced. Responding Party further reserves the right to challenge the competence, relevance, materiality, and admissibility at trial or any subsequent proceeding, of this or any other action, of any information or documents it provides in response to these Requests.

The foregoing General Objections are incorporated into the responses of each of the Requests for Admissions below as though set forth fully therein.

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that you received one or more documents or messages from or concerning Plaintiffs between March and June 2022.

**RESPONSE TO REQUEST NO. 1:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 1 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry

concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**<u>REQUEST FOR ADMISSION NO. 2:</u>**

Admit that you did not personally notify Plaintiffs or their representative that the documents had been received.

**RESPONSE TO REQUEST NO. 2:**

Responding Party is not able to admit or deny Request for Admission No. 2 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**<u>REQUEST FOR ADMISSION NO. 3:</u>**

Admit that you did not follow up with SHRA supervisory staff to ensure that Plaintiffs' RA request was being reviewed.

**RESPONSE TO REQUEST NO. 3:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 3 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry

concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**<u>REQUEST FOR ADMISSION NO. 4:</u>**

Admit that you took no action to confirm that Plaintiffs' RA request had been forwarded to the appropriate party.

**RESPONSE TO REQUEST NO. 4:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 4 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

**<u>REQUEST FOR ADMISSION NO. 5:</u>**

Admit that your failure to confirm or log the receipt of Plaintiffs' documents contributed to delays in their accommodation review.

**RESPONSE TO REQUEST NO. 5:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, Responding Party is not able to admit or deny Request for Admission No. 5 for the following reasons: Responding Party, although defended through Sacramento Housing and Redevelopment Agency (hereinafter "SHRA"), is no longer an employee of SHRA. As explained in prior meet and confer efforts with Propounding Party, SHRA requires additional time to contact Responding Party, its former employee, in order to obtain information with which to provide responses to the herein Requests for Admission. SHRA is continuing good

faith efforts to contact Responding Party and will supplement the herein Responses once it is able to do so. Accordingly, pursuant to FRCP 36(a)(4), Responding Party has made a reasonable inquiry concerning the matter and the information known or readily availability is insufficient to enable that party to admit or deny the matter.

Dated: May 12, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: Monica Castillo

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants

# PROOF OF SERVICE

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT TIFFANY BROWN'S RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSION, SET ONE**

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on May 12, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Geraldine Touson

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

# EXHIBIT P-21

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA C. CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
CHANDNI B. MISTRY (SBN 354088)
Chandni.Mistry@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

Plaintiffs,

v.

SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,

Defendants.

No.: 2:22-cv-01699 TLN AC PS

**DEFENDANT TIFFANY BROWN'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE**

**[FED. R. CIV. P. 26(A)(1)]**

Honorable Allison Claire

PROPOUNDING PARTY: Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

RESPONDING PARTY: Defendant, TIFFANY BROWN

SET NO.: One (1)

//

//

//

Defendant, TIFFANY BROWN, (hereinafter referred to as "Defendant" or "Responding Party"), by and through her attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby responds to Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL's Interrogatories, Set One, as follows:

**PRELIMINARY STATEMENT**

These responses and objections are based upon responding party's diligent and best efforts to respond to these discovery requests based upon the investigation carried out to date with respect to facts relevant to this litigation. There may exist further information responsive to these discovery requests which is not within responding party's present knowledge or reasonably available to responding party. There may be information relating to the subject matter of this discovery which responding party has not located, identified, or reviewed, despite its best efforts to do so. There may exist persons with knowledge relating to the subject matter of these discovery requests of whom responding party is not presently aware, whom it has not interviewed, or who have not been deposed. Accordingly, these responses and objections are based solely upon facts and information presently known to responding party, and these responses and objections do not constitute an admission or representation that additional facts, documents, or witnesses with knowledge relevant to the subject matter of this litigation do not exist.

In the course of this litigation, responding party may discovery additional facts witnesses, or documents relevant to its discovery responses and objections set forth herein. Without any manner obligating itself to do so, responding party reserves the right to alter, supplement, amend or otherwise modify these responses at any time.

**GENERAL OBJECTIONS AND RESERVATIONS**

Each response and objection provided by responding party in response to propounding party's discovery requests herein is subject to the following General Objections and Reservations, which are incorporated into each of the responses set forth hereinafter:

1. Responding Party objects to Propounding Party's discovery requests to the extent they call for information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges, including documents prepared

in anticipation of litigation. Such information will not be provided.

2. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses containing privileged, proprietary and/or confidential business information or trade secrets. Such information will not be provided.

3. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses or information violative of any constitutional, statutory or common law privacy rights of Responding Party, any current or former employee of Responding Party, or any other persons. Such information will not be provided.

4. Responding Party objects to Propounding Party's discovery requests on the bases that they are not reasonably limited in time, are overboard, vague, ambiguous and unintelligible.

5. Responding Party objects to Propounding Party's discovery requests to the extent they seek information or documents already in the possession, custody or control of Propounding Party, or are as easily accessible to Propounding Party as to Responding Party.

6. Responding Party objects to Propounding Party's discovery requests on the basis that they are violative of Federal Rules of Civil Procedure, Rule 33.

7. As used herein, all objections as to relevancy shall mean that the information requested is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

8. Nothing herein shall be construed as an admission by responding party as respects the admissibility or relevance of any fact or document.

9. Pursuant to Federal Rule of Civil Procedure, Rule 26(e), Defendants fully reserve the right to amend, supplement, or otherwise modify these disclosures should different, contrary, or additional information become available.

//

//

//

//

//

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify your job title and responsibilities at SHRA between January 1, 2022 and July 1, 2022, particularly with regard to the intake, routing, or screening of reasonable accommodation requests.

**RESPONSE TO INTERROGATORY NO. 1:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term “role” as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 2:**

Describe any communications you had with Ashley Valentine of Sacramento Self Help Housing or any SHRA staff member about documents submitted on behalf of Plaintiffs related to housing or accommodation.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 3:**

Identify all documents, faxes, or electronic submissions referencing Plaintiffs or their representative that you personally received, scanned, logged, or forwarded between March and June 2022.

//

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "logged" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 4:**

Describe any role you played in processing or confirming receipt of RA documentation submitted through SHRA's online portal or dropbox in that timeframe.

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "RA documentation" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations. Responding Party further objects to the term "that timeframe" as it is vague, subjective, ambiguous, unspecific, undefined, and subject to multiple interpretations in such a way that renders the interrogatory unintelligible.

**INTERROGATORY NO. 5:**

State whether you maintained or monitored any shared intake voicemail or email accounts that may have received messages related to Plaintiffs' accommodation or hearing requests.

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects

to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "shared" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 6:**

Identify any SHRA employees you referred or forwarded Plaintiffs' materials to, and describe the method and timing of the forwarding.

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the terms "referred," "materials," and "timing" as they are vague, subjective, ambiguous, undefined, and subject to multiple interpretations. Responding Party further objects to this interrogatory to the extent that it is compound. Responding Party will treat this as two separate Interrogatories, as provided by Federal Rules of Civil Procedure, Rule 33(a)(1), and identify the separate Interrogatories as Interrogatory 6a and Interrogatory 6b for clarity.

**INTERROGATORY 6a:**

Identify any SHRA employees you referred or forwarded Plaintiffs' materials to.

**RESPONSE TO INTERROGATORY 6a:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad as to time and scope, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the terms "referred" and "materials" as they are vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY 6b:**

Describe the method and timing of the forwarding of Plaintiffs' materials.

**RESPONSE TO INTERROGATORY 6b:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad as to time and scope, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the terms "timing" and "materials" as they are vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

Dated: May 12, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: Monica Castillo

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants

# PROOF OF SERVICE

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT TIFFANY BROWN'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE**

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on May 12, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Geraldine Touson

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

# EXHIBIT P-22

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA C. CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
CHANDNI B. MISTRY (SBN 354088)
Chandni.Mistry@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TROY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.: 2:22-cv-01699 TLN AC PS<br><br>**DEFENDANT TROY LYNCH'S RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSION, SET ONE**<br><br>**[FED. R. CIV. P. 26(A)(1)]**<br><br>Honorable Allison Claire |

PROPOUNDING PARTY: Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

RESPONDING PARTY: Defendant, TROY LYNCH

SET NO.: One (1)

//

//

//

Defendant, TROY LYNCH, by and through his attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby provides his Responses to Requests for Admissions, Set One, propounded by Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL, as follows:

**PRELIMINARY STATEMENT**

Responding Party has not completed his investigation or discovery in this action. This response is based on Responding Party's knowledge, information and belief at this time, and is complete to the best of his present knowledge and understanding. Responding Party reserves the right to refer to, to conduct discovery with reference to, and/or to offer into evidence at the time of trial any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response. Responding Party assumes no obligation to voluntarily supplement or amend this response to reflect facts, evidence, or other information discovered following service of this response. Nevertheless, this response is given without prejudice to subsequent revision or supplementation based upon facts, evidence, and other information, which hereafter may be discovered.

**GENERAL OBJECTIONS**

The following General Objections are applicable to and incorporated into each response. The assertion of the same, similar, or additional objections in any specific response does not waive Responding Party's general objections as set forth below:

1. Responding Party objects to the following Requests for Admission to the extent that any of them seek information protected from disclosure by the attorney-client privilege, the work product doctrine, patient-psychiatrist privilege, and/or any other applicable privilege or protection. Responding Party intends to and does claim privilege with respect to all such information and declines to provide any such information. Any inadvertent disclosure of privileged or protected information is not intended to be, and should not be deemed, a waiver of any privilege or protection from disclosure.

2. Responding Party objects to the following Requests for Admissions to the extent that they seek to impose obligations or burdens that exceed those imposed by the Federal Rules of Civil

Procedure.

3. Responding Party objects to the following Requests for Admissions to the extent that they seek confidential information and/or private information of third parties. Such information will be provided only pursuant to the terms of an appropriate protective order and/or with the written consent of such third parties.

4. Responding Party objects to the following Requests for Admissions to the extent that they seek information prohibited and/or restricted from disclosure by agreement, law or regulation.

5. Responding Party objects to the following Requests for Admissions to the extent that they seek information outside the possession, control, or custody of Responding Party.

6. Responding Party objects to the following Requests for Admissions to the extent that they seek information and/or documents irrelevant to the dispute at issue in this lawsuit and unlikely to lead to the discovery of admissible evidence.

7. Responding Party objects to the following Requests for Admissions to the extent that they are overbroad, unduly burdensome and harassing, and to the extent that they seek documents and information that are equally available to Propounding Party, publicly available, and/or that are more properly and more readily obtained from third parties.

8. Responding Party objects to the following Requests for Admissions to the extent that they contain vague or ambiguous terms, as such Requests for Admissions are overbroad, unduly burdensome and harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

9. Responding Party objects to the following Requests for Admissions as premature as investigation and fact and expert discovery is ongoing in this action, and reserves the right to supplement all responses, pursuant to Rule 36, subsequent to the completion of discovery.

10. Information provided in response to the Requests for Admissions are provided without waiver of, and with express reservation of: (a) all objections as to the competency, relevancy, materiality, and admissibility of such information and the subject matter thereof as evidence for any purpose in any further proceeding in this action, or in any other action; (b) the right to object to the use of such information, or the subject matter thereof, on any ground in any further proceeding in

this action, or in any other action; and (c) the right to object on any ground at any time to a demand or Requests for further responses to these Requests for Admissions or any other Requests or other discovery proceedings.

11. The Specific Responses below are based upon information reasonably available to Responding Party as of the date of this Response, after having made a diligent search. Responding Party reserves the right to supplement, revise, or correct any response pursuant to Fed. R. Civ. P. 26(e) during and subsequent to the completion of discovery. The Specific Responses are made without prejudice to Responding Party's right to present at trial, or in support or opposition ot any dispositive motion, additional evidence or witnesses as they may be discovered or produced. Responding Party further reserves the right to challenge the competence, relevance, materiality, and admissibility at trial or any subsequent proceeding, of this or any other action, of any information or documents it provides in response to these Requests.

The foregoing General Objections are incorporated into the responses of each of the Requests for Admissions below as though set forth fully therein.

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that you were present at the June 2, 2023 hearing involving Plaintiffs.

**RESPONSE TO REQUEST NO. 1:**

Denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 2:**

Admit that you supervised or provided training to Tanya Cruz with regard to SHRA informal hearing procedures in 2022 or 2023.

**RESPONSE TO REQUEST NO. 2:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests

and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 3:**

Admit that you were aware of Plaintiffs' request for real-time captioning or transcription for one or more hearings.

**RESPONSE TO REQUEST NO. 3:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 4:**

Admit that SHRA did not issue a written decision following the September 12, 2022 hearing.

**RESPONSE TO REQUEST NO. 4:**

Denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 5:**

Admit that SHRA did not issue a written decision following the June 2, 2023 hearing.

**RESPONSE TO REQUEST NO. 5:**

Denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 6:**

Admit that you participated in or attended one or more SHRA Reasonable Accommodation Committee meetings between 2022 and 2023 where Plaintiffs' requests were discussed.

**RESPONSE TO REQUEST NO. 6:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests

and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 7:**

Admit that you authored or received communications related to Plaintiffs' hearing access, accommodation requests, or complaints.

**RESPONSE TO REQUEST NO. 7:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry in a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

**REQUEST FOR ADMISSION NO. 8:**

Admit that you did not provide Plaintiffs access to their case file prior to one or more scheduled hearings.

**RESPONSE TO REQUEST NO. 8:**

Responding Party objects to this Request to the extent it contains vague or ambiguous terms. Without waiving said objection, this Request for Admission is denied. Responding Party is continuing to make a reasonable inquiry as a good faith effort to provide responses to these requests and reserves the right to supplement and/or amend this response pursuant to FRCP 26(e).

Dated: May 12, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: *Monica Castillo*

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants

**PROOF OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT TROY LYNCH'S RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSION, SET ONE**

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on May 12, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Geraldine Touson

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

# EXHIBIT P-23

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA C. CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
CHANDNI B. MISTRY (SBN 354088)
Chandni.Mistry@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TROY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

Plaintiffs,

v.

SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,

Defendants.

No.: 2:22-cv-01699 TLN AC PS

**DEFENDANT TROY LYNCH'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE**

**[FED. R. CIV. P. 26(A)(1)]**

Honorable Allison Claire

PROPOUNDING PARTY: Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

RESPONDING PARTY: Defendant, TROY LYNCH

SET NO.: One (1)

//

//

//

Defendant, TROY LYNCH, (hereinafter referred to as "Defendant" or "Responding Party"), by and through his attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby responds to Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL's Interrogatories, Set One, as follows:

**PRELIMINARY STATEMENT**

These responses and objections are based upon responding party's diligent and best efforts to respond to these discovery requests based upon the investigation carried out to date with respect to facts relevant to this litigation. There may exist further information responsive to these discovery requests which is not within responding party's present knowledge or reasonably available to responding party. There may be information relating to the subject matter of this discovery which responding party has not located, identified, or reviewed, despite its best efforts to do so. There may exist persons with knowledge relating to the subject matter of these discovery requests of whom responding party is not presently aware, whom it has not interviewed, or who have not been deposed. Accordingly, these responses and objections are based solely upon facts and information presently known to responding party, and these responses and objections do not constitute an admission or representation that additional facts, documents, or witnesses with knowledge relevant to the subject matter of this litigation do not exist.

In the course of this litigation, responding party may discovery additional facts witnesses, or documents relevant to its discovery responses and objections set forth herein. Without any manner obligating itself to do so, responding party reserves the right to alter, supplement, amend or otherwise modify these responses at any time.

**GENERAL OBJECTIONS AND RESERVATIONS**

Each response and objection provided by responding party in response to propounding party's discovery requests herein is subject to the following General Objections and Reservations, which are incorporated into each of the responses set forth hereinafter:

1. Responding Party objects to Propounding Party's discovery requests to the extent they call for information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges, including documents prepared

in anticipation of litigation. Such information will not be provided.

2. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses containing privileged, proprietary and/or confidential business information or trade secrets. Such information will not be provided.

3. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses or information violative of any constitutional, statutory or common law privacy rights of Responding Party, any current or former employee of Responding Party, or any other persons. Such information will not be provided.

4. Responding Party objects to Propounding Party's discovery requests on the bases that they are not reasonably limited in time, are overboard, vague, ambiguous and unintelligible.

5. Responding Party objects to Propounding Party's discovery requests to the extent they seek information or documents already in the possession, custody or control of Propounding Party, or are as easily accessible to Propounding Party as to Responding Party.

6. Responding Party objects to Propounding Party's discovery requests on the basis that they are violative of Federal Rules of Civil Procedure, Rule 33.

7. As used herein, all objections as to relevancy shall mean that the information requested is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

8. Nothing herein shall be construed as an admission by responding party as respects the admissibility or relevance of any fact or document.

9. Pursuant to Federal Rule of Civil Procedure, Rule 26(e), Defendants fully reserve the right to amend, supplement, or otherwise modify these disclosures should different, contrary, or additional information become available.

//

//

//

//

//

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify your current job title, responsibilities, and role within SHRA, including any supervision responsibilities over hearing officers or accommodation staff.

**RESPONSE TO INTERROGATORY NO. 1:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 2:**

Identify all job titles you have held at SHRA since 2018 and describe the duties associated with each position, especially with regard to informal hearings or accommodation review.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory because it is vague, ambiguous, and overly burdensome because it seeks a high level of detail regarding employment information from over seven years ago that is neither relevant to the incident giving rise to this litigation, nor reasonably calculated to lead to admissible evidence.

**INTERROGATORY NO. 3:**

Describe your involvement in any training or oversight of Tanya Cruz during the 2022 or 2023 calendar years, including any documents authored or reviewed in connection with her participation in the Plaintiffs' hearings.

//

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "oversight" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 4:**

Identify all dates you were scheduled to appear or did appear for any hearing involving Plaintiffs, including the September 12, 2022 and June 2, 2023 proceedings.

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "proceedings" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 5:**

Describe the role you played during the June 2, 2023 hearing, including any decisions made, instructions given, or documents reviewed before or after the hearing.

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further

objects to the term "role" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations. Responding Party further objects to this interrogatory to the extent that it is compound. Responding Party will treat this as two separate Interrogatories, as provided by Federal Rules of Civil Procedure, Rule 33(a)(1), and identify the separate Interrogatories as Interrogatory 5a and Interrogatory 5b for clarity.

**INTERROGATORY 5a:**

Describe the role you played during the June 2, 2023 hearing, including any decisions made or instructions given.

**RESPONSE TO INTERROGATORY NO. 5a:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the interrogatory to the extent that it is overbroad as to time and scope, thereby rendering it unintelligible.

**INTERROGATORY 5b:**

Describe the documents reviewed before or after the June 2, 2023 hearing.

**RESPONSE TO INTERROGATORY NO. 5b:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects that this request is so vague, ambiguous, overbroad as to time and scope, and unintelligible, requiring Responding Party to speculate what information is sought and renders the compliance unfeasible.

//

**INTERROGATORY NO. 6:**

State whether you are or were at any time between 2020 and 2024 a member of the SHRA Reasonable Accommodation Committee. If so, describe your role and participation in the review or denial of accommodation requests submitted by Plaintiffs.

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory to the extent that it is compound. Responding Party will treat this as two separate Interrogatories, as provided by Federal Rules of Civil Procedure, Rule 33(a)(1), and identify the separate Interrogatories as Interrogatory 6a and Interrogatory 6b for clarity.

**INTERROGATORY 6a:**

State whether you are or were at any time between 2020 and 2024 a member of the SHRA Reasonable Accommodation Committee.

**RESPONSE TO INTERROGATORY 6a:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY 6b:**

If your response to Interrogatory 6a was yes, describe your role and participation in the review or denial of accommodation requests submitted by Plaintiffs

**RESPONSE TO INTERROGATORY 6b:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds

the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad as to time and scope, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the term "role" as it is vague, subjective, ambiguous, undefined, and subject to multiple interpretations.

**INTERROGATORY NO. 7:**

Describe any communication you had with other SHRA staff between July 2022 and July 2023 about Plaintiffs, their accommodation requests, or hearing scheduling. Identify participants, dates, and the substance of each communication.

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 8:**

Identify and describe any internal notes, memoranda, or summaries you prepared or received regarding the hearings involving Plaintiffs, and whether those records were shared with the Plaintiffs.

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory to the extent that it is compound. Responding Party will treat this as two separate Interrogatories, as provided by Federal Rules of Civil Procedure, Rule 33(a)(1), and identify the separate Interrogatories as Interrogatory 8a and Interrogatory 8b for clarity.

**<u>INTERROGATORY NO. 8a:</u>**

Identify and describe any internal notes, memoranda, or summaries you prepared or received regarding the hearings involving Plaintiffs.

**<u>RESPONSE TO INTERROGATORY NO. 8a:</u>**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

**<u>INTERROGATORY NO. 8b:</u>**

Identify whether internal notes, memoranda, or summaries you prepared or received regarding the hearings involving Plaintiffs were shared with the Plaintiffs.

**<u>RESPONSE TO INTERROGATORY NO. 8b:</u>**

Responding Party incorporates its Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects to this interrogatory on the grounds that it exceeds the number of interrogatories permissible, per Fed. R. Civ. P. 33(a)(1). Responding Party objects to this interrogatory to the extent it is overbroad, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

Dated: May 12, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: *Monica Castillo*

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants

**PROOF OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT TROY LYNCH'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE**

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on May 12, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Geraldine Touson

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

# EXHIBIT P-24

EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA C. CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
CHANDNI B. MISTRY (SBN 354088)
Chandni.Mistry@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.: 2:22-cv-01699 TLN AC PS<br><br>**DEFENDANT SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY'S RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**<br><br>**[FED. R. CIV. P. 26(A)(1)]**<br><br>Honorable Allison Claire |

PROPOUNDING PARTY: Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

RESPONDING PARTY: Defendant, SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY

SET NO.: One (1)

//

Defendant, SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, by and through its attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby provides its Responses to Requests for Production, Set One, propounded by Plaintiffs, SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL, as follows:

**PRELIMINARY STATEMENT**

Responding Party has not yet completed its investigation of the facts relating to this action, has not yet completed its discovery in this action, and has not yet completed its preparation for trial. All of the responses contained herein are based only upon such information and documents which are presently available to it. It is anticipated that further discovery, independent investigations, legal research and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions, changes and variations from the contentions and responses set forth herein. The following responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact or facts which Responding Party may later develop or recall. The responses contained herein were prepared with the assistance of counsel and are made in a good faith effort to supply as much factual information as is presently known, but should in no way be to the prejudice of Responding Party in relation to further discovery, research, analysis or production of evidence.

Furthermore, to the extent that the documents produced include personally identifiable information of third parties, this information will be redacted accordingly.

**GENERAL OBJECTIONS AND RESERVATIONS**

Each response and objection provided by responding party in response to propounding party's discovery requests herein is subject to the following General Objections and Reservations, which are incorporated into each of the responses set forth hereinafter:

1. Responding Party objects to Propounding Party's discovery requests to the extent they call for information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges, including documents prepared in anticipation of litigation. Such information will not be provided.

2. Responding Party objects to Propounding Party's discovery requests to the extent

they call for responses containing privileged, proprietary and/or confidential business information or trade secrets. Such information will not be provided.

3. Responding Party objects to Propounding Party's discovery requests to the extent they call for responses or information violative of any constitutional, statutory or common law privacy rights of Responding Party, any current or former employee of Responding Party, or any other persons. Such information will not be provided.

4. Responding Party objects to Propounding Party's discovery requests on the bases that they are not reasonably limited in time, are overboard, vague, ambiguous and unintelligible.

5. Responding Party objects to Propounding Party's discovery requests to the extent they seek information or documents already in the possession, custody or control of Propounding Party, or are as easily accessible to Propounding Party as to Responding Party.

6. Responding Party objects to Propounding Party's discovery requests on the basis that they are violative of Federal Rules of Civil Procedure, Rule 34.

7. As used herein, all objections as to relevancy shall mean that the information requested is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

8. Nothing herein shall be construed as an admission by responding party as respects the admissibility or relevance of any fact or document.

9. Pursuant to Federal Rule of Civil Procedure, Rule 26(e), Defendants fully reserve the right to amend, supplement, or otherwise modify these disclosures should different, contrary, or additional information become available.

This preliminary statement and general objections are incorporated into each of the responses set forth below:

**<u>RESPONSES TO REQUESTS FOR PRODUCTION</u>**

**<u>REQUEST FOR PRODUCTION NO. 1:</u>**

All documents related to Plaintiffs' request for a reasonable accommodation, including but not limited to applications, internal correspondence, approval/denial letters, case notes, and any supporting documentation.

**RESPONSE TO REQUEST NO. 1:**

Responding Party will comply with this Request and produce documents responsive to this Request that are in its possession, custody, or control. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 2:**

All communications (emails, letters, text messages, or memos) between SHRA employees, agents, or representatives concerning Plaintiff's reasonable accommodation request.

**RESPONSE TO REQUEST NO. 2:**

Responding Party will comply with this Request and produce documents responsive to this Request that are in its possession, custody, or control. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all internal policies, manuals, or training materials regarding the process for reviewing and deciding reasonable accommodation requests from 2019 to present.

**RESPONSE TO REQUEST NO. 3:**

Responding Party will comply with this Request and produce documents responsive to this Request that are in its possession, custody, or control. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 4:**

All logs, databases, or records of reasonable accommodation requests received by SHRA from 2019 to the present, including whether the request was granted or denied.

**RESPONSE TO REQUEST NO. 4:**

Responding Party objects to this request to the extent it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this request to the extent it is vague, overbroad, ambiguous, and unintelligible as to the term "logs." Responding Party further objects to this request to the extent it is burdensome and unfeasible to compile based on the magnitude of the request as the number of families supported on subsidies are in the thousands. Accordingly, Responding Party will limit this request to those documents regarding

and relating to Plaintiffs from 2019 to the present. Without waiving said objections, Responding Party responds as follows: Responding Party will comply with this Request and produce documents responsive to this Request that are in its possession, custody, or control. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 5:**

All notices, letters, or emails sent to Plaintiffs regarding the scheduling or cancellation of their informal hearings.

**RESPONSE TO REQUEST NO. 5:**

Responding Party will comply with this Request and produce documents responsive to this Request that are in its possession, custody, or control. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 6:**

All internal communications (emails, meeting notes, or memos) among SHRA employees regarding the scheduling, postponement, or cancellation of Plaintiffs' informal hearings.

**RESPONSE TO REQUEST NO. 6:**

Responding Party will comply with this Request and produce documents responsive to this Request that are in its possession, custody, or control. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 7:**

All written policies or procedures regarding SHRA's obligation to provide an informal hearing after denying a reasonable accommodation request.

**RESPONSE TO REQUEST NO. 7:**

Responding Party objects to this request to the extent that it is overbroad as to time and scope. Without waiving said objection, Responding Party responds as follows: Responding Party will comply with this Request and produce documents responsive to this Request that are in its possession, custody, or control. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all training materials provided to SHRA employees regarding compliance with 24 CFR § 982.555 and the process for conducting informal hearings.

**RESPONSE TO REQUEST NO. 8:**

Responding Party objects to this request to the extent that it is overbroad as to time and scope. Without waiving said objection, Responding Party responds as follows: Responding Party will comply with this Request and produce documents responsive to this Request that are in its possession, custody, or control. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 9:**

All documents, recordings, or transcripts from Plaintiffs' scheduled hearings, including records of when and why the hearings were cancelled.

**RESPONSE TO REQUEST NO. 9:**

Responding Party objects to this request to the extent that it assumes facts not in evidence. Without waiving said objection, Responding Party responds as follows: Responding Party will comply with this Request and produce documents responsive to this Request that are in its possession, custody, or control. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 10:**

Any internal reports, audits, or assessments conducted by SHRA regarding compliance with HUD-mandated hearing procedures.

**RESPONSE TO REQUEST NO. 10:**

Responding Party objects to this request to the extent it is overbroad as to time and scope, vague and ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Responding Party responds as follows on information and belief: Responding conducted a diligent search and reasonable inquiry but is unable to comply with this Request because no responsive documents are in Responding Party's possession.

//

**REQUEST FOR PRODUCTION NO. 11:**

All records of other informal hearings SHRA scheduled and later cancelled from 2019 to the present, including the reason for cancellation.

**RESPONSE TO REQUEST NO. 11:**

Responding Party objects to this request to the extent it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects that this request is so vague, ambiguous, overbroad, and unintelligible, requiring Responding Party to speculate what documents are sought and renders the compliance unfeasible. To the extent that Propounding Party seeks documents pertaining to Plaintiff's informal hearings, Responding Party objects to the request as duplicative of Request for Production No. 6. Without waiving said objections, Responding Party responds as follows: As it pertains to documents relating to Plaintiff's informal hearings, Responding Party will comply with this Request and produce documents responsive to this Request that are in its possession, custody, or control. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 12:**

All complaints, grievances, or lawsuits filed against SHRA in the past five years alleging failure to provide an informal hearing.

**RESPONSE TO REQUEST NO. 12:**

Responding Party objects to this request to the extent it is overbroad, vague and ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Responding Party responds as follows on information and belief: Responding Party conducted a diligent search and reasonable inquiry but is unable to comply with this Request because no responsive documents are in Responding Party's possession.

**REQUEST FOR PRODUCTION NO. 13:**

Any investigations, audits, or findings from HUD, DOJ, or other agencies regarding SHRA's compliance with fair housing and due process requirements.

//

**RESPONSE TO REQUEST NO. 13:**

Responding Party objects to this request to the extent that it is unduly burdensome as it is overbroad as to time and scope. Accordingly, Responding Party will limit the time and scope of this request to within the last five years. Without waiving said objection, Responding Party responds as follows: Responding Party will comply with this Request and produce documents responsive to this Request that are in its possession, custody, or control. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 14:**

Any internal or external communications related to policy changes, training, or remedial action SHRA has taken as a result of previous hearing-related complaints or investigations.

**RESPONSE TO REQUEST NO. 14:**

Responding Party objects to this request to the extent it is overbroad as to time and scope, vague and ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Responding Party responds as follows on information and belief: Responding Party is unable to comply with this Request because no such documents exist to Responding Party's knowledge.

**REQUEST FOR PRODUCTION NO. 15:**

All policies and procedures governing how SHRA notifies tenants of their right to request an informal hearing.

**RESPONSE TO REQUEST NO. 15:**

Responding Party will comply with this Request and produce documents responsive to this Request that are in its possession, custody, or control. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 16:**

All versions of forms, notices, or written guidance given to tenants regarding their hearing rights and deadlines.

**RESPONSE TO REQUEST NO. 16:**

Responding Party objects that this Request is vague and ambiguous, overbroad as to time

and scope, unduly burdensome, unintelligible, and violates third party's rights to privacy. As previously stated, the number of tenants in the program are in the thousands therefore it is unfeasible to provide every single form, notice, or written guidance provided to each individual tenant. Without waiving these objections, Responding Party responds as follows: Responding Party believes that this Request is seeking the template forms, notices, or written guidance given to tenants with language informing of their hearing rights and deadlines, and not the actual forms, notices, or written guidance have been transmitted to each individual tenant. Accordingly, to the extent that Responding Party understands this request, Responding Party will comply with this Request and produce documents responsive to this Request that are in its possession, custody, or control. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 17:**

All communications between SHRA and HUD or other housing agencies regarding required procedures for informal hearings.

**RESPONSE TO REQUEST NO. 17:**

Responding Party objects to this request to the extent it is overbroad as to time and scope, vague and ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Responding Party responds as follows on information and belief: Responding Party is unable to comply with this Request because no such documents exist to Responding Party's knowledge.

**REQUEST FOR PRODUCTION NO. 18:**

All documents identifying the members of SHRA's Reasonable Accommodation Committee or Reasonable Accommodation Compliance Committee, including their names, job titles, roles, and tenure.

**RESPONSE TO REQUEST NO. 18:**

Responding Party will comply with this Request and produce documents responsive to this Request that are in its possession, custody, or control. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 19:**

All meeting agendas, notes, minutes, or schedules showing how often the Reasonable Accommodation Committee meets, including dates of meetings from 2019 to the present.

**RESPONSE TO REQUEST NO. 19:**

Responding Party objects to this request to the extent it is overbroad, vague and ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Responding Party responds as follows on information and belief: Responding Party is unable to comply with this Request because no such documents exist to Responding Party's knowledge.

**REQUEST FOR PRODUCTION NO. 20:**

All documents reviewed, referenced, or discussed by the Reasonable Accommodation Committee in evaluating reasonable accommodation requests, including evaluation criteria, checklists, or policy references.

**RESPONSE TO REQUEST NO. 20:**

Responding Party objects that this Request is vague and ambiguous, overbroad as to time and scope, unduly burdensome, unintelligible, and violates third party's rights to privacy. As previously stated, the number of tenants in the program are in the thousands therefore it is unfeasible to comply with this request as written. Accordingly, Responding Party will limit this request to those documents regarding and relating to Plaintiffs from 2019 to the present. Without waiving these objections, Responding Party responds as follows: Responding Party will comply with this Request and produce documents responsive to this Request that are in its possession, custody, or control. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 21:**

All internal policies, procedures, or guidelines governing the operations, purpose, and authority of the Reasonable Accommodation Committee.

**RESPONSE TO REQUEST NO. 21:**

Responding Party objects to this request to the extent that it is unduly burdensome as it is

overbroad as to time and scope. Accordingly, Responding Party will limit the time and scope of this request to within the last five years. Without waiving said objection, Responding Party responds as follows: Responding Party will comply with this Request and produce documents responsive to this Request that are in its possession, custody, or control. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 22:**

All incoming and outgoing call logs, messages, or call recordings related to SHRA's designated reasonable accommodation telephone number from 2020 to the present.

**RESPONSE TO REQUEST NO. 22:**

Responding Party objects to this request to the extent it is overbroad, vague and ambiguous, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Responding Party responds as follows: Responding conducted a diligent search and reasonable inquiry but is unable to comply with this Request because no responsive documents are in Responding Party's possession.

**REQUEST FOR PRODUCTION NO. 23:**

All documents related to the recruitment, retention, appointment, or contracting of informal hearing officers used by SHRA from 2019 to the present.

**RESPONSE TO REQUEST NO. 23:**

Responding Party objects to this request to the extent it is overbroad as to scope, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Responding Party objects that this request is unduly burdensome and irrelevant. In order to comply with this request, Responding Party limits the scope of the request to documents related to the recruitment, retention, appointment, or contracting of informal hearing officers assigned to Plaintiffs' informal hearings. Without waiving said objections, Responding Party responds as follows: Responding Party will comply with this Request and produce documents responsive to this Request that are in its possession, custody, or control. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

**REQUEST FOR PRODUCTION NO. 24:**

A list including the names, titles, and contact information for all individuals who have served as informal hearing officers for SHRA in the last five years.

**RESPONSE TO REQUEST NO. 24:**

Responding Party objects to this request to the extent it is overbroad as to scope and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Responding Party objects that this request is vague and ambiguous as it seeks a "list" as no document exists. Responding conducted a diligent search and reasonable inquiry but is unable to comply with this Request because no responsive documents are in Responding Party's possession.

**REQUEST FOR PRODUCTION NO. 25:**

All communications, including emails or memos, between or among SHRA employees and informal hearing officers regarding Plaintiffs' informal hearings.

**RESPONSE TO REQUEST NO. 25:**

Responding Party will comply with this Request and produce documents responsive to this Request that are in its possession, custody, or control. Pursuant to Federal Rule of Civil Procedure, Rule 34(b)(2)(B), Responding Party will produce said documents no later than May 30, 2025.

Dated: May 12, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: *Monica Castillo*

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants

# PROOF OF SERVICE

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANT SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY'S RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on May 12, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

______________________________

Geraldine Touson

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

# EXHIBIT Q

**Touson, Geraldine**

**From:** David Samuel <davidsa@possiblymaybe.com>
**Sent:** Monday, May 12, 2025 6:46 PM
**To:** Garson, Edward; Castillo, Monica
**Subject:** Discovery Dispute under Local Rule 251 – SHRA et al.
**Attachments:** Discovery_Dispute_Letter_SHRA_May12_2025.pdf

**EXTERNAL EMAIL** This email originated from outside the organization.

Counsel,

Please see the attached meet-and-confer letter regarding Defendants' May 12 discovery responses. The letter outlines a pattern of obstruction and evasive conduct across all parties, including blanket refusals to respond, false denials of record-based facts, and new claims that SHRA cannot contact multiple named defendants it continues to represent.

This letter is submitted under Local Rule 251 and constitutes Plaintiffs' final attempt to resolve these deficiencies without immediate court intervention. If we do not receive confirmation of full supplementation by May 15, we will move to compel under Rule 37, seek sanctions and cost-shifting, and request a discovery deadline extension. Plaintiffs will also submit a proposed order with adverse inference instructions and may request a discovery conference with Magistrate Judge Claire.

We further demand that SHRA preserve all responsive records, including email, voicemail, internal logs, hearing videos, and any materials associated with Cruz, Brown, Henley, or Paulson. No further delay will be accepted.

Best Regards,

David

# EXHIBIT R

**Touson, Geraldine**

**From:** Mistry, Chandni
**Sent:** Wednesday, May 14, 2025 4:13 PM
**To:** David Samuel
**Cc:** Castillo, Monica; Garson, Edward; Cheung, Alexander; Carinio, Jasmine; Figueroa, Michael
**Subject:** RE: Discovery Dispute under Local Rule 251 – SHRA et al.

Dear Mr. Samuel,

We are working with our client to obtain dates of availability for the deposition regarding the topics you have previously outlined. We assure you that it is our intention to work together in good faith to select dates that work for both parties, and once those dates have been identified, we will await service of the Notice of Deposition, per code. We apologize for any misunderstanding our last correspondence seemed to have caused.

With regard to Defendants' response to Plaintiff's various sets of Requests for Production, we have responded fully and will produce the documents no later than May 30, 2025, as allowed per FRCP 34(b)(2)(B).

With regard to Plaintiffs' interrogatories, the number of interrogatories served exceeds the maximum number of 25 as allowed per FRCP 33(a)(1). We have accordingly responded to the first 25 interrogatories served on Defendants, per code.

With regard to Defendants' responses to Plaintiff's discovery requests served on 4/12/25, you have not identified any specific deficiencies in Defendants' responses beyond making a broad statement that Defendants "served only blanket objections and denials." Despite your lack of specificity, Defendants will provide amended responses as appropriate by May 30, 2025 in good faith.

Thank you,

Chandni Mistry
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
655 Montgomery St., Ste. 900
San Francisco, CA 94111
415.625.9390 (Direct)
415.433.0990 (Main)
415.434.1370 (Fax)
chandni.mistry@wilsonelser.com

---

**From:** David Samuel <davidsa@possiblymaybe.com>
**Sent:** Monday, May 12, 2025 6:46 PM
**To:** Garson, Edward <Edward.Garson@wilsonelser.com>; Castillo, Monica <Monica.Castillo@wilsonelser.com>
**Subject:** Discovery Dispute under Local Rule 251 – SHRA et al.

**EXTERNAL EMAIL** This email originated from outside the organization.

Counsel,

Please see the attached meet-and-confer letter regarding Defendants' May 12 discovery responses. The letter outlines a pattern of obstruction and evasive conduct across all parties, including blanket refusals to respond, false denials of record-based facts, and new claims that SHRA cannot contact multiple named defendants it continues to represent.

This letter is submitted under Local Rule 251 and constitutes Plaintiffs' final attempt to resolve these deficiencies without immediate court intervention. If we do not receive confirmation of full supplementation by May 15, we will move to compel under Rule 37, seek sanctions and cost-shifting, and request a discovery deadline extension. Plaintiffs will also submit a proposed order with adverse inference instructions and may request a discovery conference with Magistrate Judge Claire.

We further demand that SHRA preserve all responsive records, including email, voicemail, internal logs, hearing videos, and any materials associated with Cruz, Brown, Henley, or Paulson. No further delay will be accepted.

Best Regards,

David

# EXHIBIT S

**Touson, Geraldine**

**From:** David Samuel <davidsa@possiblymaybe.com>
**Sent:** Wednesday, May 14, 2025 5:09 PM
**To:** Mistry, Chandni; Maddy, David and Artemis Samuel; Barbara McGarvey
**Cc:** Castillo, Monica; Garson, Edward; Cheung, Alexander; Carinio, Jasmine; Figueroa, Michael
**Subject:** Re: Discovery Dispute under Local Rule 251 – SHRA et al.

**EXTERNAL EMAIL** This email originated from outside the organization.

Counsel:

Your May 14, 2025 email crystallizes Defendants' ongoing strategy: a persistent pattern of delay, evasion, and misrepresentation designed to obstruct discovery and prejudice Plaintiffs' ability to prosecute this case, in direct violation of the Federal Rules of Civil Procedure. This conduct will be detailed in our imminent Rule 37 motion.

Defendants' April 10, 2025, declaration of intent to withhold all discovery pending summary judgment was not an isolated act but consistent with their long-standing approach. Despite Plaintiffs' good-faith efforts, including granting an initial extension and subsequently offering a further extension to May 30, 2025, for all outstanding April discovery contingent upon reasonable conditions such as rolling production of non-contingent documents and Defendants *rejected* these minimal good-faith terms. Your current proposal of a May 30 deadline, weeks after original and extended deadlines have lapsed and devoid of any commitment to interim compliance, underscores this refusal to engage cooperatively. This protracted delay, especially given the nearly three-year pendency of this case and Defendants' pursuit of summary judgment while actively thwarting discovery, mandates sanctions.

The discovery responses recently served are replete with boilerplate objections and evasions. Plaintiffs have exhaustively detailed these deficiencies in multiple communications. Your assertion that Plaintiffs failed to specify these issues is belied by the record.

Defendants' misapplication of Rule 33(a)(1) to refuse substantive answers to the four (4) interrogatories served on Defendant SHRA is a baseless attempt to evade providing critical information. The 25-interrogatory limit applies per party; your clients' interpretation is unsupported and further evidence of obstruction.

More fundamentally, Defendants' discovery conduct reveals a systemic failure that dates back significantly further. Defendants' May 1, 2024 Initial Disclosures are demonstrably false and misleading by omission. For example, despite SHRA now producing a general RACC rotation schedule (Ex. R), indicating their awareness of numerous individuals involved in reasonable accommodation decisions, **none of these obviously relevant individuals were identified in those year-old Initial Disclosures as required by Rule 26(a)(1)(A)(i).** This is not a mere oversight; it is part of the same pattern of withholding information that has persisted since early 2023, when Plaintiffs first began formally requesting details about SHRA's decision-makers and processes. This continuous failure to disclose obviously responsive parties and information has severely hampered Plaintiffs' ability to conduct timely and targeted discovery.

This pattern is further illuminated by Defendants' self-serving and contradictory positions on when discovery even "commenced." In their May 1, 2024 Initial Disclosures, they asserted discovery was "not yet open," despite this Court's April 18, 2024 Scheduling Order (Dkt. 58) authorizing discovery. Yet, in their April 15, 2025 Opposition to Plaintiffs' motion regarding a Rule 26(f) conference (Dkt. 95), Defendants conveniently reversed, arguing the same April 2024 Order *had* initiated discovery. **These shifting narratives are not good-faith misunderstandings; they are tactical maneuvers designed to suit Defendants' immediate arguments, evade obligations, and run out the clock, all of which have directly and substantially prejudiced Plaintiffs' ability to prosecute their case by denying access to essential information for nearly three years.**

Finally, regarding the 30(b)(6) deposition topics outlined in our April 16, 2025 letter, your continued failure to identify designated witnesses or confirm availability for a pre-deposition conference is unacceptable. If this information is not received by close of business **Monday, May 19, 2025**, it will be an additional basis for compelled relief.

Defendants' April 10, 2025, statement was a clear signal of their intent to obstruct. Their subsequent actions, including the latest round of deficient responses and your May 14 email, confirm this strategy. Plaintiffs will now seek relief from this Court under Rule 37 to compel full compliance, preclude untimely objections, and obtain sanctions for this protracted and egregious bad-faith conduct.

Best Regard,

David Samuel

On Wed, May 14, 2025 at 4:12 PM Mistry, Chandni <Chandni.Mistry@wilsonelser.com> wrote:

> Dear Mr. Samuel,
>
> We are working with our client to obtain dates of availability for the deposition regarding the topics you have previously outlined. We assure you that it is our intention to work together in good faith to select dates that work for both parties, and once those dates have been identified, we will await service of the Notice of Deposition, per code. We apologize for any misunderstanding our last correspondence seemed to have caused.
>
> With regard to Defendants' response to Plaintiff's various sets of Requests for Production, we have responded fully and will produce the documents no later than May 30, 2025, as allowed per FRCP 34(b)(2)(B).
>
> With regard to Plaintiffs' interrogatories, the number of interrogatories served exceeds the maximum number of 25 as allowed per FRCP 33(a)(1). We have accordingly responded to the first 25 interrogatories served on Defendants, per code.

With regard to Defendants' responses to Plaintiff's discovery requests served on 4/12/25, you have not identified any specific deficiencies in Defendants' responses beyond making a broad statement that Defendants "served only blanket objections and denials." Despite your lack of specificity, Defendants will provide amended responses as appropriate by May 30, 2025 in good faith.

Thank you,

Chandni Mistry
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
655 Montgomery St., Ste. 900
San Francisco, CA 94111
415.625.9390 (Direct)
415.433.0990 (Main)
415.434.1370 (Fax)
chandni.mistry@wilsonelser.com

---

**From:** David Samuel <davidsa@possiblymaybe.com>
**Sent:** Monday, May 12, 2025 6:46 PM
**To:** Garson, Edward <Edward.Garson@wilsonelser.com>; Castillo, Monica <Monica.Castillo@wilsonelser.com>
**Subject:** Discovery Dispute under Local Rule 251 – SHRA et al.

**EXTERNAL EMAIL** This email originated from outside the organization.

Counsel,

Please see the attached meet-and-confer letter regarding Defendants' May 12 discovery responses. The letter outlines a pattern of obstruction and evasive conduct across all parties, including blanket refusals to respond, false denials of record-based facts, and new claims that SHRA cannot contact multiple named defendants it continues to represent.

This letter is submitted under Local Rule 251 and constitutes Plaintiffs' final attempt to resolve these deficiencies without immediate court intervention. If we do not receive confirmation of full supplementation by May 15, we will move to compel under Rule 37, seek sanctions and cost-shifting, and request a discovery deadline extension. Plaintiffs will also submit a proposed order with adverse inference instructions and may request a discovery conference with Magistrate Judge Claire.

We further demand that SHRA preserve all responsive records, including email, voicemail, internal logs, hearing videos, and any materials associated with Cruz, Brown, Henley, or Paulson. No further delay will be accepted.

Best Regards,

David

IMPORTANT NOTICE: Beware of Cyber Fraud.
You should NEVER wire money to any bank account that Wilson Elser Moskowitz Edelman & Dicker LLP provides to you either in the body of this or any email or in an attachment without first speaking with the attorney in our office who is handling your transaction. Further, DO NOT accept emailed wire instructions from anyone else without voice verification. Even if an email looks like it has come from this office or someone involved in your transaction,
CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE to verify the information before wiring any money.
Failure to do so is at your own risk.
Be particularly wary of any request to change wire instructions you have already received.

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman & Dicker LLP, please see our website at www.wilsonelser.com or refer to any of our offices.

Thank you.

# EXHIBIT T

**Touson, Geraldine**

| | |
|---|---|
| **From:** | David Samuel <davidsa@possiblymaybe.com> |
| **Sent:** | Monday, May 19, 2025 8:00 AM |
| **To:** | Garson, Edward; Castillo, Monica; Barbara McGarvey; Maddy, David and Artemis Samuel |
| **Subject:** | Service of Motion to Compel Discovery Responses, Proposed Order, and Supporting Declaration – Roberts v. SHRA, Case No. 2:22-cv-01699 DJC AC |
| **Attachments:** | Notice_of_Motion_and_Motion_to_Compel_Discovery_Responses_And_For_Rule_37_Sanctions_05-17-2025.pdf; Plaintiffs-Joint-Declaration_In_Support_of_Rule_37_Motion_05-17-2025.pdf; [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR RULE 37 SANCTIONS 5-19-2025.pdf; Plaintiffs_Rule-37-Motion_05-16-2025.pdf |

**EXTERNAL EMAIL** This email originated from outside the organization.

Counsel:

Please find attached the following documents, which are being served today in connection with Plaintiffs' motion practice before Judge Claire:

1. **Notice of Motion and Motion to Compel Discovery Responses and for Rule 37 Sanctions**
2. **Memorandum of Points and Authorities** (included within the motion)
3. **Joint Declaration of David Samuel and Sydney Roberts in Support of Motion**
4. **[Proposed] Order**
5. **Exhibits A–BP** (attached in the motion)

If you have any questions regarding the contents please let us know.

Thank you for your attention.

Best Regards,

David

# EXHIBIT U

**Touson, Geraldine**

**From:** Castillo, Monica
**Sent:** Monday, June 2, 2025 9:30 AM
**To:** David Samuel; Maddy, David and Artemis Samuel; Barbara McGarvey
**Cc:** Castillo, Monica; Touson, Geraldine
**Subject:** RE: Roberts v. SHRA et al; requested withdrawal of MTC discovery

Mr. Samuel:

Given that you and Ms. Roberts will not withdraw your motion, we need to present our position for the "Joint Statement re Discovery Disagreements" (as the LR states it must be titled). In order to prepare a joint statement, we need, at least, to have the Word version of your "Local 251(c) Conference Statement" (which appears to be the Joint Statement). The common practice is for both sides to weigh in on the statement.

Thank you,

Monica Castillo
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
655 Montgomery St., Ste. 900
San Francisco, CA 94111
415.625.9372 (Direct)
415.433.0990 (Main)
monica.castillo@wilsonelser.com

---

**From:** David Samuel <davidsa@possiblymaybe.com>
**Sent:** Monday, June 2, 2025 9:10 AM
**To:** Castillo, Monica <Monica.Castillo@wilsonelser.com>; Garson, Edward <Edward.Garson@wilsonelser.com>; Maddy, David and Artemis Samuel <home@possiblymaybe.com>; Barbara McGarvey <sea@possiblymaybe.com>
**Subject:** Re: Roberts v. SHRA et al; requested withdrawal of MTC discovery

**EXTERNAL EMAIL** This email originated from outside the organization.

Counsel:

Plaintiffs categorically refuse to withdraw the pending motion to compel and for Rule 37 sanctions, for the reasons previously stated and for the following additional grounds:

**1. No Internal Substantive Records Despite Massive, Disorganized Dump**
On May 30, 2025, Defendants produced over 10,000 pages of purported "discovery." Yet, not a single substantive email chain, meeting note, or internal discussion between Reasonable Accommodation Committee (RACC) members about any case (even our own) can be found anywhere in the production. The only purported RACC form, dated March 23, 2023, is clearly a hastily prepared, after-the-fact Word document that obscures the identities of the committee participants and fails to document any actual process or deliberation.

**2. Disorder, Redundancy, and Concealment**
A significant portion of this production is comprised of redundant, publicly-available documents (such as recycled Administrative Guides), with no meaningful organization, index, or labeling. Critical records such as invoices, or the contract for Johnathan Lew (with all contact information inexplicably redacted) are buried haphazardly among thousands of pages of less relevant, repetitive material. Plaintiffs were forced to conduct an exhaustive, page-by-page review, with no assurance that all responsive records are even present.

**3. No Evidence of Deliberation, No Compliance With Discovery**
There is a complete absence of contemporaneous documentation reflecting any real-time process, individualized assessment, or discussion by the RACC. This is not just a technical failure, it goes to the heart of Plaintiffs' allegations that SHRA's policies and practices are discriminatory by design. Defendants have provided no evidence to the contrary. Instead, the production itself confirms that key decisions are made without record, transparency, or accountability.

**4. Harm and Prejudice**
Defendants' approach has required Plaintiffs to wade through more than 10,000 pages of mostly disorganized and repetitive materials which have served only to obscure, delay, and burden the discovery process. This conduct only compounds the procedural disadvantage, spoliation risk, and substantive harm that already warrant Rule 37 relief and sanctions.

**5. Emergency Relief and Reservation of Appellate Remedies**
Given the ongoing prejudice caused by Defendants' discovery abuse and the Court's failure thus far to provide meaningful relief Plaintiffs are seeking emergency judicial intervention. If necessary, Plaintiffs will pursue all available remedies, including a writ of mandamus or interlocutory appeal, to secure compliance and to prevent further irreparable harm. Please consider this formal notice of our intent to seek higher court intervention should the obstruction continue or if the Court declines to enforce basic discovery obligations.

**6. No Withdrawal, and Reservation of Rights**
For all these reasons, Plaintiffs will not withdraw their motion. If Defendants contend that any substantive or individualized process exists, or that their production is actually responsive, they are invited to specifically identify the documents they rely on. Otherwise, Plaintiffs will proceed to seek all appropriate relief.

Best Regards,

David

On Mon, Jun 2, 2025 at 8:33 AM Castillo, Monica <Monica.Castillo@wilsonelser.com> wrote:

> Mr. Samuel and Ms. Roberts:
>
> This is to clarify that our clients are producing a privilege log and that the produced documents entitled "Exhibits A-F" are in response to your Interrogatories. We are working on breaking the production down into smaller units, pursuant to your email of Saturday, May 31, 2025, requesting smaller file sizes.

We are also producing documents responsive to the Request for Documents.

Given defendants' service of supplemental discovery responses and the recent, and ongoing, document production, will you agree to withdraw your motion?

Thank you,

Monica Castillo
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
655 Montgomery St., Ste. 900
San Francisco, CA 94111
415.625.9372 (Direct)
650.224.8748 (Cell)
415.433.0990 (Main)
monica.castillo@wilsonelser.com

IMPORTANT NOTICE: Beware of Cyber Fraud.
You should NEVER wire money to any bank account that Wilson Elser Moskowitz Edelman & Dicker LLP provides to you either in the body of this or any email or in an attachment without first speaking with the attorney in our office who is handling your transaction. Further, DO NOT accept emailed wire instructions from anyone else without voice verification. Even if an email looks like it has come from this office or someone involved in your transaction,
CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE to verify the information before wiring any money.
Failure to do so is at your own risk.
Be particularly wary of any request to change wire instructions you have already received.

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman & Dicker LLP, please see our website at www.wilsonelser.com or refer to any of our offices.

Thank you.

**CERTIFICATE OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699-TLN-AC

I certify that on *June 2, 2025,* I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Executed on June 2, 2025, at San Francisco, California.



______________________________

Geraldine Touson

**PROOF OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DECLARATION OF MONICA CASTILLO IN SUPPORT OF RESPONSE TO PLAINTIFFS' AMENDED OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION OF CLAIMS**

☒: **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

Executed on June 2, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Geraldine Touson