EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA CASTILLO (SBN 146154)
monica.Castillo@WilsonElser.com
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

Plaintiffs,

v.

SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,

Defendants.

No.: 2:22-cv-01699 DJC AC

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION**

## I. INTRODUCTION

Once again, Plaintiffs' instant motion is a desperate attempt to mask their delay in obtaining discovery and filing the motion at the eleventh hour. Plaintiffs filed their Complaint on September 27, 2022 (Dkt. 1) and have chosen to pepper the docket with various motions rather than engage in discovery. Plaintiff have known since at least April 18, 2024, that, pursuant to the Scheduling Order signed by Magistrate Judge Claire (Dkt. 58), discovery closes on June 25, 2025. Defendant Sacramento Housing and

Redevelopment Agency ("SHRA") has made good faith efforts to respond to Plaintiffs' ill-drafted discovery requests and has engaged in meet and confer efforts (Declaration of Monica Castillo ("Castillo Dec.l") ¶ 4.) Further, Defendants have provided in-depth responses to Interrogatories (even beyond the 25 allowed by F.R.C.P. 33(a)), Requests for Admissions and Requests for Documents and have produced an admittedly large amount of documents in response to Plaintiffs' requests which are mostly broad in scope and time (Castillo Dec.l, ¶ 4.) Finally, Defendants have offered up, for depositions, SHRA employees with knowledge of eight areas of inquiry requested by Plaintiffs, with specific dates and times prior to the discovery cutoff of June 25, 2025 (Declaration of Monica Castillo (Castillo Dec.l, ¶ 4.) Defendants have participated in discovery pursuant to required procedure (Castillo Dec.l, ¶ 4.) There are simply no grounds to stay discovery, including depositions, and extend the discovery cut-off. This motion should be denied in its entirety.

## II. <u>FACTS/ARGUMENT</u>

As detailed extensively in Defendants' Opposition to Plaintiffs' Motion to Compel Discovery (Dkt. 118), Plaintiffs first served discovery on Defendants (SHRA and all individual Defendants) on April 3, 2025, less than three months prior to the discovery cutoff of June 25, 2025 (Castillo Dec.l, ¶ 5.)

Over the next six weeks or so, Plaintiffs served numerous discovery requests to all Defendants, including Interrogatories, Requests for Admissions and Requests for Documents, and request to identify the persons most knowledgeable at SHRA regrading eight topics, for depositions (Castillo Dec.l, ¶ 5.) Defendants cannot be blamed for Plaintiffs' often ill-worded and difficult to understand discovery requests, yet Defendants made their best efforts in providing responses (Castillo Dec.l, ¶ 5.) SHRA is a large agency, with internal procedures and processes that added to the difficulties in obtaining information and documents responsive to Plaintiffs requests (Castillo Dec.l, ¶ 5.)

///

Many produced documents contained names or other identifying information (e.g. addresses) of third-parties, which required redaction, and which were identified in the privilege log served by Defendants pursuant to third-party privacy concerns (Castillo Dec.l, ¶ 5.) These are not part of any alleged discovery abuse or delay tactics as claimed by Plaintiffs (Dkt. 119, Plaintiffs' Emergency Motion, ¶ 8, 2:24 – 3:1) but rather Defendants' well-founded need to protect unrelated third-parties (Castillo Dec.l, ¶ 5.)

The scope and breadth of inquiry needed to respond to Plaintiffs' Request for Production of Documents, including communicating with former SHRA employees, required Defendants to obtain an extension for responses to document requests and production of the documents  (Castillo Dec.l, ¶ 6.) Plaintiffs, while agreeing to the extension to May 30, 2025, conditioned it on the "rolling production" of documents (Castillo Dec.l, ¶ 6.) Clearly, the extension was requested because documents were not available until the proposed May 30, 2025, production date, making the "rolling production" ludicrous and meaningless (Castillo Dec.l, ¶ 6.)

Plaintiffs mischaracterize the individuals named in some of the documents produced by Defendants as "new witnesses" (Dkt. 119, Plaintiffs' Emergency Motion, ¶ 8, 2:21.) As in any organization, particularly a public agency with over 200 employees, a name "cc'd" on an email, for instance, does not necessarily indicate that person has any knowledge about a subject area (Castillo Dec.l, ¶ 7.) In fact, had Plaintiffs not waited until almost the close of discovery to serve discovery requests and to depose the SHRA employees who are offered for deposition pursuant to Plaintiffs' requested topic areas, Plaintiffs would most likely now have a clear understanding of testimony and witnesses needed for their case. Plaintiffs' claims of a "procedurally impossible timeline" (Dkt. 119, Plaintiffs' Emergency Motion, ¶¶ 9-11, 3:3 - 4:1) are self-serving and self-imposed, and not one for which Defendants should bear any responsibility.

In the instant matter, it is presumptuous and without basis to argue that this Court has engaged in any procedural mismanagement and legal error.

## III. CONCLUSION

Defendants have fully responded to Plaintiffs' discovery, within the requirements of the applicable Federal Rules of Civil Procedure, have produced thousands of pages of documents responsive to Plaintiffs' broad requests and have offered individuals for depositions prior to the discovery cut-off. Defendants should not be responsible nor penalized for Plaintiffs' ill-fated decisions to wait until the eleventh hour to propound discovery. There are no grounds to extend discovery or other deadlines nor for sanctions. This Court should deny this motion in its entirety.

Date: June 4, 2025

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
By: Monica Castillo

EDWARD P. GARSON
MONICA C. CASTILLO
CHANDNI B. MISTRY
Attorneys for Defendants: SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY

**CERTIFICATE OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699-TLN-AC

I certify that on *June 4, 2025,* I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Executed on June 4, 2025, at San Francisco, California.

Jasmine Carinio

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br>Tel: (512) 522-8571<br>davidsa@possiblymaybe.com<br>edfed@possiblymaybe.com | ***PLAINTIFFS IN PRO PER*** |