EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA CASTILLO (SBN 146154)
monica.Castillo@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL

Plaintiffs,

v.

SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,

Defendants.

No.: 2:22-cv-01699 DJC AC

**DECLARATION OF MONICA CASTILLO IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION**

I, Monica Castillo, declare:

1. I am licensed to practice law in the State of California and am an attorney at Wilson Elser Moskowitz Edelman and Dicker LLP, the law firm representing Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, ("Defendants").

2. I have personal knowledge of the facts set forth herein. If called to testify to those matters herein, I could and would do so competently.

///

///

3. I make this declaration in support of Defendants' Opposition to Plaintiffs' Emergency Motion. Except as expressly stated, I have personal knowledge of the facts set forth below and, if called as a witness, could and would testify accurately to their veracity.

4. Defendant Sacramento Housing and Redevelopment Agency ("SHRA") has made good faith efforts to respond to Plaintiffs' ill-drafted discovery requests and has engaged in meet and confer efforts (Declaration of Monica Castillo. Further, Defendants have provided in-depth responses to Interrogatories (even beyond the 25 allowed by F.R.C.P. 33(a)), Requests for Admissions and Requests for Documents and have produced an admittedly large amount of documents in response to Plaintiffs' requests which are mostly broad in scope and time. Finally, Defendants have offered up, for depositions, SHRA employees with knowledge of eight areas of inquiry requested by Plaintiffs, with specific dates and times prior to the discovery cutoff of June 25, 2025. Defendants have participated in discovery pursuant to required procedure.

5. As detailed extensively in Defendants' Opposition to Plaintiffs' Motion to Compel Discovery (Dkt. 118), Plaintiffs first served discovery on Defendants (SHRA and all individual Defendants) on April 3, 2025, less than three months prior to the discovery cutoff of June 25, 2025. Over the next six weeks or so, Plaintiffs served numerous discovery requests to all Defendants, including Interrogatories, Requests for Admissions and Requests for Documents, and request to identify the persons most knowledgeable at SHRA regrading eight topics, for depositions. Defendants cannot be blamed for Plaintiffs' often ill-worded and difficult to understand discovery requests, yet Defendants made their best efforts in providing responses. SHRA is a large agency, with internal procedures and processes that added to the difficulties in obtaining information and documents responsive to Plaintiffs requests. Many produced documents contained names or other identifying information (e.g. addresses) of third-parties, which required redaction, and which were identified in the privilege log served by Defendants pursuant to third-party privacy concerns. These are not part of any alleged discovery abuse or delay tactics as

claimed by Plaintiffs but rather Defendants' well-founded need to protect unrelated third-parties.

6. The scope and breadth of inquiry needed to respond to Plaintiffs' Request for Production of Documents, including communicating with former SHRA employees, required Defendants to obtain an extension for responses to document requests and production of the documents. Plaintiffs, while agreeing to the extension to May 30, 2025, conditioned it on the "rolling production" of documents. Clearly, the extension was requested because documents were not available until the proposed May 30, 2025, production date, making the "rolling production" condition ludicrous and meaningless.

7. As in any organization, particularly a public agency with over 200 employees, a name "cc'd" on an email, for instance, does not necessarily indicate that person has any knowledge about a subject area.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed in San Francisco, California, on this June 4, 2025.

Monica Castillo

Monica Castillo

# CERTIFICATE OF SERVICE

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699-TLN-AC

I certify that on *June 4, 2025,* I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Executed on June 4, 2025, at San Francisco, California.

Jasmine Carinio

**SERVICE LIST**

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA 95673<br>Tel: (512) 522-8571<br>davidsa@possiblymaybe.com<br>edfed@possiblymaybe.com | ***PLAINTIFFS IN PRO PER*** |