1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    SYDNEY BROOKE ROBERTS, et al.,              No.  2:22-cv-01699-DJC-AC

11                  Plaintiffs,

12           v.                                   ORDER

13    SACRAMENTO HOUSING &
      REDEVELOPMENT AGENCY, et al.,
14
                   Defendants.
15

16          Plaintiffs have filed an "Emergency Motion" before the Court seeking a stay of

17    discovery deadlines pending review of all dispositive findings and recommendations,

18    sanctions against Defendants for discovery violations, an order for a complete witness

19    list, an extension of discovery and related deadlines, an evidentiary hearing, "review

20    [of] all lodged document dump and materials[,]" and an order reassigning this action

21    under 28 U.S.C. § 455.  (Mot. (ECF No. 119).)  The Motion covers a number of

22    unrelated grievances with Defendants' conduct during discovery and the procedural

23    management of this case.  The Motion is effectively multiple separate motions

24    combined into a single motion.  These individual motions that are either not properly

25    before the undersigned or seek reconsideration of prior orders without stating a valid

26    basis for reconsideration.  For these reasons and the reasons stated below, these

27    motions and Plaintiffs' Motion as a whole is denied.

28    ////

                                              1

1    **I.      Motions That Must Be Brought Before the Magistrate Judge**

2         Plaintiffs' Motion contains a number of requests for relief that must be brought

3    before the Magistrate Judge.  Pursuant to Local Rule 302(c)(21), this action, including

4    dispositive and non-dispositive motions, is referred to the Magistrate Judge Allison

5    Claire.  As such, these requests cannot properly be brought before the undersigned.

6    Specifically, Plaintiffs seek a stay of discovery obligations, extension of discovery

7    deadlines, an order directing the disclosure of a complete witness list, an order

8    sanctioning Defendants, an evidentiary hearing on discovery issues, and a court

9    review of discovery documents.  Pursuant to Local Rule 302(c)(21), these requests

10   must be brought before the assigned Magistrate Judg.  As such, these portions of

11   Plaintiffs' Motion are denied.

12        Plaintiffs also contends that the scheduling of the "Rule 37" hearing after the

13   discovery deadline is a violation of the Local Rules and the scheduling order.  The

14   Court notes that where a motion to compel is scheduled to be heard after the

15   discovery deadline the Magistrate Judge still has the ability to order all appropriate

16   discovery remedies, including an extension of discovery deadlines, if so warranted.

17   More importantly though, this Motion also must be noticed before Judge Claire.  *See*

18   to Local Rule 302(c)(21).  As such, this Motion is denied as improperly noticed before

19   the undersigned.

20   **II.     Motions for Reconsideration**

21        Two parts of Plaintiffs' Motion are better construed as a Motion for

22   Reconsideration given they seek review of rulings already made by the Magistrate

23   Judge.  Plaintiffs first argue that Judge Claire "repeatedly treated dispositive

24   motions . . . as non-dispositive." (Mot. at 5.)  Plaintiffs do not provide any specificity as

25   to what motions they believe were treated improperly.  Looking at the docket does

26   not provide any further clarity.  Judge Claire has treated motions as dispositive and

27   issued Findings and Recommendations where appropriate including when dismissing

28   defendants, dismissing claims, denying motions for temporary restraining order,

ruling on summary judgment motions, and in other potentially dispositive postures. (ECF Nos. 27, 36, 60, 76, 111.)  The other orders issued by Judge Claire are not dispositive and address motions for appointment of counsel (ECF No. 55), discovery related motions (ECF Nos. 75, 88, 106, 110), motions to amend (ECF Nos. 9, 36), and two denials, without prejudice, of motions for summary judgment as premature and procedurally improper (ECF Nos. 40, 42).  As far as the Court can discern, no dispositive motions have been improperly treated as non-dispositive.  Accordingly, Plaintiffs' Motion on this basis is denied for failure to identify a valid basis for reconsideration.  *See* Local Rule 230(j); Fed. R. Civ. P. 60(b).

Plaintiff also seeks reconsideration of Judge Claire's orders on electronic filing and expedited scheduling.  (Mot. at 5.)  Plaintiff suggests that Judge Claire failed to "accommodate" pro se litigants, but Plaintiffs are not entitled to access to electronic filing or expediting scheduling by virtue of their pro se status.  The fact that other, unrelated requests by Defendants have been granted is not relevant to whether reconsideration is warrant.  Plaintiff has not identified a valid basis for reconsideration.  *See* Local Rule 230(j); Fed. R. Civ. P. 60(b).  As such, reconsideration on this basis is also denied.

### III.    Disqualification under 28 U.S.C. § 455

In their conclusion, Plaintiffs request that this court "consider reassignment under 28 U.S.C. § 455 if fairness is compromised[.]" (Mot. at 8.)  It is not clear from Plaintiffs' Motion if this is intended to be a request for the undersigned to disqualify himself or for this Court to disqualify the assigned Magistrate Judge.  If the former was Plaintiffs' intent, that request is denied; Plaintiffs have not identified any reason why disqualification is necessary under section 455.  If Plaintiffs intended to seek the disqualification of Judge Claire, that request is also denied.  Not only have Plaintiffs not identified a valid basis for disqualification, section 455 provides for <u>self</u>-disqualification and does not provide a means for the undersigned to disqualify a Magistrate Judge in the first instance.  *United States v. Studley*, 783 F.2d 934, 940 (9th

3

1    Cir. 1986) ("We have held repeatedly that the challenged judge himself should rule on

2    the legal sufficiency of a recusal motion in the first instance." (internal citations

3    omitted)).  Accordingly, Plaintiffs' request for disqualification under 28 U.S.C. § 455 is

4    denied.

5    **IV.    Conclusion**

6         Accordingly, Plaintiff's Emergency Motion for District Judge review, Stay of

7    Depositions, Sanctions, Extension of Deadlines, and Evidentiary Hearing (ECF No.

8    119) is DENIED.  This matter is referred back to the assigned Magistrate Judge for all

9    further proceedings with the exception of the Findings and Recommendations at ECF

10   No. 111 which are separately before this Court.

11

12        IT IS SO ORDERED.

13   Dated:  __**June 4, 2025**__

14                                                           Hon. Daniel J. Calabretta
                                                             UNITED STATES DISTRICT JUDGE

4