EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone:   (415) 433-0990
Facsimile:   (415) 434-1370

Attorneys for Defendants
SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY,
LA SHELLE DOZIER, MARYLIZ PAULSON,
TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN,
and IBRA HENLY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al..<br><br>Defendants. | No.: 2:22-cv-01699 DJC AC<br><br>**DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE PARTIES' AGREEMENT TO SETTLE AND DISMISS INSTANT LAWSUIT**<br><br>*Assigned to Magistrate Allison Claire*<br><br>DATE:        June 25, 2025<br>TIME:         10:00 am<br>COURTROOM: 26 |

**I.     INTRODUCTION**

Defendants hereby move this Court to enforce the agreement entered into by the parties and breached by Plaintiffs. Plaintiffs' written offer to settle included a dismissal of this matter. Defendants accepted the offer, in writing, and relied on the accepted offer. Plaintiffs' later attempt to withdraw their offer is nothing but a breach of the parties' agreement.

## II. FACTS

On May 19, 2025, Defendants' counsel, Monica Castillo emailed Plaintiffs to inform them that Defendants would be noticing their depositions and proposed June 9, 2025, for Mr. Samuel's deposition and June 10, 2025, for Ms. Roberts' deposition (Declaration of Monica Castillo ("Castillo Decl.") ¶ 3.) The following day, May 20, 2025, Mr. Samuel responded to Ms. Castillo that Plaintiffs required a CART certified reporter for their depositions (Castillo Decl. ¶ 4.)

Finding a CART certified court reporter was difficult – Ms. Castillo's office made their best effort and it was not until May 30, 2025, that such a reporter was located (Castillo Decl. ¶ 5.) On May 30, 2025, Ms. Castillo emailed Plaintiffs that a CART certified court reporter would be available for their depositions, and asked for confirmation of the June 9 and June 10, 2025, deposition dates (Castillo Decl. ¶ 5.) Deposition notices were prepared and were to be served on June 5, 2025, with the June 9, 2025 and June 10, 2025 deposition dates as discussed (Castillo Decl. ¶ 5.)

On June 3, 2025, Ms. Castillo emailed Plaintiffs that certain SHRA employees were being offered for deposition on Plaintiffs' requested deposition topics as follows:

- MaryLiz Paulson, SHRA Director, on June 16, 2025;
- Ilya Prozokov, SHRA employee, on June 17, 2025; and
- Melaine Olson, SHRA employee, on June 11, 2025.

Party depositions would thus be completed prior to the June 25, 2025, close of discovery pursuant to the April 18, 2024, Scheduling Order (Dkt. 58) (Castillo Decl. ¶ 6.)

On Thursday, June 5, 2025, at about 10:26 a.m., in pro per Plaintiffs emailed Ms. Castillo, and offered a settlement of the instant matter including a "mutual walkaway" and dismissal of the action, and agreed to sign a dismissal reflecting certain terms (Castillo Decl.) ¶ 7.)

Later that same day, at about 11:10 am, Ms. Castillo emailed Plaintiffs that she had authorization to accept Plaintiffs' offer to settle and dismiss the instant matter on the grounds Plaintiffs set forth in their offer, informed Plaintiffs that she would prepare the

1  Release and forward to them for their review and execution, and advised Plaintiffs of the
2  usual practice that Plaintiffs notify the court as soon as possible that the parties had agreed
3  to settle the matter (Castillo Decl. ¶ 8.)

4  As a result of the parties' written offer and acceptance to settle and dismiss the
5  instant matter, the notices for the Plaintiffs' depositions were not served (Castillo Decl. ¶
6  9.). Ms. Castillo informed her clients that the matter was settled and would be dismissed
7  and that SHRA employees' depositions were not going forward (Castillo Decl. ¶ 10.).

8  On June 10, 2025, Ms. Castillo emailed Plaintiffs with a proposed Settlement and
9  Release Agreement ("Agreement") for their review and execution. The Agreement
10 encapsulated Plaintiffs' previously requested terms and included a confidentiality term
11 (Castillo Decl. ¶ 11.)

12 Shortly thereafter, that same day, Plaintiffs emailed Ms. Castillo that the settlement
13 offer was withdrawn (Castillo Decl. ¶ 12). Additionally, Plaintiff Samuel stated he wanted to
14 move forward with his deposition that same day (his deposition was to have taken place on
15 June 9, 2025, not June 10, 2025), and that the SHRA employees' depositions dates were
16 offered with "too little prior notice" and that 30 days would be need for these depositions
17 (Castillo Decl. ¶ 12.)

18 On June 11, 2025, Ms. Castillo emailed Plaintiffs that Defendants would be filing the
19 instant motion, that Plaintiffs' email to go forward with Plaintiffs' depositions came too late,
20 and requested confirmation that the amply noticed June 16, 2025 and June 17, 2025,
21 depositions of SHRA employees would go forward (Castillo Decl. ¶ 13.)

22 Later that same day, Plaintiffs emailed Ms. Castillo to state their claim of the absence
23 of any binding agreement to settle pursuant to FRCP 41(a)(1)(A)(ii), that Plaintiffs did not
24 agree to certain terms within the proposed Agreement, that Defendants "failed to provide
25 the requested availability (of SHRA employees) in advance" and that Plaintiffs were
26 prepared to appear for depositions on the dates noticed but that Defendants cancelled them
27 based on the settlement (Castillo Decl. ¶ 14.)

28 ///

Defendants had no choice but to file the instant motion to enforce the agreement to settle and dismissal of this matter (Castillo Decl. ¶ 15.)

### III.   ARGUMENT

#### A. Standard of Review For Party Seeking Enforcement

To receive preliminary injunctive relief, the moving party bears the burden of demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) the existence of serious questions as to success on the merits and irreparable injury along with a sharp tipping of the balance of hardships in favor of the moving party. *Stahlbarg International Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839-840 (9th Cir. 2001). These alternative standards are "not separate tests but the outer reaches of a single continuum." *International Jensen, Inc. v. Metrosound U.S.A.*, 4 F.3d 819, 822 (9th Cir. 1993).

In the instant matter, there is a written offer by Plaintiff, written acceptance of the offer by Defendants, to settle and dismiss the matter, and a breach by Plaintiffs (see C. Agreement to Settle Matter is Governed By Contract Principles, below). Defendants would prevail on a breach of contract claim, thereby meeting the requirements of "probable success on the merits".

The possibility of irreparable injury is clear. All parties relied on Plaintiffs' offer to settle and dismiss this matter, and on Defendants' acceptance of Plaintiffs' offer. Plaintiff David Samuel did not appear for his June 9, 2025, correctly noticed deposition and Plaintiff Robert did not appear for her correctly noticed June 10, 2025 deposition. Given the difficulty of locating the CART certified court reporter to accommodate Plaintiff's requests, re-noticing Plaintiffs' depositions is difficult at best and has rendered Defendants unable to complete Plaintiffs' depositions before the June 25, 2025 discovery cut-off.  Defendants have shown demonstrable irreparable injury if this Court fails to enforce the settlement agreement between the parties.

///

///

### B. This Court Has Authority To Enforce Settlement Agreements

In *Kokkonen v. Guardian Life Ins. Co. of Am.* (May 16, 1994) 511 U.S. 375, 377–382, the Supreme Court held a district court has the power to enforce a settlement agreement pursuant to its inherent supervisory power. In *Kokkonen*, the suit involving state law claims was removed to federal court based on diversity jurisdiction. Thereafter, the parties agreed to settle all claims and moved to dismiss the complaint and cross-complaint. The Supreme Court held that, when a dismissal is made pursuant to FRCP 41(a)(1)(A)(ii), the District Cort may retain jurisdiction to enforce the settlement. Absent a FRCP 41(a)(1)(A)(ii) agreement to dismiss, the enforcement of the settlement agreement is for state courts, **unless there is some independent basis for federal jurisdiction** (emphasis added).

In the instant matter, the settlement agreement was not made pursuant to FRCP 41(a)(1)(A)(ii). However, the due process and accessibility claims of the instant lawsuit are squarely this court's jurisdiction. This court is authorized to enforce the parties' settlement agreement.

### C. Agreement to Settle Is Governed By Contract Principles

Courts have held that "a settlement agreement is essentially a contract and is subject to the traditional rules of contract interpretation." *Norfolk S. Corp v. Chevron USA, Inc.* (2004) 371 F.3d. 1285, 1290, citing *Monahan v. Comm'r*, 321 F.3d 1063, 1068 (11th Cir. 2003)

In the instant matter, the parties agreed, or contracted, to settle and dismiss this matter. Plaintiffs made a written offer to settle and dismiss the matter, and Defendants accepted the offer in writing. Both parties relied on the accepted offer - Plaintiffs by not appearing at their depositions as noticed, and Defendants by not going forward with Plaintiffs' depositions including hiring a CART certified court reporter as requested by Plaintiffs to reasonably accommodate Plaintiffs. Plaintiffs' later attempt to withdraw their offer constitutes a breach of the parties' mutual agreement to settle and dismiss the instant matter. This is a textbook example of a breach of an enforceable contract.

Plaintiffs may argue that the Agreement memorializing the settlement and dismissal contained new terms which they did not agree to. However, there is a difference between the agreement to settle and dismiss and the actual terms of that agreement, which would be memorialized in the Agreement. Defendants are not asking this court to enforce the specific terms of the Agreement, but rather are asking that this court enforce the contract between the parties to settle and dismiss the matter. It is all too common for parties to agree to settle, then work on the terms of the agreement. In this case, Defendants sent an Agreement to Plaintiffs to review, meaning Defendants anticipated that there would be discussion and negotiation regarding the terms of the accepted offer.

If this court is so inclined, Defendants propose that the parties be ordered to work on the terms of the settlement agreement, perhaps with the aid of a settlement referee.

**IV.    CONCLUSION**

Defendants respectfully request that this court exercise its authority to enforce the parties' written agreement to settle and dismiss the instant matter.

Dated:  June 13, 2025                                         **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: _____/s/ Monica Castillo_____
EDWARD P. GARSON
MONICA CASTILLO
Attorneys for Defendants

6
DEFENDANTS' POINTS & AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE PARTIES' AGREEMENT TO SETTLE AND DISMISS INSTANT LAWSUIT
314663519v.1

## **CERTIFICATE OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699-TLN-AC

      I certify that on *June 13, 2025,* I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

      Executed on June 13, 2025, at San Francisco, California.

_____
Jasmine Carinio

DEFENDANTS' POINTS & AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE PARTIES' AGREEMENT TO SETTLE AND DISMISS INSTANT LAWSUIT

314663519v.1