



David Samuel, Pro Se
Sydney Roberts, Pro Se
108 Rinetti Way
Rio Linda, CA 95673
512-522-8571
edfed@possiblymaybe.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS<br><br>DAVID TYRONE SAMUEL,<br><br>AIMS (A MINOR),<br><br>DAYS (A MINOR)<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY ET AL.,<br><br>Defendants | Case No: 2:22-cv-01699 DJC AC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT** |

## I. INTRODUCTION

1)     Defendants' motion to enforce settlement should be denied on the written record alone. The undisputed facts demonstrate that no enforceable agreement was ever formed, no stipulation of dismissal was executed, and there is no factual controversy to justify further proceedings. Every communication relevant to the alleged settlement is documentary and before the Court. The record is complete, and the motion should be decided as a matter of law.

## II. PROCEDURAL HISTORY

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT  - 1

2)  Defendants originally attempted to notice their motion to enforce settlement for hearing on the same date as the already scheduled Rule 37 hearing, with less than the minimum notice required by Federal Rule of Civil Procedure 6(c) and Local Rule 230. The Court properly set the motion for a separately calendared hearing. Plaintiffs submit that all relevant communications and documents have now been presented. There is no factual controversy: the material facts are fully established in the written record and are not disputed by either party. Accordingly, the record is complete, and no evidentiary hearing is necessary.

### III. CLARIFICATION REGARDING DEPOSITIONS AND SETTLEMENT DISCUSSIONS

3)  Defendants have suggested that Plaintiffs' willingness to consider settlement, or subsequent withdrawal of their offer (Ex 1, 2, 3), was related to deposition scheduling or other discovery events. This is incorrect. Plaintiffs' offer and subsequent withdrawal were entirely unrelated to deposition logistics, which proceeded independently and were noticed and scheduled in accordance with the Federal Rules. Plaintiffs' withdrawal reflected substantive consideration of Defendants' proposed terms and the procedural context of the case, not any effort to avoid depositions or discovery obligations (Ex 1, 2, 3). All relevant communications regarding settlement are documentary and before the Court.

### IV. UNDISPUTED MATERIAL FACTS

#### 1. Plaintiffs' Initial Offer Was Not a Closed, Final Offer

4)  On June 5, 2025, Plaintiffs proposed a mutual dismissal and closure of this action, with terms including dismissal with prejudice, each party to bear its own costs,

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT - 2

mutual release of all claims arising out of the litigation, mutual agreement not to pursue sanctions or retaliation, and an invitation for Defendants to propose modifications.

### 2. Defense's "Acceptance" Was Not Unconditional and Was Not Mirror-Image

5) On June 5, 2025, Defendants responded: "We have authorization to accept your offer to settle and dismiss this case on the grounds you set forth in your email, below. We will prepare the Release and forward to you for review and execution."

6) By stating that a written "Release" would be drafted and provided, Defendants themselves treated the agreement as subject to further negotiation and execution—not as a complete, final contract.

### 3. Defendants' Draft Introduced Material New Terms

7) On June 10, 2025, Defendants sent Plaintiffs a draft "Settlement and Release Agreement" introducing entirely new, material provisions including a non-disclosure agreement, non-disparagement clauses, and other restrictions never mentioned or agreed to by Plaintiffs in their original email.

### 4. Plaintiffs Immediately and Unambiguously Withdrew

8) Plaintiffs promptly replied: "After some consideration, we are withdrawing our offer under these terms." (Ex 1).

9) No executed agreement or stipulation was ever signed by both parties or filed with the Court.

### V. DEFENDANTS' REFUSAL TO ENGAGE PROVES PLAINTIFFS' OFFER WAS NOT INTENDED AS A FINAL AGREEMENT

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT - 3

10) The parties' course of dealing throughout this litigation demonstrates that Plaintiffs' June 5, 2025 message was not intended and could not reasonably be understood as a final, binding offer.

11) Plaintiffs made multiple efforts to initiate settlement dialogue, including the inclusion of detailed settlement proposals in their May 2024 initial disclosures, as required by Federal Rule of Civil Procedure 26(a). Defendants never responded to these proposals or made any counter-offer, nor did they engage in any settlement discussions at that time. See Dkt. 62 (Plaintiffs' Response to Defendants' Ex Parte Application for Continuance of the Settlement Conference) at 2, Ex. 1.

12) When the court ordered a mandatory settlement conference for June 2024, Defendants filed an ex parte application to continue the conference, stating they "weren't ready" to participate and never rescheduled or made further efforts to negotiate. See Dkt. 61 (Defendants' Ex Parte Application for Continuance of Settlement Conference).

13) Plaintiffs opposed the continuance, seeking to proceed with meaningful negotiation. Defendants' pattern was not one of engagement, but of persistent delay and avoidance.

14) Against this backdrop, Plaintiffs' June 5, 2025 communication explicitly invited Defendants to either accept the terms or propose modifications, further confirming that it was an opening to negotiation rather than a statement of final, non-negotiable terms.

15) Defendants' promise to draft a formal written agreement and introducing material new provisions further confirms that both parties understood the discussion to be ongoing and incomplete.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT - 4

16) As the Ninth Circuit made clear in Callie v. Near, 829 F.2d 888, 891 (9th Cir. 1987), there is no enforceable settlement "where material terms remained to be negotiated and agreed upon." The context makes it clear that no such final agreement could have been reached in a single email.

### VI. ARGUMENT

#### A. No Contract Exists Without Mutual Assent on All Material Terms

17) Federal courts require a clear meeting of the minds and agreement on all material terms for a settlement contract to be enforceable. See Doi v. Halekulani Corp., 276 F.3d 1131, 1138 (9th Cir. 2002); Callie v. Near, 829 F.2d 888, 890–91 (9th Cir. 1987). An "acceptance" that is not a mirror image, or that is expressly conditioned on future documentation or introduces new substantive terms, is not binding. Callie, 829 F.2d at 891.

#### B. Plaintiffs' Offer Expressly Invited Further Negotiation

18) Plaintiffs' June 5 email left the door open for further negotiation: "please advise whether you are interested in resolving this matter accordingly, or if you wish to discuss modifications."

19) Courts will not enforce a settlement when the correspondence demonstrates ongoing negotiation rather than mutual assent. Callie, 829 F.2d at 891 (no contract where "material terms remained to be negotiated and agreed upon").

#### C. Defendants' "Acceptance" Was Conditioned and Incomplete

20) By stating they would "prepare the Release and forward to you for review and execution," Defendants made clear that final agreement was subject to the preparation

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT - 5

and execution of a formal writing. Where the parties contemplate further documentation, no binding contract exists until that writing is executed. Callie, 829 F.2d at 891; Doi, 276 F.3d at 1138.

### D. Defendants' Draft Release Added New, Material Terms

21)   When Defendants sent a written draft agreement, it introduced new and significant terms (including non-disclosure, non-disparagement, and other restrictions) that went far beyond Plaintiffs' original email. Introduction of such terms, never previously discussed, demonstrates that the parties had not agreed on all material terms. Callie, 829 F.2d at 891.

### E. No Executed Agreement or Rule 41 Stipulation Exists

22)   Federal Rule of Civil Procedure 41(a)(1)(A)(ii) requires a stipulation of dismissal to be "signed by all parties who have appeared." No stipulation or executed settlement agreement was ever signed or filed. See also Doi, 276 F.3d at 1138.

### F. Withdrawal Was Lawful and Timely

23)   Plaintiffs withdrew their offer promptly upon receipt of new, material terms and before any writing was executed or filed (Ex 1, 2, 3). Parties may withdraw from settlement negotiations at any time before final execution. Callie, 829 F.2d at 891.

### G. No Factual Dispute Remains—Evidentiary Hearing Is Unwarranted

24)   All material facts are established by the written record. There is no ambiguity or gap to be filled by witness testimony. The Ninth Circuit is clear: "Where material facts concerning the existence or terms of an agreement to settle are in dispute, the court must hold an evidentiary hearing." Callie, 829 F.2d at 890. Here, all facts are in the

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT - 6

documentary record; there are no oral understandings, no missing pieces, and nothing for a trier of fact to resolve.

## VII. REQUEST FOR REASONABLE ACCOMMODATION

25) Should the Court order an evidentiary hearing, Plaintiffs hereby request, as a reasonable accommodation under the Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, that all questions to be posed at any such hearing be provided to Plaintiffs in writing at least five (5) days in advance. Plaintiffs require this accommodation to ensure effective communication and equal participation in any proceeding, in accordance with 28 C.F.R. § 35.160(b) and applicable federal law. Plaintiffs respectfully request that the Court direct all parties to comply with this accommodation in advance of any scheduled hearing.

## VIII. CONCLUSION

26) The record demonstrates as a matter of law that there was no enforceable settlement, no executed agreement, and no meeting of the minds on all material terms. The motion should be denied on the written submissions, without a hearing.

Respectfully submitted,

*David Samuel*
David Samuel
June 30, 2025

*Sydney Roberts*
Sydney Roberts
June 30, 2025

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT - 7

Exhibit 1



David Samuel <davidsa@possiblymaybe.com>

## Proposed Mutual Dismissal and Closure – Roberts et al. v. SHRA et al., 2:22-cv-01699-DJC-AC

**David Samuel** <davidsa@possiblymaybe.com>  Tue, Jun 10, 2025 at 7:52 AM
To: "Castillo, Monica" <Monica.Castillo@wilsonelser.com>

Counsel:

After some consideration, we are withdrawing our offer under these terms.

I am prepared to move forward with the deposition today, but haven't received a zoom link yet.

The offered deposition dates for the SHRA subject matter experts are offered with too little prior notice, we would need at least 30 days to make the necessary arrangements.

Best Regards,

David
[Quoted text hidden]

Exhibit 2



David Samuel <davidsa@possiblymaybe.com>

---

## Proposed Mutual Dismissal and Closure – Roberts et al. v. SHRA et al., 2:22-cv-01699-DJC-AC

**David Samuel** <davidsa@possiblymaybe.com>　　　　　　　　　　　　　Wed, Jun 11, 2025 at 11:55 AM
To: "Castillo, Monica" <Monica.Castillo@wilsonelser.com>, "Garson, Edward" <edward.garson@wilsonelser.com>, "Maddy, David and Artemis Samuel" <home@possiblymaybe.com>, Barbara McGarvey <sea@possiblymaybe.com>

Counsel:

We acknowledge receipt of your June 11, 2025 correspondence.

Absence of Binding Agreement; Fed. R. Civ. P. 41(a)(1)(A)(ii) and Local Rule 160
Plaintiffs reiterate that there is no enforceable settlement agreement under either Federal Rule of Civil Procedure 41(a)(1)(A)(ii) or Eastern District Local Rule 160. Defendants unilaterally introduced material terms—including a non-disclosure agreement, non-disparagement provisions, and other substantive restrictions—that were never accepted by Plaintiffs and were never incorporated into a fully executed written agreement. Plaintiffs have not stipulated to dismissal, nor have all essential terms been agreed upon or formalized. Plaintiffs will oppose any motion to enforce an alleged settlement on both factual and legal grounds.

Depositions of SHRA Employees; Fed. R. Civ. P. 30(b)(1) and 26(g)
Plaintiffs are not willing to proceed with the depositions of MaryLiz Paulson or Ilya Prozorov as currently noticed. Defendants failed to provide the requested availability of these witnesses in advance, contrary to the cooperation required by Fed. R. Civ. P. 26(g), resulting in inadequate and prejudicial notice under Fed. R. Civ. P. 30(b)(1). Plaintiffs are not responsible for Defendants' refusal to coordinate scheduling in good faith.

Plaintiff Depositions; Rule 30
The depositions of Mr. Samuel and Ms. Roberts were properly noticed by Defendants pursuant to Fed. R. Civ. P. 30. Plaintiffs were available and prepared to appear on the dates noticed. Defendants unilaterally cancelled those depositions based solely on their assumption that a settlement would occur. Any resulting failure to complete those depositions is attributable to Defendants, not Plaintiffs.

Discovery and Public Advocacy; Fed. R. Civ. P. 26 and First Amendment
For avoidance of doubt, Plaintiffs will not agree to any terms limiting their right to public advocacy or publication of the facts and procedural history of this matter. Any attempt to condition settlement on a non-disparagement or non-disclosure provision is incompatible with Plaintiffs' First Amendment rights and public interest in transparency.

Outstanding Discovery; Rules 26, 34, and 37
Defendants' production remains deficient in violation of Fed. R. Civ. P. 26 and 34, including failure to produce the full administrative case file, Reasonable Accommodation Committee records, and all responsive internal communications. Plaintiffs reserve all rights under Fed. R. Civ. P. 37 to seek appropriate relief, including sanctions and further judicial intervention.

Procedural Notice and Preservation of Rights
If Defendants intend to pursue a motion to enforce a purported settlement, Plaintiffs demand that you identify with specificity all communications, drafts, and purported agreements upon which you rely, and comply fully with all notice and service requirements under the Local Rules and the Federal Rules of Civil Procedure. Plaintiffs expressly reserve all procedural and substantive rights in this matter.

Best Regards,

David
[Quoted text hidden]

Exhibit 3



David Samuel <davidsa@possiblymaybe.com>

---

## Clarification Regarding Settlement Posture and Evidentiary Record
1 message

---

**David Samuel** <davidsa@possiblymaybe.com>  Wed, Jun 11, 2025 at 12:09 PM
To: "Garson, Edward" <edward.garson@wilsonelser.com>, "Castillo, Monica" <monica.castillo@wilsonelser.com>,
"Maddy, David and Artemis Samuel" <home@possiblymaybe.com>

Counsel:

For avoidance of doubt, Plaintiffs' willingness to consider settlement was not, and is not, an acknowledgment of any weakness in the factual or legal merits of their claims. The record developed in this case under Federal Rule of Civil Procedure 26 has established, by direct evidence, that:

1. **Unwritten Policies and Denial of Reasonable Accommodation**
   SHRA systematically employed unwritten policies to deny reasonable accommodation requests in violation of the Americans with Disabilities Act, 42 U.S.C. § 12132; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; the Fair Housing Act, 42 U.S.C. § 3604(f); and the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code §§ 12955 et seq. This is established by internal email correspondence and the absence of any contemporaneous documentation of individualized assessment or exception process as required under 28 C.F.R. §§ 35.130(b)(7), 35.130(d), and 24 C.F.R. § 100.204.

2. **Post Hoc Rationalization**
   The evidentiary record, including internal communications among Paulson, Henley, Cruz, and Shaw, demonstrates that Defendants routinely attempted to create post hoc justifications for denial of accommodations, in contravention of the interactive process requirements articulated by the Ninth Circuit in *Duvall v. County of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001), and *US Airways, Inc. v. Barnett*, 535 U.S. 391, 397–98 (2002).

3. **Denial of Due Process**
   Defendants released their hearing officer—months into a three-year contract—in a manner designed to obstruct the hearing process, violating Plaintiffs' rights under 24 C.F.R. § 982.555 and established procedural due process standards (*Goldberg v. Kelly*, 397 U.S. 254 (1970); *Foster v. City of Oakland*, 927 F. Supp. 2d 867, 879–80 (N.D. Cal. 2013)).

4. **Denial of Effective Communication**
   Both formal denial letters and admissions by Defendants' agents confirm violation of the effective communication mandate in 28 C.F.R. § 35.160(a) (ADA), as well as HUD guidance requiring effective communication for all members of an applicant household (*Joint Statement of HUD and DOJ on Reasonable Accommodations*, May 17, 2004; see also 24 C.F.R. §§ 8.6, 100.202).

5. **Use of Fictitious Market Comparables**
   Defendants relied on plainly non-comparable and sometimes fabricated market data to deny Requests for Tenancy Approval (RFTAs), in violation of 24 C.F.R. §§ 982.507 and 982.503, as well as HUD PIH Notice 2023-13 (requiring that market comparables reflect actual, not hypothetical, conditions and include reasonable accommodation modifications where relevant).

The factual record supporting these points is direct, documentary, and corroborated by both Plaintiffs' evidence and Defendants' own admissions. No part of Plaintiffs' settlement posture should be construed as a concession on liability or damages.

**First Amendment and Public Policy**
Any attempt to condition settlement on non-disparagement or non-disclosure is incompatible with Plaintiffs' rights under the First Amendment to the United States Constitution and California Constitution, Article I, § 2. Plaintiffs' advocacy and publication regarding these matters serve the public interest in transparency and accountability in federally funded housing programs.

**Conclusion**

Plaintiffs are prepared to proceed to trial and are confident, based on the above-cited authorities and the evidentiary record, that any reasonable jury will find in their favor. Any settlement must: (a) acknowledge the substance of these claims; (b) not preclude Plaintiffs from public disclosure or advocacy; and (c) be consistent with the public interest and applicable law.

To the extent Defendants persist in denying the record or seek to impose unlawful restrictions, Plaintiffs will seek all available relief at trial and on appeal.

Best Regards,

David

| NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)<br>EDWARD P. GARSON (SBN 96786)<br>MONICA CASTILLO (SBN 146154)<br>WILSON ELSER MOSKOWITZ EDELMAN & DICKER<br>655 Montgomery Street, Suite 900<br>San Francisco, CA 94111<br>Telephone: (415) 433-0990 | |
|---|---|

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| Sydney Brooke Roberts,<br>David Samuel,<br>A.I.M.S.,<br>D.A.Y.S.,            PLAINTIFF(S),<br>v.<br>Sacramento Housing and Redevelopment<br>Agency, et. al,<br>                                             DEFENDANT(S). | CASE NUMBER<br><br>2:22-cv-01699-DJC AC<br><br><br>PROOF OF SERVICE - ACKNOWLEDGMENT<br>OF SERVICE |
|---|---|

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Sacramento, State of California, and not a party to the above-entitled cause. On June 30, 2025, I served a true copy of PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served. Attach additional pages if necessary.)

Place of Mailing: 3350 Arapaho Way, Antelope, CA 95843
Executed on June 30, 2025 at Sacramento, California

Please check one of these boxes if service is made by mail:

☐ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.
☐ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.
☒ I hereby certify under the penalty of perjury that the foregoing is true and correct.

*Barbara McGarvey*
Signature of Person Making Service

### ACKNOWLEDGEMENT OF SERVICE

I, _____, received a true copy of the within document on _____.


Signature                                    Party Served

CV-40 (01/00)                  PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE