EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone:   (415) 433-0990
Facsimile:    (415) 434-1370

Attorneys for Defendants
SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY,
LA SHELLE DOZIER, MARYLIZ PAULSON,
TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN,
and IBRA HENLY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al..<br><br>Defendants. | No.: 2:22-cv-01699 DJC AC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO ENFORCE PARTIES' AGREEMENT TO SETTLE AND DISMISS INSTANT LAWSUIT**<br><br>*Assigned to Magistrate Allison Claire*<br><br>DATE:    June 25, 2025<br>TIME:    10:00 am<br>COURTROOM: 26 |

Plaintiffs' Opposition rests solely on their erroneous argument that the parties did not have a final contract because Defendants prepared a Release. The case of *Optima Tax Relief, LLC v. Channel Clarity, Inc.* (Central Dist. January 21, 2026) 2016 U.S. Dist. LEXIS 184774 is directly on point and supports Defendants' motion.

In *Optima Tax Relief, LLC,* Optima brought a suit against Channel for copyright infringement, false advertising and unfair competition. On November 9, 2015, Channel

1  emailed Optima with a settlement proposal with specific terms, including a dismissal with
2  prejudice, each party to bear its own fees and costs and mutual release, and an immediate
3  ceasing of Channel's operations regarding the allegedly infringing website (*Id.* at 2.)
4      Two days later, on November 11, 2025, Optimal responded to Channel that the offer
5  was "very promising", that it was satisfied with the non-monetary portion but that it needed
6  money to settle (*Id.* at 2-3.)
7      Five days later, on November 16, 2015, Optima emailed Channel enquiring if Optima
8  would get money (*Id.* at 3.) Channel responded that Optima should make a counteroffer
9  (*Id.* at 3.) Optima responded by writing "30k, last and best on the money" and added it
10 considered the non-monetary relief settled (*Id.* at 3.) Channel responded in writing that it
11 agreed with the terms, including a mutual release, and asked for confirmation of the
12 settlement (*Id.* at 3.) The following day, November 17, 2015, Optima emailed that the
13 parties "had a deal" and informed Channel that its counsel had informed the court of the
14 settlement pursuant to local rules (*Id.* at 3-4.)
15     On November 19, 2015, Channel emailed a settlement agreement and general
16 release to Optima, adding that it was a draft settlement agreement for Optima's review, and
17 asked to be informed of proposed changes (*Id.* at 4.) On November 24, 2015, Optima
18 returned the redlined version of the settlement agreement, with one section being
19 substantially revised (*Id.* at 5-6.) Channel responded to Optima's proposed edits by
20 accepting most of the terms but objecting to the revised section (*Id.* at 6.) Optima and
21 Channel corresponded further until, on November 30, 2015, Channel agreed to the
22 settlement agreement but that it would not re-negotiate the terms previously agreed to by
23 Optima (*Id.* at 7.) Channel further stated that unless Optima signed the settlement
24 agreement on the terms agreed-upon, it would file a motion to enforce the agreement (*Id.*
25 at 7-8.) Optima replied to Channel it would not oppose such a motion based on backing out
26 of the settlement but would focus on the one, revised section (*Id.* at 8.)
27     In its opposition to Channel's motion, Optima argued that the November 16, 2015
28 email made "clear that the material terms of the settlement agreement were not fully set

forth" in the emails of November 16, 2015 and that the parties "intended to only be bound by a complete written agreement…" (*Id.* at 10.) Optima further argued that Channel's draft settlement agreement "made substantial changes to the scope of the releases promised, the method of payment, added new terms regarding tax treatment," and others (*Id.* at 11.)

The *Optima* court analyzed the November 16 and 17 emails and concluded there was no ambiguity as to the settlement's material terms or Optima's acceptance of the offer. (*Id.* at 12.) The court also concluded that <u>the fact that the agreement was to be reduced to a written settlement agreement was immaterial</u> (emphasis added)(*Id.* at 13.) "[A]nticipation of a more formal future writing does not nullify an otherwise binding agreement" (*Id.* at 13; *Abbot Labs v. Alpha Therapeutic Corp.* 164F.3d 385,388 (7th Cir.1999).)

The *Optima* court focused on the November 16, 2015 and November 17, 2015 emails between the parties to conclude there "was no ambiguity as to the settlement's material terms or Optima's acceptance of the offer" (*Id.* at 12.) The court held that the parties entered into "a binding settlement agreement on November 17, 2015, which incorporated by reference certain non-monetary relief provisions set forth in the November 9, 2015 email" (*Id.* at 13.) and granted Channel's motion to enforce the settlement agreement with the terms being those set forth in the November 16, 2015 email and dismissed the action with prejudice.

As in *Optima*, in our case, on Thursday, June 5, 2025, at about 10:26 a.m., in pro per Plaintiffs emailed Defendants' counsel, Monica Castillo, and offered a settlement of the instant matter including a "mutual walkaway" and dismissal of the action, and agreed to sign a dismissal reflecting certain terms (Castillo Decl.) ¶ 7.)

Later that same day, at about 11:10 am, Ms. Castillo emailed Plaintiffs that she had authorization to accept Plaintiffs' offer to settle and dismiss the instant matter on the grounds Plaintiffs set forth in their offer, informed Plaintiffs that she would prepare the Release and forward to them for their review and execution, and advised Plaintiffs of the usual practice that Plaintiffs notify the court as soon as possible that the parties had agreed to settle the matter (Castillo Decl. ¶ 8.)

1    As a result of the parties' written offer and acceptance to settle and dismiss the
2 instant matter, Ms. Castillo informed her clients that the matter was settled and would be
3 dismissed (Castillo Decl. ¶ 10.).
4    On June 10, 2025, Ms. Castillo emailed Plaintiffs with a proposed Settlement and
5 Release Agreement ("Agreement") for their review and execution. The Agreement
6 encapsulated Plaintiffs' previously requested terms and included a confidentiality term
7 (Castillo Decl. ¶ 11.)
8    Shortly thereafter, that same day, Plaintiffs emailed Ms. Castillo that the settlement
9 offer was withdrawn (Castillo Decl. ¶ 12). On June 11, 2025, Ms. Castillo emailed Plaintiffs
10 that Defendants would be filing the instant motion (Castillo Decl. ¶ 13.)
11    Later that same day, Plaintiffs emailed Ms. Castillo to state their claim of the absence
12 of any binding agreement to settle, that Plaintiffs did not agree to certain terms within the
13 proposed Agreement and that "Defendants unilaterally introduced material terms –
14 including a non-disclosure agreement, non-disparagement provisions and other
15 substantive restrictions – that were never accepted by Plaintiffs and were never
16 incorporated into a fully executed written agreement" (Castillo Decl. ¶ 14.)
17    It is clear that, similar to *Optima*, Plaintiffs and Defendants in the instant case
18 entered into a binding settlement agreement on June 5, 2025, when Plaintiffs emailed to
19 Defendants their offer to settle the matter, with a dismissal of all claims with prejudice,
20 each side to bear its own fees and costs, a mutual release of all claims, no further pursuit
21 of sanctions by either party, and no retaliation by either party and Plaintiffs' offer to sign a
22 dismissal reflecting the terms, all of which Defendants accepted in their email later that
23 day, even stating their agreement to Plaintiffs' terms.
24 ///
25 ///
26 ///
27 ///
28

Defendants respectfully urge this Court to grant the instant motion and dismiss this case with prejudice.

Dated: July 9, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: _____
EDWARD P. GARSON
MONICA CASTILLO
Attorneys for Defendants

## CERTIFICATE OF SERVICE

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699-TLN-AC

  I certify that on July 9*, 2025,* I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

  Executed on July 9, 2025, at San Francisco, California.

                 _____
                    Geraldine Touson

# PROOF OF SERVICE

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO ENFORCE PARTIES' AGREEMENT TO SETTLE AND DISMISS INSTANT LAWSUIT**

☐:    **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒:    **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| |
|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA  95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 |

Executed on July 9, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

_____
Geraldine Touson