UNITED STATES DISTRICT COURT

                      FOR THE EASTERN DISTRICT OF CALIFORNIA


| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL, | No. 2:22-cv-1699 DJC AC |
|---|---|
| Plaintiffs, | |
| v. | ORDER |
| SACRAMENTO HOUSING & REDEVELOPMENT AGENCY, et al., | |
| Defendants. | |

This matter is before the court on a motion to compel brought by plaintiffs. ECF No. 112. This discovery motion was referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1) and 302(c)(21). The parties submitted the required joint statement (ECF No. 122) and also submitted responsive briefing (ECF Nos. 118, 123). The motion was taken under submission. ECF No. 113. For the reasons set forth below, the motion to compel is DENIED.

Plaintiffs have also filed a request for a ruling (ECF No. 116), asking the undersigned to rule on a motion for summary judgment they filed on June 2, 2023 (ECF No. 38). The court previously, on June 12, 2023, denied that summary judgment motion without prejudice as premature. ECF No. 40. Accordingly, the request at ECF No. 116 will be DENIED as MOOT.

**I.      Relevant Background**

Plaintiffs filed this action in pro se and in forma pauperis on September 27, 2022. ECF No. 1. Pursuant to the screening process associated with IFP status, plaintiffs' complaint was amended

1

twice before the operative Third Amended Complaint ("TAC") was ordered to be served. ECF Nos. 11, 12. The TAC brought causes of action under Title II of the Americans with Disabilities Act, the Fair Housing Act, Sections 504 and 508 of the Rehabilitation Act, and the Fourteenth Amendment. ECF No. 11 at 4.

Plaintiffs, two adult members of the same household, allege that defendants have violated the laws with respect to their housing and their requested accommodations related to various disabilities. See generally, ECF No. 11. Plaintiff David Tyrone Samuel is a disabled person currently receiving Social Security Disability Insurance ("SSDI") for diagnoses of Attention Deficit Hyperactivity Disorder, Autism Spectrum Disorder, Chronic Post Traumatic Stress Disorder, and Major Depressive Disorder. Id. at 9. Samuel and Sydney Brooke Roberts are parents of two children: AIMS, age 4, and DAYS, an infant. Id. AIMS has been diagnosed with Autism Spectrum Disorder and is currently non-verbal. Id.

The family participates in the Department of Housing and Urban Development Housing Choice Voucher program ("HCV"). Id. at 7. They received their voucher on September 14, 2018, as part of a Sacramento County program that included wrap-around services from Sacramento Self Help Housing, a vendor who provided Property Related Tenant Services ("PRTS"). Id. at 13. A caseworker from PRTS was responsible for coordinating housing related issues with the Sacramento Housing and Redevelopment Agency ("SHRA"). Plaintiffs asked an unknown supervisor about the process of requesting an extra bedroom to be added to their housing voucher as a reasonable accommodation; the supervisor said this was not possible. Id. at 17. On May 18, 2022, PRTS caseworker Ashely Valentine encouraged plaintiffs to formally request a reasonable housing accommodation. Id. Plaintiffs submitted all documents on May 19, 2022. Id. Plaintiffs received a denial signed by MaryLiz Paulson, director of the HVC program operations for SHRA, on behalf of the Reasonable Accommodation Compliance Committee ("RACC"), on July 15, 2022. Id. at 19.

Plaintiffs attempted to reach RACC multiple times regarding their request but were not getting responses. Id. at 18-19. On June 20, 2022, plaintiffs called SHRA through their main number. Id. at 18. Plaintiffs then received a letter from employee Tyler Thao requesting

2

1  additional documentation. Id. Plaintiffs continued to attempt to contact SHRA without success.
2  Id. On August 4, 2022, plaintiffs submitted a written request for a hearing to SHRA via fax. Id.
3  at 19. Plaintiffs did not receive an immediate response despite multiple contact attempts. Id. On
4  August 28, 2022, plaintiffs received an email from SHRA with login credentials for a zoom
5  hearing to be held on September 12, 2022. Id. at 20. On September 6, 2022, plaintiffs received a
6  letter from SHRA with hearing procedures and requirements. Id. Plaintiffs had their hearing
7  before officer John Lew. Id. The hearing was attended by Tanya Cruz, who appeared on behalf
8  of RACC member Tory Lynch. Id. at 21. At the hearing, plaintiffs argued that the SHRA
9  regulations allow for housing modification "for durable medical equipment, and [that] the room
10 itself was durable medical equipment." Id. at 22. On September 15, 2022, Cruz informed
11 plaintiffs, without explanation, that Lew would not be able to submit a decision for the hearing
12 and SHRA would set another hearing for a future date. Id.
13   On September 16, 2022, plaintiffs sent a certified letter disagreeing with the lack of decision,
14 including a copy of their hearing arguments. Id. at 23. On September 26, 2022, plaintiffs sent
15 another letter via certified mail requesting all previous accommodations for effective
16 communication voucher adjustments as a reasonable accommodation. Id. As of the filing of the
17 TAC on November 11, 2022, SHRA had not responded. Id. Defendants moved to dismiss the
18 TAC, and that motion was granted in part. ECF No. 36. The following claims remain in this
19 case: (1) disability discrimination in housing under the Americans with Disabilities Act, the
20 Rehabilitation Act, and the Fair Housing Act (Claims One and Five); (2) ineffective
21 communication under the Americans with Disabilities Act (Claim Two); (3) Fourteenth
22 Amendment due process violation claim (Claim Three); and (4) accessibility of services claims
23 (Claim Four). ECF No. 47 at 2. The case has been proceeding through discovery.

## II.    Motion to Compel

25 On May 19, 2025, plaintiff filed the motion to compel discovery that the court now considers.
26 ECF No. 112. The discovery period ended on June 25, 2025. ECF No. 58.
27    A. Applicable Legal Standards
28       The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure

3

26(b)(1). The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26. Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

The undersigned has reviewed plaintiffs' motion and all relevant briefing in full. The motion must be denied for several reasons.

### B. Plaintiffs Fail to Identify Specific Discovery Responses That Have Been Wrongfully Withheld

Plaintiffs' motion to compel is 32 pages long and supported by 435 pages of attachments. ECF No. 112. The motion contains a detailed narrative of the discovery process from plaintiffs' perspective, and challenges defendants' conduct throughout the discovery process and the totality of their responses to all discovery requests. Plaintiffs argue broadly that defendants have provided incomplete and evasive disclosures and have engaged in an ongoing pattern of withholding and delaying discovery. ECF No. 112 at 6-8. Defendants "vehemently dispute the accusation and inference that they acted in anything but good faith in gathering and responding to

discovery and in requesting extensions." ECF No. 112 at 3.

Though plaintiffs did not incorporate the specific discovery requests at issue in their motion or in the joint statement as required by Local Rule 251(c)(3),[1] defendants did attach the discovery requests and their responses to their opposition. ECF No. 118-1 at 97-251, 272-345 (defendants' responses to plaintiffs' multiple requests for admission and interrogatories); ECF No. 118-1 at 252-270, 347-360 (defendant SHRA's responses to requests for production). There are hundreds of pages of requests and responses, and plaintiffs' motion purports to put all of them at issue without pointing to any specific request or response for the court to evaluate. Where plaintiffs do identify materials that they believe have not been produced, they fail to specify the particular request(s) to which the desired materials are responsive, and why they believe such materials exist. Plaintiffs have thus failed to meet their burden as the moving party.

The court is sympathetic to plaintiffs' position as pro se litigants and their frustration with the discovery process. However, while it is apparent from a review of defendants' responses that they did object to many of plaintiffs' discovery requests, it is also clear that substantial responses were provided. Indeed, plaintiffs also complain about a 10,000 page "document dump." This is not a case in which defendants have failed to engage in the discovery process.[2]

Because plaintiffs have identified neither a failure to participate in discovery overall nor wrongful failure to produce in response to specific requests, the motion must be denied.

### C. Defendants Have Made Subsequent Productions

Defendants represent that they have made substantial productions and have addressed several of the issues raised in plaintiffs' motion. In the joint statement, defendants represented

---

[1] "Each specific interrogatory, deposition question or other item objected to, or concerning which a protective order is sought, and the objection thereto, shall be reproduced in full." Local Rule 251(c)(3).

[2] The court notes further that several of plaintiffs' discovery requests were facially overbroad and disproportionate to the needs of the case. For example, plaintiffs requested production of all records related to all reasonable accommodation requests received by SHRA from 2019 to the present, including whether each request was granted or denied. Plaintiffs' Request for Production, Set One, No. 4 (ECF No. 118-1 at 11). The scope of this request exceeds the bounds of relevance and imposes an undue burden on defendants, and their objection on these grounds was valid.

5

1  that by June 3, 2025, they would produce a privilege log, responsive documents in their
2  possession, custody and control, and would ensure document production occurred in small file
3  sizes pursuant to plaintiffs' request. ECF No. 112 at 21. As to plaintiffs' request that Rule
4  30(b)(6) witnesses be identified, defendants represented that the requested witnesses had been
5  identified, and deposition dates were provided. Id. at 22. Indeed, plaintiffs themselves
6  acknowledge that defendants have produced over 10,000 pages of documents. Id. at 7. At a
7  status conference on July 23, 2025, defendants confirmed that they believed their document
8  production was complete. Although plaintiffs remain dissatisfied, their lack of trust is not a basis
9  for court intervention. Having reviewed the parties' communications and discovery
10 correspondence, the court finds no independent basis to compel further production.

        D.  Sanctions Are Not Warranted

12       Plaintiffs seek monetary and evidentiary sanctions against defendants for discovery
13 abuse. ECF No. 112 at 24. Federal Rule of Civil Procedure 37 provides that if a party fails to
14 obey an order to provide discovery, "the Court may issue further just orders" ranging from
15 monetary sanctions to "dismissing the action or proceeding in whole or in part[.]" Fed. R. Civ. P.
16 37(b)(2)(A). "The district court has great latitude in imposing sanctions for discovery
17 abuse[.]" Dahl v. City of Huntington Beach, 84 F.3d 363, 367 (9th Cir. 1996). Monetary
18 sanctions are less drastic than non-monetary sanctions and are generally issued prior to the
19 imposition of nonmonetary sanctions. See, e.g., In re Heritage Bond Litig., 223 F.R.D. 527, 530
20 (C.D. Cal. 2004).
21       Here, the undersigned finds that sanctions are not appropriate. There has been no failure
22 to obey a court order compelling discovery. A review of the documents submitted shows that
23 defendants participated in the discovery process and continued to supplement productions at
24 plaintiffs' request. See, e.g., ECF No. 118 at 7 (noting initial production of 1,000 pages and
25 supplemental production). Because defendants did not fail to participate in discovery or to obey a
26 discovery order, sanctions are not appropriate and plaintiffs' request is denied.
27 ////
28 ////

### III. Conclusion

For the reasons explained above, plaintiffs' motion to compel discovery (ECF No. 112) and motion for a ruling (ECF No. 116) are DENIED.

IT IS SO ORDERED.

DATED: July 29, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE