UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL,<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING & REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No. 2:22-cv-1699 TLN AC PS<br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

Plaintiffs are proceeding in this action pro se. The action was accordingly referred to the undersigned for pretrial matters by E.D. Cal. R. ("Local Rule") 302(c)(21). Before the undersigned is defendants' motion to enforce the parties' agreement to settle (ECF No. 124), which plaintiffs oppose (ECF No. 126). The matter was heard in court on July 23, 2025. ECF No. 130. For the reasons that follow, the undersigned recommends the motion be DENIED.

However, following discussions with the parties, the undersigned concludes that this case would benefit from a court-conducted settlement conference. The parties are therefore ORDERED to a settlement conference with Magistrate Judge Chi Soo Kim, which will be set by separate minute order. The parties are DIRECTED to contact Judge Kim's Courtroom Deputy to set the conference. All remaining deadlines in this case are VACATED to be re-set as necessary.

////

## I. Relevant Background and Evidence

This case was filed nearly three years ago, on September 27, 2022, and has been proceeding through discovery. ECF No. 1. On May 19, 2025, defendants' counsel emailed plaintiffs to inform them that defendants would be noticing their depositions for June 9th and 10th. ECF No. 124-2 at 6. At plaintiffs' request, defendants obtained a CART certified reporter for their depositions. Id. at 11. On June 3, 2025, defendants notified plaintiffs that certain SHRA employees would be offered for depositions in mid-June. Id. at 15.

On Thursday, June 5, 2025, at 10:56 a.m., plaintiff David Samuel sent an email to defendants that read as follows:

> Counsel:
>
> In light of the current status of the case, including the pending motions and the likelihood that some claims will proceed to trial while others may be resolved by summary judgment, Plaintiffs are willing to consider a global resolution to avoid further litigation burden for both parties.
>
> Plaintiffs propose a mutual walkaway and closure of this action on the following terms:
>
> - Dismissal of all claims with prejudice;
> - Each side to bear its own fees and costs;
> - Mutual release of all claims arising out of the facts and events at issue in this litigation;
> - No further pursuit of sanctions or adverse actions by either party;
> - Agreement that no party will pursue or permit any form of retaliation as a result of this lawsuit or its resolution.
>
> If Defendants are amenable, we are prepared to sign a stipulated dismissal reflecting these terms.
>
> Please advise whether you are interested in resolving this matter accordingly, or if you wish to discuss modifications.
>
> Thank you for your consideration.

ECF No. 124-2 at 17.

Defendants' counsel Monica Castillo responded the same day at 11:10 a.m., with an email that read in relevant part as follows:

2

> Mr. Samuel and Ms. Roberts:
>
> We have authorization to accept your offer to settle and dismiss this case on the grounds you set forth in your email, below.
>
> We will prepare the Release and forward to you for review and execution.
>
> The usual course is that Plaintiffs notify the court, as soon as possible, that the parties have agreed to settle the matter without mentioning to the court the terms of the settlement agreement. Please confirm that you will notify the court.

ECF No. 124-2 at 19.

On June 7, 2025, at 7:30 a.m., Ms. Castillo emailed plaintiffs a "Settlement and Release Agreement" for plaintiffs' review and execution. Id. at 22. The document included a confidentiality term and non-disparagement clause, which had not been mentioned in the email exchange. See id. at 3, ¶ 11; ECF No. 126 at 3, ¶ 7.

Plaintiff David Samuel responded at 7:52 a.m. the same day, with an email that read in relevant part as follows:

> Counsel:
>
> After some consideration, we are withdrawing our offer under these terms.
>
> I am prepared to move forward with the deposition today, but haven't received a zoom link yet.
>
> The offered deposition dates for the SHRA subject matter experts are offered with too little prior notice, we would need at least 30 days to make the necessary arrangements.

ECF No. 124-2 at 25.

Defendants contend that the parties reached a binding agreement to settle and that the court must enforce that agreement by dismissing this case. ECF No. 124-1 at 5-6. Plaintiffs argue that no enforceable agreement was ever formed. ECF No. 126 at 1. They contend among other things that their initial communication was merely an invitation to negotiation, and that defendants' insertion of language into the written agreement that had not been discussed, including a non-disparagement clause, demonstrates that there had never been a meeting of the minds. Id. at 6.

3

The parties agree that all information relevant to the alleged settlement is contained in the documents quoted above, as there were no oral communications regarding potential settlement.

## II.  Legal Standard

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (citations omitted). However, that power extends to complete settlement agreements only, and the court must hold an evidentiary hearing where material facts regarding the existence or terms of the agreement are in dispute. Id. (citations omitted). The moving party has the burden of demonstrating that the parties formed a legally enforceable settlement agreement. In re Andreyev, 313 B.R. 302, 305 (B.A.P. 9th Cir. 2004) (citing 15A Am. Jur. 2d Compromise and Settlement § 57 (2000)).

"Assessing the validity of a settlement agreement ... is a question of state contract law." Golden v. Cal. Emergency Physicians Med. Grp., 782 F.3d 1083, 1087 (9th Cir. 2015) ("Typically, the construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." (internal quotation marks and citation omitted)). Under California law, a valid contract requires parties capable of contracting, consent, a lawful object, and consideration. Cal. Civ. Code § 1550; Lopez v. Charles Schwab & Co., Inc., 118 Cal. App. 4th 1224, 1230 (Cal. Ct. App. 2004). An essential element of a contract is "mutual assent," which is "usually is manifested by an offer communicated to the offeree and an acceptance communicated to the offeror." Lopez, 118 Cal.App.4th at 1230. "The determination of whether a particular communication constitutes an operative offer, rather than an inoperative step in the preliminary negotiation of a contract, depends upon all the surrounding circumstances . . . The objective manifestation of the party's assent ordinarily controls, and the pertinent inquiry is whether the individual to whom the communication was made had reason to believe that it was intended as an offer." Id.

## III.  Analysis

The documentary record in this case demonstrates that no agreement was reached, because plaintiffs' initial communication was not an offer but an "inoperative step in the preliminary

4

negotiation of a contract." Lopez, 118 Cal.App.4th at 1230.  The language of plaintiffs' initial email was equivocal, and included reference to a future point in time at which an agreement might be reached.  Plaintiffs stated that they were "willing to consider" a global resolution.  ECF No. 124-2 at 17.  They indicated that they were "prepared to sign" a negotiated agreement, further suggesting that the email itself was not intended to constitute such an agreement.  Id.  While plaintiffs' communication invited consideration of settlement, and proposed terms as a starting point for negotiations, its plain language did not constitute an offer which can bind the pro se plaintiffs.  For this reason, the motion to enforce settlement must be denied.

The court notes further that the contradiction between defendants' responsive email purporting to accept plaintiffs' proposed terms, and their subsequent provision of a written settlement agreement that included additional terms, supports an inference that defendants did not actually intend to accept on the terms floated by plaintiffs.  This lends further support to the conclusion that there was no meeting of the minds prior to defendants' provision of a written agreement for signature.[1]

### IV. Referral to Court Settlement Conference

Although the court cannot conclude that a settlement agreement was previously reached by the parties, it is plain to the undersigned that a court settlement conference is appropriate at this time.  Both parties agreed at the hearing on this motion that they were willing to proceed with a settlement conference.  Accordingly, the parties are directed to contact the Courtroom Deputy for the settlement judge previously assigned to this case, Hon. Chi Soo Kim, to schedule a settlement conference.  The remaining dates in this case will be vacated, to be reset as necessary, in order to accommodate the scheduling of a settlement conference.

---

[1] Tellingly, defendants do not seek to enforce the written agreement that plaintiffs declined to sign, but rather insist that the email exchange of June 5, 2025, constitutes the enforceable agreement. ECF No. 124-1 at 6.  Had there been a meeting of minds on June 5 as defendants' theory requires, however, the written document would have memorialized only those terms proposed as a trial balloon in plaintiffs' opening email.  And the inclusion of additional terms cannot be explained away as immaterial to the purported agreement.  Disputes over inclusion of a non-disparagement term have scuttled many a settlement conference in the experience of the undersigned.

V.     Conclusion

Accordingly, the parties are ORDERED to contact the Courtroom Deputy for the settlement judge previously assigned to this case, Hon. Chi Soo Kim, to set a settlement conference. The remaining dates in this case are VACATED, to be reset as necessary, in order to accommodate the scheduling of a settlement conference.

For the reasons explained above, the undersigned FURTHER RECOMMENDS that defendants' motion to enforce settlement (ECF No. 124) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 29, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE