

David Samuel, Pro Se
Sydney Roberts, Pro Se
108 Rinetti Way
Rio Linda, CA 95673
512-522-8571
edfed@possiblymaybe.com

**FILED**

SEP 15 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS<br><br>DAVID TYRONE SAMUEL,<br><br>AIMS (A MINOR),<br><br>DAYS (A MINOR)<br><br>    Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND<br>REDEVELOPMENT AGENCY ET AL.,<br><br>    Defendants | Case No: 2:22-cv-01699 DJC AC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION; [PROPOSED] ORDER**<br><br>Hearing: 10/22/2025 at 10:00 a.m.<br>Judge: Hon. Allison Claire<br>Courtroom: 26 (8th Floor)<br>501 I Street, Sacramento, CA 95814 |

REQUEST FOR SUBMISSION ON THE PAPERS PURSUANT TO L.R. 230(g)

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs move for leave to file the attached Fourth Amended and Supplemental Complaint under Federal Rules of Civil Procedure 15(a)(2) and 15(d). This motion is noticed before Magistrate Judge Allison Claire pursuant to Local Rule 302(c)(21). Plaintiffs respectfully request submission on the papers under Local Rule 230(g). In the alternative, Plaintiffs notice this motion for hearing on the Court's regular civil law and motion calendar as set by the Courtroom Deputy.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT - 1**

This motion is based on this Notice and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of David Samuel and exhibit(s) thereto, all pleadings and records on file, and any further argument or evidence the Court may consider.

**RELIEF REQUESTED**

Plaintiffs seek an order granting leave to file the Fourth Amended and Supplemental Complaint (4ASC); directing the Clerk to file the 4ASC as the operative pleading; confirming that the 4ASC supersedes all prior complaints under Local Rule 220; setting Defendants' response deadline under Rule 15(a)(3); and mooting any motions directed at superseded pleadings without prejudice to renewal.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

After the Third Amended Complaint, material agency events occurred and entered this case's merits analysis. Defendants urged consideration of later developments as cures or mitigations, and the Court referenced those post-TAC events when managing and resolving disputes. Those developments include, among others, the March 20, 2023 accommodation entry; the April 20, 2023 hearing that was ended for lack of the file and without captioning; the May 25, 2023 voiding of an otherwise approvable RFTA with a 53-day tolling entry; the October 12, 2023 start of HAP at 108 Rinetti Way; and hearing notices and entries in January and February 2024. The proposed Fourth Amended and Supplemental Complaint aligns the operative pleading with the record the parties and the Court are already using. It adds no new parties,

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT - 2**

streamlines existing theories, and clarifies relief to narrow the issues and promote efficient resolution.

## II. BACKGROUND

Material facts arose after the TAC's cutoff and have been invoked by Defendants in motion practice and referenced by the Court in adjudicating cure, mootness, harm, and process questions. The proposed 4ASC includes those same later developments so that disputes are decided on properly pled allegations rather than extra-pleading characterizations. The 4ASC also clarifies existing counts to match how issues have been briefed and decided, corrects names and minors' formatting, expressly pleads a recognized property interest in HCV benefits and timely determinations, adds a focused FEHA housing claim centered on the interactive process, and narrows injunctive relief to concrete process fixes. No new parties are added.

## III. LEGAL STANDARDS

### A. Rule 15(a)(2)

Courts should freely give leave when justice so requires. Leave should be granted absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit applies a strong presumption in favor of amendment, and prejudice to the opposing party carries the greatest weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003). Delay alone is not a basis to deny leave. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT - 3**

## B. Rule 15(d)

Supplemental pleadings may add transactions, occurrences, or events that happened after the date of the pleading. District courts have broad discretion to allow supplementation to promote judicial economy by resolving related matters in one action. Keith v. Volpe, 858 F.2d 467, 474-75 (9th Cir. 1988).

## C. Rule 16(b)(4) if a scheduling order applies

Where amendment or supplementation would require modifying scheduling dates, the movant must show good cause, with the focus on diligence. Once good cause is shown, courts apply Rule 15's liberal standard. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-09 (9th Cir. 1992).

## D. EDCA referral and magistrate procedures

Local Rule 302(c)(21) provides that in Sacramento all actions in which all plaintiffs or all defendants proceed in propria persona are referred to a Magistrate Judge for dispositive and non-dispositive matters. Non-dispositive rulings by the Magistrate Judge are final unless a party seeks reconsideration by the District Judge under Local Rule 303 within 14 days. Excepted dispositive matters are addressed by findings and recommendations under Local Rule 304.

## IV. ARGUMENT

### A. The Court has already relied on post-TAC events. Supplementation ensures the operative pleading matches the record actually being used.

Rule 15(d) exists to align live pleadings with later events so related matters are decided in one action. Here, post-TAC developments have already been treated as

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT - 4**

pertinent to cure, mootness, harm, and process, including the March 20, 2023 accommodation entry; the April 20, 2023 hearing that was ended for lack of the file and without captioning; the May 25, 2023 RFTA void and 53-day tolling entry; the October 12, 2023 start of HAP at 108 Rinetti Way; and hearing notices and entries in January and February 2024. Continuing to litigate with a pleading frozen at the TAC's cutoff invites confusion and prejudice. Supplementation simply conforms the complaint to the same later developments the parties and the Court are already using. See Keith, 858 F.2d at 474-75.

**B. Liberal Rule 15(a) standards favor leave. There is no undue delay, bad faith, prejudice, or futility.**

**Prejudice, the most important factor, is absent.**

The proposed 4ASC adds no new parties, narrows theories, and tracks facts already in the record. With no new discovery burdens or surprise, the presumption in favor of amendment controls. Eminence Capital, 316 F.3d at 1052.

**Delay alone cannot defeat amendment.**

Plaintiffs moved to align the pleading once post-TAC facts were placed at issue. Even if there were delay, delay without prejudice is insufficient to deny leave. Bowles, 198 F.3d at 758.

**No bad faith.**

The amendments streamline counts, correct names, and focus injunctive relief. That is what Rule 15(a)(2) encourages. Foman, 371 U.S. at 182.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT - 5**

**Not futile.**

Futility is assessed under Rule 12(b)(6). Denial on futility grounds requires that the amendment could not possibly state a claim. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). The clarified counts rest on settled frameworks, so futility is not a basis to deny leave.

**C. To the extent Rule 16 applies, Plaintiffs show good cause.**

If a scheduling order is in place, Plaintiffs acted with diligence once it became clear that later-occurring facts were being considered in the merits analysis and that targeted clarifications would streamline adjudication. That showing satisfies Rule 16's good cause standard. Johnson, 975 F.2d at 607-09.

**D. Granting leave promotes accuracy, efficiency, and complete relief.**

Allowing the 4ASC ensures the operative complaint matches the record already being used, avoids duplicative proceedings, and allows cure, ongoing-harm, and damages issues to be decided once in this action. Keith, 858 F.2d at 474-75.

**V. CONCLUSION**

Because post-TAC facts have already entered the record and because targeted clarifications will streamline adjudication, leave should be granted under Rules 15(a)(2) and 15(d), and good cause found under Rule 16(b)(4) to the extent required. Plaintiffs respectfully request that the Court order the Clerk to file the Fourth Amended and Supplemental Complaint as the operative pleading; confirm that it supersedes prior complaints under Local Rule 220; set Defendants' response deadline under Rule 15(a)(3); and deny as moot, without prejudice, any pending motions directed to superseded

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT** - 6

pleadings.

Dated: September 16, 2025

*David Samuel*

David Samuel
September 16, 2025

*Sydney Roberts*

Sydney Roberts
September 16, 2025

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FOURTH
AMENDED AND SUPPLEMENTAL COMPLAINT - 7**

**DECLARATION OF DAVID SAMUEL IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT**

I, David Samuel, declare:

I am a named plaintiff in this action. I have personal knowledge of the facts stated here.

Attached as Exhibit A to the motion is a true and correct copy of Plaintiffs' proposed Fourth Amended and Supplemental Complaint (4ASC). The 4ASC is complete in itself and includes all allegations Plaintiffs seek to assert, consistent with Local Rule 220. It adds no new parties and streamlines existing theories and requested relief.

After the Third Amended Complaint, material events occurred and were referenced by the parties and by the Court in case management and motion practice, including the March 20, 2023 accommodation entry; the April 20, 2023 hearing that was ended for lack of the file and without captioning; the May 25, 2023 voiding of an otherwise approvable RFTA with a 53-day tolling entry; the October 12, 2023 start of HAP at 108 Rinetti Way; and hearing notices and entries in January and February 2024.

The proposed 4ASC includes those later developments so the operative pleading matches the record already being used. In addition, the 4ASC clarifies existing counts to reflect the issues as briefed and decided, corrects names and minors' formatting, expressly alleges a recognized property interest in HCV benefits and timely determinations, adds a focused FEHA housing claim centered on the interactive

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT - 8**

process, and narrows injunctive relief to concrete process fixes.

To the extent a scheduling order applies, Plaintiffs acted diligently once it became clear that post-TAC facts were being considered in the merits analysis and that targeted clarifications would promote efficient resolution.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 16, 2025, at Rio Linda, California.

*David Samuel*
_____
David Samuel
September 16, 2025

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT - 9**