David Samuel, Pro Se
Sydney Roberts, Pro Se
108 Rinetti Way
Rio Linda, CA 95673
512-522-8571
edfed@possiblymaybe.com



**FILED**

SEP 2 5 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS<br><br>DAVID TYRONE SAMUEL,<br><br>AIMS (A MINOR),<br><br>DAYS (A MINOR)<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY ET AL.,<br><br>Defendants | Case No: 2:22-cv-01699 DJC AC<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT; [PROPOSED] ORDER LODGED** |

**INTRODUCTION**

Defendants' opposition fails to meet their burden of showing the undue prejudice necessary to defeat Rule 15(a)(2)'s mandate that leave shall be freely given. The proposed Fourth Amended and Supplemental Complaint (4ASC) aligns the pleadings with the factual record this Court is already using and clarifies the legal basis for theories long at issue. It does not assert new claims or parties. Defendants' objections are procedural and conclusory, failing to demonstrate any actual prejudice required to override the Ninth Circuit's strong policy in favor of permitting amendment. Foman v. Davis, 371 U.S. 178, 182; Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT - 1**

(9th Cir. 2003).

### ARGUMENT

**A.    The Amendment Is Clarifying, Not Prejudicial; It Pleads Facts and Theories Already Central to the Case.**

The 4ASC formally pleads the sequence of post-TAC events, such as the eviction and further accommodation denials, that are direct continuations of the policies alleged in the TAC and have already been invoked by Defendants and the Court. Conforming the pleadings to this developed record promotes efficiency. Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988). The Ninth Circuit instructs that amendments are to be granted with extreme liberality. United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

The 4ASC also supplies precise statutory citations for the same core federal duties under the ADA, Section 504, and the FHA that have been at issue since the TAC. Undue prejudice means the need to reopen discovery or a concrete disruption of the schedule. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387-88 (9th Cir. 1990). Defendants identify no such discovery or schedule impact, undercutting their claim. Bare assertions do not satisfy their burden. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

To the extent Defendants rely on a docket misclassification referencing ADA Title I, this is a red herring. The pleadings have consistently targeted a public entity under ADA Title II.

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT - 2**

## B.   The Minors' Factual Allegations Are Essential Context; Their Dismissal Resulted from a Clerical Service Error.

AIMS and DAYS were directly injured by denied accommodations. Following the household's eviction, Plaintiffs filed a timely change of address. A clerical error resulted in Court mailings for the minors being sent to the vacated address, leading to their administrative dismissal for nonresponse, not an adjudication on the merits. The 4ASC includes factual allegations about the minors to provide a complete record of the household's injuries, essential for proving damages and equitable relief. It does not seek to formally rejoin them as parties. After years of litigation with the minors in the caption without objection, Defendants show no prejudice from the inclusion of these relevant facts. See Eminence Capital, 316 F.3d at 1052; Webb, 655 F.2d at 979.

## C.   The FEHA Claim Rests Entirely on the Same Conduct and Evidence and Creates No Prejudice.

The FEHA count rests entirely on the same conduct, facts, and evidence as the ADA and FHA claims; the denial of reasonable accommodations and the interactive process. It adds no new events, witnesses, or documents. Any discovery would be wholly duplicative, and Defendants identify no schedule impact. That defeats undue prejudice under Rule 15. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387–88 (9th Cir. 1990); DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

## D.   Defendants' "New Authority" Objection Is Conclusory and Legally Meritless.

Defendants identify no new factual theories and no necessary discovery. The

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT - 3**

4ASC's citations clarify, they do not expand. The references to 42 U.S.C. § 12132 and 29 U.S.C. § 794 are the core statutes underpinning the long-pled ADA Title II and Section 504 claims. The citations to 28 C.F.R. §§ 35.130(b)(7) and 35.160 identify longstanding Title II regulations that implement the policy-modification and effective-communication duties already alleged; implementing regulations are not independent causes of action. The FHA pin cite to 42 U.S.C. § 3604(f)(3)(B) simply specifies the reasonable-accommodation subsection of the same FHA theory already litigated. And 29 U.S.C. § 794a(b) is a remedial provision regarding fees, not a merits element. Defendants point to no non-duplicative discovery and no schedule impact flowing from these clarifications. Denying leave on a label-only objection would be contrary to the liberal Rule 15 standard. Foman, 371 U.S. at 182; Eminence Capital, 316 F.3d at 1052.

## RELIEF REQUESTED

Plaintiffs respectfully request the Court grant the Motion for Leave. A revised proposed order is lodged herewith. If the Court identifies a discrete, genuinely new issue, Plaintiffs do not oppose a brief, issue-limited discovery period.

## FILING DISCIPLINE STATEMENT

This reply introduces no new evidence. Further briefing is not authorized absent leave.

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT - 4**

Respectfully submitted,


David Samuel

David Samuel
September 24, 2025


Sydney Roberts

Sydney Roberts
September 24, 2025


**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT** - 5

NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)
EDWARD P. GARSON (SBN 96786)
MONICA CASTILLO (SBN 146154)
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Sydney Brooke Roberts,<br>David Samuel,<br>A.I.M.S.,<br>D.A.Y.S., | PLAINTIFF(S), | CASE NUMBER<br><br>2:22-cv-01699-DJC AC |
| v.<br>Sacramento Housing and Redevelopment<br>Agency, et. al,<br><br>DEFENDANT(S). | | **PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE** |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Sacramento _____, State of California, and not a party to the above-entitled cause. On September 25 _____ , 20 25 _____ , I served a true copy of PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FOURTH AMENDED AND SUPPLEMENTAL COMPL by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served. Attach additional pages if necessary.)

Place of Mailing: 3350 Arapaho Way, Antelope, CA 95843

Executed on September 25 _____ , 20 25 _____ at Sacramento _____ , California

Please check one of these boxes if service is made by mail:

☐ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

☐ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

☒ I hereby certify under the penalty of perjury that the foregoing is true and correct.

*Barbara McGarvey*

*Signature of Person Making Service*

## ACKNOWLEDGEMENT OF SERVICE

I, _____ , received a true copy of the within document on _____ .

_____
*Signature*

_____
*Party Served*

CV-40 (01/00)                    PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE