EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA CASTILLO (SBN 146154)
monica.Castillo@WilsonElser.com
**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370

Attorneys for Defendants
SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.: 2:22-cv-01699 DJC AC<br><br>**POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION OF CLAIMS**<br><br>Assigned to Magistrate Allison Claire<br>Date: March 25, 2026<br>Time: 10:00 a.m.<br>Courtroom: 26 |

I.    **INTRODUCTION**

Plaintiffs SYDNEY BROOKE ROBERTS ("ROBERTS") and DAVID TYRONE SAMUEL ("SAMUEL") (collectively, "Plaintiffs") allege that Defendants discriminated against them, and their minor children, AIMS and DAYS[1], by denying them reasonable accommodation requests and completed hearings on their appeal of the denials.

///

---

[1] On August 14, 2024, this Court terminated AIMS and DAYS as Plaintiffs in this matter (SSUF 4; RJN, Ex. C, (Dkt. 64.))

1

Plaintiffs seek monetary relief for the habitability issue, injunctive relief related to the alleged violations, and punitive damages.

Defendants are entitled to summary judgment as a matter of law. Specifically, Plaintiffs cannot show that they were denied a benefit, given the March 2023 granting of Plaintiffs' reasonable accommodation request. Further, regarding Plaintiffs' reasonable accommodation requests for housekeeping services, a fourth bedroom, sound proofing, blackout curtains and all communications via email, there is no admissible evidence that Defendants discriminated, continue to discriminate, or engaged in discriminatory policies and practices against Plaintiffs; that Defendants acted with malice or reckless indifference towards Plaintiffs; and that Defendants violated any of Plaintiffs' rights, including but not limited to, reasonable accommodation-related rights, accessibility rights and hearing rights

Accordingly, Defendants request that the court grant Defendants' motion for summary judgment, or in the alternative, summary adjudication of claims.

## II.    STATEMENT OF FACTS

Two pleadings frame this motion: Plaintiffs' Third Amended Complaint ("TAC") and Defendants' Answer to the TAC. The facts belie Plaintiffs' allegations. Plaintiffs allege Defendants owed a duty to refrain from denying Plaintiffs' reasonable accommodations request, to refrain from denying Plaintiffs' Fourteenth Amendment due process and equal protection rights, to refrain from denying Plaintiffs' access to disability services, to refrain from discriminating against Plaintiffs' housing based on disability type and family composition, and to correct discriminatory practices. Defendants deny all the allegations, including having discriminated against Plaintiffs or having denied Plaintiffs' due process and equal protection.

### A. Plaintiffs Allege Defendants Owed a Duty to Refrain From Discriminating Against Plaintiffs Based on Disability

On or about November 15, 2022, Plaintiffs filed their TAC (Defendants' Separate Statement Of Undisputed Facts "SSUF" 1; RJN Exhibit A.) The TAC asserts causes of action for violations of the Americans with Disabilities Act, the Fair Housing Act, the

DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

296402328v.1

Rehabilitation Act and the 14th Amendment's Equal Protection and Due process clauses (SSUF 1, 18, 35, 52; RJN Exhibit A.) The TAC prays for general damages and statutory penalties in excess of $7.75 million, punitive damages, and declarative and injunctive relief (SSUF 1, 18, 35, 52; RJN Exhibit A, 24:13-28; 25:23-26:12; 27:130-136; 28:11-18; 29:13-20; 30:7-11 (Dkt. 11).)

The TAC alleges sometime prior to May 18, 2022, Plaintiffs requested from Defendants an extra bedroom as a reasonable accommodation (SSUF 1, 18, 35, 52; RJN Exhibit A 16:3-9 (Dkt. 11).) Plaintiffs allege a "supervisor" of Defendants denied the request and thus denied Plaintiffs equal opportunity to use their housing voucher (SSUF 1, 18, 35, 52; RJN Exhibit A 17:7-9 (Dkt. 11).) The TAC further alleges that on May 19, 2022, Plaintiffs submitted a written, reasonable accommodation request which was denied on or about July 15, 2022 (SSUF 1, 18, 35, 52; RJN Exhibit A 17:10-17(Dkt. 11).) The TAC alleges that between the time of the request and the denial, Defendants failed to engage in an interactive process (SSUF 1, 18, 35, 52; RJN Exhibit A 18:10-16 (Dkt. 11).) The TAC alleges Plaintiffs made several written and verbal requests to have a hearing on the denial of their request for an additional bedroom (SSUF 1, 18, 35, 52; RJN Exhibit A 18:17- 20:5 (Dkt. 11).) A Zoom hearing was held on September 12, 2022 – Plaintiffs allege they were restricted by lack of proper notice from Defendants and hearing rules regarding evidence (SSUF 1, 18, 35, 52; RJN Exhibit A 20:25-21:2 (Dkt. 11).)

On March 20, 2023, Plaintiffs' request for an additional bedroom was granted (SSUF 2, 19, 36, 53; Declaration of Monica Castillo ("Castillo Decl."), ¶ 4, Exh. A to Index of Exhs.) Plaintiff's new request for housekeeping services was denied as it required a fundamental change in the program and presented an undue hardship (SSUF 2, 19, 36, 53; Castillo Decl., ¶ 4, Exh A. to Index of Exhs.) A letter was sent to Plaintiffs informing them they would be issued a three bedroom voucher (SSUF 2, 19, 36, 53; Castillo Decl., ¶ 7, Exh. A to Index of Exhs.)

**B. Defendants Deny They Discriminated Against Plaintiffs In Any Way**

On or about December 4, 2023, Defendants filed their  Answer to the TAC. They

3

DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

296402328v.1

denied each allegation of the TAC (SSUF 3, 1:25-28 RJN Exhibit B, (Dkt. 49).)

**C. Defendants' Requests for Admissions and Plaintiffs' Motion to Withdraw Deemed Admissions**

On November 4, 2024, Defendants served Plaintiffs with Requests for Admission, Set One (SSUF 5, 22, 39, 56; Castillo Decl., ¶ 5, Exhs. B-1, B-2 to Index of Exhs.)  On or about March 6, 2026, Defendants filed their Motion for Summary Judgment based on Plaintiffs' failure to respond to Request for Admissions (SSUF 6, 23, 40, 57; RJN Exhibit D – Defendants' Notice of Motion for Summary Judgment or Summary Adjudication, Dkt. 83.) On or about April 9, 2025, Plaintiffs filed a Motion to Withdraw Deemed Admissions (SSUF 7, 24, 41, 58; RJN Exhibit E – Motion to Withdraw Deemed Admissions Under Rule 36(b)(Dkt. 88).)

On or about May 15, 2025, this Court issued its Minute Order. The Court granted Plaintiffs' Motion to Withdraw admissions and deemed admitted Plaintiffs' filed responses. The Court denied Defendants' motion for summary judgment <u>without prejudice</u> (emphasis added), as it relied heavily on Plaintiffs' non-responses to the request for admissions, non-responses which were then deemed withdrawn (SSUF 8, 15, 32, 59; RJN, Exhibit F – May 15, 2025 Minute Order.)

Plaintiffs' deemed-admitted Requests for Admissions were all denials, including that Plaintiffs' requested relief for an injunction approving the housing adjustment reasonable accommodation was moot and  that Plaintiffs' requested relief for civil penalties and punitive damages was moot, among others (SSUF 9, 26, 43, 60; RJN Exhibit E – Motion to Withdraw Deemed Admissions Under Rule 36(b), Dkt. 88, Exhibit A; SSUF 5, 22, 39, 56; Castillo Decl., ¶ 5, Exhs. B-1, B-2 to Index of Exhs.)

**D. Defendants' Document Production**

On or about May 27, 2025, Defendants produced documents responsive to Plaintiffs' document request. These included a 2-page May 26, 2022, email chain between Plaintiff Samuel and Ashley Valentine of Sacramento Self Help (an outside vendor of SHRA) regarding needed information for Plaintiffs' reasonable accommodation request; 3-page

DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

296402328v.1

May 19, 2022, health care provider's disability certification and need for extra bedroom accommodation; 2-page July 8, 2022, letter from Defendants to Plaintiff Roberts denying the reasonable accommodation request of an additional bedroom due to the ability to meet needs without increasing the voucher size; 3-page Defendants' Notice of September 12, 2022 Hearing and process on denial of Plaintiff's' reasonable accommodation request; 2-page Feb 1, 2023 email chain between Plaintiffs and Defendants regarding explanation for delay in scheduling Plaintiffs' requested hearing; March 20, 2023, Defendants' letter to Plaintiffs approving the reasonable accommodation request of one bedroom and denying the request for housekeeping services as a fundamental program change; 2-page April 3, 2023, Defendants' letter to Plaintiffs denying Plaintiffs' request for an additional bedroom (totaling four bedrooms) due to lack of nexus to provide additional bedroom, denial of request for sound proofing and black out curtains as Defendants lack jurisdiction over the physical unit, and denying request for all communications to Plaintiffs to be via email to Plaintiff Samuel as Plaintiff Roberts, the head of household, had not provided proof of disability; 2-page April 3, 2023, Defendants' Notice of April 20, 2023, hearing regarding denial of reasonable accommodation (SSUF 10, 27, 44, 61; Exhibit B to Index of Evidence; Castillo Dec'l., ¶ 6.)

The universe of documents produced by Defendants fail to support Plaintiffs' claims and, in fact, illustrate that Defendants followed proper procedures and requirements.

### E.  Plaintiffs' Document Production

On or about September 30, 2025, Plaintiffs produced numerous documents, including several emails between Plaintiff Samuels and Sacramento Self Help employees and Defendants regarding call-back requests; Plaintiff Samuels' 4/28/2023 email to Defendants regarding SHRA's denial of a rental application due to rent exceeding approval payment standards fails to address the complex calculations of approved rent SHRA must undertake (SSUF 11, 28, 45, 62; Exhibit C to Index of Evidence; Castillo Dec'l., ¶ 7.)

On or about September 29, 2025, Plaintiffs produced supplemental documents including numerous HUD guidelines unrelated to the subject case issues, HUD Fair

DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

296402328v.1

Housing and Non-Discrimination Requirements, and a HUD/DOJ Joint Statement on the grounds for denials of reasonable accommodation requests (SSUF 12, 29, 46, 63; Exhibit D to Index of Evidence; Castillo Dec'l., ¶ 8.) These documents state the guidelines followed by SHRA but contain no nexus to Plaintiffs' claims and many are unrelated to Plaintiffs' particular circumstances. No documents produced by Plaintiffs support Plaintiffs' claims of discriminatory actions by Defendants.

### F.  No Admissible Evidence of Plaintiff's' Claims

No depositions were taken in this matter (SSUF 13, 30, 47, 64; Castillo Dec'l., ¶ 9.) Fact discovery is now closed (SSUF 14, 31, 48, 65; RJN Exhibit G – January 15, 2026 Order.) There is no admissible evidence that Plaintiffs were denied a benefit (SSUF 15, 32, 49, 66; Castillo Dec'l., ¶ 10.) There is no admissible evidence of Defendants' violation of the Fair Housing Act, 42 U.S.C.§§ 3602, 3604 (SSUF 16, 33, 50, 67; Castillo Dec'l., ¶ 11.) There is no admissible evidence of Defendants' violation of the American with Disabilities Act, 42 U.S.C.§§ 12132, 12112 (SSUF 16, 33, 50, 67; Castillo Dec'l., ¶ 11.) There is no admissible evidence of Defendants' violation of the Rehabilitation Act, 29 U.S.C.§§ 701, 794, 504 (SSUF 16, 33, 50, 67; Castillo Dec'l., ¶ 11.) There is no admissible evidence of Defendants' violation under 42 U.S.C.§1983  (SSUF 16, 33, 50, 67; Castillo Dec'l., ¶ 11.) This Court must grant the instant summary judgment motion.

### III.   ARGUMENT

#### A.  Summary Judgment/Summary Adjudication Standards

A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(FRCP 56(a))

A defendant moving for summary judgment meets its burden by presenting evidence that "is so one-sided that one-party must prevail as a matter of law." (*Anderson v. Liberty Lobby, Inc.* (1986) 477 US 242, 250-252. The summary judgment motion can dispose of

6

DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

296402328v.1

all or a part of the opposing party's claims. (FRCP 56(a))  It can dispose of claims that have no factual support, as well as those in which the facts are undisputed. (See *Schneider v. TRW, Inc.* (9th Cir. 1991) 938 F.2d 986, 991) Moving party's burden in a summary judgment motion may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case. (*United States ex rel. Diop v. Wayne County Cmty. College Dist.*, (E.D. Mich 2003) 242 F. Supp. 2d 497)

Summary judgment should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986))  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Id.* at 323.  In such a circumstance, summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied."  *Id.*

For reasons set forth herein, summary judgment, or in the alternative summary adjudication, is appropriate.

B. **Plaintiffs Cannot Show Violations of the ADA, FHA, or Rehabilitation Act**

(1) Elements of Violations of ADA or Rehabilitation Act

Plaintiffs allege that Defendants violated Title II of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12132 and § 504 of the Rehabilitation Act. Under both sections, Plaintiffs must show admissible evidence that (1) they were individuals qualified to receive the benefit and with a disability; (2) they were denied the benefit solely by reason of the disability, excluded from participation in the public entity's services, programs or activities or otherwise discriminated against by the public entity; and (3) the program receives federal assistance (*Duvall v. County of Kitsap,* 260 F.3d 1124, 1135 (9th Cir. 2001) citing *Weinreich v. Los Angeles County Metropolitan Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).)

///

(2) Elements of Violations of FHA

Plaintiffs allege that Defendants violated the Fair Housing Act, 42 U.S.C.§§ 3602, 3604. Plaintiffs must show Defendants refused to make "reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford Plaintiffs equal opportunity to use and enjoy a dwelling." (*Taylor v. Harbour Pointe Homeowners Ass'n,* 690 F.3d 44, 49 (2nd Cir. 2012).)

**(3)** Plaintiffs cannot show they have been denied a benefit by Defendants

Plaintiffs are unable to show they were denied a benefit by Defendants because on or about March 20, 2023, Plaintiffs' request for an additional bedroom was granted – the claim is moot (SSUF 2, 10, 19, 27, 36, 44, 53, 61.)

(4) Plaintiffs cannot show benefits were denied due to disability

In the same March 20, 2023, letter, Plaintiffs' new request for housekeeping services was denied as it required a fundamental change in the program and presented an undue hardship (SSUF 2, 10, 19, 27, 36, 44, 53, 61.) A letter was sent to Plaintiffs informing them they would be issued a three bedroom voucher (SSUF 2, 10, 19, 27, 36, 44, 53, 61.)

Further, on or about April 3, 2023, Defendants' denied: (1) Plaintiffs' request for an additional bedroom (totaling four bedrooms) due to a lack of nexus to provide two further bedrooms; (2) Plaintiffs' request for sound proofing and black out curtains as Defendants lacked jurisdiction over the physical unit; and (3) Plaintiffs' request for all communications to be via email as the head of household, Plaintiff Roberts, had not provided proof of disability (SSUF 10, 27, 44, 33, 61.)

(5) Plaintiffs' claims for discrimination fail

Plaintiffs are unable to establish elements essential to their claims. First, the granted request for one extra bedroom moots Plaintiffs' claim that Defendants denied them the requested benefit. Second, regarding the later requests for an additional, fourth bedroom, sound proofing and blackout curtains, and that all communications with all Plaintiffs be through emails, there is no admissible evidence that Plaintiffs were denied the benefit solely by reason of disability or otherwise discriminated against by Defendants. The reasons for

296402328v.1

the denials were clearly communicated to Plaintiffs - SHRA notified Plaintiffs that the requested sound proofing and blackout curtains were denied because the property owner, not Defendants, had jurisdiction over the property and these types of requests. Plaintiffs' request that all communication be directed to Plaintiff Samuel and be via email was denied because Plaintiff Roberts, not Plaintiff Samuel, was the head of household, and Defendants had no information that Plaintiff Roberts had a disability which required email communications. SHRA noted that as a courtesy, during the reasonable accommodation process, SHRA did communicate via email with Plaintiff Roberts as the request involved him. Plaintiffs' claims of discriminatory treatment are unfounded, unsupported by the evidence, and nothing but attempts to distort the reality of Defendants' treatment of Plaintiffs for financial gain. There was simply no discrimination by Defendants.

This Court must grant the instant summary judgment motion as to all Plaintiffs' claims.

## C. **Plaintiffs Cannot Show Violations of Due Process Rights**

Plaintiffs allege that Defendants violated their rights to due process and equal protection rights pursuant to 42 U.S.C.§1983

To claim a deprivation of rights under 42 USCS § 1983, plaintiff must show that (1) conduct complained of was committed by person acting under color of law; (2) defendants' conduct in fact deprived them of rights, privileges or immunities secured by Constitution or laws of United States; (3) defendants' conduct caused deprivation of federal constitutional rights; and (4) defendants' conduct must have been intentional, grossly negligent, or must have amounted to reckless or callous indifference to constitutional rights of others. (*Neris v. Vivoni,* 249 F. Supp. 2d 146)

As discussed above, there is no admissible evidence that Plaintiffs were denied benefits by Defendants. Plaintiffs allege their due process rights were violated regarding delays and the September 12, 2022, hearing regarding Defendants' denial of Plaintiffs' reasonable accommodation request for a fourth bedroom.

While the September 12, 2022, hearing regarding the denial of Plaintiffs'

9

DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

296402328v.1

reasonable accommodation request was taking place, the hearing officer had a medical emergency and the hearing had to be ended (SSUF 16, 33, 50, 67; Paulson Dec'l., ¶¶ 1, 3-5.) MaryLiz Paulson, the Director of the Housing Choice Voucher program at SHRA, eventually learned that the medical emergency rendered the hearing officer unable to return to work (SSUF 16,33, 50, 67; Paulson Dec'l., ¶¶ 1, 3-5.) Ms. Paulson then commenced the procurement process to hire a new hearing officer (SSUF 16,33, 50, 67; Paulson Dec'l., ¶¶ 1, 3-5.) The procurement process is lengthy, needs to follow governmental regulations, and can often take months to locate a suitable contractor. The hearing continued in April 2023 when SHRA had a new hearing officer under contract (SSUF 16, 33, 50, 67;Paulson Dec'l., ¶¶ 1, 3-5.) Any alleged delay in the hearing was due to factors beyond the control of SHRA. There is no admissible evidence that Defendants' conduct was intentional, grossly negligent, or amounted to reckless or callous indifference to constitutional rights of others. There is no admissible evidence of a denial of Plaintiffs' due process rights.

### E. No Evidence Supporting Plaintiffs' Claimed Damages

As set forth above, there is no evidence to support any of Plaintiffs' claims, thus no relief should be granted. Plaintiffs pray for an injunction approving the requested reasonable accommodation, an order extending the voucher date, and a hearing regarding the denial of the reasonable accommodation request. These are moot given the March 2023 granting of the reasonable accommodation request and the April 2023 continued hearing.

There is no admissible evidence that Defendants denied benefits to Plaintiffs or discriminated against Plaintiffs. Plaintiffs' prayer for compensatory and punitive damages or for civil penalties must be denied.

### IV. CONCLUSION

Plaintiffs' claims of disability discrimination, lack of effective communication and due process violations fail because there is no evidence that Defendants engaged in any discriminatory practices, including any related to housing reasonable accommodation

DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

296402328v.1

requests, communications with Plaintiffs or due process and hearing rights. This Court should grant the instant Motion for Summary Judgment.

In the alternative, Defendants move for summary adjudication as follows:

**Summary Adjudication Basis No. 1:** Summary Adjudication is appropriate as to Plaintiffs' Cause of Action for violations of the Fair Housing Act, 42 U.S.C.§§ 3602, 3604 because there is no evidence: (1) Defendants discriminated, continue to discriminate, or engaged in discriminatory policies and practices against Plaintiffs;  (2) Defendants acted with malice  or reckless indifference towards Plaintiffs; and (3) Defendants violated any of Plaintiffs' rights, including but not limited to, reasonable accommodation-related rights, accessibility rights and hearing and due process rights.

**Summary Adjudication Basis No. 2:** Summary Adjudication is appropriate as to Plaintiffs' Cause of Action for violations of Titles II of the American with Disabilities Act, 42 U.S.C.§§ 12132, 12112 because there is no evidence: (1) Defendants discriminated, continue to discriminate, or engaged in discriminatory policies and practices against Plaintiffs;  (2) Defendants acted with malice  or reckless indifference towards Plaintiffs; and (3) Defendants violated any of Plaintiffs' rights, including but not limited to, reasonable accommodation-related rights, accessibility rights and hearing and due process rights.

**Summary Adjudication Basis No. 3:** Summary Adjudication is appropriate as to Plaintiffs' Cause of Action for violations of the Rehabilitation Act, 29 U.S.C.§§ 701, 794, 504 because there is no evidence: (1) Defendants discriminated, continue to discriminate, or engaged in discriminatory policies and practices against Plaintiffs; (2) Defendants acted with malice  or reckless indifference towards Plaintiffs; and (3) Defendants violated any of Plaintiffs' rights, including but not limited to, reasonable accommodation-related rights, accessibility rights and hearing rights.

**Summary Adjudication Basis No. 4:** Summary Adjudication is appropriate as to Plaintiffs' Cause of Action for violations of equal protection under 42 U.S.C.§1983 because there is no evidence: (1) Defendants discriminated, continue to discriminate, or engaged in discriminatory policies and practices against Plaintiffs;  (2) Defendants acted

296402328v.1

with malice  or reckless indifference towards Plaintiffs; and (3) Defendants violated any of Plaintiffs' rights, including but not limited to, reasonable accommodation-related rights, accessibility rights and hearing rights.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Separate Statement of Undisputed Material Facts, the Declaration of Monica Castillo, the evidence concurrently filed herewith, and on all papers and pleadings on file herein, and on such other and further oral and/or documentary evidence as may be presented at or before the time of hearing on this Motion.

Dated:  February 23, 2026

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: _____
EDWARD P. GARSON
MONICA CASTILLO
Attorneys for Defendants
SACRAMENTO HOUSING AND
REDEVELOPMENT AGENCY, et al.

DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

296402328v.1

## **PROOF OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS


I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco, CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

☒:    **BY MAIL** - As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  The envelope was sealed and placed for collection and mailing on this date following our ordinary practices.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒:    **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA  95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | Plaintiffs, Pro Per |

Executed on February 23, 2026, in San Francisco, California.  I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

_____
Jasmine Carinio

13

DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE
ALTERNATIVE, SUMMARY ADJUDICATION

296402328v.1

## <u>CERTIFICATE OF SERVICE</u>

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699-TLN-AC

I certify that on *February 23, 2026,* I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Executed on February 23, 2026, in San Francisco, California.

_____
Jasmine Carinio

DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

296402328v.1