EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone:    (415) 433-0990
Facsimile:     (415) 434-1370

Attorneys for Defendant,
SACRAMENTO HOUSING AND
REDEVELOPMENT AGENCY, et al.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.: 2:22-cv-01699-TLN-AC<br><br>**DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF CLAIMS**<br>Assigned to Magistrate Allison Claire<br><br>Date: March 25, 2026<br>Time: 10:00 a.m.<br>Courtroom:  26 |

TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Pursuant to Federal Rule of Civil Procedure 56(a), Defendants SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY ("SHRA"); LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLY, collectively ("Defendants"), by and through their attorneys, WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP, hereby submit the following Separate Statement of Undisputed Material Facts in support of its Motion for Summary Judgment in the above-captioned matter.

///

1

302935459v.1

**ISSUE 1: Plaintiffs' Cause of Action for violations of the Fair Housing Act, 42 U.S.C.§§ 3602, 3604 fails because there is no evidence: (1) Defendants discriminated, continue to discriminate, or engaged in discriminatory policies and practices against Plaintiffs; (2) Defendants acted with malice or reckless indifference towards Plaintiffs; and (3) Defendants violated any of Plaintiffs' rights, including but not limited to, reasonable accommodation-related rights, accessibility rights and hearing and due process rights.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
| --- | --- |
| 1. On November 15, 2022, Plaintiffs filed their Third Amended Complaint (TAC). The TAC asserts causes of action for violations of the Americans with Disabilities Act, the Fair Housing Act, the Rehabilitation Act and the 14th Amendment's Equal Protection and Due process clauses. The TAC prays for general damages and statutory penalties in excess of $7.75 million, punitive damages, declarative and injunctive relief. The TAC alleges sometime prior to May 18, 2022, Plaintiffs requested from Defendants an extra bedroom as a reasonable accommodation. Plaintiffs allege a "supervisor" of Defendants denied the request and thus denied Plaintiffs equal opportunity to use their housing voucher. The TAC further alleges that on May 19, 2022, Plaintiffs submitted a written, reasonable accommodation request which was denied on or about July 15, 2022. The TAC alleges that between the time of the request and the denial, Defendants failed to engage in an interactive process. The TAC alleges Plaintiffs made several | |

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF CLAIMS

302935459v.1

| | |
|---|---|
| written and verbal requests to have a hearing on the denial of their request for an additional bedroom. A Zoom hearing was held on September 12, 2022 – Plaintiffs allege they were restricted by lack of proper notice from Defendants and hearing rules regarding evidence.<br><br>***Supporting Evidence***<br>• Request for Judicial Notice ("RJN"), Exhibit A, Third Amended Complaint, 16:3-9; 17:7-17; 18:10-16; 18:17- 20:5; 20:25-21:2; 24:13-28; 25:23-26:12; 27:130-136; 28:11-18; 29:13-20; 30:7-11 (Dkt. 11). | |
| 2. On March 20, 2023, Plaintiffs' request for an additional bedroom was granted. Plaintiffs' new request for housekeeping services was denied as it required a fundamental change in the program and presented an undue hardship A letter was sent to Plaintiffs informing them they would be issued a three bedroom voucher.<br><br>***Supporting Evidence***<br>• Exhibit A to Index of Evidence: March 20, 2023 letter granting request for three bedrooms, denying other requests; Castillo Dec'l., ¶ 4. | |
| 3. On or about December 4, 2023, Defendants filed their Answer to the TAC. They denied each allegation of the TAC.<br><br>***Supporting Evidence***<br>• RJN Exhibit B, 1:25-28, Dkt. 49. | |
| 4. On August 14, 2024, this Court terminated AIMS and DAYS as Plaintiffs in this matter. | |

3

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF CLAIMS

302935459v.1

| | |
|---|---|
| ***Supporting Evidence*** <br> • RJN Exhibit C, August 14, 2024 Order, 2:1-2 (Dkt. 64) | |
| 5. On November 4, 2024, Defendants served Plaintiffs with Requests for Admission, Set One. <br><br> ***Supporting Evidence*** <br> • Declaration of Monica Castillo ("Castillo Decl."), ¶ 5, Exhibit B-1, B-2. | |
| 6. On or about March 6, 2025, Defendants filed their Motion for Summary Judgment based on Plaintiffs' failure to respond to Request for Admissions. <br><br> ***Supporting Evidence*** <br> • RJN Exhibit D – Defendants' Notice of Motion for Summary Judgment or Summary Adjudication, Dkt.83. | |
| 7. On or about April 9, 2025, Plaintiffs filed a Motion to Withdraw Deemed Admissions. <br><br> ***Supporting Evidence*** <br> • RJN Exhibit E – Motion to Withdraw Deemed Admissions Under Rule 36(b),Dkt. 88. | |
| 8. On or about May 15, 2025, this Court issued its Minute Order. The Court granted Plaintiffs' Motion to Withdraw admissions and deemed admitted Plaintiffs' filed responses. The Court denied Defendants' motion for summary judgment without prejudice, as it relied heavily on Plaintiffs' non-responses to the request for admissions, non-responses which were then deemed withdrawn. | |

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF CLAIMS

302935459v.1

| | |
|---|---|
| ***Supporting Evidence***<br>• RJN, Exhibit F – May 15, 2025 Minute Order. | |
| 9. Plaintiffs' deemed-admitted Requests for Admissions were all denials, including that Plaintiffs' requested relief for an injunction approving the housing adjustment reasonable accommodation was moot and  that Plaintiffs' requested relief for civil penalties and punitive damages was moot, among others.<br><br>***Supporting Evidence***<br>• RJN Exhibit E – Motion to Withdraw Deemed Admissions Under Rule 36(b), Dkt. 88, Exhibit A. | |
| 10. On or about May 27, 2025, Defendants produced documents responsive to Plaintiffs' document request. These included 2-page May 26, 2022, email chain between Plaintiff Samuel and Ashley Valentine of Sacramento Self Help regarding needed information for Plaintiffs' reasonable accommodation request ("E11"); 3-page May 19, 2022, health care provider's disability certification and need for extra bedroom accommodation; 2-page July 8, 2022, letter from Defendants to Plaintiff Roberts denying the reasonable accommodation request of an additional bedroom due to the ability to meet needs without increasing the voucher size; 3-page Defendants' Notice of September 12, 2022 Hearing and process on denial of Plaintiff's reasonable accommodation request; 2-page Feb 1, 2023 email chain between Plaintiffs and | |

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF CLAIMS

302935459v.1

| | |
|---|---|
| Defendants regarding explanation for delay in scheduling Plaintiffs' requested hearing ("E14"); March 20, 2023, Defendants' letter to Plaintiffs approving the reasonable accommodation request of one bedroom and denying the request for housekeeping services as a fundamental program change; 2-page April 3, 2023, Defendants' letter to Plaintiffs denying Plaintiffs' request for an additional bedroom (totaling four bedrooms) due to lack of nexus to provide additional bedroom, denial of request for sound proofing and black out curtains as Defendants lack jurisdiction over the physical unit, and denying request for all communications to Plaintiffs to be via email to Plaintiff Samuel as Plaintiff Roberts, the head of household, had not provided proof of disability; 3-page April 3, 2023, Defendants' Notice of April 20, 2023, hearing regarding denial of reasonable accommodation.<br><br>***Supporting Evidence***<br>• Exhibit C to Index of Evidence; Castillo Dec'l., ¶ 6. | |
| 11. On or about September 30, 2025, Plaintiffs produced numerous documents, including several emails between Plaintiff Samuels and Sacramento Self Help employees and Defendants regarding call-back requests; Plaintiff Samuels' 4/28/2023 email to Defendants regarding SHRA's denial of a rental application due to rent exceeding approval payment standards fails to address the complex calculations of approved rent SHRA must undertake. | |

6

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF CLAIMS

302935459v.1

| | |
|---|---|
| *Supporting Evidence*<br>• Exhibit D to Index of Evidence; Castillo Dec'l., ¶ 7. | |
| 12. On or about September 29, 2025, Plaintiffs produced supplemental documents including numerous HUD guidelines unrelated to the subject case issues, HUD Fair Housing and Non-Discrimination Requirements, and a HUD/DOJ Joint Statement on the grounds for denials of reasonable accommodation requests.<br><br>*Supporting Evidence*<br>• Exhibit E to Index of Evidence; Castillo Dec'l., ¶ 8. | |
| 13. No depositions were taken in this matter.<br><br>*Supporting Evidence*<br>• Castillo Dec'l., ¶ 9. | |
| 14. Fact discovery is now closed.<br><br>*Supporting Evidence*<br>• RJN Exhibit G – January 15, 2026 Order. | |
| 15. There is no admissible evidence that Plaintiffs were denied a benefit.<br><br>*Supporting Evidence*<br>• Castillo Dec'l., ¶ 10. | |
| 16. While the September 12, 2022, hearing regarding the denial of Plaintiffs' reasonable accommodation request was taking place, the hearing officer had a medical emergency and the hearing had to be ended. The medical emergency rendered the hearing officer unable to return to | |

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF CLAIMS

302935459v.1

| | |
|---|---|
| work. MaryLiz Paulson, the Director of the Housing Choice Voucher program at SHRA, then commenced the procurement process to hire a new hearing officer. The procurement process is lengthy, needs to follow governmental regulations, and can often take months to locate a suitable contractor. The hearing continued in April 2023 when SHRA had a new hearing officer under contract.<br><br>**Supporting Evidence**<br>• Paulson Dec'l., ¶¶ 1, 3-5. | |
| 17. There is no admissible evidence of Defendants' violation of the Fair Housing Act, 42 U.S.C.§§ 3602, 3604.<br><br>**Supporting Evidence**<br>• Castillo Dec'l., ¶ 11. | |

**ISSUE 2: Plaintiffs' Cause of action for violations of Titles II of the American with Disabilities Act fails because there is no evidence: (1) Defendants discriminated, continue to discriminate, or engaged in discriminatory policies and practices against Plaintiffs; (2) Defendants acted with malice or reckless indifference towards Plaintiffs; and (3) Defendants violated any of Plaintiffs' rights, including but not limited to, reasonable accommodation-related rights, accessibility rights and hearing and due process rights.**

*///*

*///*

*///*

*///*

*///*

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF CLAIMS

302935459v.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 18. On November 15, 2022, Plaintiffs filed their Third Amended Complaint (TAC). The TAC asserts causes of action for violations of the Americans with Disabilities Act, the Fair Housing Act, the Rehabilitation Act and the 14th Amendment's Equal Protection and Due process clauses. The TAC prays for general damages and statutory penalties in excess of $7.75 million, punitive damages, declarative and injunctive relief. The TAC alleges sometime prior to May 18, 2022, Plaintiffs requested from Defendants an extra bedroom as a reasonable accommodation. Plaintiffs allege a "supervisor" of Defendants denied the request and thus denied Plaintiffs equal opportunity to use their housing voucher. The TAC further alleges that on May 19, 2022, Plaintiffs submitted a written, reasonable accommodation request which was denied on or about July 15, 2022. The TAC alleges that between the time of the request and the denial, Defendants failed to engage in an interactive process. The TAC alleges Plaintiffs made several written and verbal requests to have a hearing on the denial of their request for an additional bedroom. A Zoom hearing was held on September 12, 2022 – Plaintiffs allege they were restricted by lack of proper notice from Defendants and hearing rules regarding evidence. | |

9

302935459v.1

| | |
|---|---|
| **Supporting Evidence**<br>• Request for Judicial Notice ("RJN"), Exhibit A, Third Amended Complaint, 16:3-9; 17:7-17; 18:10-16; 18:17- 20:5; 20:25-21:2; 24:13-28; 25:23-26:12; 27:130-136; 28:11-18; 29:13-20; 30:7-11 (Dkt. 11). | |
| 19. On March 20, 2023, Plaintiffs' request for an additional bedroom was granted. Plaintiffs' new request for housekeeping services was denied as it required a fundamental change in the program and presented an undue hardship A letter was sent to Plaintiffs informing them they would be issued a three bedroom voucher.<br><br>**Supporting Evidence**<br>Exhibit A to Index of Evidence: March 20, 2023 letter granting request for three bedrooms, denying other requests; Castillo Dec'l., ¶ 4. | |
| 20. On or about December 4, 2023, Defendants filed their Answer to the TAC. They denied each allegation of the TAC.<br><br>**Supporting Evidence**<br>• RJN Exhibit B, 1:25-28, Dkt. 49. | |
| 21. On August 14, 2024, this Court terminated AIMS and DAYS as Plaintiffs in this matter.<br><br>**Supporting Evidence**<br>• RJN Exhibit C, August 14, 2024 Order, 2:1-2 (Dkt. 64) | |
| 22. On November 4, 2024, Defendants served Plaintiffs with Requests for Admission, Set One. | |

10

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF CLAIMS

| | |
|---|---|
| **Supporting Evidence**<br>• Declaration of Monica Castillo ("Castillo Decl."), ¶ 5, Exhibit B-1, B-2. | |
| 23. On or about March 6, 2025, Defendants filed their Motion for Summary Judgment based on Plaintiffs' failure to respond to Request for Admissions.<br><br>**Supporting Evidence**<br>• RJN Exhibit D – Defendants' Notice of Motion for Summary Judgment or Summary Adjudication, Dkt.83. | |
| 24. On or about April 9, 2025, Plaintiffs filed a Motion to Withdraw Deemed Admissions.<br><br>**Supporting Evidence**<br>• RJN Exhibit E – Motion to Withdraw Deemed Admissions Under Rule 36(b),Dkt. 88. | |
| 25. On or about May 15, 2025, this Court issued its Minute Order. The Court granted Plaintiffs' Motion to Withdraw admissions and deemed admitted Plaintiffs' filed responses. The Court denied Defendants' motion for summary judgment without prejudice, as it relied heavily on Plaintiffs' non-responses to the request for admissions, non-responses which were then deemed withdrawn.<br><br>**Supporting Evidence**<br>• RJN, Exhibit F – May 15, 2025 Minute Order. | |
| 26. Plaintiffs' deemed-admitted Requests for Admissions were all denials, including that Plaintiffs' requested relief for an injunction | |

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF CLAIMS

302935459v.1

| | |
|---|---|
| approving the housing adjustment reasonable accommodation was moot and  that Plaintiffs' requested relief for civil penalties and punitive damages was moot, among others.<br><br>***Supporting Evidence***<br>• RJN Exhibit E – Motion to Withdraw Deemed Admissions Under Rule 36(b), Dkt. 88, Exhibit A. | |
| 27. On or about May 27, 2025, Defendants produced documents responsive to Plaintiffs' document request. These included 2-page May 26, 2022, email chain between Plaintiff Samuel and Ashley Valentine of Sacramento Self Help regarding needed information for Plaintiffs' reasonable accommodation request ("E11"); 3-page May 19, 2022, health care provider's disability certification and need for extra bedroom accommodation; 2-page July 8, 2022, letter from Defendants to Plaintiff Roberts denying the reasonable accommodation request of an additional bedroom due to the ability to meet needs without increasing the voucher size; 3-page Defendants' Notice of September 12, 2022 Hearing and process on denial of Plaintiff's' reasonable accommodation request; 2-page Feb 1, 2023 email chain between Plaintiffs and Defendants regarding explanation for delay in scheduling Plaintiffs' requested hearing ("E14"); March 20, 2023, Defendants' letter to Plaintiffs approving the reasonable accommodation request of one bedroom and denying the request for housekeeping services as a | |

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF CLAIMS

302935459v.1

| | |
|---|---|
| fundamental program change; 2-page April 3, 2023, Defendants' letter to Plaintiffs denying Plaintiffs' request for an additional bedroom (totaling four bedrooms) due to lack of nexus to provide additional bedroom, denial of request for sound proofing and black out curtains as Defendants lack jurisdiction over the physical unit, and denying request for all communications to Plaintiffs to be via email to Plaintiff Samuel as Plaintiff Roberts, the head of household, had not provided proof of disability; 3-page April 3, 2023, Defendants' Notice of April 20, 2023, hearing regarding denial of reasonable accommodation.<br><br>***Supporting Evidence***<br>• Exhibit C to Index of Evidence; Castillo Dec'l., ¶ 6. | |
| 28. On or about September 30, 2025, Plaintiffs produced numerous documents, including several emails between Plaintiff Samuels and Sacramento Self Help employees and Defendants regarding call-back requests; Plaintiff Samuels' 4/28/2023 email to Defendants regarding SHRA's denial of a rental application due to rent exceeding approval payment standards fails to address the complex calculations of approved rent SHRA must undertake.<br><br>***Supporting Evidence***<br>• Exhibit D to Index of Evidence; Castillo Dec'l., ¶ 7. | |
| 29. On or about September 29, 2025, Plaintiffs produced supplemental documents including numerous HUD guidelines unrelated to the subject case issues, HUD Fair | |

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF CLAIMS

302935459v.1

| | |
|---|---|
| Housing and Non-Discrimination Requirements, and a HUD/DOJ Joint Statement on the grounds for denials of reasonable accommodation requests.<br><br>***Supporting Evidence***<br>• Exhibit E to Index of Evidence; Castillo Dec'l., ¶ 8. | |
| 30. No depositions were taken in this matter.<br><br>***Supporting Evidence***<br>• Castillo Dec'l., ¶ 9. | |
| 31. Fact discovery is now closed.<br><br>***Supporting Evidence***<br>• RJN Exhibit G – January 15, 2026 Order. | |
| 32. There is no admissible evidence that Plaintiffs were denied a benefit.<br><br>***Supporting Evidence***<br>• Castillo Dec'l., ¶ 10. | |
| 33. While the September 12, 2022, hearing regarding the denial of Plaintiffs' reasonable accommodation request was taking place, the hearing officer had a medical emergency and the hearing had to be ended. The medical emergency rendered the hearing officer unable to return to work. MaryLiz Paulson, the Director of the Housing Choice Voucher program at SHRA, then commenced the procurement process to hire a new hearing officer. The procurement process is lengthy, needs to follow governmental regulations, and can often take months to locate a suitable contractor. The hearing | |

14

302935459v.1

| | |
|---|---|
| continued in April 2023 when SHRA had a new hearing officer under contract.<br><br>***Supporting Evidence***<br>• Paulson Dec'l., ¶¶ 1, 3-5. | |
| 34. There is no admissible evidence of Defendants' violation of the Americans with Disabilities Act.<br><br>***Supporting Evidence***<br>• Castillo Dec'l., ¶ 11. | |

**ISSUE 3:  Plaintiffs' Cause of action for violations of the Rehabilitation Act, 29 U.S.C.§§ 701, 794, 504  fails because there is no evidence: (1) Defendants discriminated, continue to discriminate, or engaged in discriminatory policies and practices against Plaintiffs;  (2) Defendants acted with malice  or reckless indifference towards Plaintiffs; and (3) Defendants violated any of Plaintiffs' rights, including but not limited to, reasonable accommodation-related rights, accessibility rights and hearing and due process rights.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 35. On November 15, 2022, Plaintiffs filed their Third Amended Complaint (TAC). The TAC asserts causes of action for violations of the Americans with Disabilities Act, the Fair Housing Act, the Rehabilitation Act and the 14th Amendment's Equal Protection and Due process clauses. The TAC prays for general damages and statutory penalties in excess of $7.75 million, punitive damages, declarative and injunctive relief. The TAC alleges sometime prior to May 18, 2022, | |

15

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF CLAIMS

302935459v.1

| | |
|---|---|
| Plaintiffs requested from Defendants an extra bedroom as a reasonable accommodation. Plaintiffs allege a "supervisor" of Defendants denied the request and thus denied Plaintiffs equal opportunity to use their housing voucher. The TAC further alleges that on May 19, 2022, Plaintiffs submitted a written, reasonable accommodation request which was denied on or about July 15, 2022. The TAC alleges that between the time of the request and the denial, Defendants failed to engage in an interactive process. The TAC alleges Plaintiffs made several written and verbal requests to have a hearing on the denial of their request for an additional bedroom. A Zoom hearing was held on September 12, 2022 – Plaintiffs allege they were restricted by lack of proper notice from Defendants and hearing rules regarding evidence.<br><br>***Supporting Evidence***<br>• Request for Judicial Notice ("RJN"), Exhibit A, Third Amended Complaint, 16:3-9; 17:7-17; 18:10-16; 18:17- 20:5; 20:25-21:2; 24:13-28; 25:23-26:12; 27:130-136; 28:11-18; 29:13-20; 30:7-11 (Dkt. 11). | |
| 36. On March 20, 2023, Plaintiffs' request for an additional bedroom was granted. Plaintiffs' new request for housekeeping services was denied as it required a fundamental change in the program and presented an undue hardship. A letter was sent to Plaintiffs informing them they would be issued a three-bedroom voucher. | |

16

302935459v.1

| | |
|---|---|
| *Supporting Evidence* <br> • Exhibit A to Index of Evidence: March 20, 2023 letter granting request for three bedrooms, denying other requests; Castillo Dec'l., ¶ 4. | |
| 37. On or about December 4, 2023, Defendants filed their Answer to the TAC. They denied each allegation of the TAC. <br><br> *Supporting Evidence* <br> • RJN Exhibit B, 1:25-28, Dkt. 49. | |
| 38. On August 14, 2024, this Court terminated AIMS and DAYS as Plaintiffs in this matter. <br><br> *Supporting Evidence* <br> • RJN Exhibit C, August 14, 2024 Order, 2:1-2 (Dkt. 64) | |
| 39. On November 4, 2024, Defendants served Plaintiffs with Requests for Admission, Set One. <br><br> *Supporting Evidence* <br> • Declaration of Monica Castillo ("Castillo Decl."), ¶ 5, Exhibit B-1, B-2. | |
| 40. On or about March 6, 2025, Defendants filed their Motion for Summary Judgment based on Plaintiffs' failure to respond to Request for Admissions. <br><br> *Supporting Evidence* <br> • RJN Exhibit D – Defendants' Notice of Motion for Summary Judgment or Summary Adjudication, Dkt.83. | |
| 41. On or about April 9, 2025, Plaintiffs filed a Motion to Withdraw Deemed Admissions. | |

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF CLAIMS

302935459v.1

| | |
|---|---|
| *Supporting Evidence* <br> • RJN Exhibit E – Motion to Withdraw Deemed Admissions Under Rule 36(b),Dkt. 8. | |
| 42. On or about May 15, 2025, this Court issued its Minute Order. The Court granted Plaintiffs' Motion to Withdraw admissions and deemed admitted Plaintiffs' filed responses. The Court denied Defendants' motion for summary judgment without prejudice, as it relied heavily on Plaintiffs' non-responses to the request for admissions, non-responses which were then deemed withdrawn. <br><br> *Supporting Evidence* <br> • RJN, Exhibit F – May 15, 2025 Minute Order. | |
| 43. Plaintiffs' deemed-admitted Requests for Admissions were all denials, including that Plaintiffs' requested relief for an injunction approving the housing adjustment reasonable accommodation was moot and  that Plaintiffs' requested relief for civil penalties and punitive damages was moot, among others. <br><br> *Supporting Evidence* <br> • RJN Exhibit E – Motion to Withdraw Deemed Admissions Under Rule 36(b), Dkt. 88, Exhibit A. | |
| 44. On or about May 27, 2025, Defendants produced documents responsive to Plaintiffs' document request. These included 2-page May 26, 2022, email chain between Plaintiff Samuel and Ashley Valentine of Sacramento Self Help regarding needed information for Plaintiffs' | |

18

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF CLAIMS

302935459v.1

| | |
|---|---|
| reasonable accommodation request ("E11"); 3-page May 19, 2022, health care provider's disability certification and need for extra bedroom accommodation; 2-page July 8, 2022, letter from Defendants to Plaintiff Roberts denying the reasonable accommodation request of an additional bedroom due to the ability to meet needs without increasing the voucher size; 3-page Defendants' Notice of September 12, 2022 Hearing and process on denial of Plaintiff's' reasonable accommodation request; 2-page Feb 1, 2023 email chain between Plaintiffs and Defendants regarding explanation for delay in scheduling Plaintiffs' requested hearing ("E14"); March 20, 2023, Defendants' letter to Plaintiffs approving the reasonable accommodation request of one bedroom and denying the request for housekeeping services as a fundamental program change; 2-page April 3, 2023, Defendants' letter to Plaintiffs denying Plaintiffs' request for an additional bedroom (totaling four bedrooms) due to lack of nexus to provide additional bedroom, denial of request for sound proofing and black out curtains as Defendants lack jurisdiction over the physical unit, and denying request for all communications to Plaintiffs to be via email to Plaintiff Samuel as Plaintiff Roberts, the head of household, had not provided proof of disability; 3-page April 3, 2023, Defendants' Notice of April 20, 2023, hearing regarding denial of reasonable accommodation. | |

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF CLAIMS

302935459v.1

| | |
|---|---|
| **Supporting Evidence**<br>• Exhibit C to Index of Evidence; Castillo Dec'l., ¶ 6. | |
| 45. On or about September 30, 2025, Plaintiffs produced numerous documents, including several emails between Plaintiff Samuels and Sacramento Self Help employees and Defendants regarding call-back requests; Plaintiff Samuels' 4/28/2023 email to Defendants regarding SHRA's denial of a rental application due to rent exceeding approval payment standards.<br><br>**Supporting Evidence**<br>• Exhibit D to Index of Evidence; Castillo Dec'l., ¶ 7. | |
| 46. On or about September 29, 2025, Plaintiffs produced supplemental documents, including numerous HUD guidelines unrelated to the subject case issues, HUD Fair Housing and Non-Discrimination Requirements, and a HUD/DOJ Joint Statement on the grounds for denials of reasonable accommodation requests fails to address the complex calculations of approved rent SHRA must undertake.<br><br>**Supporting Evidence**<br>• Exhibit E to Index of Evidence; Castillo Dec'l., ¶ 8. | |
| 47. No depositions were taken in this matter.<br><br>**Supporting Evidence**<br>• Castillo Dec'l., ¶ 9. | |
| 48. Fact discovery is now closed. | |

20

302935459v.1

| | |
|---|---|
| **Supporting Evidence**<br>• RJN Exhibit G – January 15, 2026 Order. | |
| 49. There is no admissible evidence that Plaintiffs were denied a benefit.<br><br>**Supporting Evidence**<br>• Castillo Dec'l., ¶ 10. | |
| 50. While the September 12, 2022, hearing regarding the denial of Plaintiffs' reasonable accommodation request was taking place, the hearing officer had a medical emergency, and the hearing had to be ended. The medical emergency rendered the hearing officer unable to return to work. MaryLiz Paulson, the Director of the Housing Choice Voucher program at SHRA, then commenced the procurement process to hire a new hearing officer. The procurement process is lengthy, needs to follow governmental regulations, and can often take months to locate a suitable contractor. The hearing continued in April 2023 when SHRA had a new hearing officer under contract.<br><br>**Supporting Evidence**<br>• Paulson Dec'l., ¶¶ 1, 3-5. | |
| 51. There is no admissible evidence of Defendants' violation of the Rehabilitation Act, 29 U.S.C.§§ 701, 794, 504.<br><br>**Supporting Evidence**<br>• Castillo Dec'l., ¶11. | |

21

302935459v.1

**ISSUE 4:  Plaintiffs' Cause of action for violations of equal protection under 42 U.S.C.§1983 fails because there is no evidence: (1) Defendants discriminated, continue to discriminate, or engaged in discriminatory policies and practices against Plaintiffs;  (2) Defendants acted with malice or reckless indifference towards Plaintiffs; and (3) Defendants violated any of Plaintiffs' rights, including but not limited to, reasonable accommodation-related rights, accessibility rights and hearing and due process rights.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
| --- | --- |
| 52. On November 15, 2022, Plaintiffs filed their Third Amended Complaint (TAC). The TAC asserts causes of action for violations of the Americans with Disabilities Act, the Fair Housing Act, the Rehabilitation Act, and the 14th Amendment's Equal Protection and Due Process clauses. The TAC prays for general damages and statutory penalties in excess of $7.75 million, punitive damages, declarative and injunctive relief. The TAC alleges sometime prior to May 18, 2022, Plaintiffs requested from Defendants an extra bedroom as a reasonable accommodation. Plaintiffs allege that a "supervisor" of Defendants denied the request and thus denied Plaintiffs equal opportunity to use their housing voucher. The TAC further alleges that on May 19, 2022, Plaintiffs submitted a written, reasonable accommodation request, which was denied on or about July 15, 2022. The TAC alleges that between the time of the request and the denial, Defendants failed to engage in an interactive process. | |

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF CLAIMS

302935459v.1

| | |
|---|---|
| The TAC alleges Plaintiffs made several written and verbal requests to have a hearing on the denial of their request for an additional bedroom. A Zoom hearing was held on September 12, 2022 – Plaintiffs allege they were restricted by lack of proper notice from Defendants and hearing rules regarding evidence.<br><br>**Supporting Evidence**<br>• Request for Judicial Notice ("RJN"), Exhibit A, Third Amended Complaint, 16:3-9; 17:7-17; 18:10-16; 18:17- 20:5; 20:25-21:2; 24:13-28; 25:23-26:12; 27:130-136; 28:11-18; 29:13-20; 30:7-11 (Dkt. 11). | |
| 53. On March 20, 2023, Plaintiffs' request for an additional bedroom was granted. Plaintiffs' new request for housekeeping services was denied as it required a fundamental change to the program and presented an undue hardship. A letter was sent to Plaintiffs informing them that they would be issued a three-bedroom voucher.<br><br>**Supporting Evidence**<br>• Exhibit A to Index of Evidence: March 20, 2023 letter granting request for three bedrooms, denying other requests; Castillo Dec'l., ¶ 2. | |
| 54. On or about December 4, 2023, Defendants filed their 5Answer to the TAC. They denied each allegation of the TAC.<br><br>**Supporting Evidence**<br>• RJN Exhibit B, 1:25-28, Dkt. 49. | |

23

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF CLAIMS

302935459v.1

| | |
|---|---|
| 55. On August 14, 2024, this Court terminated AIMS and DAYS as Plaintiffs in this matter.<br><br>**Supporting Evidence**<br>• RJN Exhibit C, August 14, 2024 Order, 2:1-2 (Dkt. 64) | |
| 56. On November 4, 2024, Defendants served Plaintiffs with Requests for Admission, Set One.<br><br>**Supporting Evidence**<br>• Declaration of Monica Castillo ("Castillo Decl."), ¶ 5, Exhibit B-1, B-2. | |
| 57. On or about March 6, 2025, Defendants filed their Motion for Summary Judgment based on Plaintiffs' failure to respond to Request for Admissions.<br><br>**Supporting Evidence**<br>• RJN Exhibit D – Defendants' Notice of Motion for Summary Judgment or Summary Adjudication, Dkt. 83. | |
| 58. On or about April 9, 2025, Plaintiffs filed a Motion to Withdraw Deemed Admissions.<br><br>**Supporting Evidence**<br>• RJN Exhibit E – Motion to Withdraw Deemed Admissions Under Rule 36(b), Dkt. 8. | |
| 59. On or about May 15, 2025, this Court issued its Minute Order. The Court granted Plaintiffs' Motion to Withdraw admissions and deemed admitted Plaintiffs' filed responses. The Court denied Defendants' motion for summary judgment without prejudice, as it relied heavily on Plaintiffs' non-responses to the request for | |

24

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF CLAIMS

302935459v.1

| | |
|---|---|
| admissions, non-responses which were then deemed withdrawn.<br><br>***Supporting Evidence***<br>• RJN, Exhibit F – May 15, 2025 Minute Order. | |
| 60. Plaintiffs' deemed-admitted Requests for Admissions were all denials, including that Plaintiffs' requested relief for an injunction approving the housing adjustment reasonable accommodation was moot, and that Plaintiffs' requested relief for civil penalties and punitive damages was moot, among others.<br><br>***Supporting Evidence***<br>• RJN Exhibit E – Motion to Withdraw Deemed Admissions Under Rule 36(b), Dkt. 88, Exhibit A. | |
| 61. On or about May 27, 2025, Defendants produced documents responsive to Plaintiffs' document request. These included 2-page May 26, 2022, email chain between Plaintiff Samuel and Ashley Valentine of Sacramento Self Help regarding needed information for Plaintiffs' reasonable accommodation request ("E11"); 3-page May 19, 2022, health care provider's disability certification and need for extra bedroom accommodation; 2-page July 8, 2022, letter from Defendants to Plaintiff Roberts denying the reasonable accommodation request of an additional bedroom due to the ability to meet needs without increasing the voucher size; 3-page Defendants' Notice of September 12, 2022 Hearing and process on denial of Plaintiff's' | |

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF CLAIMS

302935459v.1

| | |
|---|---|
| reasonable accommodation request; 2-page Feb 1, 2023 email chain between Plaintiffs and Defendants regarding explanation for delay in scheduling Plaintiffs' requested hearing ("E14"); March 20, 2023, Defendants' letter to Plaintiffs approving the reasonable accommodation request of one bedroom and denying the request for housekeeping services as a fundamental program change; 2-page April 3, 2023, Defendants' letter to Plaintiffs denying Plaintiffs' request for an additional bedroom (totaling four bedrooms) due to lack of nexus to provide additional bedroom, denial of request for sound proofing and black out curtains as Defendants lack jurisdiction over the physical unit, and denying request for all communications to Plaintiffs be via email to Plaintiff Samuel as Plaintiff Roberts, the head of household, had not provided proof of disability; 3-page April 3, 2023, Defendants' Notice of April 20, 2023, hearing regarding denial of reasonable accommodation.<br><br>***Supporting Evidence***<br>• Exhibit C to Index of Evidence; Castillo Dec'l., ¶ 6. | |
| 62. On or about September 30, 2025, Plaintiffs produced numerous documents, including several emails between Plaintiff Samuels and Sacramento Self Help employees and Defendants regarding call-back requests; Plaintiff Samuels' 4/28/2023 email to Defendants regarding SHRA's denial of a rental application due to rent exceeding approval payment standards fails to address the | |

302935459v.1

| | |
|---|---|
| complex calculations of approved rent SHRA must undertake.<br><br>***Supporting Evidence***<br>• Exhibit D to Index of Evidence; Castillo Dec'l., ¶ 7. | |
| 63. On or about September 29, 2025, Plaintiffs produced supplemental documents, including numerous HUD guidelines unrelated to the subject case issues, HUD Fair Housing and Non-Discrimination Requirements, and a HUD/DOJ Joint Statement on the grounds for denials of reasonable accommodation requests.<br><br>***Supporting Evidence***<br>• Exhibit E to Index of Evidence; Castillo Dec'l., ¶ 8. | |
| 64. No depositions were taken in this matter.<br><br>***Supporting Evidence***<br>• Castillo Dec'l., ¶ 9. | |
| 65. Fact discovery is now closed.<br><br>***Supporting Evidence***<br>• RJN Exhibit G – January 15, 2026 Order. | |
| 66. There is no admissible evidence that Plaintiffs were denied a benefit.<br><br>***Supporting Evidence***<br>• Castillo Dec'l., ¶ 10. | |
| 67. While the September 12, 2022, hearing regarding the denial of Plaintiffs' reasonable accommodation request was taking place, the hearing officer had a medical emergency and the | |

27

302935459v.1

| | |
|---|---|
| hearing had to be ended. The medical emergency rendered the hearing officer unable to return to work. MaryLiz Paulson, the Director of the Housing Choice Voucher program at SHRA, then commenced the procurement process to hire a new hearing officer. The procurement process is lengthy, needs to follow governmental regulations, and can often take months to locate a suitable contractor. The hearing continued in April 2023 when SHRA had a new hearing officer under contract.<br><br>***Supporting Evidence***<br>• Paulson Dec'l., ¶¶ 1, 3-5. | |
| 68. There is no admissible evidence of Defendants' violation of the Rehabilitation Act, 29 U.S.C.§§ 701, 794, 504.<br><br>***Supporting Evidence***<br>• Castillo Dec'l., ¶ 11. | |

Dated:  February 23, 2026

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER**

By: *Monica Castillo*

EDWARD P. GARSON
MONICA CASTILLO
Attorneys for Defendant,
SACRAMENTO HOUSING
AND REDEVELOPMENT AGENCY, et al.

28

302935459v.1

## <u>PROOF OF SERVICE</u>

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF CLAIMS**

☒:    **BY MAIL** - As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  The envelope was sealed and placed for collection and mailing on this date following our ordinary practices.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒:    **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA  95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | Plaintiffs, Pro Per |

Executed on February 23, 2026, at San Francisco, California.  I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

_____
Jasmine Carinio

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF CLAIMS

302935459v.1

## CERTIFICATE OF SERVICE

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699-TLN-AC

I certify that on *February 23, 2026,* I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Executed on February 23, 2026, at San Francisco, California.

_____
Jasmine Carinio

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF CLAIMS

302935459v.1