EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA CASTILLO (SBN 146154)
monica.Castillo@WilsonElser.com
**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370

Attorneys for Defendants SACRAMENTO
HOUSING AND REDEVELOPMENT AGENCY, et al.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.: 2:22-cv-01699 DJC AC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME, FOR RECONSIDERATION OF RULING, AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**<br><br>Date: [not stated in moving papers]<br>Time: [not stated in moving papers] |

Defendants, SACRAMENTO  HOUSING AND REDEVELOPMENT AGENCY, LA SHELLE DOZIER, MARYLIZ PAULSON, TORY LYNCH, TANYA CRUZ, TAMEKA JACKSON, LISA MACIAS, TIFFANY BROWN, and IBRA HENLY, hereby object to Plaintiffs' Motion for Enlargement of Time, for Reconsideration of Ruling, and For Leave to File Fourth Amended Complaint on the following grounds:

**A.  This Motion is Nothing but Plaintiffs' Futile Attempt For a "Second Bite at the Apple"**

The instant motion, disguised as a motion for "enlargement" and for reconsideration, is nothing but a thinly-veiled attempt by Plaintiffs to re-litigate prior

**1**

motions and to introduce new allegations, causes of action and evidence.  Contrary to Plaintiffs' assertions that the proposed Fourth Amended Complaint ("4th AC") "streamlines and narrows issues, and imposes no new discovery burdens or surprise" (Motion for Enlargement of Time, 3:21- 22; Dkt. 147), the proposed pleading does neither and highly prejudices Defendants in being unable to conduct discovery on new allegations, facts and prayed-for damages, particularly given Defendants' recently-filed Summary Judgment motion. Further, there is no hearing date and time, or notice of motion, amounting to fatal procedural defects providing further grounds for denial of these motions. Finally, the motion for leave to file a 4th AC was denied by this court on January 15, 2026 – Plaintiffs are not entitled to relitigate the motion by bring the same motion under the guise of a motion for enlargement. These motions should be denied in their entirety.

### B. **Plaintiffs' Failure to Review Complete Minute Order is Not Excusable Neglect**

Plaintiff Samuel claims that only upon preparing to respond to Defendants' summary judgment motion (Dkt. 146) which was filed on February 23, 2026, did Plaintiff Samuel open this Court's January 16, 2026, order denying Plaintiffs' prior motion for leave to file a 4th AC (Motion for Enlargement, 6:19-7:2; Declaration of David Samuel, ¶¶ 5, 6.) This begs the question of why neither Plaintiff Samuel nor Plaintiff Roberts bothered to open the January 16, 2026, order upon its filing. Plaintiffs do not claim they did not receive the order or that they were somehow unable to review it. Rather, Plaintiff Samuel alleges that he did not bother to open the order until almost one month later and only because Defendants filed their summary judgment motion. Caselaw cited by Plaintiffs identifies that a court may extend the deadline for a tardy filing due to excusable neglect, but nowhere do Plaintiffs explain why their failure to timely review an Order should be considered excusable neglect. In *Slangal v. Getzin* 148 F.R.D. 691 (Nebraska District Court, February 22, 1993) pro se plaintiffs claimed excusable neglect in filing a motion for enlargement seventeen (17) days after the response to a motion was due. In that case, the court found there had been no showing of excusable neglect, not even sufficient to

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME, FOR RECONSIDERATION OF RULING, AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

296402328v.1

excuse pro se plaintiffs from the compliance with or observation of the Federal Rules of Civil Procedure and the local rules of that court. *Id.* at 700-701. This Court, similarly, must find a lack of excusable neglect and deny the motion.

Assuming arguendo, this Court will hear further argument regarding excusable neglect, the *Pioneer Inv Servs. Co* four prong test has not been met. Plaintiffs cite four factors to evaluate excusable neglect as prejudice, length of delay and impact, reason for delay, and good faith. *Pioneer Inv Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) None of the four prongs have been met – these motions must be denied in their entirety.

### C. **Plaintiffs Fail to Meet the Four Prong Test for "Excusable Neglect"**

In the *Pioneer Inv Servs. Co.* case, the Supreme Court reviewed and affirmed the finding of the court of appeals that an attorney's inadvertent failure to file a proof of creditors' claims within the deadline set by the bankruptcy court could constitute "excusable neglect". The Supreme Court concluded that the determination of whether the neglect is "excusable' is an equitable one. *Id.* at 395. Specifically the analysis must consider four prongs: (1) danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay including whether it was within the reasonable control of the movant: and (4) whether the movant acted in good faith. *Id.* at 395.

#### a. **Defendants Will Be Prejudiced By New Authority, Allegations and Damages Prayer in Proposed Fourth Amended Complaint**

Plaintiffs argue in the instant motion that the proposed 4th AC claims to "streamline counts" (See, Motion for Leave to File 4th AC, Exh. D – proposed 4th AC, 3:21; ¶ 32) and "conform the complaint" (See, Motion for Leave to File 4th AC, Exh. D – proposed 4th AC, 4:7).

The reality is far removed from Plaintiffs' claimed "streamlining". A careful review and comparison of the Third Amended Complaint and the proposed 4th AC revealed that the 4th AC introduces new authority for the claims, new allegations  and new prayers for

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME, FOR RECONSIDERATION OF RULING, AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT
296402328v.1

damages – it neither streamlines nor conforms the complaint to developments. Plaintiffs conveniently offer to keep discovery closed (See, Motion for Leave to File 4th AC, Exh. D – proposed 4th AC, 3:3, 22-23, 8:13-16), which would certainly benefit Plaintiffs but highly prejudice Defendants. Defendants have not conducted discovery based on these new statutory provisions alleged in the proposed 4th AC, including:

- 42 USC § 12205;
- 29 USC § 794a(b) (this section is regarding employment)
- California Government Code § 12955;
- 2 CFR § 12176;
- 2 CFR § 12179; and
- American with Disabilities Act, DA Title II § 504.

There are new factual allegations, including a few which took place prior to the November 15, 2022, filing of the Third Amended Complaint (See, Motion for Leave to File 4th AC, Exh. D – proposed 4th AC, 2-:15-17.) Most allegations as of March 2023 are new to the 4thAC (See, Motion for Leave to File 4th AC, Exh. D – proposed 4th AC, 22:3-8, 23:6018, 25:6-9, 26:5-18, 28:4-7, 30:8-13; 35:12-18; 36:1-2, 37:1-2.) In fact, Plaintiffs admit they will have to "supplement with itemized valuations, receipts, and expert analysis…" (See, Motion for Leave to File 4th AC, Exh. D – proposed 4th AC, 30:26-31:3.)

Plaintiffs' proposed 4th AC contains new claimed damages, including fees and costs under statutes new to the 4thAC (See, Motion for Leave to File 4th AC, Exh. D – proposed 4th AC, 33:22-24, 34:13-15, 40:13-18, 41:6-10.)

On September 2, 2025, (Dkt. 136) this Court closed fact discovery. The date for initial disclosure of experts, February 25, 2026 (Dkt. 145), has passed, with no disclosure by Plaintiffs. If Plaintiffs are allowed leave to file their proposed 4th AC, Defendants will be highly prejudiced in not having the opportunity to conduct discovery based on the new facts and allegations, statutory provisions and prayer for damages alleged in the proposed pleading. Defendants will also be prejudiced in having missed the opportunity to disclose experts relevant to the new allegations and reliance on new statutes, and the

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME, FOR RECONSIDERATION OF RULING, AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

296402328v.1

added prayed-for damages.

Finally, Defendants have filed their summary judgment motion (Dkt. 156.) To allow Plaintiffs leave to file their proposed 4th AC would be highly prejudicial to Defendants, who prepared their summary judgment motion based on the operative pleading - the Third Amended Complaint.  As discussed above, further discovery would be required for Defendants to re-file their summary judgment motion if the 4th AC were to become the operative pleading.

### b. **The delay and its potential impact on judicial proceedings weighs against "excusable neglect"**

Plaintiff Samuels alleges that he did not bother to open the order denying Plaintiffs' prior motion for leave to file a 4th AC until almost one month after the order was denied and only because Defendants filed their summary judgment motion (See, Motion for Enlargement, 6:19-7:2; Declaration of David Samuel, ¶¶ 4, 5, 6.)

This Court's Order regarding trial and related dates must be respected. Granting leave to file a 4th AC would negatively impact judicial proceedings as it would require the Court to vacate the trial date and related dates and re-open discovery.

### c. **The given reason for the delay is not reasonable and does not support "excusable neglect"**

No facts were alleged nor declaration was filed by Plaintiff Syndney Roberts on why she did not read the Order. This Court has had to remind Plaintiffs in the past that Plaintiff Samuel is not an attorney and does not represent both Plaintiffs. There are no grounds at all for Plaintiff Roberts to claim "excusable neglect".

Plaintiff Samuel admitted he only opened and read the Order because Defendants filed their summary judgment motion. This begs the question of whether Plaintiff Roberts would have opened the order at all had Defendants not filed their summary judgment motion.

Plaintiffs' delay in bringing the motion is unreasonable and does not support "excusable neglect".

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME, FOR RECONSIDERATION OF RULING, AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT
296402328v.1

**d. Plaintiffs have not set forth grounds showing they brought the instant motion in good faith**

Plaintiffs' attempt to mischaracterize this Court's order denying their motion for leave to file a 4th AC as "clearly erroneous or contrary to law" (See, Motion for Enlargement, 2:24-3:1) is disingenuous, patently false, lacking authority, and a red herring. The instant motions for enlargement and for leave to file a 4th AC are Plaintiffs' futile attempts to re-litigate a denied motion, usurp this Court's authority, and cover their own negligence. This Court should not reward Plaintiffs by granting the instant motions.

**D. AIMS and DAYS Terminated as Plaintiffs and Cannot Be Reinstated**

Plaintiffs allege their proposed 4th AC removes minors AIMS and DAYS as Plaintiffs (See, Motion for Enlargement, 4:15-20.) Plaintiffs' proposed 4th AC identifies minors AIMS and DAYS as Plaintiffs (See, Motion for Leave to File 4th AC, Exh. D – proposed 4th AC, 5:21-25.)

On August 14, 2024, (Dkt. 64), this Court terminated AIMS and DAYS as Plaintiffs in this matter. It is improper for Plaintiffs to attempt to resuscitate AIMS and DAYS by inserting them as plaintiffs in the proposed 4th AC. If this court is inclined to grant the instant motion, it should only grant as to Plaintiffs Roberts and Plaintiff Samuels and deny as to AIMS and DAYS.

**E. Conclusion**

For the reasons set forth above, this court should deny Plaintiffs' Motion for Enlargement and Motion for Leave to File a Fourth Amended Complaint.

Dated:  March 5, 2026

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**

By: _____
EDWARD P. GARSON
MONICA CASTILLO
Attorneys for Defendants

**6**

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME, FOR RECONSIDERATION OF RULING, AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

296402328v.1

## PROOF OF SERVICE

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco, CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME, FOR RECONSIDERATION OF RULING, AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

☒:    **BY MAIL** - As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  The envelope was sealed and placed for collection and mailing on this date following our ordinary practices.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒:    **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| | *Plaintiffs, Pro Per* |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA  95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br>edfed@possiblymaybe.com<br><br>T: (512) 522-8571 | |

Executed on March 5, 2026, in San Francisco, California.  I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

_____
Jasmine Carinio

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME, FOR RECONSIDERATION OF RULING, AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

296402328v.1

## CERTIFICATE OF SERVICE

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699-TLN-AC

I certify that on *March 5, 2026, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users,* and that service will be accomplished by the CM/ECF system.

Executed on March 5, 2026, at San Francisco, California.

Jasmine Carinio

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME, FOR RECONSIDERATION OF RULING, AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

296402328v.1