EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA CASTILLO (SBN 146154)
monica.Castillo@WilsonElser.com
**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone:   (415) 433-0990
Facsimile:   (415) 434-1370

Attorneys for Defendants
SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.: 2:22-cv-01699 DJC AC<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION OF CLAIMS**<br><br>Assigned to Magistrate Allison Claire<br>Date: March 25, 2026<br>Time: 10:00 a.m.<br>Courtroom: 26 |

Throughout this lawsuit, Plaintiffs SYDNEY BROOKE ROBERTS ("ROBERTS") and DAVID TYRONE SAMUEL ("SAMUEL") (collectively, "Plaintiffs") have conflated denials of their reasonable accommodation requests with discrimination, with no sufficient nexus between Plaintiffs' disabilities and actions taken by Defendant Sacramento Housing and Redevelopment Agency ("SHRA").

A. **Plaintiffs Have Failed To Show Denials Were Due To Their Disabilities**

To state a claim under the FHA, Plaintiffs must show that SHRA denied them housing "because of" their disabilities (*Thomas v. Salvation Army S. Terr.* (November 8,

1

2016, 4th Cir.) 841 F.3d 632, 639.) "To succeed on a claim under the Rehabilitation Act, the plaintiff must establish he was excluded 'solely by reason of' his disability; the ADA requires only that the disability was 'a motivating cause' of the exclusion." (*Id.* at 641.)

For claims under the ADA and FHA, Plaintiffs' must show that the requested accommodation is reasonable, necessary and affords them the equal opportunity to use and enjoy a dwelling 42 U.S.C. 3604(f)(3)(B). The burden is on the plaintiffs to show that the accommodation it seeks is reasonable on its face (*US Airways, Inc. v. Barnett*, (2002) 535 U.S. 391.)  SHRA can rebut a presumption of discrimination pursuant to 42 USC§ 3604(f)(3) by producing evidence that its action were taken for legitimate, nondiscriminatory reasons, but SHRA need not persuade the court that it was actually motivated by proffered reasons, since burden of persuasion is on plaintiff at all times (*Reeves v. Rose* (E.D. Mich. 2000) 108 F.Supp.2d 720, 726.)

In *Whitfield v. Parmar* (California Eastern District Court January 30, 2025 2025 U.S. Dist. LEXIS 17018, 13-14) the court stated that "[t]o state a claim for violation of Section 504 of the Rehabilitation Act, a plaintiff must allege: "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001). The Ninth Circuit observed, "the Rehabilitation Act is materially identical to and the model for the ADA, (the difference being the application of the Rehabilitation Act is limited to federally funded programs." *Mattioda v. Nelson*, 98 F.4th 1164, 1174 (9th Cir. 2024) (citation omitted). Courts apply "the same analysis to claims brought under both statutes." *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999).

Plaintiffs have only presented speculation rather than actual proof of SHRA's alleged discriminatory motives. SHRA has presented evidence that Plaintiffs' reasonable accommodation requests were considered but denied for non-discriminatory, non-disability reasons or motivating cause including the failure to provide requested medical information regarding Plaintiffs' child, Artemis pursuant to the reasonable accommodation request for

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO  MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

296402328v.1

a bedroom for Artemis, the failure to identify disability-related reasons for email communications, and failing to request real property related items, such as blackout curtains, to the property landlord (not SHRA).

1)  May 2022 request and July 2022 denial – SHRA was engaged in the reasonable accommodation process as described in MaryLiz Paulson's declaration regarding a request to Dr. Medina for Artemis' information and Kaiser's required use of a "Work Activity Status" form (See, MaryLiz Paulson Declaration in Reply to Opposition to Summary Judgment, ("Paulson Reply Decl.", ¶ 3.) SHRA has rebutted any presumption of discrimination.

2)  September 12, 2022, hearing - since Mr. Lew had a medical emergency he could not complete the hearing by rendering an opinion (Paulson Decl. ¶ 3.) Once SHRA learned that Mr. Lew would not be returning to his job, the lengthy process of finding a replacement hearing officer commenced (Paulson Decl., ¶¶ 3-5.) Plaintiffs' reasonable accommodation request for an extra bedroom was granted before the hearing could be resumed, thus the request was moot and there was no need for further hearing or decision on this request. SHRA has rebutted any presumption of discrimination.

3)  September 29, 2022 request and November 16, 2022 denial – SHRA's November 16, 2022, letter (See, Plaintiffs' Ex. 10) to Plaintiffs does not show discriminatory intent because it explains the process and basis for SHRA's denial of Plaintiffs' requested extra bedroom. SHRA reviewed Plaintiffs' request and the information it received from Plaintiffs' healthcare provider (which was lacking information regarding Artemis) and explained SHRA does not determine tenants' sleeping arrangements and that HUD guidelines allow a living room to be used as a sleeping space. Finally, the letter invited Plaintiffs to provide additional information for SHRA to review if Plaintiffs wished to so do. SHRA has rebutted the presumption of any discrimination. SHRA has rebutted any presumption of discrimination.

4)  March 2022 letter, March 21, 2022 objection and April 3, 2022 denial – Plaintiffs' reasonable accommodation request was for one extra bedroom and it was granted in March 20022. Attempts to enlarge the original request with later added requests for

soundproofing, blackout curtains and housekeeping services is disingenuous. The later enlarged request fails to support the claim that the April 3, 2022 denial was discriminatory. SHRA has rebutted the presumption of any discrimination.

5)  Head of Household Communications - SHRA never refused to work with Plaintiff Samuel and was communicating with him (Paulson Reply Decl.", ¶ 4.) This in spite of the fact that Plaintiff Roberts was the self-identified "Head of Household" but was noticeably absent in communications regarding Plaintiffs' disabilities and their children (Paulson Reply Decl.", ¶ 4.) Because Plaintiff Samuel was repeatedly calling the SHRA office and interacted so often with SHRA, SHRA was concerned whether Plaintiff Smauel was acting to represent Plaintiff Roberts' wishes as well (Paulson Reply Decl.", ¶ 4.) SHRA staff did ask Plaintiff Roberts to also communicate with SHRA, but Plaintiff Samuel continued to represent the family (Paulson Reply Decl., ¶ 4.) It was SHRA policy not to communicate by email with clients. Plaintiff Samuel requested email communities; SHRA requested that he show a disability-related need but he failed to provide it (Paulson Reply Decl., ¶ 5.) However, SHRA did communicate with Plaintiff Samuel via email as a courtesy (Paulson Reply Decl., ¶ 5.) There is no evidence that SHRA denied Plaintiffs program benefits solely by reason of their disabilities. Plaintiffs' claim  for violation of Section  504 of  the Rehabilitation Act fails.

6)  Use of Voucher Post March 20 Approval of Reasonable Accommodation Request – Plaintiffs' Exhibit 24-16, a May 29, 2023, email from Ibra at SHRA to MaryLiz Paulson at SHRA, shows that there appears to be confusion on Plaintiffs' part about how the payment standard is used and the calculation done to determine affordability. Plaintiffs' have failed to show that any alleged denial of the use of their housing voucher was not based or motivated by Plaintiffs' disabilities.

**CONCLUSION**

Plaintiffs' claims of disability discrimination, lack of effective communication and due process violations fail because there is no evidence that Defendants engaged in any discriminatory practices or that Defennts acted in any way against Plaintiffs based on

4

Plaintiffs' disabilities, including any related to housing reasonable accommodation requests, communications with Plaintiffs or due process and hearing rights. This Court should grant the instant Motion for Summary Judgment, or, in the alternative, Summary Adjudication.

Dated:  March 19, 2026

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: _Monica Castillo_

EDWARD P. GARSON
MONICA CASTILLO
Attorneys for Defendants
SACRAMENTO HOUSING AND
REDEVELOPMENT AGENCY, et al.

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO  MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

296402328v.1

**PROOF OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco, CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION OF CLAIMS**

☐:    **BY MAIL** - As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  The envelope was sealed and placed for collection and mailing on this date following our ordinary practices.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒:    **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA  95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

Executed on March 19, 2026, in San Francisco, California.  I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

_____
Jasmine Carinio

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO  MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

296402328v.1

## <u>CERTIFICATE OF SERVICE</u>

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699-TLN-AC

I certify that on *March 19, 2026,* I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Executed on March 19, 2026, in San Francisco, California.

_____
Jasmine Carinio

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO  MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

296402328v.1