EDWARD P. GARSON (SBN 96786)
Edward.Garson@WilsonElser.com
MONICA CASTILLO (SBN 146154)
Monica.Castillo@WilsonElser.com
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370

Attorneys for Defendant,
SACRAMENTO HOUSING AND
REDEVELOPMENT AGENCY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS and DAVID TYRONE SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No.: 2:22-cv-01699-DJC-AC<br><br>**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**<br><br>Assigned to Magistrate Allison Claire<br>Date: March 25, 2026<br>Time: 10:00 a.m.<br>Courtroom: 26 |

Defendants', SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY; LA SHELLE DOZIER; MARY LIZ PAULSON; TORY LYNCH; TANYA CRUZ; TAMEKA JACKSON; LISA MACIAS; TIFFANY BROWN, and IBRA HENLY, reply in support of their Separate Statement of undisputed facts.

**ISSUE 1:    Plaintiffs' Cause of Action for violations of the Fair Housing Act, 42 U.S.C.§§ 3602, 3604 fails because there is no evidence: (1) Defendants discriminated, continue to discriminate, or engaged in discriminatory policies and practices against Plaintiffs;    (2) Defendants acted with malice   or reckless indifference towards**

**1**

Plaintiffs; and (3) Defendants violated any of Plaintiffs' rights, including but not limited to, reasonable accommodation-related rights, accessibility rights and hearing and due process rights.

| Defendants' Undisputed Material | Plaintiffs' Response and Supporting Evidence | Defendants' Reply |
|---|---|---|
| 1. On November 15, 2022, Plaintiffs filed their Third Amended Complaint (TAC). The TAC asserts causes of action for violations of the Americans with Disabilities Act, the Fair Housing Act, the Rehabilitation Act and the 14th 1. Amendment's Equal Protection and Due Process Clauses. The TAC prays for general damages and statutory penalties in excess of $7.75 million, punitive damages, declarative and injunctive relief. The TAC alleges sometime prior to May 18, 2022, Plaintiffs requested from Defendants an extra bedroom as a reasonable accommodation. Plaintiffs allege a supervisor of Defendants denied the request and thus denied Plaintiffs equal opportunity to use their housing voucher. The TAC further alleges that on May 19, 2022, Plaintiffs submitted a written, reasonable accommodation request which was denied on or about July 15, 2022. The TAC alleges that between the time of the request and the denial, | Undisputed in part; disputed in part. Undisputed that the TAC contains the allegations Defendants summarize. Disputed to the extent Fact 1 is presented as a complete or accurate statement of the material facts because it omits the failure to issue a decision after the September 12, 2022 hearing, the distinct September 29, 2022 request, the November 16, 2022 denial addressing both David and AIMS, the March 21, 2023 objection to the March 20 letter, the April 3, 2023 additional denials, and SHRA's continued obstruction of actual voucher use after March 20, 2023. | Disputed that the TAC, filed on November 15, 2022, contains allegations of events post-filing, dated November 16, 2022, March 21, 2023 and April 3, 2023;  Disputed – Not Relevant, Speculative. Plaintiffs are making legal arguments regarding implications. *Supporting Evidence: RJN Ex. A, Third Amended Complaint, Dkt. 11.* |

DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS

281563787v.1

| Defendants' Undisputed Material | Plaintiffs' Response and Supporting Evidence | Defendants' Reply |
|---|---|---|
| Defendants failed to engage in an interactive process. The TAC alleges Plaintiffs made several written and verbal requests to have a hearing on the denial of their request for an additional bedroom. Hearing was held on September 12, 2022. Plaintiffs allege they were restricted by lack of proper notice from Defendants and hearing rules regarding evidence. *Supporting Evidence: RJN Ex. A, Third Amended Complaint, Dkt. 11* | | |
| 2. On March 20, 2023, Plaintiffs' request for an additional bedroom was granted. Plaintiffs' new request for housekeeping services was denied as it required a fundamental change in the program and presented an undue hardship. A letter was sent to Plaintiffs informing them they would be issued a three bedroom voucher. *Supporting Evidence: Ex. A to Index of Evidence; Castillo Decl. ¶ 4.* | Undisputed in part; disputed in part. Undisputed that on March 20, 2023 SHRA issued a letter stating that one additional bedroom would be approved and housekeeping would be denied, and that Plaintiffs would be issued a three-bedroom voucher. (Ex. 13.) Disputed to the extent Defendants imply this cured prior denials or resolved the accommodation dispute. Plaintiffs immediately responded that the three-bedroom offer did not satisfy the requested accommodation need and that multiple denials still required hearing. (Ex. 14.) SHRA then issued additional denials on April 3, 2023. (Ex. 16.) | Disputed – Not Relevant, Speculative. Plaintiffs are making legal arguments regarding implications. |

**3**

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| Defendants' Undisputed Material | Plaintiffs' Response and Supporting Evidence | Defendants' Reply |
|---|---|---|
| 3. On or about December 4, 2023, Defendants filed their Answer to the TAC. They denied each allegation of the TAC.<br><br>*Supporting Evidence: RJN Ex. 8, Dkt. 49.* | Undisputed as a procedural fact only. | |
| 4. On August 14, 2024, this Court terminated AIMS and DAYS as Plaintiffs in this matter.<br><br>*Supporting Evidence: RJN Ex. C, Aug. 14, 2024 Order, Dkt. 64.* | Undisputed as a procedural fact only. | |
| 5. On November 4, 2024, Defendants served Plaintiffs with Requests for Admission, Set One.<br><br>*Supporting Evidence: Castillo Decl. ¶ 5; Exs. 8-1, 8-2.* | Undisputed as a procedural fact only. | |
| 6. On or about March 6, 2025, Defendants filed their Motion for Summary Judgment based on Plaintiffs' failure to respond to Request for Admissions.<br><br>*Supporting Evidence: RJN Ex. D, Dkt. 83.* | Undisputed as a procedural fact only. | |
| 7. On or about April 9, 2025, Plaintiffs filed a Motion to Withdraw Deemed Admissions.<br><br>*Supporting Evidence: RJN Ex. E, Dkt. 88.* | Undisputed as a procedural fact only. | |

**4**

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| Defendants' Undisputed Material | Plaintiffs' Response and Supporting Evidence | Defendants' Reply |
|---|---|---|
| | | |
| 8. On or about May 15, 2025, this Court issued its Minute Order. The Court granted Plaintiffs' Motion to Withdraw admissions and deemed admitted Plaintiffs' filed responses. The Court denied Defendants' motion for summary judgment without prejudice, as it relied heavily on Plaintiffs' non-responses to the request for admissions, nonresponses which were then deemed withdrawn.<br><br>*Supporting Evidence: RJN Ex. F, May 15, 2025 Minute Order.* | Undisputed as a procedural fact only, including that the Court later permitted withdrawal of deemed admissions and denied Defendants' earlier summary judgment motion without prejudice because it relied heavily on the prior nonresponses. | |
| 9. Plaintiffs' deemed-admitted Requests for Admissions were all denials, including that Plaintiffs' requested relief for an injunction approving the housing adjustment reasonable accommodation was moot and that Plaintiffs' requested relief for civil penalties and punitive damages was moot, among others.<br><br>*Supporting Evidence: RJN Ex. E, Ex. A.* | Undisputed in part; disputed in part. Undisputed that the earlier deemed-admitted RFAs were denials. Disputed to the extent Defendants imply the deemed-admitted posture remained operative after withdrawal. | Disputed – Speculative. Plaintiffs are making legal arguments regarding implications. Plaintiffs submit/identify no evidence to dispute this material fact. |
| 10. On or about May 27, 2025, Defendants produced documents responsive to Plaintiffs' document request. | Undisputed in part; disputed in part. Undisputed that Defendants produced the listed letters and notices. Disputed to the extent Fact | Disputed – Plaintiffs are making legal arguments regarding document |

**5**

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| Defendants' Undisputed Material | Plaintiffs' Response and Supporting Evidence | Defendants' Reply |
|---|---|---|
| *Supporting Evidence: Ex. C to Index of Evidence; Castillo Decl. ¶ 6.* | 10 omits that those very documents show multiple distinct denials, continuing hearing confusion, and an April 3 denial of email communication on head-of-household grounds. | contents. Also, not relevant. Plaintiffs submit/identify no evidence to dispute this material fact. |
| 11. On or about September 30, 2025, Plaintiffs produced numerous documents, including several emails between Plaintiff Samuel and Sacramento Self Help employees and Defendants regarding call-back requests; Plaintiff Samuel's 4/28/2023 email to Defendants regarding SHRA's denial of a rental application due to rent exceeding approval payment standards fails to address the complex calculations of approved rent SHRA must undertake.<br><br>*Supporting Evidence: Ex. D to Index of Evidence; Castillo Decl. ¶ 7.* | Disputed. Defendants' characterization that Plaintiffs' April 28, 2023, email fails to address the complex calculations of approved rent SHRA must undertake is argument, not an undisputed fact. The Papago record reflects wrong voucher size, address uncertainty, duplex/apartment concern, reruns, and later price increase. (Ex. 24.) | Disputed – Plaintiffs' Exhibit 24-16, a May 29, 2023, email from Ibra at SHRA to MaryLiz Paulson at SHRA, shows that there appears to be confusion on Plaintiffs' part about how the payment standard is used and the calculation done to determine affordability. This is not evidence of any discrimination by SHRA. Ex. 24 is more prejudicial than probative, confuses the issues (FRE 403) and should be excluded.<br><br>*Supporting Evidence: Ex. 24-16 to Plaintiffs' Evidence.* |
| 12. On or about September 29, 2025, Plaintiffs produced supplemental documents including numerous HUD guidelines | Undisputed in part; disputed in part. Undisputed that Plaintiffs produced HUD and | Disputed – Not relevant; Speculative. Plaintiffs are making legal |

**6**

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| Defendants' Undisputed Material | Plaintiffs' Response and Supporting Evidence | Defendants' Reply |
|---|---|---|
| unrelated to the subject case issues, HUD Fair Housing and Non-Discrimination Requirements, and a HUD/DOJ Joint Statement on the grounds for denials of reasonable accommodation requests.<br><br>*Supporting Evidence: Ex. E to Index of Evidence; Castillo Decl. ¶ 8.* | fair-housing materials, including the HUD/DOJ Joint Statement. Disputed to the extent Defendants imply those materials are irrelevant or unrelated because they bear directly on accommodation denials and effective communication. | arguments regarding implications. Plaintiffs submit/identify no evidence to dispute this material fact. |
| 13. No depositions were taken in this matter.<br><br>*Supporting Evidence: Castillo Decl. ¶ 9.* | Undisputed in part; disputed in part. Undisputed that no depositions were completed. Disputed to the extent Defendants imply witness access was freely available or that the absence of depositions was a neutral choice. Defendants were still withholding substantive discovery and key witness access while offering some witnesses only on compressed notice and later surfaced Lew only after discovery closed. (Exs. 30-32.) | Disputed – Not Relevant. Plaintiffs are making legal arguments regarding implications. On or about May 30, 2025, SHRA's counsel, Monica Castillo, emailed Plaintiffs to confirm their request for a CART-certified reporter for Plaintiffs' depositions on June 9 and 10, 2025. On or about June 3, 2025, Ms. Castillo emailed Plaintiffs to confirm June 16, 2025, as the date for the deposition of MaryLiz Paulson, identified to testify to several categories requested by Plaintiffs. As to |

**7**

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| Defendants' Undisputed Material | Plaintiffs' Response and Supporting Evidence | Defendants' Reply |
|---|---|---|
| | | other requested categories, also on June 3, 2025, SHRA identified Ilya Prozorov and provided June 17, 2025 for his deposition, and June 11, 2025 for Melanie Olson. Exs. 30-32 are emails of discovery meet and confer among the parties, are more prejudicial than probative, confuses the issues (FRE 403) and should be excluded.<br><br>*Supporting Evidence: Ex. F, G-1, G-2 to Supplemental Index of Evidence; Castillo Supplemental Decl. ¶¶ 2 -3.* |
| 14. Fact discovery is now closed.<br><br>*Supporting Evidence: RJN Ex. G, Jan. 15, 2026 Order.* | Undisputed only that Defendants cite later docket or status materials in support of a post-fact-discovery posture. Disputed to the extent Defendants use that posture to convert a discovery-access problem of their own making into an evidentiary defect. | Disputed – Not relevant. Plaintiffs are making legal arguments regarding implications. |

**8**

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| Defendants' Undisputed Material | Plaintiffs' Response and Supporting Evidence | Defendants' Reply |
|---|---|---|
| 15. There is no admissible evidence that Plaintiffs were denied a benefit.<br><br>*Supporting Evidence: Castillo Decl. ¶ 10.* | Disputed. The written denials are themselves direct evidence that Plaintiffs were denied the benefit of the requested accommodations. SHRA's July 8, 2022 letter states the request is hereby denied. (Ex. 4.) SHRA's November 16, 2022 letter again states the request is hereby denied. (Ex. 10.) SHRA's April 3, 2023 letter denies additional accommodation items, including the expanded housing request and email communication. (Ex. 16.) Those denials are the discriminatory acts. The later hearing failures, withheld recording, and post-March obstruction aggravate and confirm the injury, but they are not the point at which discrimination first arose. | Disputed – Plaintiffs are making legal arguments about the denials. There is no admissible evidence that the denials were discriminatory. |
| 16. While the September 12, 2022 hearing regarding the denial of Plaintiffs' reasonable accommodation request was taking place, the hearing officer had a medical emergency and the hearing had to be ended. The medical emergency rendered the hearing officer unable to return to work. MaryLiz Paulson, the Director of the Housing Choice Voucher program at SHRA, then commenced the | Disputed. Defendants' medical emergency or continued-hearing narrative is not reliably supported. Plaintiffs' contemporaneous September 16 memorialization states only that Cruz informed them the matter could not be decided, with no medical-emergency explanation. (Ex. 7.) SHRA's April 20 hearing brief later said only that the September hearing officer was unable to complete the process | Disputed – Speculative. Plaintiffs submit no evidence to dispute this material fact. Plaintiffs' assumptions and speculations about the hearing officer and hearing decision are not admissible evidence. Ex. 7 is more prejudicial than probative as it is |

DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS

281563787v.1

| Defendants' Undisputed Material | Plaintiffs' Response and Supporting Evidence | Defendants' Reply |
|---|---|---|
| procurement process to hire a new hearing officer. The procurement process is lengthy, needs to follow governmental regulations and can often take months to locate a suitable contractor. The hearing continued in April 2023 when SHRA had a new hearing officer under contract.<br><br>*Supporting Evidence: Paulson Decl. ¶¶ 1, 3-5.* | and that the matter was postponed, not that there was a medical emergency or inability to return to work. Defendants' own brief then adds that Paulson eventually learned the officer could not return to work. By May 2, 2023, Paulson herself was still asking where the hearing decision could be found. (Ex. 22.) Defendants also disclosed the September 12 recording and have withheld it. (Ex. 33.) | an email which simply states that Plaintiffs are attaching their response upon learning that hearing officer Lew was unable to render a decision. The referenced attachments are not provided. Ex. 7 is more prejudicial than probative, confuses the issues (FRE 403) and should be excluded. |
| 17. There is no admissible evidence of Defendants' violation of the Fair Housing Act, 42 U.S.C. §§ 3602, 3604.<br><br>*Supporting Evidence: Castillo Decl. ¶ 11.* | SHRA issued repeated written refusals on July 8, 2022, November 16, 2022, and April 3, 2023. (Exs. 4, 10, 16.) The hearing failures, withheld recording, and post-March obstruction are additional evidence, not the point at which discrimination first arose. | Disputed – Not Relevant. Plaintiffs' evidence (Exs. 4, 10, and 16) does not show Defendants violated the Fair Housing Act, 42 U.S.C. §§ 3602, 3604 or that Defendants discriminated as alleged. Plaintiffs submit/identify no evidence to dispute this material fact. Exs. 4, 10 and 16 are more prejudicial than probative, confuse the issues (FRE |

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| Defendants' Undisputed Material | Plaintiffs' Response and Supporting Evidence | Defendants' Reply |
|---|---|---|
|  |  | 403) and should be excluded. |

**ISSUE 2: Plaintiffs' Cause of Action for violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132.**

| Defendants' Undisputed Material | Plaintiffs' Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| 18. On November 15, 2022, Plaintiffs filed their Third Amended Complaint (TAC). The TAC asserts causes of action for violations of the Americans with Disabilities Act, the Fair Housing Act, the Rehabilitation Act and the 14th Amendment's Equal Protection and Due Process Clauses. The TAC prays for general damages and statutory penalties in excess of $7.75 million, punitive damages, declarative and injunctive relief. The TAC alleges sometime prior to May 18, 2022, Plaintiffs requested from Defendants an extra bedroom as a reasonable accommodation. Plaintiffs allege a supervisor of | Undisputed in part; disputed in part. Undisputed that the TAC contains the allegations Defendants summarize. Disputed to the extent Fact 1 is presented as a complete or accurate statement of the material facts because it omits the failure to issue a decision after the September 12, 2022 hearing, the distinct September 29, 2022 request, the November 16, 2022 denial addressing both David and AIMS, the March 21, 2023 objection to the March 20 letter, the April 3, 2023 additional denials, and SHRA's continued obstruction of actual voucher use after March 20, 2023. | Disputed that the TAC, filed on November 15, 2022, contains allegations of events post-filing, dated November 16, 2022, March 21, 2023 and April 3, 2023;  Disputed – Not Relevant, Speculative.  Plaintiffs are making legal arguments regarding implications.<br><br>*Supporting Evidence:*<br><br>*RJN Ex. A, Third Amended Complaint, Dkt. 11.* |

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| Defendants' Undisputed Material | Plaintiffs' Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| Defendants denied the request and thus denied Plaintiffs equal opportunity to use their housing voucher. The TAC further alleges that on May 19, 2022, Plaintiffs submitted a written, reasonable accommodation request which was denied on or about July 15, 2022. The TAC alleges that between the time of the request and the denial, Defendants failed to engage in an interactive process. The TAC alleges Plaintiffs made several written and verbal requests to have a hearing on the denial of their request for an additional bedroom. A Zoom hearing was held on September 12, 2022. Plaintiffs allege they were restricted by lack of proper notice from Defendants and hearing rules regarding evidence. *Supporting Evidence: RJN Ex. A, Third Amended Complaint, Dkt. 11* | | |
| 19. On March 20, 2023, Plaintiffs' request for an additional bedroom was granted. Plaintiffs' new request for housekeeping services was denied as it | Undisputed in part; disputed in part. Undisputed that on March 20, 2023 SHRA issued a letter stating that one additional | Disputed – Not Relevant, Speculative. Plaintiffs are making legal arguments regarding implications. |

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| Defendants' Undisputed Material | Plaintiffs' Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| required a fundamental change in the program and presented an undue hardship. A letter was sent to Plaintiffs informing them they would be issued a three bedroom voucher.<br><br>*Supporting Evidence: Ex. A to Index of Evidence; Castillo Decl. ¶ 4.* | bedroom would be approved and housekeeping would be denied, and that Plaintiffs would be issued a three-bedroom voucher. (Ex. 13.) Disputed to the extent Defendants imply this cured prior denials or resolved the accommodation dispute. Plaintiffs immediately responded that the three-bedroom offer did not satisfy the requested accommodation need and that multiple denials still required hearing. (Ex. 14.) SHRA then issued additional denials on April 3, 2023. (Ex. 16.) | |
| 20. On or about December 4, 2023, Defendants filed their Answer to the TAC. They denied each allegation of the TAC.<br><br>*Supporting Evidence: RJN Ex. B, Dkt. 49.* | Undisputed as a procedural fact only. | |
| 21. On August 14, 2024, this Court terminated AIMS and DAYS as Plaintiffs in this matter. *Supporting Evidence: RJN Ex. C, Aug. 14, 2024 Order, Dkt. 64.* | Undisputed as a procedural fact only. | |
| 22. On November 4, 2024, Defendants served Plaintiffs with | Undisputed as a procedural fact only. | |

**13**

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| Defendants' Undisputed Material | Plaintiffs' Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| Requests for Admission, Set One.<br><br>*Supporting Evidence: Castillo Decl. ¶ 5; Exs. 8-1, 8-2.* | | |
| 23. On or about March 6, 2025, Defendants filed their Motion for Summary Judgment based on Plaintiffs' failure to respond to Request for Admissions.<br><br>*Supporting Evidence: RJN Ex. D, Dkt. 83.* | Undisputed as a procedural fact only. | |
| 24. On or about April 9, 2025, Plaintiffs filed a Motion to Withdraw Deemed Admissions.<br><br>*Supporting Evidence: RJN Ex. E, Dkt. 88.* | Undisputed as a procedural fact only. | |
| 25. On or about May 15, 2025, this Court issued its Minute Order. The Court granted Plaintiffs' Motion to Withdraw admissions and deemed admitted Plaintiffs' filed responses. The Court denied Defendants' motion for summary judgment without prejudice, as it relied heavily on Plaintiffs' non-responses to the request for admissions, nonresponses which were then deemed withdrawn. | Undisputed as a procedural fact only, including that the Court later permitted withdrawal of deemed admissions and denied Defendants' earlier summary judgment motion without prejudice because it relied heavily on the prior nonresponses. | |

**14**

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| Defendants' Undisputed Material | Plaintiffs' Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| *Supporting Evidence: RJN Ex. F, May 15, 2025 Minute Order.* | | |
| 26. Plaintiffs' deemed-admitted Requests for Admissions were all denials, including that Plaintiffs' requested relief for an injunction approving the housing adjustment reasonable accommodation was moot and that Plaintiffs' requested relief for civil penalties and punitive damages was moot, among others.<br><br>*Supporting Evidence: RJN Ex. E, Ex. A.* | Undisputed in part; disputed in part. Undisputed that the earlier deemed-admitted RFAs were denials. Disputed to the extent Defendants imply the deemed-admitted posture remained operative after withdrawal. | Disputed – Speculative. Plaintiffs are making legal arguments regarding implications. Plaintiffs submit/identify no evidence to dispute this material fact. |
| 27. On or about May 27, 2025, Defendants produced documents responsive to Plaintiffs' document request.<br><br>*Supporting Evidence: Ex. C to Index of Evidence; Castillo Decl. ¶ 6.* | Undisputed in part; disputed in part. Undisputed that Defendants produced the listed letters and notices. Disputed to the extent Fact 10 omits that those very documents show multiple distinct denials, continuing hearing confusion, and an April 3 denial of email communication on head-of household grounds. | Disputed – Plaintiffs are making legal arguments regarding document contents. Also, not relevant. Plaintiffs submit/identify no evidence to dispute this material fact. |
| 28. On or about September 30, 2025, Plaintiffs produced numerous | Disputed. Defendants' characterization that Plaintiffs' April 28, 2023 email fails to address | Disputed – Plaintiffs' Exhibit 24-16, a May 29, 2023, email from Ibra at SHRA to MaryLiz Paulson at SHRA, |

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| Defendants' Undisputed Material | Plaintiffs' Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| documents, including several emails between Plaintiff Samuel and Sacramento Self Help employees and Defendants regarding call-back requests; Plaintiff Samuel's 4/28/2023 email to Defendants regarding SHRA's denial of a rental application due to rent exceeding approval payment standards fails to address the complex calculations of approved rent SHRA must undertake.<br><br>*Supporting Evidence: Ex. D to Index of Evidence; Castillo Decl. ¶ 7.* | the complex calculations of approved rent SHRA must undertake is argument, not an undisputed fact. The Papago record reflects wrong voucher size, address uncertainty, duplex/apartment concern, reruns, and later price increase. (Ex. 24.) | shows that there appears to be confusion on Plaintiffs' part about how the payment standard is used and the calculation done to determine affordability. This is not evidence of any discrimination by SHRA.<br>Ex. 24 is more prejudicial than probative, confuses the issues  (FRE 403) and should be excluded.<br><br>*Supporting Evidence: Ex. 24-16 to Plaintiffs' Evidence.* |
| 29. On or about September 29, 2025, Plaintiffs produced supplemental documents including numerous HUD guidelines unrelated to the subject case issues, HUD Fair Housing and Non-Discrimination Requirements, and a HUD/DOJ Joint Statement on the grounds for denials of reasonable accommodation requests.<br><br>*Supporting Evidence: Ex. E to Index of* | Undisputed in part; disputed in part. Undisputed that Plaintiffs produced HUD and fair-housing materials, including the HUD/DOJ Joint Statement. Disputed to the extent Defendants imply those materials are irrelevant or unrelated because they bear directly on accommodation denials and effective communication. | Disputed – Not relevant; Speculative. Plaintiffs are making legal arguments regarding implications. Plaintiffs submit/identify no evidence to dispute this material fact. |

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| Defendants' Undisputed Material | Plaintiffs' Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| *Evidence; Castillo Decl. ¶ 8.* | | |
| 30. No depositions were taken in this matter.<br><br>*Supporting Evidence: Castillo Decl. ¶ 9.* | Undisputed in part; disputed in part. Undisputed that no depositions were completed. Disputed to the extent Defendants imply witness access was freely available or that the absence of depositions was a neutral choice. Defendants were still withholding substantive discovery and key witness access while offering some witnesses only on compressed notice and later surfaced Lew only after discovery closed. (Exs. 30-32.) | Disputed – Not Relevant. Plaintiffs are making legal arguments regarding implications. On or about May 30, 2025, SHRA's counsel, Monica Castillo, emailed Plaintiffs to confirm their request for a CART-certified reporter for Plaintiffs' depositions on June 9 and 10, 2025. On or about June 3, 2025, Ms. Castillo emailed Plaintiffs to confirm June 16, 2025, as the date for the deposition of MaryLiz Paulson, identified to testify to several categories requested by Plaintiffs. As to other requested categories, also on June 3, 2025, SHRA identified Ilya Prozorov and provided June 17, 2025 for his deposition, and June 11, 2025 for Melanie Olson.<br>Exs. 30-32 are emails of discovery meet and confer among the parties, are more prejudicial than probative, confuse the issues (FRE 403) and should be excluded.<br><br>*Supporting Evidence: Ex. F, G-1, G-2 to Supplemental Index of* |

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| Defendants' Undisputed Material | Plaintiffs' Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | | *Evidence; Castillo Reply Decl. ¶¶ 2 -3.* |
| 31. Fact discovery is now closed.<br><br>*Supporting Evidence: RJN Ex. G, Jan. 15, 2026 Order.* | Undisputed only that Defendants cite later docket or status materials in support of a post-fact-discovery posture. Disputed to the extent Defendants use that posture to convert a discovery-access problem of their own making into an evidentiary defect. | Disputed – Not relevant. Plaintiffs are making legal arguments regarding implications. |
| 32. There is no admissible evidence that Plaintiffs were denied a benefit.<br><br>*Supporting Evidence: Castillo Decl. ¶ 10.* | Disputed. The written denials are themselves direct evidence that Plaintiffs were denied the benefit of the requested accommodations. SHRA's July 8, 2022 letter states the request is hereby denied. (Ex. 4.) SHRA's November 16, 2022 letter again states the request is hereby denied. (Ex. 10.) SHRA's April 3, 2023 letter denies additional accommodation items, including the expanded housing request and email communication. (Ex. 16.) Those denials are the discriminatory acts. The later hearing failures, withheld recording, and post-March obstruction aggravate and confirm the injury, but they are not the point at which | Disputed – Plaintiffs are making legal arguments about the denials. The purported evidence does not show that the denials were discriminatory. Plaintiffs submit/identify no evidence to dispute this material fact. |

**18**

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| Defendants' Undisputed Material | Plaintiffs' Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | discrimination first arose. | |
| 33. While the September 12, 2022 hearing regarding the denial of Plaintiffs' reasonable accommodation request was taking place, the hearing officer had a medical emergency and the hearing had to be ended. The medical emergency rendered the hearing officer unable to return to work. MaryLiz Paulson, the Director of the Housing Choice Voucher program at SHRA, then commenced the procurement process to hire a new hearing officer. The procurement process is lengthy, needs to follow governmental regulations, and can often take months to locate a suitable contractor. The hearing continued in April 2023 when SHRA had a new hearing officer under contract.<br><br>*Supporting Evidence: Paulson Decl. ¶¶ 1, 3-5.* | Disputed. Defendants' medical emergency or continued-hearing narrative is not reliably supported. Plaintiffs' contemporaneous September 16 memorialization states only that Cruz informed them the matter could not be decided, with no medical-emergency explanation. (Ex. 7.) SHRA's April 20 hearing brief later said only that the September hearing officer was unable to complete the process and that the matter was postponed, not that there was a medical emergency or inability to return to work. Defendants' own brief then adds that Paulson eventually learned the officer could not return to work. By May 2, 2023, Paulson herself was still asking where the hearing decision could be found. (Ex. 22.) Defendants also disclosed the September 12 recording and have withheld it. (Ex. 33.) | Disputed – Speculative. Plaintiffs submit no evidence to dispute this material fact. Plaintiffs' assumptions and speculations about the hearing officer and hearing decision are not admissible evidence. Ex. 7 is more prejudicial than probative as it is an email which simply states that Plaintiffs are attaching their response upon learning that hearing officer Lew was unable to render a decision. The referenced attachments are not provided. Ex. 7 is more prejudicial than probative, confuses the issues (FRE 403) and should be excluded. |
| 34. There is no admissible evidence of Defendants' violation of | Disputed. SHRA's own records show repeated accommodation denials, denial of direct email | Disputed – Not Relevant. Plaintiffs' evidence (Exs. 4, 10, and 16) does not show |

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| Defendants' Undisputed Material | Plaintiffs' Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| the Americans with Disabilities Act.<br><br>*Supporting Evidence: Castillo Decl. ¶ 11.* | communication on head-ofhousehold grounds, failure to conduct the required individualized inquiry after notice, failure to provide the case file before the April 20, 2023 hearing, and withholding of the September 12, 2022 recording after disclosing its existence. (Exs. 4, 10, 16, 21, 22, 33.) Those records are admissible evidence of ADA-related violations and cannot be converted into no evidence by labeling them insufficient. | Defendants violated the Fair Housing Act, 42 U.S.C. §§ 3602, 3604 or that Defendants discriminated as alleged.<br>Plaintiffs submit/identify no evidence to dispute this material fact.<br>Exs. 4, 10 and 16 are more prejudicial than probative, confuse the issues  (FRE 403) and should be excluded. |

**ISSUE 3: Plaintiffs' Cause of Action for violations of the Rehabilitation Act, 29 U.S.C. §§ 701, 794, 504.**

| Defendants' Undisputed Material | Plaintiffs' Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| 35. On November 15, 2022, Plaintiffs filed their Third Amended Complaint (TAC). The TAC asserts causes of action for violations of the Americans with Disabilities Act, the Fair Housing Act, the Rehabilitation Act and the 14th Amendment's Equal Protection and Due Process Clauses. The TAC prays for general damages and statutory penalties in | Undisputed in part; disputed in part.<br>Undisputed that the TAC contains the allegations Defendants summarize.<br>Disputed to the extent Fact 1 is presented as a complete or accurate statement of the material facts because it omits the failure to issue a decision after the September 12, 2022 hearing, the distinct | Disputed that the <u>TAC, filed on November 15, 2022, contains allegations</u> of events post-filing, dated November 16, 2022, March 21, 2023 and April 3, 2023;  Disputed – Not Relevant, Speculative. Plaintiffs are making legal |

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| | | |
|---|---|---|
| excess of $7.75 million, punitive damages, declarative and injunctive relief. The TAC alleges sometime prior to May 18, 2022, Plaintiffs requested from Defendants an extra bedroom as a reasonable accommodation. Plaintiffs allege a supervisor of Defendants denied the request and thus denied Plaintiffs equal opportunity to use their housing voucher. The TAC further alleges that on May 19, 2022, Plaintiffs submitted a written, reasonable accommodation request which was denied on or about July 15, 2022. The TAC alleges that between the time of the request and the denial, Defendants failed to engage in an interactive process. The TAC alleges Plaintiff made several written and verbal requests to have a hearing on the denial of their request for an additional bedroom. A Zoom hearing was held on September 12, 2022. Plaintiffs allege they were restricted by lack of proper notice from Defendants and hearing rules regarding evidence. *Supporting Evidence: RJN Ex. A, Third Amended Complaint, Dkt. 11.* | September 29, 2022 request, the November 16, 2022 denial addressing both David and AIMS, the March 21, 2023 objection to the March 20 letter, the April 3, 2023 additional denials, and SHRA's continued obstruction of actual voucher use after March 20, 2023. | arguments regarding implications. *Supporting Evidence: RJN Ex. A, Third Amended Complaint, Dkt. 11.* |
| 36. On March 20, 2023, Plaintiffs' request for an additional bedroom was granted. Plaintiffs' new request for housekeeping | Undisputed in part; disputed in part. Undisputed that on March 20, 2023 SHRA issued a letter stating that one | Disputed – Not Relevant, Speculative. Plaintiffs are making legal |

**21**

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

| | | |
|---|---|---|
| services was denied as it required a fundamental change in the program and presented an undue hardship. A letter was sent to Plaintiffs informing them they would be issued a three bedroom voucher.<br><br>*Supporting Evidence: Ex. A to Index of Evidence; Castillo Decl. ¶ 4.* | additional bedroom would be approved and housekeeping would be denied, and that Plaintiffs would be issued a three-bedroom voucher. (Ex. 13.) Disputed to the extent Defendants imply this cured prior denials or resolved the accommodation dispute. Plaintiffs immediately responded that the three-bedroom offer did not satisfy the requested accommodation need and that multiple denials still required hearing. (Ex. 14.) SHRA then issued additional denials on April 3, 2023. (Ex. 16.) | arguments regarding implications. |
| 37. On or about December 4, 2023, Defendants filed their Answer to the TAC. They denied each allegation of the TAC.<br><br>*Supporting Evidence: RJN Ex. 8, Dkt. 49.* | Undisputed as a procedural fact only. | |
| 38. On August 14, 2024, this Court terminated AIMS and DAYS as Plaintiffs in this matter.<br><br>*Supporting Evidence: RJN Ex. C, Aug. 14, 2024 Order, Dkt. 64.* | Undisputed as a procedural fact only. | |
| 39. On November 4, 2024, Defendants served Plaintiffs with Requests for Admission, Set One. | Undisputed as a procedural fact only. | |

**22**

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| | | |
|---|---|---|
| *Supporting Evidence: Castillo Decl. ¶ 5; Exs. 8-1, 8-2.* | | |
| 40. On or about March 6, 2025, Defendants filed their Motion for Summary Judgment based on Plaintiffs' failure to respond to Request for Admissions.<br><br>*Supporting Evidence: RJN Ex. D, Dkt. 83.* | Undisputed as a procedural fact only. | |
| 41. On or about April 9, 2025, Plaintiffs filed a Motion to Withdraw Deemed Admissions.<br><br>*Supporting Evidence: RJN Ex. E, Dkt. 88.* | Undisputed as a procedural fact only. | |
| 42. On or about May 15, 2025, this Court issued its Minute Order. The Court granted Plaintiffs' Motion to Withdraw admissions and deemed admitted Plaintiffs' filed responses. The Court denied Defendants' motion for summary judgment without prejudice, as it relied heavily on Plaintiffs' non-responses to the request for admissions, nonresponses which were then deemed withdrawn.<br><br>*Supporting Evidence: RJN Ex. F, May 15, 2025 Minute Order.* | Undisputed as a procedural fact only, including that the Court later permitted withdrawal of deemed admissions and denied Defendants' earlier summary judgment motion without prejudice because it relied heavily on the prior nonresponses. | |
| 43. Plaintiffs' deemed-admitted Requests for Admissions were all | Undisputed in part; disputed in part. Undisputed that the earlier deemed-admitted | Disputed – Speculative. Plaintiffs are making legal |

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| | | |
|---|---|---|
| denials, including that Plaintiffs' requested relief for an injunction approving the housing adjustment reasonable accommodation was moot and that Plaintiffs' requested relief for civil penalties and punitive damages was moot, among others.<br><br>*Supporting Evidence: RJN Ex. E, Ex. A.* | RFAs were denials. Disputed to the extent Defendants imply the deemed-admitted posture remained operative after withdrawal. | arguments regarding implications. Plaintiffs submit/identify no evidence to dispute this material fact. |
| 44. On or about May 27, 2025, Defendants produced documents responsive to Plaintiffs' document request.<br><br>*Supporting Evidence: Ex. C to Index of Evidence; Castillo Decl. ¶ 6.* | Undisputed in part; disputed in part. Undisputed that Defendants produced the listed letters and notices. Disputed to the extent Fact 10 omits that those very documents show multiple distinct denials, continuing hearing confusion, and an April 3 denial of email communication on head-of-household grounds. | Disputed – Plaintiffs are making legal arguments regarding document contents. Also, not relevant. Plaintiffs submit/identify no evidence to dispute this material fact. |
| 45. On or about September 30, 2025, Plaintiffs produced numerous documents, including several emails between Plaintiff Samuel and Sacramento Self Help employees and Defendants regarding call-back requests; Plaintiff Samuel's 4/28/2023 email to Defendants regarding SHRA's denial of a rental application due to rent exceeding approval payment standards. | Undisputed in part; disputed in part. Undisputed that Plaintiffs produced the identified materials. Disputed to the extent Fact 45 omits that those materials support Plaintiffs' position concerning call-back failures and the Papago-related denial. The Papago record reflects wrong voucher size, address uncertainty, duplex/apartment concern, reruns, and later price increase. (Ex. 24.) | Disputed – Plaintiffs' Exhibit 24-16, a May 29, 2023, email from Ibra at SHRA to MaryLiz Paulson at SHRA, shows that there appears to be confusion on Plaintiffs' part about how the payment standard is used and the calculation done to determine affordability. This is not evidence of any discrimination by SHRA. |

**24**

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| | | |
|---|---|---|
| *Supporting Evidence: Ex. D to Index of Evidence; Castillo Decl. ¶ 7.* | | Ex. 24 is more prejudicial than probative, confuses the issues (FRE 403) and should be excluded.<br><br>*Supporting Evidence: Ex. 24-16 to Plaintiffs' Evidence.* |
| 46. On or about September 29, 2025, Plaintiffs produced supplemental documents, including numerous HUD guidelines unrelated to the subject case issues, HUD Fair Housing and Non-Discrimination Requirements, and a HUD/DOJ Joint Statement on the grounds for denials of reasonable accommodation requests fails to address the complex calculations of approved rent SHRA must undertake.<br><br>*Supporting Evidence: Ex. E to Index of Evidence; Castillo Decl. ¶ 8.* | Undisputed in part; disputed in part. Undisputed that Plaintiffs produced HUD and fair-housing materials, including the HUD/DOJ Joint Statement. Disputed to the extent Defendants imply those materials are irrelevant or unrelated or that they fail to address the issues in this case, because they bear directly on accommodation denials and effective communication. | Disputed – Not relevant; Speculative. Plaintiffs are making legal arguments regarding implications. Plaintiffs submit/identify no evidence to dispute this material fact. |
| 47. No depositions were taken in this matter.<br><br>*Supporting Evidence: Castillo Decl. ¶9.* | Undisputed in part; disputed in part. Undisputed that no depositions were completed. Disputed to the extent Defendants imply witness access was freely available or that the absence of depositions was a neutral choice. Defendants were still withholding substantive | Disputed – Not Relevant. Plaintiffs are making legal arguments regarding implications. On or about May 30, 2025, SHRA's counsel, Monica Castillo, emailed Plaintiffs to confirm their |

DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS

281563787v.1

| | | |
|---|---|---|
| | discovery and key witness access while offering some witnesses only on compressed notice and later surfaced Lew only after discovery closed. (Exs. 30-32.) | request for a CART-certified reporter for Plaintiffs' depositions on June 9 and 10, 2025. On or about June 3, 2025, Ms. Castillo emailed Plaintiffs to confirm June 16, 2025, as the date for the deposition of MaryLiz Paulson, identified to testify to several categories requested by Plaintiffs. As to other requested categories, also on June 3, 2025, SHRA identified Ilya Prozorov and provided June 17, 2025 for his deposition, and June 11, 2025 for Melanie Olson. Exs. 30-32 are emails of discovery meet and confer among the parties, are more prejudicial than probative, confuse the issues (FRE 403) and should be excluded.<br><br>*Supporting Evidence: Ex. F, G-1, G-2 to Supplemental Index of Evidence; Castillo Reply Decl. ¶¶ 2 -3.* |

**26**

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| | | |
|---|---|---|
| 48. Fact discovery is now closed.<br><br>*Supporting Evidence: RJN Ex. G, Jan. 15, 2026 Order.* | Undisputed only that Defendants cite later docket or status materials in support of a post-fact-discovery posture. Disputed to the extent Defendants use that posture to convert a discovery-access problem of their own making into an evidentiary defect. | Disputed – Not relevant. Plaintiffs are making legal arguments regarding implications. |
| 49. There is no admissible evidence that Plaintiffs were denied a benefit.<br><br>*Supporting Evidence: Castillo Decl. ¶ 10.* | Disputed. The written denials are themselves direct evidence that Plaintiffs were denied the benefit of the requested accommodations. SHRA's July 8, 2022 letter states the request is hereby denied. (Ex. 4.) SHRA's November 16, 2022 letter again states the request is hereby denied. (Ex. 10.) SHRA's April 3, 2023, letter denies additional accommodation items, including the expanded housing request and email communication. (Ex. 16.) Those denials are the discriminatory acts. The later hearing failures, withheld recording, and post-March obstruction aggravate and confirm the injury, but they are not the point at which discrimination first arose. | Disputed – Plaintiffs are making legal arguments about the denials. There is no admissible evidence that the denials were discriminatory. |
| 50. While the September 12, 2022 hearing regarding the denial of Plaintiffs' reasonable accommodation request was taking place, the | Disputed. Defendants' medical emergency or continued-hearing narrative is not reliably supported. Plaintiffs' contemporaneous | Disputed – Speculative. Plaintiffs submit no evidence to dispute this material fact. |

**27**

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| | | |
|---|---|---|
| hearing officer had a medical emergency and the hearing had to be ended. The medical emergency rendered the hearing officer unable to return to work. MaryLiz Paulson, the Director of the Housing Choice Voucher program at SHRA, then commenced the procurement process to hire a new hearing officer. The procurement process is lengthy, needs to follow governmental regulations, and can often take months to locate a suitable contractor. The hearing continued in April 2023 when SHRA had a new hearing officer under contract.<br><br>*Supporting Evidence: Paulson Decl. ¶¶ 1, 3-5.* | September 16 memorialization states only that Cruz informed them the matter could not be decided, with no medical-emergency explanation. (Ex. 7.) SHRA's April 20 hearing brief later said only that the September hearing officer was unable to complete the process and that the matter was postponed, not that there was a medical emergency or inability to return to work. Defendants' own brief then adds that Paulson eventually learned the officer could not return to work. By May 2, 2023, Paulson herself was still asking where the hearing decision could be found. (Ex. 22.) Defendants also disclosed the September 12 recording and have withheld it. (Ex. 33.) | Plaintiffs' assumptions and speculations about the hearing officer and hearing decision are not admissible evidence. Ex. 7 is more prejudicial than probative as it is an email which simply states that Plaintiffs are attaching their response upon learning that hearing officer Lew was unable to render a decision. The referenced attachments are not provided. Ex. 7 is more prejudicial than probative, confuses the issues (FRE 403) and should be excluded. |
| 51. There is no admissible evidence of Defendants' violation of the Rehabilitation Act, SHRA could not deny Rehabilitation Act, 29 U.S.C. §§ 701, 794, 504.<br><br>*Supporting Evidence: Castillo Decl. ¶ 11.* | Disputed. Under Section 504 and the Rehabilitation Act, SHRA could not deny necessary accommodations and effective communication after notice and then claim there is no evidence of violation. SHRA's own records show repeated written refusals on July 8, 2022, November 16, 2022, and April 3, 2023, denial of email communication on head-of-household grounds, and hearing failures. (Exs. 4, 10, 16, 21, 22, 33.) The | Disputed – Not Relevant. Plaintiffs' evidence (Exs. 4, 10, and 16) does not show Defendants violated the Fair Housing Act, 42 U.S.C. §§ 3602, 3604 or that Defendants discriminated as alleged. Plaintiffs submit/identify no evidence to dispute this material fact. |

**28**

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| | | |
|---|---|---|
| | hearing failures, withheld recording, and post-March obstruction are additional evidence, not the point at which discrimination first arose. Disputed. Under Section 504 and the Rehabilitation Act, SHRA could not deny necessary accommodations and effective communication after notice and then claim there is no evidence of violation. SHRA's own records show repeated written refusals on July 8, 2022, November 16, 2022, and April 3, 2023, denial of email communication on head-of-household grounds, and hearing failures. (Exs. 4, 10, 16, 21, 22, 33.) The hearing failures, withheld recording, and post- March obstruction are additional evidence, not the point at which discrimination first arose. | Exs. 4, 10 and 16 are more prejudicial than probative, confuse the issues (FRE 403) and should be excluded. |

**ISSUE 4: Plaintiffs' Cause of Action for violations of equal protection under 42 U.S.C. §1983.**

| Defendants' Undisputed Material | Plaintiffs' Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| 52. On November 15, 2022, Plaintiffs filed their Third Amended Complaint (TAC). The TAC asserts causes of action for violations of the Americans with Disabilities Act, the Fair Housing Act, the Rehabilitation Act and the | Undisputed in part; disputed in part. Undisputed that the TAC contains the allegations Defendants summarize. Disputed to the extent Fact 1 is presented as a complete or accurate statement of the | Disputed that the TAC, filed on November 15, 2022, contains allegations of events post-filing, dated November 16, 2022, March 21, 2023 and April |

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| | | |
|---|---|---|
| 14th Amendment's Equal Protection and Due Process Clauses. The TAC prays for general damages and statutory penalties in excess of $7.75 million, punitive damages, declarative and injunctive relief. The TAC alleges sometime prior to May 18, 2022, Plaintiffs requested from Defendants an extra bedroom as a reasonable accommodation. Plaintiffs allege a supervisor of Defendants denied the request and thus denied Plaintiffs equal opportunity to use their housing voucher. The TAC further alleges that on May 19, 2022, Plaintiffs submitted a written, reasonable accommodation request which was denied on or about July 15, 2022. The TAC alleges that between the time of the request and the denial, Defendants failed to engage in an interactive process. The TAC alleges Plaintiffs made several written and verbal requests to have a hearing on the denial of their request for an additional bedroom. A Zoom hearing was held on September 12, 2022. Plaintiffs allege they were restricted by lack of proper notice from Defendants and hearing rules regarding evidence. | material facts because it omits the failure to issue a decision after the September 12, 2022 hearing, the distinct September 29, 2022 request, the November 16, 2022 denial addressing both David and AIMS, the March 21, 2023 objection to the March 20 letter, the April 3, 2023 additional denials, and SHRA's continued obstruction of actual voucher use after March 20, 2023. | 3, 2023; Disputed – Not Relevant, Speculative. Plaintiffs are making legal arguments regarding implications.  *Supporting Evidence: RJN Ex. A, Third Amended Complaint, Dkt. 11.* |

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| | | |
|---|---|---|
| *Supporting Evidence: RJN Ex. A, Third Amended Complaint, Dkt. 11.* | | |
| 53. On March 20, 2023, Plaintiffs' request for an additional bedroom was granted. Plaintiffs' new request for housekeeping services was denied as it required a fundamental change to the program and presented an undue hardship. A letter was sent to Plaintiffs informing them that they would be issued a three-bedroom voucher .<br>*Supporting Evidence: Ex. A to Index of Evidence; Castillo Decl.* | Undisputed in part; disputed in part. Undisputed that on March 20, 2023 SHRA issued a letter stating that one additional bedroom would be approved and housekeeping would be denied, and that Plaintiffs would be issued a three-bedroom voucher. (Ex. 13.) Disputed to the extent Defendants imply this cured prior denials or resolved the accommodation dispute. Plaintiffs immediately responded that the three-bedroom offer did not satisfy the requested accommodation need and that multiple denials still required hearing. (Ex. 14.) SHRA then issued additional denials on April 3, 2023. (Ex. 16.) | Disputed – Not Relevant, Speculative. Plaintiffs are making legal arguments regarding implications. |
| 54. On or about December 4, 2023, Defendants filed their Answer to the TAC. They denied each allegation of the TAC.<br>*Supporting Evidence: RJN Ex. 8, Dkt.49.* | Undisputed as a procedural fact only. | |
| 55. On August 14, 2024, this Court terminated AIMS and DAYS as Plaintiffs in this matter. | Undisputed as a procedural fact only. | |

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| | | |
|---|---|---|
| *Supporting Evidence: RJN Ex. C, Aug. 14, 2024 Order, Dkt. 64.* | | |
| 56. On November 4, 2024, Defendants served Plaintiffs with Requests for Admission, Set One.<br><br>*Supporting Evidence: Castillo Decl. ¶5; Exs. 8-1, 8-2.* | Undisputed as a procedural fact only. | |
| 57. On or about March 6, 2025, Defendants filed their Motion for Summary Judgment based on Plaintiffs' failure to respond to Request for Admissions.<br><br>*Supporting Evidence: RJN Ex. D, Dkt. 83.* | | |
| 58. On or about April 9, 2025, Plaintiffs filed a Motion to Withdraw Deemed Admissions.<br><br>*Supporting Evidence: RJN Ex. E, Dkt. 88.* | Undisputed as a procedural fact only. | |
| 59. On or about May 15, 2025, this Court issued its Minute Order. The Court granted Plaintiffs' Motion to Withdraw admissions and deemed admitted Plaintiffs' filed responses. The Court denied Defendants' motion for summary judgment without prejudice, as it relied heavily on Plaintiffs' non-responses to the request for admissions, nonresponses which were then deemed withdrawn. | Undisputed as a procedural fact only, including that the Court later permitted withdrawal of deemed admissions and denied Defendants' earlier summary judgment motion without prejudice because it relied heavily on the prior nonresponses. | |

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| | | |
|---|---|---|
| *Supporting Evidence: RJN Ex. F, May 15, 2025 Minute Order.* | | |
| 60. Plaintiffs' deemed-admitted Requests for Admissions were all denials, including that Plaintiffs' requested relief for an injunction approving the housing adjustment reasonable accommodation was moot and that Plaintiffs' requested relief for civil penalties and punitive damages was moot, among others.<br><br>*Supporting Evidence: RJN Ex. E, Ex. A.* | Undisputed in part; disputed in part. Undisputed that the earlier deemed-admitted RFAs were denials. Disputed to the extent Defendants imply the deemed-admitted posture remained operative after withdrawal. | Disputed – Speculative. Plaintiffs are making legal arguments regarding implications. Plaintiffs submit/identify no evidence to dispute this material fact. |
| 61. On or about May 27, 2025, Defendants produced documents responsive to Plaintiffs' document request.<br><br>*Supporting Evidence: Ex. C to Index of Evidence; Castillo Decl. ¶ 6.* | Undisputed in part; disputed in part. Undisputed that Defendants produced the listed letters and notices. Disputed to the extent Fact 10 omits that those very documents show multiple distinct denials, continuing hearing confusion, and an April 3 denial of email communication on head-of household grounds. | Disputed – Plaintiffs are making legal arguments regarding document contents. Also, not relevant. Plaintiffs submit/identify no evidence to dispute this material fact. |
| 62. On or about September 30, 2025, Plaintiffs produced numerous documents, including several emails between Plaintiff Samuel and Sacramento Self Help employees and Defendants regarding call-back | Disputed. Defendants' characterization that Plaintiffs' April 28, 2023 email fails to address the complex calculations of approved rent SHRA must undertake is argument, not an undisputed fact. The Papago record reflects | Disputed – Plaintiffs' Exhibit 24-16, a May 29, 2023, email from Ibra at SHRA to MaryLiz Paulson at SHRA, shows that there appears to be confusion on |

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| | | |
|---|---|---|
| requests; Plaintiff Samuel's 4/28/2023 email to Defendants regarding SHRA's denial of a rental application due to rent exceeding approval payment standards fails to address the complex calculations of approved rent SHRA must undertake.<br><br>*Supporting Evidence: Ex. D to Index of Evidence; Castillo Decl. ¶ 7.* | wrong voucher size, address uncertainty, duplex/apartment concern, reruns, and later price increase. (Ex. 24.) | Plaintiffs' part about how the payment standard is used and the calculation done to determine affordability. This is not evidence of any discrimination by SHRA. Ex. 24 is more prejudicial than probative, confuses the issues (FRE 403) and should be excluded.<br><br>*Supporting Evidence: Ex. 24-16 to Plaintiffs' Evidence.* |
| 63. On or about September 29, 2025, Plaintiffs produced supplemental documents including numerous HUD guidelines unrelated to the subject case issues, HUD Fair Housing and Non-Discrimination Requirements, and a HUD/DOJ Joint Statement on the grounds for denials of reasonable accommodation requests.<br><br>*Supporting Evidence: Ex. E to Index of Evidence; Castillo Decl. ¶ 8.* | Undisputed in part; disputed in part. Undisputed that Plaintiffs produced HUD and fair-housing materials, including the HUD/DOJ Joint Statement. Disputed to the extent Defendants imply those materials are irrelevant or unrelated because they bear directly on accommodation denials and effective communication. | Disputed – Not relevant; Speculative. Plaintiffs are making legal arguments regarding implications. Plaintiffs submit/identify no evidence to dispute this material fact. |
| 64. No depositions were taken in this matter.<br><br>*Supporting Evidence: Castillo Decl. ¶9.* | Undisputed in part; disputed in part. Undisputed that no depositions were completed. Disputed to the extent Defendants imply | Disputed – Not Relevant. Plaintiffs are making legal arguments regarding implications. |

**34**

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

| | | |
|---|---|---|
| | witness access was freely available or that the absence of depositions was a neutral choice. Defendants were still withholding substantive discovery and key witness access while offering some witnesses only on compressed notice and later surfaced Lew only after discovery closed. (Exs. 30-32.) | On or about May 30, 2025, SHRA's counsel, Monica Castillo, emailed Plaintiffs to confirm their request for a CART-certified reporter for Plaintiffs' depositions on June 9 and 10, 2025. On or about June 3, 2025, Ms. Castillo emailed Plaintiffs to confirm June 16, 2025, as the date for the deposition of MaryLiz Paulson, identified to testify to several categories requested by Plaintiffs. As to other requested categories, also on June 3, 2025, SHRA identified Ilya Prozorov and provided June 17, 2025 for his deposition, and June 11, 2025 for Melanie Olson. Exs. 30-32 are emails of discovery meet and confer among the parties, are more prejudicial than probative, confuse the issues (FRE 403) and should be excluded. |

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| | | |
|---|---|---|
| | | *Supporting Evidence: Ex. F, G-1, G-2 to Supplemental Index of Evidence; Castillo Reply Decl. ¶¶ 2 -3.* |
| 65. Fact discovery is now closed.<br><br>*Supporting Evidence: RJN Ex. G, Jan. 15, 2026 Order.* | Undisputed only that Defendants cite later docket or status materials in support of a post-fact-discovery posture. Disputed to the extent Defendants use that posture to convert a discovery-access problem of their own making into an evidentiary defect. | Disputed – Not relevant. Plaintiffs are making legal arguments regarding implications. |
| 66. There is no admissible evidence that Plaintiffs were denied a benefit.<br>*Supporting Evidence: Castillo Decl. ¶10.* | Disputed. The written denials are themselves direct evidence that Plaintiffs were denied the benefit of the requested accommodations. SHRA's July 8, 2022 letter states the request is hereby denied. (Ex. 4.) SHRA's November 16, 2022 letter again states the request is hereby denied. (Ex. 10.) SHRA's April 3, 2023, letter denies additional accommodation items, including the expanded housing request and email communication. (Ex. 16.) Those denials are the discriminatory acts. The later hearing failures, withheld recording, and post-March obstruction aggravate and confirm the injury, but they are not the point at which discrimination first arose. | Disputed – Plaintiffs are making legal arguments about the denials. There is no admissible evidence that the denials were discriminatory. |

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| | | |
|---|---|---|
| 67. While the September 12, 2022 hearing regarding the denial of Plaintiffs' reasonable accommodation request was taking place, the hearing officer had a medical emergency and the hearing had to be ended. The medical emergency rendered the hearing officer unable to return to work. MaryLiz Paulson, the Director of the Housing Choice Voucher program at SHRA, then commenced the procurement process to hire a new hearing officer. The procurement process is lengthy, needs to follow governmental regulations, and can often take months to locate a suitable contractor. The hearing continued in April 2023 when SHRA had a new hearing officer under contract.<br><br>*Supporting Evidence: Paulson Decl. ¶¶ 1, 3-5.* | Disputed. Defendants' medical emergency or continued-hearing narrative is not reliably supported. Plaintiffs' contemporaneous September 16 memorialization states only that Cruz informed them the matter could not be decided, with no medical-emergency explanation. (Ex. 7.) SHRA's April 20 hearing brief later said only that the September hearing officer was unable to complete the process and that the matter was postponed, not that there was a medical emergency or inability to return to work. Defendants' own brief then adds that Paulson eventually learned the officer could not return to work. By May 2, 2023, Paulson herself was still asking where the hearing decision could be found. (Ex. 22.) Defendants also disclosed the September 12 recording and have withheld it. (Ex. 33.) | Disputed – Speculative. Plaintiffs submit no evidence to dispute this material fact. Plaintiffs' assumptions and speculations about the hearing officer and hearing decision are not admissible evidence. Ex. 7 is more prejudicial than probative as it is an email which simply states that Plaintiffs are attaching their response upon learning that hearing officer Lew was unable to render a decision. The referenced attachments are not provided. Ex. 7 is more prejudicial than probative, will confuse the issues (FRE 403) and should be excluded. |
| 68. There is no admissible evidence of Defendants' violation of the Rehabilitation Act, 29 U.S.C. §§ 701, 794, 504. *Supporting Evidence: Castillo Decl. ¶ 11.* | Disputed. Fact 68 appears to be a copy-paste error. The later issue block concerns Plaintiffs' constitutional claims, but Fact 68 repeats Rehabilitation Act wording already used in the statutory-accommodation sections. To the extent Defendants intend to | Disputed – Not Relevant. Plaintiffs' evidence (Exs. 4, 10, and 16) does not show Defendants violated the  Fair Housing Act, 42 U.S.C. §§ 3602, 3604 or that Defendants |

**37**

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

| | | |
|---|---|---|
| | assert there is no admissible evidence of a constitutional or § 1983 violation, that assertion is contradicted by SHRA's own records showing repeated written denials of requested accommodations, denial of email communication on head-of-household grounds, failure to provide the required hearing file before April 20, 2023, failure to issue a timely decision after September 12, 2022, and withholding of the September 12 recording after disclosing its existence. (Exs. 4, 10, 16, 21, 22, 33.) | discriminated as alleged. Plaintiffs submit/identify no evidence to dispute this material fact. Exs. 4, 10 and 16 are more prejudicial than probative, confuses the issues (FRE 403) and should be excluded. |

## PLAINTIFFS' ADDITIONAL MATERIAL FACTS

1)  On August 31, 2022, SHRA emailed Plaintiffs the Zoom information for a September 12, 2022 hearing. (Ex. 6.)

2)  On September 15, 2022, Tanya Cruz informed Plaintiffs that the September 12 hearing could not be decided by Jonathan Lew and that Lew was unable to render a decision, with no explanation provided. (Ex. 7.)

## DEFENDANTS' OBJECTIONS TO PLAINITFFS' ADDITIONAL MATERIAL FACTS

Defendants object as it is not identified by Plaintiffs to which Issue(s) these material facts are directed. This Court must not consider these additional material facts.

## PLAINTIFFS' RESPONSE TO DEFENDANTS' SEPARATE STATEMENT

3)  Plaintiffs' September 16, 2022 letter memorialized that the hearing had concluded, briefing had been requested, and Plaintiffs understood a decision would be issued by September 28, 2022. (Ex. 7.)

DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS

281563787v.1

4) Defendants later disclosed that Jonathan Lew was the September 12 hearing officer and that a video recording of that hearing existed. (Ex. 33.)

5) By May 2, 2023, MaryLiz Paulson was still asking internally where the hearing decision for this tenant could be found. (Ex. 22.)

6) Plaintiffs and Ashley Valentine were actively working in May 2022 to submit the accommodation request to SHRA, and Ashley confirmed she sent the form through the portal. (Ex. 3.)

7) Plaintiffs executed a Kaiser ROI on May 19, 2022 identifying Dr. Michel Medina and the accommodation need, and Dr. Medina later stated SHRA had not contacted him. (Exs. 1, 5.)

8) On May 31, 2022, Dr. Medina provided a physician statement that David would medically benefit from having an additional room. (Ex. 2.)

9) On September 29, 2022, Plaintiffs submitted a distinct reasonable accommodation request that included separate spaces for David and AIMS, email-only communication, housing-search assistance, and extension-related relief. (Ex. 8.)

10) The September 2022 packet also stated that the then-current landlord had determined the family qualified under current payment standards for units larger than two bedrooms and would hold a unit for one week, and it included an affordability worksheet concluding a 3-bedroom unit at 1100 Howe Ave was within payment standards. (Ex. 9.)

11) SHRA's July 8, 2022 denial letter signed by MaryLiz Paulson framed the denied request as one for David Samuel only. (Ex. 4.)

12) SHRA's November 16, 2022 denial letter signed by MaryLiz Paulson framed the denied request as one including both Plaintiffs. (Ex. 10.)

13) The July and November 2022 denial letters use materially identical template reasoning. (Exs. 4, 10.)

14) On December 9, 2022, SHRA acknowledged the hearing request and Recognized that David had requested communication by email. (Ex. 11.)

**39**

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

15) On December 12, 2022, Plaintiffs asked SHRA which denial the hearing would cover because there had already been multiple denials and the September hearing had produced no decision. (Ex. 11.)

16) By February 1, 2023, Plaintiffs were expressly stating that the September request still included open payment-adjustment and communication items and remained unresolved. (Ex. 12.)

17) On March 20, 2023, SHRA issued a three-bedroom voucher so David and AIMS would have separate sleeping rooms and could share family space, while denying housekeeping. (Ex. 13.)

18) On March 21, 2023, Plaintiffs responded that the three-bedroom offer did not satisfy the requested accommodation need and that multiple denials still required hearing. (Ex. 14.)

19) In that same March 21 communication, Plaintiffs clarified the expanded housing request as a five-bedroom structure tied to disability-related needs. (Ex. 14.)

20) On March 29, 2023, SHRA internally recorded that the RA committee discussed additional room requests, blackout curtains, soundproofing, a housing list, housing-search assistance, email-only communication, and extensions. (Ex. 15.)

21) On April 3, 2023, SHRA denied separate bedrooms and denied email communication by asserting communications are directed to the head of household. (Ex. 16.)

22) On April 18, 2023, Plaintiffs requested the complete case file, hearing materials, and voice-to-text accommodation in advance of the April 20 hearing. (Ex. 18.)

23) On April 20, 2023, Plaintiffs documented that Tanya Cruz cancelled the hearing after a private discussion, that Plaintiffs objected, and that Plaintiffs were ready to proceed. (Ex. 19.)

24) SHRA's own hearing-result form later confirmed that the case file had not been provided, Plaintiffs objected to rescheduling, and the hearing officer ended the matter

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

because due process review was incomplete. (Ex. 21.)

25) Tanya Cruz admitted she attended the April 20, 2023 hearing, admitted she informed Plaintiffs during the hearing that it would be cancelled and rescheduled, admitted she did not provide a written decision or explanation for the cancellation, and admitted she participated in internal SHRA discussions concerning the cancellation and rescheduling. (Ex. 20.)

26) SHRA internally adopted and implemented a head-of-household-only email rule, denied email-only communication on that basis, admitted any email to David had only been as a courtesy, told staff not to email David directly, and instructed staff to continue calling instead. (Exs. 11, 23.)

27) SHRA's own training said staff should send Kaiser verification materials directly to the provider, should never ask for or chrono the nature of the disability, and should follow up and work interactively with the family if provider information was incomplete. (Ex. 28.)

28) Papago was not merely a neutral rent-calculation issue. SHRA's own records Show address uncertainty, unit-number confusion, apartment-versus-duplex concern, and a rerun using the correct voucher size. (Ex. 24.)

29) SHRA's own chronology shows the Papago rent increased during the delay. (Ex. 24.)

30) On May 19, 2023, Plaintiffs submitted a distinct reasonable accommodation request for a rent-reasonableness adjustment for Papago. (Ex. 25.)

31) The Papago process was opaque not only to Plaintiffs but also to Caitlyn Grabill and Greystar. (Exs. 26-27.)

32) Plaintiffs compiled contemporaneous comparable-rent information showing that available three-bedroom inventory in 95843 was in the same general range as the Arbors. (Ex. 27.)

///

///

**41**

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

33) SHRA's 2022 RA decisions spreadsheet, produced through public-records request #23-30, provides pattern corroboration that SHRA meaningfully processed some accommodation categories while functionally rejecting or minimizing others. (Ex. 29.)

34) Plaintiffs repeatedly notified SHRA that SHRA's practices violated governing statutes and regulations and that the accommodation and communication issues remained unresolved, but SHRA continued the same denials and restrictions. (Ex. 12; Exs. 31-32.)

35) In the 2020 HUD Conciliation Agreement / Voluntary Compliance Agreement, SHRA agreed that all Public Housing and Housing Choice Voucher employees would receive fair-housing training with an emphasis on reasonable accommodations and separate training on SHRA's own accommodation procedures, and SHRA agreed to maintain accessible grievance procedures and effective communication. (Exs. 36-38.)

36) Dozier admitted SHRA is a public entity subject to Title II, admitted she signed SHRA's Voluntary Compliance Agreement with HUD, and admitted that the agreement requires SHRA to provide effective communication and accessible grievance procedures under Section 504 and the ADA. (Exs. 36-38.)

37) Dozier admitted in part that, as Executive Director, she had authority to review decisions related to informal hearings and reasonable accommodations and act appropriately where decisions deviated from the Administrative Plan, and admitted SHRA has no written policy requiring reasonable-accommodation requests to be directed only to the head of household. (Exs. 36-38.)

38) Paulson admitted she is the Section 504 coordinator for the Housing Choice Voucher program and admitted she is a member of the Reasonable Accommodation Compliance Committee that reviews and makes determinations on reasonable-accommodation requests. (Exs. 39-42.)

///

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

39) INCORPORATION FOR LATER DUPLICATED ISSUE BLOCKS. Plaintiffs incorporate their responses to Issue 1 Facts 1 through 17 and Plaintiffs' Additional Material Facts 1 through 38 because Defendants reuse the same incomplete chronology, the same hearing narrative, the same March 20 cure framing, and the same no-admissible-evidence rhetoric in later issue blocks, including Facts 32 through 34 and 66 through 68.c in later issue blocks, including Facts 32 through 34, 49 through 51, and 66 through 68.

40) For the ADA and Rehabilitation Act blocks, the same record shows repeated denial of accommodations, repeated failure to investigate, and deliberate refusal to provide effective communication even while SHRA used email when it suited SHRA. For the due process blocks, the same record shows that the September 12 hearing produced no timely decision, the April 20 hearing was shut down after SHRA failed to provide the case file and accommodations, and Defendants still withhold the September 12 recording.

41) For the ADA and Rehabilitation Act blocks, the same record shows repeated denial of accommodations, repeated failure to investigate, and deliberate refusal to provide effective communication even while SHRA used email when it suited SHRA. For the due process blocks, the same record shows that the September 12 hearing produced no timely decision, the April 20 hearing was shut down after SHRA failed to provide the case file and accommodations, and Defendants still withhold the September 12 recording.

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' RESPONSE TO DEFENDANTS' SEPARATE STATEMENT**

Defendants object as it is not stated by Plaintiffs to which Issue(s) this Response is directed. This Court must not consider this Response.

If the Court is inclined to consider the responses, then Defendants submit the following:

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

- Ex. 33 does not state that Defendants later disclosed that Jonathan Lew was the September 12 hearing officer and that a video recording of that hearing existed. Plaintiffs' Ex 33 should not be considered.

- Ex. 22 – Defendants object as to relevancy, and more prejudicial than probative and likely to confuse and mislead the jury (FRE 403) as the fact that MaryLiz Paulson was looking for the hearing decision does not evidence any discrimination by SHRA.

- Exs. 1, 5, and 2– SHRA usually communicates with medical offices, by facsimile, not usually by US Postal Service. Plaintiff Roberts submitted a doctor's report with an *Authorization for Use or Disclosure of Health Information* form with an attached medical report on May 19, 2022. The Reasonable Accommodations Coordinating Committee (RACC) met on June 1, 2022 to consider the request for an additional bedroom for David and Artemis.  The RACC needed additional information regarding David's need for a separate room and received no information concerning Artemis' request. On or about June 20, SHRA provided written directions to Plaintiff Roberts that were to go to Dr. Medina, a  physician with Kaiser Permanente, Plaintiffs' health insurer.  Kaiser had its own decision-making process for reasonable accommodations:  Dr. Medina must use a *Work Activity Status* form. There was no response from Dr. Medina regarding Artemis, one of Plaintiffs' children when the committee met to review the documents and make a decision on June 24, 2022. As a result, SHRA had no choice but to notify Plaintiffs of proposed sleeping arrangements to meet Plaintiffs' needs. A decision letter was sent to the family on July 13, 2022 at a forwarding address stating that the family's need for Plaintiff Samuel to have a separate room could be met without increasing the bedroom size.  Plaintiff Samuel called SHRA on July 18, 2022 and was informed that they could request an appeal. Plaintiff Samuel again called SHRA on August 3, 2022 and stated Plaintiffs' request for a hearing on the denial. On or about August 4, 2022, SHRA received a facsimile from Plaintiffs

**44**

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

requesting a hearing on the denial. On or about August 26, 2022, SHRA notified Plaintiffs that the hearing was set for September 12, 2022 (MaryLiz Paulson Reply Decl.,¶ 3.) Ex. 5 is more prejudicial than probative (FRE 403) as it does not account for the communication to Dr. Medina by SHRA, and Dr. Medina's failure to provide request information, leading to the denial of the accommodation request. Ex 5 should be excluded. Ex 2 is more prejudicial than probative (FRE 403) as it does not account for the Kaise requirement that Dr. Medina was to use a specific form, and should be excluded.

- Exs. 9 and 24-29 – Plaintiffs' letter, spreadsheet, public records, and emails regarding their community manager's "determination" that Plaintiffs qualified for a larger unit, and are not relevant (public records), more prejudicial than probative, as they are self-serving and fail to address the entire process SHRA must undergo to approve such a request. In fact, Plaintiffs' Exhibit 24-16, a May 29, 2023, email from Ibra at SHRA to MaryLiz Paulson at SHRA, shows that there appears to be confusion on Plaintiffs' part about how the payment standard is used and the calculation done to determine affordability. This is not evidence of any discrimination by SHRA. Exs. 9 and 24-29 are not relevant (public records), more prejudicial than probative, confuses the issues (FRE 403) and should be excluded.

- Ex. 11 – The exhibit is an email from SHRA to Plaintiff Roberts who was the identified head of household, not Plaintiff Samuel as Plaintiffs argue, regarding a preference to communicate by email. Ex 11 is not relevant to Plaintiff Samuel's claims that he requested email communication and must be excluded.

- Exs 12 and 14 – these exhibits include emails from Plaintiffs to SHRA regarding a response to additional requested accommodations including a further extra bedroom, voucher extensions, blackout curtains, and email communications. Exs. 12 and 14 are not relevant, and are more prejudicial than probative because

**45**

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

they ignores the April 3,2023, SHRA letter to Plaintiffs addressing these requested accommodations -Exs. 12 and 14 must be excluded.

- Ex. 15 – This appears to be a chart or timeline created by Plaintiffs. Ex. 15 is not relevant, and I smore prejudicial than probative (FRE 403) and must be excluded.

- Ex.18 – Page 18-2 of this Exhibit documents that SHRA responded to Plaintiffs' request for case documents prior to an April 20,2023, hearing. Ex. 18 in its entirety is not relevant and is more prejudicial than probative (FRE 403) because it does not support Plaintiffs' claims as their request for their case file was met. Ex. 18 must be excluded.

- Ex. 19 – This exhibit consists of Plaintiffs' emails to SHRA regarding the canceled hearing. This was addressed in Paulson Declaration, ¶¶ 3-5. Ex. 19 is not relevant and is more prejudicial than probative (FRE 403) because it does not support Plaintiffs' claims as their request for their case file was met and it does not support Plaintiffs' claims of discrimination.  Ex. 19 must be excluded.

- Ex 21 – This exhibit is an SHRA form that documents <u>Plaintiff's objections</u> and <u>Plaintiff's claims</u> that due process was violated, thus the hearing was cancelled. It does not, as Plaintiffs allege, evidence that the case file was not actually provided or that due process was violated. Ex. 21 is more prejudicial than probative (FRE 403) because it does not support Plaintiffs' claims and must be excluded.

- Exs. 11 and 23 – Ex. 23-8 contains an email explaining that if a request for email communication is made  due to a disability, then it should be met. Plaintiffs have provided no evidence of a disability-based reason for the request to communicate via email. SHRA's communications by email with Plaintiff Samuel, were done as a courtesy. Exs. 11 and 23 should be excluded as more prejudicial than probative (FRE 403) because they ignore the failure by Plaintiffs to submit admissible evidence supporting their claims.

**46**

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

- Exs. 31 and 32 – Thes emails are not relevant and are self-serving, one-sided opinions that ignore the facts. Plaintiffs' discovery requests were poorly drafted and subject to objections which were made.  Plaintiffs ignore the meet and confer between the parties regarding written discovery and party depositions (Castillo Supplemental Declaration, ¶ 4.)

- Exs. 36-38 – The 2020 HUD Conciliation Agreement / Voluntary Compliance Agreement referred to by Plaintiffs arose out of a complaint by a disabled tenant regarding a requested accommodation of shower bars. This Agreement is not relevant to Plaintiffs' claims in this case, is more prejudicial than probative (FRE 403) and must be excluded.

- Exs. 43-50 – Plaintiffs have not addressed their exhibits numbered 43 – 50. These must be excluded.

Dated:  March 19, 2026

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER**

By:_____

EDWARD P. GARSON
MONICA CASTILLO
Attorneys for Defendant, SACRAMENTO HOUSING
AND REDEVELOPMENT AGENCY

**47**

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1

## PROOF OF SERVICE

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699 TLN AC PS

I, the undersigned, am employed in the county of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is 655 Montgomery Street, Suite 900, San Francisco CA 94111.

On the date indicated below, I caused to be served the following document(s) described as follows:

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

☐:    **BY MAIL** - As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  The envelope was sealed and placed for collection and mailing on this date following our ordinary practices.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒:    **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| Sydney Brooke Roberts<br>David Tyrone Samuel<br>108 Rinetti Way<br>Rio Linda, CA  95673<br><br>home@possiblymaybe.com<br>davidsa@possiblymaybe.com<br>maddy@possiblymaybe.com<br><br>T: (512) 522-8571 | |

Executed on March 19, 2026, in San Francisco, California.  I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

_____
Jasmine Carinio

DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS

281563787v.1

**CERTIFICATE OF SERVICE**

*Brooke Roberts, et al. v. Sacramento Housing and Redevelopment Agency, et al.*
USDC, Eastern District of California, No. 2:22-cv-01699-TLN-AC

I certify that on *March 19, 2026,* I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Executed on March 19, 2026, at San Francisco, California.

_____
Jasmine Carinio

**DEFENDANTS' REPLY IN RESPONSE TO THEIR SEPARATE STATEMENT OF UNDISPUTED FACTS**

281563787v.1