David Samuel, Pro Se
Sydney Roberts, Pro Se
108 Rinetti Way
Rio Linda, CA 95673
512-522-8571
edfed@possiblymaybe.com



**FILED**

MAY 15 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS<br><br>DAVID TYRONE SAMUEL,<br><br>        Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY ET AL.,<br><br>        Defendants | Case No: 2:22-cv-01699 DJC AC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e) FOR PRE-FPTC TRIAL-MANAGEMENT RELIEF TO PRESERVE THE FINAL PRETRIAL CONFERENCE AND TRIAL DATE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**Hearing Date**: July 9, 2026<br>**Time**: 1:30 p.m.<br>**Courtroom**: 7, 14th Floor<br>**Judge**: Hon. Daniel J. Calabretta<br>Requested Appearance: Videoconference |

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

1)    **PLEASE TAKE NOTICE** that on July 9, 2026, at 1:30 p.m., in Courtroom 7, 14th Floor, of the United States District Court for the Eastern District of California, 501 I Street, Sacramento, California, or on such earlier date as the Court may set pursuant to Plaintiffs' concurrently filed ex parte application under Local Rule 144(e), Plaintiffs

**PLAINTIFFS' NOTICE OF MOTION AND MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e) - 1**

Sydney Brooke Roberts and David Tyrone Samuel will and hereby do move this Court, pursuant to Federal Rules of Civil Procedure 16(c) and 16(e), for an order preserving the June 18, 2026 final pretrial conference set before District Judge Daniel J. Calabretta, preserving the September 21, 2026 jury trial date set before Judge Calabretta in Courtroom 7, entering a trial-management order or setting a pre-FPTC status conference to determine whether the June 18, 2026 final pretrial conference can proceed meaningfully on a stable record, and clarifying that motions in limine and other pretrial evidentiary motions will be addressed through the final pretrial conference process and through any post-conference deadlines set by the Court. Plaintiffs request videoconference appearance based on childcare and scheduling constraints.

2)    This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declarations in support of the ex parte application for order shortening time, all pleadings, papers, and records on file in this action, and such oral argument as the Court may receive at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

3)    The operative scheduling order in this case was entered by the assigned Magistrate Judge on January 15, 2026. ECF 145. That order set the final pretrial conference for June 18, 2026, before District Judge Daniel J. Calabretta, and the jury trial for September 21, 2026, before Judge Calabretta in Courtroom 7. ECF 145 at 3. The same order denied Plaintiffs' motion for leave to file a Fourth Amended Complaint, ECF 139, on the basis, among others, that Defendants in their opposition at ECF 141

**PLAINTIFFS' NOTICE OF MOTION AND MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e)** - 2

"correctly point[ed] out that fact discovery is closed." ECF 145 at 2.

4)      Several deadlines in the ECF 145 schedule have now expired. The initial expert disclosure deadline of February 25, 2026, the rebuttal expert disclosure deadline of March 25, 2026, and the law-and-motion deadline of April 6, 2026 have all passed. Matters remain pending and unresolved before the assigned Magistrate Judge, including Defendants' Motion for Summary Judgment at ECF 146 (under submission since February 24, 2026), the Rule 56(d) request raised in Plaintiffs' Opposition at ECF 152 concerning the missing September 12, 2022 administrative hearing recording, and Plaintiffs' Motion for Reconsideration of the scheduling order at ECF 149 (pending since February 27, 2026). Plaintiffs' ECF 154 filing remains relevant to the summary-judgment record because it objects to Defendants' new reply evidence submitted at ECF 153. Plaintiffs do not ask the District Judge to resolve ECF 154 through this motion. Plaintiffs identify ECF 154 only to clarify the current summary-judgment record posture and the unresolved nature of the Rule 56(d) issue raised in ECF 152. The final pretrial conference is approximately five weeks from the filing of this motion.

5)      Plaintiffs do not seek discovery relief, sanctions, an extension of any expired deadline, the reopening of fact discovery, the reopening of expert discovery, or review of discovery materials. Plaintiffs do not seek a ruling from the District Judge on any matter currently before the assigned Magistrate Judge. Plaintiffs do not seek to disturb the routing of pretrial matters under Local Rule 302(c)(21). Plaintiffs seek only Rule 16(c) and Rule 16(e) trial-management relief directed to the final pretrial conference and trial date set on the District Judge's calendar, including entry of a trial-management

**PLAINTIFFS' NOTICE OF MOTION AND MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e) - 3**

order or a pre-FPTC status conference to determine whether the June 18, 2026 final pretrial conference can proceed meaningfully while unresolved or recently altered matters remain in that posture.

6)      Plaintiffs acknowledge the referral of pretrial matters to the assigned Magistrate Judge under Local Rule 302(c)(21) and request that the District Judge address the Rule 16(e) trial-management issues set forth herein, which concern the final pretrial conference and trial set on the District Judge's calendar, and which the District Judge is empowered to manage notwithstanding the referral of underlying pretrial matters.

## II. PROCEDURAL POSTURE

7)      This action was filed on September 27, 2022. ECF 1. The operative pleading is the Third Amended Complaint filed on November 15, 2022. ECF 11. Certain claims and parties have been dismissed through prior motion practice. ECF 60, 64 (terminating minor plaintiffs and one defendant).

8)      On April 17, 2024, the assigned Magistrate Judge entered the original scheduling order. ECF 58. That order established the following schedule:

9)      - Initial disclosures: May 1, 2024.

10)     - Fact discovery completed by: June 25, 2025.

11)     - Initial expert disclosures: July 10, 2025.

12)     - Rebuttal expert disclosures: August 10, 2025.

13)     - Law and motion (except as to discovery): October 1, 2025.

14)     - Final pretrial conference: November 6, 2025, at 1:30 p.m., in Courtroom 10, before District Judge Daniel J. Calabretta.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e)** - 4

15)    - Jury trial: February 2, 2026, at 8:30 a.m., in Courtroom 10, before District Judge Daniel J. Calabretta.

16)    ECF 58 at 5-6. Fact discovery has been closed since June 25, 2025, pursuant to ECF 58.

17)    The November 6, 2025 final pretrial conference set in ECF 58 did not occur. The February 2, 2026 trial set in ECF 58 did not occur.

18)    Plaintiffs' motion for partial summary judgment was denied on February 28, 2025. ECF 76 (findings and recommendations) and ECF 79 (order adopting). Plaintiffs subsequently filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). ECF 101. Findings and recommendations recommending denial of that motion were issued on May 19, 2025. ECF 111.

19)    Defendants previously filed Motions for Summary Judgment at ECF 80 and ECF 83 in early 2025. On May 15, 2025, the Court denied Defendants' Motion for Summary Judgment at ECF 83 without prejudice and contemporaneously granted Plaintiffs' Motion to Withdraw Deemed Admissions at ECF 88 in the same minute order. ECF 106. The Court noted that the ECF 83 Motion "relie[d] heavily on plaintiffs' non-response to the requests for admissions, non-responses which were then deemed withdrawn." Id.

20)    On September 2, 2025, the Court ordered the parties to submit a joint status report proposing new deadlines. ECF 136. That order issued after the October 1, 2025 law-and-motion deadline set in ECF 58 had been overtaken in the procedural posture of the case. The parties did not file a single joint status report. Defendants filed a status

**PLAINTIFFS' NOTICE OF MOTION AND MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e)** - 5

report at ECF 143 on September 30, 2025. Plaintiffs filed a separate status report at ECF 144 on September 30, 2025.

21)    On January 15, 2026, the assigned Magistrate Judge entered the operative scheduling order at ECF 145. The order denied Plaintiffs' motion for leave to file a Fourth Amended Complaint at ECF 139, in part on the basis that Defendants in their opposition at ECF 141 "correctly point[ed] out that fact discovery is closed." ECF 145 at 2. Plaintiffs had filed a Reply in support of the motion to amend at ECF 142 on September 25, 2025, before the order was entered. The order at ECF 145 set the following revised schedule:

22)    - Initial expert disclosures: February 25, 2026.

23)    - Rebuttal expert disclosures: March 25, 2026.

24)    - Law and motion (except as to discovery): April 6, 2026.

25)    - Final pretrial conference: June 18, 2026, at 1:30 p.m., via videoconference, before District Judge Daniel J. Calabretta.

26)    - Jury trial: September 21, 2026, at 8:30 a.m., in Courtroom 7, before District Judge Daniel J. Calabretta.

27)    ECF 145 at 3.

28)    On February 23, 2026, Defendants filed the currently pending Motion for Summary Judgment at ECF 146. The Motion was noticed for hearing on March 25, 2026, at 10:00 AM, in Courtroom 26, before Magistrate Judge Allison Claire. On February 24, 2026, the Magistrate Judge's courtroom deputy issued a Minute Order at ECF 148 ordering the Motion for Summary Judgment "submitted without appearance

**PLAINTIFFS' NOTICE OF MOTION AND MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e)** - 6

and without argument pursuant to Local Rule 230(g)." The Motion for Summary Judgment at ECF 146 has been under submission with the Magistrate Judge since February 24, 2026.

29)    On February 27, 2026, Plaintiffs filed a Motion for Reconsideration of the January 15, 2026 scheduling order at ECF 149. Plaintiffs filed a Supplemental Declaration and Clarification of Local Rule 303(e) in support of the Motion for Reconsideration at ECF 151 on March 4, 2026. Defendants filed an Opposition to the Motion for Reconsideration at ECF 150 on March 5, 2026. The Motion for Reconsideration at ECF 149 has been pending and unresolved before the Magistrate Judge since February 27, 2026.

30)    On March 9, 2026, Plaintiffs filed their Opposition to Defendants' Motion for Summary Judgment at ECF 152. That Opposition raised a Rule 56(d) request concerning the missing September 12, 2022 administrative hearing recording. The request concerns evidence that would directly confirm or refute the parties' competing accounts of what occurred at the September 12, 2022 hearing, including whether SHRA acknowledged nexus, whether Plaintiffs were denied meaningful access to the case file, whether SHRA's representative had authority to accept the hearing officer's recommendation, and whether the hearing process resulted in any decision. Defendants filed a Reply on or about March 19, 2026 at ECF 153, accompanied by new declarations from MaryLiz Paulson and Monica Castillo. On March 20, 2026, Plaintiffs filed ECF 154 objecting to that new reply evidence. The Rule 56(d) request raised in ECF 152 remains unresolved.

31)    The initial and rebuttal expert disclosure deadlines set in ECF 145 have expired.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e)** - 7

The law-and-motion deadline set in ECF 145 has expired. The final pretrial conference set in ECF 145 is set for June 18, 2026. No ruling has issued on the pending Motion for Summary Judgment at ECF 146, the Rule 56(d) request raised in Plaintiffs' Opposition at ECF 152 concerning the missing September 12, 2022 administrative hearing recording, or the Motion for Reconsideration at ECF 149 as of the filing of this motion. Plaintiffs' ECF 154 filing remains relevant to the summary-judgment record because it objects to Defendants' new reply evidence submitted at ECF 153. Plaintiffs do not ask the District Judge to resolve ECF 154 through this motion. Plaintiffs identify ECF 154 only to clarify the current summary-judgment record posture and the unresolved nature of the Rule 56(d) issue raised in ECF 152.

## III. LEGAL STANDARD

32)     Federal Rule of Civil Procedure 16(c)(2) authorizes the Court at any pretrial conference to "consider and take appropriate action on" matters including formulating and simplifying the issues, establishing a reasonable limit on the time allowed to present evidence, and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(A), (O), (P).

33)     Federal Rule of Civil Procedure 16(e) provides that "[t]he court may hold a final pretrial conference to formulate a trial plan, including a plan to facilitate the admission of evidence," and that "[t]he conference must be held as close to the start of trial as is reasonable, and must be attended by at least one attorney who will conduct the trial for each party and by any unrepresented party." Fed. R. Civ. P. 16(e). An order entered at or after such conference "controls the course of the action unless the court modifies it."

**PLAINTIFFS' NOTICE OF MOTION AND MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e)** - 8

Id.

34)    Local Rule 281 governs the form and content of pretrial statements, including the timing of joint statements (filed at least seven days before the final pretrial conference) and separate statements (with a plaintiff's separate statement due at least fourteen days before the final pretrial conference where separate filings are appropriate). Judge Calabretta's Civil Standing Order requires the parties to file a joint pretrial statement complying with Local Rule 281 in accordance with the rule's timing, and addresses the parties' obligations concerning motions in limine and other pretrial evidentiary matters in relation to the final pretrial conference.

## IV. ARGUMENT

35)    A. Plaintiffs Do Not Seek Discovery Relief, Modification of the Scheduling Order, or Rulings on Matters Before the Magistrate Judge.

36)    Before identifying the requested relief, Plaintiffs identify expressly the relief they do not seek. Plaintiffs do not seek discovery sanctions, compelled production, an extension of any expired discovery or disclosure deadline, the reopening of fact discovery, the reopening of expert discovery, review of discovery materials, or modification of the scheduling order at ECF 145. Plaintiffs do not seek a ruling from the District Judge on any matter currently pending before the assigned Magistrate Judge, including Defendants' Motion for Summary Judgment at ECF 146, Plaintiffs' Rule 56(d) request raised in ECF 152, or Plaintiffs' Motion for Reconsideration of the scheduling order at ECF 149. Plaintiffs do not seek to disturb the routing of pretrial matters under Local Rule 302(c)(21).

**PLAINTIFFS' NOTICE OF MOTION AND MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e)** - 9

37) Plaintiffs seek only trial-management relief directed to the final pretrial conference and trial date set on the District Judge's calendar, within the District Judge's authority under Federal Rule of Civil Procedure 16(c) and 16(e), and limited to determining whether the June 18, 2026 final pretrial conference can proceed meaningfully while unresolved or recently altered matters remain in that posture.

38) B. The Court Should Preserve the June 18, 2026 Final Pretrial Conference and September 21, 2026 Trial Date.

39) The June 18, 2026 final pretrial conference is set on Judge Calabretta's calendar. The September 21, 2026 jury trial is set in Judge Calabretta's courtroom. Both dates have been on the operative schedule since the issuance of ECF 145 on January 15, 2026. Preserving them now through a narrow pre-FPTC trial-management order or status conference is consistent with Rule 16(c)(2)(P) and Rule 16(e).

40) The procedural history of scheduling in this case bears on the relief sought. The original scheduling order at ECF 58 set the final pretrial conference for November 6, 2025 and trial for February 2, 2026. Neither date occurred. The Court issued a status-report order at ECF 136 on September 2, 2025, after the law-and-motion deadline of October 1, 2025 set in ECF 58 had been overtaken by the procedural posture of the case. The parties filed separate status reports at ECF 143 and ECF 144 rather than a joint report. The Court entered a new scheduling order at ECF 145 on January 15, 2026, which is the operative schedule. Several deadlines in the ECF 145 schedule have now expired without resolution of pending matters. Plaintiffs respectfully request that the schedule established by ECF 145 not be reset before the final pretrial conference set for

**PLAINTIFFS' NOTICE OF MOTION AND MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e)** - 10

June 18, 2026.

41)    The closure of fact discovery has been a recurring procedural fact in this case. Defendants invoked the closure of fact discovery in their opposition to amendment at ECF 141, and the Court accepted that argument at ECF 145 in denying leave to file the Fourth Amended Complaint. ECF 145 at 2. Defendants subsequently filed the currently pending Motion for Summary Judgment at ECF 146, which proceeds on the same closed-record posture. A reset of the schedule that operates to alter the closed-record posture relied upon by Defendants in opposing amendment and accepted by the Court at ECF 145 would create asymmetric procedural conditions as between the parties. Plaintiffs respectfully request that the Court preserve the existing schedule and the closed-record posture on which it rests.

42)    C. The Court Should Enter a Trial-Management Order or Set a Status Conference Addressing Pending Matters Before the Final Pretrial Conference.

43)    A trial-management order or pre-FPTC status conference addressing the pending pretrial matters identified in Section II is necessary to permit meaningful preparation of the pretrial statement process required by Local Rule 281 and Judge Calabretta's Civil Standing Order. Depending on whether separate or joint statements are appropriate, the earliest pretrial-statement filing under Local Rule 281 may fall as early as June 4, 2026, with any joint statement due no later than June 11, 2026.

44)    While the pending Motion for Summary Judgment at ECF 146 remains unresolved, the parties cannot accurately identify the claims and defenses remaining for trial, the disputed and undisputed facts, or the witness and exhibit lists called for by

**PLAINTIFFS' NOTICE OF MOTION AND MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e)** - 11

Local Rule 281(b). While the Rule 56(d) request raised in ECF 152 concerning the missing September 12, 2022 administrative hearing recording remains unresolved, the evidentiary record relevant to summary judgment cannot be considered complete. While the pending Motion for Reconsideration of the scheduling order at ECF 149 remains unresolved, the operative scope of the case remains unsettled going into the final pretrial conference.

45)    The Rule 56(d) issue is not a request to reopen discovery. It is a summary-judgment record issue. The missing September 12, 2022 administrative hearing recording would directly confirm or refute material facts central to Defendants' Motion for Summary Judgment and Plaintiffs' Opposition, including the content of the hearing, SHRA's position regarding nexus, Plaintiffs' access to the case file, the authority of SHRA's hearing representative, and the absence or existence of a meaningful hearing decision. Until the Court determines whether the missing recording must be produced, lodged, considered, or otherwise accounted for under Rule 56(d), the evidentiary record for summary judgment remains unsettled.

46)    Plaintiffs do not request that the District Judge rule on any of these matters, which are properly before the assigned Magistrate Judge under Local Rule 302(c)(21). Plaintiffs request only that the District Judge enter a trial-management order or set a pre-FPTC status conference to determine whether the final pretrial conference can proceed meaningfully while those matters remain unresolved or recently altered, and what trial-management relief remains necessary to preserve the final pretrial conference and trial date set by the operative scheduling order.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e)** - 12

47)    D. The Court Should Clarify the Path for Pretrial Evidentiary Issues.

48)    Judge Calabretta's Civil Standing Order addresses motions in limine and pretrial evidentiary motions in relation to the final pretrial conference. Plaintiffs do not seek to disturb that framework. Plaintiffs respectfully request that the Court clarify, in connection with the relief sought, that motions in limine and other pretrial evidentiary motions, including any motions concerning the permissible scope of opinion testimony under Federal Rules of Evidence 701, 702, 703, and 705, will be addressed through the final pretrial conference process and through any post-conference deadlines set by the Court. Plaintiffs reserve all specific evidentiary and disclosure objections for that process.

## V. RECORD PRESERVATION REGARDING TIMING

49)    Plaintiffs respectfully request entry of a trial-management order or a pre-FPTC status conference before the June 18, 2026 final pretrial conference to determine whether that conference can proceed meaningfully while the matters identified in Section II remain unresolved or recently altered. Based on the procedural history reflected on the docket and the prior course of scheduling in this case, Plaintiffs anticipate that absent ruling or scheduling before June 18, 2026, the schedule established by ECF 145 will become nonfunctional, the closed-record posture relied upon by Defendants in opposing amendment and accepted by the Court at ECF 145 will be altered, and the June 18, 2026 final pretrial conference or September 21, 2026 trial date will be vacated. Plaintiffs preserve all objections to any such outcome.

## VI. PRESERVATION OF OBJECTIONS

**PLAINTIFFS' NOTICE OF MOTION AND MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e)** - 13

50) Plaintiffs preserve the following objections for the record:

51) Plaintiffs preserve all objections to any future modification of the schedule established by ECF 145 that operates to alter the closed-record posture relied upon by Defendants in opposing amendment at ECF 141 and accepted by the Court at ECF 145, including any modification that produces asymmetric procedural conditions as between the parties.

52) Plaintiffs preserve all objections to the routing of Rule 16(e) final-pretrial-conference management issues away from the District Judge, with the understanding that any discrete issue the Court determines falls within Local Rule 302(c)(21) is properly severable and referable to the assigned Magistrate Judge.

53) Plaintiffs also preserve all objections under Federal Rule of Civil Procedure 72(b)(3), 28 U.S.C. § 636(b)(1)(C), and applicable Ninth Circuit authority to any adoption of disputed findings and recommendations without de novo review of the specific objections presented.

## VII. REQUESTED RELIEF

54) For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order:

55) Preserving the June 18, 2026 final pretrial conference at 1:30 p.m., via videoconference, before District Judge Daniel J. Calabretta.

56) Preserving the September 21, 2026 jury trial at 8:30 a.m., in Courtroom 7, before District Judge Daniel J. Calabretta.

57) Entering a trial-management order, or in the alternative setting a pre-FPTC status

**PLAINTIFFS' NOTICE OF MOTION AND MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e)** - 14

conference, to determine whether the June 18, 2026 final pretrial conference can proceed meaningfully while the matters identified in Section II remain unresolved or recently altered.

58)    Clarifying that motions in limine and other pretrial evidentiary motions, including any motions concerning the permissible scope of opinion testimony under Federal Rules of Evidence 701, 702, 703, and 705, will be addressed through the final pretrial conference process and through any post-conference deadlines set by the Court.

59)    In the alternative, if the Court does not set a trial-management schedule addressing the pending matters, Plaintiffs request a status conference before District Judge Calabretta on a date before June 18, 2026 to determine whether the final pretrial conference can proceed meaningfully while the pending dispositive, Rule 56(d), evidentiary-record, and schedule-reconsideration matters remain unresolved.

60)    Granting such further relief as the Court deems just and proper.

Respectfully submitted,

*David Samuel*
David Samuel
May 15, 2026

*Sydney Roberts*
Sydney Roberts
May 15, 2026

**PLAINTIFFS' NOTICE OF MOTION AND MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e)** - 15

David Samuel, Pro Se
Sydney Roberts, Pro Se
108 Rinetti Way
Rio Linda, CA 95673
512-522-8571
edfed@possiblymaybe.com

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SYDNEY BROOKE ROBERTS

DAVID TYRONE SAMUEL,

        Plaintiffs,

v.

SACRAMENTO HOUSING AND
REDEVELOPMENT AGENCY ET AL.,

        Defendants

Case No: 2:22-cv-01699 DJC AC

**PROPOSED] ORDER ON PLAINTIFFS'
MOTION UNDER FED. R. CIV. P. 16(c)
AND 16(e) FOR PRE-FPTC TRIAL-
MANAGEMENT RELIEF TO PRESERVE
THE FINAL PRETRIAL CONFERENCE
AND TRIAL DATE**

1)    Having considered Plaintiffs' Motion Under Federal Rule of Civil Procedure 16(c) and 16(e) for Pre-FPTC Trial-Management Relief to Preserve the Final Pretrial Conference and Trial Date, the parties' briefing, the arguments of the parties, and the record in this matter, the Court finds good cause to enter pre-FPTC trial-management relief.

**IT IS HEREBY ORDERED** that:

**I. FINAL PRETRIAL CONFERENCE AND TRIAL DATE**

2)    The final pretrial conference set on June 18, 2026, at 1:30 p.m., via videoconference, before District Judge Daniel J. Calabretta, remains on calendar unless

PROPOSED] ORDER ON PLAINTIFFS' MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e) FOR PRE-FPTC TRIAL-MANAGEMENT RELIEF TO PRESERVE THE FINAL PRETRIAL CONFERENCE AND TRIAL DATE - 1

modified by further order of the Court. ECF 145 at 3.

3)    The jury trial set to commence on September 21, 2026, at 8:30 a.m., in Courtroom 7, before District Judge Daniel J. Calabretta, remains on calendar unless modified by further order of the Court. ECF 145 at 3.

## II. PRE-FPTC TRIAL-MANAGEMENT STATUS CONFERENCE

4)    A pre-FPTC trial-management status conference is set for the earliest available date before June 18, 2026, with the date, time, and appearance format to be stated by separate minute order or further order of the Court. The status conference shall address whether the June 18, 2026 final pretrial conference can proceed meaningfully while the following matters remain unresolved or recently altered: Defendants' Motion for Summary Judgment at ECF 146, Plaintiffs' Rule 56(d) request raised in ECF 152 concerning the missing September 12, 2022 administrative hearing recording, and Plaintiffs' Motion for Reconsideration of the January 15, 2026 scheduling order at ECF 149.

5)    Nothing in this Order directs the assigned Magistrate Judge to rule on any pending matter by a specified date, alters the referral under Local Rule 302(c)(21), reopens discovery, extends any expired deadline, modifies the scheduling order at ECF 145, or resolves any matter currently pending before the assigned Magistrate Judge. This Order does not resolve Plaintiffs' objections to Defendants' reply evidence at ECF 154, which remain part of the summary-judgment record posture.

## III. PRETRIAL STATEMENT PROCESS

6)    The parties shall file pretrial statements in accordance with Local Rule 281 and

PROPOSED] ORDER ON PLAINTIFFS' MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e) FOR PRE-FPTC TRIAL-MANAGEMENT RELIEF TO PRESERVE THE FINAL PRETRIAL CONFERENCE AND TRIAL DATE - 2

the Court's Civil Standing Order in advance of the June 18, 2026 final pretrial conference.

## IV. MOTIONS IN LIMINE AND OTHER PRETRIAL EVIDENTIARY MOTIONS

7)    Motions in limine and other pretrial evidentiary motions, including any motions concerning the permissible scope of opinion testimony under Federal Rules of Evidence 701, 702, 703, and 705, will be addressed through the final pretrial conference process and through any post-conference deadlines set by the Court in accordance with the Court's Civil Standing Order.

## V. NO MODIFICATION OF SCHEDULING ORDER OR REOPENING OF DISCOVERY

8)    Nothing in this Order modifies the scheduling order at ECF 145, reopens fact discovery, reopens expert discovery, extends any expired deadline, or alters the closed-record posture established by prior orders of the Court.


**IT IS SO ORDERED.**

_____

Hon. Daniel J. Calabretta

United States District Judge

PROPOSED] ORDER ON PLAINTIFFS' MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e) FOR PRE-FPTC TRIAL-MANAGEMENT RELIEF TO PRESERVE THE FINAL PRETRIAL CONFERENCE AND TRIAL DATE - 3

**PROOF OF SERVICE**

**CASE NAME: ROBERTS & SAMUEL V. SACRAMENTO HOUSING &**

**REDEVELOPMENT AGENCY, ET AL. CASE NO.: 2:22-CV-01699-DJC-AC**

1)     I AM OVER THE AGE OF EIGHTEEN YEARS AND AM A PLAINTIFF

PROCEEDING PRO SE IN THIS ACTION.

2)     MY ADDRESS IS 108 RINETTI WAY, RIO LINDA, CA 95673. MY TELEPHONE

NUMBER IS 512-522-8571. MY EMAIL ADDRESS FOR THIS CASE IS

EDFED@POSSIBLYMAYBE.COM.

3)     ON MAY 15, 2026, I SERVED THE DOCUMENTS LISTED BELOW ON

DEFENDANTS' COUNSEL BY EMAIL.

4)     THE DOCUMENTS SERVED WERE:

5)     PLAINTIFFS' NOTICE OF MOTION AND MOTION UNDER FED. R. CIV. P.

16(C) AND 16(E) FOR PRE-FPTC TRIAL-MANAGEMENT RELIEF TO PRESERVE

THE FINAL PRETRIAL CONFERENCE AND TRIAL DATE AND MEMORANDUM OF

POINTS AND AUTHORITIES IN SUPPORT.

6)     PLAINTIFFS' EX PARTE APPLICATION TO SHORTEN TIME FOR HEARING

ON RULE 16(C)/(E) MOTION FOR PRE-FPTC TRIAL-MANAGEMENT RELIEF.

7)     DECLARATION OF DAVID TYRONE SAMUEL IN SUPPORT OF PLAINTIFFS'

EX PARTE APPLICATION TO SHORTEN TIME AND RULE 16(C)/(E) MOTION.

8)     DECLARATION OF SYDNEY BROOKE ROBERTS IN SUPPORT OF

PLAINTIFFS' EX PARTE APPLICATION TO SHORTEN TIME AND RULE 16(C)/(E)

MOTION.

9)     EXHIBITS A THROUGH C TO THE DECLARATION OF DAVID TYRONE

16(c)/(e) Packet Proof of Service - 1

SAMUEL.

10)   [PROPOSED] ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION TO SHORTEN TIME.

11)   [PROPOSED] ORDER GRANTING PLAINTIFFS' RULE 16(C)/(E) MOTION FOR PRE-FPTC TRIAL-MANAGEMENT RELIEF.

12)   THE DOCUMENTS WERE SERVED ON:

13)   EDWARD P. GARSON, WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, EDWARD.GARSON@WILSONELSER.COM.

14)   MONICA CASTILLO, WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, MONICA.CASTILLO@WILSONELSER.COM.

15)   I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

16)   EXECUTED ON MAY 15, 2026, AT RIO LINDA, CALIFORNIA.


*David Samuel*

DAVID TYRONE SAMUEL