FILED

MAY 2 6 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                DEPUTY CLERK

David Samuel, Pro Se
Sydney Roberts, Pro Se
108 Rinetti Way
Rio Linda, CA 95673
512-522-8571
edfed@possiblymaybe.com

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY BROOKE ROBERTS<br><br>DAVID TYRONE SAMUEL,<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY ET AL.,<br><br>Defendants | Case No: 2:22-cv-01699 DJC AC<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e) FOR TRIAL-MANAGEMENT RELIEF**<br><br>Re-Noticed Before Magistrate Judge Allison Claire<br>Hearing Date: July 1, 2026<br>Time: 10:00 a.m.<br>Courtroom: 26 |

## I. INTRODUCTION

1)     Plaintiffs respectfully submit this Supplemental Memorandum in support of their Motion Under Federal Rule of Civil Procedure 16(c) and 16(e) for Trial-Management Relief, originally filed as ECF 155 on May 15, 2026, and re-noticed before Magistrate Judge Claire pursuant to the District Judge's May 20, 2026 Minute Order and Plaintiffs' Re-Notice of Motion filed at ECF 160.

2)     On May 22, 2026, the Court issued a Minute Order at ECF 159 vacating the June 18, 2026 final pretrial conference and resetting it to December 10, 2026, and vacating

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e) FOR TRIAL-MANAGEMENT RELIEF** - 1

the September 21, 2026 jury trial and resetting it to February 22, 2027. Both new dates are before District Judge Calabretta. The Minute Order was issued "[d]ue to the court schedule" and did not address motion-practice, discovery, expert-disclosure, or expert-related deadlines.

3)    The reset has eliminated the timing-based urgency that supported the ex parte application at ECF 156. Plaintiffs do not pursue shortened-time relief through this Supplemental Memorandum.

4)    The central question for the July 1, 2026 hearing is whether the closed discovery, closed expert-disclosure, and closed law-and-motion posture established by ECF 145 remains operative, or whether the May 22 Minute Order has by silence reopened the dispositive-motion, expert-related, and discovery deadlines that expired before the reset. That question affects every downstream trial-management decision. Plaintiffs respectfully request that the Court confirm the closed-deadline posture and lock the case down to final trial-preparation posture.

5)    Plaintiffs do not seek to reopen fact discovery, expert disclosures, expert discovery, expert supplementation, dispositive-motion practice, or non-trial law-and-motion practice through this Supplemental Memorandum. Plaintiffs seek confirmation that the May 22 calendar reset did not move the case backward into evidence-development or merits-development posture.

## II. THE MAY 22, 2026 MINUTE ORDER DID NOT ADDRESS MOTION-PRACTICE, DISCOVERY, OR EXPERT-RELATED DEADLINES

6)    The May 22, 2026 Minute Order reset only the final pretrial conference and the

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e) FOR TRIAL-MANAGEMENT RELIEF - 2

jury trial. It did not address the law-and-motion, expert-disclosure, expert-supplementation, or expert-related discovery deadlines established by ECF 145, nor did it address the fact-discovery closure that had occurred by operation of the June 25, 2025 deadline established by ECF 58.

7)    Three deadlines established by ECF 145 expired before the May 22 Minute Order: the February 25, 2026 deadline for initial expert disclosures, the March 25, 2026 deadline for rebuttal expert disclosures, and the April 6, 2026 deadline for law and motion, other than discovery, which had closed earlier. Fact discovery had been closed by operation of the June 25, 2025 deadline established by ECF 58.

8)    The May 22 Minute Order was issued "[d]ue to the court schedule." ECF 159. That language identifies an administrative basis, not a determination that any expired deadline required modification.

9)    In the absence of explicit modification, the deadlines established by ECF 145 remain in effect. Defendants' Motion for Summary Judgment at ECF 146 was filed before the April 6, 2026 law-and-motion deadline and remains the only dispositive motion properly before the Court. The discovery and expert-related deadlines established by ECF 145 have closed by their terms.

10)    The May 22 Minute Order's silence as to expired deadlines is the discrete question Plaintiffs request that the Court resolve. The closed-deadline posture remains operative absent explicit modification. The absence of explicit confirmation invites prospective procedural disputes that should be foreclosed now rather than litigated piecemeal as future filings may arise.

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e) FOR TRIAL-MANAGEMENT RELIEF** - 3

11)    The May 22 Minute Order is the most recent of multiple schedule modifications in this case. The original scheduling order at ECF 58 set the fact-discovery cutoff for June 25, 2025, expert disclosure deadlines for July 10 and August 10, 2025, the dispositive-motion deadline for October 1, 2025, the final pretrial conference for November 6, 2025, and jury trial for February 2, 2026.

12)    After the fact-discovery cutoff expired, the Court modified or reset the remaining case schedule multiple times. ECF 132 vacated remaining deadlines to accommodate the scheduling of a settlement conference. ECF 136 confirmed that fact discovery was closed and directed the parties to propose new deadlines for expert discovery, dispositive motions, pretrial conference, and trial. ECF 145 reset expert disclosure deadlines to February 25 and March 25, 2026, the law-and-motion deadline to April 6, 2026, the final pretrial conference to June 18, 2026, and the jury trial to September 21, 2026. ECF 159 then reset only the final pretrial conference and jury trial.

13)    The resulting posture is that fact discovery expired under ECF 58 and remained closed, while the remaining expert, dispositive-motion, final-pretrial, and trial dates were reset. ECF 145 then relied on the closed fact-discovery posture as a prejudice ground for denying Plaintiffs leave to file the Fourth Amended and Supplemental Complaint. That same closed-discovery posture should not later become flexible for Defendants by implication from ECF 159's silence.

**III. MODIFICATION OF AN EXPIRED SCHEDULING DEADLINE REQUIRES RULE 16(b) GOOD CAUSE**

14)    Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e) FOR TRIAL-MANAGEMENT RELIEF - 4**

modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Ninth Circuit has held that the good-cause standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (party seeking modification of scheduling order must show diligence in attempting to comply with deadlines).

15)    No party has moved to modify the dispositive-motion deadline, the expert-disclosure deadlines, the expert-related discovery deadlines, or the fact-discovery deadline. No party has shown good cause for modification. The May 22 Minute Order addressed the Court's calendar. It was not a Rule 16(b) modification of any expired deadline.

16)    Any future motion by either party to reopen any of these deadlines would require an affirmative showing of Rule 16(b) good cause that has not yet been made. Plaintiffs respectfully request that the Court confirm that requirement and decline to treat the May 22 Minute Order as an implicit reopening of deadlines not addressed by that order.

## IV. REOPENING FACT DISCOVERY WOULD REQUIRE RECONCILIATION WITH THE ECF 145 DENIAL OF LEAVE TO AMEND

17)    The Court denied Plaintiffs' Motion for Leave to File a Fourth Amended and Supplemental Complaint at ECF 145 on three grounds: undue delay, futility as to certain components, and prejudice to Defendants. ECF 145 at 2.

18)    The prejudice ground rested on the closed-discovery posture. The Court found: "Defendants correctly point out that fact discovery is closed, and the court agrees that

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e) FOR TRIAL-MANAGEMENT RELIEF - 5**

based on a review of the progression of this case, allowing amendment now would be unduly prejudicial." ECF 145 at 2.

19)    The 4ASC was filed as a Fourth Amended and Supplemental Complaint, invoking the supplemental pleading procedure authorized by Federal Rule of Civil Procedure 15(d), which permits a party to "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). ECF 145 recognized that Plaintiffs sought to include post-TAC events, noting that the events Plaintiffs sought to include occurred "no later than February of 2024." ECF 145 at 2. The 4ASC was filed on September 15, 2025, within 14 days after ECF 136 expressly confirmed on September 2, 2025 that fact discovery was closed. Plaintiffs had held the 4ASC pending the close of fact discovery so that any post-TAC factual material developed through discovery could be incorporated. Once ECF 136 confirmed that no additional fact-discovery material would be produced absent further order, Plaintiffs filed promptly. ECF 145 nonetheless relied on closed-discovery prejudice to deny leave, without separately addressing Rule 15(d)'s supplemental-pleading function, the diligence reflected in filing promptly after ECF 136, or the absence of an operative scheduling order at the time of filing given the prior vacatur at ECF 132.

20)    Plaintiffs' reply at ECF 142 directly addressed each prejudice ground. As to the closed-discovery prejudice specifically, Plaintiffs offered to remediate any genuinely new discovery issue through targeted, limited discovery: "If the Court identifies a discrete, genuinely new issue, Plaintiffs do not oppose a brief, issue-limited discovery

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e) FOR TRIAL-MANAGEMENT RELIEF** - 6

period." ECF 142 at 4. Plaintiffs also addressed the other prejudice grounds: that the 4ASC asserts no new claims or parties, ECF 142 at 1, 3, that the FEHA count rests on the same conduct, facts, and evidence as the existing ADA and FHA claims and would require no non-duplicative discovery, ECF 142 at 3, that the statutory citations clarify rather than expand the legal basis for theories at issue since the Third Amended Complaint, ECF 142 at 3-4, and that the inclusion of factual allegations regarding the dismissed minor litigants provides record context without seeking to formally rejoin them as parties, ECF 142 at 3.

21)    The Court did not accept Plaintiffs' proffered flexibility. ECF 145 instead applied a closed-discovery prejudice framework to deny leave in its entirety, without addressing or engaging Plaintiffs' offer to remediate. The procedural framework established at ECF 145 is therefore a closed-discovery prejudice framework, not a conditional or remediable one.

22)    The asymmetry consequence is direct. If the closed-discovery framework was sufficient to deny Plaintiffs leave to supplement under Rule 15(d), filed promptly after ECF 136 expressly confirmed that fact discovery had closed, during a period when the remaining scheduling deadlines had been vacated, and supported by a conditional limited-discovery offer, ECF 142 at 4, then the same closed-discovery framework cannot later become flexible for Defendants absent an express Rule 16(b) good-cause showing and articulated reconciliation with the procedural framework on which the ECF 145 denial rested. Plaintiffs filed promptly after confirmation that the fact-discovery record was closed, offered the more tailored procedural route through Rule 15(d),

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e) FOR TRIAL-MANAGEMENT RELIEF - 7**

proposed flexibility on discovery, and filed in a context where the remaining schedule had been vacated. Those procedural accommodations were insufficient to obtain leave. Defendants cannot now obtain on bare scheduling silence what Plaintiffs could not obtain on documented procedural accommodation.

23)    The closed-discovery framework that supported the ECF 145 denial is the same framework that supports lock-down to final trial-preparation posture now. Any departure from that framework requires either reconciliation with the ECF 145 denial or articulated good cause that distinguishes the prior prejudice analysis on stated grounds.

## V. EXPERT DISCLOSURE AND EXPERT-RELATED RECORD DEVELOPMENT ARE CLOSED

24)    The history of fact-discovery closure differs from the expert-disclosure and expert-related deadlines now at issue. ECF 58 set the fact-discovery cutoff for June 25, 2025. On July 30, 2025, the Court vacated all remaining deadlines at ECF 132 to accommodate the scheduling of a settlement conference, after the fact-discovery cutoff had already passed. ECF 136, entered September 2, 2025, was the first subsequent order expressly confirming the already-closed fact-discovery posture, stating that "Fact discovery is closed." Both parties had depositions scheduled or proposed during this period that did not proceed amid unresolved discovery disputes and the settlement-enforcement proceedings.

25)    Expert disclosure closed by operation of the February 25, 2026 and March 25, 2026 deadlines established by ECF 145, and any expert-related record development predicated on those disclosures is closed absent Rule 16(b) modification. The original

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e) FOR TRIAL-MANAGEMENT RELIEF - 8**

schedule at ECF 58 set expert designations for July 10, 2025 and rebuttal expert disclosures for August 10, 2025. After the settlement-conference reset, the Court again set expert deadlines at ECF 145: initial expert disclosures were due February 25, 2026 and rebuttal expert disclosures were due March 25, 2026. No party moved to extend either deadline, no party moved to reopen expert-related discovery, and no party preserved any basis for expert supplementation.

26) The lapse occurred during the period that Defendants' Motion for Summary Judgment, filed at ECF 146 within the law-and-motion deadline and under the closed fact-discovery posture, has been pending. No party moved to extend the expert-disclosure deadlines, and the Court did not address them in any subsequent order.

27) The procedural foundation for closure of expert disclosure and expert-related record development is therefore independent of, and stronger than, the foundation for closure of fact discovery. If fact discovery is closed under the ECF 145 framework despite Plaintiffs having had pending matters before the Court at the time of closure, expert disclosure and expert-related record development are closed under the same framework without that complication, because no party preserved any basis for modification through pre-deadline motion practice.

28) If the MSJ does not dispose of the case, the case proceeds on the record built during the period when the deadlines lapsed without contest. Reopening any expired deadline now to permit either party to develop a record different from the one against which the MSJ has been briefed would prejudice Plaintiffs, who filed their opposition and their related record objections under the deadlines then in effect.

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e) FOR TRIAL-MANAGEMENT RELIEF - 9**

29)    Expert disclosure and expert-related record development cannot be reopened by implication. Any subsequent modification of the expired expert deadlines, including expert designation, expert supplementation, expert rebuttal, expert depositions, expert discovery, or expert-related motion practice, would require Rule 16(b) good cause that no party has articulated. Untimely expert disclosures under Rule 26(a)(2) are independently subject to exclusion under Rule 37(c)(1) unless the failure to disclose was substantially justified or harmless. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).

## VI. THE OPERATIVE PLEADING REMAINS THE THIRD AMENDED COMPLAINT PENDING RESOLUTION OF ECF 149

30)    Plaintiffs' Motion for Reconsideration of the scheduling order denying the 4ASC, filed at ECF 149 on February 27, 2026, remains pending. Until resolved, the Third Amended Complaint remains the operative pleading.

31)    The procedural history of pleading amendment bears noting only for trial-management purposes. The Magistrate Judge granted leave to amend at ECF 36, signed May 30, 2023 and entered May 31, 2023, conditioned on the District Judge's ruling on the Findings and Recommendations. The District Judge adopted the Findings and Recommendations in full at ECF 47, signed November 17, 2023 and entered November 20, 2023, granting Plaintiffs leave to file a Fourth Amended Complaint within 30 days of entry of that order. The 30-day window expired in December 2023 without a Fourth Amended Complaint being filed. That earlier amendment window concerned the leave granted following the motion-to-dismiss ruling. Plaintiffs later filed a renewed

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e) FOR TRIAL-MANAGEMENT RELIEF - 10**

motion for leave to file the 4ASC directed to post-TAC developments and discovery-developed record material at ECF 139, which ECF 145 denied. Plaintiffs' Motion for Reconsideration of ECF 145 at ECF 149 remains pending.

32)    Trial-management planning should proceed against the current operative pleading. The TAC defines the claims, defenses, and issue framework for trial unless and until the Court orders otherwise.

## VII. THE COURT SHOULD LOCK THE CASE DOWN TO FINAL TRIAL-PREPARATION POSTURE

33)    With fact discovery, expert disclosure, expert-related record development, and law-and-motion deadlines confirmed closed, and the operative pleading identified, the appropriate next phase is final trial preparation. Plaintiffs respectfully request that the Court set the trial-management framework consistent with the December 10, 2026 final pretrial conference and the February 22, 2027 jury trial.

34)    The final trial-preparation framework should include deadlines for motions in limine and briefing, the joint pretrial statement under Local Rule 281, witness lists, exhibit lists, proposed jury instructions, verdict forms, and any other final pretrial filings the Court requires, with each deadline set far enough in advance of the final pretrial conference to permit meaningful pretrial planning. No depositions were taken in this case, and Plaintiffs do not request any deposition-designation deadline or any reopening of fact, expert, or deposition discovery.

35)    Plaintiffs do not propose specific dates. The appropriate dates depend on the Court's calendar and preferred framework. Plaintiffs respectfully request that the Court

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e) FOR TRIAL-MANAGEMENT RELIEF** - 11

enter such dates as the Court determines appropriate, with reasonable notice to both parties.

36)    Failure to lock the case down to final trial-preparation posture at this stage would prejudice Plaintiffs. Plaintiffs filed their MSJ opposition and related record objections under the closed-deadline posture established by ECF 145 and earlier scheduling orders. As explained above, reopening expired deadlines would permit development of a record different from the one against which the MSJ has been briefed. Permitting reopening at this stage without articulated good cause would require Plaintiffs to litigate against a moving target while continuing to be held to the timelines under which they filed.

## VIII. DISCRETE OPTIONS FOR RESOLUTION

37)    Plaintiffs respectfully submit that the Court has the following discrete options for resolving the question raised by this Supplemental Memorandum.

38)    The Court may confirm that the dispositive-motion deadline established by ECF 145, April 6, 2026, remains in effect and that no additional dispositive motions may be filed absent Rule 16(b) good cause.

39)    The Court may confirm that fact discovery remains closed by operation of the June 25, 2025 deadline established by ECF 58, as later confirmed in ECF 136 and relied upon in ECF 145, and that no party may seek to reopen fact discovery absent Rule 16(b) good cause and articulated grounds distinguishing the procedural framework on which the ECF 145 denial of leave to amend rested.

40)    The Court may confirm that the expert-disclosure deadlines established by ECF

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e) FOR TRIAL-MANAGEMENT RELIEF** - 12

145, February 25 and March 25, 2026, remain in effect and that no party may seek to reopen expert disclosures, expert supplementation, expert rebuttal, expert depositions, expert discovery, or expert-related record development absent Rule 16(b) good cause.

41) The Court may set the final trial-preparation framework described in Section VII consistent with the new final pretrial conference and trial dates.

42) In the alternative, if the Court determines that any reopening of law-and-motion, expert-related, or discovery deadlines is appropriate, the Court should issue specific findings establishing Rule 16(b) good cause and reconciling any reopening with the closed-discovery prejudice framework, Rule 15(d) non-engagement, and vacated-schedule posture identified above in connection with ECF 145.

43) Plaintiffs respectfully request that the Court adopt the options detailed in paragraphs 38 through 41 concurrently.

## IX. RECORD PRESERVATION

44) Plaintiffs preserve all objections to any future modification of the closed discovery, closed expert-disclosure, expert-related record-development, and closed law-and-motion posture established by ECF 145 that operates to alter the procedural framework relied upon by Defendants in opposing amendment at ECF 141 and accepted by the Court at ECF 145, including any modification that produces asymmetric procedural conditions as between the parties.

45) Plaintiffs preserve, for purposes of Rule 72(a) review, post-judgment appellate review, and any later deadline modification or reopening, all objections to ECF 145's denial of leave to file the Fourth Amended and Supplemental Complaint to the extent

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e) FOR TRIAL-MANAGEMENT RELIEF - 13**

that ECF 145's findings did not engage with Plaintiffs' rebuttals presented at ECF 142, did not separately address Rule 15(d)'s supplemental-pleading function, did not address the diligence reflected in Plaintiffs' filing of the 4ASC within 14 days after ECF 136 expressly confirmed closure of fact discovery, and did not reconcile the vacated-schedule posture in which the 4ASC motion was filed. Plaintiffs specifically preserve the objection that ECF 145 did not address Plaintiffs' offer of issue-limited discovery, ECF 142 at 4, and instead applied a closed-discovery prejudice framework. Plaintiffs preserve these objections independent of the disposition of ECF 149 or any future motion practice addressing ECF 145. Plaintiffs do not seek reconsideration of ECF 145 through this Supplemental Memorandum.

46)    Plaintiffs preserve all objections and rights of review under Federal Rule of Civil Procedure 72, 28 U.S.C. § 636(b)(1), Local Rule 302(c)(21), and applicable Ninth Circuit authority as to any order, findings and recommendations, inaction, later scheduling order, or subsequent district-judge action that modifies, reopens, or materially alters the closed discovery, closed expert-disclosure, expert-related record-development, or closed law-and-motion posture without an express Rule 16(b) good-cause finding and without addressing the specific procedural predicates Plaintiffs have identified. Plaintiffs further preserve these issues for review after final judgment to the extent any Rule 72 review does not cure the prejudice or does not resolve the specific objections presented.

47)    Plaintiffs preserve all objections raised in ECF 152, including the Rule 56(d) request regarding the missing September 12, 2022 administrative hearing recording,

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e) FOR TRIAL-MANAGEMENT RELIEF** - 14

and in ECF 154, objection to Defendants' new reply evidence submitted at ECF 153. Plaintiffs do not request that the Court resolve those matters through this Supplemental Memorandum. Plaintiffs identify them only to clarify the unresolved record posture for purposes of trial-management planning. Nothing in this Supplemental Memorandum withdraws, waives, narrows, or concedes the ripeness or necessity of the relief and objections raised in ECF 152 or ECF 154.

## X. RELIEF SOUGHT

48)     For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order:

49)     Confirming that the May 22, 2026 Minute Order at ECF 159 did not silently toll, reset, reopen, or extend any previously expired discovery, expert-related, or law-and-motion deadline.

50)     Confirming that the dispositive-motion deadline established at ECF 145 remains in effect and that no additional dispositive motions may be filed absent Rule 16(b) good cause.

51)     Confirming that fact discovery remains closed by operation of the June 25, 2025 deadline established by ECF 58, as later confirmed in ECF 136 and relied upon in ECF 145, and that no party may seek to reopen fact discovery absent Rule 16(b) good cause and articulated grounds distinguishing the procedural framework on which the ECF 145 denial of leave to amend rested.

52)     Confirming that the expert-disclosure deadlines established at ECF 145, February 25, 2026 for initial expert disclosures and March 25, 2026 for rebuttal expert

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e) FOR TRIAL-MANAGEMENT RELIEF - 15**

disclosures, expired without extension, and that no party may seek to reopen expert disclosures, expert discovery, expert depositions, expert supplementation, expert rebuttal, expert-related record development, or expert-related motion practice absent Rule 16(b) good cause.

53)    Confirming that the operative pleading remains the Third Amended Complaint pending resolution of Plaintiffs' Motion for Reconsideration at ECF 149.

54)    Setting the final trial-preparation framework consistent with the December 10, 2026 final pretrial conference and the February 22, 2027 jury trial, including motion-in-limine filing deadlines and briefing schedule, joint pretrial statement filing deadline, witness and exhibit list exchange deadlines, proposed jury instruction deadlines, verdict-form deadlines, and any other final pretrial deadlines the Court requires, excluding deposition-designation deadlines because no depositions were taken and Plaintiffs do not seek to reopen fact, expert, or deposition discovery.

55)    In the alternative, if the Court determines that any reopening of law-and-motion, expert-related, or discovery deadlines is appropriate, issuing specific findings establishing Rule 16(b) good cause and reconciling any reopening with the closed-discovery prejudice framework, Rule 15(d) non-engagement, and vacated-schedule posture identified above in connection with ECF 145.

56)    Granting such further relief as the Court deems just and proper.

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e) FOR TRIAL-MANAGEMENT RELIEF** - 16

Respectfully submitted,


David Samuel

David Samuel
May 25, 2026


Sydney Roberts

Sydney Roberts
May 25, 2026

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 16(c) AND 16(e) FOR TRIAL-MANAGEMENT RELIEF - 17**