David Samuel, Pro Se
Sydney Roberts, Pro Se
108 Rinetti Way
Rio Linda, CA 95673
512-522-8571
edfed@possiblymaybe.com

**FILED**

JUL 08 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SYDNEY BROOKE ROBERTS

DAVID TYRONE SAMUEL,

     Plaintiffs,

v.

SACRAMENTO HOUSING AND
REDEVELOPMENT AGENCY ET AL.,

     Defendants

Case No: 2:22-cv-01699 DJC AC

**PLAINTIFFS' RENEWED MOTION FOR LEAVE TO PARTICIPATE IN ELECTRONIC FILING**

1)    Plaintiffs Sydney Brooke Roberts and David Tyrone Samuel renew their request for leave to participate in electronic filing under Local Rule 133(b)(3). Plaintiffs previously requested leave at ECF No. 89, which the Court denied without prejudice at ECF No. 108 (May 19, 2025) on the ground that the request did not set out the information the Local Rule requires. This renewed motion supplies that information.

2)    Local Rule 133(a) and (b)(2) require unrepresented persons to file and serve paper documents unless the assigned Judge grants leave to use electronic filing, and Local Rule 133(b)(3) permits a pro se party to request that exception by written motion stating the reasons. Plaintiffs make that showing below.

3)    Plaintiffs have reviewed the requirements applicable to electronic filing in this Court and agree to abide by them. Plaintiffs understand that upon registration they will

PLAINTIFFS' RENEWED MOTION FOR LEAVE TO PARTICIPATE IN ELECTRONIC FILING  - 1

receive all notices and documents by email rather than by regular mail, that the Court will no longer accept paper documents from them, and that they will thereafter file all documents electronically.

4) Plaintiffs have regular access to each of the technical requirements for electronic filing: (a) a computer with internet access; (b) an email account for receiving notifications from the electronic filing system; (c) a PACER (Public Access to Court Electronic Records) account; (d) a word-processing program; (e) PDF-conversion software to convert documents into .pdf format; and (f) a scanner for exhibits and other supporting documents that exist only in paper form.

5) Good cause supports the request. Plaintiff David Samuel is a person with a disability, and electronic filing is a reasonable accommodation that facilitates his meaningful access to the Court. Plaintiffs raised the request on that basis at ECF No. 89 and renew it here.

6) Electronic filing also protects the integrity of the record. Plaintiffs prepare each document as a clean, text-searchable PDF. Under the current paper process, that clean PDF is printed, filed on paper, and then scanned by the Clerk back into an image for the docket, and the resulting scanned images are frequently degraded and, in places, difficult to read. The docket thus holds a degraded scan of a document that originated as a clean electronic file. Electronic filing eliminates that lossy round trip: it places Plaintiffs' original clean, searchable PDF directly on the docket, giving the Court and any reviewing court the faithful copy rather than a scanned version, and eliminating the delay inherent in the scan-and-enter process. That delay is not hypothetical: Plaintiffs'

PLAINTIFFS' RENEWED MOTION FOR LEAVE TO PARTICIPATE IN ELECTRONIC FILING - 2

filing at ECF No. 169, submitted on July 2, 2026, did not appear on the docket until July 6, 2026.

7)    Granting leave imposes no burden on the Court or any party and advances the just, speedy, and inexpensive determination of the action. Fed. R. Civ. P. 1.

8)    For these reasons, plaintiffs respectfully request that the Court grant leave for plaintiffs to register for and participate in electronic filing through the Court's CM/ECF system.

*David Samuel*

David Samuel
July 08, 2026

*Sydney Roberts*

Sydney Roberts
July 08, 2026

PLAINTIFFS' RENEWED MOTION FOR LEAVE TO PARTICIPATE IN ELECTRONIC FILING  - 3

FILED

JUL 08 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

David Samuel, Pro Se
Sydney Roberts, Pro Se
108 Rinetti Way
Rio Linda, CA 95673
512-522-8571
edfed@possiblymaybe.com

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SYDNEY BROOKE ROBERTS

DAVID TYRONE SAMUEL,

Plaintiffs,

v.

SACRAMENTO HOUSING AND
REDEVELOPMENT AGENCY ET AL.,

Defendants

Case No: 2:22-cv-01699 DJC AC

**PLAINTIFFS' MOTION FOR LEAVE TO DEPOSE DEFENDANTS' DESIGNATED EXPERT JONATHAN LEW AND FOR AN ORDER DIRECTING DEFENDANTS TO PROVIDE HIS SERVICE ADDRESS**

Table of Contents
I. INTRODUCTION...........................................................................................1
II. BACKGROUND...........................................................................................2
III. ARGUMENT................................................................................................4
A. NO ORDER CLOSED EXPERT DISCOVERY; GOOD CAUSE EITHER WAY...........4
B. PLAINTIFFS MAY DEPOSE A DESIGNATED EXPERT.....................................5
C. DEFENDANTS MUST PROVIDE A SERVICE ADDRESS...................................5
D. THE MISREPRESENTATION SHOULD BE NOTED ON THE RECORD..................6
IV. RELIEF REQUESTED..................................................................................7

**I. INTRODUCTION**

1)    Plaintiffs seek a narrow order: leave to take the deposition of one witness, Jonathan Lew, whom Defendants themselves designated as an expert they intend to call at trial, and an order directing Defendants to provide Mr. Lew's complete last-known contact information, including a physical address at which he can be served. This is not a motion to compel responses to served discovery, and it does not seek to reopen fact

PLAINTIFFS' MOTION FOR LEAVE TO DEPOSE DEFENDANTS' DESIGNATED EXPERT JONATHAN LEW AND FOR AN ORDER DIRECTING DEFENDANTS TO PROVIDE HIS SERVICE ADDRESS  - 1

or expert discovery or reset any deadline. It is a motion for leave, limited to a single witness Defendants designated, on the separate expert-discovery track.

2)      The motion is necessary because Defendants designated Mr. Lew as an expert near the close of fact discovery, then represented in writing that a single email address was "the only contact information known" for him. That representation was false. Defendants possessed, and produced in this litigation, their own contract and purchase order with Mr. Lew, from which they redacted his contact information, including the address at which Plaintiffs could have served a deposition subpoena. Plaintiffs used the only information Defendants provided, the email address, and received no response. Defendants designated a witness, withheld the means to reach him, and represented that no such means existed.

## II. BACKGROUND

3)      On July 10, 2025, Defendants served and filed "Defendants' Expert Disclosure FRCP 26(a)(2)," designating Jonathan Lew among five "Percipient Experts." ECF No. 129. Defendants disclosed that Mr. Lew "is expected to testify regarding his role at the informal hearing on September 12, 2022, as the then-hearing officer," and "regarding the video recording of the September 12, 2022, informal hearing." ECF No. 129 at 3.

4)      The same day, July 10, 2025, Plaintiffs served a written demand (subject: "Demand for Immediate Disclosure and Depositions: Lew, Olson, and Prozorov"). Plaintiffs stated that Defendants had "withheld John Lew throughout discovery," that he "was not produced for deposition, and you only provided an email address when pressed," and that designating Lew as an expert "after discovery has closed" "indicates

PLAINTIFFS' MOTION FOR LEAVE TO DEPOSE DEFENDANTS' DESIGNATED EXPERT JONATHAN LEW AND FOR AN ORDER DIRECTING DEFENDANTS TO PROVIDE HIS SERVICE ADDRESS  - 2

Defendants have been in contact with Lew and could have produced him all along." Plaintiffs demanded confirmation of his availability and a deposition date. (Ex. A at 1.)

5)    On July 15, 2025, Defendants represented in writing: "Defendants disclosed Mr. Lew in their R. 26(f) initial disclosures and provide the only contact information known for Mr. Lew." (Ex. B at 1.) That was Defendants' representation of their own knowledge, made on Defendants' behalf. The only contact information Defendants had ever provided was a single email address.

6)    That representation cannot be reconciled with Defendants' own document production. Defendants produced their contract and purchase order with Mr. Lew for his hearing-officer services and redacted his contact information from those documents, including his address. The purchase order for Mr. Lew's hearing-officer services, Purchase Order No. 203822, was produced as SHRA000450 with his contact information redacted. (Ex. D at 1.) A party cannot redact contact information, including an address, that it does not possess. Defendants therefore possessed contact information beyond the single email address at the time they represented that the email was "the only contact information known."

7)    Plaintiffs did not sit on the single identifier Defendants provided. Plaintiffs attempted on more than one occasion to reach Mr. Lew directly at the email address Defendants provided, seeking information about his role as the September 12, 2022 hearing officer. The last of those attempts was sent on April 18, 2025. (Ex. C at 1.) Plaintiffs received no response to any of them. Because Defendants provided only an email address and withheld any mailing address, Plaintiffs had no means to serve a

PLAINTIFFS' MOTION FOR LEAVE TO DEPOSE DEFENDANTS' DESIGNATED EXPERT JONATHAN LEW AND FOR AN ORDER DIRECTING DEFENDANTS TO PROVIDE HIS SERVICE ADDRESS  - 3

deposition subpoena under Rule 45 on a witness Defendants intend to call at trial.

8)    The Court closed fact discovery by order on September 2, 2025 (ECF No. 136). It has entered no comparable order closing expert discovery. On May 22, 2026, the Court vacated and reset only the Final Pretrial Conference (to December 10, 2026) and the jury trial (to February 22, 2027) (ECF No. 159). That order moved only the pretrial conference and the trial; it did not set, move, or close any expert-discovery deadline, and did not address expert discovery at all. Plaintiffs had already raised the unresolved state of the schedule with the Court before the Final Pretrial Conference (ECF Nos. 155, 162). The reset did not resolve it, and the expert-discovery posture remains unresolved to this day.

### III. ARGUMENT
#### A. NO ORDER CLOSED EXPERT DISCOVERY; GOOD CAUSE EITHER WAY

9)    The deposition Plaintiffs seek is expert discovery, not fact discovery. Mr. Lew is a designated expert (ECF No. 129). The status of expert discovery is unresolved. No order has closed it: fact discovery closed on September 2, 2025 (ECF No. 136), but the Court has never entered an order closing expert discovery, and when the Court reset the schedule it moved only the Final Pretrial Conference and the trial date (ECF No. 159) without setting, preserving, or addressing any expert-discovery deadline. Plaintiffs cannot tell from the docket whether the Court regards expert discovery as open or closed. What is clear is that no order forecloses the deposition of a witness Defendants designated, and the deposition disturbs no other deadline. Plaintiffs therefore seek leave to take it; and to the extent the Court concludes expert discovery is closed, good cause supports permitting this single deposition.

PLAINTIFFS' MOTION FOR LEAVE TO DEPOSE DEFENDANTS' DESIGNATED EXPERT JONATHAN LEW AND FOR AN ORDER DIRECTING DEFENDANTS TO PROVIDE HIS SERVICE ADDRESS   - 4

10)    Even if the Court treats expert discovery as closed, good cause supports permitting this one deposition. A schedule may be modified for good cause. Fed. R. Civ. P. 16(b)(4). The inquiry turns on the diligence of the party seeking relief. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Plaintiffs were diligent: they attempted more than once to reach Mr. Lew directly, and on July 10, 2025 they demanded his deposition and his availability. The reason the deposition did not occur is not any lack of diligence by Plaintiffs; it is Defendants' own conduct. Defendants designated Mr. Lew near the close of fact discovery, provided only an email address, withheld his mailing address, and represented that no other contact information existed. A party may not withhold the information an opponent needs to take a deposition and then invoke the close of discovery as a shield against that deposition. The requested relief is confined to one witness, disturbs no other deadline, and works no prejudice given the trial date of February 22, 2027.

### B. PLAINTIFFS MAY DEPOSE A DESIGNATED EXPERT

11)    "A party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A). Defendants identified Mr. Lew as a witness whose testimony they intend to present (ECF No. 129). Plaintiffs are entitled to depose him, and Defendants' label of "percipient" rather than "retained" does not change that: the deposition right applies to any identified expert. Plaintiffs do not represent that Mr. Lew's testimony will favor them; they do not know what he will say. That is precisely why they are entitled to take his deposition. A party may not designate a witness it intends to call and simultaneously shield that witness from being

PLAINTIFFS' MOTION FOR LEAVE TO DEPOSE DEFENDANTS' DESIGNATED EXPERT JONATHAN LEW AND FOR AN ORDER DIRECTING DEFENDANTS TO PROVIDE HIS SERVICE ADDRESS  - 5

deposed.

## C. DEFENDANTS MUST PROVIDE A SERVICE ADDRESS

12) To make the authorized deposition possible, Defendants must provide Mr. Lew's complete last-known contact information, including a physical address for service. This is not a motion to compel responses to served discovery; it is enforcement of Defendants' obligations as to a witness they designated to testify at trial, and it is ancillary to the leave Plaintiffs seek. Defendants represented that a single email address was "the only contact information known for Mr. Lew." That representation is contradicted by their own conduct: they redacted Mr. Lew's contact information, including his address, from the contract and purchase order they produced. (Ex. D at 1.) Possession is established by the redaction itself. The Court should direct Defendants to provide Mr. Lew's complete last-known contact information, including a physical address at which he may be served, and to unredact the contact information they withheld from the purchase order (SHRA000450). Plaintiffs do not seek Defendants' vendor file or any other documents; they seek only the contact information necessary to reach a witness Defendants designated.

13) This is not a matter of convenience. Without an address, Plaintiffs cannot serve a deposition subpoena under Rule 45. Defendants' withholding of the address, coupled with their representation that no such information existed, is the direct cause of Plaintiffs' inability to reach a witness Defendants themselves put at issue. Plaintiffs do not insist on public disclosure of a personal address. Defendants may satisfy this request by any of several alternatives: by accepting service of a deposition subpoena

PLAINTIFFS' MOTION FOR LEAVE TO DEPOSE DEFENDANTS' DESIGNATED EXPERT JONATHAN LEW AND FOR AN ORDER DIRECTING DEFENDANTS TO PROVIDE HIS SERVICE ADDRESS   - 6

on Mr. Lew's behalf, by producing him voluntarily for deposition on a date certain, or by providing his address under seal or directly to the U.S. Marshal or a designated process server for service only. Each alternative makes the deposition possible without disclosing a personal address to Plaintiffs. Defendants' refusal to adopt any of them would confirm that the obstacle is not privacy but their unwillingness to make their designated witness available.

### D. THE MISREPRESENTATION SHOULD BE NOTED ON THE RECORD

14)    Plaintiffs ask the Court to note, on the record, the discrepancy between Defendants' July 15, 2025 representation that the email was "the only contact information known for Mr. Lew" and Defendants' redaction of his contact information, including an address, from their own produced contract and purchase order. (Ex. B at 1; Ex. D at 1.) This is not an isolated instance. Defendants have repeatedly represented the record to be other than it is. They disclosed that the September 12, 2022 hearing was recorded and identified Mr. Lew as the hearing officer, then never produced the recording, while continuing to characterize what occurred at that hearing. See ECF No. 152 (Section XII). They advanced, for the first time in their summary-judgment motion, a "medical emergency" explanation for the September 12 hearing that they had not previously disclosed and that their own contemporaneous records do not support: Defendants' Yardi chronology records only that the hearing officer could not decide the matter and that it would be rescheduled. (SHRA003522, entry of September 15, 2022; see ECF No. 169.) Their representation that a single email was the "only contact information known" for Mr. Lew, made while they had redacted his address from their

PLAINTIFFS' MOTION FOR LEAVE TO DEPOSE DEFENDANTS' DESIGNATED EXPERT JONATHAN LEW AND FOR AN ORDER DIRECTING DEFENDANTS TO PROVIDE HIS SERVICE ADDRESS  - 7

own produced purchase order (SHRA000450), is of a piece with that pattern. The persistence of these misrepresentations is itself a reason the Court should not accept Defendants' characterization of the record here without the underlying evidence. Plaintiffs raise the discrepancy now to preserve it; the appropriate remedy for any misrepresentation can be addressed if and when Defendants persist in it.

**IV. RELIEF REQUESTED**

15)    Plaintiffs respectfully request that the Court: (a) grant leave for Plaintiffs to take the deposition of Jonathan Lew; (b) direct Defendants to provide Mr. Lew's complete last-known contact information, including a physical address for service, and to unredact the contact information withheld from the purchase order (SHRA000450), or in the alternative permit Defendants to accept service of a deposition subpoena for Mr. Lew, produce him voluntarily for deposition by a date certain, or provide his address under seal or to the U.S. Marshal or a designated process server for service only; and (c) note on the record the discrepancy between Defendants' "only contact information known" representation and their redaction of Mr. Lew's contact information from their own produced documents. Plaintiffs request such further relief as the Court deems just.

*David Samuel*

David Samuel
July 08, 2026

*Sydney Roberts*

Sydney Roberts
July 08, 2026

PLAINTIFFS' MOTION FOR LEAVE TO DEPOSE DEFENDANTS' DESIGNATED EXPERT JONATHAN LEW AND FOR AN ORDER DIRECTING DEFENDANTS TO PROVIDE HIS SERVICE ADDRESS  - 8

David Samuel, Pro Se
Sydney Roberts, Pro Se
108 Rinetti Way
Rio Linda, CA 95673
512-522-8571
edfed@possiblymaybe.com

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SYDNEY BROOKE ROBERTS

DAVID TYRONE SAMUEL,

      Plaintiffs,

v.

SACRAMENTO HOUSING AND
REDEVELOPMENT AGENCY ET AL.,

      Defendants

Case No: 2:22-cv-01699 DJC AC

**DECLARATION OF DAVID TYRONE SAMUEL IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO DEPOSE JONATHAN LEW**

1)    I, David Tyrone Samuel, declare:

2)    I am a plaintiff in this action and submit this declaration in support of Plaintiffs' Motion for Leave to Depose Defendants' Designated Expert Jonathan Lew and for an Order Directing Defendants to Provide His Service Address. I have personal knowledge of the facts stated here and, if called as a witness, could and would testify competently to them.

3)    On July 10, 2025, I served on Defendants' counsel a written demand titled "Demand for Immediate Disclosure and Depositions: Lew, Olson, and Prozorov," requesting confirmation of Mr. Lew's availability and a deposition date, and the production of records including any recording of the September 12, 2022 hearing. A true and correct copy of that email is attached as Exhibit A.

DECLARATION OF DAVID TYRONE SAMUEL IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO DEPOSE JONATHAN LEW  - 1

4)      On July 15, 2025, Defendants responded in writing and stated that they "provide the only contact information known for Mr. Lew." The only contact information Defendants had ever provided for Mr. Lew was a single email address. A true and correct copy of Defendants' response is attached as Exhibit B.

5)      I attempted on more than one occasion to reach Mr. Lew directly at the email address Defendants provided. The last such attempt was an email I sent on April 18, 2025. I received no response to any of my attempts. A true and correct copy of my April 18, 2025 email is attached as Exhibit C.

6)      Defendants produced in this litigation their purchase order for Mr. Lew's hearing-officer services, Purchase Order No. 203822, bearing Bates number SHRA000450. Defendants redacted Mr. Lew's contact information, including his address, from that document. A true and correct copy of the purchase order as produced is attached as Exhibit D.

7)      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

8)      Executed on July 08, 2026, at Rio Linda, California.



David Samuel
July 08, 2026

DECLARATION OF DAVID TYRONE SAMUEL IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO DEPOSE JONATHAN LEW   - 2

**Ex. A at 1**

**From:** David Samuel <davidsa@possiblymaybe.com>
**Sent:** Thursday, July 10, 2025 6:15 PM
**To:** Garson, Edward <Edward.Garson@wilsonelser.com>; Castillo, Monica <Monica.Castillo@wilsonelser.com>; Maddy, David and Artemis Samuel <home@possiblymaybe.com>
**Subject:** Demand for Immediate Disclosure and Depositions: Lew, Olson, and Prozorov

---

Counsel:

Defendants withheld John Lew throughout discovery. He was not identified as a fact or expert witness, was not produced for deposition, and you only provided an email address when pressed. You did not state he was available or under your control. You did not produce any contemporaneous records from him or related to the September 12, 2022 hearing. You are now designating Lew as an expert after discovery has closed. This is a clear violation of your disclosure obligations and an attempt to introduce testimony Plaintiffs had no opportunity to challenge or investigate. It also indicates Defendants have been in contact with Lew and could have produced him all along.

Plaintiffs further object to Defendants' designation of Melanie Olson and Ilya Prozorov as expert witnesses after the close of discovery:

**Melanie Olson:** Plaintiffs have never received any disclosure identifying Olson as having any role in the facts of this case, nor any documents or correspondence from or about Olson. Defendants never disclosed Olson as a fact or expert witness or produced any records supporting her involvement. Defendants are now designating Olson as an expert to testify about the reasonable accommodation process "particularly in Plaintiffs' case" for the first time. This is improper. Plaintiffs demand all documents Olson has created or relied on, and confirmation of her availability for deposition.

**Ilya Prozorov:** Defendants repeatedly refused to facilitate discovery as to Prozorov, claimed he was not responsive, and did not disclose him as a witness. Defendants now seek to use Prozorov as an expert on voucher processing and approval timelines after withholding him from discovery. Plaintiffs demand all records related to Prozorov's involvement with Plaintiffs' voucher and confirmation of his availability for deposition.

Plaintiffs demand the following:

1. Confirmation that Lew, Olson, and Prozorov are available and proposed deposition dates for each within the next thirty days, at Defendants' expense.

2. Production of all records any of these witnesses created or controlled regarding this case, including any notes, drafts, or any video or audio recording of the September 12, 2022 hearing.

3. A sworn declaration from Lew regarding the existence or nonexistence of any recording or decision from the hearing.

**Ex. A at 2**

If you refuse, Plaintiffs will object to any testimony or evidence from Lew, Olson, or Prozorov, will seek preclusion of this late-disclosed evidence, and will preserve all objections for appeal. Defendants' conduct is indefensible.

Please respond within three business days.

David

**From:** Castillo, Monica <Monica.Castillo@wilsonelser.com>
**Sent:** Tuesday, July 15, 2025
**To:** David Samuel <davidsa@possiblymaybe.com>; Maddy, David and Artemis Samuel <home@possiblymaybe.com>
**Cc:** Garson, Edward <Edward.Garson@wilsonelser.com>
**Subject:** ROBERTS; our file 21727.00057

---

Mr. Samuel and Ms. Roberts:

Your email mischaracterizes the identified individuals as experts who must produce reports. However, FRCP 26(a)(2)(B) only requires reports from retained expert witnesses, not percipient witnesses such as those disclosed by Defendants.

Your allegation that Defendants "withheld" John Lew is also incorrect. Defendants disclosed Mr. Lew in their R. 26(f) initial disclosures and provide the only contact information known for Mr. Lew.

Monica Castillo

Attorney at Law

Wilson Elser Moskowitz Edelman & Dicker LLP

655 Montgomery St., Ste. 900, San Francisco, CA 94111

**Ex. C at 1**

**From:** David Samuel <davidsa@possiblymaybe.com>
**Sent:** Friday, April 18, 2025
**To:** jonathan.lew@comcast.net
**Subject:** Inquiry Regarding SHRA Hearing Officer Role (2022)

---

Dear Mr. Lew,

I hope this message finds you well.

My name is David Samuel, and I am currently pursuing a federal civil rights lawsuit concerning the Sacramento Housing and Redevelopment Agency (SHRA). In reviewing SHRA-related records, your name appears as a possible hearing officer during the 2022 period or earlier.

Before proceeding further, I wanted to respectfully confirm: **Were you employed or contracted as a hearing officer for SHRA at any time in or prior to 2022?**

If not, I sincerely apologize for the outreach and thank you for your time. If so, and if you are open to a brief conversation about your general role or experience, I'd be grateful to connect. I fully understand this may have been several years ago, and I will of course respect any boundaries or preferences regarding what you are comfortable discussing.

Thank you again for your time and consideration.

Warm regards,

David Samuel

# PURCHASE ORDER



**Sacramento Housing & Redevelopment Agency**
**801 12th Street**
**Sacramento, CA 95814**

| Ex. D at 1 | #

203822

This number must appear on all packages, invoices, packing lists, etc.

**VENDOR:**   JOHNATHAN LEW

**DELIVERY ADDRESS:**
SHRA
Legal Department (LGL)
801 12th Street, 6th Floor
Sacramento, CA 95814-2490

**MAIL INVOICE DIRECTLY TO:**
SHRA
Legal Department (LGL)
801 12th Street, 6th Floor
Sacramento, CA 95814-2490

| Order Date | Terms | Shipping Method | Vendor # |
|---|---|---|---|
| 04/04/22 | Contract | | V9342 |

| Requisition # | Contact | Bid # | Vendor Phone |
|---|---|---|---|
| 22FY0034 | NIKOO | 203822 | |

| ITEM | DESCRIPTION | QTY | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|
| 0001 | CONTRACT FOR HEARING OFFICER SERVICES FOR PUBLIC HOUSING FORMAL HEARINGS AND HCV INFORMAL HEARINGS 3 year contract - 03/15/2022-03/15/2025 ACCORDING TO RFQ #2038-MA | | | |

|  |  | **SUBTOTAL** | |
|  |  | **TAX** | |

**Comments:**

**PURCHASE ORDER TOTAL**

_____
**Authorized Signature**

SHRA000450

# PROOF OF SERVICE

I am over the age of eighteen years and am a Plaintiff proceeding pro se in this action.

My address is 108 Rinetti Way, Rio Linda, CA 95673.  My email address for this case is edfed@possiblymaybe.com.

On July 08, 2026, I served the following documents on Defendants' counsel:

**Plaintiffs' Motion for Leave to Depose Defendants' Designated Expert Jonathan Lew and for an Order Directing Defendants to Provide His Service Address.**

**Declaration of David Tyrone Samuel in Support of Plaintiffs' Motion for Leave to Depose Jonathan Lew.**

**Exhibits A through D to the Declaration of David Tyrone Samuel.**

**Plaintiffs' Renewed Motion for Leave to Participate in Electronic Filing.**

Service was made by email to the following counsel for Defendants:

Edward P. Garson, Wilson Elser Moskowitz Edelman & Dicker LLP, **Edward.Garson@wilsonelser.com**.

Monica Castillo, Wilson Elser Moskowitz Edelman & Dicker LLP, **Monica.Castillo@wilsonelser.com**.

I served the documents by email because Defendants' counsel has communicated with Plaintiffs by email in this action and Plaintiffs are serving these motion papers electronically on counsel at the email addresses counsel has used in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 08, 2026, at Rio Linda, California.

*David Samuel*

David Samuel